ELLEN F. ROSENBLUM
Attorney General
JILL SCHNEIDER #001619
Senior Assistant Attorney General
NICHOLAS MANCUSO #151262
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email: Jill.Schneider@doj.state.or.us
        Nicholas.Mancuso@doj.state.or.us

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>      Plaintiff,<br><br>      v.<br><br>KIM CHAPMAN, in her individual capacity; ANASTASIA TIBBETTS, in her individual capacity; KASSIDY O'BRIEN, in her individual capacity; ERIN LANE, in her individual capacity; THE OREGON DEPARTMENT OF HUMAN SERVICES, a government agency; and JANE and JOHN,<br><br>      Defendants. | Case No. 6:22-CV-1813-MK<br><br>**ANSWER, AFFIRMATIVE DEFENSES AND THIRD-PARTY COMPLAINT OF THE STATE DEFENDANTS** |
| OREGON DEPARTMENT OF HUMAN SERVICES,<br><br>      Third-Party Plaintiff,<br><br>      v. | |

JOE ALBERT RAYGOSA,

        Third-Party Defendant.

Defendants Kim Chapman, Anastasia Tibbets, Kassidy O'Brien, Erin Lane and Oregon Department of Human Services ("ODHS") (collectively "State Defendants") by and through the undersigned, in response to Plaintiff's complaint, admit, deny, and allege as follows:

## THE PARTIES

1.

The State Defendants admit the allegations in Paragraphs 1 through 6.

2.

The allegations set forth in Paragraphs 7 and 8 are conclusions of law, to which no response is required. To the extent further response is deemed necessary, the State Defendants deny they acted negligently, unreasonably or with reckless disregard at any material time.

3.

The State Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 9.

## JURISDICTION

4.

The allegations set forth in Paragraph 12 are conclusions of law, to which no response is required. To the extent further response is deemed necessary, the State Defendants deny they acted negligently, unreasonably or with reckless disregard at any material time.

5.

The State Defendants admit the allegations contained in Paragraphs 13 through 18.

6.

In response to the allegations in Paragraph 19, to the extent ODHS has been involved in

prior litigation, those matters are reflected in court records which are written documents that speak for themselves. ODHS otherwise denies the allegations of Paragraph 19 that are inconsistent with those written records. Additionally, Paragraph 19 consists of allegations that would be inadmissible as "pattern and practice evidence" and therefore the State Defendants decline to plead further.

7.

In response to Paragraphs 20 and 21, the State Defendants admit that ODHS has been audited, and has responded to the audits, as required.

8.

In response to Paragraphs 22 and 23, the State Defendants admit that they adopted and operated under the SAFE methodology for a specific time period.

9.

The allegations in Paragraphs 24 through 31 refer to persons other than the State Defendants. The State Defendants deny the characterizations of persons other than themselves. As further response, the State Defendants have no knowledge of the mind set of any person, other than themselves.

10.

The State Defendants deny the allegations contained in Paragraphs 32 and 33.

11.

The State Defendants admit that J.C. and her brother were placed into foster care, as alleged in Paragraph 34 following DHS practices, when their biological home and supervision were deemed to be unsafe.

12.

The allegations in Paragraph 35 are conclusions of law, and require no answer from the State Defendants.

Page 3 -   ANSWER, AFFIRMATIVE DEFENSES AND THIRD-PARTY COMPLAINT OF
          THE STATE DEFENDANTS

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

13.

In response to the allegations in Paragraph 36, the State Defendants knew that J.C. needed to be removed from her existing home. The State Defendants deny the remaining allegations in Paragraph 36.

14.

The State Defendants deny the allegations contained in Paragraph 37.

15.

The State Defendants deny the allegations contained in Paragraph 38. The State Defendants admit that Duncan-Raygosa communicated with ODHS on the behavior of foster children placed in their home.

16.

The State Defendants deny the allegations contained in Paragraph 39.

17.

The State Defendants admit the allegations contained in Paragraph 40.

18.

The State Defendants deny the allegations contained in Paragraphs 41 through 45.

19.

In response to the allegations contained in Paragraph 46, the State Defendants admit that ODHS responded to and investigated all reports called into the hotline regarding children in the Duncan-Raygosa home.

20.

The State Defendants deny the allegations contained in Paragraphs 47 through 52.

21.

The State Defendants admit the allegations contained in Paragraphs 53 through 55.

22.

The State Defendants deny the allegations contained in Paragraph 56.

23.

The State Defendants admit the allegations contained in Paragraphs 57-58.

24.

The State Defendants deny the allegations contained in Paragraph 59.

25.

The State Defendants admit that J.C. and Z.C. were removed from the Duncan-Raygosa home in July 2017. The State Defendants deny the remaining allegations contained in Paragraph 60.

26.

The State Defendants admit the allegations contained in Paragraph 61.

27.

The State Defendants admit the allegations contained in Paragraph 62.

28.

The State Defendants deny the allegations contained in Paragraph 63.

29.

The State Defendants admit the allegations contained in Paragraphs 64 through 65.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF: 42 USC §1983 - Deprivation of Civil Rights

### (Defendant Chapman and Does)

30.

The allegations in Paragraphs 67 through 82 are conclusions of law, to which the State Defendants are not required to respond. To the extent further response is necessary, the State Defendants deny that any of their actions was the cause of J.C.'s claimed damages.

Page 5 -   ANSWER, AFFIRMATIVE DEFENSES AND THIRD-PARTY COMPLAINT OF
          THE STATE DEFENDANTS

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## SECOND CLAIM FOR RELIEF: 42 USC §1983 – Deprivation of Civil Rights

### (Defendant Tibbetts and Does)

31.

