Steven Rizzo, OSB No. 840853
Mary D. Skjelset, OSB No. 075840
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Ste. 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630
srizzo@rizzopc.com
mskjelest@rizzopc.com

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>       Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al.,<br><br>       Defendants. | CASE: No. 6:22-cv-01813-MK<br><br>PLAINTIFF'S MOTION TO STRIKE DHS'S THIRD PARTY COMPLAINT<br><br>(*Oral argument requested*) |

## INTRODUCTION

Plaintiff moves the Court for an Order to strike DHS's Third Party Complaint from the State Defendants' ("Defendants") Answer. (ECF 19 at 9-10). This motion is supported by Fed. R. Civ. P 14(a)(4), the pleadings and papers on file, and the Declaration of Steven Rizzo.

## LR 7

The parties made a good faith effort by phone to resolve the dispute and have been unable to do so.




## BACKGROUND

*Defendants' Answer*

In their Answer, all Defendants admit in pertinent part that DHS promulgated foster care standards and knew that heightened scrutiny of foster care applicants and providers was necessary to protect defenseless and vulnerable foster children from abuse. (ECF 19 at ¶ 5) (admitting Complaint, ECF 1 at ¶¶ 16-18). Defendants admit that defendant Chapman certified Duncan and Raygosa to operate a foster home. (*Id.* at ¶ 1) (admitting ECF 1 at ¶ 2). Defendants admit that, "following DHS practices," DHS placed Plaintiff and her brother Z.C. into the Duncan-Raygosa foster home in July 2016 prior to completing the Structured Analysis Family Evaluation ("S.A.F.E.") home study. (*Id.* at ¶ 11) (admitting *id.* at ¶ 34).

Following this placement, Defendants admit that a medical provider reported medical neglect of Duncan-Raygosa's purported niece and nephew to the hotline in October 2016, (*see id*. at ¶ 17) (admitting *id.* at ¶ 40) and deny that DHS assigned a worker to respond to the hotline report. (*Id.* at ¶ 18) (denying *id.* at ¶ 41). Defendants deny that DHS placed two uninjured siblings into the Duncan-Raygosa home (*see id*. at ¶ 20) (denying *id.* at ¶ 52), but admit that when the siblings were brought to the DHS facility for parental visitation, the children's injuries were consistent with "suspicious physical injuries" under Karly's Law, ORS 419B.022 – 024, and that "[o]ne child reported he was beaten with a hanger." (*Id.* at ¶ 21) (admitting *id.* at ¶ 53). Defendants admit that DHS "knew or suspected" that Duncan-Raygosa's claim that the children's suspicious physical injuries were present at the time the children were placed in the home "was false." (*Id.*) (admitting *id.* at ¶ 54).

Defendants admit that DHS placed the Duncan-Raygosa home on inactive referral status, and removed the two siblings from the home "to protect their safety." (*Id.*) (admitting *id.* at ¶ 55). Defendants deny that DHS left Plaintiff and Z.C. in the Duncan-Raygosa foster home. (*Id*. at ¶ 22) (admitting *id.* at ¶ 56). Yet, Defendants admit that Z.C. (age 6) escaped from the home in June 2017, and was found in immediate danger wandering alone in a traffic lane in 90+ degree heat, wearing shorts and flip-flops. (*Id*. at ¶ 23) (admitting *id.* at ¶¶ 57-58). Defendants admit that

2 - PLAINTIFF'S MOTION TO STRIKE DHS'S THIRD PARTY COMPLAINT



Plaintiff and Z.C. were not removed from the Duncan-Raygosa home until (as they allege) July 2017. (*Id*. at ¶ 25) (admitting in part *id.* at ¶ 60). Defendants admit that throughout Plaintiff's and Z.C.'s placement, "DHS [] failed to disclose and/or obfuscated notice and knowledge of the concerns in the Duncan-Raygosa home." (*Id*. at ¶ 24) (admitting *id.* at ¶ 61).

Defendants admit that Plaintiff disclosed Raygosa's sexual abuse in October 2017. (*Id*. at ¶¶ 26-27) (admitting ¶¶ 64-65).

