ELLEN F. ROSENBLUM
Attorney General
JILL SCHNEIDER #001619
Senior Assistant Attorney General
NICHOLAS MANCUSO #151262
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Jill.Schneider@doj.state.or.us
         Nicholas.Mancuso@doj.state.or.us

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>    Plaintiff,<br><br>    v.<br><br>KIM CHAPMAN, et al; THE OREGON DEPARTMENT OF HUMAN SERVICES, a government agency; and JANE and JOHN DOE,<br><br>    Defendants. | Case No.  6:22-CV-1813-MK<br><br>**DEFENDANTS' RESPONSE TO MOTION TO STRIKE THIRD-PARTY COMPLAINT** |
| OREGON DEPARTMENT OF HUMAN SERVICES,<br><br>    Third-Party Plaintiff,<br><br>    v.<br><br>JOE ALBERT RAYGOSA,<br><br>    Third-Party Defendant. | |

Defendant the Oregon Department of Human Services ("ODHS") opposes Plaintiff's Motion to Strike the Third-Party Complaint.

### A. Legal Standard

The disposition of a motion to strike is within the discretion of the district court, but such motions 'are disfavored and infrequently granted.' " *Voltage Pictures, LLC v. O'Leary*, No. 3:15-CV-00668-SB, 2016 WL 3693610, at *1 (D. Or. June 21, 2016), *citing Complete Distribution,* 2015 W L 1393281, at *3 (citation omitted). Rule 12(f) motions are disfavored because "[t]here is a judicial preference for deciding matters on their merits when possible"). *City of Portland v. Iheanacho*, No. 3:17-CV-0401-AC, 2018 WL 1426564, at *2 (D. Or. Mar. 22, 2018), citing *Patapoff v. Vollstedt's, Inc.,* 267 F.2d 863, 865 (9th Cir. 1959) ).

"Were [the Court] to read Rule 12(f) in a manner that allowed litigants to use it as a means to dismiss some or all of a pleading ..., [it] would be creating redundancies within the Federal Rules of Civil Procedure, because ... a motion for summary judgment at a later stage in the proceedings ... already serves such a purpose." *McBurney v. Lowe's Home Centers, LLC*, No. 1:13-CV-00540-ELJ, 2014 WL 2993087, at *3 (D. Idaho July 2, 2014), citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010).

"The court must view the pleadings in the light most favorable to the non-moving party.... Any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike." *Park v. Welch Foods, Inc*., No. 5:12–cv–06449–PSG, 2014 WL 1231035, at *1 (N.D. Cal. March 20, 2014).

### B. The Third-Party Complaint is Legally Sufficient

Plaintiff claims the third-party Complaint should be stricken because third-party defendant Raygosa cannot be liable to ODHS. A third-party claim may be asserted when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereto. *Verd v. I-Flow, LLC*, 2013 WL 2178081, at *2 (D. Or. May 14,

2013), citing *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 199–200 (9th Cir.1988) (citation omitted). "The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff." *Stewart,* 845 F. 2d. at 200 (citations omitted).

Plaintiff's Complaint alleges she was abused by third-party defendant Raygosa and seeks damages from ODHS for the abuse. Plaintiff claims ODHS cannot bring a third-party claim against Raygosa because ODHS didn't use specific words to allege that Raygosa was liable to ODHS for the injuries he inflicted on Plaintiff. If the Court requires such specific language, the issue is easily remedied by allowing the third-party Complaint to be made more definite or certain. However, "[a] party need not plead specific legal theories in the complaint, so long as the other side receives notice as to what is at issue in the case." *PTP OneClick, LLC v. Avalara, Inc.*, 413 F. Supp. 3d 1050, 1067 (W.D. Wash. 2019). Further, the federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss*., 574 U.S. 10, 135 S. Ct. 346, 346, 190 L.Ed.2d 309 (2014).

