Steven Rizzo, OSB No. 840853
Mary D. Skjelset, OSB No. 075840
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Ste. 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630
srizzo@rizzopc.com
mskjelest@rizzopc.com

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>                 Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al.,<br><br>                 Defendants. | CASE: No. 6:22-cv-01813-MK<br><br>PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO MOTION TO STRIKE DHS'S THIRD PARTY COMPLAINT<br><br>(*Oral argument requested*) |

## INTRODUCTION

The Court should strike DHS's Third Party Complaint as a matter of law.

## REPLY

*First*: To clarify, Plaintiff's motion to strike is based on Rule 14(a)(4), which states in pertinent part that "[a]ny party may move to strike the third-party claim. . . ." *Id.* Plaintiff's motion is not based on Rule 12(f). (*Cf.,* Resp. at 2) (repeatedly invoking Rule 12(f) case law under the header "Legal Standard").

Defendants' argument that "a party need not plead specific legal theories in the

1 -  PLAINTIFF'S REPLY

complaint, so long as the other side receives notice as to what is at issue in the case" is inapposite. (*See id.* at 3) (quoting *PTP OneCLick, LLC v. Avalara, Inc.*, 413 F. Supp. 3d 1050, 1067 (W.D. Wash. 2019)). The question presented by Plaintiff's motion to strike is not whether Defendants' Prayer notifies court and counsel ("imperfectly" or otherwise) about their request for "sole cause" declaratory relief theory; the question is whether the theory is, under Rule 14(a)(1), legally sufficient to implead Raygosa.

The answer is that Defendants' theory is not cognizable: It fails to allege that Raygosa "is or may be liable to [Defendants] for all or part of the claim against it." *See* Rule 14(a)(1). Repeated assertions that "Raygosa abused [J.C.], and his actions are the *sole cause* of her damages," *see* Resp. at 4, merely underscore Defendants' failure to properly allege that Raygosa is *liable* to Defendants in whole or in part.[1]

*Second*: The "sole cause" declaratory relief theory is time barred. Defendants attempt to avert their untimeliness by assembling the following points:

(i)     The applicable statute of limitations . . . arises from <u>Raygosa's</u> liability;

(ii)    Raygosa is liable for the damages he caused to [J.C.];

(iii)   The civil statute of limitations for his liability is . . . [ORS] 131.125;

(iv)    Raygosa was convicted of numerous crimes, including rape; and

(v)     The statute of limitations for a minor victim to bring a claim against the rapist is 30 or within 12 years after offense is reported to . . . law enforcement . . . or [DHS], whichever occurs first.

(*See* Resp. at 4-5). However, this assembly is not self-authenticating. Defendants make no effort to explain how it establishes the timeliness of their third-party complaint, and Defendants are wrong.

ORS 131.125 is not a "civil statute of limitations" as asserted by Defendants. ORS 131.125(1) provides time limitations for the *prosecution* of certain felony crimes – not for

---

[1] Defendants' mention of "Rule 8's liberal notice pleading standard" is lacking because the Prayer "forms no part of the cause of action or claim" and it fails to demonstrate that "[Defendants are] entitled to relief." (*See* Mot. to Strike at 4); *see also* Rule 8(a)(2).

2 - PLAINTIFF'S REPLY

commencing civil claims. For example, ORS 131.125(2)(a) provides that a prosecution for the felony crime of rape in the first degree (as defined in ORS 163.375) "may be commenced within 12 years after the commission of the crime or, if the victim at the time of the crime was under 18 years of age, any time before the victim attaints 30 years of age." *Id*. ORS 131.125(2)(a) does not, as Defendants suggest, allow for "a minor victim to bring a [civil] claim against the rapist."

Notwithstanding Defendants' failure to mention it, ORS 12.110 is the applicable statute of limitations for purposes of evaluating the timeliness of Defendants' "sole cause" declaratory relief theory. Under ORS 12.110(1), Defendants were required to seek declaratory relief "within two years" from the date Raygosa's offense was reported to law enforcement, which, as Defendants implicitly allege, occurred in October 2017.[2] *Id.* ORS 12.110(1) does not authorize Defendants to sit on their hands until Plaintiff filed this action in November 2022. Defendants failed to act timely, and they now fail to justify their delay in praying for "sole cause" declaratory relief.

