Steven Rizzo, OSB No. 840853
Mary D. Skjelset, OSB No. 075840
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Ste. 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630
srizzo@rizzopc.com
mskjelset@rizzopc.com


ATTORNEYS FOR PLAINTIFF


UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION


| | |
|---|---|
| ETHAN LEVI,<br><br>　　　　Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al,<br><br>　　　　Defendants. | CASE NO. 6:22-cv-01813-MK<br><br>**PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER**<br><br>*Oral argument requested* |

**INTRODUCTION**

Plaintiff moves the Court to enter a protective order in the form proposed by Plaintiff. Rule 26(c)(1), the papers and pleadings on file with the Court, and the Declaration of Steven Rizzo ("Decl.") and attached exhibits support this motion.

**LR 7-1**

1 - PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER

The parties conferred by telephone and email in advance of this motion and could not reach agreement.

## BACKGROUND

Given the sensitive nature of the allegations in this case, the parties do not dispute that good cause exists to protect certain documents and information to be exchanged in discovery from public inspection. The dispute concerns the form of the protective order.

The parties exchanged and conferred on their respective forms of protective order. Plaintiff was not in agreement with the use of defendants' proposed form of protective order. Exhibit 1 to the Decl. is Plaintiff's proposed form of protective order. Exhibit 1 reflects substantive revisions made by Plaintiff in accord with defendants' requests.[1] The following argument centers around the remaining, disputed provisions.

## ARGUMENT

The Court should enter Plaintiff's proposed protective order, Exhibit 1, including the language of paragraphs 6.4, 7.2(e), 7.2(h), and 13, to which Defendants object.

Paragraph 6 describes a process for challenging the parties' confidentiality designations. Paragraph 6.1 outlines the "timing" of presenting such a challenge, paragraph 6.2 describes a "meet and confer" requirement, and paragraph 6.3, entitled "court involvement," guides motions practice for challenges to confidentiality designations. In context, Paragraph 6 encourages Designating Parties to exercise care in making confidentiality designations.

- **Paragraph 6.4** then reads as follows:

> **6.4** <u>Burden</u>. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating

---

[1] These edited provisions are located at paragraphs 5.1, 8 and 11.

2 - PLAINTIFF'S MOTION FOR ENTRY OF
PROTECTIVE ORDER



RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

> Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

(Decl., Ex. 1 at 8). The burden of persuasion should fall on the Designating Party, for that is the party who designated the material as confidential in the first place. The burden should not fall on a Receiving Party to *disprove* the designations. *Cf., Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) ("A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted.") (internal citations omitted).

- **Paragraph 7.2(e)** reads as follows:

> **7.2** Production of "CONFIDENTIAL" information or items. A Receiving Party may disclose information or items designated "COFNIDENTIAL only to:
>
> **(e)** The author or recipient of a document containing the information, custodian, persons who otherwise possessed or knew of the information, and persons referenced in the documents;

(Decl., Ex. 1 at 8 - 9).

Defendants do not take issue with Plaintiff's ability to disclose confidential information or items to the "author," "recipient" and "custodian." Rather, defendants object to Plaintiff's ability to disclose such materials to "persons who otherwise possessed or knew of the information, and persons referenced in the documents." (Decl., Ex. 2 at 1). Such "persons" are fact witnesses, however. Their knowledge and involvement in connection with the events occurring in the Duncan-Raygosa home are discoverable. Defendants' proposed limitation would preclude Plaintiff from inquiring about statements and actions described in the records that a witness did not personally create or receive.

For example, Defendants' preferred language would disallow Plaintiffs from discussing statements attributed to witnesses involved in the child abuse investigation pertaining to J.C. It

3 - PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER


RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

would prevent Plaintiff from refreshing memory or establishing the past recollection recorded exception to hearsay. It would also prevent Plaintiff from inquiring with supervisory personnel about actions taken by their DHS subordinates in connection with the child welfare services provided to J.C., and from reviewing such statements with the individuals who had an entitlement to receive information and reports of concerns in the Duncan-Raygosa foster home, such as J.C.'s juvenile dependency counsel or the court. Defendants' limitation impairs the search for the truth.

Rule 26(b)(1) provides, in pertinent part, that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id*. "Persons" possess information relevant to Plaintiff's claim and defendants' discretionary immunity defense and others. (*See* Defs.' Answer, ECF 19 at ¶¶ 24 and 39). Defendants' limitation on "persons" would impose significant burden and expense on Plaintiff by requiring Plaintiff to challenge piecemeal DHS's confidentiality designation for each "person" with relevant information. Plaintiff's paragraph 7.2 promotes efficiency and fairness in discovery.

