Steven Rizzo, OSB No. 840853
Mary D. Skjelset, OSB No. 075840
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Ste. 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630
srizzo@rizzopc.com
mskjelset@rizzopc.com

ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI, | CASE NO. 6:22-cv-01813-MK |
| Plaintiff, | |
| v. | **DECLARATION OF STEVEN RIZZO IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER** |
| KIM CHAPMAN, et al, | |
| Defendants. | |

I, Steven Rizzo, declare as follows:

1. On behalf of Plaintiff in the above-captioned matter, I make this Declaration in support of Plaintiff's Motion for Entry of Protective Order.

2. Attached as Exhibit 1 is a true and accurate copy of Plaintiff's proposed Protective Order, which the parties conferred upon.

1 - DECLARATION OF STEVEN RIZZO IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER

3.  Attached as Exhibit 2 is a true and accurate copy of the email exchange regarding the parties' conferral, dated March 22, 2023.

4.  The law firm of Richardson Wang has appeared on behalf of Z.C. in the conservatorship proceeding, entitled as *In the Matter of the Conservatorship of J.C.,* Lane County Circuit Court Case No. 21PR00099.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 11, 2023.

RIZZO BOSWORTH ERAUT PC

By: */s/ Steven Rizzo*
Steven Rizzo

2 - DECLARATION OF STEVEN RIZZO IN SUPPORT
OF PLAINTIFF'S MOTION FOR ENTRY OF
PROTECTIVE ORDER

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

Steven Rizzo, OSB No. 840853
Mary D. Skjelset, OSB No. 075840
Rizzo Mattingly Bosworth PC
1300 SW Sixth Avenue, Ste. 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630
srizzo@rizzopc.com
mskjelest@rizzopc.com


ATTORNEYS FOR PLAINTIFF


UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| Ethan Levi, | CASE NO. 6:22-cv-01813-MK |
| Plaintiff, | |
| v. | **DRAFT** ~~STIPULATED~~ **PROTECTIVE ORDER** |
| KIM CHAPMAN, et al, | |
| Defendants. | |

## 1. PURPOSE AND SCOPE

Discovery activity in this action is likely to involve production of confidential or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this action may be warranted. Accordingly, the parties hereby petition the Court to enter the following Stipulated Protective Order.

Exhibit 1
Page 1 of 14

This action concerns the minor Plaintiff's claims that she suffered neglect, physical abuse and sexual abuse during her placement in foster care. The parties expect to exchange documents and information relating to the physical and mental condition and treatment of Plaintiff and other family members as well as the physical and mental condition and treatment of other children in the foster home.

The parties agree that good cause exists to protect confidential information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony. Such information, if released, would result in embarrassment, invasion of privacy, and other harm. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

## 2. DEFINITIONS

**2.1** <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

**2.2** <u>CONFIDENTIAL</u>: Information or item(s) (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Fed. R. Civ. P. 26(c).

**2.3** <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in responses to discovery as "CONFIDENTIAL."

**2.4** <u>Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in responses to discovery in this action.

Exhibit 1
Page 2 of 14

**2.5** <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

**2.6** <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.7** <u>Party(ies)</u>: any party to this action, including all of its officers, directors, employees, consultants and retained Experts (and their support staffs).

**2.8** <u>Producing Party</u>: a Party or Non-Party that produces Discovery Material in this action.

**2.9** <u>Protected Material</u>: any Discovery Material that is designated as "CONFIDENTIAL."

**2.10** <u>Receiving Party</u>: a Party that receives Discovery Materials from a Producing Party.

## 3. SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony by Parties that might reveal Protected Material.

However, the protections conferred by this Order do not cover the following information:

**(a)** any information or items that are in the public domain at the time of production to a Receiving Party or becomes part of the public domain after its production to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise;

**(b)** any information or items known to the Receiving Party prior to the production or obtained by the Receiving Party after the production from a

Exhibit 1

Page 3 of 14

source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party; or

**(c)** any information or items subject to Sec. 7.3.

The Parties agree that the use of Protected Material at trial shall be governed by a separate agreement or order.

## 4. DURATION

Even after final disposition of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. For the purposes of this Order, final disposition shall be deemed to be the later of **(a)** dismissal of all claims and defenses in this action, with or without prejudice; and **(b)** final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

**5.1** Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited by this Order. The parties agree from using designations that are unjustified or for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties).

