ELLEN F. ROSENBLUM
Attorney General
JILL SCHNEIDER #001619
Senior Assistant Attorney General
NICHOLAS MANCUSO #151262
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email: Jill.Schneider@doj.state.or.us
          Nicholas.Mancuso@doj.state.or.us

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KIM CHAPMAN, et al; THE OREGON DEPARTMENT OF HUMAN SERVICES, a government agency; and JANE and JOHN DOE,<br><br>　　　　Defendants. | Case No. 6:22-CV-1813-MK<br><br>**STATE DEFENDANTS' RESPONSE TO MOTION FOR PROTECTIVE ORDER** |
| OREGON DEPARTMENT OF HUMAN SERVICES,<br><br>　　　　Third-Party Plaintiff,<br><br>　　v.<br><br>JOE ALBERT RAYGOSA,<br><br>　　　　Third-Party Defendant. | |

# INTRODUCTION

Privacy and non-disclosure laws serve important legal and policy purposes that Plaintiff's proposed protective order would circumvent. The Oregon Department of Human Services ("ODHS") and named individual DHS employees (together "State Defendants" or the "State") agree this matter will necessitate discovery of information protected from public disclosure by various Oregon and federal laws. Accordingly, a protective order is appropriate to address the use and disclosure of information in this litigation. Plaintiffs' proposed order is not appropriate for a number of reasons including the failure to provide adequate protections for non-party information, the broad re-disclosure permitted to non-parties, and general inconsistency with the form and scope of this Court's model form of protective order.

State Defendants respectfully request the Court enter the State's proposed form of protective order, attached to Exhibit 1 to the Declaration of Nick Mancuso. State Defendants' proposed protective order conforms to the District of Oregon standard form of two-tier protective order, with certain specific additions addressed herein.

This motion is supported by the points and authorities herein, together with the Declaration of Nicholas Mancuso and exhibits thereto.

# POINTS AND AUTHORITIES

**A.     Factual Background**

Plaintiff (J.C., through her Conservator) has brought this suit alleging tort and civil rights claims arising from events that occurred when Plaintiff and her brother (Z.C., a non-party), minors adjudicated dependent in Lane County Juvenile Court, were in substitute care in the home of Defendants Duncan and Raygosa. ODHS had previously certified Duncan and Raygosa as resource care providers.[1] The factual matters at issue in this case concern circumstances in Plaintiff's biological family, ODHS services to the family, juvenile court proceedings, and the provider certification of Duncan and Raygosa. Oregon. Plaintiff's motion for protective order

---

[1] Also referred to as "resource parents" or "foster parents"

indicates Plaintiff also intends to seek discovery concerning other non-parties who are not before the Court.

Records of ODHS child welfare services commonly include medical records, mental health records, criminal records, financial information, personally identifying information of numerous people in complex family systems, substance use and treatment history, sexual abuse and domestic violence history, and extensive personal and sensitive information about minors. Multiple laws and regulations protected all of these types of information from disclosure except for limited purposes enumerated in the applicable statutes. Additional laws govern juvenile court records, provider certification records, and third-party records (such as medical provider records) that may be subpoenaed or otherwise subject to discovery in this matter.

Discovery in this lawsuit is also likely to include sensitive information of numerous non-parties, including non-party family members of plaintiff, individuals identified in service records of plaintiff's biological family and household members of Duncan and Raygosa. Duncan and Raygosa's provider certification records may contain extensive identifying information of non-party minors in substitute care in their home, and information concerning their families of origin and reasons for coming into care.

Plaintiffs have served over fifty separate written requests for production of documents that encompass all of the record types and information discussed above, plus complete employment and human resources information on individual named defendants. Information requested about agency employees includes, but is not limited to, social security numbers, identifying information of family members, financial information, and sensitive personnel matters such as health and family leave, disability, discipline, and performance.

