UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI, | Case No. 6:22-cv-01813-MK |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| KIM CHAPMAN *et al.*, | |
| Defendants. | |

**KASUBHAI,** United States Magistrate Judge:

Plaintiff Ethan Levi ("Plaintiff") filed this action on behalf of J.C., a minor child, against the Oregon Department of Human Services ("DHS") and several of its employees (collectively, "Defendants"). Plaintiff's complaint alleges civil rights violations arising out of the sexual abuse of J.C. while in the custody of DHS-certified foster care provider Joe Albert Raygosa. Defendants filed a third-party complaint against Raygosa for battery on January 30, 2023. ECF No. 19. On February 21, 2023, Plaintiff filed this motion to strike Defendants' third-party complaint pursuant to Fed. R. Civ. P. 14(a). ECF No. 24. For the reasons below, Plaintiff's motion is denied.

Page 1 — OPINION AND ORDER

## STANDARD OF REVIEW

Fed. R. Civ. P. 14(a)(1) provides that "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(4) provides that any party may move to strike a third-party claim. In general, motions to strike are disfavored and infrequently granted. *Legal Aid Servs. of Or. v. Legal Servs. Corp.*, 561 F. Supp. 2d 1187, 1189 (D. Or. 2008); *see also Capella Photonics, Inc. v. Cisco Sys., Inc.*, 77 F. Supp. 3d 850, 858 (N.D. Cal. 2014) (motions to strike are regarded with disfavor because of the limited importance of pleadings in federal practice and because they are often used solely to delay proceedings).

Courts may not resolve disputed and substantial factual or legal issues in deciding a motion to strike. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). "A motion to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Contreras, ex rel. Contreras v. Cty. of Glenn*, 725 F. Supp. 2d 1157, 1159 (E.D. Cal. 2010) (quoting *Bassett v. Ruggles*, 2009 WL 2982895, at *24 (E.D. Cal. Sept. 14, 2009)).

## DISCUSSION

Plaintiff moves to strike Defendants' third-party complaint against Raygosa for battery, which reads as follows:

> Unknown to the State Defendants, throughout the duration of the foster and adoptive care provided to J.C., Third-Party Defendant Raygosa physically abused J.C. by raping and sodomizing J.C. Raygosa's conduct was done with conscious[ness] and without any knowledge on the part of the State Defendants, and was in disregard for the rights and safety of J.C.
> …
> Raygosa's conduct was the sole cause of J.C.'s damages.

ECF No. 19 at 9-10. Plaintiff argues that the third-party complaint should be stricken because (I) it deviates from the Rule 14 standard and is time-barred under ORS 12.1110(1); (II) it fails to state a claim for relief; and (III) it runs afoul of the § 1983 causation standard and the applicable standards for Plaintiff's negligence claim. In evaluating each of Plaintiff's arguments, the ultimate issue before the Court is whether it is clear that the matter to be stricken could have no possible bearing on the subject matter of this litigation. *Contreras,* 725 F. Supp. 2d at 1159.

**I.      Rule 14 Standard**

Plaintiff first argues that the third-party complaint should be stricken because it fails to meet the Rule 14 standard. Rule 14(a)(1) provides that a defending party, as a third-party plaintiff, may serve a summons and complaint on a nonparty "who is or may be liable to it for all or part of the claim against it." *Id*. "The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against [it] by the original plaintiff. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough." See *Stewart v. American Int'l Oil & Gas Co.*, 845 F 2d 196, 199-200 (9th Cir. 2016) (internal quotations omitted) (citing 6 Fed. Prac. & Proc. § 1446 at 257 (1971 ed.)). A third-party claim may be asserted when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereto. See *One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983), cert. den., 464 U.S. 1071 (1984).

Here, there is no question that Plaintiff's claims ultimately arise out of actions taken by Raygosa while he was a certified foster care provider. The Court is also satisfied that the purpose of the third-party complaint is to allege that Raygosa is the sole cause of J.C.'s damages. ECF No. 19 at 9-10; see also *Stewart*, 845 F 2d at 199-200. The Court thus finds that the third-party

complaint contains the "crucial characteristic" of a Rule 14 claim set forth by the Ninth Circuit in *Stewart*. *See id.* at 199-200.

Plaintiff also argues that the third-party complaint nevertheless fails to meet the Rule 14 standard because the complaint against Raygosa is time-barred and that, therefore, Raygosa is not a party "who is or may be liable … for all or part of the claim[s] against" Defendants. See Fed. R. Civ. P. 14(a)(1). Plaintiff argues that this complaint is barred as untimely because ORS 12.110(1) imposes a two-year statute of limitations on Defendants' third-party complaint.

