UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI, | Case No. 6:22-cv-01813-MK |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| KIM CHAPMAN *et al.*, | |
| Defendants. | |

**KASUBHAI,** United States Magistrate Judge:

Plaintiff Ethan Levi ("Plaintiff") filed this action on behalf of J.C., a minor child, against the Oregon Department of Human Services ("DHS") and several of its employees (collectively, "Defendants"). Plaintiff's complaint alleges civil rights violations arising out of the sexual abuse of J.C. while in the custody of DHS-certified foster care provider Joe Albert Raygosa. Plaintiff filed a motion for entry of protective order on April 11, 2023 (ECF 32), and Defendants filed a response (ECF 34) contesting multiple provisions of Plaintiff's proposed order. Defendants also filed a proposed stipulated protective order that largely conforms to the two-tier protective order available from this District's website. ECF 35-1, 35-3.

Page 1 — OPINION AND ORDER

Federal Rule of Civil Procedure 26(c)(1) permits the Court to enter a protective order that limits the extent of disclosure. After careful consideration of the parties' arguments, the Court orders that the parties shall adopt Defendants' proposed form of protective order, which conforms to the District of Oregon's standard form of two-tier protective order, with the following amendments and exclusions:

- Plaintiff's proposed Paragraph 6.4 ("Burden") (ECF 32 at 2-3) shall be incorporated into the protective order. Where a party's designation is challenged, the party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted. *Foltz v. State Farm Mutual Auto Ins.*, 331 F.3d 1122, 1130 (9th Cir. 2003).

- Plaintiff's proposed Paragraph 7.2(e) (ECF 32 at 3) regarding the production of confidential information or items for use in depositions of fact witnesses shall be included in the protective order. Plaintiff shall be permitted to disclose confidential materials to persons who otherwise possessed or knew of the information, and persons referenced in the documents, for discovery purposes.

- Plaintiff's proposed Paragraph 7.2(g) and (h) regarding the retention of confidential information or items for use in collateral litigation shall not be included in the protective order. The Court declines to extend its jurisdiction to multiple nonparties who have not filed claims, and whose legal interests are independent from any party before this Court.

- Plaintiff's proposed Paragraph 13 regarding the final disposition of information or items designated as confidential shall not be included in the protective order. After

final judgment has been entered in this case and there is no reasonable possibility of appeal, Plaintiff shall return to Defendant all information or items designated as confidential.

- The protective order shall include an indemnity provision agreeable to both parties specifying that Defendant will retain all confidential documents relevant to this litigation for 20 years after final judgment has been entered and agree to bear all costs to such indemnification in the event that Defendants fail to properly retain such confidential information or items. If Defendants are unwilling to indemnify Plaintiff, then Plaintiff may retain sealed copies of documents designated as Confidential in Plaintiff's records.

## CONCLUSION

For the reasons above, Plaintiff's motion for entry of protective order (ECF 32) is GRANTED in part and DENIED in part. The parties are ordered to confer and submit to the Court a proposed protective order that accords with this Order within 14 days.

IT IS SO ORDERED.

DATED this 12th day of May 2023.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge