Mr. Steven Rizzo, OSB # 840853
Ms. Mary D. Skjelset, OSB # 075840
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Ste. 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630
srizzo@rizzopc.com
mskjelset@rizzopc.com

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>              Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al ,<br><br>              Defendants. | CASE NO. 6:22-cv-01813-MK<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO AMEND**<br><br>*Oral argument requested* |
| OREGON DEPARTMENT OF HUMAN SERVICES,<br><br>              Third Party Plaintiff,<br><br>v.<br><br>JOE ALBERT RAYGOSA,<br><br>              Third Party Defendant. | |

1 - PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO AMEND

RIZZO | BOSWORTH | ERAUTᴘᴄ
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

## INTRODUCTION

For the reasons discussed below, the Court should grant the defendants' Motion to Amend ("the MTA") subject to requiring the defendants to identify (i) the concerns in the Duncan-Raygosa home, and (ii) all DHS worker(s) and supervisor(s) who knew of any such concerns. This Response is based on Rule 15 and 16, and is supported by the papers and pleadings on file, the Declaration of Steven Rizzo ("Decl.") and attached exhibits.

## BACKGROUND

### *Allegations in the Complaint regarding concerns in the Duncan-Raygosa foster home*

Plaintiff's November 18, 2022 Complaint alleges that the defendants placed J.C., a minor, into the DHS-certified Duncan-Raygosa foster home where she was repeatedly sexually abused. Plaintiff alleges that Duncan-Raygosa were unfit to safely parent J.C. (and her younger brother, Z.C., who was also in custody) and that the defendants knew and/or suspected that the Duncan-Raygosa foster home was abusive. (*See generally* ECF 1).

Complaint ¶¶ 40-41 allege that in October 2016 "a medical provider contacted the DHS child abuse hotline to report medical neglect regarding Duncan-Raygosa's purported niece and nephew" and that "Duncan-Raygosa displayed a reluctance to cooperate in the assessment and answer basic questions." (*Id*. at 7). Complaint ¶ 46-7 allege that "[b]y end of year 2016, DHS had received multiple additional calls to the child abuse hotline," including concerns of foster children "left unattended for extended periods of time" and having their hair singed. (*Id*. at 8).

Complaint ¶ 53 alleges that when two foster care siblings (a boy and girl) were brought to the DHS facility; one child had a black eye and facial scratches and the other had experienced head trauma. The little boy told DHS that he was beaten with a hanger while Duncan sat in the living room and did nothing. DHS described the children's condition as "pretty banged up." (*Id*. at 9). Complaint ¶ 54 alleges that "Duncan-Raygosa claimed that the siblings had the injuries upon

2 - PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO AMEND

placement, which DHS knew or suspected was false." (*Id.*at 9). Complaint ¶ 55 alleges that DHS removed the siblings to protect their safety and placed the Duncan-Raygosa on so-called "inactive referral status. (*Id.* at 10). Complaint ¶ 61 alleges that "DHS had failed to disclose and/or obfuscated notice and knowledge of the concerns in the Duncan-Raygosa home" throughout "their [J.C. and Z.C.] confinement." (*Id.*).

### *The judicial admissions in the Defendants' Answer*

The defendants' Answer and Third-Party Complaint against Raygosa was filed on January 30, 2023. (ECF 19). In pertinent part, Answer ¶ 17 admits Complaint ¶ 40 regarding the report of medical neglect, but Answer ¶ 18 denies Complaint ¶ 41 regarding Duncan-Raygosa's lack of cooperation. Answer ¶ 19 responds broadly that "ODHS responded to and investigated all reports" of abuse in the Duncan-Raygosa home. Answer ¶ 21 admits Complaint ¶¶ "53 through 55" and ¶ 61. (*Id*. at 4-5).

