**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Alexandra L. Rhee, OSB #230770**
AlexRhee@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085
*Special Assistant Attorneys General for State Defendants*
*and Third-Party Plaintiff*
*Additional Counsel of Record Listed on Signature Page*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI, | Case No. 6:22-cv-01813-MK |
| Plaintiff, | **STATE DEFENDANTS' MOTION FOR RECONSIDERATION** |
| v. | **FRCP 54(b), 60** |
| KIM CHAPMAN, in her individual capacity; ANASTASIA TIBBETTS, in her individual capacity; KASSIDY O'BRIEN, in her individual capacity; ERIN LANE, in her individual capacity; THE OREGON DEPARTMENT OF HUMAN SERVICES, a government agency; and JANE and JOHN DOES 1-5; in their individual and/or official capacities, | **Request for Oral Argument** |
| Defendants. | |
| OREGON DEPARTMENT OF HUMAN SERVICES, | |
| Third-Party Plaintiff, | |
| v. | |
| JOE ALBERT RAYGOSA, | |
| Third-Party Defendant. | |

**Page 1    STATE DEFENDANTS' MOTION FOR RECONSIDERATION**

## LOCAL RULE 7-1(a) CERTIFICATION

In compliance with Local Rule 7-1, the parties have conferred in good faith with respect to the subject matter of this motion but were unable to resolve the issue.

## MOTION

Pursuant to Federal Rules of Civil Procedure 54(b) and (60)(b)(1)[1] and the Court's inherent authority to rescind or modify any interlocutory order, Defendants Kim Chapman, Anastasia Tibbets, Kassidy O'Brien, Erin Lane, and Oregon Department of Human Services ("ODHS") (collectively, "State Defendants") move for reconsideration of the portion of the Court's minute order dated July 11, 2023 stating "Defendant is ordered to comply with Plaintiff's request to inspect the OR-Kids metadata pertaining to the 'provider file' for Duncan-Raygosa and the 'case file' for J.C. at the DHS offices. The parties are to confer on scheduling the inspection, where an expert of Plaintiff's choosing will accompany Plaintiff." (Dkt. No. 56.) This motion is supported by the points and authorities set forth below and the Declarations of Lauren Blaesing, Michael Payne, Caroline Burnell, and Frank Miles.

---

[1] Federal Rule of Civil Procedure 60(b)(1) provides that the court "may relieve a party or its legal representative from a final judgment, order, or proceeding [ ] a mistake, inadvertence, surprise, or excusable neglect." FRCP 60(b)(1). "Federal Rule of Civil Procedure 54(b) provides that any interlocutory order may be revised at any time before the entry of a judgment adjudicating all claims and all the parties' rights and liabilities." *Davis v. Tri-Cty. Metro. Transp. Dist. of Or.*, No. 3:12-cv-0808-SI, 2015 WL 4199965, at *1 (D. Or. July 10, 2015) (citations and quotation marks omitted). However, the Rules do not expressly address motions for reconsideration, and as the Ninth Circuit has noted, "[a] district court's power to rescind, reconsider, or modify an interlocutory order is derived from the common law, not from the Federal Rules of Civil Procedure." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001).

**Page 2**    STATE DEFENDANTS' MOTION FOR RECONSIDERATION

**POINTS AND AUTHORITIES**

I.    **INTRODUCTION**

State Defendants respectfully seek reconsideration of the Court's order directing State Defendants to provide plaintiff's counsel and their experts direct access to ODHS's core child welfare services database application: OR-Kids.  OR-Kids contains highly sensitive information protected by federal and state regulations as well as State Defendants' attorney-client information.  Direct access to OR-Kids is an extraordinary remedy that has never been allowed as part of civil discovery.  Allowing plaintiff's counsel and their experts to directly access OR-Kids could cause State Defendants to violate federal rules that govern access to protected data provided by the Federal Bureau of Investigation ("FBI").

Furthermore, direct access to OR-Kids is unnecessary because State Defendants can produce the information plaintiff seeks.  Plaintiff wishes to receive information about when case notes in the OR-Kids database were created and revised.  State Defendants can and will create a custom database report that provides this information.  Contrary to plaintiff's contention at the July 5, 2023, hearing, no "drop-down menu" exists which provides this information.

