**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Alexandra L. Rhee, OSB #230770**
AlexRhee@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085
*Special Assistant Attorneys General for State Defendants*
*and Third-Party Plaintiff*
*Additional Counsel of Record Listed on Signature Page*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI, | Case No. 6:22-cv-01813-MK |
| Plaintiff, | **STATE DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION** |
| v. | |
| KIM CHAPMAN, in her individual capacity; ANASTASIA TIBBETTS, in her individual capacity; KASSIDY O'BRIEN, in her individual capacity; ERIN LANE, in her individual capacity; THE OREGON DEPARTMENT OF HUMAN SERVICES, a government agency; and JANE and JOHN DOES 1-5; in their individual and/or official capacities, | |
| Defendants. | |
| OREGON DEPARTMENT OF HUMAN SERVICES, | |
| Third-Party Plaintiff, | |
| v. | |
| JOE ALBERT RAYGOSA, | |
| Third-Party Defendant. | |

**Page 1 –    STATE DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**

**INTRODUCTION**

Plaintiff's stated reason for seeking direct access to OR-Kids is to view the creation, access, and revision history, if any, of case notes. Plaintiff cannot obtain this information through a direct inspection of OR-Kids. Moreover, plaintiff has failed to identify *any* information that plaintiff cannot obtain from State Defendants in discovery through less intrusive means than direct access to the Oregon Department of Health Services' (ODHS) core operational database application, OR-Kids.

The Court should grant State Defendants' Motion for Reconsideration for four reasons. First, directly accessing the OR-Kids' application will not provide plaintiff with case notes access and revision history information. Plaintiff does not dispute this. State Defendants are preparing a report that will provide this information. Second, plaintiff can obtain information about the operation of OR-Kids from screen shots and deposition testimony. Indeed, plaintiff's counsel's own declaration demonstrates that counsel has deposed ODHS staff in other cases for just that purpose. Third, OR-Kids is a "Level 4 – Critical" information asset subject to strict access controls, separate from the substance of the information itself. Allowing plaintiff's counsel direct access would be an extraordinary remedy that has never before been permitted. Fourth, federal rules and applicable case law provide that a Court should only permit direct access to another party's information technology systems in extraordinary circumstances, which are not present here.

State Defendants respectfully request that the Court grant their Motion for Reconsideration.

**Page 2 –    STATE DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**

**ARGUMENT**

**I.     The Court should reconsider its prior order under Rules 54 and 60, and its inherent authority because the prior order was based on an incorrect factual premise.**

The Court should reconsider its prior order permitting plaintiff's counsel direct access to OR-Kids under Federal Rules of Civil Procedure 54 and 60, and the Court's inherent authority. The Court's prior order is incorrect because it is based on a factually incorrect premise: that plaintiff can only obtain information about the revision history of case notes by viewing "drop-down menus." But, as explained in the Motion for Reconsideration, and in additional detail below, this description of OR-Kids' functionality and content is wrong. There is no drop-down menu that contains revision history for case notes. (Decl. of Michael Payne in Supp. of State Defs.' Mot. for Recons. ("Payne Decl.") ¶ 21 (Dkt. No. 63).) Case note access history metadata is not available or visible to OR-Kids end users and, consequently, direct inspection will not reveal the requested information. (*Id.* ¶ 18.) As the Court's order derived from an incorrect premise, the Court should reconsider its order.

Plaintiff's response incorrectly focuses exclusively on the legal standard relating to rulings on substantive motions under Rules 54 and 60 of the Federal Rules of Civil Procedure. (Pl.'s Resp. to Mot. for Recons. at 6-8.) But this Court has the "inherent procedural power to reconsider, rescind, or modify interlocutory orders for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (citations and quotation marks omitted). As noted by the Ninth Circuit, this Court's "power to rescind, reconsider, or modify an interlocutory order is derived from the common law, not from the Federal Rules of Civil Procedure." *Id.* at 886. Pursuant to its inherent authority, this Court may reconsider its own ruling prior to final judgment. *See Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996) (citations and quotation marks omitted) ("We begin by acknowledging that

**Page 3 –     STATE DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**

the interlocutory orders and rulings made pre-trial by a district judge are subject to modification

by the district judge at any time prior to final judgment [].").

