Mr. Steven Rizzo, OSB # 840853
Ms. Mary D. Skjelset, OSB # 075840
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Ste. 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630
srizzo@rizzopc.com
mskjelset@rizzopc.com

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI, <br><br>      Plaintiff, <br><br> v. <br><br> KIM CHAPMAN, et al, <br><br>      Defendants. | CASE NO. 6:22-cv-01813-MK <br><br><br> MOTION TO ENTER AMENDED PROTECTIVE ORDER <br><br> *Oral argument requested* |
| OREGON DEPARTMENT OF HUMAN SERVICES, <br><br>      Third Party Plaintiff, <br><br> v. <br><br> JOE ALBERT RAYGOSA, <br><br>      Third Party Defendant. | |

1 - MOTION TO ENTER AMENDED PROTECTIVE ORDER

## INTRODUCTION

Plaintiff moves the Court to enter the Amended Protective Order attached to the Declaration of Steven Rizzo ("Decl.") as Exhibit 1. To facilitate review, strikethroughs represent the parties' disagreement, and language appearing in red represents Plaintiff's proposed language.

## LR 7-1

The parties conferred in good faith but could not mutually agree on the terms of amended protective order.

## PLAINTIFF'S POSITION

**Paragraph 1.a. and 1.b.** To briefly recap, Plaintiff alleges that under the Adoption Assistance and Child Welfare Act of 1980, the State of Oregon receives federal reimbursement for "foster care maintenance payments" in consideration of an approved plan. (ECF 1 at ¶ 14). Under the plan, DHS is "responsible to establish and maintain standards for foster family homes, including safety and protection of civil rights." (*Id*. at ¶ 15). DHS promulgated standards to certify individual "to operate a foster home" and knew that heightened scrutiny of "foster care applicants and providers" was necessary. (*Id*. ¶ 16, ¶ 18). Plaintiff also alleges both that DHS recruited Duncan/Raygosa to serve as "certified foster care providers" and certified them "to operate a foster home." (*Id*. at ¶ 24, ¶ 33). Further, Plaintiff alleges that J.C. was placed into the Duncan/Raygosa foster home in July 2016. During the September 8, 2023 discovery conference, defense counsel also recognized Duncan/Raygosa as "foster parents." (Decl., Ex. 2, Tr: 103 16-18).

Defendants, however, insist that paragraphs 1.a. and 1.b of an amended protective order should refer to a "Duncan/Raygosa resource home" instead of the Duncan/Raygosa foster home. (*Id..*, Ex 3, at 2-3). Defendants insist on the word "resource" to align with DHS's updated

2 - MOTION TO ENTER AMENDED PROTECTIVE ORDER

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

terminology.[1] (Decl., Ex. 3). However, DHS's concern for self-image should not displace Plaintiff's allegations in this civil rights action.

**Paragraph 2 re Highly Confidential Documents.** During the hearing, the Court ruled that Plaintiff's counsel may show Confidential documents to Plaintiff Levi, and that counsel may discuss such documents with J.C. as "appropriate . . . to be able to explore with [J.C.] what happened." (Decl., Ex. 2, Tr: 90 4-12). The Court also ruled that, in connection with Plaintiff's proposed compromise, DHS will produce case notes for the other children in the home beginning from the time of placement and including the date six months after each child left the Duncan/Raygosa foster home.  (*Id.,* Ex. 2, Tr: 63 11-25; 64: 18-25; 65 1-12). The Court noted that such documents will be labeled as Highly Confidential (in place of AEO) and that Plaintiff's counsel may not show such documents to dependency counsel. However, the Court ruled that Plaintiff may inquire whether counsel was aware of abuse occurring in that home (in the form the "double-blind" inquiry) and then return to the Court if disputes arise concerning the use of the documents during deposition. (*Id.,* Ex. 2, Tr: 13-25).

