Mr. Steven Rizzo, OSB # 840853
Ms. Mary D. Skjelset, OSB # 075840
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Ste. 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630
srizzo@rizzopc.com
mskjelset@rizzopc.com

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>   Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al,<br><br>   Defendants. | CASE NO. 6:22-cv-01813-MK<br><br><br>MOTION TO ENTER ORDER RE THE SEPTEMBER 8, 2023 DISCOVERY CONFERENCE<br><br>*Oral argument request* |
| OREGON DEPARTMENT OF HUMAN SERVICES,<br><br>   Third Party Plaintiff,<br><br>v.<br><br>JOE ALBERT RAYGOSA,<br><br>   Third Party Defendant. | |

1 - MOTION TO ENTER ORDER RE THE SEPTEMBER 8,
2023 DISCOVERY CONFERENCE

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

**INTRODUCTION**

Plaintiff moves the Court to enter the Proposed Order attached to the Declaration of Steven Rizzo ("Decl.") as Exhibit 1. To facilitate review, Plaintiff has also attached as Exhibit 2 a form of order that combines the parties' respective language and disputed provisions, so that the Court may review the order and evaluate each party's position in one document rather than comparing multiple orders. Strikethroughs represent Plaintiff's disagreement with language that defendants sought to add to Plaintiff's proposed order. Language appearing in red primarily represents Plaintiff's attempt to accommodate certain language proposed by defendants, and to add back language which defendants had simply "deleted."

**LR 7-1**

The Court requested that Plaintiff prepare a draft order reflecting the rulings that were made on the record at the September 8, 2023 discovery conference. (Decl., Ex. 3, Tr: 94: 23-25; 95 1-4). Plaintiff prepared a draft and circulated it for defendants' review, a process that involved several Markowitz attorneys. The parties conferred in good faith but could not reach agreement on the terms of the order. After several rounds of conferral, defendants indicated that they will propose their own separate form of order.

**PLAINTIFF'S POSITION**

**Paragraph 1 and 1.a.** There is no dispute that Court denied defendants' motion for reconsideration. However, defendants want the order to read to as though the parties' respective briefing on the motion "warrant an inspection" on the terms specified below. In conferral, defendants maintained that they (i) "need that language for *clarity* of record;" (ii) to "explicitly stat[e] the Court's *justification* for *deviating* from the OR-Kids security protocols; and (iii) to show that the Court "*clarified* its prior ruling because that is what occurred." (*Id*., Ex. 3) (emphasis

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

added).

*First,* the record is quite clear as it stands: The Court previously ordered the OR-Kids file inspection on July 11, 2023. (ECF 56) ("Defendant is ordered to comply with Plaintiff's request to inspect the OR-Kids metadata pertaining to the 'provider file' for Duncan-Raygosa and the 'case file' for J.C. at the DHS offices. The parties are to confer on scheduling the inspection, where an expert of Plaintiff's choosing will accompany Plaintiff.").[1] The Markowitz SAAGs were present on the July 5, 2023 telephone conference that precipitated the order along with DOJ AAG Jill Schneider. Defendants did not seek to clarify any aspect of the Court's ruling, and they made no subsequent effort to confer on scheduling the inspection. Instead, defendants filed a motion for reconsideration on July 26, 2023. (ECF 60). Defendants argued that Plaintiff's file inspection was unnecessary, and apparently found out that compliance with the order "would cause" DHS to "violate federal and state rules and policies," and could "endanger [its] access" to LEDs. (*Id*. at 2, 4). Defendants did not choose to seek clarification of this order – they attempted to set it aside.

*Second,* the Court was not required to *justify* any so-called *deviation* from OSP or FBI *security protocols.* That is a fiction, which infers that it was necessary as a matter of law to *deviate* from the *protocols* before ordering the inspection. As seen, defendants are simply attempting to import a *post hoc* finding that the Court did not make so as to justify an ill-advised and unnecessary motion for reconsideration that could have been resolved through simple and productive conferral on the parameters of the inspection.

*Third,* the Court confirmed parties' clear understanding that the previous Order permitted Plaintiffs to view specific OR-Kids files during the inspection, not inspect the entire database.

---

[1] The Court asked parties "[i]s there anything else that I need to specify to make sure we don't come back on this issue." Defendants remained mute. (*See* ECF 68, Plf. Resp. to Mot. to Reconsider at 5).

