UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>        Plaintiff,<br><br>v.<br><br>KIM CHAPMAN *et al.*,<br><br>        Defendants. | CASE NO. 6:22-cv-01813-MK<br><br>**ORDER** |
| OREGON DEPARTMENT OF<br>HUMAN SERVICES,<br><br>        Third Party Plaintiff,<br><br>v.<br><br>JOE ALBERT RAYGOSA,<br><br>        Third Party Defendant. | |

The Court heard arguments regarding the Joint Status Report on September 8, 2023, (ECF 74). Plaintiff, Ethan Levi, was represented by Mary D. Skjelset and Steven Rizzo. Defendant/third party plaintiff Oregon Department of Human Services ("ODHS"), and defendants Kim Chapman, Anastasia Tibbetts, Kassidy O'Brien and Erin Lane (collectively, "State Defendants") were represented by Oregon Department of Justice ("DOJ") Special Assistant Attorney General Lauren F. Blaesing and attorney Hannah K. Hoffman of Markowitz Herbold P.C. Third party defendant Joe Albert Raygosa has not appeared in this action.

The Court is fully advised in the matter and hereby rules as follows:

Page 1 — ORDER

*State Defendants' Motion for Reconsideration and the OR-Kids file inspection*

1. The Court, having considered the authorities and arguments submitted by both parties, concludes that those authorities and arguments warrant an inspection on the terms specified in this Order, and so for the reasons the Court detailed on the record, the State Defendants' Motion for Reconsideration (ECF 60) of the Court's July 11, 2023 Order (ECF 56) requiring ODHS to comply with Plaintiff's request to inspect the Duncan provider file(s) in OR-Kids and the J.C./Z.C. case file in OR-Kids is denied. The Court orders as follows:

   a. ODHS shall permit Plaintiff's counsel to inspect the following original OR-Kids records:

      i. OR-Kids Duncan Provider File 1126389 – pertaining to the resource home of Nicole Duncan and Joe Raygosa;

      ii. OR-Kids Duncan CPS file 905747 – pertaining to Nicole Duncan and Joe Raygosa; and

      iii. OR-Kids child welfare file 897560 – (the family file for J.C./Z.C.'s biological family).

   b. The inspection will occur at an ODHS office and may last up to four hours. Plaintiff may videotape the inspection and have an expert present. At or before the inspection the expert will provide a signed copy of Exhibit A to the Protective Order.

   c. Counsel for State Defendants shall also be present at the inspection.

   d. A knowledgeable ODHS employee shall operate the OR-Kids interface during the inspection. The ODHS employee-operator shall take direction from Plaintiff's counsel, who may pose related questions regarding the configuration of the OR-Kids interface and its operation, Plaintiff's counsel may not ask substantive questions of the ODHS employee-operator during the inspection absent agreement of the parties or further Order of the Court.

Page 2 — ORDER

e. The colloquy between Plaintiff's counsel and the ODHS employee-operator occurring during the inspection is not sworn testimony and may not be discussed when examining deponents during depositions, absent agreement of the parties or further Order of the Court.

2. As discussed on the record, ODHS must make all necessary arrangements, including notifications to any state and federal law enforcement agencies, on or before the date of inspection. ODHS must make the above-stated original OR Kids records and the appropriate qualified employee available for Plaintiff counsel's inspection on or before November 8, 2023. ODHS's failure to comply with this Order and provide for Plaintiff's inspection on or before November 8, 2023 may be subject to sanctions.

### Discovery schedule

The Court modifies the discovery schedule as below:

| Event | Deadline |
| --- | --- |
| Discovery to be completed | July 12, 2024 |
| Expert reports to be exchanged | August 9, 2024 |
| Expert report responses to be exchanged | September 6, 2024 |
| Expert discovery to be completed | October 4, 2024 |
| Dispositive motions due | November 8, 2024 |

### State Defendants' Amended Answer and Response to Plaintiff's First Interrogatories

3. The Court grants State Defendants' oral motion to withdraw their Fifth Affirmative Defense (failure to state a claim) from their Answer (ECF 19) and State Defendants agree not to file a Rule 12(b)(6) motion against the allegations in the Complaint (ECF 1) at any time, including up through trial.

