**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Alexandra L. Rhee, OSB #230770**
AlexRhee@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085
*Special Assistant Attorneys General for State Defendants*
*and Third-Party Plaintiff*
*Additional Counsel of Record Listed on Signature Page*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI, | Case No. 6:22-cv-01813-MK |
| Plaintiff, | **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO ENTER AMENDED PROTECTIVE ORDER** |
| v. | |
| KIM CHAPMAN, in her individual capacity; ANASTASIA TIBBETTS, in her individual capacity; KASSIDY O'BRIEN, in her individual capacity; ERIN LANE, in her individual capacity; THE OREGON DEPARTMENT OF HUMAN SERVICES, a government agency; and JANE and JOHN DOES 1-5; in their individual and/or official capacities, | |
| Defendants. | |
| OREGON DEPARTMENT OF HUMAN SERVICES, | |
| Third-Party Plaintiff, | |
| v. | |
| JOE ALBERT RAYGOSA, | |
| Third-Party Defendant. | |

**Page 1 –     DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO ENTER AMENDED PROTECTIVE ORDER**

**INTRODUCTION**

The Court should deny plaintiff's Motion to Enter Amended Protective Order (Dkt. No. 79) because it seeks to relitigate the scope of the protective order and because plaintiff's proposed amended protective order (Decl. of Steven Rizzo in Support of Mot. to Enter Am. Protective Order, Ex. 1 ("Plaintiff's Proposed Protective Order")) does not accurately reflect the Court's rulings at the September 8, 2023, hearing.  Instead, the Court should enter State Defendants' proposed order.  (Decl. of Lauren F. Blaesing in Support of State Defendants' Resp. to Pl.'s Mot. for Am. Stip. Protective Order ("Blaesing Decl."), Ex. 1.)

**ARGUMENT**

**I.     Modifications to the existing protective order should be confined to matters argued and decided on the record.**

The Court entered the protective order (Dkt. No. 44) in this case on May 30, 2023, after briefing (Dkt. Nos. 32-36) and argument, which in turn followed extensive conferral by the parties.  The parties have since argued and the Court has decided several issues concerning the scope of discovery of non-parties' confidential information.  The terms of disclosure of such information necessitate amendments to the protective order to reflect the Court's rulings, but such amendments are not an opportunity for plaintiff to change other, unrelated substantive terms of the protective order.

Plaintiff's Proposed Protective Order does not accurately reflect the Court's rulings during the September 8, 2023, discovery conference.  Plaintiff attempts to make substantive changes to the protective order that plaintiff did not raise at the hearing and that have never been briefed or argued to the Court.  The Court should deny Plaintiff's Motion to Enter Proposed Amended Protective Order and instead enter State Defendants' proposed amended protective

order,[1] which reflects the Court's rulings and does not address new issues never considered by the Court.  (Blaesing Decl. Ex. 1)

**Paragraphs 1(a) and 1(b).**  State Defendants object to plaintiff's proposed language in Paragraphs 1(a) and 1(b) because the term "resource family" is the terminology ODHS uses instead of "foster family," and State Defendants would prefer that terminology be consistent across pleadings and fact documents.  This change will not prejudice plaintiff's claims, and it does not displace the allegations in plaintiff's complaint.[2]

**Paragraph 2.**  State Defendants have the following objections to plaintiff's proposed changes to Paragraph 2 of the protective order:

- State Defendants object to the deletion of "(such as future clients)."  This language was already in the protective order (Dkt. No. 44 ¶ 2), the Court did not rule to remove it, and it was not at issue in the September 8, hearing.  The language is substantive in that it goes to the fundamental terms of a protective order and thus the plaintiff should not be able to amend it without an opportunity for the State Defendants to make a record.

- State Defendants object to the addition of non-parties to the protective order, who are not before the Court in this action.  Paragraph 2 of the protective order (Dkt. No. 44) defined the permissible scope of use and disclosure of the materials subject to the protective order with reference to the parties to this case and their counsel.  Plaintiff adds new language referring to non-parties.  "The State," in a general and undefined capacity, and the

---

[1] State Defendants' understand that some of their proposed language is acceptable to the Court.  (Dkt. No. 84, *withdrawn* Dkt. No. 86.)  State Defendants note in footnotes in this response where the Court has considered and accepted State Defendants' proposed language in Dkt. No. 84.  State Defendants nonetheless seek adoption of their order in its entirety.

[2] State Defendants understand the Court to agree with their position in this section. (Dkt. No. 84.)

**Page 3 –    DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO ENTER
              AMENDED PROTECTIVE ORDER**

Department of Administrative Services are not parties to this lawsuit or to the protective order, and the Court did not order this language to be included.

- State Defendants object to the deletion of "'Confidential' or" in the sentence "However, in connection with Plaintiff's inquiry, Plaintiff may not show documents labeled as 'Confidential' or 'Highly Confidential' to such parties unless stipulated by counsel or authorized by the Court" in Paragraph 2. The Court has not authorized plaintiff to show "Confidential" documents to juvenile attorneys who are not counsel of record. Furthermore, such a use of documents would be inconsistent with Paragraph 7 of the protective order. The purpose of the "Confidential" designation is to prohibit non-parties from having access to such records.

- State Defendants object to plaintiff's unprecedented and unwarranted proposed revisions to the sentence referencing the Oregon Department of Justice's ("DOJ's") "law enforcement" power in Paragraph 2 ("DOJ may use or disclose such information or documents for legitimate law enforcement purposes and to carry out DOJ's duties under ORS chapter 180.").[3] Plaintiff's proposed and entirely new language was not discussed at the September 8, hearing. Plaintiff's proposed revisions would reverse the meaning of the sentence.

    Plaintiff's proposed revisions would allow him—a private party—to interfere with DOJ's responsibility to enforce criminal law by forcing DOJ to obtain a stipulation from plaintiff before using documents "for legitimate law enforcement purposes." State Defendants are aware of no authority in any jurisdiction that would allow a private

---

[3] State Defendants understand the Court to agree with their position in this section. (Dkt. No. 84.)

**Page 4 –     DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO ENTER
         AMENDED PROTECTIVE ORDER**

litigant in civil litigation to limit state authority to investigate and prosecute separate criminal matters. Indeed, a federal court order in civil litigation purporting to limit state power to enforce criminal laws raises serious separation of power and federalism concerns. *City of Los Angeles v. Lyons*, 461 U.S. 95, 112 (1983) ("In exercising their equitable powers federal courts must recognize the special delicacy of the adjustment to be preserved between federal equitable power and State administration of its own law." (Citation, quotation marks, and alterations omitted).)

Plaintiff's purported reason for his proposed changes is nonsensical. Plaintiff contends that defendants "will leverage the broad 'legitimate law enforcement purposes' and 'duties under ORS chapter 180' language in the protective order to bypass federal discovery rules." But plaintiff has not contended that State Defendants actually have done anything of the sort, much less adequately briefed or explained such an argument. Furthermore, as noted above, the protective order in this discrete civil matter cannot limit the Department of Justice's responsibility and power to carry out its statutory duties.

**Paragraph 19.** State Defendants object to plaintiff's attempt to substantively change the parties' ability to assert and protect attorney-client privilege by inserting new language into the protective order without any motion, briefing, or hearing. Plaintiff's proposed language would substantially alter the rights of the parties and implicate their ethical duties.

There is no authority—anywhere so far as State Defendants are aware—that permits a party to condition an assertion of privilege on "prejudice" to the non-asserting party. Indeed, the suggestion that a party could resist an assertion of attorney-client privilege by arguing that the assertion of privilege is "prejudicial" is contrary to the entirety of American and English law. "The attorney-client privilege is the oldest and arguably most fundamental of the common law

**Page 5 –  DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO ENTER
AMENDED PROTECTIVE ORDER**

privileges recognized under Federal Rule of Evidence 501." *In re Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1090 (9th Cir. 2007), *abrogated on other grounds by Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009).  Indeed, "the attorney-client privilege is central to the legal system and the adversary process." *United States v. Hodge & Zweig*, 548 F.2d 1347, 1355 (9th Cir. 1977).  Limiting the right to assert privilege based on "prejudice" would be unprecedented.

Oregon's ethics rules also do not allow for exceptions for "prejudice."  Lawyers have an ethical duty to notify opposing counsel upon receipt of information the lawyer knows or reasonably should know contains the attorney-client privilege information of the opposing counsel and their lawyer—regardless of whether notification would be "prejudicial." RPC 4.4(b).  "An attorney who receives privileged documents has an ethical duty upon notice of the privileged nature of the documents to cease review of the documents, notify the privilege holder, and return the documents." *Richards v. Jain*, 168 F. Supp. 2d 1195, 1200–01 (W.D. Wash. 2001) (cited by the Oregon State Bar in OSB Formal Op. No. 94-382 (1994)).  The Court should not insert plaintiff's proposed language into Paragraph 19.

DATED: October 24, 2023          MARKOWITZ HERBOLD PC

*s/ Hannah K. Hoffman*
Lauren F. Blaesing, OSB #113305
LaurenBlaesing@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Alexandra L. Rhee, OSB #230770
AlexRhee@MarkowitzHerbold.com
*Special Assistant Attorneys General for State Defendants and Third-Party Plaintiff*

Hannah K. Hoffman, OSB #183641
HannahHoffman@MarkowitzHerbold.com
*Of Attorneys for State Defendants and Third-Party Plaintiff*

Jill Schneider, OSB #001619
Jill.Schneider@doj.state.or.us
Nicholas Mancuso, OSB #151262
Nicholas.Mancuso@doj.state.or.us
*Of Attorneys for State Defendants and Third-Party Plaintiff*

2056039.2

**Page 7 –    DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO ENTER AMENDED PROTECTIVE ORDER**