**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Alexandra L. Rhee, OSB #230770**
AlexRhee@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085
*Special Assistant Attorneys General for State Defendants*
*and Third-Party Plaintiff*
*Additional Counsel of Record Listed on Signature Page*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI, | Case No. 6:22-cv-01813-MK |
| Plaintiff, | **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO ENTER ORDER RE THE SEPTEMBER 8, 2023 DISCOVERY CONFERENCE** |
| v. | |
| KIM CHAPMAN, in her individual capacity; ANASTASIA TIBBETTS, in her individual capacity; KASSIDY O'BRIEN, in her individual capacity; ERIN LANE, in her individual capacity; THE OREGON DEPARTMENT OF HUMAN SERVICES, a government agency; and JANE and JOHN DOES 1-5; in their individual and/or official capacities, | |
| Defendants. | |
| OREGON DEPARTMENT OF HUMAN SERVICES, | |
| Third-Party Plaintiff, | |
| v. | |
| JOE ALBERT RAYGOSA, | |
| Third-Party Defendant. | |

**Page 1 –     DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO ENTER ORDER RE THE SEPTEMBER 8, 2023 DISCOVERY CONFERENCE**

**INTRODUCTION**

The Court should deny plaintiff's Motion to Enter Order (Dkt. No. 81) and, instead, enter the State Defendants' proposed order.  (Decl. of Lauren F. Blaesing in Support of State Defendants' Resp. to Pl.'s Mot. for Proposed Discovery Order ("Blaesing Decl."), Ex. 1.)  The State Defendants' proposed order accurately reflects the Court's detailed rulings on the record at the September 8, 2023, hearing and is consistent with the Court's prior rulings.  In contrast, plaintiffs' proposed order (Decl. of Steven Rizzo in Support of Mot. to Enter Order re the September 8, 2023 Discovery Conference ("Rizzo Decl."), Ex. 1 (Dkt. No. 82)) fails to fully and accurately reflect the Court's rulings and improperly seeks an award of costs incurred as a result of proceedings in separate litigation with other parties.

**ARGUMENT**

**I.**    **The State Defendants' proposed order accurately reflects the Court's rulings at the September 8, 2023, hearing and discovery conference.**

The Court ruled on several matters at the September 8, hearing and directed the parties to take specific actions, as reflected in the record.  State Defendants' proposed order addresses all of those matters accurately and also incorporates necessary findings to create a clear record for the parties to rely upon going forward.  State Defendants' order also limits unnecessary language that may create confusion in a complex record.  Plaintiff's proposed order, on the other hand, expands the scope of the Court's rulings beyond what was stated on the record.[1]  The Court should enter State Defendants' proposed order.

---

[1] State Defendants' understand that some of their proposed language is acceptable to the Court.  (Dkt. No. 85, *withdrawn* Dkt. No. 86.)  State Defendants note in footnotes in this response where the Court has considered and accepted State Defendants' proposed language in Dkt. No. 85.  State Defendants nonetheless seek adoption of their order in its entirety.

**Paragraphs 1 and 1(a).**[2]  Reciting that the Court's ruling comes after considering the facts, arguments, and authorities submitted by the parties is an ordinary and necessary part of an order.  State defendants object to Paragraph 1 of plaintiff's proposed order because it does not include this language.  (Rizzo Decl. Ex. 1)

The Court's order requires State Defendants to deviate from the OR-Kids security protocols.  Accordingly, a clear basis for the ruling in the record is appropriate.  Given the extraordinary security concerns that surround access to the OR-Kids database, the order should reflect that the Court's ruling on this issue is limited to the record before it and no broader.  Furthermore, as State Defendants suggest in their proposed order, Paragraph 1 should reflect the totality of the Court's actions at both hearings, after the parties developed the record (Dkt. No. 56, 60-65, 68-72, 77).  During the September 8, hearing, the Court denied the motion to reconsider (Dkt. No. 83) and elaborated on and clarified the parameters of its ruling regarding the inspection of OR-Kids.[3]

State defendants do not object to plaintiffs' Paragraph 1(a), which is included in State Defendants' proposed order as Paragraph 1(b).

**Paragraph 1(b).**  State Defendants do not object to plaintiff's proposed change to Paragraph 1(b) and its subparts.  State Defendants explained during conferral that they wished to

---

[2] The bold references to Paragraphs refer to the paragraphs in plaintiff's proposed order. (Ex. 1, Decl. of Steven Rizzo in Supp. of Mot. to Enter Order Re the Sept. 8, 2023 Discovery Conference (Dkt. No. 82).)

[3] State Defendants understand the Court to agree with their position in this section.  (Dkt. No. 85, ¶ 1.)

**Page 3 –    DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO ENTER ORDER RE THE SEPTEMBER 8, 2023 DISCOVERY CONFERENCE**

use the precise name of the provider files, which refer to "Duncan" only, in order to maintain consistency throughout the pleadings and fact materials in this case. [4]

**Paragraph 1(c).**  State Defendants' proposed order requires plaintiff's expert to provide a signed copy of Exhibit A to the protective order, consistent with Paragraph 9 of the protective order (Dkt. No. 44), which requires experts to sign Exhibit A "prior to being shown any documents produced by another party marked 'Confidential' or 'Highly Confidential.'"  OR-Kids contains confidential and highly confidential information that plaintiff's expert will have access to under unusual circumstances and thus including compliance with Paragraph 9 specifically in the order is neither superfluous nor overreaching. [5]

**Paragraph 1(e).**  State Defendants object to plaintiff's proposed language in Paragraph 1(e).  The Court specifically instructed the parties that plaintiff's counsel was not to ask substantive questions during the OR-Kids inspection about how the system works, *except* that counsel may ask questions in aid of understanding what they are seeing.  (9/8/2023 Tr. 39:1-3 (Dkt. No. 78) ("I'm interested in providing the Plaintiff an opportunity to learn how the system navigates, not to continue to work on other witness testimony development.").)  The Court also directed that the inspection colloquy could not be used in depositions.  (*Id.* at 37:6-15 ("I recognize there are going to be some questions that might need to be asked just so that way you can navigate, and make this complete, and not have to come back to me for more time, and then ensure that this doesn't become a source of information for future depositions.").)  Plaintiff's

---

[4] State Defendants understand the Court to agree with their position in this section, based on its Order entered on October 16, 2023 (Dkt. No. 85).  The Court included State Defendants' requested file names in Paragraphs 1(a)(i)-(iii) of its October 16, 2023, Order.

[5] State Defendants understand the Court to agree with their position in this section.  (Dkt. No. 85, ¶ 1(b).)  In addition, plaintiff in his motion informed State Defendants for the first time that his expert has already signed Exhibit A.  This eliminates any basis for objecting to State Defendants' proposed paragraph 1(c).

**Page 4 –    DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO ENTER
            ORDER RE THE SEPTEMBER 8, 2023 DISCOVERY CONFERENCE**

proposed language fails to completely capture the Court's instructions.  State Defendants' proposed Paragraphs (1)(e) and (1)(f) accurately capture the Court's instructions.  (Blaesing Decl. Ex. 1)

**Paragraph 2.**  State Defendants object to the inclusion of the final sentence of Paragraph 2.  State Defendants are already complying with the Court's order by making arrangements and providing a date for the inspection.  State Defendants understand the plaintiff to have accepted the proposed date (October 30, 2023) for the inspection.  The Court always has inherent authority to award sanctions.  Plaintiff's attempt to add language regarding sanctions to the Court's order is unnecessarily provocative.

**Paragraph 6.**  State Defendants object to plaintiff's proposal that they produce unredacted files for all other children in the Duncan/Raygosa home.  State Defendants will not redact information about the children themselves, but they should be permitted to redact personal or confidential information about children's biological parents, other relatives, or subsequent resource parents, none of whom are relevant to plaintiff's claims.  ODHS child welfare files contain extensive information regarding parents' compliance with permanency plans, which may include substance abuse treatment, domestic violence services, and medical and mental health records.  Such materials are highly confidential and, for parents of non-parties, not relevant to any issue in this case.  None of these individuals are parties to this case and are not related to the Duncan/Raygosa home.  Contrary to plaintiff's contentions, these individuals are not fact witnesses: there are no claims in this case relating to any child or family other than that of J.C. State Defendants have statutory responsibilities to protect the confidential personal and health information of non-parties and should be permitted to do so.

**Paragraph 12.** State Defendants object to plaintiff's proposed paragraph 12 because it does not state the number of custodians, which is 13. Plaintiff identified a total of 16 custodians in this case, but State Defendants have already advised plaintiff that two of those custodians no longer work for ODHS and therefore have no cell phones to collect. Another custodian has never had a state-issued cell phone. (8/31/2023 Letter from Hannah K. Hoffman to Plf. Counsel re Production of Cell Phone Records (Blaesing Decl. Ex. 2 at 3).) Clarifying the number of custodians will avoid future disputes.[6]

**Plaintiff's proposed paragraph 13 is unnecessary and confusing**. The Court did not address a motion to compel on September 8. The parties have already conferred on various aspects of Plaintiff's Fourth Request for Production and plaintiff can file a motion to compel in accordance with the Federal Rules of Civil Procedure and Local Rules 7-1 and 26-3 without an order of the Court. State Defendants will respond in the ordinary course.

**II.      Plaintiff's Proposed Paragraphs 14, 15, and 16 misrepresent multiple probate proceedings and improperly seek costs from ODHS for an unrelated party's legal position.**

Plaintiff's proposed order improperly seeks to obtain fees from ODHS for documents plaintiff obtained in a separate matter in a separate court stemming from a dispute with a different party. Fee shifting in this case is inappropriate because State Defendants have withdrawn the sole Request for Production for which fee shifting could apply. There is no factual or legal basis for the Court to order fee shifting in this litigation.

---

[6] State defendants understand the Court to agree with their position in this section. (Dkt. No. 85, ¶ 12.)

### A.    The dispute relating to State Defendants' first Request for Production is moot.

Based on the Court's statements at the September 8 hearing,[7] and State Defendants' subsequent withdrawal of their first Request for Production, there is no basis to order fee shifting in this litigation.  Plaintiff will not incur any fees producing documents to State Defendants because State Defendants have withdrawn the Request for Production at issue.  The Court should, instead, enter State Defendant's proposed paragraph 18, which accurately states that this issue is moot.  (Blaesing Decl. Ex. 1 at ¶ 18.)  The State Defendants understand the Court to agree with their position on this specific paragraph.  (Dkt. No. 85 ¶ 15.)

Furthermore, although discussed at the September 8 hearing, the parties have not briefed any request for fee shifting.  The Court should not enter any order regarding fee shifting, especially concerning fee shifting based on discovery in a separate matter in a separate case, without requiring complete and thorough briefing.

### B.    Plaintiffs cannot obtain fees from ODHS for a dispute with the Lane County Trial Court Administrator, to which ODHS was not a party.

Even if the dispute over cost sharing were not moot, plaintiff cannot obtain fee shifting based on discovery in a separate matter in a separate court that concerned a different party.  Plaintiff's proposed order incorrectly describes the probate proceedings.  Plaintiff asserts that "DOJ Trial Division…objected" to the Conservator's probate subpoenas to both the Lane County Juvenile Court and ODHS.  (Rizzo Decl. Ex. 1)  This is a misleading and inaccurate legal description.  The Oregon Department of Justice ("DOJ") (including its attorneys in the Trial Division) represents all State agencies by operation of statute.  ORS 180.060.  DOJ is legal

_____

[7] The cost sharing discussed at the hearing was contingent on plaintiff producing documents.  (*See* Tr. 155:23-25 ("But if [state defendants] want [the documents] through you [plaintiff], then you get to explain to me how I'm going to order a cost sharing.").

**Page 7 –    DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO ENTER ORDER RE THE SEPTEMBER 8, 2023 DISCOVERY CONFERENCE**

counsel, not a party, for the purposes at issue here and does not "object" to subpoenas; a subpoenaed party objects to the subpoena. The actual parties that received the subpoenas plaintiff describes were the Lane County Trial Court Administrator,[8] as statutory custodian of the Lane County Juvenile Court records, and ODHS. With respect to ODHS, the Conservator issued two separate probate subpoenas, and ODHS did not object to the first subpoena.

The objections plaintiff complains of in Paragraph 14 of his proposed order were primarily the objections of the Lane County Trial Court Administrator, not ODHS. ODHS was not a party to the proceedings concerning the Conservator's subpoena of the juvenile court record and did not (and could not have) taken any position on a subpoena in a probate case for records of a separate agency.

**C.      Plaintiff's demand for fee shifting would raise significant legal and factual issues, were it not already moot.**

ODHS is before this Court as the defendant in a tort and civil rights action. The Court does not have the authority to order fee shifting arising out of discovery costs incurred by plaintiff in a separate matter in a separate court, and no activity has occurred in this matter that would justify a cost award. The Court should, therefore, reject Paragraphs 14, 15, and 16 of plaintiff's proposed order.

State Defendants have not issued a subpoena or otherwise attempted to obtain the juvenile court records, and any briefing on this issue is premature.

///

///

///

---

[8] For purposes of this fact summary, the Lane County Trial Administrator is part of the Oregon Judicial Department, an agency of the State of Oregon.

**Page 8 –     DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO ENTER ORDER RE THE SEPTEMBER 8, 2023 DISCOVERY CONFERENCE**

## CONCLUSION

For the foregoing reasons, the Court should deny plaintiff's Motion to Enter Order (Dkt.

No. 81) and, instead, enter the State Defendants' proposed order.

DATED: October 24, 2023          MARKOWITZ HERBOLD PC


*s/ Hannah K. Hoffman*
Lauren F. Blaesing, OSB #113305
LaurenBlaesing@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Alexandra L. Rhee, OSB #230770
AlexRhee@MarkowitzHerbold.com
*Special Assistant Attorneys General for State*
*Defendants and Third-Party Plaintiff*

Hannah K. Hoffman, OSB #183641
HannahHoffman@MarkowitzHerbold.com
*Of Attorneys for State Defendants and Third-Party*
*Plaintiff*

Jill Schneider, OSB #001619
Jill.Schneider@doj.state.or.us
Nicholas Mancuso, OSB #151262
Nicholas.Mancuso@doj.state.or.us
*Of Attorneys for State Defendants and Third-Party*
*Plaintiff*

2055962.2

**Page 9 –    DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO ENTER**
**ORDER RE THE SEPTEMBER 8, 2023 DISCOVERY CONFERENCE**