**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Alexandra L. Rhee, OSB #230770**
AlexRhee@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085
*Special Assistant Attorneys General for State Defendants*
*and Third-Party Plaintiff*
*Additional Counsel of Record Listed on Signature Page*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI, | Case No. 6:22-cv-01813-MK |
| Plaintiff, | **STATE DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S DISCOVERY ORDER (DKT. NO. 92)** |
| v. | |
| KIM CHAPMAN, in her individual capacity; ANASTASIA TIBBETTS, in her individual capacity; KASSIDY O'BRIEN, in her individual capacity; ERIN LANE, in her individual capacity; THE OREGON DEPARTMENT OF HUMAN SERVICES, a government agency; and JANE and JOHN DOES 1-5; in their individual and/or official capacities, | |
| Defendants. | |
| OREGON DEPARTMENT OF HUMAN SERVICES, | |
| Third-Party Plaintiff, | |
| v. | |
| JOE ALBERT RAYGOSA, | |
| Third-Party Defendant. | |

**Page 1 –    STATE DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S
              DISCOVERY ORDER (DKT. NO. 92).**

On October 30, 2023, Magistrate Judge Mustafa Kasubhai issued an order ("the Order"), following briefing by the parties, in which he directed the parties to confer on sharing costs incurred by plaintiff in a collateral matter in the Lane County Probate Court. (10/30/23 Order ¶ 18 (Dkt. No. 92).) Federal courts have no authority to order federal litigants to pay for discovery costs incurred in a separate matter in a state court. The Order, as it relates to cost sharing, is clearly erroneous and contrary to law, and this Court should vacate that portion of the Order.

<strong>STANDARD OF REVIEW</strong>

In accordance with Rule 72(a), "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." Fed. R. Civ. P. 72(a). The standard of review for an order with objections is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A) (applying the "clearly erroneous or contrary to law" standard of review for non-dispositive motions). If a ruling on a motion is not determinative of "a party's claim or defense," it is not dispositive and, therefore, is not subject to de novo review as are proposed findings and recommendations for dispositive motions under 28 U.S.C. § 636(b)(1)(C).

The "clearly erroneous" standard applies to findings of fact. *See Nationstar Mortg., LLC v. Decker*, No. 3:13-cv-1793-PK, 2015 WL 519884, at *1 (D. Or. Feb. 9, 2015) (Simon, J.) (citations omitted). A finding is "clearly erroneous" if the district judge is left with a "definite and firm conviction that a mistake has been committed." *Id*. (citing *Burdick v. Comm'r Internal Revenue Serv.*, 979 F.2d 1369, 1370 (9th Cir. 1992)). The "contrary to law" standard applies to conclusions of law and allows for de novo review. *Id*. (citing *Calderon v. Experian Info. Solutions, Inc.*, 290 F.R.D. 508, 511 (D. Idaho 2013) ("The clearly erroneous standard applies to

**Page 2 –     STATE DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S**
**                DISCOVERY ORDER (DKT. NO. 92).**

the magistrate judge's findings of fact, while legal conclusions are reviewable de novo to determine whether they are contrary to law."). "A decision is contrary to law if it applies the wrong legal standard or neglects to consider all elements of the applicable standard." *Id.* (cleaned up).

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is the conservator for a minor child, J.C., who was in the care of the Oregon Department of Human Services ("ODHS") between 2016 and 2019. Plaintiff alleges that Joe Raygosa, one of J.C.'s resource (foster) parents from 2016 to 2017, sexually abused her. The conservator brings claims under 42 U.S.C. § 1983, as well as state law negligence claims, against ODHS and individual ODHS employees Kim Chapman, Anastasia Tibbets, Kassidy O'Brien, and Erin Lane (collectively, the "State Defendants"), seeking $15,000,000 in noneconomic damages and $5,000,000 in punitive damages.

## I.    Prior State Court Action

In 2021, plaintiff initiated a state court probate proceeding in the Lane County Probate Court to be appointed conservator of J.C. in order to investigate and pursue claims on her behalf. (Decl. of Lauren Blaesing in Supp. of State Defs.' Obj. to Magistrate Judge's Disc. Order ("Blaesing Decl.") Ex. 1.) The probate court appointed plaintiff, (Blaesing Decl. Ex. 2), who subsequently served subpoenas *duces tecum* in the probate matter to ODHS, the Lane County Juvenile Court, and Kids FIRST, a nonprofit in Eugene providing services to child witnesses and crime victims. (Blaesing Decl. Exs. 3-5.)

The conservator received documents in response to all subpoenas. Kids FIRST required the conservator to enter into a protective order that would comply with the requirements of the Health Insurance Portability and Accountability Act. (Blaesing Decl. Ex. 6.) Kids FIRST then produced the requested documents.

The Lane County Juvenile Court[1] moved to quash the subpoena or, in the alternative, to determine the scope of the conservator's access to the records on the basis that Oregon law required the conservator to follow the statutory procedure set out in ORS 419A.258 in order to obtain the juvenile court documents, and that he could not circumvent that procedure by serving a subpoena. (Blaesing Decl. Ex. 7.) The probate court denied the motion to quash. (Blaesing Decl. Ex. 8.) Following the Court's denial, the Lane County Juvenile Court produced documents to the conservator.

The conservator issued two subpoenas to ODHS. (Blaesing Decl. Exs. 3-4.) In response to the first subpoena in 2021, ODHS required that the conservator obtain a protective order. Counsel for ODHS and the conservator conferred on the terms of a protective order and the scope of production. (Blaesing Decl. Ex. 9.) ODHS produced documents in response to the subpoena and under the protective order and did not move to quash the subpoena. The conservator issued a second subpoena to ODHS at the same time it filed this action in November 2022. (Blaesing Decl. Ex. 4.) ODHS moved to quash that subpoena on the basis that it was duplicative of discovery that the conservator would seek in the federal case. (Blaesing Decl. Ex. 10.) The probate court denied that motion. (Blaesing Decl. Ex. 11.) Following the probate court's denial, ODHS produced additional documents in the probate action.

## II.     This Federal Court Action

On July 26, 2023, State Defendants served their First Request for Production  in this lawsuit to plaintiff—the conservator. (Blaesing Decl. Ex. 12.) That RFP contained two requests,

---

[1] Plaintiff directed the subpoena to the Lane County Juvenile Court. The Lane County Trial Court Administrator ("TCA") is the statutory custodian of juvenile court records pursuant to Or. Rev. Stat. § 8.225 and for administrative purposes is part of the Oregon Judicial Department ("OJD"). The TCA appeared in response to the subpoena. For simplicity, this filing refers solely to the "Lane County Juvenile Court" as shorthand for OJD and the TCA.

**Page 4 –     STATE DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S
             DISCOVERY ORDER (DKT. NO. 92).**

the first of which ("the First RFP"), sought the documents the conservator had obtained from Kids FIRST, the Lane County Juvenile Court, and ODHS in the state court probate matter. Plaintiff objected and refused to produce the documents. (Blaesing Decl. Ex. 13.) The matter came before the magistrate judge during a discovery hearing on September 8, 2023, in which the magistrate judge stated that the requested documents were discoverable. (Tr. at 153:7-8, 153:22-23; 160:13-15 (Dkt. No. 78).) During that hearing, plaintiff raised the issue of the conservator's costs related to the subpoenas in the state court probate matter, and counsel for plaintiff contended that it would be unfair to order plaintiff to produce the requested documents to State Defendants in this federal matter at no cost. (Tr. 137:6-22, 155:11-16.)

The magistrate judge directed the parties that if State Defendants wanted to obtain the documents through their First RFP, they must share the costs plaintiff incurred in the state court probate matter. (Tr. 160:13-16.) State Defendants subsequently withdrew their First RFP. Following the September 8 hearing, each of the parties submitted proposed orders reflecting the magistrate judge's rulings on several discovery issues. Plaintiff submitted a proposed order with language directing the parties to confer on a cost sharing arrangement for the documents produced in the state court probate matter. (Decl. of Steven Rizzo in Supp. of Mot. to Enter Order re: the Sept. 8, 2023 Disc. Conf. Ex. 1 at 6 (Dkt. No. 82).) That proposed order did not reflect the fact that State Defendants had withdrawn their First RFP. (*Id.*) State Defendants' proposed order did reflect this fact, and it stated that the cost-sharing issue was therefore moot. (Proposed Order at 7, attached as Exhibit 1 to Decl. of Lauren Blaesing in Supp. of Defs.' Resp. to Pl.'s Mot. to Enter Order re: the Sept. 8, 2023 Disc. Conf. (Dkt. No. 90-1).) State Defendants' briefing clarified the history surrounding the probate subpoenas. (Defs.' Resp. to Pl.'s Mot. to Enter Order re: the Sept. 8, 2023 Disc. Conf. at 7-8 (Dkt. No. 89).)

**Page 5 –     STATE DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S DISCOVERY ORDER (DKT. NO. 92).**

The magistrate judge then issued the Order. (Dkt. No. 92.) The Order acknowledged that State Defendants had withdrawn their First RFP but still ordered the parties to confer on cost sharing arising out of the state court probate matter, even though State Defendants were no longer seeking *any* of the documents *from* plaintiff. (*Id*. ¶ 18.)

### SUMMARY OF THE OBJECTIONS

The Order appears to direct the payment of costs arising out of the state court probate matter—the logical implication of its order to confer on related cost sharing—while at the same time acknowledging that the basis for such an order is moot. The Order is therefore vague, contradictory, and impossible to comply with. State Defendants cannot comply with an order that requires them to confer about cost sharing for a request for production that the same order acknowledges they have withdrawn.

In addition, the magistrate judge lacks the authority to order State Defendants to share the subpoena-related costs in the separate state court action, particularly to the extent that the costs relate to the positions taken by the Lane County Juvenile Court. State Defendants are aware of no law that would allow a federal court to order cost sharing for costs a party incurred conducting discovery in a separate state court matter, and none exists in the Federal Rules of Civil Procedure or the local rules of this Court. The decision whether to order cost sharing for document production in the state court probate matter was within the sole authority of the state probate court. Because State Defendants in this matter are no longer requesting any documents from plaintiff that plaintiff obtained in the state court probate matter—which the Order expressly acknowledges—the magistrate judge also has no authority to order cost sharing for discovery occurring in this matter.

**Page 6 –    STATE DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S DISCOVERY ORDER (DKT. NO. 92).**

**OBJECTIONS**

**I.    The Order is vague and contradictory, to the extent that it is impossible for State Defendants to comply with it.**

As noted above, the Order acknowledged that State Defendants withdrew their First RFP.

Paragraph 15 of the Order states:

> Following the hearing held on September 8, 2023, State Defendants withdrew their First Request for Production, Request No. 1, *so the issues discussed at the hearing regarding Plaintiff's objections to this request are moot*.

(Order at 5 (emphasis added).)

Paragraph 18 of the Order, however, requires State Defendants to confer about cost sharing regarding the same RFP that the court acknowledges in Paragraph 15 that State Defendants withdrew:

> In connection with defendants' First Request for Production, the parties shall confer regarding: (i) a cost sharing arrangement whereby defendants compensate the Conservator for the efforts spent in obtaining the documents; and (ii) whether the filing of this action constitutes a waiver of J.C.'s juvenile law privilege. In the event the parties cannot reach agreement, they shall return to the Court to seek guidance.

(*Id*. at 6.)

Paragraph 18 must be read together with Paragraph 15, which acknowledges that State Defendants withdrew their First RFP.  Indeed, the magistrate judge states in Paragraph 15 that "the issues discussed at the hearing regarding Plaintiff's objections to this request are moot." Paragraph 18 contradicts Paragraph 15 because State Defendants cannot confer regarding cost sharing when there will be no costs to share because State Defendants have withdrawn the only relevant RFP.

The Order also conflicts with the magistrate judge's statements during the September 8, 2023, discovery hearing in which the court told the parties that cost sharing was appropriate only

**Page 7 –    STATE DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S DISCOVERY ORDER (DKT. NO. 92).**

if State Defendants sought the subpoenaed documents through an RFP. (Tr. at 155:23-25, 160:13-16.) This Court should vacate Paragraph 18 because it contradicts Paragraph 15, and it is impossible for State Defendants to follow.

**II.    The magistrate judge lacked authority to award cost sharing arising out of motion practice in the Lane County Probate Court.**

A court must have some legal basis to award costs, fees, or sanctions. Assuming that Paragraph 18 orders cost sharing regardless of whether State Defendants withdrew their First RFP, the Order does not cite to any rule or authority that would provide a basis for the cost award in this case. Regardless, none of the theoretically available avenues for a cost award apply here, and the Order is clearly erroneous and contrary to law.

None of the bases that the Federal Rules of Civil Procedure provide for a court to award discovery-related expenses, fees, or costs apply to this case, nor did plaintiff make such an argument on the record.

Federal Rule of Civil Procedure 37: Plaintiff's state court probate subpoenas do not fall within the scope of Rule 37. That rule allows a court to award expenses arising out of discovery in some circumstances: expenses arising out of a motion to compel, FRCP 37(a)(5), failing to obey a court order, FRCP 37(b)(2)(C), failing to disclose or admit, FRCP 37(c)(1)-(2), failing to attend a deposition, FRCP 37(d)(3), failing to respond to interrogatories, *id.*, failure to respond to a request for production, *id.*, and failing to submit a Rule 26(f) discovery plan, FRCP 37(f). None of these circumstances apply here.

Federal Rule of Civil Procedure 45: This rule governs subpoenas and motions to quash, but only those issued pursuant to Rule 45.[2] It does not provide authority for a court to award fees

---

[2] The conservator's subpoenas in the state court probate matter were issued pursuant to Oregon Rule of Civil Procedure 55.

**Page 8 –    STATE DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S DISCOVERY ORDER (DKT. NO. 92).**

or sanctions arising out of a motion to quash, much less from a subpoena in a different matter in a state court. [3]

Because the Federal Rules do not provide a basis for the magistrate judge to order State Defendants to share plaintiff's separate costs in the state court probate matter, the Order is contrary to law.

Furthermore, the purpose of shifting the cost of production under the federal rules is to "protect *the responding party* from 'undue burden or expense.'" *Peskoff v. Faber*, 251 F.R.D. 59, 61 (D.D.C. 2008) (cleaned up, emphasis added, quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978).) State Defendants have withdrawn their First RFP and thus plaintiff is not a responding party in this matter. And plaintiff *issued* the subpoenas in the state court probate matter. There is no authority for the federal court to order State Defendants here to share the cost of plaintiff's subpoenas in a separate state court probate matter.

Investigating potential claims on behalf of J.C. was one of the core functions of the conservator. Issuing subpoenas is a key activity of that function. The federal court has no authority to order State Defendants in this matter to assume the costs of the probate conservatorship, which included litigating the legal merits of the subpoenas if the subpoenaed parties moved to quash, as allowed under Oregon Rule of Civil Procedure 55 A(7)(b). Moreover, to the extent that the facts of the probate proceeding are in the record before this Court, the probate court record reflects that plaintiff's arguments regarding costs principally concern the legal position taken by the Lane County Juvenile Court, which is not a party in this federal matter at all. For these reasons, the Order is clearly erroneous.

---

[3] Federal Rule of Civil Procedure 54 is an additional basis for a court to award fees and costs following the entry of a final judgment. However, it does not govern the award of discovery-related costs and is irrelevant to the issue currently before the Court.

**Page 9 –     STATE DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S DISCOVERY ORDER (DKT. NO. 92).**

## CONCLUSION

For the reasons stated above, this Court should vacate Paragraph 18 of the Order, (Dkt.

No. 92), on the grounds that it is clearly erroneous and contrary to law.

DATED: November 13, 2023      MARKOWITZ HERBOLD PC

*s/ Hannah K. Hoffman*
Lauren F. Blaesing, OSB #113305
LaurenBlaesing@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Alexandra L. Rhee, OSB #230770
AlexRhee@MarkowitzHerbold.com
*Special Assistant Attorneys General for State
Defendants and Third-Party Plaintiff*

Hannah K. Hoffman, OSB #183641
HannahHoffman@MarkowitzHerbold.com
*Of Attorneys for State Defendants and Third-Party
Plaintiff*

Jill Schneider, OSB #001619
Jill.Schneider@doj.state.or.us
Nicholas Mancuso, OSB #151262
Nicholas.Mancuso@doj.state.or.us
*Of Attorneys for State Defendants and Third-Party
Plaintiff*

2059834.4

**Page 10 –   STATE DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S
DISCOVERY ORDER (DKT. NO. 92).**