Steven Rizzo, OSB # 840853
Mary D. Skjelset, OSB # 075840
Rizzo Bosworth Eraut, PC
1300 SW Sixth Avenue, Suite 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630
srizzo@rizzopc.com
mskjelset@rizzopc.com

ATTORNEYS FOR PLAINTIFF LEVI

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>          Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al ,<br><br>          Defendants. | CASE NO. 6:22-cv-01813-MK<br><br><br>PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE THE AMENDED ANSWER |
| OREGON DEPARTMENT OF HUMAN SERVICES,<br><br>          Third Party Plaintiff,<br><br>v.<br><br>JOE ALBERT RAYGOSA,<br><br>          Third Party Defendant. | |

**INTRODUCTION**

The defendants fail to establish good cause to delay filing the Amended Answer, as ordered, on November 9, 2023, and they fail to meet the requirements necessary for a motion for leave to amend. The Court should therefore deny the defendants' motion to extend time to file the

1 – PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE THE AMENDED ANSWER



RIZZO | BOSWORTH | ERAUTᴘᴄ
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

Amended Answer and also deny the alternative motion to file a motion for leave to file an amended answer. Fed. R. Civ. P. 6 and 16, the pleadings, papers, and correspondence on file, and the Declaration of Steven Rizzo ("Decl.") support the Response.

## RELEVANT BACKGROUND

### *The Amended Answer re interrogatory #3 and fifth affirmative defense*

**January 30, 2023:**  The defendants admitted that "[t]hroughout their [J.C.'s and Z.C.'s] confinement, DHS had failed to disclose and/or obfuscated notice and knowledge of the concerns in the Duncan-Raygosa home." (Defs.' Answer, ECF 19, ¶ 26, admitting ¶ 61 of the Complaint, ECF 1). [1] **May 5, 2023:** Plaintiff's interrogatory # 3 requested that defendants identify those concerns and the DHS worker(s) and supervisor(s) who knew of them, and explain the reason why the worker(s) and supervisor(s) failed to disclose and/or obfuscated their notice and knowledge. (ECF 52 at 5). **May 10, 2023:** The Court set discovery and dispositive motions deadlines at the Rule 16 conference. (ECF 38).

**June 13, 2023:** The defendants claimed that their admission of ¶ 61, was "in error." (Decl., Ex. 1). **June 14, 2023:** The defendants Motion for Leave to Amend under Rule 15 sought to "correct[] several scrivener's errors in the original Answer," and attached a proposed amended answer. (ECF 45 and 46, respectively). **June 26, 2023**: Markowitz Herbold defense attorneys appeared as Special Assistant Attorney Generals. (ECF 48 and 49). **June 28, 2023:** Plaintiffs' Response requested that the Court grant the defendants' Motion for Leave, subject to an order compelling the defendants to answer interrogatory # 3. (ECF 51 at 7). **July 11, 2023:** The Court ordered the defendants *inter alia* to "identify to Plaintiff the concerns . . . and . . . all DHS workers and supervisors who knew of any such concerns." (ECF 56).[2]

---

[1] Paragraph 61 alleges as follows:  "Throughout their [J.C. and Z.C.] confinement, DHS had failed to disclose and/or obfuscated notice and knowledge of the concerns in the Duncan-Raygosa home." (ECF 1 at 10).

[2] The Court also ordered the parties "to make substantial progress on resolving these issues" prior to the August 3, 2023 status conference. (*Id.*).

2 –  PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE THE AMENDED ANSWER



RIZZO | BOSWORTH | ERAUT pc

1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

**September 5, 2023:** The defendants reported that they (i) "undertook additional internal fact-finding and supplemented their response" to interrogatory # 3 on September 1, and (ii) "will withdraw their fifth affirmative defense [failure to state a claim for relief] in their subsequently filed amended answer." (Joint Status Report, ECF 42 at 41-42). **September 8, 2023:** The defendants were ordered to file the Amended Answer within 10 days of the date of entry of the order. (*See* ECF 85, **10/16/23** Order, at 3-4).

**October 17, 2023:** The Court withdrew the October 16 Order (ECF 85) in response to defense counsel's email. (ECF 86). **October 24, 2023:** The defendants' Response to Plaintiff's Motion to Enter Order re the September 8, 2023 Discovery Conference did not propose additional amendments to the Amended Answer. **October 30, 2023:** The Court again ordered the defendants to file the Amended Answer within 10 days of the entry of the Order, i.e., November 9, 2023. (ECF 82).

### *"Some proposed additional amendments"*

**November 7, 2023:** The defendants announced as follows:

> In the course of discovery, [we] have identified *evidence necessitating additional* amendments to the answer. We are currently reviewing *that evidence* and preparing *some proposed additional* amendments. Consequently, in lieu of filing the amended answer on November 9, we intend to move the Court for an *extension* until November 29 to file a *new* motion for leave to file an amended answer. We will confer with you on the proposed amendments before filing *that motion*. For now, however, we seek only an extension of the time set forth in the Court's October 30 Order (ECF 92). Can you please let us know your position on our motion for extension?

(Decl., Ex. 1) (emphasis added). Plaintiff asked the defendants to identify the *evidence necessitating some proposed additional* amendments to better understand the sudden need for an extension of time to file a *new* motion for leave. (*Id*.). **November 8, 2023:** The defendants claimed that Plaintiff's request "implicates work product"; Plaintiff asked to confer by phone. (*Id*.).

**November 9, 2023:** During the conferral**,** Plaintiff encouraged the defendants to file the Amended Answer, as ordered, and then seek leave to offer other *proposed additional* amendments at a later date. This approach would respect the November 9 deadline and also allow parties to



confer – meaningfully – on any substantive amendments. However, the defendants insisted on Plaintiffs' acquiescence to the extension without identifying any *evidence* and refused to disclose even the general nature of any *proposed additional* amendments.[3] (*Id.*).

## STANDARDS

Rule 6(b)(1) provides that "[w]hen an act may or must be done within a specified time, the court may, for *good cause*, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." *Id.* (emphasis added). *See also Johnson v. Mammoth Recreations,* 975 F.2d 604, 607-08 (9th Cir. 1992) (Once the district court files a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for amending pleadings "that rule's standards control.").

## ARGUMENT

### A.    *Deny the Motion to extend*

The defendants have failed to establish good cause to delay filing the Amended Answer.

*First,* the defendants discerned an alleged scrivener's error in June 2023, and supplied a proposed amended answer to withdraw their admission of ¶ 61. In September 2023, the defendants opted to withdraw their fifth affirmative defense rather than specify any apparently insufficient claim. The defendants made no mention of other proposed amendments. Both the October 16 and October 30 Orders specified a 10-day deadline to file the Amended Answer to address these discrete issues. The defendants had ample opportunity to propose additional amendments; they did not do so.

The defendants waited until November 7 to casually request an extension to delay filing the Amended Answer on November 9. The conferral on November 9 was baffling: Although the defendants claimed to have identified *evidence*, which apparently *necessitates some proposed additional* amendments, they refused to identify the *evidence* or advise whether it is responsive to

---

[3] The parties did not confer about the alternative motion to file a motion for leave. (Decl.).

4  –  PLAINTIFF'S  RESPONSE  TO  DEFENDANTS'
MOTION FOR EXTENSION OF TIME TO FILE THE
AMENDED ANSWER



RIZZO | BOSWORTH | ERAUT PC

1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

an extant request for production. Similarly, the defendants recoiled from listing any *proposed additional* amendments, or advising whether *some* or any such amendments consist of, e.g., new facts, new parties, new claims for relief, new defenses, and/or newly restyled defenses. The defendants also failed to explain why it had become suddenly necessary to incorporate *some proposed additional* amendments into the Amended Answer. Yet, it is in this vacuum that the defendants sought to obtain what amounted to Plaintiff's uninformed consent. The defendants' strategic avoidance undermined the purpose of the conferral,[4] and it did not provide good cause to conflate *some proposed additional* amendments designed to unfairly surprise Plaintiff with timely filing the Amended Answer.

*Second,* the defendants' mention of the documents review process does not establish good cause. For example, whereas the defendants claimed that the identified *evidence* somehow implicates work product, the Motion omits mention of either term. And, the defendants do not explain how *some proposed additional* amendments constitute attorney work product. Instead, the defendants argue obliquely that they need additional time "to further amend their answer to conform with this discovery and ongoing investigation." (ECF 93 at 3). But this is circular reasoning, i.e., "this discovery" justifies the conformance and *vice versa.* In reality, use of phraseology such as "this discovery" does not establish good cause.

*Third,* unsurprisingly, the defendants declined to provide a supporting Declaration along with the Motion. As a result, the defendants' auxiliary argument that "good cause exists here" to delay filing the Amended Answer defaults to the Ninth's Circuit's "strong policy in favor of amendment," i.e., to the law itself. This argument is strained. *Thomas-Lazear,* cited by the defendants, provides that the "denial of leave to amend is 'strictly' reviewed in light of strong policy permitting amendment." 851 F.2d at 1219. But there is no properly supported motion for

---

[4] *See Wanke Cascade Distrib. v. Forbo Flooring, Inc.,* 2015 U.S. Dist. LEXIS 51589 * 9 (D. Or. 2015) ("The purpose of Local Rule 7-1 is to encourage parties to confer and resolve disputes amicably whenever possible, thus preserving judicial resources for only those disputes that truly require court intervention.").

5 – PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE THE AMENDED ANSWER


RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

leave to amend pending before the Court; and the question presented is whether the defendants' have established good cause to delay filing the Amended Answer. They have not done so.

**B.**    ***Deny the alternative motion to file a motion for leave***

The defendants are not moving for leave to amend under Rule 15. If they were, such a motion must "describe the proposed changes." LR 15-1(a)(2). The defendants refrain from describing even the general nature of the "proposed changes," much less attach a "copy of the proposed amended or amended pleading that shows – through redlining, underlining, strikeouts, or other similarly effective methods – how the amended pleading differs from the operative or superseded pleading." *See* LR 15-1(b). Indeed, the defendants are seen as dodging these descriptive requirements.

## CONCLUSION

The Court should deny the Motion to extend and require the defendants to file the Amended Answer forthwith – without any *proposed additional* amendments – as they were ordered to do. The Court should also deny the alternative motion for a motion for leave to file an amended answer.

Dated: November 16, 2023.

RIZZO BOSWORTH ERAUT PC

By:  /s/  *Steven Rizzo*
Steven Rizzo OSB # 840853 (he/him/his)
Mary D. Skjelset OSB # 075840 (she/her/hers)
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Suite 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630

ATTORNEYS FOR PLAINTIFF LEVI

6 – PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE THE AMENDED ANSWER



UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>       Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al ,<br><br>       Defendants.<br><br>OREGON DEPARTMENT OF<br>HUMAN SERVICES,<br><br>       Third Party Plaintiff,<br><br>v.<br><br>JOE ALBERT RAYGOSA,<br><br>       Third Party Defendant. | CASE NO. 6:22-cv-01813-MK<br><br><br>**CERTIFICATE OF SERVICE** |

I am employed by the law firm of Rizzo Bosworth Eraut PC in Portland, Oregon. I am over the age of eighteen years and not a party to the subject cause. My business address is 1300 SW Sixth Avenue, Suite 330, Portland, OR 97201.

On the date below, I caused to be served on all parties in this action by transmitting a true copy thereof**: Response to Defendants' Motion for Extension of Time to File Amended Answer and Alternative Motion to File a Motion for Leave to File an Amended Answer**

<u>**VIA ECF**</u>

| | |
|---|---|
| **Jill Schneider**<br>**Nicholas S. Mancuso**<br>**Oregon Department of Justice**<br>**100 SW Market Street**<br>**Portland, OR 97201**<br>**Ph. 971-673-1880**<br>**Fax: 971-673-5000**<br>**Email: <u>jill.schneider@doj.state.or.us</u>**<br>**Email: <u>nicholas.mancuso@doj.state.or.us</u>**<br>*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services* | Lauren Blaesing<br>Harry B. Wilson<br>Alexandra Rhee<br>Markowitz Herbold PC<br>1455 SW Broadway<br>Ste. 1990<br>Portland, OR. 97201<br>Ph: 503-295-3085<br>Email: <u>laurenblaesing@markowitzherbold.com</u><br>Email: <u>harrywilson@markowitzherbold.com</u><br>Email: <u>alexrhee@markowitzherbold.com</u><br>*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services* |

Dated this 16th day of November, 2023.

                   *s/ Cheridan Carr*
                   Cheridan Carr
                   Paralegal

1- Certificate of Service