**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Alexandra L. Rhee, OSB #230770**
AlexRhee@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085
*Special Assistant Attorneys General for State Defendants*
*and Third-Party Plaintiff*
*Additional Counsel of Record Listed on Signature Page*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI, | Case No. 6:22-cv-01813-MK |
| Plaintiff, | **REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE AMENDED ANSWER** |
| v. | |
| KIM CHAPMAN, in her individual capacity; ANASTASIA TIBBETTS, in her individual capacity; KASSIDY O'BRIEN, in her individual capacity; ERIN LANE, in her individual capacity; THE OREGON DEPARTMENT OF HUMAN SERVICES, a government agency; and JANE and JOHN DOES 1-5; in their individual and/or official capacities, | |
| Defendants. | |
| OREGON DEPARTMENT OF HUMAN SERVICES, | |
| Third-Party Plaintiff, | |
| v. | |
| JOE ALBERT RAYGOSA, | |
| Third-Party Defendant. | |

**Page 1 –  REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE AMENDED ANSWER**

On November 7, counsel for Kim Chapman, Anastasia Tibbets, Kassidy O'Brien, Erin Lane, and the Oregon Department of Human Services ("ODHS") (collectively, "State Defendants") reached out to plaintiff to request a short and reasonable extension of 20 days to file an amended answer. State Defendants' reason was commonplace and unexceptional: They are further revising their answer based on their discovery and investigation. The Federal Rules of Civil Procedure allow a liberal policy for amendment of pleadings for just this reason, and parties frequently update their pleadings to reflect the findings of discovery and other investigation. *Int'l IP Holdings, LLC v. Green Planet, Inc.*, No. 13-13988, 2017 WL 282044, at *4 (E.D. Mich. Jan. 23, 2017) ("The Federal Rules of Civil Procedure assume a liberal policy of amendment to pleadings under Federal Rule 15, such that it is common for parties to amend their pleadings in light of materials obtained only through discovery.").

As the Ninth Circuit has made expressly clear, "[w]here . . . there is no indication of bad faith, prejudice, or undue delay, attorneys should not oppose reasonable requests for extensions of time brought by their adversaries." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1263 (9th Cir. 2010). Yet, here, plaintiff's counsel refused to agree to State Defendants' unexceptional request, forcing State Defendants to request this Court's intervention. This unnecessary opposition has resulted in a round of briefing that could have easily been avoided if plaintiff's counsel had extended ordinary professional courtesy. *See Sea-Land Serv., Inc. v. R.V. D'Alfonso Co.*, 727 F.2d 1, 3 (1st Cir. 1984) ("Short extensions of time are normal courtesies between lawyers."); Fed. R. Civ. P. 1 (Federal Rules should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

**Page 2 –    REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE AMENDED ANSWER**

As set forth in State Defendants' motion, there is good cause to grant State Defendants an extension to file an amended answer so they can update their pleading to reflect their discovery and investigation.  Despite filing a seven-page response brief, plaintiff has identified no prejudice, bad faith, or undue delay that warrants refusing a 20-day extension to file an amended answer, especially when discovery is not due to close for nearly eight months and dispositive motions will not be filed for a year.

## DISCUSSION

### I.      There is good cause to grant State Defendants' motion for extension.

State Defendants have made a simple and straightforward request.  Since filing their original motion for leave to amend their answer on June 14, 2023, (Dkt. No. 45), they have conducted additional discovery and investigation.  They wish to use that discovery and investigation to further update their Answer.  Accordingly, State Defendants seek a reasonable extension of 20 days to complete that work, present plaintiff with a proposed amendment for conferral, and, if plaintiff stipulates to the amendment, file it, and, if not, move for leave to amend.

As required by Local Rules 7-1(a) and 15-1(b), State Defendants informed plaintiff in writing that they would "provide a proposed amended answer before" filing a motion for leave to amend, so that plaintiff could see and understand State Defendants' proposed changes.[1]  (Decl. of Steve Rizzo, Ex. 1 at 2 (Dkt. No. 99).)

---

[1]  Plaintiff's assertion that "the defendants recoiled from listing any *proposed additional* amendments, or advising whether *some* or any such amendments consist of, e.g., new facts, new parties, new claims for relief, new defenses, and/or newly restyled defenses" is flatly untrue and contradicted by the email correspondence plaintiff's counsel attached to his declaration.  (Pl.'s Resp. to Defs.' Mot. for Extension of Time to File Am. Answer at 5 (Dkt. No. 98) (emphasis in original).)  On the contrary, State Defendants were clear that they *would* provide a proposed amendment when it was ready.  (Decl. of Steve Rizzo, Ex. 1 at 2.)

**Page 3 –     REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION FOR
                    EXTENSION OF TIME TO FILE AMENDED ANSWER**

State Defendants' reasonable request for additional time to complete their proposed amendments was consistent with the Ninth Circuit's liberal policy in favor of both amendments and reasonable extensions. *Thomas-Lazear v. F.B.I.*, 851 F.2d 1202, 1206 (9th Cir. 1988) (strong policy in favor of permitting amendment); *Ahanchian*, 624 F.3d at 1259 (good cause for an extension is a non-rigorous standard).

Despite Ninth Circuit policy, and without identifying any prejudice, plaintiff opposes State Defendants' reasonable and commonplace request, necessitating pages of briefing and the Court's attention.

## II.     Plaintiff's reasons for opposing State Defendants' request for an extension are meritless.

Plaintiff first contends that State Defendants have not identified any evidence necessitating amendments to their answer. (Pl.'s Resp. to Defs.' Mot. for Extension of Time to File Am. Answer ("Pl.'s Resp.") at 4-5 (Dkt. No. 98).) This contention is meritless and baffling for multiple reasons: (1) no rule or law requires a party to disclose what evidence they believe warrants an amendment to their pleading; (2) no rule or law allows an opposing counsel to inquire; and (3) an attorney's opinion about what evidence may or may not warrant an amendment to a pleading is attorney work product. *Matter of Grand Jury Subpoenas Dated Oct. 22, 1991, & Nov. 1, 1991*, 959 F.2d 1158, 1166 (2d Cir. 1992) (work product doctrine protects against inquiries designed to obtain opposing counsel's belief about what evidence is most relevant); *United States ex rel. Integra Med Analytics LLC v. Laufer*, No. 17-CV-9424(CS)(JCM), 2023 WL 4200865, at *1 (S.D.N.Y. June 27, 2023) ("Such information is not ordinarily required . . . and in this case it would reveal attorney work product: . . . counsel's thought process (which evidence the lawyers think supports particular allegations).") (citation omitted).

Page 4 –     **REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE AMENDED ANSWER**

Furthermore, as noted above, State Defendants informed plaintiff that although the identification of specific evidence or investigation that they believe warranted an amendment was work product, they would provide plaintiff with the proposed amended answer for plaintiff to review before filing. Plaintiff will have the benefit of deciding whether to stipulate to or oppose the proposed amended answer when it is ready. There is no "surprise."

Plaintiff also contends that "the defendants do not explain how *some proposed additional amendments* constitute attorney work product." (Pl.'s Resp. at 5 (emphasis in original).) But State Defendants have not argued that the proposed amendments are work product. State Defendants are going to provide plaintiff with a copy of the proposed amendments when they are ready, as required by Local Rule 15-1(b). State Defendants' legal work deciding what particular evidence or investigation warrants an amendment, however, is work product. No law or rule requires an attorney to identify what evidence or investigation informs their decision to amend a pleading.

Plaintiff has not identified any prejudice he will suffer from allowing this reasonable extension to file an amended answer; he has identified no bad faith and no undue delay. Discovery is not due to close for nearly eight months, and dispositive motions are nearly a year away. Under these circumstances, plaintiff's unreasonable opposition to State Defendants' request for a 20-day extension has resulted in unnecessary and expensive briefing and now requires the Court's intervention.

///

///

///

///

**Page 5 –     REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION FOR
                   EXTENSION OF TIME TO FILE AMENDED ANSWER**

**CONCLUSION**

For the reasons set out in State Defendants' motion and in this reply brief, the Court should grant State Defendants a 20-day extension to file their amended response to plaintiff's complaint, which would extend the deadline from November 9, 2023 to November 29, 2023.

DATED: November 20, 2023.          MARKOWITZ HERBOLD PC

s/ Lauren F. Blaesing
Lauren F. Blaesing, OSB #113305
LaurenBlaesing@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Alexandra L. Rhee, OSB #230770
AlexRhee@MarkowitzHerbold.com
*Special Assistant Attorneys General for State*
*Defendants and Third-Party Plaintiff*

Hannah K. Hoffman, OSB #183641
HannahHoffman@MarkowitzHerbold.com
*Of Attorneys for State Defendants and Third-Party*
*Plaintiff*

Jill Schneider, OSB #001619
Jill.Schneider@doj.state.or.us
Nicholas Mancuso, OSB #151262
Nicholas.Mancuso@doj.state.or.us
*Of Attorneys for State Defendants and Third-Party*
*Plaintiff*

2067003.3

**Page 6 –    REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION FOR
EXTENSION OF TIME TO FILE AMENDED ANSWER**