Mr. Steven Rizzo, OSB # 840853
Ms. Mary D. Skjelset, OSB # 075840
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Ste. 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630
srizzo@rizzopc.com
mskjelset@rizzopc.com

ATTORNEYS FOR PLAINTIFF LEVI

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>    Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al,<br><br>    Defendants. | CASE NO. 6:22-cv-01813-MK<br><br>DECLARATION OF STEVEN RIZZO IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS |
| OREGON DEPARTMENT OF HUMAN SERVICES,<br><br>    Third Party Plaintiff,<br><br>v.<br><br>JOE ALBERT RAYGOSA,<br><br>    Third Party Defendant. | |

I, Mr. Steven Rizzo, declare as follows:

1 - DECLARATION OF STEVEN RIZZO IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS



1. On behalf of Plaintiff in the above-captioned matter, I make this Declaration in support of Plaintiff's Response to Defendants' Objections.

2. In April 2020, counsel for J.C. requested child welfare records from DHS regarding DHS's certification of Duncan-Raygosa and J.C.'s abuse in care. DHS's Public Records unit did not honor the request and contended that J.C. had to pay DHS $4930 to obtain her records.

3. In February 2022, Judge Beckerman held a pre-litigation settlement conference with Conservator, DHS, and the Oregon Department of Administrative Services ("DAS"). There was no settlement and I understood that DOJ Trial Division Assistant Attorney General ("AAG-TD") Ms. Jill Schneider, attended by phone.

4. Ms. Schneider and Ms. Elleanor Chin work in DOJ-TD. Both have appeared in foster care abuse cases brought by the undersigned against DHS and DHS officials.

5. Attached as Exhibit 1 are relevant excerpts from the transcript of the September 9, 2023 hearing before the Honorable Judge Kasubhai.

6. Attached as Exhibit 2 is a true and accurate copy of correspondence between the parties dated November 20, 2023.

7. Attached as Exhibit 3 is a true and accurate copy of correspondence from Ms. Alexander Hilsher of regarding Kids FIRST's response to the subpoena issued by the defendants.

**I declare under penalty of perjury that the foregoing is true and correct**.

Dated: November 28, 2023.

By: */s/ Steven Rizzo*
Mr. Steven Rizzo

2 - DECLARATION OF STEVEN RIZZO IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS



RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ETHAN LEVI,                          )
                                     )
                    Plaintiff,       )  Case No. 6:22-cv-01813-MK
                                     )
              v.                     )
                                     )  September 8, 2023, 9:06 AM
KIM CHAPMAN, in her                  )
individual capacity; ANASTASIA       )
TIBBETTS, in her individual          )
capacity; KASSIDY O'BRIEN, in        )
her individual capacity; ERIN        )
LANE, in her individual              )
capacity; OREGON DEPARTMENT OF       )
HUMAN SERVICES, a government         )
agency; JANE AND JOHN DOES 1-5,      )
in their individual and/or           )
official capacities,                 )
                                     )
              State Defendants.       )
_____ )
                                     )
OREGON DEPARTMENT OF HUMAN           )
SERVICES,                            )
                                     )
       Third-Party Plaintiff,        )
                                     )
              v.                     )
                                     )
JOE ALBERT RAYGOSA,                  )
                                     )
       Third-Party Defendant.        )
_____ )

ORAL ARGUMENT

TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE MUSTAFA T. KASUBHAI

UNITED STATES MAGISTRATE JUDGE

Exhibit 1
Page 1 of 14

THE COURT: Okay.

MR. RIZZO: So...

THE COURT: So you're kind of in the same position that DHS is, which is are you waiting for my order?

MR. RIZZO: No.

THE COURT: Okay.

MR. RIZZO: No.

THE COURT: All right.

MR. RIZZO: And --

THE COURT: So you're going to -- yeah -- so you have an argument against it, other than just asking for my court order to do so.

MR. RIZZO: I do.

THE COURT: All right. So let me hear from Mr. Rizzo so I have a better understanding of the context. Because I -- this is -- this is where you maybe argue, very simplistically, what's good for the goose is good for the gander, Ms. Hoffman.

So help me understand why it isn't.

MR. RIZZO: I'm going to try, Judge.

THE COURT: Okay.

MR. RIZZO: So we prepare releases for information, as I've laid out in our response. We get resistance, very much like the Court is seeing today. And nothing happens. We don't get records. The releases are not honored.

THE COURT: From?

Exhibit 1
Page 2 of 14

MR. RIZZO:  DHS.

THE COURT:  Okay.

MR. RIZZO:  So we get a variety of public records law, objections, provisions, and a request to pay significant money for the agency to, quote, "gather" information.

So we spent thousands of dollars appointing a conservator, getting letters of conservatorship.  There's separate lawyers involved, as I've laid out, in the conservatorship.  The conservator is appointed by Lane County Probate Court.  The conservator obtains subpoena power.  So we are now in a position, along with J.C.'s attorney -- and J.C.'s attorney issued the subpoena to Kids FIRST.  We issued a subpoena to the Lane County Juvenile Court.

Records were produced by Kids FIRST and its lawyer.  And Ms. Uranga, who was J.C.'s attorney -- we were also involved, obviously, in the protective order -- provides that the documents are to be protected in the terms of those orders.

This motion to compel just makes a passing reference to the orders and just concludes there's nothing there that would prevent our firm -- Plaintiff -- from producing documents that were produced by Kids FIRST in the conservatorship.

Again, this is something they want for free.  Something that the Court understands they can get.  They don't deny they can -- they can't request it.  And we believe most recently -- I'm just going to stick with Kids FIRST for a moment -- we

Exhibit 1
Page 3 of 14

believe most recently that they've had people who have seen J.C.'s video of the DMP -- the designated medical professional -- review of her. Sickening. They've seen that. They may even have it. That I don't know yet. But I'm confident, based on what we know now and learned very recently, they have that.

THE COURT: And you incurred these costs because DHS said you've got to go through the public records process?

MR. RIZZO: Right. You just end up in an endless --

THE COURT: And how much did it cost? You said thousands of dollars.

MR. RIZZO: Right. I mean, that's just part one. Then we serve a subpoena to LCJC -- Lane County Juvenile Court -- and guess who appears on behalf of Lane County Juvenile Court? A DOJ Trial Division colleague of Ms. Schneider. And that attorney --

THE COURT: But that's because DOJ would represent --

MR. RIZZO: Normally the OJD -- right -- handles that. But, for some reason, DHS's lawyer appeared. Same thing -- multiple objections trying to funnel the conservator's subpoena request into the juvenile court itself. Okay?

THE COURT: So what do the protective orders say? That you can't -- you cannot produce this in litigation?

MR. RIZZO: I'm getting there.

THE COURT: Oh.

Exhibit 1
Page 4 of 14

confidential file, known as the social file; and then we subpoenaed the FTRs.  And that's what we fought about in that case.  And then, ultimately, as I said, probate court rules in our favor.  And it turns out that the DOJ Trial Division had the FTRs.  They had transcribed the FTRs.

THE COURT:  And how do you come to learn that?

MR. RIZZO:  I have personal knowledge of that.  It's --

MS. SJKELSET:  We don't know that they were transcribed.

MR. RIZZO:  Well, I --

MS. SJKELSET:  We know that they were reviewed.

MR. RIZZO:  Okay.  Okay.  I take that --

THE COURT:  But --

MR. RIZZO:  Yeah, they have them.  And so what they said is, "Come down to Salem and listen to them.  You can sit in a room -- you and Z.C.'s lawyer" --

THE COURT:  So this is after you already fought the battle of getting the FTRs?

MS. SJKELSET:  This was in the course of it, Your Honor.

MR. RIZZO:  In the course of it.

MS. SJKELSET:  This is just a demonstration of how very difficult it is to represent children who have been abused in foster care, and how the state weaponizes the provisions

Exhibit 1
Page 5 of 14

And now they come around here, and they send an RFP to us asking for our entire file, when it took us tens of thousands of dollars to get it in the first place.  It would be akin to us sending them an RFP saying, "What did you get using your DOJ authority in this case?  Give us your entire file."  Because the only way that we get these records is getting subpoena power just to get to first base.  Just to understand where they are.

It was -- I'm sorry I'm getting heated.  It's extraordinarily frustrating.  And I hope that I've conveyed that to the Court.

THE COURT:  Okay.

MR. RIZZO:  So to get to your --

THE COURT:  So the protective order.  What is --

MR. RIZZO:  So then there's another protective order.  Then we find out that they have this material.  And as Ms. Skjelset just said, with emphasis, you're not supposed to -- you, DOJ Trial Division, are now in possession of records that are privileged and confidential to the child.

So there was another motion, and, ultimately, the parties agreed and entered a supplemental stipulated order.  And I can read from that order.

THE COURT:  I mean, if you would maybe just summarize for me.  I'm not -- I don't understand --

MR. RIZZO:  The records are sequestered in the DOJ

Exhibit 1
Page 6 of 14

Trial Division.  Only -- they're sequestered on a separate folder.  And no one's supposed to be looking at that.  And the DOJ attorney had to basically recuse herself from further -- that attorney -- had to recuse herself from further representation.

THE COURT:  And do you have these files in your possession?

MR. RIZZO:  We have -- we have -- yes.

THE COURT:  Okay.

MR. RIZZO:  So we've obtained them through this course.

THE COURT:  Okay.  And so you have these files.  And the protective order says what about your ability to disseminate them or produce them?

MR. RIZZO:  The protective order -- we may use the documents to assess the claims and to potentially litigate the claims.  But the DOJ Trial Division may not access those same records because of what happened in the probate court, unless that order is modified.

THE COURT:  By some other court order with -- or a court that has authority to do so?

MR. RIZZO:  Right.  And I was -- and I -- the reason I objected on the grounds of those orders was they were two litigated proceedings, nothing stopping DHS from going into those courts and seeking a modification.  But I doubt that a

Exhibit 1
Page 7 of 14

MR. RIZZO:  The DOJ Trial Division?

THE COURT:  Yeah.

MR. RIZZO:  Because they were representing -- the appearance is they were representing DHS and/or were going to represent DHS in this -- in a subsequent legal proceeding. So -- so that's --

THE COURT:  Ms. Sjkelset was going to supplement.

MS. SJKELSET:  Just to add to that, Your Honor.  The reason that they agreed to a stipulated protective order --

THE COURT:  "They" being the Trial Division?

MS. SJKELSET:  Meaning the DOJ Trial Division -- of these documents was that they had repeatedly represented to us that they were not doing this at the behest of DHS.  They were not precluding us from getting these documents in order to advance the litigation of the Department -- and defense -- of the Department of Human Services.

THE COURT:  Okay.  So I think, at one point, you described the cost of obtaining these records as "thousands" but then "tens of thousands."  So what's it more like?

MS. SJKELSET:  Well, we haven't calculated it, but it was --

THE COURT:  Approximately.

MS. SJKELSET:  I would say tens of thousands. Absolutely.  It was many, many hours --

THE COURT:  Are we talking 30?  40?  50?

Exhibit 1
Page 8 of 14

MS. SJKELSET:  -- of both fighting the DHS -- well, we had to fight the DOJ Trial Division and the DHS subpoena, because they moved to quash that subpoena as well.  We had to fight the --

THE COURT:  I'm -- simplify it for me.  Give me a number, approximately.

MR. RIZZO:  It's between $25,000 and $40,000.

THE COURT:  Okay.  Okay.  All right.

MR. RIZZO:  And that doesn't address the DHS documents.  We'll get -- we'll get to that.

THE COURT:  Okay.  Although we have a hard stop in 18 minutes -- 17-and-a-half minutes.

MS. HOFFMAN:  Your Honor -- all right.  So I really can't speak to a lot of what happened in the probate case and what sounds like a very frustrating situation for Plaintiff's counsel.

THE COURT:  Yeah.  And it doesn't appear to me that the two of you were involved in that.

MS. HOFFMAN:  We were not.  So I have nothing to add.

THE COURT:  But your clients may have been.

MS. HOFFMAN:  They may have been.

THE COURT:  All right.

MS. HOFFMAN:  So, Your Honor --

THE COURT:  And now they want the documents that they were probably -- again, not you -- you would like the documents

Exhibit 1
Page 9 of 14

the Kids FIRST protective order is a confidentiality designation, which we have in our protective order.  So there would be no -- there would be no public disclosure of these documents.

THE COURT:  Yeah.  So --

MS. HOFFMAN:  They remain protected.

THE COURT:  The issue for me is not so much whether it's relevant and otherwise discoverable.  It's the manner and method in which it's going to be produced.  Because to the extent that your clients -- client -- one of them -- not necessarily individuals -- played a role in making it more difficult -- which might have been their right, and, yet, there were costs incurred -- to the extent that I have authority to consider and explore costs sharing, I'm inclined to do so.

I don't have a -- I don't have a complete answer to that question.  And so I'd ask that the parties look into the matter.  Because I would find that there are some extraordinary circumstances here where I would be inclined to find -- if I have the authority to order your client to cover some portion of the costs for having gone through the efforts to get these documents -- to share some of that.  And then we go from there.

This isn't a question about whether they -- they aren't going to be produced on substantive grounds.  It's a question of how we make sure that the playing field is somewhat level as it relates to your clients' involvement in the obtaining of

Exhibit 1
Page 10 of 14

these documents by the Plaintiffs in this case.

MS. HOFFMAN:  So if I understand --

MR. RIZZO:  And the --

MS. HOFFMAN:  Oh, I'm sorry.

THE COURT:  Go ahead, Mr. Rizzo.

MR. RIZZO:  And with respect -- with respect to the -- well, to both categories, but particularly the LCJC, those records are privileged to the child.  So if they're ordered, then obviously I'd follow the order.  If they're ordered to be produced, even with some degree of payment, because Defendant doesn't want to issue its own subpoena to the juvenile court -- if that Defendant -- and I'd encourage the Court to read tab 30, which sets out this supplemental stipulated protective order.  That if they get these records, they're still privileged to the child.  So it's only if we -- if Plaintiff -- waives --

THE COURT:  Waives.

MR. RIZZO:  -- that privilege; right?

THE COURT:  Well, the Plaintiff waives the privilege.

MR. RIZZO:  Right.  In any order, I just want that to be preserved.

THE COURT:  Okay.  And so I appreciate that clarification.

MR. RIZZO:  Yeah.

THE COURT:  So not all the documents are producible,

Exhibit 1
Page 11 of 14

because there are some that are privileged.

MR. RIZZO:  Right.

THE COURT:  And if -- and I'm not going to order production of that which might be privileged.  But I have to think about -- you may have to delve a little bit deeper into that, given that it's also -- the potential -- the information is relevant and the basis for the complaint.

MR. RIZZO:  I understand.  And there's another wrinkle.  And the other wrinkle is DHS has these documents. They have the record of the case.  They populate the supplemental confidential file.  And they have the FTRs.  So they're asking us now, for free, to give us --

THE COURT:  No, no, no, not for free.  Because I just told you --

MR. RIZZO:  No, I know.  But then -- before we came in today, that's what it was.

THE COURT:  But that argument has left the room.

MR. RIZZO:  Okay.  And then with respect to the DHS documents, I simply objected on that ground because it was needless.  Why are they asking us to produce the same DHS documents that DHS produced, via Ms. Schneider, in the probate court?

THE COURT:  Fair enough.  But if they want them through you, then you get to explain to me how I'm going to order a cost sharing.

Exhibit 1
Page 12 of 14

THE COURT:  Okay.  But we still have to address the other document production that the RFP is asking for.

MS. HOFFMAN:  Yes.

THE COURT:  Okay.  And so I -- go ahead.

MS. HOFFMAN:  I'm sorry.  I wanted to clarify something, Your Honor.  My client -- DHS -- did not have anything to do with the subpoenas to OJD and Kids FIRST.  DHS defended -- moved to quash -- defended against the subpoena to DHS.  That was DHS's only involvement.  So I would ask that, to the extent you'd like to order cost sharing, it be limited to the production of DHS documents, as that is my only client as -- vis-à-vis these subpoenas.

THE COURT:  I'm not prepared to limit anything at this point, because I'm still trying to wrap my head around who all the players were in that process, and who did what, when, and where.  So I'm open to that argument, but I can't say, now, as we all are sitting here -- or standing here -- that I'm -- that it would be limited.  But I'm open to considering it.

MS. HOFFMAN:  Okay.  So --

THE COURT:  And there may -- and there may -- even so, let's assume that to be the fact in play here, there may still be argument to be made, appropriately, under the rules, that cost sharing may nevertheless be appropriate under extraordinary circumstances.

MS. HOFFMAN:  Perhaps.  Although --

Exhibit 1
Page 13 of 14

C E R T I F I C A T E


Ethan Levi v. Chapman, et al.

Case No. 6:22-cv-01813-MK

Oral Argument

September 8, 2023


I certify, by signing below, that the foregoing is a true and correct transcript of the record, taken by stenographic means, of the proceedings in the above-entitled cause.  A transcript without an original signature, conformed signature, or digitally signed signature is not certified.


/s/Kendra A. Steppler, RPR, CRR
Official Court Reporter        Signature Date: 9/14/2023

Exhibit 1
Page 14 of 14

| | |
|---|---|
| **From:** | Steven Rizzo |
| **To:** | Lauren Blaesing; Harry Wilson; Alex Rhee; Hannah K. Hoffman; jill.schneider@doj.state.or.us; nicholas.mancuso@doj.state.or.us; Heather Laske |
| **Cc:** | Alexandra Hilsher; Mary Skjelset; Cheridan Carr; Shelley Maddox |
| **Subject:** | RE: Levi v. Chapman, et al. USDC Case # 6:22-cv-01813-MK - Plaintiff"s Objection to Kids First Subpoena |
| **Date:** | Monday, November 20, 2023 6:31:38 AM |
| **Attachments:** | image001.png |

Lauren, et al,

I read your email as a refusal to confer as ordered by the Court. I will report the fact to Judge Aiken in Plaintiff's Response to your Objections.

We will confer on the remaining topic at 2:00 p.m., 11/28.

Steve
**Steven Rizzo (he/him/his)**
**srizzo@rizzopc.com**



1300 SW Sixth Avenue | Suite 330 | Portland, Oregon 97201
☎: 503.229.1819 | 🖷: 503.229.0630 | 🌐: www.rizzopc.com
Offices in Oregon and Washington

*********NOTICE OF CONFIDENTIAL AND PRIVILEGED INFORMATION*********

This e-mail and attachment, if any, is confidential and may contain attorney-client privileged information or attorney work-product. If you are not the intended recipient, you may not disclose, use, disseminate, distribute, copy or rely upon this message or attachment in any way. If you received this e-mail message in error, please return by forwarding the message and attachment to the sender and destroy the original.

---

**From:** Lauren Blaesing <laurenblaesing@markowitzherbold.com>
**Sent:** Friday, November 17, 2023 6:31 PM
**To:** Steven Rizzo <SRizzo@rizzopc.com>; Mary Skjelset <mskjelset@rizzopc.com>; Cheridan Carr <ccarr@rizzopc.com>; Shelley Maddox <smaddox@rizzopc.com>
**Cc:** Alexandra Hilsher <AHilsher@hershnerhunter.com>; Harry Wilson <harrywilson@markowitzherbold.com>; Alex Rhee <alexrhee@markowitzherbold.com>; Hannah K. Hoffman <hannahhoffman@markowitzherbold.com>; jill.schneider@doj.state.or.us; nicholas.mancuso@doj.state.or.us; Heather Laske <heatherlaske@markowitzherbold.com>
**Subject:** RE: Levi v. Chapman, et al. USDC Case # 6:22-cv-01813-MK - Plaintiff's Objection to Kids First Subpoena

Steve and Mary:

We can be available to confer about waiver of J.C.'s juvenile court privilege the following times:
- Tuesday Nov. 21 2:00-3:00 p.m.
- Monday Nov. 27 1:00-3:00 p.m.
- Tuesday Nov. 28 10:00 – noon or 2:00-3:00 p.m.

Exhibit 2
Page 1 of 8

We are not conferring on the cost-sharing issue pending resolution of our objection filed with the Court.

Lauren

**Lauren F. Blaesing** | Lawyer
**Markowitz Herbold PC**
1455 SW Broadway, Suite 1900 | Portland, OR  97201
**T** (503) 295-3085 | Bio | Web
Pronouns: she/her/hers

---

**From:** Steven Rizzo <SRizzo@rizzopc.com>
**Sent:** Friday, November 17, 2023 9:48 AM
**To:** Lauren Blaesing <laurenblaesing@markowitzherbold.com>; Harry Wilson <harrywilson@markowitzherbold.com>; Alex Rhee <alexrhee@markowitzherbold.com>; Hannah K. Hoffman <hannahhoffman@markowitzherbold.com>; jill.schneider@doj.state.or.us; nicholas.mancuso@doj.state.or.us; Heather Laske <heatherlaske@markowitzherbold.com>
**Cc:** Alexandra Hilsher <AHilsher@hershnerhunter.com>; Mary Skjelset <mskjelset@rizzopc.com>; Cheridan Carr <ccarr@rizzopc.com>; Shelley Maddox <smaddox@rizzopc.com>
**Subject:** RE: Levi v. Chapman, et al. USDC Case # 6:22-cv-01813-MK - Plaintiff's Objection to Kids First Subpoena

Lauren et al,

Will we hear from you today?

Steve

**Steven Rizzo (he/him/his)**
**srizzo@rizzopc.com**



1300 SW Sixth Avenue | Suite 330 | Portland, Oregon 97201
☎: 503.229.1819 | 🖷: 503.229.0630 | 🌐: www.rizzopc.com
Offices in Oregon and Washington

*********NOTICE OF CONFIDENTIAL AND PRIVILEGED INFORMATION*********

This e-mail and attachment, if any, is confidential and may contain attorney-client privileged information or attorney work-product. If you are not the intended recipient, you may not disclose, use, disseminate, distribute, copy or rely upon this message or attachment in any way.  If you received this e-mail message in error, please return by forwarding the message and attachment to the sender and destroy the original.

---

**From:** Steven Rizzo

Exhibit 2
Page 2 of 8

**Sent:** Wednesday, November 15, 2023 6:00 PM
**To:** Lauren Blaesing <laurenblaesing@markowitzherbold.com>; Harry Wilson <harrywilson@markowitzherbold.com>; Alex Rhee <alexrhee@markowitzherbold.com>; Hannah K. Hoffman <hannahhoffman@markowitzherbold.com>; jill.schneider@doj.state.or.us; nicholas.mancuso@doj.state.or.us; Heather Laske <heatherlaske@markowitzherbold.com>
**Cc:** Alexandra Hilsher <AHilsher@hershnerhunter.com>; Mary Skjelset <mskjelset@rizzopc.com>; Cheridan Carr <ccarr@rizzopc.com>; Shelley Maddox <smaddox@rizzopc.com>
**Subject:** RE: Levi v. Chapman, et al. USDC Case # 6:22-cv-01813-MK - Plaintiff's Objection to Kids First Subpoena

Lauren et al,

To recap, the order referenced two issues: cost-sharing and privilege.

The court ordered the parties to confer, notwithstanding your impossibility claim. We can discuss your reliance on *Craft-Jones* as well.

Since your position that J.C.'s privilege is waived by the filing of this lawsuit coincides with defendants' subpoena to Kids-FIRST (over J.C.'s objection), Ali can decide whether she needs to listen in.

Again, let us know soon when you can confer.

Thanks,

Steve
**Steven Rizzo (he/him/his)**
**srizzo@rizzopc.com**



1300 SW Sixth Avenue | Suite 330 | Portland, Oregon 97201
☎: 503.229.1819 | 🖨: 503.229.0630 | 🌐: www.rizzopc.com
Offices in Oregon and Washington

**********NOTICE OF CONFIDENTIAL AND PRIVILEGED INFORMATION**********

This e-mail and attachment, if any, is confidential and may contain attorney-client privileged information or attorney work-product. If you are not the intended recipient, you may not disclose, use, disseminate, distribute, copy or rely upon this message or attachment in any way.  If you received this e-mail message in error, please return by forwarding the message and attachment to the sender and destroy the original.

---

**From:** Lauren Blaesing <laurenblaesing@markowitzherbold.com>
**Sent:** Wednesday, November 15, 2023 4:35 PM
**To:** Steven Rizzo <SRizzo@rizzopc.com>; Mary Skjelset <mskjelset@rizzopc.com>; Cheridan Carr <ccarr@rizzopc.com>; Shelley Maddox <smaddox@rizzopc.com>
**Cc:** Harry Wilson <harrywilson@markowitzherbold.com>; Alex Rhee <alexrhee@markowitzherbold.com>; Hannah K. Hoffman

Exhibit 2
Page 3 of 8

<hannahhoffman@markowitzherbold.com>; jill.schneider@doj.state.or.us;
nicholas.mancuso@doj.state.or.us; Heather Laske <heatherlaske@markowitzherbold.com>;
Alexandra Hilsher <AHilsher@hershnerhunter.com>
**Subject:** RE: Levi v. Chapman, et al. USDC Case # 6:22-cv-01813-MK - Plaintiff's Objection to Kids First
Subpoena

Steve et al.,

What is the issue you are proposing that we confer about – whether the filing of J.C.'s civil rights
action constitutes a waiver of J.C.'s "juvenile court privilege"?  Our position is that it does.  See
*Bishop v. Craft-Jones*, 2 F. Supp. 2d 1317, 1319 (D. Or. 1998).  If that's what you want to confer about
we can do that, but I don't think we need Kids FIRST's counsel for that.

Lauren

**Lauren F. Blaesing** | Lawyer
**Markowitz Herbold PC**
1455 SW Broadway, Suite 1900 | Portland, OR  97201
**T** (503) 295-3085 | Bio | Web
Pronouns: she/her/hers

---

**From:** Steven Rizzo <SRizzo@rizzopc.com>
**Sent:** Tuesday, November 14, 2023 12:00 PM
**To:** Lauren Blaesing <laurenblaesing@markowitzherbold.com>; Harry Wilson
<harrywilson@markowitzherbold.com>; Alex Rhee <alexrhee@markowitzherbold.com>; Hannah K.
Hoffman <hannahhoffman@markowitzherbold.com>; jill.schneider@doj.state.or.us;
nicholas.mancuso@doj.state.or.us; Heather Laske <heatherlaske@markowitzherbold.com>
**Cc:** Alexandra Hilsher <AHilsher@hershnerhunter.com>; Mary Skjelset <mskjelset@rizzopc.com>;
Cheridan Carr <ccarr@rizzopc.com>; Shelley Maddox <smaddox@rizzopc.com>
**Subject:** RE: Levi v. Chapman, et al. USDC Case # 6:22-cv-01813-MK - Plaintiff's Objection to Kids First
Subpoena

Counsel,

I just read your recent Objections to Judge Kasubhai's Order. (ECF 92).

You claim that it is "impossible" to comply with paragraph 18 of the Order, which requires the
parties to confer on whether the filing of this civil rights action constitutes a waiver of J.C.'s juvenile
court privilege and on a cost-sharing arrangement whereby defendants compensate Conservator for
the efforts spent in obtaining documents in the probate action.

Following the hearing, you "withdrew" your Request for Production, and served Kids FIRST with a
subpoena.

You have stated on several occasions that you are inexperienced in juvenile law. Still, it is important
to clarify your position.

Exhibit 2
Page 4 of 8

Let us know when you are available for the conferral. Or, if you believe that we are conferred, please confirm that in writing.

Thanks,

Steve
**Steven Rizzo (he/him/his)**
**srizzo@rizzopc.com**



1300 SW Sixth Avenue | Suite 330 | Portland, Oregon 97201
☎: 503.229.1819 | 🖨: 503.229.0630 | 🌐: www.rizzopc.com
Offices in Oregon and Washington

*********NOTICE OF CONFIDENTIAL AND PRIVILEGED INFORMATION*********

This e-mail and attachment, if any, is confidential and may contain attorney-client privileged information or attorney work-product. If you are not the intended recipient, you may not disclose, use, disseminate, distribute, copy or rely upon this message or attachment in any way.  If you received this e-mail message in error, please return by forwarding the message and attachment to the sender and destroy the original.

---

**From:** Steven Rizzo
**Sent:** Tuesday, November 14, 2023 9:09 AM
**To:** Lauren Blaesing <laurenblaesing@markowitzherbold.com>; Harry Wilson <harrywilson@markowitzherbold.com>; Alex Rhee <alexrhee@markowitzherbold.com>; Hannah K. Hoffman <hannahhoffman@markowitzherbold.com>; jill.schneider@doj.state.or.us; nicholas.mancuso@doj.state.or.us; Heather Laske <heatherlaske@markowitzherbold.com>
**Cc:** Alexandra Hilsher <AHilsher@hershnerhunter.com>; Mary Skjelset <mskjelset@rizzopc.com>; Cheridan Carr <ccarr@rizzopc.com>; Shelley Maddox <smaddox@rizzopc.com>
**Subject:** RE: Levi v. Chapman, et al. USDC Case # 6:22-cv-01813-MK - Plaintiff's Objection to Kids First Subpoena

Counsel,

In light of the below "deadline," when may we see the draft proposed Kids FIRST protective order?

Steve
**Steven Rizzo (he/him/his)**
**srizzo@rizzopc.com**



1300 SW Sixth Avenue | Suite 330 | Portland, Oregon 97201
☎: 503.229.1819 | 🖨: 503.229.0630 | 🌐: www.rizzopc.com
Offices in Oregon and Washington

*********NOTICE OF CONFIDENTIAL AND PRIVILEGED INFORMATION*********

Exhibit 2<br>Page 5 of 8

This e-mail and attachment, if any, is confidential and may contain attorney-client privileged information or attorney work-product. If you are not the intended recipient, you may not disclose, use, disseminate, distribute, copy or rely upon this message or attachment in any way.  If you received this e-mail message in error, please return by forwarding the message and attachment to the sender and destroy the original.

---

**From:** Hannah K. Hoffman <hannahhoffman@markowitzherbold.com>
**Sent:** Thursday, November 2, 2023 3:19 PM
**To:** Steven Rizzo <SRizzo@rizzopc.com>; Alexandra Hilsher <AHilsher@hershnerhunter.com>
**Cc:** Mary Skjelset <mskjelset@rizzopc.com>; Cheridan Carr <ccarr@rizzopc.com>; Shelley Maddox <smaddox@rizzopc.com>; Lauren Blaesing <laurenblaesing@markowitzherbold.com>; Harry Wilson <harrywilson@markowitzherbold.com>; Alex Rhee <alexrhee@markowitzherbold.com>; jill.schneider@doj.state.or.us; nicholas.mancuso@doj.state.or.us; Heather Laske <heatherlaske@markowitzherbold.com>
**Subject:** RE: Levi v. Chapman, et al. USDC Case # 6:22-cv-01813-MK - Plaintiff's Objection to Kids First Subpoena

Ali and Steve,

As we've discussed with both of you, we agree that a protective order that covers any documents produced by Kids FIRST is appropriate.  We are preparing a draft protective order.

Today is the deadline for Kids FIRST to produce documents.  We agree to set that deadline aside while we work out the protective order. We will agree to set a new production deadline after the protective order is entered by the Court.

Plaintiff, in email below and in a phone call, has advised that they wish to review Kids FIRST's production for "privilege/privacy" before it is sent to us. We disagree and expect all documents to be sent directly to us after the protective order is entered. To the extent plaintiff wishes to raise this issue with the Court, the proper basis is through a motion not objections. *Varese v. Clatsop Behavioral Healthcare*, No. 3:16-cv-00738-AA, 2017 WL 11514793 *1 (D. Or. Sept. 21, 2017). We will not object to such a motion on the basis that it is untimely so long as it is filed no later than two weeks from today. We do not agree that we have adequately conferred on such a motion because plaintiff has not identified the legal basis for the "privilege/privacy" they intend to assert. If plaintiff does intend to file such a motion, we expect that all parties will confer before plaintiff files the motion.

Best,

Hannah

---

**From:** Steven Rizzo <SRizzo@rizzopc.com>
**Sent:** Thursday, November 2, 2023 12:32 PM
**To:** Hannah K. Hoffman <hannahhoffman@markowitzherbold.com>; Lauren Blaesing <laurenblaesing@markowitzherbold.com>; Harry Wilson <harrywilson@markowitzherbold.com>;

Exhibit 2
Page 6 of 8

Alex Rhee <alexrhee@markowitzherbold.com>; jill.schneider@doj.state.or.us; nicholas.mancuso@doj.state.or.us; Heather Laske <heatherlaske@markowitzherbold.com>
**Cc:** Alexandra Hilsher <AHilsher@hershnerhunter.com>; Mary Skjelset <mskjelset@rizzopc.com>; Cheridan Carr <ccarr@rizzopc.com>; Shelley Maddox <smaddox@rizzopc.com>
**Subject:** Re: Levi v. Chapman, et al. USDC Case # 6:22-cv-01813-MK - Plaintiff's Objection to Kids First Subpoena

Hannah,

As discussed a few moments ago,

We agree to work with you and Kids First on the terms of joint suppl PO, which I think is everyone's interest.

We have offered to have Kids First send documents to us - or we ca use the documents we have - and review for privilege/privacy

Once the  suppl PO is in place,  we can offer to allow you to view JC's forensic sex abuse evaluation with the understanding that we are not waiving any privilege/privacy.

Let us know.

Thanks

Steve


Sent from my iPhone


On Nov 1, 2023, at 17:05, Steven Rizzo <SRizzo@rizzopc.com> wrote:


Hannah et al,

My plan is to write to the court in lieu of engaging in unnecessary motions practice.

I spoke with Alexandra earlier today and understand that she advised Lauren fact that Kids First was objecting to defendants' subpoena.

Alexandra is going to propose language for a supplemental PO relating to Kids First that she will circulate to parties. If the parties agree on the form of the supplemental order, it could be filed as stipulated.

Once the PO issues are addressed, the legal issue is whether Plaintiff has the right to review the requested documents for privilege/privacy before the documents are produced to defendants.

Exhibit 2
Page 7 of 8

Let me know if you object to this plan.

Steve

**Steven Rizzo (he/him/his)**
**srizzo@rizzopc.com**

<image001.png>

1300 SW Sixth Avenue | Suite 330 | Portland, Oregon 97201
☎: 503.229.1819 | 🖨: 503.229.0630 | 🌐: www.rizzopc.com
Offices in Oregon and Washington

*********NOTICE OF CONFIDENTIAL AND PRIVILEGED INFORMATION**********

This e-mail and attachment, if any, is confidential and may contain attorney-client privileged information or attorney work-product. If you are not the intended recipient, you may not disclose, use, disseminate, distribute, copy or rely upon this message or attachment in any way.  If you received this e-mail message in error, please return by forwarding the message and attachment to the sender and destroy the original.

Exhibit 2
Page 8 of 8

| | |
|---|---|
| **From:** | Alexandra Hilsher |
| **To:** | Steven Rizzo |
| **Cc:** | Lauren Blaesing; Harry Wilson; Alex Rhee; Hannah K. Hoffman; Schneider Jill; Mancuso Nicholas; Susie Staats |
| **Subject:** | RE: Levi v. Chapman, et al USDC Case # 6:22-cv-01813-MK - Plaintiff"s Objection to Kids First Subpoena |
| **Date:** | Friday, October 27, 2023 4:31:53 PM |
| **Attachments:** | image001.png |

Hi Steve,

Thanks for the email.  I do represent Kids FIRST.  No documents have been produced pursuant to the subpoena, and I have advised defense counsel of the need for a supplemental protective order in the federal case relating to the Kids FIRST records.  Kids FIRST will not produce records unless and until a HIPAA-compliant supplemental protective order is entered by the Court.

Thanks,
Ali

**HERSHNER HUNTER** LLP
**Alexandra (Ali) Hilsher | Attorney | Partner**
(she / her)

541-302-5297 direct | 541-344-2025 fax
675 Oak Street, Suite 400, Eugene OR 97401
hershnerhunter.com

NOTICE:  This e-mail message is for the sole use of the intended recipient(s) and may contain confidential or privileged information.  Any unauthorized review, use, disclosure, or distribution is prohibited.  If you received this message in error, please contact the sender by reply e-mail and destroy all copies of the original message.  Thank you.

**From:** Steven Rizzo <SRizzo@rizzopc.com>
**Sent:** Friday, October 27, 2023 4:23 PM
**To:** Alexandra Hilsher <AHilsher@hershnerhunter.com>
**Cc:** Lauren Blaesing <laurenblaesing@markowitzherbold.com>; Harry Wilson <harrywilson@markowitzherbold.com>; Alex Rhee <alexrhee@markowitzherbold.com>; Hannah K. Hoffman <hannahhoffman@markowitzherbold.com>; Schneider Jill <Jill.Schneider@doj.state.or.us>; Mancuso Nicholas <nicholas.mancuso@doj.state.or.us>
**Subject:** RE: Levi v. Chapman, et al USDC Case # 6:22-cv-01813-MK - Plaintiff's Objection to Kids First Subpoena
**Importance:** High

[EXTERNAL EMAIL]

Good afternoon Ms. Hilsher,

This office represents the plaintiff in the above-referenced matter, and I understand that you represent Kids First in Eugene, Oregon.  Let me know if you do not represent Kids First, and I will contact it directly.

I understand that the defendants (DHS and DHS employees) recently issued a subpoena to Kids

Exhibit 3
Page 1 of 2

First, seeking documents that Kids First provided to the Conservator in *In re Conservatorship of J.C.,* Lane County Circuit Court Case No. 21PR00099.

The plaintiff objects to the subpoena under Fed. R. Civ. P 45, and anticipates that Kids First also has objections.

Prior to the issuance of the subpoena, the plaintiff placed the defendants on notice that the documents sought are subject to the protective order (attached) and are otherwise privileged and protected to *J.C.*

Please advise if any documents have already been produced to the defendants, and, as a courtesy, copy this office with any communications with defense counsel and/or DOJ relating to the subpoena.

Let me know you have any questions.

Thank you.

Steve
**Steven Rizzo (he/him/his)**
**srizzo@rizzopc.com**



1300 SW Sixth Avenue | Suite 330 | Portland, Oregon 97201
☎: 503.229.1819 | 🖨: 503.229.0630 | 🌐: www.rizzopc.com
Offices in Oregon and Washington

*********NOTICE OF CONFIDENTIAL AND PRIVILEGED INFORMATION*********

This e-mail and attachment, if any, is confidential and may contain attorney-client privileged information or attorney work-product. If you are not the intended recipient, you may not disclose, use, disseminate, distribute, copy or rely upon this message or attachment in any way.  If you received this e-mail message in error, please return by forwarding the message and attachment to the sender and destroy the original.

Exhibit 3
Page 2 of 2

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>       Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al ,<br><br>       Defendants. | CASE NO. 6:22-cv-01813-MK<br><br><br>**CERTIFICATE OF SERVICE** |
| OREGON DEPARTMENT OF<br>HUMAN SERVICES,<br><br>       Third Party Plaintiff,<br><br>v.<br><br>JOE ALBERT RAYGOSA,<br><br>       Third Party Defendant. | |

I am employed by the law firm of Rizzo Bosworth Eraut PC in Portland, Oregon.  I am over the age of eighteen years and not a party to the subject cause.  My business address is 1300 SW Sixth Avenue, Suite 330, Portland, OR 97201.

On the date below, I caused to be served on all parties in this action by transmitting a true copy thereof: **Declaration of Steven Rizzo in Support of Response to Defendants' Objections**

<u>**VIA ECF**</u>

| | |
|---|---|
| **Jill Schneider**<br>**Nicholas S. Mancuso**<br>**Oregon Department of Justice**<br>**100 SW Market Street**<br>**Portland, OR 97201**<br>**Ph. 971-673-1880**<br>**Fax: 971-673-5000**<br>**Email: jill.schneider@doj.state.or.us**<br>**Email: nicholas.mancuso@doj.state.or.us**<br>*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services* | Lauren Blaesing<br>Harry B. Wilson<br>Alexandra Rhee<br>Markowitz Herbold PC<br>1455 SW Broadway<br>Ste. 1990<br>Portland, OR. 97201<br>Ph: 503-295-3085<br>Email: laurenblaesing@markowitzherbold.com<br>Email: harrywilson@markowitzherbold.com<br>Email: alexrhee@markowitzherbold.com<br>*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services* |

Dated this 28th  day of November, 2023.

         *s/ Cheridan Carr*
         Cheridan Carr
         Paralegal

1- Certificate of Service