**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Alexandra L. Rhee, OSB #230770**
AlexRhee@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085
*Special Assistant Attorneys General for State Defendants
and Third-Party Plaintiff*
*Additional Counsel of Record Listed on Signature Page*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

|  |  |
|---|---|
| ETHAN LEVI, | Case No. 6:22-cv-01813-MK |
| Plaintiff, | |
| v. | **STATE DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER** |
| KIM CHAPMAN, in her individual capacity; ANASTASIA TIBBETTS, in her individual capacity; KASSIDY O'BRIEN, in her individual capacity; ERIN LANE, in her individual capacity; THE OREGON DEPARTMENT OF HUMAN SERVICES, a government agency; and JANE and JOHN DOES 1-5; in their individual and/or official capacities, | **ORAL ARGUMENT REQUESTED** |
| Defendants. | |
| OREGON DEPARTMENT OF HUMAN SERVICES, | |
| Third-Party Plaintiff, | |
| v. | |
| JOE ALBERT RAYGOSA, | |
| Third-Party Defendant. | |

**Page 1 –    STATE DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER**

## LOCAL RULE 7-1(a) CERTIFICATION

Pursuant to Local Rule 7-1(a), counsel for Kim Chapman, Anastasia Tibbets[1], Kassidy O'Brien, Erin Lane, and the Oregon Department of Human Services ("ODHS") (collectively, "State Defendants") conferred by telephone on November 28, 2023, with counsel for plaintiff prior to filing this motion, and the parties were unable to reach agreement.

## MOTION

Pursuant to Federal Rule of Civil Procedure 15(a)(2), State Defendants seek leave to file an Amended Answer, Affirmative Defenses and Third-Party Complaint ("Amended Answer"). A copy of the Amended Answer is attached to the Declaration of Hannah Hoffman in Support of State Defendants' Motion for Leave to Amend Answer ("Hoffman Decl.") as Exhibit 1.

## ARGUMENT

**I.    State Defendants seek to amend their answer to respond to plaintiff's complaint in a complete, accurate, and consistent manner.**

State Defendants' proposed amendments to their existing answer (Answer, Affirmative Defenses, & Third-Party Compl. ("Answer") (Dkt. No. 19)) fall into four categories.

*First*, State Defendants seek to correct the scrivener's errors noted in their first motion for leave to file an amended answer (Mot. for Leave to File an Am. Answer ("Def.'s First Mot.") (Dkt. No. 45)) and to withdraw their affirmative defense for failure to state a claim, consistent with the Court's order from the September 8, 2023 hearing (Order ¶ 5 (Dkt. No. 92)).

*Second*, State Defendants seek to amend their answer to reflect new information obtained in discovery and through further fact investigation.  Since filing their original motion for leave to amend their answer on June 14, 2023, (Dkt. No. 45), State Defendants have conducted additional

---

[1] The case caption misspells Ms. Tibbets's last name.  This motion uses the correct spelling throughout.

discovery and investigation.  This work has provided State Defendants a more thorough and nuanced understanding of the allegations in the complaint, and upon review, State Defendants believe that their answer requires amendment to comply with State Defendants' obligations under the Federal Rules of Civil Procedure and Oregon Rules of Professional Conduct.[2] *See* FRCP 8(b), 11(b); ORPC 3.3(a)(1).

As an example, State Defendants previously denied paragraph 27 of the complaint on the basis that it referred to people and events outside State Defendants' knowledge.  (Answer ¶ 9). Paragraph 27 of the complaint refers to events prior to Nicole Duncan and Joe Raygosa's move to Oregon and prior to their becoming resource parents through ODHS.  (Compl. ¶ 27.)  Plaintiff has since obtained records related to those events through a subpoena to Valley Children's Hospital in Fresno, California, and plaintiff provided those documents to State Defendants in July.  (Hoffman Decl. ¶ 2.)  State Defendants have now reviewed those documents and can no longer provide the Court the same denial to paragraph 27, as they now have some knowledge of the events described in that paragraph.  State Defendants have therefore amended their answer to paragraph 27 accordingly.  (Hoffman Decl. Ex. 1 ¶ 16.)

*Third*, State Defendants seek to amend their answer to provide more complete and specific responses to certain paragraphs in the complaint.  This category includes amendments that respond to paragraphs State Defendants originally did not answer or provided partial responses to.  As stated above, the Federal Rules of Civil Procedure require State Defendants to

---

[2] These discovery developments may not have necessitated formal amendment on their own.  However, State Defendants were ordered to file an amended answer, and Rule 11(b) and ORPC 3.3(a)(1) would apply to the entire pleading, not only to the amendments the Court previously approved.  State Defendants were required to ensure that the amended answer was true and correct to the best of their knowledge, and in light of this obligation, State Defendants believe the proposed amendments are necessary.

**Page 3 –    STATE DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER**

fully respond to the allegations in the complaint, and these amendments reflect State Defendants' efforts to do so. *See* FRCP 8(b)(2)-(5).

Examples of this category include responses to paragraphs 10 and 11 of the complaint, which State Defendants did not previously answer. Other examples include additions to some responses in which State Defendants originally gave a partial response but have now amended their answer to provide a more complete answer as required by Federal Rules of Civil Procedure 8(b)(3)-(4). (*See, e.g.*, Hoffman Decl. Ex. 1 ¶¶ 6-7.)

*Finally*, State Defendants seek to amend their answer to ensure consistency between their answers in this matter and *Conley v. Chapman, et al*., U.S. District Court of Oregon Case No. 6:23-CV-01353-MK. Counsel for plaintiff in the *Conley* matter informed counsel for the parties in this matter that the plaintiff in *Conley* intends to move to consolidate the two cases. Counsel conferred and agreed to partial consolidation. In light of this agreement, State Defendants have amended a few of their responses in this answer and added an affirmative defense for Eleventh Amendment/sovereign immunity in order to align State Defendants' answers and defenses in the two cases, maintaining consistency and aiding the ease of consolidation going forward. (*See, e.g.*, Hoffman Decl. Ex. 1 ¶¶ 40, 70.)

Each of these categories constitutes a valid basis for amendment, and for the reasons set forth below, the Court should allow State Defendants to make the changes proposed in the Amended Answer.

## II.    State Defendants' Motion for Leave to Amend their Answer should be granted.

Under Federal Rule of Civil Procedure 15(a)(2), a court "should freely give leave" to amend "when justice so requires." FRCP 15(a)(2). The policy of "favoring amendments should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

**Page 4 –    STATE DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER**

In determining whether leave to amend is appropriate, the court considers "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)).  Per the Ninth Circuit, "this determination should be performed with all inferences in favor of granting the motion [to amend]." *Griggs*, 170 F. 3d at 880 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).  All four factors in this case weigh in favor of granting State Defendants' motion for leave to amend.

First, State Defendants are proposing amendments in good faith.  State Defendants initially answered the complaint on January 30, 2023 (Answer (Dkt. No. 19)), but moved to amend the answer on June 14, 2023, to correct several scrivener's errors.  (Def.'s First Mot. (Dkt. No. 45).)  On October 30, 2023, the Court granted the motion and ordered State Defendants to file the amended answer within 10 days.  (Order ¶ 5 (Dkt. No. 92).)  Since filing the first motion for leave to amend on June 14, 2023, State Defendants have reviewed and produced thousands of pages of documents and conducted additional investigation.  State Defendants now have a better understanding of the underlying facts of this case and seek to comply with their obligation to update their answer accordingly.

The Federal Rules of Civil Procedure allow a liberal policy for amendment of pleadings for just this reason, and bad faith does not apply to State Defendants' proposed amendments.  *See Sorosky v. Burroughs Corp.*, 826 F.2d 795, 805 (9th Cir. 1987) (holding that a finding of bad faith applies only to amendments that are sought for some reason other than the prosecution of the claim on the merits); *see also Int'l IP Holdings, LLC v. Green Planet, Inc.*, No. 13-13988, 2017 WL 282044, at *4 (E.D. Mich. Jan. 23, 2017) ("The Federal Rules of Civil Procedure assume a liberal policy of amendment to pleadings under Federal Rule 15, such that it is

**Page 5 –    STATE DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER**

common for parties to amend their pleadings in light of materials obtained only through discovery.").

Second, State Defendants' proposed amendments will not cause any delay in this proceeding. State Defendants seek to amend their answers to comply with this Court's order and to fully and accurately respond to plaintiff's factual allegations. Although State Defendants are moving to add one affirmative defense, this will not require any new discovery from either plaintiff or State Defendants, as it presents an issue of pure law. Discovery is not set to close until July of next year, depositions have not yet been scheduled, and existing discovery can proceed without interruption. Thus, State Defendants' proposed amendments will not cause any delay or redundancy of discovery.

Third, State Defendants' proposed amendments will not result in prejudice to plaintiff. The burden to show prejudice is on plaintiff, *DCD Programs*, 833 F.2d at 187, and plaintiff will not be able to meet this burden because State Defendants' proposed amendments do not require additional discovery or add any delay in the proceeding. *See Owens v. Kaiser Foundation Health Plan, Inc*., 244 F.3d 708, 712 (9th Cir. 2001) (finding that appellants' assertion that they suffered prejudice when appellee was permitted to amend its answer lacks merit because "the amendment caused no delay in the proceedings and required no additional discovery.").

Finally, State Defendants' proposed amendments are not futile. A proposed affirmative defense is properly pleaded, and thus is not futile, if it gives plaintiff "fair notice of the defense." *Cheatham v. ADT Corp.*, No. CV-15-02137-PHX-DGC, 2016 WL 1752959, at *1 (D. Ariz. May 3, 2016) (citations omitted). State Defendants seek to add an affirmative defense based on the Eleventh Amendment and the doctrine of sovereign immunity in the Amended Answer, and the added affirmative defense is sufficiently pled to provide fair notice of the defense. *See also*

**Page 6 –    STATE DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER**

*Xyratex Tech., Ltd. v. Teradyne, Inc.*, No. CV0804545SJOPLAX, 2009 WL 10702550, at *5 (C.D. Cal. Aug. 20, 2009) ("[T]he Court finds that the affirmative defense and counterclaims are not futile because the relevant allegations are not so deficient that the defense and counterclaim would clearly be subject to dismissal.") (citations omitted).

## CONCLUSION

For the foregoing reasons, the Court should grant State Defendants' Motion for Leave to Amend, and thereby grant State Defendants leave to file their proposed Amended Answer.

DATED: November 29, 2023          MARKOWITZ HERBOLD PC

*s/ Hannah K. Hoffman*
Lauren F. Blaesing, OSB #113305
LaurenBlaesing@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Alexandra L. Rhee, OSB #230770
AlexRhee@MarkowitzHerbold.com
*Special Assistant Attorneys General for State Defendants and Third-Party Plaintiff*

Hannah K. Hoffman, OSB #183641
HannahHoffman@MarkowitzHerbold.com
*Of Attorneys for State Defendants and Third-Party Plaintiff*

Jill Schneider, OSB #001619
Jill.Schneider@doj.state.or.us
Nicholas Mancuso, OSB #151262
Nicholas.Mancuso@doj.state.or.us
*Of Attorneys for State Defendants and Third-Party Plaintiff*

**Page 7 –   STATE DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER**