Steven Rizzo, OSB # 840853
Mary D. Skjelset, OSB # 075840
Rizzo Bosworth Eraut, PC
1300 SW Sixth Avenue, Suite 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630
srizzo@rizzopc.com
mskjelset@rizzopc.com

ATTORNEYS FOR PLAINTIFF LEVI

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al ,<br><br>　　　　　Defendants. | CASE NO. 6:22-cv-01813-MK<br><br><br>PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER |
| OREGON DEPARTMENT OF HUMAN SERVICES,<br><br>　　　　　Third Party Plaintiff,<br><br>v.<br><br>JOE ALBERT RAYGOSA,<br><br>　　　　　Third Party Defendant. | |

**INTRODUCTION**

The Court should deny the defendants' Motion for Leave (ECF 105) insofar as it purports to newly allege the fifth affirmative defense, styled as "(Eleventh Amendment/Sovereign Immunity)."

**RELEVANT BACKGROUND**

1 – PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

To briefly recap, Plaintiff filed the initial Complaint against the defendants on November 18, 2022, more than a year ago. (ECF 1). They answered on January 30, 2023. In their June 14, 2023 Motion for Leave to Amend the Answer, the defendants sought to "correct[] several scrivener's errors in the original Answer" under Rule 15; and they attached a proposed amended answer to that effect. (ECF 45, 46). The Court granted that motion on July 11, 2023, contingent on defendants' answering Plaintiff's interrogatory #3. (ECF 56).

On September 5, 2023, the defendants reported that they "undertook additional internal fact-finding" and had supplemented their response to interrogatory # 3 (on September 1). (ECF 42 at 41-42). On September 8, 2023, the Court granted the defendants' June 14 Motion for Leave. (ECF 77). The September 8 Order directed Plaintiff to "produce and file with the Court a comprehensive proposed order reflecting the Court's rulings. . . ." (ECF 77).

However, the defendants – unsatisfied with Plaintiff's proposed order  – proceeded to completely overwrite Plaintiff's proposed language, and borrowed additional time by seeking their own form of order. To avoid further delay, Plaintiff filed the October 10, 2023 Motion to Enter the Order (regarding the September 8 discovery hearing), which included both parties' proposed orders and the conferral history. (ECF 79). The Court entered the Order on October 16, 2023 (ECF 85), and withdrew it the next day in response to the defendants' email. (ECF 86)

The defendants' October 24, 2023 Response to Plaintiff's October 10 Motion largely rehashed their points from the September 8 hearing and the conferral communications attached to Plaintiff's Motion. (ECF 87). The defendants made no mention of the Amended Answer or any proposed additional amendments thereto. On October 30, 2023, the Court entered the Order, which directed the defendants to file the Amended Answer within 10 days, i.e., November 9, 2023. (ECF 82).

…

Two days before the filing deadline, the defendants made an announcement: "in the *course of discovery*" they "have identified *evidence*," and in real time "are *currently* reviewing that


RIZZO | BOSWORTH | ERAUT pc
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

*evidence*," and "preparing some proposed additional amendments." (ECF 99 at 5) (emphasis added). The defendants sought an extension until November 29. (*Id*.). When Plaintiff inquired about the evidence and their proposed additional amendments, the defendants refused to answer, claiming the question "implicate[d] work product." (*Id*.). The parties were at an impasse.

The defendants' November 9, 2023 Motion for Extension of Time to File Amended Answer, which also lacked a supporting Declaration, signaled that the proposed additional amendments derived from the defendants' factual investigation:

> During the intervening months between State Defendants' motion for leave to amend, filed in June 2023, and today, State Defendants have reviewed and produced thousands of pages of documents and conducted *additional investigation*. State Defendants now seek additional time to further amend their answer to *conform* with *this discovery* and their *ongoing investigation*.

(ECF 93 at 3) (emphasis added).[1]

Plaintiff's November 16, 2023 Response to the November 9 Motion shared that, during the conferral, the defendants recoiled from identifying any proposed additional amendment (including evidence-based amendments) and voiced concern that the defendants were using this ambiguity as a cloak behind which to allege "new defenses[] and/or newly restyled defenses." (ECF 98 at 5).

The defendants' November 20, 2023 Reply, which also lacked a supporting Declaration, sidestepped identifying any proposed additional amendment. Instead, the defendants declaimed that they "have not argued that the proposed amendments are work product," and reaffirmed that "[n]o law or rule requires an attorney to identify what *evidence* or *investigation informs* their *decision* to amend a pleading" that presumably conforms with the evidence or investigation. (ECF 100 at 5) (emphasis added). In other words, the defendants' refusal to identify any proposed additional amendment meant that Plaintiff could not "identify any prejudice." (*Id*.).

On November 22, 2023, the Court granted the defendants' November 9 Motion, noting that because the defendants "assert that amendment is *necessary* to *conform* their answer with *ongoing*

---

[1] Two days later, the defendants filed Objections to the November 9, 2023 Order, (ECF 93), notwithstanding that they had consented to Jurisdiction by a Magistrate Judge on May 10, 2023. (ECF 39).


RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

*discovery and investigation* . . . granting the extension will allow [d]efendants to file a *more accurate* answer." (ECF 102) (emphasis added).

…

However, the defendants' November 29, 2023 Motion For Leave seeks in pertinent part to do exactly what Plaintiff feared: it seeks to "add[] an affirmative defense for Eleventh Amendment/sovereign immunity." (ECF 105 at 4). As set forth in the defendants' proposed Amended Answer, the new two-part affirmative defense purports to allege as follows:

(Eleventh Amendment/Sovereign Immunity)
…

> Plaintiff's claims are barred, in whole or in part, by the Eleventh Amendment of the U.S. Constitution and the doctrine of sovereign immunity, to the extent she intends to seek damages (compensatory, nominal, or otherwise) against any defendant acting in their official capacity.

(ECF 106-1 at 16).

The defendants offer various excuses for this tardily proposed additional amendment, but they do not relate to the discovery or investigation. Instead, the defendants explain that they conferred with the plaintiff's counsel in *Conley v. Chapman* (a separate action pending before the Court) and agree to a "partial consolidation" with this action.[2]  In the defendants' telling, adding this new affirmative defense will "ensure consistency" between the defendants' Amended Answer in this action and their apparent Answer in the *Conley* action.[3] The defendants also anticipate that positioning themselves to bar the claims alleged by both of the plaintiffs in the yet-to-be partially consolidated actions will "maintain[] consistency and aid[] the ease of consolidation going forward." (ECF 105 at 4).

## ARGUMENT

---

[2] The details of the conferral are not contained in the Hoffman Declaration. (ECF 106).

[3] The defendants' Answer in *Conley* is not found with the Hoffman Declaration. (ECF 106)*,*



RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

The Court should not permit the defendants to allege an Eleventh Amendment/Sovereign Immunity defense in this action.

*First,* the defendants have waived the Eleventh Amendment by their conduct.

The Eleventh Amendment to the Constitution of the United Stated provides as follows: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."[4] The Eleventh Amendment "does not automatically destroy original jurisdiction. Rather, [it] grants the State a legal power to assert a sovereign immunity defense should it choose to do so. The State can waive the defense." *See Wisconsin Dep't of Corrections,* 524 U.S. 381, 389, 118 S. Ct. 2047, 141 L. Ed. 2d 364 (1998).

Relatedly, the Ninth Circuit has concluded that the claim of Eleventh Amendment immunity "should be treated as an affirmative defense," and "may even be forfeited by the State's failure to assert it." *See Hill v. Blind Indus. & Servs.,* 179 F. 3d 754, 760 (9th Cir. 1998) (citing *Prods., Inc. v. Agricultural Ass'ns,* 3 F.3d 1289, 1291 (9th Cir. 1993)) (internal use of quotation marks omitted). *Hill* noted further that "[o]nce it is clear" that the Eleventh Amendment is a "personal privilege that a state may waive, it is difficult to justify or explain a rule that allows this defense to be invoked at any time in the proceedings." *Id.*

The defendants' extensive participation in the defense of this action is incompatible with their attempt to affirmatively allege an Eleventh Amendment defense against Plaintiff. With respect to the pleadings, this action has been pending since November 18, 2022. The defendants voluntarily filed a Notice of Appearance on December 14, 2022, without reservation or mention of the Eleventh Amendment or sovereign immunity. (ECF 10). The defendants then filed their Answer on January 30, 2023. Rule 8(c)(1) requires that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." *Id.* But whereas the Answer alleged six affirmative defenses, including qualified immunity and so-called discretionary immunity, it

---

[4] *See https://constitution.congress.gov/constitution/amendment-11/.*

5 – PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER


RIZZO | BOSWORTH | ERAUT pc
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

failed to allege an Eleventh Amendment defense. Also, the defendants took advantage of federal jurisdiction over the claims by filing their third-party complaint against Raygosa arising out of the same conduct involving the defendants. *See Hill,* 179 F. 3d at 759 (citing *Paul N. Howard Co. v. Puerto Rico Aqueduct Sewer Auth.*, 744 F. 2d. 880, 886 (1st Cir. 1984 (where defendant appeared and defended on the merits, and filed a counterclaim and third-party complaint, the court had "little trouble concluding that [it] voluntarily submitted to the jurisdiction of the federal court, thereby waiving any *Eleventh Amendment* immunity."). When the defendants sought leave to amend the Answer in June 2023 (six months ago) to correct alleged "scrivener's errors" – again, there was no intention to raise the Eleventh Amendment. (ECF 45).

Moreover, with respect to discovery, the defendants participated in the Rule 16 Conference on May 10, 2023, and consented to Jurisdiction by a Magistrate Judge thereafter the same day. (ECF 38, 39). They responded to Plaintiff's discovery requests (albeit incompletely), and submitted correspondence to the Court addressing "both procedural issues and substantive disputes regarding the scope of discovery," with a "share[d] goal to effectively advance the discovery phase of this action" – not to effectively postpone advancing an Eleventh Amendment defense. (*See* Defs.' June 21, 2023 Ltr.). The defendants strenuously litigated the form of the Protective Order and sought protections designed to protect the State's interests, including its so-called "legitimate" law enforcement power, which can be used to prosecute citizens who bring civil rights claims against the State. (ECF 34).

The defendants have participated in numerous discovery conferences and hearings, including proceedings on July 11, 2023, August 3, 2023, and September 8, 2023– again, without any mention of the Eleventh Amendment or sovereign immunity. (ECF 56, 65, 77). Most recently, following their strategic "withdrawal" of the First Request for Production to Plaintiff, the defendants served Kids FIRST with a federal subpoena – and they are angling for a separate federal protective order with Kids FIRST over Plaintiff's objection to collect Plaintiff's medical records and others – without allowing Plaintiffs an opportunity to review them for privilege.

6 – PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION FOR LEAVE TO AMEND ANSWER

RIZZO | BOSWORTH | ERAUT PC

1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

During this entire time, the defendants never once objected on grounds of the Eleventh Amendment or sovereign immunity in this action, and they have even agreed to a trial setting. *See Hankins v. Finnel,* 964 F.3d. 853, 856 (8th Cir. 1992) ("Courts have inferred a waiver when the State has made a general appearance in federal court and defended a lawsuit on the merits.") (citing *Sosna v. Iowa,* 419 U.S. 393, 396, 95 S. Ct. 553, n.2 42 L. Ed. 2d 532 (1975)). Accordingly, the Court should find that the totality of the defendants' conduct reflects their unanimous consent to the jurisdiction of the federal court in this action.

***Second, and in the alternative,*** allowing the defendants to now allege the Eleventh Amendment is prejudicial. For example, the defendants trumpet that the new defense "presents an issue of pure law." (ECF 105 at 6). That said, had the defense been asserted timely, the parties could have expedited the briefing on the defense and obtained a ruling prior to expending hundreds of hours and thousands of dollars navigating the defendants' manifold discovery delays and objections. Also, the defendants' contention that – after a year of litigation – positioning themselves to bar "Plaintiff's claims in whole and in part" somehow does "not result in prejudice to plaintiff" is inane. (ECF 105 at 6). If all or part of this action is dismissed on Eleventh Amendment grounds, Plaintiff would be forced to refile suit in state court, and risk dismissal on limitations and other state law grounds. And if only some "part" of Plaintiffs' claims were to be dismissed, Plaintiff would be forced to litigate in the two separate forums.

Exposing some or all of Plaintiff's claims to a dismissal after litigating on the merits for more than a year is a product of the defendants' gamesmanship and it prejudices Plaintiff and J.C.

***Third, and in the alternative,*** the newly revealed Eleventh Amendment defense is futile. As framed, the defendants hedge their new defense only "to the extent she intends to seek damages . . . against any defendant acting in their official capacity" phraseology. However, Plaintiff does not allege any claims against the defendant officials acting in their official capacity. Plaintiffs sued the officials only in their individual capacity. This hedge phraseology would open a window and allow the defendants to adduce evidence and claim that at least some of the officials only acted in

7  –  PLAINTIFF'S  RESPONSE  TO  DEFENDANTS'
MOTION FOR LEAVE TO AMEND ANSWER



RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

their official capacity. Thus, the defendants' attempt to unveil their Eleventh Amendment defense at an eleventh hour is not "necessitated" by their "ongoing investigation." Nor does the new defense stem from the SAAGs' sudden realization that all along they have been representing the State and also claiming to represent the defendant officials as the so-called "State Defendants." Rather, as it turns out, the defendants' desire to now plant an Eleventh Amendment/Sovereign Immunity defense timebomb in this action stems entirely from their attempt to leverage a so-called partial consolidation with *Conley*.

***Fourth, and in the alternative,*** as seen, the defendants' motion arises out of a dilatory motive. The defendants can offer no reason why the new defense theory was not presented earlier other than that the new defense will assist them to "maintain consistency" in attempting to dismiss this action. But such self-serving reasoning is not in the interests of justice. *See Perez v. United States* , 830 F.2d 54, 57 (5th Cir. 1987) ("A defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense.") (quoting *Ingraham v. United States,* 808 F.2d 1075, 1079 (5th Cir. 1987)).

## CONCLUSION

The Court should disallow the Eleventh Amendment/Sovereign Immunity defense.


Dated: December 13, 2023.


RIZZO BOSWORTH ERAUT PC


By:  /s/ *Steven Rizzo*
Steven Rizzo OSB # 840853 (he/him/his)
Mary D. Skjelset OSB # 075840 (she/her/hers)
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Suite 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630

ATTORNEYS FOR PLAINTIFF LEVI

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>             Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al ,<br><br>             Defendants. | CASE NO. 6:22-cv-01813-MK<br><br><br>**CERTIFICATE OF SERVICE** |
| OREGON DEPARTMENT OF<br>HUMAN SERVICES,<br><br>             Third Party Plaintiff,<br><br>v.<br><br>JOE ALBERT RAYGOSA,<br><br>             Third Party Defendant. | |

I am employed by the law firm of Rizzo Bosworth Eraut PC in Portland, Oregon. I am over the age of eighteen years and not a party to the subject cause. My business address is 1300 SW Sixth Avenue, Suite 330, Portland, OR 97201.

On the date below, I caused to be served on all parties in this action by transmitting a true copy thereof: **Plaintiff's Response to Defendants' Motion for Leave to Amend Answer**

<u>**VIA ECF**</u>

| | |
|---|---|
| **Jill Schneider**<br>**Nicholas S. Mancuso**<br>**Oregon Department of Justice**<br>**100 SW Market Street**<br>**Portland, OR 97201**<br>**Ph. 971-673-1880**<br>**Fax: 971-673-5000**<br>**Email: jill.schneider@doj.state.or.us**<br>**Email: nicholas.mancuso@doj.state.or.us**<br>*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services* | Lauren Blaesing<br>Harry B. Wilson<br>Alexandra Rhee<br>Markowitz Herbold PC<br>1455 SW Broadway<br>Ste. 1990<br>Portland, OR. 97201<br>Ph: 503-295-3085<br>Email: laurenblaesing@markowitzherbold.com<br>Email: harrywilson@markowitzherbold.com<br>Email: alexrhee@markowitzherbold.com<br>*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services* |

Dated this 13th day of December, 2023.

 *s/ Cheridan Carr*
 Cheridan Carr
 Paralegal

1- Certificate of Service