**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Alexandra L. Rhee, OSB #230770**
AlexRhee@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085
*Special Assistant Attorneys General for State Defendants*
*and Third-Party Plaintiff*
*Additional Counsel of Record Listed on Signature Page*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

|  |  |
|---|---|
| ETHAN LEVI,<br><br>          Plaintiff,<br><br>    v.<br><br>KIM CHAPMAN, in her individual capacity; ANASTASIA TIBBETTS, in her individual capacity; KASSIDY O'BRIEN, in her individual capacity; ERIN LANE, in her individual capacity; THE OREGON DEPARTMENT OF HUMAN SERVICES, a government agency; and JANE and JOHN DOES 1-5; in their individual and/or official capacities,<br><br>          Defendants. | Case No. 6:22-cv-01813-MK<br><br>**REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER** |
| OREGON DEPARTMENT OF HUMAN SERVICES,<br><br>          Third-Party Plaintiff,<br><br>    v.<br><br>JOE ALBERT RAYGOSA,<br><br>          Third-Party Defendant. | |

**Page 1 –    REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER**

**INTRODUCTION**

The Eleventh Amendment to the United States Constitution is a cornerstone of state sovereignty. *See Seminole Tribe of Fla v. Florida*, 517 U.S. 44, 54 (1996) ("[E]ach State is a sovereign entity in our federal system; and . . . it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent.") (cleaned up). As a result, "[t]he test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one." *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985). Indeed, because Eleventh Amendment immunity "partakes of the nature of a jurisdictional bar . . . it need not be raised in the trial court[.]" *Edelman v. Jordan*, 415 U.S. 651, 678 (1974).

On November 29, 2023, defendants Kim Chapman, Anastasia Tibbets, Kassidy O'Brien, Erin Lane, and the Oregon Department of Human Services ("ODHS") (collectively, "State Defendants") filed their Proposed Amended Answer (Decl. of Hannah K. Hoffman in Supp. of State Defs.' Mot. for Leave to Am. Answer, Ex. 1 (Dkt. No. 106-1)), in which they proposed several amendments to their answer. (Dkt. No. 19.) Plaintiff has objected to only one change:[1] State Defendants' assertion of their constitutional right to immunity from suits for damages in federal court under the Eleventh Amendment of the United States Constitution.[2]

Plaintiff offers no compelling reason to disallow State Defendants from amending their answer to assert their Eleventh Amendment rights. Federal Rule of Civil Procedure 15 is "designed to facilitate the amendment of pleadings except where prejudice to the opposing party

---

[1] The fact that plaintiff opposes only one change means that plaintiff has assented to the remainder of State Defendants' proposed amendments, and the Court should grant State Defendants leave to file those amendments.

[2] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

**Page 2 –**    **REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER**

would result." *United States v. Hougham*, 364 U.S. 310, 316 (1960). Plaintiff has identified no actual prejudice. Discovery does not close for more than seven months, and dispositive motions are nearly a year away. (Dkt. No. 77.) Neither plaintiff nor State Defendants have litigated any issue on the merits. There is no substantive or procedural basis for State Defendants not to assert their constitutional rights and, therefore, the Court should grant State Defendants' motion to amend their pleadings.

## ARGUMENT

State Defendants have not waived their Eleventh Amendment sovereign immunity defense, nor will plaintiff be prejudiced by State Defendants pleading the defense in an amended answer before any briefing on the merits has occurred. The affirmative defense is not futile, as plaintiff has brought two claims for monetary damages against ODHS, a state entity that is immune from suits in federal court.

**I.     State Defendants have not waived their constitutional right to Eleventh Amendment immunity.**

**A.     Legal Standard**

Under the Eleventh Amendment, a state is immune from suit under state or federal law by private parties in federal court absent a valid abrogation of that immunity or an express waiver by the state. *E.g.*, *Carmack v. Ore. Dep't. of Corrections*, No. 2:21-cv-01887-YY, 2023 WL 3260568 *6 (D. Or. Feb. 2, 2023); *In re Harleston*, 331 F.3d. 699, 701 (9th Cir. 2003). The amendment bars suits that seek "damages or injunctive relief against a state, an arm of the state, its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (citation and quotation omitted). Furthermore, Oregon federal district courts have repeatedly held that the Oregon Tort Claims Act ("OTCA") does not waive or abrogate Oregon's Eleventh Amendment immunity from suit in federal court. *Webber v. First Student, Inc.*, 928 F.

**Page 3 –     REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER**

Supp. 2d 1244, 1269 (D. Or. 2013) ("The OTCA provides a limited waiver of the State of Oregon's sovereign immunity for the torts of its officers, employees and agents acting within the scope of their employment or duties.  It does not waive the State of Oregon's Eleventh Amendment immunity to suit in federal court." (Citation omitted)); *Estate of Pond v. Oregon*, 322 F. Supp. 2d 1161, 1165 (D. Or. 2004).

When the Eleventh Amendment applies, the federal court must dismiss the barred claims without prejudice so that the plaintiff can reassert them in a court of competent jurisdiction.  *See Rote v. Comm. on Jud. Conduct & Disability of Jud. Conf. of United States*, 577 F. Supp. 3d 1106, 1126 (D. Or. 2021), *aff'd* No. 22-35261, 2023 WL 6875413 (9th Cir. Oct. 18, 2023) ("The Court therefore lacks subject matter jurisdiction over Plaintiff's claims against the Oregon Judicial Department.  Thus, the Court dismisses all of Plaintiff's claims against the Oregon Judicial Department without prejudice, but without leave to amend in this Court."); *see also Freeman v Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) (observing that the "Eleventh Amendment is a limit on federal courts' jurisdiction" and that dismissals for lack of jurisdiction should be "'without prejudice so that a plaintiff may reassert his claims in a competent court.'" (quoting *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988)).

**B.      State Defendants have not expressly or impliedly waived Eleventh Amendment immunity.**

Although a state may waive its Eleventh Amendment immunity, courts will not find waiver lightly and must indulge every reasonable presumption against waiver.  "'Courts indulge every reasonable presumption against waiver'" of Eleventh Amendment immunity.  *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 682 (1999) (quoting *Aetna Ins. Co. v. Kennedy ex rel. Bogash*, 301 U.S. 389, 393 (1937) (alterations omitted)).

**Page 4 –      REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER**

State Defendants have taken none of the actions that courts look for to determine that a state agency has consented to a federal court's jurisdiction, thereby waiving its right to plead an Eleventh Amendment affirmative defense.  A state's Eleventh Amendment immunity is not absolute and is subject to three exceptions: (1) abrogation by Congress; (2) waiver by consenting to suit; and (3) the *Ex parte Young* doctrine, under which there is no immunity to suit against a state official in their official capacity for prospective injunctive or declaratory relief.  *Steshenko v. Gayrard*, 44 F. Supp. 3d 941, 949-50 (N.D. Cal. 2014).  Only the second exception—waiver— is at issue here.

Courts typically find waiver in only narrow circumstances: where a state has litigated a case on the merits and in doing so, has implied consent to the federal court's jurisdiction.  For example, courts have found that a state waived its Eleventh Amendment immunity by: (1) seeking an injunction; (2) actively litigating a case without asserting Eleventh Amendment immunity; and (3) litigating the suit on the merits, participating in discovery, *and* moving for summary judgment without pressing the defense.  *See, e.g.*, *Johnson v. Rancho Santiago Comm. College Dist.*, 623 F.3d 1011, 1021-22 (9th Cir. 2010) (waiver by engaging in extensive proceedings in district court without seeking dismissal on Eleventh Amendment grounds); *City of S. Pasadena v. Mineta*, 284 F.3d 1154, 1158 (9th Cir. 2002) (injunction) ("[W]aivers of sovereign immunity are narrowly construed."); *Welch v. Tex. Dep't. of Highways and Pub. Transit*, 483 U.S. 468, 473 (1987) ("[B]ecause constructive consent is not a doctrine commonly associated with the surrender of constitutional rights, the Court will find a waiver by the State only where stated by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.") (cleaned up).

**Page 5 –     REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER**

Nothing close to those circumstances exists in this case.  State Defendants have never sought an injunction.  They have not litigated the merits of this case, let alone moved for summary judgment.  The litigation to-date has addressed only pre-deposition discovery issues: entering a protective order, producing documents, and addressing plaintiff's request to inspect the OR-Kids database.  State Defendants have not filed a motion to dismiss; no party has noticed a deposition; and no briefing or litigation on the merits has occurred.  The Court has issued no rulings on the merits of plaintiff's claims.  In these circumstances, State Defendants have not waived their Eleventh Amendment immunity.  *See Sanders v. Univ. of Idaho*, 552 F. Supp. 3d 991, 1031 (D. Idaho 2021), *rev'd in part on other grounds on recons*., No. 3:19-CV-00225-BLW, 2021 WL 5237225 (D. Idaho Nov. 9, 2021).

In *Sanders*, the state raised an Eleventh Amendment affirmative defense for the first time in summary judgment briefing and the district court concluded that the state had not waived the defense even when it did not previously assert the affirmative defense against a claim *at all*. "Defendants failed to raise Eleventh Amendment immunity as an affirmative defense when [plaintiff] sought to file her second amended complaint. . . or when Defendants filed an answer to [plaintiff's] second amended complaint.  However, Defendants raised Eleventh Amendment immunity as a defense to [plaintiff's] . . . claim in their motion for summary judgment as well as in their opposition to [plaintiff's] motion for partial summary judgment . . .  Thus, although Defendants did not raise the Eleventh Amendment in . . . its answer, this is not a situation where Defendants have failed to raise the defense when litigating the case on the merits." *Id.* at 1031 (footnote and citation omitted).

The same analysis applies here.  The fact that State Defendants could have pleaded an Eleventh Amendment affirmative defense in their initial answer does not mean that they cannot

**Page 6 –    REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER**

do so now.  Indeed, here State Defendants are asserting their Eleventh Amendment rights far earlier than in *Sanders*, where defendants asserted the Eleventh Amendment against one claim for the first time at summary judgment.  In this matter, summary judgment is still nearly a year away.  And, as in *Sanders*, "this is not a situation where Defendants have failed to raise the defense when litigating the case on the merits."  *Id.*

In arguing to the contrary, plaintiff relies on *Hill v. Blind Indus. and Serv. of Md.* for the proposition that a state cannot invoke Eleventh Amendment immunity "at any time in the proceedings."  (Resp. Br. at 5 (quoting 179 F.3d 754, 760, *amend. by* 201 F.3d 1186 (9th Cir. 2000).)  The circumstances in *Hill* are much different.

In *Hill*, the plaintiff sued the defendant for breach of contract, and the defendant did the following: (1) unsuccessfully moved to dismiss for lack of personal jurisdiction; (2) filed an answer that did not assert an affirmative defense under the Eleventh Amendment; (3) unsuccessfully moved for judgment on the pleadings for lack of diversity; (4) conducted discovery; (5) moved to compel discovery; (6) participated in a pretrial conference; (7) filed witness and exhibit lists, proposed jury instructions, and a trial memorandum; *and then* (8) moved for dismissal under the Eleventh Amendment on the *opening day of trial*.  179 F.3d at 756.  The facts of *Hill* do not match this case; State Defendants have not litigated on the merits, and no trial date has been set, let alone begun.[3]

---

[3] Another inapposite example is *Nelson-Baca v. Oregon*, No. 3:18-CV-00300-YY, 2021 WL 5876700 (D. Or. May 27, 2021), *report and recommendation adopted*, 2021 WL 2711466 (D. Or. July 1, 2021).  In that matter, the state did not raise Eleventh Amendment immunity until after the close of discovery (more than seven months away in this case), after the dispositive motion deadline (nearly a year away in this case), and after filing *four* motions on the merits.  Under those substantially different circumstances, none of which are present here, the court concluded that the state had waived Eleventh Amendment immunity.  *Id.* at *2.

**Page 7 –**    **REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER**

Neither party has even submitted any issue on the merits in this case to the Court. Plaintiff points to State Defendants' third-party complaint against Joe Raygosa, (Resp. Br. at 6), but the Ninth Circuit has held that filing a third-party complaint does not waive Eleventh Amendment immunity. *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1148 (9th Cir. 2007) ("We reject [the] contention that the filing of a third-party complaint by the State defendants constituted an invocation of federal jurisdiction which was incompatible with an intent to preserve the defense of sovereign immunity. The filing of the third-party complaint for indemnification or contribution can best be viewed as an appropriate defense strategy, that is, as a contingent claim asserted against third parties.").

Plaintiff also points to State Defendants' participation in the Rule 16 conference on May 10, 2023, their responses to plaintiff's discovery requests, and their participation in various discovery-related correspondence, disputes, conferrals, and hearings. ((Resp. Br. at 6)) None of these activities relate to "the merits" of plaintiff's claims.[4] *See Sanders*, 552 F. Supp. 3d at 1031 (allowing the defendant to raise Eleventh Amendment defense for the first time at summary judgment); *see also Barker v. Fleming*, 423 F.3d 1085, 1092 (9th Cir. 2005) (explaining that an adjudication "on the merits" means an adjudication that resolves "the rights of the parties on the substance of the claim, rather than on the basis of a procedural or other rule."). Plaintiff has cited only procedural issues that do not reach the substance of the claims. Because State Defendants have not litigated this case on the merits, they have not waived their constitutional right to Eleventh Amendment immunity and may raise the defense now.

---

[4] Plaintiff incorrectly states that State Defendants have "agreed to a trial setting." (Resp. Br. at 7.) No trial date has been set, and the furthest deadline in this case that has been set is for dispositive motions to be filed by November 8, 2024—nearly 11 months from now. (Minutes of Proceedings, Dkt. No. 77.)

**Page 8 –**    **REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER**

II.     **State Defendants' proposed amended answer is proper under Federal Rule of Civil Procedure 15(a), and this Court should grant leave to amend.**

A.     **Legal standard.**

Federal Rule of Civil Procedure 15 "advises the court that 'leave shall be freely given when justice so requires.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). The Ninth Circuit has held that Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality." *Id*. (citation and quotation marks omitted).

The United States Supreme Court identified five factors (the "*Foman* factors") for courts to consider in reviewing a motion for leave to amend: (1) "undue delay," (2) "bad faith or dilatory motive on the part of the movant," (3) "repeated failure to cure deficiencies by amendments previously allowed," (4) "undue prejudice to the opposing party by virtue of allowance of the amendment," and (5) "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Ninth Circuit has held that "the consideration of prejudice to the opposing party … carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under [Fed. R. Civ. P. 15(a)] in favor of granting leave to amend." *Id*. (citing *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997)).

B.     **State Defendants are not estopped from amending their answer to include an affirmative defense under the Eleventh Amendment.**

Plaintiff objects to State Defendants' proposed affirmative defense pursuant to three of the five *Foman* factors: prejudice, futility, and bad faith. For the reasons that follow, none of plaintiff's arguments has merit.

Page 9 –     **REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER**

### 1.    Plaintiff is not prejudiced by State Defendants pleading an affirmative defense for Eleventh Amendment immunity.

An Eleventh Amendment immunity defense will not cause any delay in the proceedings or require additional discovery.  Thus State Defendants amending their answer does not prejudice plaintiff.  There are more than seven months of discovery remaining and nearly a year until dispositive motions.  No trial date has even been set.  *Cf. Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("[A] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend. . . .").  Nor will the amendment require plaintiff to incur different or additional litigation expenses.  And contrary to plaintiff's assertions, (Resp. Br. at 7), the fact that he incurred expenses before the amendment is not an argument that he will suffer prejudice if State Defendants are permitted to assert their constitutional right to sovereign immunity.  *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) ("Appellants argue that they were prejudiced because they incurred substantial litigation expenses *before* Kaiser moved to amend its answer.  Appellants cite no case holding that prejudice should be measured by litigation expenses incurred before a motion to amend is filed." (emphasis in original))

Plaintiff also asserts that a successful Eleventh Amendment defense could mean that plaintiff's claims will be bifurcated, and plaintiff will need to replead the negligence claims against ODHS in state court.  (Resp. Br. at 7.)  Litigating state law claims in state court is not "prejudice" to plaintiff, and plaintiff is not required to split claims between jurisdictions.  Plaintiff can dismiss the federal complaint in its entirety and refile in state court, as Oregon state courts are courts of general jurisdiction and more than capable of handling plaintiff's federal civil rights claims.  *See Bd. of Comm'rs. of Clackamas Cnty. v. Dep't. of Land Conservation and Dev.*, 35 Or. App. 725, 732 (1978) (explaining that "the state courts are courts of general

**Page 10 –    REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER**

jurisdiction responsible for the full resolution of legal problems brought to their attention."). Or plaintiff may drop the state law claims altogether.

Plaintiff suggests that he would be prejudiced if he were to refile in state court because the statute of limitations could have run by that time, (Resp. Br. at 7), but this argument fails because plaintiff brought the state law claims under 28 U.S.C. § 1367, which contains a tolling provision for state law claims brought in federal court under that statute that are later repleaded in state court. 28 U.S.C. § 1367(d). Moreover, even if State Defendants had pleaded their Eleventh Amendment defense in January 2023, there is no guarantee or requirement that they would have moved on it before this point in the proceedings, nor would there be any guarantee their motion would have been ruled on by now. The fact of pleading a defense does not mean the defense is immediately dealt with. Furthermore, plaintiff should have known that the Eleventh Amendment barred claims against the state in federal court, yet plaintiff nonetheless filed claims in federal court. Plaintiff is responsible for his own decisions. Plaintiff has presented no evidence that amending the answer to include an Eleventh Amendment defense now would put him in any worse position than he would have been in had State Defendants pleaded it at the outset of this case.

### 2. State Defendants' affirmative defense for Eleventh Amendment immunity is not futile.

State Defendants' affirmative defense for Eleventh Amendment sovereign immunity is not futile. An amendment is futile if it would be "immediately 'subject to dismissal.'" *Gizmo Trucking, LLC v. Adriatic Ins. Co.*, No. 6:14-cv-00281-AA, 2015 WL 12806495 at *3 (D. Or. May 5, 2015) (quoting *Fulton v. Advantage Sales & Mktg.*, LLC, No. 3:11-cv-01050-MO, 2012 WL 5182805 at *2-3 (D. Or. Oct. 18, 2012)). In evaluating whether an amendment is futile, the court must analyze whether it would survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Id.*

Page 11 –    REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION FOR LEAVE
             TO AMEND ANSWER

State Defendants have a constitutional entitlement to immunity under the Eleventh Amendment. *Allen v. Cooper*, 589 U.S. ---, 140 S. Ct. 994, 1000 (2020) ("In our constitutional scheme, a federal court generally may not hear a suit brought by any person against a nonconsenting State."). State Defendants' affirmative defense under the Eleventh Amendment is correctly pled and applicable to this case. The Eleventh Amendment bars suits that seek damages or injunctive relief against a state, an arm of the state, its instrumentalities, or its agencies. *Steshenko*, 44 F. Supp. 3d at 949.

The District Court of Oregon has repeatedly held that the OTCA did not waive or abrogate Oregon's immunity from suit in federal court and thus tort claims subject to the OTCA must be brought in state court. *See Webber*, 928 F. Supp. 2d at 1269. "[T]he Eleventh Amendment provides states, including state agencies *such as DHS*, with immunity from suit in federal court, and bars citizens from bringing suit in federal court against a state or state agency or state actor." *Waine v. Ore. Dep't. of Human Servs. Children, Adults & Family Div.*, No. 02:12-cv-01613-SU, 2013 WL 653154, at *4 (D. Or. Jan. 3, 2013), *report and recommendation adopted in part*, 2013 WL 653219 (D. Or. Feb. 21, 2013) (dismissing claims for monetary and injunctive relief against ODHS) (emphasis added); *Estate of Pond*, 322 F. Supp. 2d at 1165 (dismissing wrongful death claim against ODHS because "suits by private parties against the state [under the OTCA] must be brought in state court.").

Plaintiff makes no argument on the merits concerning whether the Eleventh Amendment bars his claims against ODHS. He suggests that ODHS intends to use the defense to conduct discovery into whether the individual defendants acted only in their official capacity. (Resp. Br. at 7-8.) This argument makes little sense, as no discovery is required on that question. Plaintiff does not address his claims against ODHS, and he acknowledges elsewhere that some subset of

**Page 12 –** **REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER**

his claims could be dismissed. (*Id*. at 7.) State Defendants' Eleventh Amendment affirmative defense is not futile.

### 3. State Defendants have added their affirmative defense for Eleventh Amendment immunity in good faith.

Finally, State Defendants had no "dilatory motive" in amending their answer to include their Eleventh Amendment affirmative defense. (*See* Resp. Br. at 8.) Plaintiff's argument to the contrary appears to be an objection based on State Defendants' "undue delay," rather than any true bad faith, as plaintiff accuses State Defendants of offering "no reason why the new defense theory was not presented earlier." (*Id*.)

Even if State Defendants' delay were "undue," delay alone is not sufficient cause for a court to deny a motion to amend. *See Hiblar v. Stacy & Witbeck, Inc.*, No. 3:17-cv-00509-JR, 2018 WL 11484278 at *3 (D. Or. Oct. 11, 2018) ("[E]ven assuming such delay can be reasonably inferred from the record before the Court, it is alone insufficient to justify the denial of defendant's motion.") (citing *Camarillo v. McCarthy*, 988 F.2d 638, 639 (9th Cir. 1993) ("[i]n the absence of a showing of prejudice … an affirmative defense may be raised for the first time at summary judgment") (alterations in original); *see also Bowles v. Reade,* 198 F.3d 752, 758 (9th Cir. 1999) (holding that "[u]ndue delay by itself … is insufficient to justify denying a motion to amend."). State Defendants have raised their defense nearly a year before the parties' dispositive motions are due, so there is no colorable argument that they are too late in pleading their affirmative defense.

In addition, absent a showing of prejudice, it is appropriate to allow the timely addition of a new affirmative defense when it is pleaded by new counsel who did not draft the original answer. *See World Fuel Serv., Inc. v. Evergreen Helicopters, Inc.*, No. 3:16-cv-00504-SB, 2019 WL 7504858 at *5 (D. Or. Dec. 2, 2019) (holding that amendment to add affirmative defense

**Page 13 – REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER**

was proper where new counsel had not participated in state court discovery that preceded federal litigation and had not drafted the original answer).  The original answer was filed January 30, 2023 (Dkt. No. 19) and the undersigned counsel entered their appearance on June 26, July 20, and September 7, 2023 (Dkt. No. 48, 49, 59, and 76).

## CONCLUSION

For the reasons set out above and in State Defendants' motion for leave to file an amended answer, this Court should grant State Defendants leave to file an amended answer that includes an affirmative defense for immunity under the Eleventh Amendment.  In the alternative, if the Court agrees with plaintiff's single objection to State Defendants' proposed amended answer, the Court should permit State Defendants to file their amended answer with all proposed changes other than the Eleventh Amendment affirmative defense.

DATED: December 27, 2023          MARKOWITZ HERBOLD PC


*s/ Hannah K.  Hoffman*
Lauren F. Blaesing, OSB #113305
LaurenBlaesing@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Alexandra L. Rhee, OSB #230770
AlexRhee@MarkowitzHerbold.com
*Special Assistant Attorneys General for State Defendants and Third-Party Plaintiff*

Hannah K. Hoffman, OSB #183641
HannahHoffman@MarkowitzHerbold.com
*Of Attorneys for State Defendants and Third-Party Plaintiff*

Jill Schneider, OSB #001619
Jill.Schneider@doj.state.or.us


**Page 14 –     REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER**

Nicholas Mancuso, OSB #151262
Nicholas.Mancuso@doj.state.or.us
*Of Attorneys for State Defendants and Third-Party Plaintiff*

2077383

**Page 15 –     REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION FOR LEAVE
    TO AMEND ANSWER**