UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

|  |  |
|---|---|
| ETHAN LEVI,<br><br>        Plaintiff,<br><br>v.<br><br>KIM CHAPMAN *et al.*,<br><br>        Defendants. | CASE No. 6:22-cv-01813-MK<br><br>**OPINION AND<br>ORDER** |
| OREGON DEPARTMENT OF<br>HUMAN SERVICES,<br><br>        Third Party Plaintiff,<br><br>v.<br><br>JOE ALBERT RAYGOSA,<br><br>        Third Party Defendant. |  |

**KASUBHAI,** United States Magistrate Judge:

Pursuant to Fed. R. Civ. P. 15(a)(2), State Defendants[1] seek leave to file an Amended

Answer, Affirmative Defenses, and Third-Party Complaint. Motion for Leave to Amend Answer,

---

[1] Specifically, Defendants Anatasia Tibbets, Kassidy O'brien, Erin Lane, and the Oregon Department of Human Services ("ODHS").

Page 1 – OPINION AND ORDER

ECF No. 105. For the reasons explained below, State Defendants' Motion to Amend is GRANTED.

## LEGAL STANDARD

Fed. R. Civ. P. 15(a)(2) provides that the "court should freely give leave [to amend a pleading] when justice so requires." A district court, however, has discretion to deny a motion to amend "due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (alteration in original) (quoting *Leadsinger, Inc. v. BMG Music Publg*, 512 F.3d 522, 532 (9th Cir. 2008)). Leave to amend pursuant to Rule 15(a)(2) is liberally granted. *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

## DISCUSSION

Plaintiff opposes the motion to the extent that State Defendants seek leave to amend their answer to allege the fifth affirmative defense of Eleventh Amendment and Sovereign Immunity. Pl.'s Resp. to Defs.' Mot. For Leave, ECF No. 107 ("Pl.'s Resp."). Plaintiff asserts that the Court should deny the Motion because (1) State Defendants' participation in the litigation waived their Eleventh Amendment immunity; (2) allowing State Defendants to now allege the Eleventh Amendment is prejudicial; (3) the Eleventh Amendment defense is futile; and (4) State Defendants motion arises out of a dilatory motive. Pl.'s Resp at 5–8.

### A. Waiver of Eleventh Amendment Immunity

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991). It bars suits against state agencies, *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993), and bars damages actions against state officials in their official capacity. *Flint v. Dennison*, 488 F.3d 816, 824–25 (9th Cir. 2007). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacity. *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022).

Unlike subject matter jurisdiction, a state may waive its Eleventh Amendment immunity by unequivocally consenting to suit in federal court. *PennEast Pipeline Co., LLC v. New Jersey*, 141 S. Ct. 2244, 2262 (2021). For example, voluntary "[r]emoval waives Eleventh Amendment immunity." *Embury v. King*, 361 F.3d 562, 565–66 (9th Cir. 2004). "Express waiver is not required; a state waives its Eleventh Amendment immunity by conduct that is incompatible with an intent to preserve that immunity." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (internal quotation marks, alterations, and citation omitted).

"[I]n some circumstances, waiting to raise an immunity defense results in a waiver of immunity." *Id.* at 1148 (state defendant waived immunity "by participating in extensive pre-trial activities and waiting until the first day of trial" to raise immunity defense); *In re Bliemeister,* 296 F.3d 858, 862 (9th Cir. 2002) (state defendant waived immunity defense by failing to raise it

Page 3 – OPINION AND ORDER

in answer, motion for summary judgment, or at oral argument at which court announced preliminary view of case which was adverse to state defendant). State defendants cannot "litigate the case on the merits, and then belatedly claim Eleventh Amendment immunity to avoid an adverse result." *Hill*, 179 F.3d at 758.

A state may also implicitly waive Eleventh Amendment immunity by defending the suit on the merits. *Fordyce v. City of Seattle*, 55 F.3d 436 (9th Cir.1995). When a state defendant files a third-party claim, the focus in determining waiver of Eleventh Amendment immunity is whether the state's conduct is "incompatible with an intent to preserve their immunity." *Aholelei*, 488 F.3d at 1148. "The alternative pleading of a defensive claim against other tortfeasors is not an invocation of federal jurisdiction that is incompatible with an intent to preserve the State defendants' claim of sovereign immunity." *Id.* at 1149.

Plaintiff asserts that State Defendants' extensive participation in the defense of this action is incompatible with their attempt to preserve their claim of sovereign immunity. Pl.'s Resp. at 5. For example, in response to Plaintiff's Complaint, State Defendants voluntarily filed a Notice of Appearance in December 2022 without reservation or mention of the Eleventh Amendment of sovereign immunity. ECF Nos. 10, 12. State Defendants also filed their Answer on January 30, 2023 and asserted several affirmative defenses, including qualified immunity, and a third-party claim, but failed to allege an Eleventh Amendment defense. State Defs.' Answer to Compl. ECF No. 19. Moreover, State Defendants sought leave to amend their Answer in June 2023 without mention of an intent to claim Eleventh Amendment Immunity. ECF No. 45.

Nonetheless, the Court finds that State Defendants' participation in this action is not incompatible with an intent to preserve a claim of Eleventh Amendment immunity. State Defendants' participation in the defense of this action has primarily addressed pre-deposition

Page 4 – OPINION AND ORDER

discovery issues such as entering a protective order and producing documents. State Defendants'

third-party claim is not an invocation of federal jurisdiction that is incompatible with an intent to

preserve a claim of sovereign immunity. *Aholelei*, 488 F.3d at 1149. State Defendants have not

filed or defended a dispositive motion, and the Rule 16 deadlines are still months away. *See*

Minutes of Proceedings ECF No. 77. Because State Defendants have not litigated the suit on the

merits, State Defendants have not implicitly waived Eleventh Amendment immunity.

### B.  Prejudicial Impact of Allowing Amendment

Plaintiff asserts that allowing State Defendants to now allege the Eleventh Amendment is

prejudicial because, had State Defendants timely claimed the defense, the parties could have

expedited the briefing on the issue and obtained a ruling prior to allocating resources to other

issues that could be irrelevant if Plaintiff's claims are barred. Pl.'s Resp. at 7. While permitting

an amendment that could result in dismissal of a claim in whole or in part is prejudicial, the

correct focus is whether allowing amendment would be *unduly* prejudicial. *See Zucco*, 552 F.3d

at 1007. Permitting amendment to allow State Defendants to assert a defense codified in the U.S.

Constitution does not impose an undue prejudice on Plaintiff.

### C.  Futility of the Eleventh Amendment Defense

Plaintiff correctly notes that the individual State Defendants are sued in their personal,

not official, capacity. Thus, assertion of an Eleventh Amendment immunity defense may be

futile. *See Cornel*, 37 F.4th at 531 (Eleventh Amendment does not bar suits seeking damages

against state officials in their personal capacity.). However, Plaintiff also asserts a claim against

a state agency, ODHS. Without deciding the immunity of ODHS at this time, because the

Eleventh Amendment bars suit against state agencies, *P.R. Aqueduct & Sewer Auth.*, 506 U.S. at 144, allowing State Defendants to amend their Answer may not be futile.

### D. Dilatory Motive

The Court has discretion to deny amendment due to a dilatory motive on the part of the movant. *Zucco*, 552 F.3d at 1007. "Undue delay by itself, however, is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) (denial of leave to amend improper "where the district court did not provide a contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment"). As explained above, any prejudice to Plaintiff is not undue and permitting amendment may not be futile. Plaintiff asserts that State Defendants' motion for leave to amend is motivated by the self-serving interest in expediting dismissal by consolidating this case with a related case. Pl.'s Resp. at 8. However, State Defendants' allegedly self-serving motivation does not amount to a showing of bad faith. The Court finds that this factor does not weigh against allowing leave to amend.

### CONCLUSION

The Court finds that the *Zucco* factors weigh in favor of granting State Defendants leave to amend. Because leave to amend should be freely granted and for the specific reasons explained above, State Defendants' Motion for Leave to Amend Answer (ECF No. 105) is GRANTED.

DATED this 22nd day of January 2024.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge

Page 6 – OPINION AND ORDER