**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Alexandra L. Rhee, OSB #230770**
AlexRhee@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085
*Special Assistant Attorneys General for State Defendants*
*and Third-Party Plaintiff*
*Additional Counsel of Record Listed on Signature Page*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI, | Case No. 6:22-cv-01813-MK |
| Plaintiff, | **STATE DEFENDANTS' MOTION TO COMPEL** |
| v. | |
| KIM CHAPMAN, in her individual capacity; ANASTASIA TIBBETTS, in her individual capacity; KASSIDY O'BRIEN, in her individual capacity; ERIN LANE, in her individual capacity; THE OREGON DEPARTMENT OF HUMAN SERVICES, a government agency; and JANE and JOHN DOES 1-5; in their individual and/or official capacities, | **REQUEST FOR ORAL ARGUMENT** |
| Defendants. | |
| OREGON DEPARTMENT OF HUMAN SERVICES, | |
| Third-Party Plaintiff, | |
| v. | |
| JOE ALBERT RAYGOSA, | |
| Third-Party Defendant. | |

**Page 1 –    STATE DEFENDANTS' MOTION TO COMPEL**

**LOCAL RULE 7-1(a) CERTIFICATION**

Pursuant to Local Rule 7-1(a), counsel for Kim Chapman, Anastasia Tibbetts, Kassidy O'Brien, Erin Lane, and the Oregon Department of Human Services ("ODHS") (collectively, "State Defendants") conferred with counsel for plaintiff by telephone on January 23, 2024, prior to filing this motion, and the parties were unable to reach agreement.

**MOTION**

Pursuant to Federal Rules of Civil Procedure 37(a)(1) and 37(a)(3)(B)(iv), State Defendants move the Court for an order compelling plaintiff to produce a copy of the entire, unaltered video recording made at the Central Office of the Oregon Department of Human Services on October 30, 2023, from about 9:35 a.m. through about 3:20 p.m. ("Inspection Video"). The Inspection Video reflects plaintiff's inspection of the OR-Kids database, conducted that day in the presence of State Defendants' counsel. State Defendants requested the Inspection Video in their Second Request for Production of Documents, and plaintiff has objected and refused to produce the video. (Decl. of Hannah K. Hoffman ("Hoffman Decl."), Ex. 1.)

**INTRODUCTION**

Plaintiff's counsel made a video recording of their inspection of ODHS's confidential OR-Kids child welfare database on October 30, 2023. State Defendants facilitated the inspection plaintiff requested and which the Court ordered. The Inspection Video is a record of the content of ODHS's highly confidential child welfare information and is relevant and discoverable. Plaintiff has subsequently relied on the video to contest the adequacy of State Defendants' document production and to raise other issues. State Defendants served a request for production for a copy of the video. Plaintiff is using the Inspection Video to litigate this case but has refused to produce it. Plaintiff's objections to producing it are meritless. The Court should

**Page 2 –    STATE DEFENDANTS' MOTION TO COMPEL**

compel plaintiff to produce a complete, unedited copy of the Inspection Video from the October 30, 2023 inspection of OR-Kids.

## BACKGROUND

**I.    Plaintiff requested to inspect OR-Kids in order to "understand" how caseworkers input data, and the Court allowed a "very limited review."**

In briefing and during the hearings on this matter, plaintiff explained that he needed to have an in-person inspection of OR-Kids to "understand how [caseworkers] input data and what choices and selections they have along the way."  (9/8/23 Tr. (Dkt. 78) at 15:1-2.)  The parties vigorously litigated the appropriateness of the inspection.[1]

Plaintiff's counsel further explained that the inspection was necessary so that they could "observe the user interface in real time, e.g., the icons, drop-downs, tabs and other features employed by workers and others . . . as it was viewed by the workers and supervisors."  (Resp. to Mot. for Recons. (Dkt. 68) at 16.)  And plaintiff's counsel argued that they needed the inspection to prepare for and to take depositions.  According to plaintiff's counsel, screenshots of OR-Kids would not be sufficient because deponents could not understand them: "So then we are stuck at the deposition with testimony about, 'I don't remember,' or 'This is not familiar to me.'"  (9/8/23 Tr. at 14:1-6.)

In permitting the inspection, the Court acknowledged that "intrusiveness" is "another consideration" in allowing the requested inspection (*id.* at 27:3-4) and added: ". . . I want to

---

[1] In June 2023, plaintiff sought for leave to inspect the OR-Kids database maintained by ODHS.  (Letter from Mary Skjelset to Judge Kasubhai (June 9, 2023), Hoffman Decl. Ex. 2 at 4-5.)  The Court initially granted the request on July 5, 2023, and State Defendants then sought reconsideration.  (7/5/23 Tr. (Dkt. No. 111) at 35:17-36:5; State Defs.' Mot. for Recons. (Dkt. No. 60).)  The Court orally denied the request for reconsideration and allowed an inspection during a discovery hearing on September 8, 2023.  It issued a written order on October 30, 2023.  (Order (Dkt. No. 92) ¶ 1(a).)

**Page 3 –    STATE DEFENDANTS' MOTION TO COMPEL**

make sure it's very clear to [ODHS] that I have *narrowly construed* my order to allow *very limited review* for *legitimate and relevant* purposes in this litigation." (*Id.* at 41:20-23 (emphasis added).) The Court limited the inspection to four hours. (*Id*. at 26:20-22.)

The Court allowed the inspection because it "appreciate[d] the need to understand what percipient witnesses are observing in order to be able to ask the appropriate questions in a deposition." (*Id.* at 13:2-4.) In its order, the Court permitted plaintiff to video record the inspection. (Order (Dkt. No. 92) ¶ 1(b).)

## II.     The inspection occurred, and plaintiff used it to conduct discovery on discovery.

In accordance with the Court's order and direction, State Defendants facilitated the inspection on October 30, 2023, at the ODHS central office in Salem. State Defendants' counsel was present for the entire period, in accordance with the Court's order. (Hoffman Decl. ¶¶ 2, 5.) To follow the Court's order about the four-hour limit on the length of the inspection, State Defendants' counsel kept time on a stopwatch mobile app. (*Id*. ¶ 4.)

Plaintiff's counsel arrived for the inspection at approximately 9:35 a.m. State Defendants' attorneys Hannah Hoffman and Alexandra Rhee, ODHS employee Michael Payne, plaintiff's attorneys Mary Skjelset and Steven Rizzo, plaintiff's counsel's videographer, plaintiff's consultant Tim Lawson, and plaintiff's paralegal Shelley Maddox, all attended. (Hoffman Decl. ¶ 2.)

The inspection began shortly after plaintiff's counsel arrived. State Defendants' counsel paused the clock when plaintiff's counsel asked questions that did not relate to the navigation of the three files that were subject to inspection. State Defendants' counsel were clear and vocal about when they paused the clock, and they provided time updates when asked to do so. The inspection ended at approximately 3:20 p.m., which included four total hours of time inspecting

**Page 4 –     STATE DEFENDANTS' MOTION TO COMPEL**

the OR-Kids database.  The inspection as a whole, including breaks and discussions of the inspection's scope, lasted approximately six hours.

Plaintiff's counsel brought a videographer and recorded the inspection.  (Hoffman Decl. ¶¶ 2, 5.)  Rather than using the inspection to "understand how this system works," plaintiff's counsel used the inspection to conduct discovery on discovery.  Counsel spent most of the inspection comparing paper copies of State Defendants' document production to the corresponding content in the database.

### III.    State Defendants served an RFP requesting a copy of the Inspection Video; plaintiff refuses to produce it.

On November 1, 2023, State Defendants requested that plaintiff produce an unedited copy of the video recording.  (Hoffman Decl. Ex. 1 at 5.)  In a letter dated November 15, 2023, plaintiff raised multiple issues related to the OR-Kids inspection and reserved the right to bring those issues to the Court.  (Letter from Mary Skjelset to State Defendants' Counsel, Hoffman Decl. Ex. 3.)  Many of the issues raised in plaintiff's letter can be resolved with the Inspection Video.  On November 29, 2023, plaintiff responded to State Defendants' request for the video and refused to produce it.  (Plf.'s Resp. to State Defs.' Second RFP, Hoffman Decl. Ex. 4.)

State Defendants sent plaintiff a letter on December 15, 2023, that addressed all of plaintiff's objections to State Defendants' request for production.  (Letter from Hannah Hoffman to Plf.'s Counsel, Hoffman Decl. Ex. 5.)  Plaintiff did not respond, and counsel for State Defendants reached out to schedule a conferral on the issue.  (Hoffman Decl. ¶ 6.)  The parties finally conferred on January 23, 2024, and could not reach agreement.  (*Id.* ¶ 7.)

ARGUMENT

Plaintiff has failed to produce unique, relevant evidence.  A court may compel documents or responses where a responding party fails to produce documents.  Fed. R. Civ. P.

**Page 5 –     STATE DEFENDANTS' MOTION TO COMPEL**

37(a)(3)(B)(iv). The Inspection Video is a discoverable document. It contains information about the particular ways a user manipulated OR-Kids, which may become an issue during depositions or trial. It also documents conversations between plaintiff's counsel and a State employee, as well as conversations between counsel. Plaintiff is already relying on the video to litigate this case, using it as "discovery on discovery" to contest the adequacy of State Defendants' productions. (*See* Hoffman Decl. Ex. 2.) Plaintiff also represented to the Court that he may use the Inspection Video to assist with depositions. The video is, therefore, a document relevant to plaintiff's claims and State Defendants' defenses within the scope of Rule 26(b)(1).

Although plaintiff makes a variety of objections to producing the video, none are valid. Plaintiff asserts: (1) no inspection of OR-Kids occurred because plaintiff's counsel believes they should have more time than the four hours the Court's order provides; (2) the video is work product and not discoverable under Federal Rule of Civil Procedure 26(b)(3)(A); (3) the video is irrelevant; (4) production of the video is disproportionately burdensome to plaintiff; (5) ODHS has equal access to the OR-Kids database; and (6) the "importance of the discovery in resolving the issues." (Hoffman Decl. Ex. 4 at 2-3.) The Court should disregard each of these meritless objections and order plaintiff to produce the video.

## I.    The inspection occurred, and plaintiff's assertion that it did not is frivolous.

Plaintiff's first basis to object to the discovery request—that no inspection occurred—is frivolous. The inspection occurred. State Defendants afforded plaintiff numerous courtesies on the timing of the inspection. The actual inspection, including discussions of scope and breaks, lasted six hours, and plaintiff had a full four hours to inspect OR-Kids. (Hoffman Decl. ¶ 3.) If plaintiff was unable to complete his inspection within four hours, it is because plaintiff's counsel used the inspection for purposes that the Court did not authorize: conducting "discovery on

**Page 6 –    STATE DEFENDANTS' MOTION TO COMPEL**

discovery" by methodically comparing documents to OR-Kids screens.[2]  Plaintiff failed to use the time efficiently.

Plaintiff's counsel subsequently asserted in a signed discovery response that "[n]o … 'inspection of the OR-Kids database' occurred 'on October 30, 2023'" because of "defendants' arbitrary four hour cut-off."  (Hoffman Decl. Ex 4 at 2.)  This representation is troubling.  The "four hour cut-off" was not "arbitrary," it was an order of this Court.  (Dkt. No. 92 ¶ 1(b).)  It is indisputable that the inspection occurred.  The video itself is proof.

Plaintiff bases his assertion on the fact that State Defendants limited the inspection to the time specified in the Court's order: four hours.  The October 30 order was clear.  (Dkt. No. 92 ¶ 1(b).)  Plaintiff's counsel's desire to continue the inspection for longer than the time ordered does not mean it did not occur at all.  (Hoffman Decl. Ex. 4 at 2.)

The Inspection Video documents what occurred, regardless of either party's position on the legal significance of the events, and the video includes recordings of most or all of the participants.[3]  (*Id*. ¶ 5.)  Plaintiff's view on State Defendants' application of the Court's order has no bearing on the video's discoverability.

---

[2] State Defendants are not seeking any sanction for plaintiff's violation of the Court's "narrowly construed" order.  But State Defendants note that plaintiff has been cavalier in his representations to both the Court and counsel for State Defendants.  Courts require special findings to allow "discovery on discovery."  *See Cahill, et al. v. Nike, Inc.*, 3:18-cv-1477-JR, 2020 WL 4584241 at *4 (D. Or. Aug. 10, 2020) ("When the discovery sought is collateral to the relevant issues (i.e., discovery on discovery), the party seeking the discovery must provide an 'adequate factual basis' to justify the discovery." (Citation omitted)).  When plaintiff sought the inspection, he did not inform the Court that he was seeking discovery on discovery, and he did not make a factual showing to justify such a request.  Instead, plaintiff obtained "discovery on discovery" by representing to the Court that he needed the inspection for one purpose—to "understand" how case workers "input data and what choices and selections they have along the way"—and using it for another—to methodically compare State Defendants' document productions to screens on OR-Kids.  The Court should not countenance this bait and switch.

[3] Without having seen the video, State Defendants cannot represent exactly what is on screen.

**Page 7 –    STATE DEFENDANTS' MOTION TO COMPEL**

**II.    The documentation of a meeting between opposing parties is not "work product."**

The Inspection Video is not work product.  "[T]he work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case."  *United States v. Nobles,* 422 U.S. 225, 238-39 (1975).  The video records the unprivileged communications between counsel on opposing sides, as well as images that plaintiff is relying on to litigate this case.  *See Vasoli v. Yards Brewing Co., LLC,* No. CV 21-2066, 2021 WL 5045920 at *2 (E.D. Pa. Nov. 1, 2021) (noting that "communications between opposing counsel are not privileged").

The recording is not plaintiff's counsel's confidential mental processes.  State Defendants' counsel, Ms. Hoffman and Ms. Rhee, were present for the entire inspection.  Additionally, Ms. Hoffman and Ms. Rhee are both recorded on the video, so even if any aspect of the inspection or the recording were work product, plaintiff waived any privilege against production.  *See Meoli v. Am. Med. Serv. of San Diego,* 287 B.R. 808, 817 (S.D. Cal. 2003) ("Voluntary disclosure of attorney work product to an adversary in the litigation defeats the policy underlying the privilege.").

**III.    The video is relevant.**

The video recording is the only evidence of the inspection, the positions that plaintiff and State Defendants took during the inspection, and Mr. Payne's navigation of screens and menus at plaintiff's counsel's request.  In fact, plaintiff has already raised these issues in his November 15, 2023 letter.  (Hoffman Decl. Ex. 3.)  Discovery is ongoing in this case and does not close until July.  It is highly likely that the issues in the November 15, 2023 letter will arise again in the future, and the video is relevant for that purpose alone.  Furthermore, plaintiff may attempt to use the video during depositions.  It is important to ensure that both parties are working off the same information and have access to the same documents as depositions begin.

**Page 8 –    STATE DEFENDANTS' MOTION TO COMPEL**

**IV.     Production of the Inspection Video is neither disproportionate nor unduly burdensome.**

Producing the video will take only the time required for plaintiff to make a copy of the video.  Plaintiff has not raised any actual technical burden or expense associated with digitally reproducing a copy of the video that plaintiff's counsel already created, and State Defendants are aware of no credible argument that duplication of a single video would be burdensome within the meaning of that term in the context of federal discovery.

**V.     A video of a meeting concerning the database is different than the database itself.**

The video is distinct from the contents of the OR-Kids database.  The video does not merely depict the database, it depicts how the database was used.  It is that use that may become critical in depositions, trial, and future disputes between the parties.  Moreover, the video is a new record of the sensitive, statutorily protected information pertaining to recipients of ODHS child welfare services.  ODHS did not create and does not ordinarily maintain a video of the data in the database, but given the acknowledged sensitivity of the records, ODHS is reasonably entitled to receive the copy created in connection with the litigation.

The Inspection Video also reflects the length of the inspection, conferral between counsel, and the performance of ODHS staff using OR-Kids.  Plaintiff is disputing all of those issues.  (Hoffman Decl. Ex. 3.)  The video—not OR-Kids—can resolve those issues.

In sum, the Court should disregard plaintiff's meritless objections and order plaintiff to produce the video of the OR-Kids inspection.

///

///

///

///

**Page 9 –     STATE DEFENDANTS' MOTION TO COMPEL**

## CONCLUSION

For the foregoing reasons, this Court should grant State Defendants' motion to compel and order plaintiff to produce a copy of the video recording of the October 30, 2023 inspection of the OR-Kids database.

DATED: February 21, 2024.          MARKOWITZ HERBOLD PC

*s/ Hannah K. Hoffman*
Lauren F. Blaesing, OSB #113305
LaurenBlaesing@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Alexandra L. Rhee, OSB #230770
AlexRhee@MarkowitzHerbold.com
*Special Assistant Attorneys General for State Defendants and Third-Party Plaintiff*

Hannah K. Hoffman, OSB #183641
HannahHoffman@MarkowitzHerbold.com
*Of Attorneys for State Defendants and Third-Party Plaintiff*

Jill Schneider, OSB #001619
Jill.Schneider@doj.state.or.us
Nicholas Mancuso, OSB #151262
Nicholas.Mancuso@doj.state.or.us
*Of Attorneys for State Defendants and Third-Party Plaintiff*

2087863.6

**Page 10 –    STATE DEFENDANTS' MOTION TO COMPEL**