**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Alexandra L. Rhee, OSB #230770**
AlexRhee@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085
*Special Assistant Attorneys General for State Defendants*
*and Third-Party Plaintiff*
*Additional Counsel of Record Listed on Signature Page*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>     Plaintiff,<br><br> v.<br><br>KIM CHAPMAN, in her individual capacity; ANASTASIA TIBBETTS, in her individual capacity; KASSIDY O'BRIEN, in her individual capacity; ERIN LANE, in her individual capacity; THE OREGON DEPARTMENT OF HUMAN SERVICES, a government agency; and JANE and JOHN DOES 1-5; in their individual and/or official capacities,<br><br>     Defendants.<br><br>OREGON DEPARTMENT OF HUMAN SERVICES,<br><br>     Third-Party Plaintiff,<br><br> v.<br><br>JOE ALBERT RAYGOSA,<br><br>     Third-Party Defendant. | Case No. 6:22-cv-01813-MK<br><br>**STATE DEFENDANTS' MOTION FOR ENTRY OF SUPPLEMENTAL PROTECTIVE ORDER, MOTION TO COMPEL INTERROGATORY RESPONSES, AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |

**Page i –     STATE DEFENDANTS' MOTION FOR ENTRY OF SUPPLEMENTAL PROTECTIVE ORDER, MOTION TO COMPEL INTERROGATORY RESPONSES, AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

## TABLE OF CONTENTS

Page

LOCAL RULE 7-1(a) CERTIFICATION ................................................................... 1

MOTIONS ............................................................................................................... 1

INTRODUCTION ................................................................................................... 2

ARGUMENT ........................................................................................................... 3

   I.    Motion to compel interrogatory responses ...................................................... 3

       A.   Plaintiff's boilerplate overbreadth, privilege, and ambiguity objections are meritless. . 3

          1.   The definition of "you" is not overbroad. .................................................. 3

          2.   Facts are not privileged. ........................................................................... 4

          3.   The Interrogatories are not ambiguous. .................................................... 6

       B.   The Court should order plaintiff to respond to State Defendants' Interrogatories. ........ 7

          1.   Interrogatories Nos. 1, 3-8, and 10 ......................................................... 7

          2.   Interrogatory No. 2 ................................................................................... 8

          3.   Interrogatory No. 9 ................................................................................... 8

          4.   Interrogatory No. 11 ................................................................................. 9

   II.   Motion to disregard objections and compel production of documents ........................... 10

       A.   Plaintiff has failed to provide specific bases for objecting to any request .................... 10

       B.   The Court should order plaintiff to produce a privilege log for *all* claims of privilege 12

       C.   The Court should compel plaintiff to produce documents by a date certain. .............. 13

   III.   Motion to enter protective order for Kids FIRST documents ...................................... 14

       A.   Kids FIRST discovery seeks critical facts. .................................................. 14

       B.   Argument .................................................................................................. 15

          1.   Kids FIRST's objection ............................................................................ 15

**Page ii –** **STATE DEFENDANTS' MOTION FOR ENTRY OF SUPPLEMENTAL PROTECTIVE ORDER, MOTION TO COMPEL INTERROGATORY RESPONSES, AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

a.    State Defendants' counsel should be allowed to retain the Kids FIRST documents for five years in order to comply with state public records law.................................... 15

2.    The Court should disregard plaintiff's objections. ..................................................... 16

a.    State Defendants are not parties to the probate court protective order. ................ 16

b.    Plaintiff does not have standing to raise objections for third-parties.................... 17

c.    Plaintiff is not entitled to review the Kids FIRST documents for privilege. ........ 17

(1)    The Kids FIRST documents are not subject to the juvenile court privilege. 18

(2)    No other privileges apply.............................................................................. 20

CONCLUSION................................................................................................................................ 21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.G. et al. v. Burroughs*,
No. 3:13-cv-01051-AC, 2014 WL 1807110 (D. Or. May 7, 2014) ........................................ 25

*Becker v. Kikiktagruk Inupiat Corp.*,
No. 3:09-CV-00015-TMB, 2009 WL 10705060 (D. Alaska Oct. 20, 2009) ........................... 11

*Bishop v. Craft-Jones*,
2 F. Supp. 2d 1317 (D. Or. 1998) ................................................................... 8, 27, 28

*Blotzer v. L-3 Commc'ns Corp.*,
287 F.R.D. 507 (D. Ariz. 2012) ........................................................................... 25

*Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*,
408 F.3d 1142 (9th Cir. 2005) .............................................................................. 19

*Doe v. Elam*,
No. 2:14-cv-09788-PSG-SS, 2017 WL 11629048 (C.D. Cal. Sept. 8, 2017) .......................... 17

*Doe v. Kirk*,
No. 02-cv-104-KI, 2003 WL 23531403 (D. Or. Jan. 29, 2003) .......................................... 8, 27

*Finjan, Inc. v. ESET, LLC*,
No. 3:17-cv-00183-CAB-BGS, 2018 WL 1456923 (S.D. Cal. Mar. 23, 2018) ........................ 9

*Franks v. City of Santa Ana*,
No. 8:15-cv-00108-JVS-DFM, 2015 WL 13919157 (C.D. Cal. Apr. 27, 2015) ...................... 26

*Freed v. Home Depot U.S.A., Inc.*,
No. 3:18-cv-00359-BAS-LL, 2019 WL 582346 (S.D. Cal. Feb. 13, 2019) ............................ 26

*Goldwater Bank, N.A. v. Elizarov*,
No. 5:21-cv-00616-JWH-SP, 2023 WL 4295129 (C.D. Cal. May 10, 2023) ......................... 26

*Hernandez v. Arctic Glacier USA, Inc.*,
No. 15CV1938-L(JMA), 2017 WL 1957567 (S.D. Cal. May 11, 2017) ................................. 10

*Hickman v. Taylor*,
329 U.S. 495 (1947) ........................................................................................ 5

*In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*,
No. 17-MD-2785-DDC-TJJ, 2019 WL 5622419 n.17 (D. Kan. Oct. 31, 2019) ...................... 9

*In re Grand Jury,*
*Proc.*, 801 F.2d 1164 (9th Cir. 1986) ..................................................................... 28

*Kerr v. U.S. Dist. Court for N. Dist. of Cal.*,
511 F.2d 192 (9th Cir. 1975) ............................................................................... 28

*Lilly v. Santander Consumer USA, Inc.*,
No. 19-61069-CIV, 2021 WL 11957899 (S.D. Fla. Feb. 24, 2021) ..................................... 7

*Loop AI Labs Inc. v. Gatti*,
No. 15-CV-00798-HSG(DMR), 2016 WL 2908415 (N.D. Cal. May 13, 2016) ...................... 20

*LVB-Ogden Mktg., LLC v. Bingham*,
No. 2:18-cv-00243-TSZ, 2019 WL 142031 (W.D. Wash. Jan. 9, 2019) ................................ 5

*Matter of C. E. S.*,
  328 Or. App. 57(2023) ................................................................................................ 23
*McCoo v. Denny's Inc.*,
  192 F.R.D. 675 (D. Kan. 2000) .................................................................................. 18
*Mi Familia Vota v. Fontes*,
  344 F.R.D. 496 (D. Ariz. 2023) ................................................................................. 19
*Moon v. SCP Pool Corp.*,
  232 F.R.D. 633 (C.D. Cal. 2005) ............................................................................... 24
*Oklahoma v. Tyson Foods, Inc.*,
  262 F.R.D. 617 (N.D. Okla. 2009) ............................................................................... 6
*Owen v. Hyundai Motor Am.*,
  344 F.R.D. 531 (E.D. Cal. 2023) ............................................................................... 20
*Rickles, Inc. v. Frances Denney Corp.*,
  508 F. Supp. 4 (D. Mass. 1980) ................................................................................ 11
*Rogue Advocs. v. Mountain View Paving, Inc.*,
  No. 1:15-CV-01854-CL, 2017 WL 6540047 (D. Or. Jan. 31, 2017) .................................. 16, 17
*Sec. & Exch. Comm'n. v. Banc de Binery*,
  No. 2:13-cv-993-RCJ-VCF, 2014 WL 5506780 (D. Nev. Oct. 30, 2014) .............................. 16
*Smash Tech., LLC v. Smash Sols., LLC*,
  335 F.R.D. 438 (D. Utah 2020) ................................................................................. 18
*Spirit Master Funding, LLC v. Pike Nurseries Acquisition, LLC*,
  287 F.R.D. 680 (N.D. Ga. 2012) .................................................................................. 6
*State v. Pitt*,
  209 Or. App. 270 (2006) ........................................................................................... 29
*State v. Pollock*,
  251 Or. App. 755 (2012) ........................................................................................... 29
*Updike v. Clackamas Cnty.*,
  No. 3:15-cv-723-SI, 2016 WL 11782507 (D. Or. June 21, 2016) ........................................ 28
*Upjohn Co. v. United States*,
  449 U.S. 383 (1981) ............................................................................................. 8, 11
*Whalen v. Roe,*
  429 U.S. 589 (1977) ................................................................................................. 28
*Woodard v. Labrada*,
  No. 5:16-cv-00189-JGB-SPx, 2018 WL 6930767 (C.D. Cal. Jan. 11, 2018) ........................ 4, 13
*Wooten v. Butte Cnty.*,
  No. 2:19-cv-0940-JAM-DMC, 2020 WL 5257607 (E.D. Cal. Sept. 3, 2020) ....................... 10, 14

**Statutes**

ORS 192.108 .......................................................................................................... 23
ORS 192.355(2)(a) .............................................................................................. 23, 24
ORS 418.780 .......................................................................................................... 21
ORS 418.794 .......................................................................................................... 23
ORS 419A.255 ........................................................................................... 8, 26, 27, 28

**Page v –     STATE DEFENDANTS' MOTION FOR ENTRY OF SUPPLEMENTAL
PROTECTIVE ORDER, MOTION TO COMPEL INTERROGATORY
RESPONSES, AND MOTION TO COMPEL PRODUCTION OF
DOCUMENTS**

**Rules**

FRCP 26...................................................................................................................... 2, 3, 5, 7
FRCP 33............................................................................................................................ passim
FRCP 34............................................................................................................................ passim
FRCP 37.................................................................................................................................... 1
FRCP 45.................................................................................................................................. 2, 24

**Regulations**

45 C.F.R. § 164.502 ................................................................................................................ 24
45 C.F.R. § 164.512 ............................................................................................................ 22, 24
OAR 166-300-0015(14)........................................................................................................... 23

## LOCAL RULE 7-1(a) CERTIFICATION

Pursuant to Local Rule 7-1(a), counsel for Kim Chapman, Anastasia Tibbetts, Kassidy O'Brien, Erin Lane, and the Oregon Department of Human Services ("ODHS") (collectively, "State Defendants") conferred with counsel for plaintiff by telephone on April 2, 2024, prior to filing this motion, and the parties were unable to reach agreement. Counsel for State Defendants, counsel for plaintiff, and counsel for Kids FIRST Center ("Kids FIRST") conferred by telephone regarding State Defendants' proposed protective order on February 15, 2024, and were unable to reach agreement.

## MOTIONS

1.  Pursuant to Federal Rules of Civil Procedure 33 and 37, State Defendants move the Court to disregard plaintiff's objections and compel plaintiff to provide complete answers to State Defendants' First Set of Interrogatories ("State Defendants' Interrogatories" or "Interrogatories"). (Decl. of Hannah K. Hoffman in Supp. of State Defs.' Mot. for Entry of Suppl. Protective Order, Mot. to Compel Interrog. Responses, and Mot. to Compel Production of Documents ("Hoffman Decl.") Ex. 3.)

2.  Pursuant to Federal Rules of Civil Procedure 34 and 37, State Defendants move the Court to disregard plaintiff's objections and compel plaintiff to produce documents and a privilege log in response to State Defendants' Third Request for Production ("State Defendants' Requests" or "Request"). (Hoffman Decl. Ex. 4.)

3.  Pursuant to Federal Rules of Civil Procedure 26(c)(1) and 45, State Defendants move the Court for entry of a Supplemental Protective Order to cover documents produced subject to State Defendants' Subpoena to Kids FIRST. A copy of the Kids FIRST subpoena is

**Page 1 –    STATE DEFENDANTS' MOTION FOR ENTRY OF SUPPLEMENTAL PROTECTIVE ORDER, MOTION TO COMPEL INTERROGATORY RESPONSES, AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

attached to the Hoffman Decl. as Exhibit 1.  A copy of State Defendants' proposed Supplemental

Protective Order is attached to the Hoffman Decl. as Exhibit 2.

## INTRODUCTION

The Federal Rules of Civil Procedures and the case law applying and interpreting those

Rules make it clear that general, form objections are impermissible.  The purpose of the Rules is

to encourage early and complete disclosure of facts to resolve claims efficiently.

The Rules require parties objecting to discovery to do so specifically.  Rule 33 and

applicable case law also require complete answers to interrogatories.  Answers that simply refer

back to the allegations in the pleadings are not permitted.  Rule 34 requires parties to produce

documents in response to document requests, and Rule 26(b)(5) requires a privilege log when

documents are withheld for privilege.

Despite these straightforward requirements, plaintiff lodged scores of general and form

objections to State Defendants' First Set of Interrogatories and Third Requests for Production.

Plaintiff also failed to adequately answer most of State Defendants' Interrogatories or produce

documents responsive to State Defendants' Request for Production.  The Court should disregard

plaintiff's improper objections and compel plaintiff to fully answer the Interrogatories, produce

responsive documents, and deliver a privilege log.

The Court should also enter a protective order to govern production from Kids FIRST.

State Defendants served a subpoena *duces tecum* on Kids FIRST to obtain the same records Kids

FIRST produced to plaintiff in a state court probate proceeding.  State Defendants proposed a

protective order to govern production from Kids FIRST.  Kids FIRST and plaintiff have both

objected to the protective order.  The Court should reject the objections and enter State

Defendants' proposed protective order.

**Page 2 –   STATE DEFENDANTS' MOTION FOR ENTRY OF SUPPLEMENTAL
PROTECTIVE ORDER, MOTION TO COMPEL INTERROGATORY
RESPONSES, AND MOTION TO COMPEL PRODUCTION OF
DOCUMENTS**

**ARGUMENT**

## I.     Motion to compel interrogatory responses

State Defendants served 13 interrogatories on plaintiff on February 16, 2024.  (Hoffman Decl. Ex. 3 ("Defs.' Interrogatories").)  The Interrogatories seek specific facts necessary to understand and rebut plaintiff's 55 paragraphs of factual allegations in the complaint.  State Defendants' Interrogatories request information about the factual bases for plaintiff's allegations, the identities of individuals with knowledge about his claims, and information about the injuries serving as the basis for the damages plaintiff pleads.  With few exceptions, plaintiff failed to answer State Defendants' Interrogatories and instead piled up meritless objections that are inconsistent with the Rules and applicable case law.  (Hoffman Decl. Ex. 10 ("Pl.'s Resp. to Interrogatories").)  The Court should disregard plaintiff's meritless objections and compel plaintiff to answer the Interrogatories.

### A.     Plaintiff's boilerplate overbreadth, privilege, and ambiguity objections are meritless.

Plaintiff's nonspecific, boilerplate objections are meritless and the Court should order plaintiff to answer the Interrogatories in full.  "The grounds for objecting to an interrogatory must be stated with specificity."  FRCP 33(b)(4); *Woodard v. Labrada*, No. 5:16-cv-00189-JGB-SPx, 2018 WL 6930767, at *2 (C.D. Cal. Jan. 11, 2018) (rejecting interrogatory responses that were "mere boilerplate").

#### 1.     The definition of "you" is not overbroad.

State Defendants' definition of "you" is not overbroad.  (Pl.'s Resp. to Interrogatory No. 1 ("Plaintiff objects to defendants' collective definition of 'Plaintiff,' 'You,' or 'Your[.]'").)  State Defendants define "you" to mean the plaintiff and "their attorneys and any agents in

**Page 3 –     STATE DEFENDANTS' MOTION FOR ENTRY OF SUPPLEMENTAL PROTECTIVE ORDER, MOTION TO COMPEL INTERROGATORY RESPONSES, AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

possession, custody, or control of responsive documents or information." (Defs.' Interrogatories at 5.) This definition is consistent with Rule 26 and the standard scope of discovery, which requires disclosure of information within a party's possession, custody, or control. *See LVB-Ogden Mktg., LLC v. Bingham*, No. 2:18-cv-00243-TSZ, 2019 WL 142031, at *6 (W.D. Wash. Jan. 9, 2019) (requiring party to answer interrogatories with "all information in your possession, custody, and control").

### 2.    Facts are not privileged.

Plaintiff's privilege objections are unavailing. (Pl.'s Resp. to Interrogatories No. 1 and incorporated in Nos. 2-13.) State Defendants' interrogatories seek factual information, not privileged or protected information. (*e.g.* Defs.' Interrogatory No. 1 ("Describe all information…"), Nos. 3-8 ("Identify the material and principal facts…"), Nos. 10-11 ("Identify the specific injuries and damage"), etc.) (Hoffman Decl. Ex. 3 at 6-7).) Plaintiff's privilege objections are contrary to long-established federal precedent: "A party clearly cannot refuse to answer interrogatories on the ground that the information sought is solely within the knowledge of his attorney." *Hickman v. Taylor*, 329 U.S. 495, 504 (1947).

Neither the work-product doctrine nor the attorney-client privilege shield facts from discovery through the use of interrogatories. "[A]lthough a party is protected from producing work product documents through requests for production, the facts contained in that work product can be discovered through the use of interrogatories." *Oklahoma v. Tyson Foods, Inc.*, 262 F.R.D. 617, 629 (N.D. Okla. 2009); *Spirit Master Funding, LLC v. Pike Nurseries Acquisition, LLC*, 287 F.R.D. 680, 687 (N.D. Ga. 2012) ("[B]ecause the work product privilege does not protect the facts in that document (the privilege protects documents, not facts), the party

**Page 4 –    STATE DEFENDANTS' MOTION FOR ENTRY OF SUPPLEMENTAL PROTECTIVE ORDER, MOTION TO COMPEL INTERROGATORY RESPONSES, AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

seeking those facts may obtain them through other means of discovery, such as through depositions and interrogatories." (Quotation marks and citation omitted)).

The attorney-client privilege protects attorney-client communications; its purpose is not to shield facts from discovery. "The attorney-client privilege does not protect disclosure of underlying facts; it protects the substance of the specific communication between attorney and client." *Lilly v. Santander Consumer USA, Inc.*, No. 19-61069-CIV, 2021 WL 11957899, at *3 (S.D. Fla. Feb. 24, 2021). State Defendants' Interrogatories seek factual information relevant to plaintiff's claims. Neither the work-product doctrine nor the attorney-client privilege exempt plaintiff from disclosing the factual basis for the claims in the complaint.[1]

Plaintiff, Ethan Levi, is a conservator for J.C., not her attorney. Nor is he an attorney for her family or other witnesses. Thus, Mr. Levi's assertion that "information that I had was based on communications and contacts with counsel and the family, which are privileged and protected" is incorrect. (Pl.'s Resp. to Interrogatory No. 1.) He has no attorney-client privilege with them. But even if he did, the underlying factual information within his communications with J.C., her family, and her counsel is neither privileged nor protected. "The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney." *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981).

---

[1] Even if State Defendants' Interrogatories had sought information about the application of facts to law, work product and privilege still would provide no basis to refuse to answer. Parties are permitted to inquire into the relationship between the facts and law under Rule 33. "Rule[] 33 . . . [has] been revised in order to permit discovery calling for opinions, contentions, and admissions relating not only to fact but also to the application of law to fact. Under those rules, a party and his attorney or other representative may be required to disclose, to some extent, mental impressions, opinions, or conclusions." FRCP 26, Commentary 1970; FRCP 33(a)(2).

**Page 5 –     STATE DEFENDANTS' MOTION FOR ENTRY OF SUPPLEMENTAL PROTECTIVE ORDER, MOTION TO COMPEL INTERROGATORY RESPONSES, AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Finally, plaintiff waived J.C.'s privileges associated with information subject to ORS 419A.255 when he filed suit against State Defendants.  *Bishop v. Craft-Jones*, 2 F. Supp. 2d 1317, 1319 (D. Or. 1998); *Doe v. Kirk*, No. 02-cv-104-KI, 2003 WL 23531403, *3 (D. Or. Jan. 29, 2003).  And the protections available to J.C. under ORS 419A.255 do not apply at all to information State Defendants seek from plaintiff about ODHS.

### 3.     The Interrogatories are not ambiguous.

The words "material and principal" (Defs.' Interrogatories Nos. 3-8) are not ambiguous. (Pl.'s Resp. to Interrogatories No. 3 and incorporated into Nos. 4-8.)  On the contrary, they are a common form of interrogatory that has been approved by courts across the country: "An interrogatory may reasonably ask for the material and principal facts which support a contention."  *Finjan, Inc. v. ESET, LLC*, No. 3:17-cv-00183-CAB-BGS, 2018 WL 1456923, at *3 (S.D. Cal. Mar. 23, 2018); *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, No. 17-MD-2785-DDC-TJJ, 2019 WL 5622419, at *4 n.17 (D. Kan. Oct. 31, 2019) (overruling objection that "principal" is vague because cases require parties to state "material" and "principal" facts).  The words "material and principal" also do not call for speculation.  They call for a straightforward description of the main facts that support plaintiff's allegations.

The words likewise do not call for an impermissible legal conclusion.  As stated in *Finjin*, a party may ask about the material and principal facts that support a contention. Furthermore, an "interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact."  FRCP 33(a)(2).[2]

---

[2] Plaintiff raises a variety of other objections, but none are raised specifically or explained in any fashion.  For example, plaintiff objects that the Interrogatories violated Local

**Page 6 –     STATE DEFENDANTS' MOTION FOR ENTRY OF SUPPLEMENTAL
         PROTECTIVE ORDER, MOTION TO COMPEL INTERROGATORY
         RESPONSES, AND MOTION TO COMPEL PRODUCTION OF
         DOCUMENTS**

B.    **The Court should order plaintiff to respond to State Defendants'
Interrogatories.**

1.    **Interrogatories Nos. 1, 3-8, and 10**

"An answer to an interrogatory should not refer to the pleadings." *Wooten v. Butte Cnty.*,
No. 2:19-cv-0940-JAM-DMC, 2020 WL 5257607, at *2 (E.D. Cal. Sept. 3, 2020).  The Court
should order plaintiff to answer Interrogatories Nos. 1, 3-8, and 10 because plaintiff's existing
answers, which simply refer to the complaint, are inadequate.

The Court should consider plaintiff's responses that simply refer to the complaint as
failures to answer: "[A]n evasive or incomplete answer to an interrogatory is to be treated as a
failure to answer."  *Rickles, Inc. v. Frances Denney Corp.*, 508 F. Supp. 4, 7 (D. Mass. 1980).
"Answers that are 'general and conclusory' or which 'merely restate the allegations of the
complaint' are not candid.  They are evasive." *Becker v. Kikiktagruk Inupiat Corp.*, No. 3:09-
CV-00015-TMB, 2009 WL 10705060, at *2 (D. Alaska Oct. 20, 2009) (cleaned up; quoting
*Rickles*, 508 F. Supp. at 7).

Plaintiff's contention that the "information" he has is privileged or protected has no merit
for the reasons stated above.  *Upjohn*, 449 U.S. at 395 (1981) ("The privilege only protects

---

Rule 33-1(d), which prohibits interrogatories that ask an opposing party to "state all facts on
which a claim or defense is based."  None of State Defendants' Interrogatories, however, make
such a request.  Plaintiff also objects that various words used in the Interrogatories—such as
"each and every," "has visited," "base," and "believe"—are vague, overbroad, and call for
speculation.  He also objects that "evidence" calls for a legal conclusion.  (Pl.'s Resp to
Interrogatories Nos. 9, 12, 13.)  Yet, plaintiff fails to explain any of these objections, rendering
them meritless.  *Hernandez v. Arctic Glacier USA, Inc.*, No. 15CV1938-L(JMA), 2017 WL
1957567, at *3 (S.D. Cal. May 11, 2017) ("the objecting party must state reasons for any
objection").

**Page 7 –    STATE DEFENDANTS' MOTION FOR ENTRY OF SUPPLEMENTAL
PROTECTIVE ORDER, MOTION TO COMPEL INTERROGATORY
RESPONSES, AND MOTION TO COMPEL PRODUCTION OF
DOCUMENTS**

disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney.").

Plaintiff has an obligation to disclose the facts that are responsive to State Defendants' Interrogatories Nos. 1, 3-8, and 10.  Those facts are not privileged, and citations to pleadings are insufficient answers.  The Court should disregard plaintiff's meritless objections and compel plaintiff to answer these Interrogatories.

###   2.   Interrogatory No. 2

Plaintiff provides no response to Interrogatory No. 2, asking plaintiff to "Identify all of the current or former employees of ODHS You have spoken with regarding the allegations in the Complaint."  (Hoffman Decl. Ex. 3 at 6.)  Plaintiff's entire response refers back to his objections to Interrogatory No. 1, which contend that the information is privileged and that the interrogatory is overbroad.  This response is both meritless boilerplate and inconsistent with the substantive law of privilege.

Plaintiff has no basis to refuse to identify current or former ODHS employees with potentially discoverable knowledge of plaintiff's claims.  Plaintiff has no privileges with current or former ODHS employees.  And the request is not overbroad; it is specific.  Local Rule 33-1(d) is inapplicable because the Interrogatory does not ask plaintiff to "'state all facts on which a claim or defense is based' or to 'apply law to facts.'"  As discussed above, the definition of "You" is not overbroad.  The Court should disregard plaintiff's improper objections and compel plaintiff to answer Interrogatory No. 2.

###   3.   Interrogatory No. 9

Interrogatory No. 9 seeks a list of health care providers, which is easy to understand and not vague or ambiguous.  Plaintiff's "vague and overbroad" objections to Interrogatory No. 9 are

**Page 8 –**   **STATE DEFENDANTS' MOTION FOR ENTRY OF SUPPLEMENTAL PROTECTIVE ORDER, MOTION TO COMPEL INTERROGATORY RESPONSES, AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

boilerplate objections with no content or context. There is no explanation for why the request is "overbroad"; and it is not, considering plaintiff is seeking extensive damages.

Plaintiff's partial response to Interrogatory No. 9 is incomplete. State Defendants' Interrogatory asked plaintiff to "Identify" J.C.'s doctors, therapists, psychologists, psychiatrists, and counselors. State Defendants defined "Identify" to mean, in part, "to give, to the extent known, the person's full name, present or last known address, [and] the present or last known place of employment." (Defs.' Interrogatories at 4.)

Plaintitff's response consists of a comma-separated list of names and organizations, and no other information. (Pl.'s Resp. to Interrogatories No. 9.) It's unclear whether the named individuals work for, or in affiliation with, the organizations. The response does not provide addresses, and it does not appear to include the individual persons' places of employment. The Court should compel plaintiff to fully answer State Defendants' Interrogatory No. 9.

### 4.    Interrogatory No. 11

Interrogatory No. 11 asked plaintiff to "Identify the specific injuries and damage to J.C. that were caused by Joe Raygosa." Plaintiff responds by incorporating general and form objections made in response to a different interrogatory that sought different information. (Pl.'s Resp to Interrogatories No. 11.) Such objections are unavailing. *Woodard*, 2018 WL 6930767, at *2. Plaintiff also cites to paragraph 8 of the Complaint. Paragraph 8 states, "In the course of their respective agency and employment relationships with DHS, all Defendants and Duncan-Raygosa acted for and on behalf of one another and they are jointly and severally liable." (Compl. ¶ 8 (Dkt. 1).) This answer is non-responsive to Interrogatory No. 11, which did not ask any question regarding agency relationships or liability. It is also non-responsive because a party

**Page 9 –    STATE DEFENDANTS' MOTION FOR ENTRY OF SUPPLEMENTAL PROTECTIVE ORDER, MOTION TO COMPEL INTERROGATORY RESPONSES, AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

may not respond to an interrogatory by citing the complaint.  *Wooten*, 2020 WL 5257607, at *2.  The Court should order plaintiff to answer Interrogatory No. 11.

## II.      Motion to disregard objections and compel production of documents

State Defendants served their Third Request for Production to plaintiff on February 13, 2024.  (Hoffman Decl. Ex. 4 ("Defs.' 3rd RFP").)  It includes 27 requests seeking information core to the litigation of plaintiff's claims, including records of J.C.'s mental and physical health history, which plaintiff has put at issue in the complaint.  (*Id.*)  Plaintiff responded to every Request with a raft of general, form, and boilerplate objections and suggested he will produce no documents at all in response to 23 of those requests.  (Hoffman Decl. Ex. 11 ("Pl.'s Resp. to Defs.' 3rd RFP").)  For the remaining four requests, plaintiff has yet to produce any documents.[3]  The Court should disregard plaintiff's form objections and compel plaintiff to produce responsive documents.

### A.      Plaintiff has failed to provide specific bases for objecting to any request.

Plaintiff responded to nearly every Request by incorporating form objections from other responses.  Plaintiff's failure to provide specific responses to State Defendants' Requests is improper; the Court should disregard plaintiff's form objections.  Objections to a request for production must be stated with specificity: "For each item or category, the response must . . . state with specificity the grounds for objecting to the request, including the reasons."  FRCP 34(b)(2)(B).  According to the Rule's commentary, this provision, which was added in 2015,

---

[3] In fact, to date plaintiff has produced only 40 documents, and every single one of those documents are subpoena productions from non-parties.  In contract, State Defendants have produced more than 16,000 documents, totally nearly 70,000 pages, in response to 60 requests for production.

**Page 10 –   STATE DEFENDANTS' MOTION FOR ENTRY OF SUPPLEMENTAL
PROTECTIVE ORDER, MOTION TO COMPEL INTERROGATORY
RESPONSES, AND MOTION TO COMPEL PRODUCTION OF
DOCUMENTS**

eliminates "any doubt that less specific objections might be suitable under Rule 34." 2015 Advisory Committee Notes to FRCP 34. The party responding to discovery requests "must detail, with specificity, the reasons why each request is improper; 'boilerplate, generalized objections are inadequate and tantamount to making no objection at all.'" *Rogue Advocs. v. Mountain View Paving, Inc.*, No. 1:15-CV-01854-CL, 2017 WL 6540047, at *2 (D. Or. Jan. 31, 2017) (quoting *Sec. & Exch. Comm'n. v. Banc de Binery*, No. 2:13-cv-993-RCJ-VCF, 2014 WL 5506780, at *3 (D. Nev. Oct. 30, 2014)).

A response that does nothing except reference another form objection is manifestly inconsistent with the Rule's requirement for specificity. For example, State Defendants' Request No. 13 seeks all documents "that support [y]our contention that State Defendants knew and/or ignored reports of abuse and maltreatment of other children occurring in the Duncan/Raygosa home[.]" (Defs.' 3rd RFP No. 13.) The only listed response states: "Plaintiff incorporates by reference the Response to No. 7." (Pl.'s Resp. to Defs.' 3rd RFP No. 13.) This response, on its own, is improper under FRCP 34. Referring back to the response to Request No. 7 is no help because the response to Request No. 7 "incorporates by reference the Response to No. 5." (*Id.*) And the response to Request No. 5 "incorporates by reference the Response to No. 1," which was a response to an entirely different set of Requests served in August 2023.[4] (*Id.*; Hoffman Decl. Ex. 7 at 2-3.) The majority of the responses to Request No. 1 address Request No. 1; they are not applicable to Requests Nos. 5, 7, or 13. None of these objections, whether in response to Requests Nos. 1, 5, 7, or 13, are specific to State Defendants' actual Request No. 13. Nesting

---

[4] State Defendants consecutively numbered their requests, so their Third Request for Production started with Request No. 4. (Hoffman Decl. Ex. 4 at 8.)

**Page 11 –    STATE DEFENDANTS' MOTION FOR ENTRY OF SUPPLEMENTAL PROTECTIVE ORDER, MOTION TO COMPEL INTERROGATORY RESPONSES, AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

form objections like a matryoshka doll does not render them either specific or proper. Those objections are, therefore, "tantamount to making no objection at all." *Rogue Advocs.*, 2017 WL 6540047, at *2; *Doe v. Elam*, No. 2:14-cv-09788-PSG-SS, 2017 WL 11629048, at *5 (C.D. Cal. Sept. 8, 2017) ("Defendant's identical boilerplate objections asserted in response to each of the RFPs do not provide a basis for withholding production of materials[.]").

Plaintiff also makes a number of other unexplained and unspecific objections. For example, he objects that various requests are not relevant, or that they are overbroad, vague, disproportionate, unintelligible, call for speculation, or are unduly burdensome. (Pl.'s Resp. to Defs.' 3rd RFP Nos. 1, 17, 26.) None of these objections are explained, and all should, therefore, be rejected. *Smash Tech., LLC v. Smash Sols., LLC*, 335 F.R.D. 438, 447 (D. Utah 2020) ("Plaintiffs' explanation-less 'undue burden' objections . . . fail the specificity requirements because they conceal from opposing counsel and the court the actual problem with each request."); *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 694 (D. Kan. 2000) ("The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity.").

This Court should disregard plaintiff's incorporated form objections to Requests Nos. 4-31 for failure to comply with the requirements of FRCP 34 and compel plaintiff to produce responsive documents.

**B.      The Court should order plaintiff to produce a privilege log for *all* claims of privilege.**

Plaintiff fails to assert privilege objections to any requests except Requests Nos. 4 and 14 (the remaining responses merely incorporate form objections made in response to other requests and are therefore ineffective). (Hoffman Decl. Ex. 11 at 2, 5.) In response to those requests,

**Page 12 –      STATE DEFENDANTS' MOTION FOR ENTRY OF SUPPLEMENTAL PROTECTIVE ORDER, MOTION TO COMPEL INTERROGATORY RESPONSES, AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

plaintiff makes only boilerplate objections.  "[B]oilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege."  *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005).  Pursuant to Rule 26(b)(5), plaintiff must provide a privilege log for any claim of privilege, not just attorney-client privilege.  *Mi Familia Vota v. Fontes*, 344 F.R.D. 496, 520 (D. Ariz. 2023) ("Rule 26(b)(5) broadly governs how to assert any claim of privilege, not just a claim of attorney-client privilege[.]").  Given that plaintiff has only asserted privilege in response to two requests, plaintiff should be able to produce a privilege log shortly, and the Court should order him to do so no later than May 1, 2024.  *Loop AI Labs Inc. v. Gatti*, No. 15-CV-00798-HSG(DMR), 2016 WL 2908415, at *3 (N.D. Cal. May 13, 2016).

      **C.**      **The Court should compel plaintiff to produce documents by a date certain.**

Rule 34(b)(2)(C) requires the party issuing objections to "state whether any responsive materials are being withheld on the basis of that objection."  Plaintiff has failed to identify whether he is withholding documents in response to Requests Nos. 4-19 and 23-31.  Plaintiff must indicate whether he is withholding documents.  *Owen v. Hyundai Motor Am.*, 344 F.R.D. 531, 535 (E.D. Cal. 2023) (requiring "to indicate whether any responsive materials are being withheld on the basis of an objection").  The Court should order plaintiff to provide this information as soon as possible.

Plaintiff also has not produced any documents, even where his response indicates that he will.  The Court should compel plaintiff to produce all documents by a date certain not later than May 1, 2024.

**Page 13 –**    **STATE DEFENDANTS' MOTION FOR ENTRY OF SUPPLEMENTAL PROTECTIVE ORDER, MOTION TO COMPEL INTERROGATORY RESPONSES, AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

### III.     Motion to enter protective order for Kids FIRST documents

#### A.     Kids FIRST discovery seeks critical facts.

Kids FIRST is a child advocacy center in Eugene that investigates child abuse allegations, conducts forensic interviews, provides medical assessments and referrals to medical services for child victims of abuse, and facilitates grand jury testimony.  (*See* Kids FIRST, *What We Do*, https://www.kidsfirstcenter.net/what-we-do (last visited April 2, 2024).)[5]  Kids FIRST conducted a forensic interview of J.C. on October 9, 2017.  (Hoffman Decl. Ex. 5 at 103.)  The parties present during a forensic interview are the child, the forensic interviewer, a detective, and the child's caseworker.  (*Id*. at 101-102.)  A portion of the video of that interview was played for the jury during Raygosa's criminal trial on August 15, 2018.  (*Id*. at 158-160.)

During the proceeding in Lane County Probate Court, J.C.'s conservator, Ethan Levi, who is the plaintiff in this case, subpoenaed Kids FIRST's records relating to J.C.  (Hoffman Decl. Ex. 6 at 3.)  Kids FIRST produced those documents to Mr. Levi after the probate court entered a stipulated protective order on March 8, 2023.  (*Id*.; *see also* Tr. of 9/8/2023 Disc. Hearing at 151:16-17 (ECF 78) ("The conservator obtained those records in the probate.  Yes, we have those records in our possession.").)  State Defendants now seek the same documents pursuant to their own subpoena to Kids FIRST.

---

[5] Kids FIRST is one of five CAMI centers in Oregon, and it serves Coos, Douglas, and Lane Counties.  *See* Crime Victim and Survivor Services, Oregon Dep't. of Justice, *CAMI Regional Children's Advocacy Services, https://www.doj.state.or.us/crime-victims/grant-funds-programs/child-abuse-multidisciplinary-intervention-cami-fund/cami-regional-service-providers* (last visited Feb. 26, 2024); ORS 418.780.  It is funded through the Child Abuse Multidisciplinary Intervention (CAMI) Fund, which is operated through the Oregon Department of Justice.  *Id.*

**Page 14 –     STATE DEFENDANTS' MOTION FOR ENTRY OF SUPPLEMENTAL PROTECTIVE ORDER, MOTION TO COMPEL INTERROGATORY RESPONSES, AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

B.    **Argument**

1.    **Kids FIRST's objection**

Kids FIRST objects to paragraph 4 of the Supplemental Protective Order (Hoffman Decl. Ex. 2 ¶ 4) which would allow State Defendants' counsel to retain one copy of the produced documents for five years following the closure of this matter.

a.    **State Defendants' counsel should be allowed to retain the Kids FIRST documents for five years in order to comply with state public records law.**

The documents in Kids FIRST's possession contain sensitive personal medical information that is subject to the privacy provisions of the Health Insurance Portability and Accountability Act ("HIPAA").  HIPAA prohibits Kids FIRST from publicly disclosing J.C.'s personal health-related information, and according to Kids FIRST's counsel, it also requires that Kids FIRST not agree to any protective order that allows a third party to retain subpoenaed documents after the close of litigation.  45 C.F.R. § 164.512(e)(1)(v).

At the same time, however, documents produced in litigation are public records under Oregon public records law and must be retained for at least five years.  ORS 192.108 (requiring public records to be retained); OAR 166-300-0015(14) (requiring retention of litigation records for non-precedential litigation for five years); *Matter of C. E. S.*, 328 Or. App. 57, 61(2023) (requiring retention of health records even when they are no longer necessary to the agency).  To protect Kids FIRST's documents from disclosure under Oregon's public records law, while at the same time allowing the State to comply with state records retention laws, State Defendants' proposed protective order explains that various federal and state laws protect the Kids FIRST documents from ever being disclosed:

**Page 15 –    STATE DEFENDANTS' MOTION FOR ENTRY OF SUPPLEMENTAL PROTECTIVE ORDER, MOTION TO COMPEL INTERROGATORY RESPONSES, AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

> All records received from Kids FIRST and retained by Markowitz Herbold P.C. and/or the Oregon Department of Justice will be exempt from public disclosure pursuant to ORS 418.794 (confidentiality of video records), 418.795 (confidentiality of information and records), 192.355(2)(a) (personal privacy exemption)[6], and 192.355(8) (disclosure prohibited by federal law, HIPAA, 45 C.F.R. §§ 164.502, 164.512, *et seq.*).

(Hoffman Decl. Ex. 2 ¶ 4.)  The Court should enter State Defendants' supplemental protective order to balance the competing interests between HIPAA and Oregon's public records laws.

### 2.    The Court should disregard plaintiff's objections.

Plaintiff has not moved to quash to State Defendants' subpoena to Kids FIRST; he has only raised objections.  But Federal Rule of Civil Procedure 45 does not permit plaintiff to object to a subpoena *duces tecum* to a third party.  Rule 45(d)(2)(B) allows the "person commanded to produce documents" to serve objections.  Courts interpret Rule 45(d)(2)(B) to prohibit parties from objecting to subpoenas to non-parties: "A party cannot object to a subpoena duces tecum served on a nonparty, but rather, must seek a protective order or make a motion to quash." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005).  This Court should disregard plaintiff's "objections" to State Defendants' subpoena to Kids FIRST because those objections are not permitted by the Rule.

Even if the Court were to consider plaintiff's objections, they are meritless.

### a.    State Defendants are not parties to the probate court protective order.

Plaintiff first incorrectly objects that a protective order in an ancillary state probate proceeding impedes Kids FIRST from producing documents to State Defendants.  Not so.  This

---

[6] ORS 192.355(2)(a) protects personal health information that reveals a diagnosis, intimate or embarrassing medical details or treatment plans, or that was not voluntarily disclosed to the entity in possession of the information.  *See* Appendix E to Or. Public Records Manual at E-29-30 (citing *Shasta Kearns Moore*, May 16, 2018 (interpreting ORS 192.355(2)(a)).

**Page 16 –    STATE DEFENDANTS' MOTION FOR ENTRY OF SUPPLEMENTAL PROTECTIVE ORDER, MOTION TO COMPEL INTERROGATORY RESPONSES, AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

objection is meritless because State Defendants are not parties to the probate court protective order. The parties to the probate court protective order are the conservator (plaintiff), J.C., and Kids FIRST.[7] (Hoffman Decl. Ex. 9 at 3.) None of the State Defendants are a party to the order. They are, therefore, not bound by it. (*Id.* ¶¶ 6(a)-(b).) Thus, plaintiff has no colorable argument that the proposed Supplemental Protective Order in this case "disregards the Probate Court SPO." (Hoffman Decl. Ex. 8 at 2.) *See A.G. et al. v. Burroughs*, No. 3:13-cv-01051-AC, 2014 WL 1807110 *4 (D. Or. May 7, 2014) (holding that the Oregon Employment Department was not bound by a prior protective order because it was not a party to the case).

> **b.** **Plaintiff does not have standing to raise objections for third-parties.**

Plaintiff next objects that Kids FIRST may have records related to J.C.'s sibling Z.C. This objection is also meritless. Plaintiff has no standing to raise an objection on behalf of Z.C., who is represented by his own counsel. "A party has standing to challenge a subpoena served on another entity only if the party can show it has a personal right or privilege regarding the subject matter of the subpoena." *Blotzer v. L-3 Commc'ns Corp.*, 287 F.R.D. 507, 509 (D. Ariz. 2012) (footnote omitted). Plaintiff has no personal right or privilege regarding Z.C. and thus no basis to assert an objection on his behalf.

> **c.** **Plaintiff is not entitled to review the Kids FIRST documents for privilege.**

Plaintiff's last objection is that he should be able to review Kids FIRST documents before those documents are produced to State Defendants. This objection is wholly without basis.

---

[7] Notably, the probate court protective order is titled, "Supplemental Stipulated Protective Order." Plaintiff has objected in this case to referring to the Kids FIRST protective order as "Supplemental," but that label is both descriptive and consistent across both cases.

**Page 17 –** **STATE DEFENDANTS' MOTION FOR ENTRY OF SUPPLEMENTAL PROTECTIVE ORDER, MOTION TO COMPEL INTERROGATORY RESPONSES, AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

First, plaintiff has not moved the Court for an order allowing it to review Kids FIRST document production. Thus, there is no request before the Court for it to consider, and it should not. *Franks v. City of Santa Ana*, No. 8:15-cv-00108-JVS-DFM, 2015 WL 13919157, at *5 (C.D. Cal. Apr. 27, 2015) (refusing to consider request to amend pleading raised in a response brief because it was not a properly noticed motion). Second, as noted above, a party cannot object to a subpoena to a non-party; it *must* file a motion to quash or for a protective order. *Freed v. Home Depot U.S.A., Inc.*, No. 3:18-cv-00359-BAS-LL, 2019 WL 582346, at *2 (S.D. Cal. Feb. 13, 2019) ("A party cannot simply object to a subpoena served on a non-party, but rather must move to quash or seek a protective order."). Plaintiff has filed neither and the time to do has long since passed. *Goldwater Bank, N.A. v. Elizarov*, No. 5:21-cv-00616-JWH-SP, 2023 WL 4295129, at *3 (C.D. Cal. May 10, 2023) ("Defendants here did not attempt to obtain a protective order or move to quash the subpoenas. As such, their objections to the Chase, PayPal, and LA Financial subpoenas have been waived.").

Even if the Court considers plaintiff's objection, it has no merit.

**(1)     The Kids FIRST documents are not subject to the juvenile court privilege.**

The Kids FIRST documents are not privileged under ORS 419A.255(2)(a). Although ORS 419A.255(2)(a) may govern the release of documents maintained by the juvenile court, including documents created by Kids FIRST that were filed with the juvenile court, the statute does not govern release of documents maintained by Kids FIRST.

Regardless of the applicability of ORS 419A.255(2)(a) privilege, plaintiff has waived J.C.'s privileges. The District of Oregon has long held that a minor waives the confidentiality privilege under ORS 419A.255 when the minor files a civil lawsuit seeking damages arising out

**Page 18 –     STATE DEFENDANTS' MOTION FOR ENTRY OF SUPPLEMENTAL PROTECTIVE ORDER, MOTION TO COMPEL INTERROGATORY RESPONSES, AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

of his "emotional and psychological condition." *Doe v. Kirk*, No. 02-cv-104-KI, 2003 WL

23531403 *3 (D. Or. Jan. 29, 2003). In *Doe*, the plaintiff alleged that the defendant, a police

officer, sexually abused him following his release from custody with the Oregon Youth

Authority ("OYA"). *Id*. at *1. The defendant requested the production of documents that related

to plaintiff's time in OYA custody, which plaintiff argued were privileged under ORS 419A.255.

*Id*. The district court held that plaintiff had waived any privilege that existed because the

requested records contained "information relevant to defendant's ability to defend the allegations

that the purported assault resulted in severe emotional distress and psychological damage to

plaintiff[.]" *Id*. at *3.

The holding in *Doe* builds on the rule in this district that a minor plaintiff waives

privilege under ORS 419A.255 when the minor obtains documents for a civil lawsuit seeking

damages arising out of events that were the subject of juvenile court proceedings. *Bishop v.

Craft-Jones*, 2 F. Supp. 2d 1317 (D. Or. 1998). In *Bishop*, Judge Coffin explained that under

ORS 419A.255, "records pertaining to juvenile proceedings are privileged and thus

confidential," but that the "child or youth may authorize disclosure to others." *Id.* A minor

plaintiff "implicitly authorize[s] disclosure" when they obtain juvenile court records for use in a

lawsuit. *Id* at 1319. Judge Coffin further explained that the minors could not "assert[] the

privileged nature of the juvenile proceedings in an effort to bar equal access to them." *Id.* That

type of "discovery imbalance"

> is not the intent of the statutory scheme conferring confidentiality
> in juvenile proceedings. The [minors] should not be allowed to use
> ORS § 419A.255 as a tool to obtain materials for use in an
> independent civil lawsuit, while at the same time invoking the
> statute as a shield to deny the opposing parties a level playing
> field.

**Page 19 –    STATE DEFENDANTS' MOTION FOR ENTRY OF SUPPLEMENTAL
PROTECTIVE ORDER, MOTION TO COMPEL INTERROGATORY
RESPONSES, AND MOTION TO COMPEL PRODUCTION OF
DOCUMENTS**

> The purpose of cloaking juvenile proceedings with privacy is to spare youths the baggage of public stigma as the court, their parents, and state officials work with them to overcome whatever problems invoked the jurisdiction of the juvenile court. It would be naive to pretend, however, that the "privacy" of the events that gave rise to the juvenile proceedings here can be maintained in the circumstances of an independent civil lawsuit which involves the same events and which is being pursued in a public forum. Further, it would be exceedingly unfair to allow one side in this lawsuit to have exclusive access to and use of the juvenile record.

*Id.* at 1319. (emphasis added).  Thus, the court explained, "by obtaining portions of the juvenile proceedings for their use" in the federal lawsuit, the minors had "waived the privilege of confidentiality." *Id.*

The same applies here.  Plaintiff has already obtained the Kids FIRST records for use in this lawsuit.  Thus, under the rule established in *Doe* and *Bishop*, plaintiff has waived any privilege that could have conceivably existed under ORS 419A.255.

### (2)    No other privileges apply.

Just as the Kids FIRST documents are not privileged under the juvenile court statutes, they are also not privileged under any physician-patient privilege.  There is no physician-patient privilege under federal law.  *See In re Grand Jury Proc.*, 801 F.2d 1164, 1169 (9th Cir. 1986) (citing *Whalen v. Roe,* 429 U.S. 589, 602 n.28 (1977)); *Updike v. Clackamas Cnty.*, No. 3:15-cv-723-SI, 2016 WL 11782507 at \*4 (D. Or. June 21, 2016) (Simon, J.) (holding that medical records were discoverable in federal question case because physician-patient privilege does not exist).[8]

---

[8] In a federal question case like this one, federal law determines "the existence and scope of the claimed privilege."  *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 511 F.2d 192, 197 (9th Cir. 1975), *aff'd*, 426 U.S. 394 (1976).

**Page 20 –    STATE DEFENDANTS' MOTION FOR ENTRY OF SUPPLEMENTAL PROTECTIVE ORDER, MOTION TO COMPEL INTERROGATORY RESPONSES, AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

The forensic interview itself is not privileged. Third parties, including a detective and an ODHS caseworker, were present during the interview at Kids FIRST. The interview was then played in court for a jury in a criminal trial. And forensic interviews at child advocacy centers—whose purpose is to aid law enforcement investigations—are routinely admitted in Oregon courts, where substantial case law exists regarding their testimonial nature as evidence. *See e.g.*, *State v. Pitt*, 209 Or. App. 270, 279 (2006) (holding that a child's statements in a forensic interview were "testimonial" because "their primary purpose was to establish or prove past events potentially relevant to later criminal prosecution.") (internal citation and quotations omitted); *State v. Pollock*, 251 Or. App. 755, 758-59 (2012) (holding that a child's statements during a forensic interview at Kids FIRST center were admissible because the child was available for cross-examination).

The Kids FIRST records are not subject to any privilege that would permit plaintiff to insert themselves into State Defendants' third party discovery.

## CONCLUSION

For the foregoing reasons, the Court should grant State Defendants' motions and 1) compel plaintiff to provide complete and sufficient answers to State Defendants' First Set of Interrogatories, 2) compel plaintiff to produce documents and a privilege log in response to State Defendants' Third Request for Production, and 3) enter State Defendants' proposed form of

**Page 21 –   STATE DEFENDANTS' MOTION FOR ENTRY OF SUPPLEMENTAL PROTECTIVE ORDER, MOTION TO COMPEL INTERROGATORY RESPONSES, AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Supplemental Protective Order to cover Kids FIRST production in response to State Defendants'

subpoena.

DATED: April 3, 2024.    ELLEN F. ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON

*s/ Harry B. Wilson*

Lauren F. Blaesing, OSB #113305
LaurenBlaesing@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Alexandra L. Rhee, OSB #230770
AlexRhee@MarkowitzHerbold.com
*Special Assistant Attorneys General for State*
*Defendants and Third-Party Plaintiff*

Hannah K. Hoffman, OSB #183641
HannahHoffman@MarkowitzHerbold.com
*Of Attorneys for State Defendants and Third-Party*
*Plaintiff*

Jill Schneider, OSB #001619
Jill.Schneider@doj.state.or.us
Nicholas Mancuso, OSB #151262
Nicholas.Mancuso@doj.state.or.us
*Of Attorneys for State Defendants and Third-Party*
*Plaintiff*

2121932

**Page 22 – STATE DEFENDANTS' MOTION FOR ENTRY OF SUPPLEMENTAL**
**PROTECTIVE ORDER, MOTION TO COMPEL INTERROGATORY**
**RESPONSES, AND MOTION TO COMPEL PRODUCTION OF**
**DOCUMENTS**