**Mario D. Conte**, OSB 073637
mconte@hershnerhunter.com
**Alexandra P. Hilsher**, OSB 114218
ahilsher@hershnerhunter.com
Hershner Hunter, LLP
675 Oak Street, Suite 400
Eugene, OR 97401
Telephone: (541) 686-8511
Facsimile: (541) 344-2025

Of Attorneys for Friends of the Child Advocacy Center, Inc.,
dba Kids FIRST Center

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>            Plaintiff,<br><br>   v.<br><br>KIM CHAPMAN, in her individual capacity; ANASTASIA TIBBETTS, in her individual capacity; KASSIDY O'BRIEN, in her individual capacity; ERIN LANE, in her individual capacity; THE OREGON DEPARTMENT OF HUMAN SERVICES, a government agency; and JANE and JOHN DOES 1-5; in their individual and/or official capacities,<br><br>            Defendants. | Case No. 6:22-cv-01813-MK<br><br>FRIENDS OF THE CHILD ADVOCACY CENTER, INC, dba KIDS FIRST CENTER'S<br><br>Response to State Defendants' Motion to Enter Supplemental Protective Order |
| OREGON DEPARTMENT OF HUMAN SERVICES,<br><br>           Third-Party Plaintiff,<br><br>   v.<br><br>JOE ALBERT RAYGOSA,<br><br>           Third-Party Defendant. | |

**Page 1 –    RESPONSE TO MOTION FOR ENTRY OF SUPP. PROTECTIVE ORDER**

## RESPONSE

For the reasons set forth below, Friends of the Child Advocacy Center, Inc., dba Kids FIRST Center ("Kids FIRST") respectfully requests that the Court enter a supplemental protective order in this case that requires, without exception, the parties and any person authorized by the order to receive documents, testimony, and other materials produced by Kids FIRST to destroy all such documents, testimony, or other materials at the end of this litigation or return them to Kids FIRST.

## ARGUMENT

### A.    HIPAA Requires Protected Health Information be Returned to Kids First or Destroyed at the End of the Litigation.

There is no dispute that the documents in Kids FIRST's possession contain sensitive protected health information that is subject to the privacy rules of the Health Insurance Portability and Accountability Act ("HIPAA"). Kids FIRST—a "covered entity" in HIPAA parlance—cannot disclose such information unless a statutory exception applies.

Here, the applicable exception allows Kids First to disclose the protected health information so long as a qualified protective order is in place. 45 C.F.R. § 164.512(e)(1)(v). A "qualified protective order" is one that: (a) prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and (b) requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding. *Id*.

There is no exception under HIPAA that allows a party to retain protected health information after the end of the litigation.

/////

**Page 2 –    RESPONSE TO MOTION FOR ENTRY OF SUPP. PROTECTIVE ORDER**

**B.     HIPAA Preempts Conflicting State Law.**

The State Defendants request entry of a supplemental protective order that permits their counsel to preserve one copy of all materials received from Kids FIRST for five years after the closure of this case to comply with ORS 192.108 and OAR 166-300-0015(14), which are a state law and rule regarding the retention of public records.  However, under the U.S. Constitution's Supremacy Clause and HIPAA itself, HIPAA preempts contrary provisions of state law unless an exception exists.  U.S. Const. art. VI, cl. 2; 42 U.S.C. § 1320d–7(a)(1) (providing that the statute "shall supersede any contrary provision of State law").

A state law is "contrary" to HIPAA if: (a) a covered entity or business associate would find it impossible to comply with both the state and federal requirements; or (b) the provision of state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of HIPAA.  45 C.F.R. § 160.202.  HIPAA does not preempt state laws that provide "more stringent" privacy protections. *See* 45 C.F.R. 160.203(b).

Here, the Oregon law and rule at issue are contrary to HIPAA because they require treating protected health information as public records and, even if there is an exception to disclosure under Oregon's public records laws, a party other than the patient or a covered entity will retain possession of the sensitive protected health information for five years.  Moreover, the state law and rule do not provide more stringent privacy protections.  Consequently, HIPAA preempts state law in this instance.

/////

/////

/////

/////

/////

**Page 3 –     RESPONSE TO MOTION FOR ENTRY OF SUPP. PROTECTIVE ORDER**

## CONCLUSION

For the reasons set forth above, the Court's supplemental protective order should require that any protected health information produced by Kids FIRST (including physical or digital copies made) be returned to Kids FIRST or destroyed at the end of the litigation.

DATED April 15, 2024.

HERSHNER HUNTER, LLP


By  */s/Mario D. Conte*
Mario D. Conte, OSB 073637
mconte@hershnerhunter.com
Alexandra P. Hilsher, OSB 114218
ahilsher@hershnerhunter.com
Of Attorneys for Friends of the Child Advocacy
Center, Inc., dba Kids FIRST Center

**Page 4 –     RESPONSE TO MOTION FOR ENTRY OF SUPP. PROTECTIVE ORDER**