Mr. Steven Rizzo, OSB # 840853
Ms. Mary D. Skjelset, OSB  # 075840
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Ste. 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630
srizzo@rizzopc.com
mskjelest@rizzopc.com

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI, <br><br> Plaintiff, <br><br> v. <br><br> KIM CHAPMAN, et al , <br><br> Defendants. | CASE NO. 6:22-cv-01813-MK <br><br> MOTION FOR PROTECTIVE ORDER AND ALTERNATIVE MOTION TO QUASH SUBPOENAS ISSUED BY DEFENDANTS TO J.C.'S PROVIDERS <br><br> *Oral argument requested* |
| OREGON DEPARTMENT OF HUMAN SERVICES, <br><br> Third Party Plaintiff, <br><br> v. <br><br> JOE ALBERT RAYGOSA, <br><br> Third Party Defendant. | |

1 – PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
AND ALTERNATIVE MOTION TO QUASH
SUBPOENAS

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

## INTRODUCTION

For the reasons discussed below, the Court should enter a protective order or, alternatively, quash the subpoenas issued by the defendants to J.C.'s providers. The subpoenas demand production of J.C.'s psychological and medical records that are subject to child privacy and J.C.'s juvenile law privilege. Some of the records (Center for Family Development (CFD) and Dr. Sorenson) are contained within the J.C.'s supplemental confidential file while others are not relevant to the issues in this action and otherwise encroach on work product. The motion is based on Fed. R. Civ. P. 26(b) and (c), 45(c), and it is supported by the Declaration of Steven Rizzo ("Decl.") and attached exhibits.

## LR 7-1

The parties conferred by phone and email in advance of filing this motion and were unable to reach agreement. The defendants are aware that CFD and Dr. Sorenson records are contained within J.C.'s supplemental confidential file and are therefore privileged to J.C. The defendants are also aware that Lane County Juvenile Court ("LCJC") has taken the defendants' motion to inspect J.C.'s juvenile court records under advisement. The defendants refused to wait on LCJC's ruling, and they declined Plaintiff an opportunity to first review J.C.'s records for relevancy and privilege prior to production. (*See* Decl., Exs. 1 -2).

## BACKGROUND

On April 3, 2024, the parties (and third-party Friends of the Child) filed the following motions in this case, which are fully briefed and pending decision: Defendants' Motion for Entry of Supplemental Protective Order, Motion to Compel Interrogatory Responses, and Motion to Compel Production of Documents, (ECF 116); Friends of the Child Response to State Defendants' Motion to Enter Supplemental Protective Oder, (ECF 122); Plaintiff's Discovery Motion and Response (ECF 118); and Plaintiff's Response to Defendants'/Third Party Plaintiff DHS' Discovery Motions, (ECF 129). As stated above and described in Plaintiffs' briefing, the

2 – PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
   AND ALTERNATIVE MOTION TO QUASH
   SUBPOENAS



RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

defendants have also filed a Motion to Inspect J.C's juvenile court files and records in Lane County Juvenile Court ("LCJC"), which is currently pending in that court. (*Id.* at 11).

On May 9, 2024, the defendants served a Notice of Intent to Serve Subpoenas Duces Tecum to J.C.'s providers. (Decl., Ex 1). The Notice lists 14 providers of medical and psychological care and services to J.C. without any limitation by date range or relevancy. (*Id.*). The list includes CFD and Dr. Sorenson, which are subject to J.C.'s juvenile law privilege, *See* ORS 419A.255(2)(a) ("Reports and other material relating to the child['s] . . . history and prognosis in the record of the case or the supplemental confidential file are privileged. . . .").[1] Upon receipt of the defendants' Notice, Plaintiff attempted to confer with defendants, and alerted them to the fact that some of the records sought from CFD and Dr. Sorenson were subject of their Motion to Inspect currenting pending before the LCJC. Plaintiff requested an opportunity to review the records for potential privilege in advance of production. The defendants declined the request and served the subpoenas. (Decl., Ex. 1). Plaintiff advised CFD and Dr. Sorenson of the objection to the impending subpoenas based primarily on child privacy and privilege. (Decl. at ¶5).

<strong>ARGUMENT</strong>

The Court should enter a protective order precluding the defendants' subpoenas, at least until LCJC rules on the defendants' Motion to Inspect J.C.'s juvenile court records and files. As the Court is aware, the defendants refused to confer with Plaintiff regarding the scope of J.C.'s juvenile law privilege – as they were ordered – and belatedly chose to seek relief in LCJC, claiming broadly that J.C.'s (and every other foster child's) juvenile law privilege is automatically and fully waived whenever an appointed Conservator files a lawsuit. It is one thing for the defendants to engage in what amounts to expensive forum shopping; it is another to undercut the state court's authority (LCJC) by returning to the federal forum – this time in the form of a subpoena. The Court

---

[1] (*See also* ECF 131, Ex. 14). (At the September 8, 2023 oral argument, the Court did not grant the defendants' motion to compel, stating in part that "the social file is a matter of privilege. And I – know you may have issues about whether privilege is waived as a result of making the claim in the first place.").

3 – PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
    AND ALTERNATIVE MOTION TO QUASH
    SUBPOENAS



RIZZO | BOSWORTH | ERAUT PC

1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

should therefore preclude the defendants from doing both simultaneously, and allow LCJC to rule prior to permitting the defendants to use their subpoena power to demand production of the same records that are within the purview of LCJC.

In the alternative, for these same reasons, the Court should simply quash the defendants' subpoenas pending LCJC's rulings. This course of action would avoid the risk of inconsistent, or conflicting, rulings, and the Court can address remaining issues following LCJC's rulings. The defendants' subpoenas are unnecessary in the first place and needlessly increase the expense of litigation.

## CONCLUSION

The Court should grant the Motion.

Dated: May 28, 2024.

RIZZO BOSWORTH ERAUT PC

By: s/*Steven Rizzo*
Steven Rizzo OSB No. 840853 (he/him/his)
Mary D. Skjelset OSB No. 075840 (she/her/hers)
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Suite 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630

ATTORNEYS FOR PLAINTIFF

4 – PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
    AND ALTERNATIVE MOTION TO QUASH
    SUBPOENAS

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>　　　　Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al ,<br><br>　　　　Defendants.<br><br>------<br><br>OREGON DEPARTMENT OF<br>HUMAN SERVICES,<br><br>　　　　Third Party Plaintiff,<br><br>v.<br><br>JOE ALBERT RAYGOSA,<br><br>　　　　Third Party Defendant. | CASE NO. 6:22-cv-01813-MK<br><br><br>**CERTIFICATE OF SERVICE** |

I am employed by the law firm of Rizzo Bosworth Eraut PC in Portland, Oregon.  I am over the age of eighteen years and not a party to the subject cause.  My business address is 1300 SW Sixth Avenue, Suite 330, Portland, OR 97201.

On the date below, I caused to be served on all parties in this action by transmitting a true copy thereof: **Motion for Protective Order and Alternative Motion to Quash Subpoenas Issued by Defendants to J.C.'s Providers**

**<u>VIA ECF</u>**

| | |
|---|---|
| Jill Schneider<br>Nicholas S. Mancuso<br>Oregon Department of Justice<br>100 SW Market Street<br>Portland, OR 97201<br>Ph. 971-673-1880<br>Fax: 971-673-5000<br>Email: jill.schneider@doj.state.or.us<br>Email: nicholas.mancuso@doj.state.or.us<br>*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services* | Lauren Blaesing<br>Harry B. Wilson<br>Alexandra Rhee<br>Markowitz Herbold PC<br>1455 SW Broadway<br>Ste. 1990<br>Portland, OR. 97201<br>Ph: 503-295-3085<br>Email: laurenblaesing@markowitzherbold.com<br>Email: harrywilson@markowitzherbold.com<br>Email: alexrhee@markowitzherbold.com<br>*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services* |

　　　　Dated this 28th   day of May, 2024.

　　　　　　　　　　　　　　　　　　　 *s/ Cheridan Carr*
　　　　　　　　　　　　　　　　　　　Cheridan Carr
　　　　　　　　　　　　　　　　　　　Paralegal

1- Certificate of Service