**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Alexandra L. Rhee, OSB #230770**
AlexRhee@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085
*Special Assistant Attorneys General for State Defendants*
*and Third-Party Plaintiff*
*Additional Counsel of Record Listed on Signature Page*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI, | Case No. 6:22-cv-01813-MK |
| Plaintiff, | **STATE DEFENDANTS AND THIRD-PARTY PLAINTIFF'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER AND ALTERNATIVE MOTION TO QUASH SUBPOENAS** |
| v. | |
| KIM CHAPMAN, in her individual capacity; ANASTASIA TIBBETTS, in her individual capacity; KASSIDY O'BRIEN, in her individual capacity; ERIN LANE, in her individual capacity; THE OREGON DEPARTMENT OF HUMAN SERVICES, a government agency; and JANE and JOHN DOES 1-5; in their individual and/or official capacities, | |
| Defendants. | |
| OREGON DEPARTMENT OF HUMAN SERVICES, | |
| Third-Party Plaintiff, | |
| v. | |
| JOE ALBERT RAYGOSA, | |
| Third-Party Defendant. | |

Page 1 –    **STATE DEFENDANTS AND THIRD-PARTY PLAINTIFF'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER AND ALTERNATIVE MOTION TO QUASH SUBPOENAS**

**INTRODUCTION**

Plaintiff's complaint alleges that defendants the Oregon Department of Human Services ("ODHS"), Kim Chapman, Anastasia Tibbets, Kassidy O'Brien, and Erin Lane ("State Defendants") caused various injuries to J.C., a child formerly in the care of ODHS.  A number of these injuries are medical in nature, and J.C.'s physical, mental, and behavioral health are directly at issue in plaintiff's lawsuit.  As is standard in tort suits that include allegations going to medical damages, State Defendants seek medical records that would demonstrate the existence and cause of the medical conditions plaintiff identifies in the complaint.  To that end, plaintiff served subpoenas on J.C.'s medical providers.  Plaintiff's Motion for a Protective Order and Alternative Motion to Quash attempts to bar State Defendants from obtaining discoverable medical records that are at the core of this litigation.  (Pl.'s Mot. for a Protective Order and Alternative Mot. to Quash ("Mot.") (Dkt. 134).)

This Court should deny plaintiff's motion.  Plaintiff lacks standing to challenge the relevance and burden of subpoenas to third-party medical providers.  Plaintiff cites a state law governing the privacy of juvenile court records—ORS 419A.255—that is inapposite in this federal suit.  Plaintiff has no basis for barring State Defendants from conducting discovery about the medical harms he alleges that State Defendants caused and for which he seeks more than $20 million in damages.

**BACKGROUND**

In this suit, plaintiff alleges that various state officials failed to investigate and stop abuse suffered by a foster child, J.C.  Plaintiff alleges that J.C.'s abuse at the hands of a foster parent caused J.C. to suffer "fear, confusion, severe emotional distress and psychological injury, physical injury; disruption of attachment, cognitive and developmental delays, difficulty forming

**Page 2 –    STATE DEFENDANTS AND THIRD-PARTY PLAINTIFF'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER AND ALTERNATIVE MOTION TO QUASH SUBPOENAS**

mature and positive personal relationships, loss of self-esteem, lack of trust and suspicion of caregivers, and/or physical impairment and disability." (Compl. ¶ 78 (Dkt. 1).) Plaintiff alleges that the conditions described above are "permanent" and thus intends to seek damages for current medical conditions even though the events in the complaint occurred eight years ago. (*Id.* ¶ 77.) Based on this theory, plaintiff seeks more than $20 million in damages. (*Id.* ¶¶ 79-81.)

Last month, State Defendants served a subpoena on J.C.'s medical providers. (Decl. of Steven Rizzo in Supp. of Mot. for Protective Order and Alternative Mot. to Quash, Ex. 1 (Dkt. 135).) Plaintiff objected to those subpoenas and now seeks to quash them, thereby preventing State Defendants from discovering evidence of the very symptoms and conditions for which he seeks damages. Discovery closes on July 12.

## ARGUMENT

### I.    Plaintiff lacks standing to object to third-party subpoenas on relevance grounds.

Plaintiff's medical files are discoverable because they are relevant to this case. In general, material is discoverable if it is relevant, proportional to the needs of the case, and no privilege applies. Fed. R. Civ. P. 26. A party asserting good cause for a protective order bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).[1] Here, plaintiff sues State Defendants for various specific

---

[1] This Court also can and should deny plaintiff's motion for failing to comply with LR 7-1(b), and clearly moving the Court for specific relief. The rule directs a party to state the relief sought in a "separate section" with the heading "Motion." Plaintiff instead submits a brief with no request for relief. This is especially problematic here, given the lack of clarity as to what action plaintiff desires the Court to take. At the absolute most the Court should construe plaintiff's filing as a motion to quash the subpoenas to Dr. Sorenson and CFD, who are the only treatment providers discussed in the brief.

**Page 3 –    STATE DEFENDANTS AND THIRD-PARTY PLAINTIFF'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER AND ALTERNATIVE MOTION TO QUASH SUBPOENAS**

physical and emotional conditions, which plaintiff describes as "permanent." (Compl. ¶ 77.) State Defendants are entitled to investigate the accuracy of plaintiff's allegations, and the scope, nature, and origin of any conditions described or implied in the complaint. J.C.'s medical records will be critical to that investigation and assessment.

Plaintiff's argument that these documents are irrelevant fails for three reasons. First, as a threshold matter, plaintiff lacks standing to object on relevance grounds to the scope of a third-party subpoena. The general rule is that a party "lack[s] standing to object to a subpoena issued to a nonparty witness" because of "the principle that the person served with process is the proper party to allege error." *United States v. Viltrakis*, 108 F.3d 1159, 1160-61 (9th Cir. 1997). In particular, a party does not have standing to object to a third-party subpoena on relevance grounds or claim that the subpoena is unduly burdensome. *Wells Fargo & Co. v. ABD Ins.*, No. C 12-03856 PJH DMR, 2012 WL 6115612, at *2 (N.D. Cal. Dec. 10, 2012).[2]

Second, plaintiff's contention that the subpoenas seek irrelevant documents is unexplained, conclusory, and inconsistent with the applicable law and rules. Without elaboration, plaintiff asserts in the introduction section of his motion that "some" unidentified documents within the scope of the subpoena "are not relevant to the issues in this action and otherwise encroach on work product." (Mot. at 2.) But in the argument section, plaintiff does not identify which documents are irrelevant or work-product or further explain his concerns, including how information in the original records of a non-party are "work product" or why that position is justification for a blanket attempt to bar discovery of all documents from that non-party. Plaintiff's conclusory assertions are not sufficient to satisfy plaintiff's burden of

---

[2] A party *does* have standing to assert their own personal privilege in the third-party's documents. Defendants address plaintiff's privilege arguments on the merits below.

**Page 4 –  STATE DEFENDANTS AND THIRD-PARTY PLAINTIFF'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER AND ALTERNATIVE MOTION TO QUASH SUBPOENAS**

establishing good cause for a protective order. *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601-02 (D. Nev. 2011) ("a party seeking a protective order must show a particular and specific need for the protective order, and broad or conclusory statements concerning the need for protection are insufficient").

Third, plaintiff's own complaint establishes the relevance of the documents. The scope of State Defendants' subpoenas derive directly from the scope of plaintiff's claims. State Defendants are entitled to probe the factual basis for plaintiff's assertion that State Defendants' conduct eight years ago caused the lengthy list of permanent injuries identified in the complaint. State Defendants' subpoenas are appropriately tailored to this end.

## II.    Federal privilege law, not the state statute identified in the motion, governs this case.

Separately, plaintiff argues that two of the subpoenaed treatment providers—Dr. Sorenson and the Center for Family Development—have information that *also* appears in juvenile court records. Plaintiff asserts that ORS 419A.255(2)(a) creates a privilege against discovery that extends outside of the juvenile court file to documents created by third parties and in the original custody of third parties, and thus state law bars the subpoenas. Again, plaintiff is wrong.

First, it is black-letter law that federal common law, not state law, applies to plaintiff's claims. In relevant part, FRE 501 states that the "common law—as interpreted by United States courts in the light of reason and experience—governs a claim of privilege." Consistent with this rule, the Ninth Circuit has explained that "[w]here there are federal question claims and pendent state law claims present, the federal law of privilege applies." *Agster v. Maricopa Cnty.*, 422 F.3d 836, 839 (9th Cir. 2005). Federal common law does not recognize a privilege to juvenile court records, even if the records are privileged under state law. *See Reyes v. Cnty. of Los*

**Page 5 –    STATE DEFENDANTS AND THIRD-PARTY PLAINTIFF'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER AND ALTERNATIVE MOTION TO QUASH SUBPOENAS**

*Angeles,* No. CV 19-5209-GW (KS), 2020 WL 13588232, at *3 (C.D. Cal. Aug. 24, 2020) (because federal privilege law applied, "the Court declines to recognize that Plaintiff's juvenile casefile is necessarily privileged from discovery").  Here, it was plaintiff's burden to establish an applicable privilege in his moving papers, and he has not done so.  *Tornay v. United States*, 840 F.2d 1424, 1426 (9th Cir. 1988) ("The party asserting an evidentiary privilege has the burden to demonstrate that the privilege applies to the information in question.").  This is reason alone for denying the motion.

Second, even if the Court credits plaintiff's novel assertion that the presence of some of a medical provider's records in the juvenile court file serves to immunize the entirety of that provider's original records from discovery, plaintiff has waived any state-law privilege that may have attached to the medical files from Dr. Sorenson and CFD.  A minor waives the confidentiality protections of ORS 419A.255 when the minor files a civil lawsuit seeking damages arising out of their "emotional and psychological condition."  *Doe v. Kirk,* No. 02-cv-104-KI, 2003 WL 23531403 *3 (D. Or. Jan. 29, 2003).  In *Bishop v. Craft-Jones,* 2 F. Supp. 2d 1317 (D. Or. 1998), Judge Coffin held that a plaintiff "implicitly authorize[s] disclosure" when they obtain juvenile court records for use in a lawsuit.  Judge Coffin further held that a plaintiff could not "assert[] the privileged nature of the juvenile proceedings in an effort to bar equal access to them."  *Id.* at 1319.  That type of "discovery imbalance" is not the intent of the statutory scheme conferring confidentiality in juvenile proceedings.  *Id.*

The same result must apply here.  Plaintiff has already obtained the juvenile court records for use in this lawsuit.  Thus, under the rule established in *Doe* and *Bishop,* plaintiff has waived any privilege that could have conceivably existed under ORS 419A.255, and he must produce them.  More particularly, plaintiff's complaint references specific medical conditions that State

**Page 6 –    STATE DEFENDANTS AND THIRD-PARTY PLAINTIFF'S OPPOSITION**
**              TO MOTION FOR PROTECTIVE ORDER AND ALTERNATIVE MOTION**
**              TO QUASH SUBPOENAS**

Defendants allegedly caused.  The factual basis for these allegations is at issue in this case and plaintiff has necessarily waived any privilege that may have attached to the details of J.C.'s medical diagnosis and care by filing suit and seeking damages for these medical conditions.  *See also Warner v. Velardi,* No. 16-cv-1924-BEN (DHB), 2017 WL 3387723, at *2 (SD Cal Aug. 7, 2017) ("Where an individual institutes a lawsuit in which his health and medical records are at issue, release of the records would likely be ordered, even over objection.").

Finally, plaintiff contends that this Court should await a ruling from the Lane County Juvenile Court concerning a motion ODHS filed in that court seeking a copy of J.C.'s juvenile court record.  But that motion—which was not filed as part of this matter—concerns the Lane County juvenile court's judicial record of J.C.'s dependency.  State Defendants' subpoenas for medical provider records concern different parties and different records.  The fact that some of J.C.'s medical records might later have been filed with the Lane County Juvenile Court has no bearing on the discoverability of J.C.'s medical condition and treatment.  The Lane County Juvenile Court will address the court records and this Court can and should address the medical records.

## CONCLUSION

For the foregoing reasons, this Court should deny plaintiff's motion.

DATED: June 11, 2024.          ELLEN F. ROSENBLUM
                               ATTORNEY GENERAL
                               FOR THE STATE OF OREGON


                               *s/ Harry B. Wilson*
                               Lauren F. Blaesing, OSB #113305
                               LaurenBlaesing@MarkowitzHerbold.com
                               Harry B. Wilson, OSB #077214
                               HarryWilson@MarkowitzHerbold.com


**Page 7 –     STATE DEFENDANTS AND THIRD-PARTY PLAINTIFF'S OPPOSITION
               TO MOTION FOR PROTECTIVE ORDER AND ALTERNATIVE MOTION
               TO QUASH SUBPOENAS**

Alexandra L. Rhee, OSB #230770
AlexRhee@MarkowitzHerbold.com
*Special Assistant Attorneys General for State*
*Defendants and Third-Party Plaintiff*

Chad A. Naso, OSB # 150310
ChadNaso@MarkowitzHerbold.com
Hannah K. Hoffman, OSB #183641
HannahHoffman@MarkowitzHerbold.com
*Of Attorneys for State Defendants and Third-Party*
*Plaintiff*

Jill Schneider, OSB #001619
Jill.Schneider@doj.state.or.us
Nicholas Mancuso, OSB #151262
Nicholas.Mancuso@doj.state.or.us
*Of Attorneys for State Defendants and Third-Party*
*Plaintiff*

2153824

**Page 8 –** **STATE DEFENDANTS AND THIRD-PARTY PLAINTIFF'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER AND ALTERNATIVE MOTION TO QUASH SUBPOENAS**