**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Alexandra L. Rhee, OSB #230770**
AlexRhee@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085
*Special Assistant Attorneys General for State Defendants*
*and Third-Party Plaintiff*
*Additional Counsel of Record Listed on Signature Page*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI, | Case No. 6:22-cv-01813-MK |
| Plaintiff, | **STATE DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |
| v. | |
| KIM CHAPMAN, in her individual capacity; ANASTASIA TIBBETTS, in her individual capacity; KASSIDY O'BRIEN, in her individual capacity; ERIN LANE, in her individual capacity; THE OREGON DEPARTMENT OF HUMAN SERVICES, a government agency; and JANE and JOHN DOES 1-5; in their individual and/or official capacities, | **Request For Oral Argument** |
| Defendants. | |
| OREGON DEPARTMENT OF HUMAN SERVICES, | |
| Third-Party Plaintiff, | |
| v. | |
| JOE ALBERT RAYGOSA, | |
| Third-Party Defendant. | |

**Page 1 –    STATE DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

## LOCAL RULE 7-1(a) CERTIFICATION

Pursuant to Local Rule 7-1(a), counsel for Kim Chapman, Anastasia Tibbetts, Kassidy O'Brien, Erin Lane, and the Oregon Department of Human Services ("ODHS") (collectively, "State Defendants") conferred with counsel for plaintiff by telephone on June 6, 2024, prior to filing this motion, and the parties were unable to reach agreement.

## INTRODUCTION

Plaintiff takes the position that the core facts at issue in his complaint against ODHS for injuries to J.C. are not discoverable. This position lacks support in the federal substantive law of privilege and in the Federal Rules of Civil Procedure.[1] A party cannot allege extensive, detailed injuries attributable to another party's conduct or inaction and then obstruct discovery of the most basic, ordinary documentation of those injuries.

Plaintiff has alleged injuries to J.C. putting at issue the physical, mental, and behavioral health of both J.C. and her family. In order to defend the suit, and explore the existence and cause of the conditions plaintiff identifies in the complaint, State Defendants are entitled to discovery of records and information the plaintiff and others have concerning these conditions, including J.C.'s medical records. Yet according to a privilege log, plaintiff is improperly withholding many of J.C.'s medical records.

This Court should compel plaintiff to produce these medical records. The documents are highly relevant and not privileged. Plaintiff cites a state law governing the privacy of juvenile court records—ORS 419A.255—that is inapposite in this federal suit. Plaintiff has no basis for

---

[1] Defendants file this motion contemporaneously with defendants' response to plaintiff's motion seeking to bar discovery from various of J.C.'s medical providers. The arguments in Section I regarding the discoverability of the CFD records are substantially similar to the arguments made in defendants' response to plaintiff's motion. Section II is directed at an issue unique to this motion: the deficiencies in plaintiff's privilege log.

**Page 2 –    STATE DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

barring State Defendants from conducting discovery about the medical harms he alleges that State Defendants caused and for which he seeks more than $20 million in damages.

To the extent withholding this information is permissible at all—which it is not—plaintiff must adequately document the basis of the privilege, including the origin and nature of the information that demonstrates a privileged relationship immunizing the information from discovery, or other legal basis that excuses plaintiff from complying with their discovery obligations.

## MOTION

Pursuant to Federal Rules of Civil Procedure 37(a)(1) and 37(a)(3)(B)(iv), State Defendants move the Court for an order compelling plaintiff to produce the documents listed on plaintiff's privilege log.  Alternatively, State Defendants move this Court for an order compelling more detailed privilege log entries.

## BACKGROUND

In this suit, plaintiff alleges that various state officials failed to investigate and stop abuse suffered by a foster child, J.C.  Plaintiff alleges that J.C.'s abuse at the hands of a foster parent caused J.C. to suffer "fear, confusion, severe emotional distress and psychological injury, physical injury; disruption of attachment, cognitive and developmental delays, difficulty forming mature and positive personal relationships, loss of self-esteem, lack of trust and suspicion of caregivers, and/or physical impairment and disability."  (Compl. ¶ 78.)  Plaintiff alleges that the conditions described above are "permanent" and thus intends to seek damages for current medical conditions even though the events in the complaint occurred eight years ago.  (*Id.* ¶ 77.)  Based on this theory, plaintiff seeks more than $20 million in non-economic and punitive damages from State Defendants.  (*Id.* ¶¶ 79-81.)

**Page 3 –    STATE DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

In February, State Defendants served plaintiff with requests for production seeking, *inter alia*, J.C.'s medical records relevant to this case and any law enforcement reports related to plaintiff. (Defs.' 3d Req. for Production at 14-16, Decl. of Harry Wilson ("Wilson Decl.") Ex. 1.) State Defendants also served interrogatories requesting that plaintiff identify examining and treating providers for J.C.'s medical, mental, and behavioral health. (Pl.'s Resp. to Defs.' Interrog., Wilson Decl. Ex. 2.) Plaintiff identified 19 providers but have produced records from just three providers.

In May, plaintiff served State Defendants with a privilege log that included 68 entries. (Wilson Decl. Ex. 3.) Plaintiff's privilege log does not provide a description of the documents being withheld, but instead includes the date, author, from,[2] and document name. One of those entries was a police report from the Eugene Police Department. Sixty-six entries appear to be medical records from the Center for Family Development, a healthcare provider that provided treatment to J.C. while she was in foster care. One entry has no author or custodian listed and is merely identified as a "Service Plan." For every document, the log also identifies the bases for the assertion of privilege as "419A.255 Confidentiality and Privilege" and "Document withheld pending ruling on Defendants' Motion to Inspect."

**ARGUMENT**

**I.      Plaintiff's medical records are discoverable and not privileged.**

Plaintiff's medical records are discoverable because they are relevant both to causation and damages in connection with injuries plaintiff alleges in the complaint. In general, material is discoverable if it is relevant, proportional to the needs of the case, and no privilege applies. Fed.

---

[2] The "from" field is a misnomer. None of the documents appear to be correspondence. Instead, the "from" field appears to identify the document's custodian, either the Lane County Juvenile Court or Center for Family Development.

**Page 4 –     STATE DEFENDANTS' MOTION TO COMPEL PRODUCTION OF
                      DOCUMENTS**

R. Civ. P. 26.  The party asserting an evidentiary privilege has the burden to demonstrate that the privilege applies to the information in question.  *Tornay v. United States*, 840 F.2d 1424, 1426 (9th Cir. 1988).

Plaintiff cannot dispute the significance, much less the broad general relevance of the records on his privilege log, and plaintiff has failed to identify an applicable privilege.  Plaintiff sues defendants for various specific physical and emotional conditions, which plaintiff describes as "permanent."  (Compl. ¶ 77.)  State Defendants are entitled to investigate the accuracy of plaintiff's allegations, and the scope, nature, and origin of any conditions described or implied in the complaint. J.C.'s medical records will be critical to assess all of these things.

Rather than make an implausible objection to the relevance of the documents, plaintiff's argument against discovery turns on their interpretation of the Oregon juvenile code, asserting that the existence in the juvenile record of *copies* of some information created by, or also maintained by, the Center for Family Development has information bars defendants from obtaining those materials in discovery in federal court.  Plaintiff asserts ORS 419A.255(2)(a) creates a privilege against discovery under state law that extends outside of the juvenile court file to documents created by third parties and in the original custody of third parties, and thus state law bars the subpoenas issued in this federal action.  Again, plaintiff is wrong.

First, it is black-letter law that federal common law, not state law, applies to plaintiff's claims.  In relevant part, FRE 501 states that "[t]he common law — as interpreted by United States courts in the light of reason and experience — governs a claim of privilege."  Consistent with this rule, the Ninth Circuit has explained that "[w]here there are federal question claims and pendent state law claims present, the federal law of privilege applies." *Agster v. Maricopa Cnty.*, 422 F.3d 836, 839 (9th Cir. 2005).  Federal common law does not recognize a privilege to

**Page 5 –    STATE DEFENDANTS' MOTION TO COMPEL PRODUCTION OF
            DOCUMENTS**

juvenile court records, even if the records are privileged under state law. *See Reyes v. Cnty. of Los Angeles,* No. CV 19-5209-GW (KS), 2020 WL 13588232, at *3 (C.D. Cal. Aug. 24, 2020) (because federal privilege law applied, "the Court declines to recognize that Plaintiff's juvenile casefile is necessarily privileged from discovery"). This is reason alone for rejecting plaintiff's claim of privilege.

Second, even if the Court credits plaintiff's novel assertion that the presence of some of a medical provider's records in the juvenile court file serves to immunize the entirety of that provider's original records from discovery, plaintiff has waived any state-law privilege that may have attached to the medical files from CFD. A minor waives the confidentiality protections of ORS 419A.255 when the minor files a civil lawsuit seeking damages arising out of their "emotional and psychological condition." *Doe v. Kirk,* No. 02-cv-104-KI, 2003 WL 23531403 *3 (D. Or. Jan. 29, 2003). In *Bishop v. Craft-Jones,* 2 F. Supp. 2d 1317 (D. Or. 1998), Judge Coffin held that a plaintiff "implicitly authorize[s] disclosure" when they obtain juvenile court records for use in a lawsuit. Judge Coffin further held that a plaintiff could not "assert[] the privileged nature of the juvenile proceedings in an effort to bar equal access to them." *Id.* at 1319. That type of "discovery imbalance" is not the intent of the statutory scheme conferring confidentiality in juvenile proceedings. *Id.*

The same result must apply here. Plaintiff has already obtained the juvenile court records for use in this lawsuit. Thus, under the rule established in *Doe* and *Bishop,* plaintiff has waived any privilege that could have conceivably existed under ORS 419A.255, and he must produce them. More particularly, plaintiff's complaint references specific medical conditions that defendants allegedly caused. The factual basis for these allegations is at issue in this case and plaintiff has necessarily waived any privilege that may have attached to the details of J.C.'s

**Page 6 –    STATE DEFENDANTS' MOTION TO COMPEL PRODUCTION OF
             DOCUMENTS**

medical diagnosis and care by filing suit and seeking damages for these medical conditions. *See also Warner v. Velardi,* No. 16-cv-1924-BEN (DHB), 2017 WL 3387723, at *2 (SD Cal Aug. 7, 2017) ("Where an individual institutes a lawsuit in which his health and medical records are at issue, release of the records would likely be ordered, even over objection.").

The Court should compel plaintiff to produce all the documents on the privilege log.

**II.      Alternatively, this Court should order plaintiff to produce an adequate privilege log.**

At the very least, this Court should order plaintiff to produce an adequate privilege log so that State Defendants can assess the basis for plaintiff's claims of privilege. "A party asserting privilege over materials 'must make a prima facie showing that the privilege protects the information the party intends to withhold.'" *J.M. v. Major,* No. 6:18-CV-00739-YY, 2022 WL 1223275, at *1 (D. Or. Apr. 26, 2022) (quoting *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992)). Federal Rule of Civil Procedure 26(b)(5)(A)(ii) requires that a party withholding documents for privilege describe the "nature of the documents" in a manner that will enable other parties to assess the claim of privilege.

Courts have repeatedly held that providing a document name, with no description of the documents contents, is inadequate because it does not enable the requesting party to assess the basis for the privilege. *See, e.g.*, *Friends of Hope Valley v. Frederick Co.*, 268 F.R.D. 643, 651 (E.D. Cal. 2010) (listing subject lines of emails was insufficient and ordering party to provide "more detail in its privilege logs"); *RG Abrams Ins. v. L. Offs. of C.R. Abrams*, 342 F.R.D. 461, 496 (C.D. Cal. 2022) (listing "subject matter" of document was insufficient).

Plaintiff's privilege log offers no description of the withheld documents, or the context of their transmission or creation. It does not even purport to do so. The privilege log gives only the "Document Name" for each document with no description at all. Plaintiff's privilege log contains generic document names such as "Signature History," "Service Plan," and "Service

**Page 7 –     STATE DEFENDANTS' MOTION TO COMPEL PRODUCTION OF
          DOCUMENTS**

Note." These document name provide no basis for State Defendants to assess plaintiff's claims of privilege and thus are deficient.

## CONCLUSION

This Court should compel production of the documents listed in plaintiff's privilege log, or, alternatively, order plaintiff to revise his privilege log.

DATED: June 18, 2024

ELLEN F. ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON

*s/ Harry B. Wilson*

Lauren F. Blaesing, OSB #113305
LaurenBlaesing@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Alexandra L. Rhee, OSB #230770
AlexRhee@MarkowitzHerbold.com
*Special Assistant Attorneys General for State Defendants and Third-Party Plaintiff*

Chad A. Naso, OSB # 150310
ChadNaso@MarkowitzHerbold.com
Hannah K. Hoffman, OSB #183641
HannahHoffman@MarkowitzHerbold.com
*Of Attorneys for State Defendants and Third-Party Plaintiff*

Jill Schneider, OSB #001619
Jill.Schneider@doj.state.or.us
Nicholas Mancuso, OSB #151262
Nicholas.Mancuso@doj.state.or.us
*Of Attorneys for State Defendants and Third-Party Plaintiff*

2160049.1

**Page 8 –    STATE DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**