The allegations in Paragraphs 84 and 91 are conclusions of law, to which the State Defendants are not required to respond. To the extent further response is necessary, the State Defendants deny that any of their actions was the cause of J.C.'s claimed damages.

## THIRD CLAIM FOR RELIEF: 42 USC §1983 - Deprivation of Civil Rights

### (Defendant O'Brien and Does)

32.

The State Defendants admit that O'Brien worked as a caseworker for ODHS for a specific time period, as alleged in Paragraph 93 and that J.C. and Z.C. were children in her caseload during some part of the time.

33.

The allegations in Paragraphs 94 through 99 are conclusions of law, to which the State Defendants are not required to respond. To the extent further response is necessary, the State Defendants deny that any of their actions was the cause of J.C.'s claimed damages.

## FOURTH CLAIM FOR RELIEF: 42 USC §1983 - Deprivation of Civil Rights

### (Defendant Lane and Does)

34.

In response to the allegations contained in Paragraph 101, the State Defendants admit that Lane supervised O'Brien at ODHS at specific time periods.

35.

The allegations in Paragraphs 102 through 106 are conclusions of law, to which the State Defendants are not required to respond. To the extent further response is necessary, the State Defendants deny that any of their actions was the cause of J.C.'s claimed damages.

Page 6 -   ANSWER, AFFIRMATIVE DEFENSES AND THIRD-PARTY COMPLAINT OF
          THE STATE DEFENDANTS

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## FIFTH CLAIM FOR RELIEF: Negligence

### (Defendant DHS)

36.

The allegations in Paragraphs 108 through 112 are conclusions of law, to which the State Defendants are not required to respond. To the extent further response is necessary, the State Defendants deny that any of their actions was the cause of J.C.'s claimed damages.

## SIXTH CLAIM FOR RELIEF: Negligence *per se*

### (Defendant DHS)

37.

The allegations in Paragraphs 114 and 115 are conclusions of law, to which the State Defendants are not required to respond. To the extent further response is necessary, the State Defendants deny that any of their actions was the cause of J.C.'s claimed damages.

## GENERAL DENIAL

38.

The State Defendants deny any allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

**Discretionary Immunity (Defendants Chapman, Tibbets, O'Brien and Lane)**

39.

The Plaintiff's claims for relief are based upon the Individual State Defendants' alleged performance of/or failure to exercise or perform its discretionary functions or duties pursuant to ORS 30.265(6)(c).

## SECOND AFFIRMATIVE DEFENSE

### Qualified Immunity (Defendants Chapman, Tibbets, O'Brien and Lane)

40.

At all times relevant to Plaintiff's Complaint, the Individual State Defendants reasonably believed that their conduct was lawful in light of clearly established law and the information available to them; that they acted consistent with the laws of the United States and the State of Oregon; and that their actions did not violate any clearly established statutory or constitutional rights of which a reasonable official would have knowledge.

## THIRD AFFIRMATIVE DEFENSE

### Tort Claim Liability Limit

41.

Plaintiff is barred from seeking damages on the state claims in excess of those provided by ORS 30.271.

## FOURTH AFFIRMATIVE DEFENSE

### Fault of Others

42.

Plaintiff's losses are the fault of others, not including the State Defendants

## FIFTH AFFIRMATIVE DEFENSE

### Failure to State a Claim

43.

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## RESERVATION OF RIGHTS

44.

The State Defendants reserve the right to amend this answer to allege additional affirmative defenses and any other relief after discovery in this matter is completed.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's complaint, the State Defendants pray for a judgment in favor of the State Defendants against Plaintiff, dismissing Plaintiff's complaint in its entirety and awarding the State Defendants their costs and disbursements incurred herein, and for such other and further relief as the Court may deem appropriate.

## THIRD PARTY COMPLAINT

Defendant and Third-Party Plaintiff, the Oregon Department of Human Services ("ODHS") for its Third-Party Complaint, alleges:

45.

ODHS incorporates by reference the prior allegations, admissions, and denials of the State Defendants.

46.

In approximately October 2017, J.C. disclosed that Joe Allen Raygosa had repeatedly sexually abused her in the Duncan-Raygosa home. Following J.C.'s disclosure, Raygosa fled from Oregon. Raygosa was later arrested in Oklahoma and extradited to Oregon for trial.

47.

In February of 2018, Raygosa was indicted by Grand Jury on four counts of Sexual Abuse in the first degree, two counts of Unlawful Sexual Penetration in the first degree, four counts of Sodomy in the first degree, and two counts of Rape in the first degree. A unanimous jury convicted Raygosa on all counts.

48.

### FIRST THIRD PARTY CLAIM FOR RELIEF

**(Battery)**

49.

Unknown to the State Defendants, throughout the duration of the foster and adoptive care provided to J.C., Third-Party Defendant Raygosa physically abused J.C. by raping and

sodomizing J.C. Raygosa's conduct was done with conscious without any knowledge on the part of the State Defendants, and was in disregard for the rights and safety of J.C.

50.

Raygosa's conduct was the sole cause of J.C.'s damages.

## PRAYER FOR RELIEF

WHEREFORE, the State Defendants pray for a judgment in favor of the State Defendants against Raygosa, declaring Raygosa's actions the sole cause of J.C.'s damages, and awarding the State Defendants their costs and disbursements incurred herein, and for such other and further relief as the Court may deem appropriate.

DATED January 30, 2023.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

*s/ Jill Schneider*
JILL SCHNEIDER #001619
Senior Assistant Attorney General
NICHOLAS MANCUSO #151262
Assistant Attorney General
Tel (503) 947-4700
Fax (503) 947-4791
Jill.Schneider@doj.state.or.us
Nicholas.Mancuso@doj.state.or.us
Of Attorneys for Defendants