### *DHS's Third Party Complaint against Raygosa*

In its third party complaint, DHS incorporates Defendants' above-referenced admissions and denials, and adds facts regarding the repeated nature of Plaintiff's sexual abuse occurring in the Duncan-Raygosa home, Raygosa's flight from Oregon following J.C.'s October 2017 disclosure, and Raygosa's criminal conviction for sexual abuse and unlawful sexual penetration in February 2018. (*Id*. at ¶¶ 45-47).

DHS then alleges a claim for relief styled as "Battery." (*Id*. at ¶ 49). In support of this claim, DHS alleges that "throughout the duration of the foster care and adoptive care provided to" Plaintiff, no Defendant knew that Raygosa physically abused Plaintiff "by raping and sodomizing" her. (*Id*. at ¶¶ 48-49). DHS alleges Raygosa's state of mind, i.e., that his "conduct was done with conscious [sic] . . . in disregard of the rights and safety of" Plaintiff, which was the "sole cause" of Plaintiff's damages. (*Id*. at ¶ 49-50).

In the Prayer of the third party complaint, all Defendants pray for a judgment "declaring Raygosa's actions the sole cause" of Plaintiff's damages." (*Id*. at 10).

## ARGUMENT

For the reasons discussed below, DHS's third party complaint fails as a matter of law and should be stricken.

Rule 14(a)(1) provides that a defending party, as a third-party plaintiff, may serve a summons and complaint on a nonparty "who is or may be *liable to it* for all or part of the claim against it." *Id*. (emphasis added). "The crucial characteristic of a Rule 14 claim is that defendant is attempting to *transfer* to the third-party defendant the liability asserted against [it] by the



original plaintiff. The mere fact that the alleged third party claim arises from the same transaction or set of facts as the original claim is not enough." *See Stewart v. American Int'l Oil & Gas Co.,* 845 F 2d 196, 199-200 (9th Cir. 2016) (internal use of quotations omitted) (citing 6 *Fed. Prac. & Proc.* § 1446 at 257 (1971 ed.)) (emphasis added). "Thus, a third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereto." *See One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983), *cert. den.*, 464 U.S. 1071 (1984).

DHS's third party complaint – which alleges a Battery claim against Raygosa – deviates from the Rule 14 pleading standard. The claim does not seek to transfer a loss or seek contribution or indemnity from Raygosa. While the alleged Battery may be related to Plaintiff's civil rights claims against the workers and her negligence claim against DHS, it is not derivative of those claims. Rather, "the nature" of the Battery claim is "entirely different and independent" of Plaintiff's claims. *See One 1977 Mercedes Benz,* 708 F,2d at 452.

Other problems also plague DHS's third party complaint.

*First,* "[t]he prayer of a complaint forms no part of the cause or action or claim." *See Kinnee v. Shack, Inc.* 2008 U.S. Dist. LEXIS 37304 *8 (D. Or. 2008). DHS's use of the Prayer to seek declaratory judgment fails to allege a viable claim for declaratory judgment in the body of Defendants' pleading, and DHS's use of the Prayer fails to state a claim upon which such relief may be granted. *See* Rule 12(b)(6).

*Second*, even assuming that the Prayer properly stated a claim for declaratory judgment (which it does not), such a claim would be time barred. ORS 12.110(1) (Actions for certain injuries to person not arising on contract provides in pertinent part that "[a]n action for…*battery* ...or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years….).[1] DHS failed to allege a

---

[1] DHS's third party complaint is ambiguous whether Raygosa's alleged battery was civil or criminal in nature. However, in the context of this lawsuit, Plaintiff is applying ORS 12.110(1) for purposes of limitations because DHS has no authority to levy a charge of criminal battery against Raygosa.



claim for declaratory judgment within two years of Raygosa's criminal conviction – which DHS alleges took place in October 2017 – or allege any other reason why it delayed seeking a declaratory judgment until January 2023.

*Third,* the Prayer, which seeks a "sole cause" finding runs counter to the § 1983 causation standard, which provides as follows:

> A person subjects another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made. Anyone who causes any citizen to be subjected to a constitutional deprivation is also liable. The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.

*Preschooler II v. Clark Cnty. Sch. Bd. of Trs.,* 479 F3d 1175, 1183 (2007) (internal use of quotations omitted) (citing *Johnson v. Duffy,* 588 F 2d 740, 743 (9th Cir. 1978)). Here, for example, Defendants placed Plaintiff in the Duncan-Raygosa home prior to completion of the required S.A.F.E. home study. But for the premature placement, Plaintiff would not have been exposed to or otherwise vulnerable to Raygosa's alleged battery. DHS – admittedly – failed to disclose knowledge that other children in the home were medically neglected and suffered with "suspicious physical injuries." But for Defendants' failure to monitor Plaintiff's safety and timely remove her from the abusive Duncan-Raygosa home, Plaintiff would not have continued to suffer or otherwise be vulnerable to Raygosa's alleged battery. Accordingly, DHS's latent attempt to conjure Raygosa's battery as a means to absolve the workers of civil rights violations lacks any merit.

*Fourth,* the same analysis holds for the negligence claim against DHS. That is, setting aside DHS's attempt to conjure Raygosa's battery claim – purportedly on behalf of Plaintiff no less – the fact remains that Raygosa was convicted for sexual abuse and unlawful sexual penetration. That conviction in no way forecloses Plaintiff's ability to establish DHS's liability.

The Oregon Supreme Court recently noted that "Oregon law recognizes that [there] are instances in which 'two causes concur to bring about an event.'" *See Wright v. Turner,* 368 Or



207, 218 (2021) (quoting W. Page Keeton, *Prosser and Keeton on The Law of Torts*, § 41 (5th Ed. 1984)). That is, "[i]n cases in which a plaintiff shows that two tortfeasors acted concurrently to bring about the plaintiff's injury, this court permits a jury to hold each tortfeasor liable for those injuries, provided that the negligence of each was a substantial factor in producing the complained of harm." *Id.* at 217-18 (internal use of quotation marks and citations omitted). *See also Stewart v. Jefferson Plywood Co.*, 255 Or 603, 609-10 (1970). Relatedly, Oregon law provides that "[if] it were reasonably foreseeable that plaintiff would come to harm as a result of criminal acts by others, then defendant can be held liable for that harm." *See Cunningham v. Happy Palace, Inc.,* 157 Or App 334, 338-39 (Or. Ct. App. 1998); *Accord, Scheffel v. Or. Beta Chapter of Phi Kappa Psi Fraternity*, 273 Or App 390, 402-03 (Or. Ct. App. 2015) (intervening criminal acts). Here, the foreseeable harm caused to Plaintiff as a result of Raygosa's criminal conduct "fell squarely within the scope of the risk that [DHS's admitted] negligence created" in the first place. *See Bailey v. Lewis Farm, Inc.,* 343 Or 276, 381 (2007).

Accordingly, DHS's prayerful request for a "sole cause" declaration lacks merit and is otherwise not rooted in any "cognizable legal theory." *See Balistreri v. Pacifica Police Dept.*, 901 F3d 696, 699 (1988). ("Dismissal can be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.").

## CONCLUSION

The Court should grant this motion, and strike the Third Party Complaint.

Dated: February 21, 2023.

                                           RIZZO BOSWORTH ERAUT PC

                                           By: */s/ Steven Rizzo*
                                                 Steven Rizzo OSB No. 840853
                                                 Mary D. Skjelset OSB No. 075840
                                                 Rizzo Bosworth Eraut PC
                                                 1300 SW Sixth Avenue, Suite 330
                                                 Portland, OR 97201
                                                 Tel: (503) 229-1819
                                                 Fax: (503) 229-0630
                                                 ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>        Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al.,<br><br>        Defendants. | CASE NO. 6:22-cv-01813-MK<br><br>**CERTIFICATE OF SERVICE** |

    I am employed by the law firm of Rizzo Bosworth Eraut PC in Portland, Oregon. I am over the age of eighteen years and not a party to the subject cause. My business address is 1300 SW Sixth Avenue, Suite 330, Portland, OR 97201.

    On the date below, I caused to be served on all parties in this action by transmitting a true copy thereof**: Plaintiff's Motion to Strike DHS'S Third Party Complaint**

<u>**VIA ECF**</u>

> **Jill Schneider**
> **Nicholas S. Mancuso**
> **Oregon Department of Justice**
> **100 SW Market Street**
> **Portland, OR 97201**
> **Ph. 971-673-1880**
> **Fax: 971-673-5000**
> **Email: jill.schneider@doj.state.or.us**
> **Email: nicholas.mancuso@doj.state.or.us**
> *Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services*

    Dated this 21st day of February, 2023.

                                            *s/ Cheridan Carr*
                                            Cheridan Carr
                                            Paralegal