But if the issue is whether ODHS can plead Raygosa's liability to ODHS and the other defendants in a separate claim, plaintiff's argument for a motion to strike fails. Plaintiff has already alleged that all defendants are jointly and severally liable for Plaintiff J.C.'s damages. (Compl., ¶ 8). When a defendant's negligence is a factual cause of harm to the plaintiff, the defendant is subject to liability to the plaintiff as long as the harm that the plaintiff suffered was a reasonably foreseeable result of the defendant's negligence. *Fazzolari v. Portland School Dist. No. 1J,* 303 Or. 1, 17, 734 P.2d 1326 (1987). It is foreseeable that if Raygosa's actions, as a foster parent, result in Plaintiff J.C. bringing suit against ODHS as a result of those actions, ODHS is harmed. Accordingly, Raygosa is subject to liability to ODHS as well as to Plaintiff J.D.

Page 3 - **DEFENDANTS' RESPONSE TO MOTION TO STRIKE THIRD-PARTY COMPLAINT**

Clearly, under the allegations contained in the Complaint, Raygosa is liable to Plaintiff for the injuries he caused. Plaintiff also alleges that all defendants, including ODHS and Raygosa, are jointly and severally liable for Plaintiff's injuries. Just as clearly, the third-party Complaint alleges that the liability for the injuries is Raynosa's as it was his actions that caused Plaintiff's damages. The fact that the liability cannot be allocated under a comparative negligence scheme is of no matter. Under Oregon's comparative negligence statute, the law does not prevent a party from alleging that the party was not at fault in the matter because the injury or death was the sole and exclusive fault of a person who is not a party in the matter. ORS 31.600 (5).

Plaintiff also finds fault with the form of the third-Complaint. Rule 8's liberal notice pleading standard "requires that the allegations in the complaint 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' " *Pac. Coast Fed'n of Fishermen's Assocs. v. Glaser*, 937 F.3d 1191, 1200 (9th Cir. 2019). Rule 8 of the Federal Rules of Civil Procedure require simply:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The third-party Complaint contains all of those requirements.

While Plaintiff argues that the "claim" is set forth only in the prayer, she is incorrect. The prayer contains the demand for relief. The claim is set forth in the body of the third-party Complaint: Raygosa abused Plaintiff, and his actions are the sole cause of her damages.

Plaintiff also argues about the substance of the claim. She asserts that the claim is time-barred. Plaintiff appears to have confused the purpose of a third-party Complaint with the

purpose of the Complaint. The applicable statute of limitation does not arise from DHS' liability; it arises from Raygosa's liability. ("The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff." *Stewart, supra.* 845 F. 2d. at 200.) Raygosa is liable for the damages he caused to Plaintiff. The civil statute of limitations for his liability is set forth in Or. Rev. Stat. § 131.125. Plaintiff is a minor. (Complaint, ¶ 1).Raygosa was convicted of numerous sexual crimes, including rape. (*Id.*, ¶65). The statute of limitations for a minor victim to bring a claim against the rapist is 30 or within 12 years after offense is reported to a law enforcement agency or the Department of Human Services, whichever occurs first. Mr. Raygosa will remain liable to Plaintiff for a civil action until October 2029. ((*Id.*, ¶64).

Plaintiff's final objection appears to be that her claims disprove the third-party claim. However, courts may not resolve disputed and substantial factual or legal issues in deciding a motion to strike. *Whittlestone, Inc. v. Handi-Craft Co.* at 973.

## CONCLUSION

Plaintiff's motion to strike the third-party Complaint should be denied. The third-party Complaint alleges that third party defendant's Raygosa's liability is dependent on the outcome of the claim Plaintiff J.C. has brought against ODHS and the other defendants, and is secondary or derivative to that claim.

DATED March 6, 2023.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

_s/ Jill Schneider_
JILL SCHNEIDER #001619
Senior Assistant Attorney General
NICHOLAS MANCUSO #151262
Assistant Attorney General
Tel (503) 947-4700
Fax (503) 947-4791
Jill.Schneider@doj.state.or.us
Nicholas.Mancuso@doj.state.or.us
Of Attorneys for Defendants