*Third*: Oregon law disallows a comparison of fault with an intentional tortfeasor, such as Raygosa. *See Shin v. Sunriver Preparatory Sch. Inc.*, 199 Or App 352, 377-78 (2005) ("[I]ntentional misconduct is not 'fault' subject to apportionment with the meaning of ORS 30.600 and ORS 30.605"). Defendants therefore cannot compare fault with Raygosa because he is an intentional tortfeasor. This may explain why Defendants resort to using their Prayer to finagle a claim for "sole cause" declaratory relief.

*Fazzolari* provides no support for Defendants' artful use of their Prayer. The Oregon Supreme Court held in *Fazzolari* that it was reasonably foreseeable to the defendant school district that the student-plaintiff could be sexually abused on school premises when the defendant knew or should have known that similar attacks had occurred nearby. *See* 303 Or at 3. Reasonable foreseeability is not at issue in Plaintiff's negligence claim: Given DHS's alleged involvement in multiple foster care abuse cases and concealment of its knowledge of concerns in

---

[2] (*See* Resp. at 5) ("Mr. Raygosa will remain liable to Plaintiff for a civil action until October 2029.").

3 - PLAINTIFF'S REPLY

the Duncan-Raygosa foster home, it was reasonably foreseeable to DHS that J.C. and other children could be physically and sexually abused in that home.

Attempting to leverage the foreseeability analysis in *Fazzolari*, Defendants surmise that "if Raygosa's actions . . . result in . . . J.C. bringing suit . . . [DHS] is harmed . . . Raygosa is subject to liability to [DHS] as well as to . . . J.D. [*sic*]." (*See* Resp. at 3). But this is a *non sequitur*: The issue on Plaintiff's motion to strike is whether Defendants' Prayer for "sole cause" declaratory relief is legally cognizable under Rule 14(a)(1) – not whether Plaintiff's negligence claim against DHS is a reasonably foreseeable harm resulting from Raygosa's intentional misconduct toward J.C.[3]

## CONCLUSION

Defendants' prayerful request to declare causation is an untimely, unsupportable attempt by DHS to absolve itself of liability by undercutting Plaintiff's negligence claim. It is not a transfer of DHS's liability to Raygosa. Not even close. The Court should grant this motion and strike DHS's Third Party Complaint as a matter of law.

Dated: March 15, 2023.

RIZZO BOSWORTH ERAUT PC

By: */s/ Steven Rizzo*
Steven Rizzo OSB No. 840853
Mary D. Skjelset OSB No. 075840
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Suite 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630
ATTORNEYS FOR PLAINTIFF

---

[3] The Response omits mention of the § 1983 proximate cause standard, and there is no indication that any Defendant seeks a "sole proximate cause" declaration on Plaintiff's civil rights claims.

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

ETHAN LEVI,

          Plaintiff,

v.

KIM CHAPMAN, et al.,

          Defendants.

CASE NO. 6:22-cv-01813-MK

**CERTIFICATE OF SERVICE**

       I am employed by the law firm of Rizzo Bosworth Eraut PC in Portland, Oregon.  I am over the age of eighteen years and not a party to the subject cause.  My business address is 1300 SW Sixth Avenue, Suite 330, Portland, OR 97201.

       On the date below, I caused to be served on all parties in this action by transmitting a true copy thereof**: Plaintiff's Reply to Defendants' Response to Motion to Strike DHS's Third Party Complaint**

<u>**VIA ECF**</u>

| |
|---|
| **Jill Schneider** <br> **Nicholas S. Mancuso** <br> **Oregon Department of Justice** <br> **100 SW Market Street** <br> **Portland, OR 97201** <br> **Ph. 971-673-1880** <br> **Fax: 971-673-5000** <br> **Email: jill.schneider@doj.state.or.us** <br> **Email: nicholas.mancuso@doj.state.or.us** <br> *Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services* |

       Dated this 15th  day of March, 2023.

                                   *s/ Cheridan Carr*
                                   Cheridan Carr
                                   Paralegal

1- Certificate of Service