- **Paragraph 7.2(h)** reads as follows:

> **7.2** Production of "CONFIDENTIAL" information or items. A Receiving Party may disclose information or items designated "COFNIDENTIAL only to:
>
> (h) Litigants in Collateral Litigation. "Collateral Litigation" means a case instituted or intended to be instituted in state or federal court with facts at issue such that requiring the litigants to obtain the information or items separately in discovery would be duplicative. Unless the Parties agree in writing, a case must be designated "Collateral Litigation" by this Court before sharing of information and items designated "CONFIDENTIAL" pursuant to this Order;

(Decl., Ex. 1 at 8 - 9).

Plaintiff understands that defendants flatly oppose any provision dealing with collateral litigation, notwithstanding the prerequisite of a written agreement or the Court's designation.

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

Defendants are aware of potential collateral litigants: Z.C. is represented by counsel, who are investigating claims on his behalf (Decl., ¶ 4). Defendants' opposition would require, for example, Z.C. to replicate Plaintiff's discovery efforts and re-litigate any protective order disputes. And there are other potential collateral litigants, including the apparent niece and nephew (who were medically neglected), the foster care child whose hair was singed, and the two foster care siblings who suffered suspicious physical injuries. (*See e.g.*, Compl., ECF 1 at ¶¶ 31, 34, 40, 46, 53). Addressing collateral litigation now avoids disputes later on and promotes judicial economy.

- **Paragraph 13**, which pertains to "Final Disposition," reads as follows:

  Upon final disposition of this action, counsel to any Party are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, including Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4.

(Decl., Ex. 1 at 12).

Defendants flatly oppose any provision that allows the undersigned (and counsel similarly situated) to maintain a complete client file, subject to the protective order. Defendants insist – without supporting authority – that they have the right to force destruction of information and items they designate as confidential. Defendants' position is untenable.

ORS 409.225 requires DHS to release child welfare records and information in one or more of the following pertinent scenarios:

- the child welfare records of a specific individual, if the individual so authorizes, *see* ORS 409.225(2)(a);

- the child welfare records concerning a child who is or has been in the custody of the department, to the child's parent or legal guardian if in the best interest of that child, *see* ORS 409.225(2)(e);

- the child welfare records of an adopted child to the extent such disclosure is necessary to provide services to the child, *see* ORS 409.225(3); and

5 - PLAINTIFF'S MOTION FOR ENTRY OF
PROTECTIVE ORDER



RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

- information relating to [DHS's] activities and responsibilities in a case where . . . an adult has been charged with a crime related to child abuse or neglect, *see* ORS 409.225(6).

In applying these provisions, Conservator (Levi) authorizes the release of the child welfare records at issue to counsel for J.C. (*See* Compl., ECF 1 ¶ 1). Conservator's ability to pursue claims is in J.C.'s best interests and there is no dispute that J.C. was injured while in the custody of the state. Defendants admit that Raygosa – the DHS-certified foster parent – was convicted of crimes related to J.C.'s child abuse. (*See* Defs.' Answer, ECF 19 ¶ 47). Contrary to DHS's belief, the law allows affected children and families to receive their records – it does not transform child welfare records into state "property."

Finally, defendants' attempt to force destruction of any part of the client file is an invitation to commit professional malpractice and runs afoul of Oregon PLF File Retention and Destruction Information.[2] This is particularly acute when representing a child, whose claims for professional malpractice are subject to tolling.

## CONCLUSION

The Court should grant this Motion and enter Plaintiff's proposed protective order.


Dated: April 11, 2023

RIZZO BOSWORTH ERAUT PC


By: */s/Steven Rizzo*
Steven Rizzo, OSB No. 840853
Mary D. Skjelset, OSB No. 075840
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Suite 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630

---

[2] *See* https://assets.osbplf.org/forms/pdfs/File%20Retention%20and%20Destruction%20Information.pdf.


6 - PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER

srizzo@rizzopc.com
mskjelset@rizzopc.com

ATTORNEYS FOR PLAINTIFF

7 - PLAINTIFF'S MOTION FOR ENTRY OF
PROTECTIVE ORDER

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>      Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al.,<br><br>      Defendants. | CASE NO. 6:22-cv-01813-MK<br><br>**CERTIFICATE OF SERVICE** |

I am employed by the law firm of Rizzo Bosworth Eraut PC in Portland, Oregon. I am over the age of eighteen years and not a party to the subject cause. My business address is 1300 SW Sixth Avenue, Suite 330, Portland, OR 97201.

On the date below, I caused to be served on all parties in this action by transmitting a true copy thereof**: Plaintiff's Motion for Entry of Protective Order**

**VIA ECF**

> **Jill Schneider**
> **Nicholas S. Mancuso**
> **Oregon Department of Justice**
> **100 SW Market Street**
> **Portland, OR 97201**
> **Ph. 971-673-1880**
> **Fax: 971-673-5000**
> **Email: jill.schneider@doj.state.or.us**
> **Email: nicholas.mancuso@doj.state.or.us**
> *Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services*

Dated this 11th day of April, 2023.

                     *s/ Cheridan Carr*
                     Cheridan Carr
                     Paralegal

1- Certificate of Service