Exhibit 1

Page 4 of 14

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

**5.2** <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

**(a)** For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

**(b)** A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."

**(c)** After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party

Exhibit 1
Page 5 of 14

also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

**(d)** For testimony given in deposition or in other pretrial proceedings, that the Designating Party shall identify within 14 business days of receipt of the deposition transcript or hearing transcript. If only a portion or portions of the testimony warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**(e)** For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**5.3** Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**6.1** Timing of Challenges. Any Party or Non-Party may challenge a "CONFIDENTIAL" designation at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its

Exhibit 1
Page 6 of 14

right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2** <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.

In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

**6.3** <u>Court Involvement</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.

Exhibit 1
Page 7 of 14

In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition or hearing transcript or any portion(s) thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

**6.4** <u>Burden</u>. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

**7.1** <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with prosecuting, defending, or attempting to settle this action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2** Production <u>of "CONFIDENTIAL" information or items</u>. A Receiving Party may disclose information or items designated "CONFIDENTIAL only to:

> **(a)** The Receiving Party and its counsel of record, including counsel's employees and administrative staff;

Exhibit 1
Page 8 of 14

**(b)** Experts to whom disclosure is reasonably necessary in this action and who have signed the "Acknowledgement" attached as Exhibit A;

**(c)** The Court and its personnel, including stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action;

**(d)** Stenographic reporters engaged by any Party, professional jury or trial consultants and mock jurors, and professional vendors to whom disclosure is reasonably necessary;

**(e)** The author or recipient of a document containing the information, custodian, persons who otherwise possessed or knew of the information, and persons referenced in the documents;

**(f)** Employees of copy services or database services, trial support firms and/or translators (if any) who are engaged during the litigation of this action;

**(g)** Treating medical and mental health providers and counselors for purposes associated with Plaintiff's medical condition and needs and mental health condition and needs;

**(h)** Litigants in Collateral Litigation. "Collateral Litigation" means a case instituted or intended to be instituted in state or federal court with facts at issue such that requiring the litigants to obtain the information or items separately in discovery would be duplicative. Unless the Parties agree in writing, a case must be designated "Collateral Litigation" by this Court before sharing of information and items designated "CONFIDENTIAL" pursuant to this Order;

Exhibit 1
Page 9 of 14

**(i)** During their depositions, witnesses to whom disclosure is reasonably necessary, unless otherwise agreed by the Designating Party or ordered by the Court.

**7.3** Notwithstanding the limitations described in Sec. 7.1-7.2 (a) – (i), the Receiving Party may use any information or item designated as "CONFIDENTIAL" for any purpose provided each person who is the subject of the Designated Material authorizes its use.

## 8. ASSERTIONS OF PRIVILEGE OR OTHER PROTECTION

A Party that withholds or seeks to withhold documents, information or items on grounds of privilege or other protection shall promptly prepare a privilege log in accord with the requirements of Fed. R. Civ. P 26(b)(5) and *Burlington Northern & Santa Fe Ry. v. United States District Court*, 408 F 3d 1142 (9th Cir. 2005). The privilege log shall be produced within 45 days following production of documents and information. Unreasonable delay in producing the privilege log exposes the withholding Party to waiver and sanctions.

## 9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure or production of any information or items designated in this action as "CONFIDENTIAL," that Party must:

**(a)** promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

**(b)** promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order.

If the Designating Party timely seeks a protective order, the Party served with the subpoena

Exhibit 1
Page 10 of 14

or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.

The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

## 11. UNAUTHORIZED PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Fed. R. Civ. P. 26(b)(5)(B). The parties agree to follow Federal Rule of Evidence 502(a) and (b).

## 12. MISCELLANEOUS

**12.1**    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**12.2**    Right to Assert Other Objections. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or

Exhibit 1
Page 11 of 14

item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

**12.3**    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material absent appropriate redaction.

**12.4**    Filing under seal. Any Party is authorized to file Protected Material under seal without need for a separate motion. Prior to filing Protected Material under seal, the Party shall review and consider whether redaction is appropriate under the circumstances. Any Party may challenge the filing of Protected Material under seal by following the procedure set forth in paragraph **6.2**. If the Court determines that the Protected Material at issue should not be filed under seal, then the Challenging Party may file the information in the public record unless otherwise instructed by the Court.

## 13.    FINAL DISPOSITION

Upon final disposition of this action, counsel to any Party are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, including Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4.

IT IS SO STIPULATED

DATED:_____, 2023

By:_____
Steven Rizzo OSB No. 840853
Mary D. Skjelset OSB No. 075840
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Suite 330
Portland, OR 97201

Exhibit 1
Page 12 of 14

Tel: (503) 229-1819
Fax: (503) 229-0630
ATTORNEYS FOR PLAINTIFFS


DATED:_____, 2023


_____
JILL SCHNEIDER #001619
 Senior Assistant Attorney General
NICHOLAS MANCUSO #151262
Assistant Attorney General
Tel (503) 947-4700
Fax (503) 947-4791
Attorneys for Defendants


PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED:_____, 2023

_____
United States Magistrate Judge Kasubai


Exhibit 1
Page 13 of 14



Exhibit 1
Page 14 of 14

| | |
|---|---|
| **From:** | Steven Rizzo |
| **To:** | Schneider Jill; Mancuso Nicholas |
| **Cc:** | Mary Skjelset; Cheridan Carr |
| **Subject:** | RE: In the Matter of the Conservatorship of J.C., Lane County Circuit Court Case No. 21PR00099 |
| **Date:** | Wednesday, March 22, 2023 11:57:05 AM |
| **Attachments:** | RE Levi v. Chapman et al_ Protective Order.msg |
| | image001.png |
| | Draft Stipulated Protective Order 03_22_23 to Defs.pdf |

Jill and Nick,

This follows our conferral on 3/17 regarding a protective order. I've attached my 3/14 email (for ease of review) and a revised form of plaintiff's stipulated protective order, which contains proposed edits in red.

**Plaintiff's PO**:

Re para 7.2(e), I understand that you are in agreement with "author," "recipient," and "custodian." You disagree with "persons who otherwise possessed or knew of the information and persons referenced in the documents." So, I will leave that paragraph as is, and point the court to dispute.

Para 2.6, you disagree with including "Non-Party" in the order.

Para 7.2(h), you disagree with use of "collateral litigation."

Para 6.4, you disagree with placing the burden to establish privilege/work product on the Designating Parry.

Para 8, I believe we agreed that defendants would submit their privilege log within 45 days of production – which will allow the parties to schedule/take depositions and avoid piecemeal production and /delayed assertions of privilege/work product. I have edited para 8 accordingly.

Para 5.1, you disagree with the language stating that violations subject parties' to sanctions because the court has the inherent power to issue sanctions. So, I've edited the para, and let me know if you agree with it as edited.

Para 11, we discussed adding language re the agreement on FRE 502(d). To simplify, I simply stated that the parties would follow Rule 502(a) and (b).

Para 13, you disagree with this paragraph.

**Defendants' PO**

You want para 2.

Regarding your para 10, should the court decide to use your order, we agreed that para 10 would read as follows: "Whenever information designated . . . the designating party may request the Court to exclude from the room any person. . . ."

Para 17 – the plaintiff can agree to this, with the following tweak: ". . . [for the purpose of ruling on requests to access information protected by] the terms of this Protective Order." That makes it clear that the court's ability to rule is not merely limited to "enforcing the terms" of the order.

Let me know your thoughts on the above so that we can conclude our conferral.

Exhibit 2

Page 1 of 3

I'd like to get something to the court within the next week or so, to give the court sufficient time to address the rules and perhaps be prepared to argue the order at the Rule 16 conference.

Thanks,

Steve
**Steven Rizzo**
[srizzo@rizzopc.com](mailto:srizzo@rizzopc.com)

 **RIZZO | BOSWORTH | ERAUT**PC

1300 SW Sixth Avenue | Suite 330 | Portland, Oregon 97201
☎: 503.229.1819 | 🖷: 503.229.0630 | 🌐: [www.rizzopc.com](http://www.rizzopc.com)
Offices in Oregon and Washington

*** *Rizzo Mattingly Bosworth PC is now Rizzo Bosworth Eraut PC*** *

*********NOTICE OF CONFIDENTIAL AND PRIVILEGED INFORMATION*********

This e-mail and attachment, if any, is confidential and may contain attorney-client privileged information or attorney work-product. If you are not the intended recipient, you may not disclose, use, disseminate, distribute, copy or rely upon this message or attachment in any way. If you received this e-mail message in error, please return by forwarding the message and attachment to the sender and destroy the original.

---

**From:** Steven Rizzo
**Sent:** Friday, March 17, 2023 5:39 PM
**To:** jill.schneider@doj.state.or.us; Mancuso Nicholas <nicholas.mancuso@doj.state.or.us>
**Cc:** Mary Skjelset <mskjelset@rizzopc.com>; Shelley Maddox <smaddox@rizzopc.com>; Cheridan Carr <ccarr@rizzopc.com>
**Subject:** RE: In the Matter of the Conservatorship of J.C., Lane County Circuit Court Case No. 21PR00099

Jill and Nick,

Thanks for the conferral today.

I will provide some alternative language re the numbered paragraphs at issue in my 3/14 email that we discussed and have a revised form to you by next week.

Steve

**Steven Rizzo**
[srizzo@rizzopc.com](mailto:srizzo@rizzopc.com)

 **RIZZO | BOSWORTH | ERAUT**PC

1300 SW Sixth Avenue | Suite 330 | Portland, Oregon 97201
☎: 503.229.1819 | 🖷: 503.229.0630 | 🌐: [www.rizzopc.com](http://www.rizzopc.com)
Offices in Oregon and Washington

Exhibit 2
Page 2 of 3

*** *Rizzo Mattingly Bosworth PC is now Rizzo Bosworth Eraut PC*****

*********NOTICE OF CONFIDENTIAL AND PRIVILEGED INFORMATION*********

This e-mail and attachment, if any, is confidential and may contain attorney-client privileged information or attorney work-product. If you are not the intended recipient, you may not disclose, use, disseminate, distribute, copy or rely upon this message or attachment in any way.  If you received this e-mail message in error, please return by forwarding the message and attachment to the sender and destroy the original.

**From:** Cheridan Carr <ccarr@rizzopc.com>
**Sent:** Thursday, March 16, 2023 3:04 PM
**To:** jill.schneider@doj.state.or.us; Mancuso Nicholas <nicholas.mancuso@doj.state.or.us>
**Cc:** Mary Skjelset <mskjelset@rizzopc.com>; Steven Rizzo <SRizzo@rizzopc.com>; Shelley Maddox <smaddox@rizzopc.com>; Bonnie Richardson <bonnie@richardsonwang.com>; Marissa Korbel <Marissa@richardsonwang.com>; 'Michelle Johansson' <michelle@mjo-law.com>; Maite Uranga <maite@urangalaw.com>
**Subject:** In the Matter of the Conservatorship of J.C., Lane County Circuit Court Case No. 21PR00099

Good afternoon,

Attached please find correspondence regarding the above-referenced matter.

Kind regards,

**Cheridan Carr  |**  Paralegal  **|  ccarr@rizzopc.com**



1300 SW Sixth Avenue | Suite 330 | Portland, Oregon 97201
☎: 503.229.1819 | 🖷: 503.229.0630 | 🌐: www.rizzopc.com
Offices in Oregon and Washington

*** *Rizzo Mattingly Bosworth PC is now Rizzo Bosworth Eraut PC*****

*********NOTICE OF CONFIDENTIAL AND PRIVILEGED INFORMATION*********

This e-mail and attachment, if any, is confidential and may contain attorney-client privileged information or attorney work-product. If you are not the intended recipient, you may not disclose, use, disseminate, distribute, copy or rely upon this message or attachment in any way.  If you received this e-mail message in error, please return by forwarding the message and attachment to the sender and destroy the original.

Exhibit 2
Page 3 of 3

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>               Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al.,<br><br>               Defendants. | CASE NO. 6:22-cv-01813-MK<br><br>**CERTIFICATE OF SERVICE** |

       I am employed by the law firm of Rizzo Bosworth Eraut PC in Portland, Oregon.  I am over the age of eighteen years and not a party to the subject cause.  My business address is 1300 SW Sixth Avenue, Suite 330, Portland, OR 97201.

       On the date below, I caused to be served on all parties in this action by transmitting a true copy thereof**: Declaration of Steven Rizzo in Support of Plaintiff's Motion for Entry of Protective Order.**

   <u>**VIA ECF**</u>

> **Jill Schneider**
> **Nicholas S. Mancuso**
> **Oregon Department of Justice**
> **100 SW Market Street**
> **Portland, OR 97201**
> **Ph. 971-673-1880**
> **Fax: 971-673-5000**
> **Email: jill.schneider@doj.state.or.us**
> **Email: nicholas.mancuso@doj.state.or.us**
> *Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services*

       Dated this 11ᵗʰ  day of April, 2023.

                                    *s/ Cheridan Carr*
                                    Cheridan Carr
                                    Paralegal

1- Certificate of Service