Counsel for the parties have exchanged proposed protective orders and discussed them in conferral calls, but do not agree on the scope and terms of the proposed orders. *See* Mancuso Decl. Ex. 2. The State's proposed order conforms to the form promulgated on this Court's

website,[2] with additions specific to the State's obligations as an entity subject to public records laws, the State's counsel at the Oregon Department of Justice's obligations as a law enforcement agency, and the records management and data security obligations of the State. The State also incorporates a non-waiver provision consistent with federal standards of practice applying Federal Rule of Evidence 502(d). As addressed in Section 4 below, Rule 502(d) is the appropriate standard to apply in this case, not 502(b), as Plaintiff requests.

The State, through its numerous agencies, holds the sensitive information of Oregonians and has the duty to protect that information at all times, during litigation and otherwise. Such information is subject to numerous State and Federal privacy laws and may include personnel records, physical and mental health records, criminal justice data, financial data, information regarding child abuse, and information that affects the safety and security of state employees and vulnerable persons housed in state custody and receiving or applying for services from State agencies.

Discovery in litigation involving the State frequently seeks sensitive information of non-parties (family members or co-workers of parties, witnesses, and various categories of vulnerable person). The State and its counsel at the DOJ seek consistent provisions in protective orders, specifically including the standard form of protective order used in the Civil Litigation of the Trial Division, which includes trial counsel in this matter. This or substantially similar orders have been entered in litigation in the District of Oregon multiple times. *See* Mancuso Decl. Exs. 3 and 4.

The State's proposed order limits the use of sensitive, statutorily protected information to the litigation of this specific action, and restricts access to the information the parties before this Court and subject to this Court's continuing jurisdiction over the discovery and evidence in this

---

[2] https://www.ord.uscourts.gov/index.php/filing-and-forms/forms/civil-forms. Exhibit 3 to the Mancuso Declaration includes a comparison, prepared for the Court's convenience, showing the differences between the State's proposed order and the Court's model order. DOJ staff prepared the exhibit using pdf and word processing tools and in the case of inconsistency, Exhibit 1 to Mancuso Declaration contains the State's proposed language.

Page 4 -   **STATE DEFENDANTS' RESPONSE TO MOTION FOR PROTECTIVE ORDER**

case. This Court's form order and the State's proposed form adopting it enumerate the parties and entities that, but for litigation, would never have access the sorts of highly sensitive information that is commonly subject to the entry of protective orders in federal court. By contrast, Plaintiff has requested a protective order that radically expands the scope of disclosure, permitting disclosure to non-parties, and use beyond the jurisdiction of this Court, while eliminating procedural protections for parties, and including unnecessary, punitive language. This is clearly inconsistent with the stated, existing policy of the Court as reflected in the District of Oregon form.

**B.     ARGUMENT**

   **1.     Standard of Law**

Federal Rule of Civil Procedure 26(c)(1) permits the Court to enter a protective order that limits the extent of disclosure. Entering the State's proposed protective order permits the State to disclose in discovery numerous matters that Oregon state law otherwise prohibits the State from disclosing, including specifically information protected from disclosure by ORS 409 (child welfare services); ORS 418 (foster care provider information is confidential); ORS 419A (juvenile court records); 419B (child welfare services)[3]. Plaintiff's complaint undisputedly implicates the subject matter covered by these statutes, but discovery may also cover educational records, health information, information concerning receipt of public benefits, law enforcement information, and other areas subject to specific regulatory or statutory privacy regimes.

---

[3] *See, e.g.* ORS 419B.035(1) (Requiring DHS to keep "reports and records compiled under the provisions of ORS 419B.010 to 419B.050 [pertaining to child abuse reporting]" confidential).

ORS 418.642(1) makes the name, address, and other identifying information about a person who maintains a foster home confidential.

All DHS records pertaining to an individual, family, or other recipient of services are confidential pursuant to ORS 409.225, which prohibits disclosure of information about DHS child welfare clients except "for purposes other than those directly connected with the administration of child welfare laws or unless required or authorized by ORS 419A.255 or 419B.035." ORS 409.225(1). ORS 409.225 also states that, "[t]he records, files, papers and communications are confidential and are not available for public inspection."

Page 5 -   **STATE DEFENDANTS' RESPONSE TO MOTION FOR PROTECTIVE ORDER**

### a. Privacy laws strictly prohibit use and disclosure of sensitive information

Litigation with ODHS it is not a license to disclose information, particularly sensitive information non-parties, beyond what is strictly necessary in order to adjudicate the claims pled or defenses asserted in the litigation.

All of the statutes that form the basis of potential confidentiality designations in this case, the majority of which concern information being produced by the State, entirely prohibit the disclosure of the information except for purposes enumerated in the statute. Those purposes include administering child welfare laws, delivering child welfare services, adjudicating dependent minors, or certifying care providers. In the case of child welfare records, for example, in the ordinary course, no one except DHS employees with specific need for access to individual records has any legal right or ability to access the information in question. In many cases that restriction extends to the individuals named in the records, or receiving services.

The statutory level of restriction is the legal "default" with respect to this information, which is often sensitive, intimate information about family trauma, injuries, mental illness, substance abuse, domestic violence, and/or sexual abuse and exploitation. Where ODHS is a party to litigation concerning the conduct of child welfare services, the performance of ODHS statutory duties, and laws and regulations governing rendition of services, disclosure of child welfare files is necessary to fairly litigate the matters in dispute. Plaintiffs' proposed exceptions expose private information without any legal basis.

Protective orders allow the use of presumptively private information that is never disclosed, except for defined statutory purposes, to be disclosed in litigation. A protective order creates a limited, clearly defined exception to strict confidentiality and privacy protections to allow parties the ability to conduct litigation under the supervision of this Court. The District Court's form reflects this principle. Plaintiff's proposed order is inconsistent with the principle in multiple ways.

        **b.**        **Inappropriate non-party access to information**

The District Court's form defines the categories of person permitted access to protected information. State's Proposed Order ¶¶ 7-8. The major categories in which the Plaintiff's proposal deviates from that standard are at paragraphs 7.2(e), (g), (h), and (i).

The District Court language states information may be shared with parties and their employees as well as the authors or recipients of documents (State's Proposed Order ¶ 7(c),(f)). Plaintiff wishes to expand the categories to include open-ended categories such as "persons who otherwise possessed or knew of the information" and "persons referenced in the documents" and "reasonably necessary" deposition witnesses. These categories are either subjective or ambiguous.

Plaintiff also wishes to disclose confidential records to treating medical providers. This is a separate legal and functional activity from litigation. Using the disclosure of records for litigation purposes to meet another need that is not before this Court is inappropriate. If the Plaintiff's treating medical or mental health providers require access to sensitive information of individuals subject to discovery in this litigation, they should use the means that law and professional standards provide for acquiring such information, based on those professional, clinical needs. The production in this case is likely to contain information concerning multiple non-parties. Whatever reasons Plaintiff's treating providers may have for information and records of people other than Plaintiff, this Court is not the appropriate forum to adjudicate that access.

        **c.**        **Plaintiff's "collateral litigation" exception effectively circumvents the core purpose of a protective order.**

This Court adjudicates matters before it, and can enter a protective order as necessary for this litigation. Plaintiff's order at paragraph 7.2(g) essentially asks this Court to extend its jurisdiction to multiple nonparties who have not filed claims, and whose legal interests are independent from any party before this Court. That is specifically contrary to the purposes of a protective order and the core policy and statutory interests attaching to private information. The State holds the information of millions of Oregonians at any given time and is charged with

Page 7 -   **STATE DEFENDANTS' RESPONSE TO MOTION FOR PROTECTIVE ORDER**

enforcing privacy law and statutory confidentiality protections across dozens of categories of sensitive data. The State cannot and should not consent to the further disclosure of sensitive information for speculative future purposes. This Court does not have jurisdiction to weigh the competing privacy and litigation interests of parties not before it.

### 2. The State's proposed order adopts the District Court's neutral, administratively streamlined approach to protective orders

The confidentiality at issue in this litigation derives from substantive protections under State and federal law and cannot be limited by procedural devices imposed solely for litigation. The Court's form of protective order permits parties to designate documents confidential or attorney's eyes only and presumes parties will do so appropriately, and in good faith, and sets forth processes for designating, correcting, or disputing designations. *See* State's Proposed Order ¶ 3; ¶¶ 11-12.

Plaintiff's proposed order, at paragraph 5, contains adversarial language implying the possibility of designation in bad faith and inviting dispute. This language is inappropriate and the Court should instead use the District of Oregon model language. Plaintiff's proposal also seeks to impose timelines and penalties that disfavor the protection a protective order is intended to provide. Plaintiff's Proposed Order ¶¶ 6.1-6.4. In particular, there should be no situation in which a document will lose confidentiality protection by default or failure to object. *Id*. ¶ 6.3.

### 3. Private, statutorily protected information should be returned to the State's custody at the close of litigation

The State consistently requests, and routinely receives, protective orders directing the return of confidential information to the State at the close of litigation. This returns to the custody of the Oregon Department of Justice the information of non-parties produced in discovery. Such information is sensitive material the State normally may not disclose to the State, and which the State and its counsel have legal duty to protect from all use and disclosure. Outside of the State's custody, sensitive information is vulnerable to improper disclosure, including but not limited to malware attacks and data breaches, which are directed against

governmental entities and citizen data held by governmental entities with increasing frequency.[4] Pursuant to ORS 276A.303 Oregon DOJ has the authority to manage its own information technology and security audit program.[5]

The Plaintiff's conviction that return of the State's production is inconsistent with the professional obligations of Plaintiff's counsel is an incorrect reading of the applicable professional guidelines. The Oregon Rules of Professional Responsibility direct attorneys to retain and safeguard client property. The State's production to the Plaintiff is not the property of counsel's client. The only guideline potentially involving the retention of discovery is the Professional Liability Fund recommendation that covered practitioners retain copies of litigation files for 10 years. A PLF preference, for the purpose of defending professional liability claims, should not override the privacy interests of non-parties, and other statutory and policy bases for protecting sensitive information produced in discovery by the State.

The State has systems in place to protect the private information the State maintains concerning Oregonians for reasons separate from litigation. Private law firms have obligations to individuals with whom they have an attorney-client relationship, and little need or incentive to invest in the long term infrastructure to protect the interests of non-parties with whom they have no relationship. Here, counsel has the duty to represent the interests of the Plaintiff, and is entitled to obtain in discovery certain information regarding other individuals, who counsel does not represent and whose interest may not be the same as Plaintiff's.

Counsel may use that information to advance the interests of Plaintiff in this litigation, even if it is adverse to the interests of the witnesses and non-parties whose information counsel

---

[4] *See e.g.,* China Cyber Threat Overview and Advisories | CISA ; Ransomware Attacks on Critical Infrastructure Sectors (dhs.gov) ; NCSC Director Warns of Nation-State Cyber Threats to Law Firms in June 4 Remarks at ILTA LegalSEC Summit 2019 (dni.gov)
[5] The State of Oregon and ODOJ have numerous data security requirements and audited security controls to comply with state and federal statutory and regulatory security standards, including but not limited to ORS 646A.600; FBI Criminal Justice Information Services Security Policy; IRS Safeguards Federal Tax Information Publication 1075; Family Educational Rights and Privacy Act (FERPA); Health Insurance Portability and Accountability Act of 1996 (HIPAA), Public Law 104-191; and Centers for Medicare & Medicaid Services (CMS).

obtains in discovery. The right to retain that information, in contravention of the interest of the holder of that information, does not survive the resolution of the litigation. ODHS records customarily contain extensive and confidential information about persons who are not parties in this lawsuit, yet retain statutorily protected privacy interests.

    **4.    The State's protective order clearly articulates the necessary protections under 502(d), which provides for efficient document production and minimizes disputes.**

The proper standard for adjudicating the assertions of privilege in this case is Federal Rule of Evidence 502(d), which provides that an order entered by this court allows for a clawback of privileged documents without waiver of privilege. Plaintiff's proposed order at Section 11 proposes instead to rely on 502(b). This invites unnecessary litigation regarding the circumstances of inadvertent production of privileged documents and waiver of privilege. 502(d) is the standard for complex and high volume document productions. *See Sedona Conference Commentary on the Effective Use of Federal Rule of Evidence 502(d) Order.*

Federal Rule of Evidence 502 addresses the assertions of privilege in litigation in federal court. FRE 502(d) explicitly permits the entry of orders that eliminate the need to litigate the circumstances relating to inadvertent waiver. This conserves judicial resources and streamlines litigation. *Id.* at 9. Clawback orders entered pursuant to 502(d) effectuate the goals of efficient litigation under the Federal Rules of Civil Procedure. *See, e.g., Rajala v. McGuire Woods*, LLP 2013 WL 50200 (D. Kan Jan. 3, 2013) at *3 ("Clawback arrangements are specifically discussed in the 2006 Advisory Committee Note to Federal Rule of Civil Procedure 26(f) *as a way to reduce discovery costs and minimize the risk of privilege waiver.*")(emphasis in original).

The State and its counsel at the Oregon Department of Justice request the language in paragraph 19 of State Defendants' proposed protective order in state and federal court as a matter of course and courts regularly adopt the language in paragraph 19 without alteration.

**5.     Other provisions specific to the State**

    **a.     Public records**

ODHS and its counsel at the Oregon Department of Justice are subject ORS Chapter 192, governing public records. While the bulk of the records in this litigation are not subject to disclosure in response to a public records request, the State includes the language in paragraph 18 to make it clear that, in the event the State receives a public record request, the State must still engage in the necessary legal analysis, and respond to such a request on its own legal merits, and entering into a protective order does not vary the effect of statute.

    **b.     Law enforcement**

The Department of Justice is a law enforcement agency established by Chapter 180 of the Oregon Revised Statutes to perform numerous duties, including to enforce laws and conduct investigations. ORS 180 creates many duties and obligations for the DOJ beyond defending the State in civil proceedings.  Some of these include representing public bodies in antitrust proceedings, having the powers of district attorneys, administering the Child Support Program, and assisting the investigation and suppression of organized crime.  ORS 180.225, .240, .345, .610.

In the interest of minimizing ambiguity, it is the State's practice in protective orders to include in its protective orders an explicit use and disclosure exception relating to DOJ's non-waivable law enforcement duty. Such duties could theoretically require the DOJ to disclose information regarding criminal activity that it obtains in discovery, although ODHS is not aware of any specific information in this case where that issue is likely to arise.

## CONCLUSION

For all of the foregoing reasons State Defendants' respectfully request the Court enter the State's proposed form of protective order.

DATED April 25, 2023.

                                        Respectfully submitted,

                                        ELLEN F. ROSENBLUM
                                        Attorney General


                                        *s/ Jill Schneider*
                                        JILL SCHNEIDER #001619
                                        Senior Assistant Attorney General
                                        NICHOLAS MANCUSO #151262
                                        Assistant Attorney General
                                        Tel (503) 947-4700
                                        Fax (503) 947-4791
                                        Jill.Schneider@doj.state.or.us
                                        Nicholas.Mancuso@doj.state.or.us
                                        Of Attorneys for Defendants