ORS 12.110(1) provides that:

> An action for assault, battery, false imprisonment, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years; provided, that in an action at law based upon fraud or deceit, the limitation shall be deemed to commence only from the discovery of the fraud or deceit.

Plaintiff alleges that the two-year statute of limitations in ORS 12.110(1) applies to Raygosa's actions and commenced on the day Raygosa's conduct was reported to law enforcement. Because Raygosa's offense was reported in October 2017, the two-year statute of limitations in ORS 12.110(1) bars the third-party claim.

In their response brief, Defendants argue that the claim against Raygosa is timely, citing ORS 131.125 as the appropriate civil statute of limitations. This section of chapter 131 of the Oregon Revised Statutes, however, pertains to the timeliness of criminal actions. As this is a civil matter, and Defendants plead a civil claim for battery against Raygosa based on the rape of a minor, the controlling statute is ORS 12.117. That statute provides that, notwithstanding ORS 12.110 (which Plaintiff alleges is the controlling statute), civil actions based on conduct that constitutes child abuse must be commenced before the victim attains 40 years of age. ORS 12.117(2)(b) defines "child abuse" to include the rape of a child, which includes but is not

limited to rape, sodomy, and unlawful sexual penetration. Because it is undisputed that J.C. is under 40 years of age, it follows that Raygosa can be liable for battery under Defendant's theory of liability pursuant to ORS 131.125. For these reasons, Defendants' third-party complaint against Raygosa is not time-barred. The Court finds that the third-party complaint meets the Rule 14(a)(1) standards.

## II.     Failure to State a Claim

Plaintiff next argues that the third-party complaint should be stricken because it fails to state a claim for relief – here, in the form of a prayer for declaratory judgment. Fed. R. Civ. P. 8's liberal notice pleading standard requires that the allegations in a complaint give the opposing party fair notice of the claim asserted and the grounds upon which it rests. See *Pac. Coast Fed'n of Fishermen's Assocs. V. Glaser*, 937 F.3d 1191, 1200 (9th Cir. 2019). As noted above, the third-party complaint states that

> Unknown to the State Defendants, throughout the duration of the foster and adoptive care provided to J.C., Third-Party Defendant Raygosa physically abused J.C. by raping and sodomizing J.C. Raygosa's conduct was done with conscious[ness] and without any knowledge on the part of the State Defendants, and was in disregard for the rights and safety of J.C.
> …
> Raygosa's conduct was the sole cause of J.C.'s damages.

Here, the Court is satisfied that Defendant has pled facts to indicate that Raygosa committed an intentional action that caused harm to J.C. and has thus sufficiently pled the elements of a claim for battery. Defendants' prayer for relief is also indicated in the third-party complaint. The Court therefore finds that the third-party complaint meets Rule 8's liberal pleading standard and properly states a claim for relief.

## III.    § 1983 Causation and Negligence Standards

Plaintiff argues, finally, that the third-party complaint "runs counter" to the § 1983 causation standard and the applicable standards for Plaintiff's negligence claim against Defendants. ECF No. 24 at 5. To advance this argument, Plaintiff contends that but-for Defendants' conduct, Plaintiff would not have been vulnerable to Raygosa's battery, and that therefore the third-party claim lacks merit. Courts may not resolve disputed and substantial factual or legal issues in deciding a motion to strike. *Whittlestone*, 618 F.3d at 973. As Defendants' alleged conduct is a disputed factual issue central to Plaintiff's § 1983 claims, the Court will not resolve this issue on a motion to strike.

Plaintiff also argues that the third-party complaint lacks merit because Raygosa's criminal conviction does not bar Defendants' potential civil liability under a negligence theory. As noted above, the Court may not reach the merits of a disputed claim in adjudicating a motion to strike. *Whittlestone*, 618 F.3d at 973. Further, it is not clear how Raygosa's criminal conviction could bar the possibility of Raygosa's civil liability to Plaintiff "for all or part of the claim against" Defendants. *See* Fed. R. Civ. P. 14(a)(1). In sum, because it is not clear to the Court that the matter to be stricken could have no possible bearing on the subject matter of this litigation, Plaintiff's motion to strike is denied. *Contreras,* 725 F. Supp. 2d at 1159.

## CONCLUSION

For the reasons above, Plaintiff's motion to strike (ECF No. 24) is DENIED. Plaintiff's request for oral argument is DENIED as unnecessary. *See* LR 7-1(d)(1).

IT IS SO ORDERED.

DATED this 12th day of May 2023.

s/ Mustafa T. Kasubhai  
MUSTAFA T. KASUBHAI (He / Him)  
United States Magistrate Judge