### *Restatement of the judicial admissions in Plaintiff's Motion to Strike*

Plaintiff's February 21, 2023 motion to strike the Third-Party Complaint restated the defendants' judicial admissions, ¶¶ 54 – 56, and ¶ 61. (*Id*. at 2-3). That motion plainly referenced the defendants' Answer, in which the "[d]efendants admit that throughout [J.C.'s] and Z.C.'s placement, 'DHS [] failed to disclose and/or obfuscated notice and knowledge of the concerns in the Duncan-Raygosa home." (ECF 24 at 3) (citing ECF 19, Defs.' Ans. at ¶ 61). The defendants' March 6, 2023 Response to Plaintiff's motion took no issue with Plaintiffs' briefing regarding this issue.  (ECF 28).

### *Plaintiff's First Set of Interrogatories regarding the judicial admissions*

Plaintiff served the defendants with interrogatories on May 5, 2023. (Ex. 1 to Decl.). In light of the defendants' admissions, Plaintiff requested as follows:

3 - PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO AMEND

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

**INTERROGATORY NO. 3**: Paragraph 61 of Plaintiff's Complaint (ECF 1) alleges that "[t]hroughout their [J.C. and Z.C.] placement DHS had failed to disclose and/or obfuscated notice and knowledge of the concerns in the Duncan-Raygosa home. Paragraph 26 of Defendants' Answer (ECF 19) admits Plaintiff's ¶ 61.

Please identify (i) the concerns in the Duncan-Raygosa home that DHS failed to disclose and/or obfuscated notice and knowledge of; (ii) the DHS worker(s) and supervisor(s) who knew of any of the concerns that you identify; and (iii) explain the reason why the worker(s) and supervisor(s) failed to disclose and/or obfuscated their notice and knowledge of such concerns.

. . .

**INTERROGATORY NO. 4**: Paragraph 53 of Plaintiff's Complaint (ECF 1) alleges that two siblings (referenced in ¶ 52) presented at the DHS facility with injuries that "were consistent with 'suspicious physical injuries' under Karly's Law, ORS 419B.022 – 024." Paragraph 54 of the Complaint alleges that "Duncan-Raygosa claimed that the two siblings had the injuries upon placement, which DHS knew or suspected was false." Paragraph 21 of Defendants' Answer (ECF 19) admits Plaintiffs' ¶¶ 53 and 54.

Please (i) identify the DHS worker(s) and/or supervisor(s) who knew or suspected that Duncan-Raygosa's claim was false; and (ii) explain what action(s) the worker(s) and/or supervisor(s) took in response.

(*Id.*).[1]

The Court held the Rule 16 conference on May 10, 2023, (ECF 38), during which the defendants did not relate a need to amend the pleadings or raise issues with Plaintiff's first set of interrogatories. *Cf.,* Rule 16(c)(2)(B) and (F).

The defendants did not request an extension of time to respond the interrogatories and otherwise failed to respond within 30 days, or by June 5, 2023.

On June 8, 2023, the defendants notified Plaintiff that they needed to amend the Answer "to correct scrivener's errors" regarding the above admissions, without mention of the pending interrogatories. (Decl., Ex. 2). In response, Plaintiff agreed to not oppose a motion to amend – so

---

[1] Plaintiff's interrogatory # 8 requested the defendants to "identify all persons who were contacted and/or participated in preparing" the responses. (Decl., Ex. 1 at 4).

4 - PLAINTIFF'S RESPONSE TO DEFENDANTS'
   MOTION TO AMEND

RIZZO | BOSWORTH | ERAUT PC

1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

long as the defendants answered the interrogatories. (*Id.* at 1). In reply, the defendants stated are follows:

> The interrogatories *require the input*, and perhaps the signature, *of more than one person who could respond,* as the scope of the interrogatories covered responsibilities in different departments. We will respond as soon as possible, and *will not be raising any objections* to the interrogatories.
>
> If you are not inclined to agree to the filing of an amended answer, I will file a motion for leave of court to do so.

(*Id.* at 1) (emphasis added).

On June 9, 2023, Plaintiff requested that the defendants confer by phone to discuss the interplay between "required input" of multiple signatories and the failure to timely answer, and clarify whether "not raising any objections" meant that the defendants intended to *answer* the interrogatories. (*Id.* at 1). The defendants declined to confer by phone.

### *The MTA*

The defendants instead filed the MTA on June 14, 2023. (ECF 45). The MTA asserts that the "proposed amended answer [PAA] corrects several scrivener's errors" in the Answer. (*Id.* at 2).[2] There is no explanation of the errors in the MTA and it lacks a supporting Declaration.

The corrected PAA ¶ 21 would admit Complaint ¶ 53 <u>and</u> ¶ 55, i.e., the injuries suffered by the siblings were "consistent with 'suspicious physical injuries' under ORS 419B.022 – 024" and that the siblings were removed from the Duncan-Raygosa foster home "to protect their safety." PPA ¶ 22 would deny Complaint ¶ 54, i.e., that DHS knew or suspected that Duncan-Raygosa falsely claimed that the injuries were present at the time of the placement. Further, PPA ¶ 26 would deny Complaint ¶ 61, i.e., that DHS failed to disclose and/or obfuscated notice and knowledge of concerns in the home, which was the subject of interrogatory # 3.

---

[2] The Clerk has since corrected the defects in the proposed amended answer. (ECF 45-1).

5 - PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO AMEND

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

*The defendants' untimely Response to the First Set of Interrogatories*

On June 13, 2023, the day before filing the MTA, the defendants responded to Plaintiff's first set of interrogatories. (Decl., Ex. 3). The defendants declined to answer interrogatory # 3, pointing to "the scrivener's error" in Answer ¶ 26.[3]

## STANDARDS

Rule 15(a)'s policy of favoring amendments to pleadings is subject to the qualification that the amendment does not cause the opposing party undue prejudice. *Acri v. International Ass'n of Machinists,* 781 F.2d 1393, 1398-99 (9th Cir. 1986), *cert. den.*, 479 U.S. 816 (1986). The following four factors commonly used to determine the propriety of a motion for leave to amend are as follows: (i) bad faith, (ii) undue delay, (iii) prejudice to the opposing party, and (iv) futility of amendment. *Loehr v. Ventura Cty. Comm. College Dist.,* 743 F.2d 1310, 1319 (9th Cir. 1984). The factors are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend. *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981).

Under Rule 16, "[p]arties anticipating possible amendments to their pleadings have an 'unflagging obligation' to alert the Rule 16 scheduling judge of the nature and timing of such anticipated amendments in their status reports so that the judge can consider whether such amendments may properly be sought solely under the Rule 15(a) standard, and whether structuring discovery pertinent to the parties' decision whether to amend is feasible." *See Chao v. Westside*

---

[3] Plaintiff has notified the defendants about other defects with the tardy responses. For example, the response to interrogatory # 4 (which pertains to Complaint ¶¶ 53 and 55) fails to identify "the person dropping the children off" or whether Ms. Reed made the hotline report because she knew or suspected that Duncan-Raygosa's claim was false. The response to interrogatory # 8 identified DOJ AAG Schneider as the only person who was "contacted and/or participated" in preparing the responses. But Ms. Schneider does not have personal knowledge of the events at issue and there is no indication that she sought "required input" from knowledgeable person – including Ms. Reed.

6 - PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO AMEND

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

*Drywall, Inc.,* 709 F. Supp. 2d 1037, 1073 (D. Or. 2010) (citing *Veranda Beach Club Ltd. Partnership* v. *Western Sur. Co.*, 936 F.2d 1364, 1371 (1st Cir. 1991)).

## ARGUMENT

The defendants filed their Answer on January 30, 2023 – more than sixty days after the Complaint was served. Therein, the defendants judicially admitted Complaint ¶¶ 53 – 55 and ¶ 61. *See In re Twitter, Inc. Secs. Litig,* 2020 U.S. Dist. LEXIS 185247 *6 (N.D. Ca. 2020) ("To qualify as a judicial admission, the admission must be deliberate, clear, and unequivocal.") (internal quotation marks and citations omitted). The defendants' admissions were just that – deliberate: the limited information that Plaintiff discovered in the underlying probate proceeding showed that there was medical neglect and physical abuse occurring in the abusive Duncan-Raygosa foster home. In turn, the defendants denied that their awareness of J.C.'s sexual abuse and alleged in the Third Party Complaint that Raygosa's "conduct was done with conscious [*sic*] *without any knowledge on the part of the State Defendants*." (ECF 19 at 10) (emphasis added). In other words, prior to asserting "scrivener's errors," the defendants' defense was that so long as Raygosa's sexual abuse of J.C. was not brought to their attention their awareness (and tolerance) of medical neglect and physical abuse of other children occurring in the abusive home means nothing.

Coming full circle, Plaintiff does not contest the defendants' ability to assert (albeit in conclusory fashion) that their judicial admissions are the product of "scrivener's errors." Rather, The MTA is prejudicial because it excuses, if not obviates, the defendants' failure to timely respond to Plaintiff's interrogatories, particularly interrogatory # 3.

## CONCLUSION

The Court should therefore grant the MTA subject to compelling the defendants to (i) identify the concerns in the Duncan-Raygosa home, and (ii) identify *all* DHS worker(s) and

7 - PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO AMEND



RIZZO | BOSWORTH | ERAUT pc
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

supervisor(s) who knew of any such concerns – regardless whether the defendants' erroneously contended that DHS did not fail to disclose and/or obfuscate notice and knowledge.

Dated: June 28, 2023

RIZZO BOSWORTH ERAUT PC

By: */s/Steven Rizzo*
Mr. Steven Rizzo, OSB No. 840853
Ms. Mary D. Skjelset, OSB No. 075840
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Suite 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630
srizzo@rizzopc.com
mskjelest@rizzopc.com

ATTORNEYS FOR PLAINTIFF

8 - PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO AMEND

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>      Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al ,<br><br>      Defendants. | CASE NO. 6:22-cv-01813-MK<br><br><br>**CERTIFICATE OF SERVICE** |

OREGON DEPARTMENT OF
HUMAN SERVICES,

      Third Party Plaintiff,

v.

JOE ALBERT RAYGOSA,

      Third Party Defendant.

I am employed by the law firm of Rizzo Bosworth Eraut PC in Portland, Oregon. I am over the age of eighteen years and not a party to the subject cause. My business address is 1300 SW Sixth Avenue, Suite 330, Portland, OR 97201.

On the date below, I caused to be served on all parties in this action by transmitting a true copy thereof**: Plaintiff's Response to Defendants' Motion to Amend**

<u>**VIA EMAIL**</u>

| | |
|---|---|
| **Jill Schneider**<br>**Nicholas S. Mancuso**<br>**Oregon Department of Justice**<br>**100 SW Market Street**<br>**Portland, OR 97201**<br>**Ph. 971-673-1880**<br>**Fax: 971-673-5000**<br>**Email: jill.schneider@doj.state.or.us**<br>**Email: nicholas.mancuso@doj.state.or.us**<br>*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services* | Lauren Blaesing<br>Harry B. Wilson<br>Markowitz Herbold PC<br>1455 SW Broadway<br>Ste. 1990<br>Portland, OR. 97201<br>Ph: 503-295-3085<br>Email: laurenblaesing@markowitzherbold.com<br>Email: harrywilson@markowitzherbold.com<br>*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services* |

Dated this 28th day of June, 2023.

      *s/ Cheridan Carr*
      Cheridan Carr
      Paralegal

1- Certificate of Service