Accordingly, the Court should reconsider its order and allow State Defendants to produce responsive information rather than allow plaintiff's counsel and their experts access to inspect OR-Kids.

II.    **LEGAL STANDARD**

The Court possesses "the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."  *Yates v. United States Env't Prot. Agency*, No. 6:17-cv-01819-AA, 2020 WL 2311550, at *1 (D. Or. May 8, 2020) (quoting *City of Los Angeles, Harbor Div.*, 254 F.3d at 885).  A motion for reconsideration should be granted when doing so is necessary to "correct a clear error or prevent manifest injustice."  *See Pyramid*

**Page 3    STATE DEFENDANTS' MOTION FOR RECONSIDERATION**

*Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quotation marks

and citations omitted); *see also Davis*, 2015 WL 4199965 at *1 ("Reconsideration may be

appropriate where . . . it is necessary to correct clear error or prevent manifest injustice.").

### III.    ARGUMENT

**A.    Allowing plaintiff direct access to OR-Kids would cause ODHS to violate federal and state rules and policies governing the protected information accessible through OR-Kids.**

OR-Kids is subject to the highest information security standards governing information

maintained by Oregon state agencies.  It contains multiple types of sensitive, regulated

information about children, parents, other family members, and providers, including personally

identifiable information, protected health information, federal tax information, Social Security

Administration information, and Criminal Justice Information ("CJI").  (Decl. of Michael Payne

in Supp. of State Defs.' Mot. for Recons. ¶ 6.)  Because of its sensitivity, OR-Kids is a

"Level 4 – Critical" information asset pursuant to the information governance policies covering

all State agencies.  (*Id*. ¶ 8.)  Oregon's Information Asset Classification Policy[2] defines

"Level 4 – Critical" information assets as:

> Information that is deemed extremely sensitive and is intended for
> use by named individual(s) only.  This information is typically
> exempt from public disclosure because, among other reasons, such
> disclosure would potentially cause major damage or injury up to
> and including death to the named individual(s), agency employees,
> clients, partners, or cause major harm to the agency.

---

[2] Oregon DAS Policy 107-004-050.

**Page 4    STATE DEFENDANTS' MOTION FOR RECONSIDERATION**

The category of information that led to OR-Kids' "Level 4 – Critical" designation is CJI,[3] data provided by the FBI's Criminal Justice Information Services ("CJIS") and the Oregon Law Enforcement Data System ("LEDS"). (*Id*. ¶¶ 7-9.)

As a CJIS data system, OR-Kids must comply with all CJIS physical, data, and personnel security requirements. (Decl. of Frank Miles in Supp. of State Defs.' Mot. for Recons. ¶ 5.) ODHS' Access Control Policy provides that CJI "shall only be accessed or used by ODHS [ ] staff including contractors and partners in accordance with the Federal Bureau of Investigation (FBI) Criminal Justice Information Services (CJIS) Security Policy and OAR 407-007-0020(1)."[4]

The FBI CJIS Security Policy requires "state of residency and national fingerprint-based record checks . . . for all personnel who have unescorted access to unencrypted CJI."[5] OAR 407-007-0020(1)(d) also requires that a job applicant with ODHS complete criminal records checks if the person's "position requires use or access to CJI[.]" In order for OR-Kids to be certified to contain LEDS information, ODHS must comply with Oregon's regulations governing LEDS, including a background check prior to granting access. OAR 257-015-0050(6). Plaintiff's counsel and their experts are not permitted to access OR-Kids because they do not meet the CJIS

---

[3] "[A]ll of the Federal Bureau of Investigation (FBI) Criminal Justice Information Systems (CJIS) provided data necessary for law enforcement and civil agencies to perform their missions including but not limited to biometric, identity history, biographic, property, and case/incident history data." OAR 407-007-0010(14); FBI CJIS Security § 4.1. "CJI also includes data stored in the Oregon Law Enforcement Data System (LEDS), the National Criminal Information Center (NCIC), and other criminal justice information systems files. OAR 407-007-0010(14).

[4] ODHS and OHA Policy 090-003 at 2-3.

[5] FBI CJIS Security Policy § 5.12.1.

**Page 5      STATE DEFENDANTS' MOTION FOR RECONSIDERATION**

and LEDS clearance requirements without having gone through the required criminal background checks.

Even if plaintiff's counsel and their experts could apply for a background check, they would not have an authorized purpose to access OR-Kids.  The FBI requires an authorized recipient of CJI, such as ODHS, to "limit the use of [criminal history record information, a subset of CJI,] to the purposes for which it is provided" and "prohibit dissemination of the information except as specifically authorized by federal and state laws, regulations, and standards as well as with rules, procedures, and standards established by the Compact Council and the United States Attorney General[.]"[6]  OAR 257-015-0080(5) also requires that for a non-criminal justice agency with access to LEDS, such has ODHS, the use of LEDS "will be for the specific non-criminal justice purpose(s) for which the agency is authorized access to the information or capabilities available via LEDS[.]"  Discovery in civil lawsuits is not one of the authorized purposes for dissemination of CJI.

Case files in OR-Kids also often contain information that would reveal the identity of a confidential reporter of suspected child abuse.  (Payne Decl. ¶¶ 6, 17.)  OAR 407-047-0500 provides that "[t]he identity of the person reporting abuse may not be disclosed."

Direct access to OR-Kids, even for authorized employees and contractors, is tightly controlled in order to comply with the foregoing regulations and security standards.  OR-Kids system administrators set security permissions according to the user's job duties.  (*Id*. ¶ 12.)

---

[6] National Crime Prevention and Privacy Compact Council Security and Management Control Outsourcing Standard for Non-Channelers § 2.03, https://www.fbi.gov/file-repository/compact-council-security-and-management-control-outsourcing-standard-for-non-channelers.pdf/view (last visited July 24, 2023); *see also* FBI CJIS Security Policy § 5.1.1.8 ("All contractors accessing CJI shall be subject to the terms and conditions described in the Compact Council Outsourcing Standard for Non-Channelers.").

**Page 6    STATE DEFENDANTS' MOTION FOR RECONSIDERATION**

The OR-Kids Access team configures privacy and security settings, including user permissions, so that ODHS can comply with state and federal laws governing the types of information accessible through OR-Kids. (*Id.* ¶ 11.) Requiring ODHS to provide direct access to OR-Kids to plaintiff's counsel and their expert would cause ODHS to violate state and federal regulations and could endanger ODHS's access to the FBI CJIS information,[7] (Miles Decl. ¶ 9), which is critical to the administration of ODHS Child Welfare's duties.[8]

**B.    State Defendants can provide the information plaintiff seeks in reports generated from OR-Kids without violating data access restrictions.**

Plaintiff served the following requests for production ("RFPs") to State Defendants.

> REQUEST FOR PRODUCTION NO. 28: The complete and unredacted OR-Kids provider file of Duncan/Raygosa, including all electronically stored information in drop-downs, screens and tables, and all provider notes with indicia of the time/date of creation.

> REQUEST FOR PRODUCTION NO. 45: The complete and unredacted OR-Kids files relating to J.C. and Z.C., including all electronically stored information in drop-downs, screens and tables, and all case notes with indicia of the time/date of creation.

---

[7] *See* 28 CFR 20.38 ("Access to systems managed or maintained by the FBI is subject to cancellation in regard to any agency or entity that fails to comply with" 28 CFR 20.30 through 28 CFR 20.38); 28 CFR 20.33(a)(7) ("The agreement [for access of FBI CJIS information] must . . . limit the use of the information to the purposes for which it is provided. . . ."); OAR 257-015-0090(3) ("The authorization of any agency to access the LEDS network or associated systems or to retain access is subject to revocation or cancellation by LEDS on the following grounds. . . (3) Accessing, retrieving or using information from or through the LEDS system for non-official or unauthorized purposes.").

[8] Case files in OR-Kids often contain attorney-client privileged or work product information. Examples of such protected information include copies of notes and advice from ODHS counsel at the Oregon Department of Justice regarding the child's juvenile dependency case and court hearings, notes or copies of advice from the Oregon Department of Justice concerning provider certification, copies of drafts from ODHS's counsel, and summaries of advice. State Defendants are reviewing the case notes files in this case to determine if they contain attorney-client privilege information. Additionally, parts of the database may reflect activities of the DHS Legal Unit, which are work product generated in anticipation of litigation. It is unlikely that attorney-client and work product information could be screened in real time during an onsite review of the database.

**Page 7    STATE DEFENDANTS' MOTION FOR RECONSIDERATION**

> REQUEST FOR PRODUCTION NO. 56: Plaintiff seeks a mutually convenient time/date to inspect the following documents referenced above: (i) the original certification file; (ii) the pre-adoption file and/or adoption file; and (iii) the OR-Kids electronic file.

In their letter to the Court dated June 14, 2023, plaintiff's counsel represented that they seek "OR-Kids Metadata" in response to RFP Nos. 28 and 45 because case notes "give no indication of their creation date" when printed for discovery.  (Pl.'s June 14, 2023 Letter, attached as Ex. 1 to Decl. of Lauren Blaesing in Supp. of State Defs.' Mot. for Recons., at 4.) Plaintiff's counsel further asserted that "a simple drop-down menu of these notes indicates the relevant creation date" and that State Defendants "refused to produce this menu."  (*Id.* at 4-5.) During the telephonic hearing with the Court on July 5, 2023, plaintiff's counsel responded "yes" when the Court asked: "And are you saying that you would be able to evaluate the metadata to determine if any notes have been changed, updated, revised after the fact, after the initial notes[?]"  (July 5, 2023 Hearing Tr., attached as Ex. 2 to Blaesing Decl., at 33:13-16.)  Plaintiff's counsel added that "it's just simply a drop-down menu that has case notes, and when you click on it, it says when it was supposed to have occurred and when it was created."  (*Id*. at 33:20-22.) The sole basis for allowing plaintiff's counsel and expert to inspect OR-Kids was "the metadata to determine if any notes have been changed, updated, revised after the fact," and this information can be provided to plaintiff without direct access to the database.

OR-Kids does not contain a drop-down menu that reveals the metadata for case notes. (Payne Decl. ¶ 21.)  Rather, the information concerning "when [a case note] was supposed to have occurred and when it was created" can be produced through system-generated, or if necessary, customized reports.  (*Id.* ¶¶ 18-19.)

Federal Rule of Civil Procedure 34(b)(2)(E)(ii) allows State Defendants to produce documents "in a form or forms in which it is ordinarily maintained or in a reasonably usable

form or forms" if a request does not specify a form for producing ESI. State Defendants can generate, and have previously provided to plaintiff's counsel in other matters, customized reports that provide the exact information that plaintiff's counsel seeks in their discovery requests. *J.M. v. Major*, No. 6:18-cv-00739-YY, Dkt. No. 182, at 7-8 (D. Or. Sept. 23, 2021) (discussion of data reports ODHS produced to plaintiffs represented by same counsel to "sufficiently explain[] whether or not the OR-Kids entries regarding plaintiffs have been altered"); (Payne Decl. ¶¶ 18-20). Thus, allowing plaintiff's counsel direct access to OR-Kids will not provide them with the case notes metadata they seek; but State Defendants can and will provide that information in the form of database reports.

**C.      Case law provides that direct access to a party's electronic information system is a drastic measure reserved only in extraordinary circumstances that are not present here.**

Allowing direct access to a party's devices or information systems "is not appropriate in all cases, and courts must consider the significant interests implicated [ ] before ordering such procedures." *Juul Labs, Inc. v. Chou*, No. 2:21-cv-03056-DSF-PDx, 2022 WL 2161062, at *2 (C.D. Cal. Apr. 19, 2022) (quoting *John B. v. Goetz*, 531 F.3d 448, 460 (6th Cir. 2008)). Inspection of OR-Kids by plaintiff's counsel raises multiple security concerns and other risks, and a far less burdensome alternative is available to give plaintiff the information to which the Federal Rules entitle plaintiff in discovery. Allowing inspection of OR-Kids would be unprecedented—no court, state or federal, has ever allowed a litigant to access OR-Kids. (Decl. of Caroline Burnell in Supp. of State Defs.' Mot. for Recons. ¶ 6.) Case law on this point is clear that the type of access plaintiff seeks is extraordinary and not justified here.

While Federal Rule of Civil Procedure 34(a)(1)(A) permits a party to request inspection of relevant electronically stored information that is "stored in any medium from which information can be obtained," the advisory committee's notes on the 2006 amendments to

Rule 34 provides that the rule is "not meant to create a routine right of direct access to a party's electronic information system, although such access might be justified in some circumstances." FRCP 34 (advisory committee note to the 2006 amendments). The advisory committee warns courts to "guard against undue intrusiveness" when allowing such access. *Id.* "In other words, Rule 34(a) does not give the requesting party the right to conduct the actual search." *Moser v. Health Ins. Innovations, Inc.*, Case No. 17cv1127-WQH(KSC), 2018 WL 6735710, at *5 (S.D. Cal. Dec. 21, 2018) (citing *In re Ford Motor Co.*, 345 F.3d 1315, 1317 (11th Cir. 2003)). "Like the other discovery rules, Rule 34(a) allows the responding party to search his records to produce the required, relevant data." *Moser*, 2018 WL 6735710, at *5 (citations omitted).

Consistent with the advisory committee's guidance, courts in the Ninth Circuit generally prohibit direct access to a party's electronic information system. *See*, *e.g.*, *California Expanded Metal Prod. Co. v. Klein*, No. 18-cv-00659-JLR, 2021 WL 1390356, at *3 (W.D. Wash. Mar. 31, 2021), *report and recommendation adopted*, No. C18-0659JLR, 2021 WL 1516149 (W.D. Wash. Apr. 16, 2021) (denying the plaintiffs' motion to image the defendants' servers after finding that the plaintiffs provided no evidence that the defendants have knowingly destroyed or suppressed evidence); *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 329 F.R.D. 656, 670 (D. Or. 2019) (denying the defendant's request for a forensic image of the plaintiffs' personal electronic devices after finding that the request is not proportional to the needs of the case); *Moser*, 2018 WL 6735710, at *6 (denying the defendant's request for direct access to the plaintiff's electronic devices after noting that such access is "the exception rather than the rule, and [the defendant] has not presented any facts that would justify an order permitting full and direct access to the plaintiff's electronic devices"); *Lincoln Benefit Life Co. v. Fundament,* No. SACV 18-000260-DOC (JDEx), 2018 WL 6133672, at *3 (C.D. Cal. Nov. 7, 2018)

**Page 10    STATE DEFENDANTS' MOTION FOR RECONSIDERATION**

(denying the plaintiff life insurance company's request for direct access to electronic devices of the defendant's deceased husband after finding that there are other reasonable and adequate ways for the plaintiff to obtain the requested information).

State Defendants request the opportunity to provide discovery through reasonable and adequate means, in the form of custom database reports containing the metadata information plaintiff seeks, rather than allow plaintiff's counsel and their experts direct access to State Defendants' electronic database.

## CONCLUSION

For the reasons set forth above, State Defendants respectfully request that the Court reconsider its order allowing plaintiff's counsel and their experts to have direct access to the OR-Kids database.  Instead, State Defendants request that the Court allow State Defendants to produce documents responsive to plaintiff's requests.

DATED: July 26, 2023.        MARKOWITZ HERBOLD PC


s/ Alexandra L. Rhee
Lauren F. Blaesing, OSB #113305
LaurenBlaesing@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Alexandra L. Rhee, OSB #230770
AlexRhee@MarkowitzHerbold.com
*Special Assistant Attorneys General for State Defendants and Third-Party Plaintiff*

Jill Schneider, OSB #001619
Jill.Schneider@doj.state.or.us
Nicholas Mancuso, OSB #151262
Nicholas.Mancuso@doj.state.or.us
*Of Attorneys for State Defendants and Third-Party Plaintiff*

**Page 11    STATE DEFENDANTS' MOTION FOR RECONSIDERATION**