**II.     Plaintiff fails to identify any information it cannot obtain in discovery through ordinary, less intrusive means.**

      **1.   Direct access to OR-Kids will not reveal the case notes history plaintiff seeks.**

A direct inspection of OR-Kids will not reveal the information or metadata plaintiff

seeks, and which ODHS is already preparing to produce.  During the July 5 hearing, plaintiff's

counsel explained that she is seeking to inspect OR-Kids in order to review "drop down" menus

that counsel asserted contained metadata information about the OR-Kids notes fields:

> MS. SKJELSET: So, Your Honor, most of the information
> regarding child welfare activity is stored in what's called OR-Kids.
> * * * Those files include notations that are placed in the database,
> such as case notes in the child's file.  These case notes are meant to
> memorialize * * * case activities * * *.
>
>      What is interesting about what is produced in discovery in
> these files is that it has a date of occurrence and the time.  And the
> caseworker is able to put that in manually. It doesn't automatically
> populate * * * when the note is being made.  So these notes can be
> made well into the future and can be retroactive as well to the past.
>
> THE COURT: And are you saying that you would be able to
> evaluate the metadata to determine if any notes have been changed,
> updated, revised after the fact, after the initial notes –
>
> MS. SKJELSET: So there's -- yes. * * * [W]e believe * * * that
> <u>there is a drop-down, it's just simply a drop-down menu that has
> case notes, and when you click on it, it says when it was supposed
> to have occurred and when it was created</u>.  * * *
>
> [ * * * ]
>
> MS. SKJELSET: So, Your Honor, they typically produce [to] us
> the OR-Kids provider file in discovery; <u>they just don't drop down
> that portion of the case notes or provider notes so that we
> can see when it occurred and when it did not</u>.  * * *

**Page 4 –     STATE DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR
RECONSIDERATION**

THE COURT: And does this also dovetail, then, with your -- the following request there with respect to the provider file inspection?

MS. SKJELSET: Yes, Your Honor, it does.

THE COURT: Okay. So there -- both of these are related?

MS. SKJELSET: Yes.

(7/5/2023 Hearing Tr. at 32:17-34:24, Decl. of Alexandra L. Rhee in Supp. of Reply Ex. 1 (emphasis added).)  But as explained in State Defendants' Motion for Reconsideration, there is no such "drop-down menu" that reveals the information plaintiff seeks.  (Payne Decl. ¶ 21.)

In fact, case notes access information is not available or visible to OR-Kids end users through a drop-down menu or otherwise; direct inspection of OR-Kids by plaintiff's counsel will not reveal the information they seek.  (*Id.* ¶ 18.)  The only way for plaintiff to obtain the access and revision history for case notes is through a custom data report.  (*Id.* ¶¶ 19-20.)  ODHS is preparing this report for plaintiff.

Counsel for plaintiff received access audits and customized reports of OR-Kids case notes data in another case.  (Decl. of Mary Skjelset in Supp. of Pl.'s Resp. to Mot. for Recons. ("Skjelset Decl.") ¶¶ 5-6 (Dkt. No. 70).)  Plaintiff does not dispute that ODHS can produce (and has previously produced) records that include when each note "was edited, updated, revised or viewed."  (*Id.* at ¶ 6.)  As Ms. Skjelset states, the access history report is a separate report from the notes themselves.[1]  (*Id.*)  There is not an available report that links the notes to the access history.  Nonetheless, the access history report provides the information plaintiff seeks and a direct inspection of the OR-Kids database will not.

---

[1]  Ms. Skjelset also asserts that plaintiffs in the *J.M.* matter collated data into their own table and notes that "DOJ defense counsel would not stipulate to its accuracy."  (Skjelset Decl. ¶ 6.)  DOJ cannot stipulate to the accuracy of a table that is not a DHS record, but is instead compiled by plaintiff's counsel.

**Page 5 –     STATE DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR
          RECONSIDERATION**

### 2. Plaintiff's curiosity about the operation of the OR-Kids database in "real time" is not a sufficient basis for a direct inspection.

In their response brief, plaintiff advances a new, alternative basis for requesting a direct inspection of OR-Kids: Counsel wishes to "observe the user interface in real time." (Pl.'s Resp. to Mot. for Recons. at 16.)  Even assuming OR-Kids user interface is relevant to plaintiff's claims, observing OR-Kids directly will not provide any information that plaintiff cannot obtain from documents and depositions.

Plaintiff admits that ODHS can provide screenshots of OR-Kids.  (*Id.*)  And plaintiff can supplement those screenshots with deposition testimony.  For example, Ms. Skjelset includes a deposition excerpt with her declaration in which a deponent explains how OR-Kids records case note information.[2]  (2/10/2021 Stenerson Dep. in *J.M. v. Major*, No. 6:18-cv-00739-YY, at 106:10-25, Skjelset Decl. Ex. 2.)  Plaintiff can also ask a deponent about the "processes for scanning or uploading documents to OR-Kids, and how documents and information are, in the ordinary course, kept and maintained in the OR-Kids File Cabinet."  (Skjelset Decl. ¶ 9.)  Plaintiff does not identify any information relevant to the claims that cannot be obtained through less intrusive means.

Plaintiff's counsel may wrongly claim that they still need an inspection to check or verify ODHS's document discovery or deposition testimony.  "Discovery on discovery" is inappropriate at this stage.  "When the discovery sought is collateral to the relevant issues (*i.e.*, discovery on discovery), the party seeking the discovery must provide an adequate factual basis to justify the discovery, and the Court must closely scrutinize the request in light of the danger of

---

[2] Plaintiff contends that this excerpt shows a divergence between the screenshots and the deposition testimony, but in fact it illustrates how deposition testimony can provide the information plaintiff seeks.  The deponent explained how OR-Kids records information. (Skjelset Decl. Ex. 2 at 107:1-109:20.)

**Page 6 –     STATE DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**

extending the already costly and time-consuming discovery process ad infinitum." *Cahill v. Nike, Inc.*, No. 3:18-CV-1477-JR, 2020 WL 4584241, at *4 (D. Or. Aug. 10, 2020) (citations omitted).  A possibility of future imprecise testimony during deposition is not an adequate factual basis for the requested discovery, and plaintiff's speculation alone does not justify discovery of otherwise irrelevant information.  *See Shinedling v. Sunbeam Prod. Inc.,* No. EDCV-12438-CJC(SPx), 2013 WL 12142945, at *1 (C.D. Cal. July 26, 2013) (citations omitted) ("Requested discovery is not relevant to the subject matter involved in a pending action if the inquiry is only based on the requesting party's mere suspicion or speculation.")  Because plaintiff fails to articulate an adequate factual basis for discovery of OR-Kids' user interface, the Court should deny the request to inspect the database for this purpose.

> **3.  State Defendants are producing all non-privileged information responsive to plaintiff's RFPs.**

In her Request for Production No. 56, plaintiff seeks to inspect "(i) the original certification file; (ii) the pre-adoption file and/or adoption file; and (iii) the OR-Kids electronic file."  Defendants will produce all non-privileged portions of these files, including their electronic portions imaged from OR-Kids.  Defendant will also generate and produce custom data reports that show the access history of every single case note in the relevant files.  The timing and specific history of the case note documentation, including when ODHS workers documented their work is what plaintiff pointed to as the basis for her request for inspection of OR-Kids.  (Mot. for Recons. at 8.)  All information plaintiff seeks is available through document production or depositions.

**III.    Access to OR-Kids is governed by strict federal and state rules and policies.**

State Defendants are not challenging plaintiff's right to discover any substantive category of non-privileged information, including CJI.  State Defendants intend to provide access to the

**Page 7 –    STATE DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**

physical files that contain CJI and produce non-privileged information in OR-Kids for plaintiff's family and the certification of the Duncan-Reygosa home, including CJI. The issue is that the *information system* itself is specifically regulated separately from the discoverability of the substantive content.

OR-Kids is a "Level 4 – Critical" information asset pursuant to the information governance policies covering all State agencies. (Payne Decl. ¶¶ 8-9.) OR-Kids must comply with all CJIS and LEDS physical, data, and personnel requirements. (Decl. of Frank Miles in Supp. of State Defs.'s Mot. for Recons. ("Miles Decl.") ¶ 5 (Dkt. No. 62).) State and federal rules and policy evince the strict protections over the OR-Kids system. For example, OAR 407-007-0020(1)(d) requires that a job applicant with ODHS complete criminal records checks if the person's "position requires use or access to CJI[.]" OAR 407-007-0020(1)(d). Furthermore, because OR-Kids contains federal tax information (Payne Decl. ¶ 6) in addition to CJI, an ODHS and Oregon Health Authority Shared Services policy also requires background checks: if an individual "would have access to or use federal tax information (FTI), a fingerprint-based criminal records check in addition to the Oregon criminal history check and abuse check are required." (ODHS and OHA-Policy 060-010 at 3, Decl. of Steve Rizzo in Supp. of Pl.'s Mot. for Recons. Ex. 10 (Dkt. No. 69).)

Plaintiff's reliance on ORS 181A.220(A) and 20 CFR § 20.21 to gain access to OR-Kids is misplaced. ORS 181A.220(A) provides that "records and reports complied under [specific provisions of Oregon Revised Statutes] are confidential and exempt from public inspection except [] [a]s ordered by a court." ORS 181A.220 governs confidentiality of criminal records,

**Page 8 –     STATE DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**

*not* access to the information *system* containing those records.[3]  Plaintiff also misconstrues 20 CFR § 20.21.  That rule provides that even if a state allows dissemination of criminal history record information through a court order, "access to criminal history record information system facilities, system operation environments, data file contents [], and system documentation" must be "restricted to authorized organizations and personnel."  20 CFR § 20.21(f)(2).

Contrary to plaintiff's assertions, State Defendants are producing the relevant files (subject to privilege review), including any CJI in the files.  State Defendants are not "challenging Plaintiff's ability to inspect those files" (Pl.'s Resp. to Mot. for Recons. at 15.)— State Defendants challenge only plaintiff's right to directly access the database that stores those files.

**IV.     Plaintiff has failed to demonstrate a need for the extraordinary step of direct access to another party's sensitive operational information environment.**

Federal Rule of Civil Procedure 34(a)(1)(A) is "not meant to create a routine right of direct access to a party's electronic information system, although such access might be justified in some circumstances."  FRCP 34 (advisory committee note to the 2006 amendments).  While Rule 34 generally allows for a party to request inspection of relevant electronically stored information, "a court reviewing a motion to compel the inspection of the non-moving party's devices should ensure that the request is proportional to the needs of the case pursuant to the factors contained in Rule 26."  *Juul Labs, Inc. v. Chou*, No. 221-CV-03056 DSF-PDx, 2022 WL 2161062, at *2 (C.D. Cal. Apr. 19, 2022) (citations omitted).  Plaintiff has not demonstrated that

---

[3]  Furthermore, contrary to plaintiff's implication, State Defendants do not challenge the authority of this Court to issue its order allowing plaintiff's counsel to access OR-Kids.  Rather, the extensive state and federal rules and policies governing access to OR-Kids demonstrate that allowing counsel for plaintiff access to OR-Kids would be an extraordinary remedy.  Indeed, "ODHS has never been compelled to allow inspection of OR-Kids as part of civil discovery." (Decl. of Caroline Burnell ¶ 6 (Dkt. No. 64).)

**Page 9 –     STATE DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**

special circumstances are present here sufficient to justify the unusual direct inspection they seek.

Plaintiff responds to these authorities by arguing that they concern "forensic inspections" and are not relevant here because plaintiff has not requested a forensic inspection. (Pl.'s Resp. to Mot. for Recons. at 17.) But that is just what plaintiff seeks. Plaintiff first contended that counsel needed direct access to OR-Kids to inspect metadata, which is an aspect of a forensic inspection. And plaintiff now contends counsel needs direct access to OR-Kids to understand "how the individually named defendant workers accessed the two files at issue; the processes for expanding, inputting, populating and storing information in each portion of those files; and to what extent data are automatically populated or otherwise input manually." (Skjelset Decl. ¶ 8.) Plaintiff provides no explanation why this kind of direct examination of an opposing party's computer system is either not itself a "forensic inspection" or is meaningfully different. In both instances, a court allows direct access to the underlying data and systems that a party uses to record and store information.

"A forensic examination of an opposing party's computer is considered an extraordinary remedy." *MGA Ent., Inc. v. Nat'l Prod. Ltd.*, No. CV-10-07083 JAK (SSx), 2012 WL 12886446, at *2 n. 2 (C.D. Cal. Jan. 26, 2012). Plaintiff respectfully requests that the Court reconsider its order allowing plaintiff's counsel an extraordinary remedy in the absence of plaintiff identifying any information it cannot obtain through ordinary channels of discovery.

## V.    State Defendants' declarants are not biased or misleading.

Plaintiff dedicates a substantial portion of the response to impugning the credibility of State Defendants' declarants. ODHS employees are not "biased" simply for disagreeing with plaintiff's position or interpretation of information, particularly where ODHS employees' job

Page 10 –    STATE DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR
            RECONSIDERATION

functions call for them to have detailed practical information of the systems in question, which plaintiff does not.

Plaintiff contends that Frank Miles "holds back important information from the Court. For example, ODHS is not defined as a 'criminal justice agency.'" (Pl.'s Resp. to Mot. for Recons. at 9.) There is no foundation for plaintiff's implication that Mr. Miles is intentionally misleading the Court. Mr. Miles never implied that ODHS is a criminal justice agency. Indeed, he is clear that OR-Kids has only "indirect access" to CJI. (Miles Decl. ¶ 5.) Plaintiff also contends that Michael Payne is a "biased witness." (Pl.'s Resp. to Mot. for Recons. at 12.) But Mr. Payne is not "biased" simply because he disagrees with plaintiff's position or interpretation of information. That is the nature of litigation. Disagreement does not mean declarants are unreliable, much less intentionally deceptive.

## CONCLUSION

For the reasons set forth above, State Defendants respectfully request that the Court grant the Motion for Reconsideration.

DATED: August 18, 2023.    MARKOWITZ HERBOLD PC


*s/ Alexandra L. Rhee*

Lauren F. Blaesing, OSB #113305
LaurenBlaesing@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Alexandra L. Rhee, OSB #230770
AlexRhee@MarkowitzHerbold.com
*Special Assistant Attorneys General for State*
*Defendants and Third-Party Plaintiff*

Jill Schneider, OSB #001619
Jill.Schneider@doj.state.or.us
Nicholas Mancuso, OSB #151262
Nicholas.Mancuso@doj.state.or.us
*Of Attorneys for State Defendants and Third-Party*
*Plaintiff*

2030403

**Page 12 –    STATE DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR
RECONSIDERATION**