However, defendants claim that the Court precluded Plaintiff's counsel from showing Confidential documents to witnesses and third parties, including dependency counsel. Plaintiff disagrees. Plaintiff believes that the Court's ruling focused on Plaintiff counsel's use of Highly Confidential documents – not on the use of J.C.'s Confidential documents. For example, the Court ruled that Plaintiff's counsel can show Highly Confidential documents to Plaintiff Levi, and that counsel may discuss those documents with J.C. as "appropriate . . . to be able to explore with [J.C.] what happened." (*Id.,* Ex. 2, Tr: 87 14-16; 90 4-12).

---

[1] *See e.g., https://oregon.public.law/rules/oar_413-200-0270.*

3 - MOTION TO ENTER AMENDED PROTECTIVE ORDER

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

The Court did not rule that Plaintiff cannot show J.C.'s Confidential documents to witnesses and third parties. Such a restriction would preclude plaintiff from showing her own medical records to persons necessary to advance her interests in litigation or to treat her needs. The Court could not have intended this unjust result in its efforts to honor the defendants' purported concerns about the privacy of other children. Given the passage of time alone, it may be necessary for Plaintiff's counsel to show such documents to witnesses and third parties to refresh recollection. Defendants should have no basis to vicariously chaperone Plaintiff counsel's use of the client's documents in this way—or documents that bear only on J.C.'s privacy interest(s).

**Paragraph 2 re "(such as future clients)."** The Court's July 11, 2023 order stated that the Court would address the "disputed language," i.e., future clients, at the August 3, 2023 status conference. (ECF 56). On August 3, the Court requested the parties to prepare a joint status report and confer on matters regarding the protective order. (ECF 65). During the September 8, 2023 status conference, Plaintiff raised the future clients language in connection with Plaintif's ability to use information derived from documents which were labeled as AEO. (Decl., Ex. 2, Tr: 73 13-17).

As the argument progressed, Plaintiff used the example of discussing Highly Confidential documents with dependency counsel for other children in the home. (*Id.,* Ex. 2, Tr: 78 18-25;  79: 14-25.) The Court noted that showing such documents "to other parties before they were necessarily aware" of abuse occurring in the home could implicate the "competitive purpose" language in the protective order. (*Id.,* Ex. 2, Tr: 82 1-16). That discussion led to Plaintiff's use of the "double-blind" inquiry approach with dependency counsel. (*Id.,* Ex. 2, Tr: 90 13-25). Plaintiff understood in setting forth the manner in which Plaintiff's counsel can use Highly Confidential

4 - MOTION TO ENTER AMENDED PROTECTIVE ORDER


RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

documents the Court addressed the "such as future clients" parenthetical. Accordingly, Plaintiff believes that the parenthetical should be excised from an amended protective order.

**Paragraph 2 re inclusion of DAS and the state of Oregon.** Plaintiff received the State of Oregon Professional Services Agreement with the Markowitz firm via a public records request. (*Id.,* Ex. 4). The agreement is "between the State of Oregon" acting by and through DOJ and the Markowitz firm "for the benefit of the State of Oregon, Department of Administrative Services ("DAS"), which is defined as the "Benefitting Agency." (*Id.* at 1). The Agreement references ORS chapter 180, and provides that the Markowitz firm will earn up to $1,000,000 to defend J.C.'s claims. (*Id.* at 2). For this reason – and in connection with the discussion below – Plaintiff believes that the amended protective order must now include the State or Oregon and DAS to ensure that those entities as well are bound by the terms of the order along with DOJ and DHS.

**Paragraph 2 re DOJ "legitimate law enforcement" and "chapter 180 duties.** Defendants moved to compel Plaintiff to produce documents in response to defendants' First RFP. (ECF 73 at 40  42). In sum, defendants sought to compel everything in Conservator Levi's client file (including DHS's own documents) in the underlying probate proceeding – without mention of juvenile law privilege and without undertaking to subpoena the same information that was equally available to defendants. The Court discussed the merits at length. (Decl., Ex. 3,Tr: 132-160). The Court's ruling are set forth in Plaintiff's proposed order regarding the September 8 hearing.

Defendants abruptly "withdrew" their First RFP 1 regarding the probate documents following the hearing. During the ensuing conferral, defendants refused to confirm whether they intended to seek the materials by other means. However, this stratagem raised a new issue: whether DOJ will leverage the broad "legitimate law enforcement purposes" and "duties under ORS chapter 180" language in the protective order to bypass federal discovery rules and access these

5 - MOTION TO ENTER AMENDED PROTECTIVE ORDER

RIZZO | BOSWORTH | ERAUTᴘᴄ
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

materials without notice to court and counsel. Defendants' contention that they can use Confidential and Highly Confidential documents to discover and prosecute crimes against J.C., members of her family, and others perhaps, creates a chilling effect. Defendants claim that DOJ does not intend to use its police powers to obtain privileged and confidential materials, but refuse to include language in the amended protective order which prevents DOJ doing so, absent the Court's permission. Accordingly, Plaintiff believes that the paragraph 2 should incorporate Plaintiff's proposed language that explicitly bars defendants, including DOJ, DAS, and the State of Oregon, from engaging in this conduct, absent the Court's permission.

**Paragraph 19.** In the interest of concluding argument over an amended protective order, Plaintiff seeks to incorporate which prevents parties from strategically invoking claims of privilege "at any time in the litigation." Plaintiff believes that a party should not be able to delay, or otherwise, time assertions of privilege in a manner which prejudices the other party.

Relatedly, the non-asserting parry must be permitted to sequester the allegedly privileged information so as to brief the Court. In other words, if the non-asserting party is forced to return the information, the party will not be able to attach the disputed document as part of a motion to determine privilege.

**CONCLUSION**

The Court should enter Plaintiff's form of the amended protective order.

Dated: October 10, 2023.

6 - MOTION TO ENTER AMENDED PROTECTIVE ORDER

RIZZO BOSWORTH ERAUT PC

By: */s/ Steven Rizzo*
Steven Rizzo OSB No. 840853 (he/him/his)
Mary D. Skjelset OSB No. 075840 (she/her/hers)
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Suite 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630

ATTORNEYS FOR PLAINTIFF

7 - MOTION TO ENTER AMENDED PROTECTIVE
ORDER

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>        Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al ,<br><br>        Defendants. | CASE NO. 6:22-cv-01813-MK<br><br><br>**CERTIFICATE OF SERVICE** |
| OREGON DEPARTMENT OF<br>HUMAN SERVICES,<br><br>        Third Party Plaintiff,<br><br>v.<br><br>JOE ALBERT RAYGOSA,<br><br>        Third Party Defendant. | |

I am employed by the law firm of Rizzo Bosworth Eraut PC in Portland, Oregon. I am over the age of eighteen years and not a party to the subject cause. My business address is 1300 SW Sixth Avenue, Suite 330, Portland, OR 97201.

On the date below, I caused to be served on all parties in this action by transmitting a true copy thereof: **Motion to Enter Amended Protective Order**

<u>**VIA ECF**</u>

| | |
|---|---|
| **Jill Schneider**<br>**Nicholas S. Mancuso**<br>**Oregon Department of Justice**<br>**100 SW Market Street**<br>**Portland, OR 97201**<br>**Ph. 971-673-1880**<br>**Fax: 971-673-5000**<br>**Email: jill.schneider@doj.state.or.us**<br>**Email: nicholas.mancuso@doj.state.or.us**<br>*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services* | Lauren Blaesing<br>Harry B. Wilson<br>Alexandra Rhee<br>Markowitz Herbold PC<br>1455 SW Broadway<br>Ste. 1990<br>Portland, OR. 97201<br>Ph: 503-295-3085<br>Email: laurenblaesing@markowitzherbold.com<br>Email: harrywilson@markowitzherbold.com<br>Email: alexrhee@markowitzherbold.com<br>*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services* |

Dated this 10th   day of October, 2023.

     *s/ Cheridan Carr*
     Cheridan Carr
     Paralegal

1- Certificate of Service