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

(Decl., Ex. 3, Tr: 27: 20-25; 26:1-5). Defendants' attempts to supplant Plaintiffs' inspection by volunteering Mr. Payne's form of audit reports proved unavailing, but the Court guided the parties in balancing Plaintiff's need for the inspection with defendants' concern about protecting sensitive information. (*Id*., Ex. 3, Tr: 22: 24-25; 23: 1-3) ("I'm open to trying to figure out how people an appropriately restrict the, you know, sensitive information but allow the necessary discovery for litigation to be able to proceed intelligently."). To that end, the Court ruled that defendants would make the original – not "dummy" – files available, while DHS would "drive the mouse" with counsel present. The Court imposed a four hour cap, permitted use of videography, and prohibited substantive questions to the worker navigating the files. (*Id.,* Ex. 3, Tr: 33 14-23; 34 10-24; 36: 10-17; 38: 21-25). These rulings were made for the first time regarding the manner of the inspection – they were not requested or given in *clarification* of the Court's prior order.

Therefore, the Court should not include defendants' proposed language in the final line of paragraph 1 and the entirety of 1.a., which Plaintiff has stricken through in Exhibit 2 at 2.

**Paragraph 1.b. i. and ii.** During the hearing, parties referred to the Duncan-Raygosa provider file on multiple occasions. (Decl., Ex. 3, Tr: 30: 1-25; 31 1-356: 21-24). Plaintiff's proposed order flowing from this hearing underwent the scrutiny and input of several Markowitz attorneys over the course of weeks. Most recently, defendants indicated that the proposed order "should refer to the 'Duncan' file" instead of what was mutually understood as the Duncan/Raygosa provider file." (*Id.,* Ex. 4). Defendants did not explain the abrupt necessity of this switch. However, Plaintiff proposes then to add the following language (in red) – "pertaining to the foster home of Nicole Ducan and Joe Raygosa" - to avoid any confusion or misunderstanding regarding the individuals whose certification and child protective services file(s) are available for



RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

inspection. (*Id.*, Ex. 2 at 2).

**Paragraph 1.c.** Defendants seek a clause in the Order requiring that "[a]t or before the inspection the expert will provide a signed copy of Exhibit A to the Protective Order," which acknowledges receipt and review of the PO and agrees to its terms. (*Id.*). At no time in the hearing did the Court order Plaintiff to produce this form to Defendants in connection with the inspection. Had Defendants asked, Plaintiff would have assured them that the accompanying expert has in fact received the form and signed Exhibit A to the protective order, rather than insisting on this superfluous and overreaching language. (Decl.).

**Paragraph 1.e.** With respect to Plaintiff's ability to ask questions during the inspection, the Court asked that if parties "want to draft up an understanding and an agreement that reflects that circumstance, please do so." (*Id.,* Ex. 3, Tr: 38: 21-25; 39 1-3). That did not happen. Instead, defendants are attempting to dictate that Plaintiff may pose related questions to the DHS worker "only to extent necessary to navigate the files referenced in Paragraph 1.b," which subsumes the newly-dubbed "Duncan" file. (*Id.*, Ex. 2 at 2). For that reason, Plaintiff proposes to add that Plaintiff's counsel may not ask . . . substantive questions . . . of the ODHS operator-employee during the inspection absent agreement of the parties or future Order of the Court." (*Id.*). This language provides a remedy in the event that defendants unreasonably restrict Plaintiff's ability to obtain information necessary to understand what is being depicted on screen.

**Paragraph 2.** The Court directly stated that "if DHS refuses to comply in a timely way, it will – whether it be by motion of Plaintiff or on this Court's motion for its declination to comply, sanctions. So, they need to understand that." (*Id.,* Ex. 3, Tr 41 24-25; 42: 1-2). Defense counsel responded with "Yes. Your Honor. And they're taking this very seriously." (*Id.*). Plaintiff seeks to include the following language: "DHS's failure to comply with this Order and provide for

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

Plaintiff's inspection on or before November 8, 2023 may be subject to sanctions." (*Id.,* Ex. 2 at 2). Plaintiff believes that this language comports with the Court's ruling and may be necessary to ensure cooperation.

**Paragraph 6.** The Court has ruled – several times – that DHS records pertaining to the care and condition of other children in the Duncan/Raygosa foster home are discoverable. During the hearing, Plaintiff proposed that DHS produce the case notes beginning with placement and including six months after the children left that home. (*Id.,* Ex. 3, Tr: 63 11-25; 64: 18-25; 65 1-12). However, defendants claim that they "reserve the right to redact personal or confidential information about [such] children's biological parent, other relatives, or subsequent [foster] parents." (Decl., Ex. 4). However, defendants did not raise an issue over the use of redactions, and they do not have a right to redact in the first place. For example, biological parents of children in that home are *fact witnesses.* They are no different from (and perhaps may include) persons who reported concerns to the hotline or to others, such as caseworkers, social service assistants in connection with supervised visitation, etc. Accordingly, the order should state the case notes to be produced shall be *unredacted* for the abbreviated period of time offered by Plaintiff as a compromise.

**Paragraph 12.** Defendants seek to insert the "13 agreed-upon" custodians into the Order in reference to their search for cellular device data without conferring as to the identities of those custodians. But there are more than "13 agreed-upon" custodians. At the hearing, the defendants confirmed that they had "collected cell phones from all the custodians" and were "searching them." (*Id.,* Ex. 3, Tr: 99:19-21). Plaintiff still does not know whom the defendants intend to omit from the search and await a letter explaining whether any data remained on any of the devices collected. (*Id.,* Ex. 5 at 8).

RIZZO | BOSWORTH | ERAUT pc
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

**Paragraph 13.** Plaintiff believes that the language proposed by defendants is superfluous: The Court did not rule on whether any party is restricted from conducting discovery concerning "mobile device data" under the federal rules, objecting thereto, or seeking a protective order. The court recognized that the erasure of cellular data was an issue of "spoliation" but did not take up the "issue of lost text messages" until parties had completed the 30(b)(6) or records custodian deposition process. (*Id.,* Ex. 3, Tr: 96:6-8; 101:20-24; 106:8-12). The defendants desire to insert a right to object or move for a protective order into this Order is inconsistent with the colloquy and generally unnecessary.

**Paragraphs 15-18.** Defendants moved to compel Plaintiff to produce documents in response to defendants' First RFP. (ECF 73 at 40, 42). Defendants sought to compel everything in Conservator Levi's client file (including DHS's own documents) in the underlying probate proceeding – without mention of juvenile law privilege and without undertaking to subpoena the same information that was equally available to defendants. The Court discussed the merits of the motion at length. (Decl., Ex. 3, Tr: 132-160). In sum, the matters contained in paragraphs 16-18 were addressed on the records. Plaintiff believes that these paragraphs accurately reflect the Court's ruling.

Defendants simply deleted these paragraphs. Instead, defendants want the order to reflect an action that they took *after* the Court ruled – which was to "withdraw" their First RFP 1 regarding the probate documents. However, the Court did not order defendants' to withdraw their discovery request and was not otherwise apprised of such a strategy. During the conferral, defendants would not confirm whether they intended to seek the materials by other means. This avoidance raised a new issue, i.e., whether DOJ intends to use "legitimate law enforcement purposes" and "duties under ORS chapter 180" language set forth in the protective order as a vehicle to bypass federal

7 - MOTION TO ENTER ORDER RE THE SEPTEMBER 8, 2023 DISCOVERY CONFERENCE

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

discovery rules and access these arguably privileged and private materials in secret and without notice to Plaintiff. Plaintiff addresses these concerns more fully in connection with Plaintiff's motion to enter the amended protective order. Defendants are dismissive of the Plaintiff's concerns, but will not include language in the protective order necessary to preclude DOJ from engaging in such conduct.

## CONCLUSION

The Court should enter Plaintiff's form of order.

Dated: October 10, 2023.

RIZZO BOSWORTH ERAUT PC

By: */s/ Steven Rizzo*
Steven Rizzo OSB No. 840853 (he/him/his)
Mary D. Skjelset OSB No. 075840 (she/her/hers)
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Suite 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630

ATTORNEYS FOR PLAINTIFF

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>      Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al ,<br><br>      Defendants. | CASE NO. 6:22-cv-01813-MK<br><br><br>**CERTIFICATE OF SERVICE** |
| OREGON DEPARTMENT OF<br>HUMAN SERVICES,<br><br>      Third Party Plaintiff,<br><br>v.<br><br>JOE ALBERT RAYGOSA,<br><br>      Third Party Defendant. | |

I am employed by the law firm of Rizzo Bosworth Eraut PC in Portland, Oregon. I am over the age of eighteen years and not a party to the subject cause. My business address is 1300 SW Sixth Avenue, Suite 330, Portland, OR 97201.

On the date below, I caused to be served on all parties in this action by transmitting a true copy thereof**:** **Motion to Enter Order Re The September 8, 2023 Discovery Conference**

<u>**VIA ECF**</u>

| | |
|---|---|
| **Jill Schneider**<br>**Nicholas S. Mancuso**<br>**Oregon Department of Justice**<br>**100 SW Market Street**<br>**Portland, OR 97201**<br>**Ph. 971-673-1880**<br>**Fax: 971-673-5000**<br>**Email: jill.schneider@doj.state.or.us**<br>**Email: nicholas.mancuso@doj.state.or.us**<br>*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services* | Lauren Blaesing<br>Harry B. Wilson<br>Alexandra Rhee<br>Markowitz Herbold PC<br>1455 SW Broadway<br>Ste. 1990<br>Portland, OR. 97201<br>Ph: 503-295-3085<br>Email: laurenblaesing@markowitzherbold.com<br>Email: harrywilson@markowitzherbold.com<br>Email: alexrhee@markowitzherbold.com<br>*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services* |

Dated this 10th   day of October, 2023.

                      *s/ Cheridan Carr*
                      Cheridan Carr
                      Paralegal

1- Certificate of Service