4. State Defendants' supplemental response to Interrogatory No. 3 in Plaintiff's First Set of Interrogatories is sufficient. Parties are cautioned going forward about responding to interrogatories by referring to documents in lieu of providing answers.

5. State Defendants' Motion for Leave to Amend their Answer (ECF 45) is granted. Accordingly, State Defendants shall file their Amended Answer within 10 days of the

Page 3 — ORDER

entry of this Order.

*Production of documents regarding the care and condition of other children*

6.  On or before November 1, 2023, ODHS shall produce in unredacted form the following documents relating to the care and condition of other children in the Duncan/Raygosa resource home:

    a.  CPS file 901326 (re J.H. and R.H.).

    b.  For the other seven (7) children placed in the Duncan/Raygosa home:

        i.  Case notes for the time period beginning with their date of placement in the Duncan-Raygosa home through and including the date six months after each child left the Duncan/Raygosa home; and

        ii. Other relevant documents from the case files that reference or relate to their care or condition in the Duncan/Raygosa home.

*Confidential reporter information*

7.  To the extent documents produced in this case contain confidential reporter information protected under ORS 409.027, ORS 419B.035 and OAR 413-010-0035, the Court finds good cause exists to disclose the information, subject to the Court's Protective Order as amended.

8.  Defendants shall produce unredacted copies of previously produced documents showing the identity of such individuals on or before November 1, 2023.

*Protective order modification*

9.  As discussed on the record, the "Attorneys Eyes Only" designation shall be stricken from the Protective Order. (ECF 44).

10. The parties shall confer on and submit a modified Protective Order consistent with the rulings made at the September 8, 2023 Hearing.

*Discovery of cellular devices and records*

11. The Court directed the parties to confer on or before September 22, 2023 regarding search terms to use in order to identify potentially responsive text messages, and the

Page 4 — ORDER

parties conducted that conferral on September 21, 2023.

12. State Defendants shall search electronically stored information, including email and text messaging, for the 13 agreed-upon custodians from January 1, 2016 through January 31, 2020. Nothing in this paragraph shall be construed to limit rights of the parties to pursue discovery concerning mobile device data in accordance with the Federal Rules of Civil Procedure, or to object to such discovery.

13. Nothing in this order restricts the rights of the parties to pursue discovery concerning mobile device data in accordance with the Federal Rules of Civil Procedure, or to object to such discovery and seek a protective order in connection with same.

### Discovery of documents reviewed by witnesses in preparation for testimony

14. The parties shall confer on a briefing schedule on Plaintiff's Motion to Compel State Defendants' response to Plaintiff's Fourth Request for Production of Documents.

### State Defendants' First Request for Production

15. Following the hearing held on September 8, 2023, State Defendants withdrew their First Request for Production, Request No. 1, so the issues discussed at the hearing regarding Plaintiff's objections to this request are moot.

16. As discussed on the record, acting as the Conservator in the underlying state court probate proceeding, Mr. Levi issued subpoenas to Kids First ("KF"), Lane County Juvenile Court ("LCJC") and DHS. The Conservator did not subpoena "any tribal entity" or the tribe. KF produced responsive documents, which are subject to a protective order. DOJTrial Division ("DOJ-TD") attorneys objected to the Conservator's subpoenas issued to LCJC and ODHS. The probate court overruled the objections and the documents were produced, subject to separate protective orders. The DOJ-TD's objections required the Conservator to expend significant sums to obtain the documents.

17. As further discussed on the record, defendants have not requested the probate court to modify the protective orders that pertain to the KF and LCJC documents. Defendants have the DHS documents that were produced in the probate proceeding. Defendants

Page 5 — ORDER

stated that they do not have the KF and LCJC documents. Defendants have not issued subpoenas to KF and LCJC in this action.

18. In connection with defendants' First Request for Production, the parties shall confer regarding: (i) a cost sharing arrangement whereby defendants compensate the Conservator for the efforts spent in obtaining the documents; and (ii) whether the filing of this action constitutes a waiver of J.C.'s juvenile law privilege.  In the event the parties cannot reach agreement, they shall return to the Court to seek guidance.

IT IS SO ORDERED

Dated <u>16th</u> day of October 2023.

<u>s/ Mustafa T. Kasubhai</u>
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge