**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Alexandra L. Rhee, OSB #230770**
AlexRhee@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085
*Special Assistant Attorneys General for State Defendants*
*and Third-Party Plaintiff*
*Additional Counsel of Record Listed on Signature Page*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI, | Case No. 6:22-cv-01813-MK |
| Plaintiff, | **STATE DEFENDANTS' MOTION TO EXTEND CASE DEADLINES** |
| v. | **EXPEDITED CONSIDERATION REQUESTED** |
| KIM CHAPMAN, in her individual capacity; ANASTASIA TIBBETTS, in her individual capacity; KASSIDY O'BRIEN, in her individual capacity; ERIN LANE, in her individual capacity; THE OREGON DEPARTMENT OF HUMAN SERVICES, a government agency; and JANE and JOHN DOES 1-5; in their individual and/or official capacities, | **ORAL ARGUMENT REQUESTED** |
| Defendants. | |
| OREGON DEPARTMENT OF HUMAN SERVICES, | |
| Third-Party Plaintiff, | |
| v. | |
| JOE ALBERT RAYGOSA, | |
| Third-Party Defendant. | |

**Page 1 –    STATE DEFENDANTS' MOTION TO EXTEND CASE DEADLINES**

**LOCAL RULE 7-1(a) CERTIFICATION**

Pursuant to Local Rule 7-1(a)(1)(A), counsel for the Oregon Department of Human Services, Kim Chapman, Anastasia Tibbetts, Kassidy O'Brien, and Erin Lane (the "State Defendants") conferred with counsel for plaintiff by telephone and emails on this motion. The parties were unable to reach agreement. Plaintiff does not oppose scheduling some depositions after the current fact discovery deadline, but plaintiff opposes this motion and opposes moving the case deadlines. The parties have also conferred regarding expedited consideration of this motion, and plaintiff objects.

**MOTION**

Pursuant to Federal Rule of Civil Procedure 6(b) and Local Rule 16-3, State Defendants hereby move the Court for an order extending the current pre-trial case deadlines by approximately one month as follows:

| Event | Current Deadline | Proposed Deadline | Number of Days |
|---|---|---|---|
| Fact discovery | 7/12/2024 | 8/16/2024 | 35 Days |
| Expert Disclosures | 8/9/2024 | 9/13/2024 | 35 Days |
| Expert rebuttal reports | 9/6/2024 | 10/4/2024 | 28 Days |
| Expert discovery completed | 10/4/2024 | 10/25/2024 | 21 Days |
| Dispositive motions | 11/8/2024 | 11/27/2024 | 19 Days |

State Defendants seek an extension of the pre-trial case deadlines to allow the Court time to resolve the pending motions which will have material impact on fact discovery in this case. This motion is supported by the Court's records, the case docket, and the Declaration of State Defendants' counsel, Lauren Blaesing, filed herewith.

**Page 2 –    STATE DEFENDANTS' MOTION TO EXTEND CASE DEADLINES**

## ARGUMENT

### I.    Several critical discovery issues remain outstanding.

State Defendants have efficiently worked toward completing discovery but are unable to proceed on vital fact issues because plaintiff has refused to produce critical documents and sought to quash relevant third-party discovery.  State Defendants seek a brief extension of the pre-trial deadlines in order to resolve these issues and complete discovery without the need to hold open depositions pending late production of necessary documents.

State Defendants have produced more than 15,000 documents and cooperated in plaintiff taking nine depositions to date, with another ten depositions scheduled between today and the current discovery deadline of July 12, 2024.  (Decl. of Lauren Blaesing in Supp. of Mot. to Extend Case Deadlines ("Blaesing Decl.") ¶ 3.)  State Defendants served discovery requests and subpoenas months before the discovery deadline.  (*See* Decl. of Hannah K. Hoffman in Supp. of State Defs.' Mot. for Entry of Suppl. Protective Order, Mot. to Compel Interrog. Resp., and Mot. to Compel Produc. of Docs. ("Hoffman Decl. in Supp. of Defs.' Omnibus Discovery Mot.") ¶ 9, Exs. 1, 3-4 (Dkts. 117-1, 117-3, 117-4).)  Rather than delaying discovery, State Defendants have moved forward with scheduling depositions while significant discovery disputes are pending.  (Blaesing Decl. ¶¶ 3-6.)  Yet, plaintiff has worked hard to stymy State Defendants' discovery at every turn, apparently angling to run out the clock and force State Defendants to take depositions with incomplete and inadequate information.  (*Id*. ¶ 5.)

Plaintiff filed his Complaint in this Court on November 18, 2022.  (Dkt. 1.)  State Defendants filed their Amended Answer, Affirmative Defenses and Third-Party Complaint on January 25, 2024.  (Dkt. 110.)  Fact discovery is presently set to close on July 12, 2024.  (Dkt. 77.)  Trial has not been set.

**Page 3 –    STATE DEFENDANTS' MOTION TO EXTEND CASE DEADLINES**

A number of relevant discovery issues remain outstanding.  These include State Defendants' motion to compel filed in February (Dkt. 112), the parties' omnibus discovery motions, which the Court ordered the parties to file on April 3, 2024 (Dkts. 114, 116, and 118), and motions to quash (Dkt. 134) and compel (Dkt. 140) filed in May and June.

In February 2024, State Defendants served plaintiff with interrogatories and requests for production of documents.  (Hoffman Decl. in Supp. of State Defs.'  Omnibus Discovery Mot. Exs. 3-4 (Dkts. 117-3, 117-4).)  State Defendants' discovery requests seek crucial, core information about plaintiff's allegations, including the alleged basis for State Defendants' liability, the basis and calculation of damages, and facts supporting State Defendants' affirmative defenses.  (*Id.*)

Plaintiff has refused to answer most of the interrogatories and piled up meritless objections in response to the requests for production of documents.  (*See* State Defs.' Mot. for Entry of Suppl. Protective Order, Mot. to Compel Interrog. Resp., and Mot. to Compel Produc. of Docs. ("Defs.' Omnibus Discovery Mot.") (Dkt. 116).)  To date, plaintiff has produced only a smattering of documents, a total of 147 files, and continues to rely on meritless objections to withhold dozens of key records information sought in the majority of State Defendants' interrogatories.  (*Id*. at 9; Hoffman Decl. in Supp. of State Defs.' Omnibus Discovery Mot. Ex. 10 (Dkt. 117-10).)  Plaintiff has also sought to obstruct State Defendants' subpoena to a third-party, Kids FIRST, that possesses records that are central to plaintiff's claims.  (*Id*; Pl.'s Resp. to Defs.' Disc. Mots. (Dkt. 129).)

To address plaintiff's discovery deficiencies, State Defendants moved the Court on February 21, 2024 to compel plaintiff to complete his discovery obligations (Dkt. 112) and, at the Court's direction, filed an omnibus discovery motion on April 3, 2024.  (Defs.' Omnibus

Discovery Mot. (Dkt. 116).) Plaintiff filed his own discovery motion on April 3, 2024. (Pl.'s Disc. Mot. and Resp. (Dkt. 118).) These motions are fully briefed as of April 18, 2024 and remain pending before this Court. Also pending before this Court, State Defendants filed a motion to compel documents from plaintiff's privilege log on June 18, 2024. (State Defs.' Mot. to Compel Produc. of Docs. (Dkt. 140).)

Because plaintiff has refused to provide critical documents from plaintiff's providers, State Defendants subpoenaed the third parties that created the records reflecting plaintiff's damages allegations in the Complaint. Plaintiff is attempting to prevent discovery of those documents as well. After State Defendants served subpoenas, plaintiff filed a motion to quash. (Dkt. 134.)

## II.    The Court can extend the case deadlines for "good cause," a "non-rigorous standard[]."

District courts have broad discretion when ruling on motions for extension. *See Kyle v. Campbell Soup Co.*, 28 F.3d 928, 930 (9th Cir. 1994). Local Rule 16-3(a) specifies that any request to change a court deadline must be raised by motion and must:

1.    Show good cause why the deadlines should be modified;

2.    Show effective prior use of time;

3.    Recommend a new date for the deadline(s) in question; and,

4.    Show the impact of the proposed extension on the other existing deadlines, settings, or schedules.

"'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010).

**Page 5 –    STATE DEFENDANTS' MOTION TO EXTEND CASE DEADLINES**

**III.     Good cause exists to extend the case deadlines.**

This Court should grant State Defendants' motion to extend the case deadlines in this case and the related matter *Conley v. Chapman et. al.*, 6:23-cv-01353-MK (D. Or.) by approximately one month as outlined in the proposed schedule, above. Good cause exists for continuing the discovery deadline and other existing case deadlines. As outlined above, the parties are awaiting resolution on several key discovery issues that will shape the completion of fact discovery. Those decisions could require plaintiff to produce substantial additional documents that relate directly to fact allegations in the Complaint, answer nearly a dozen interrogatories, and allow third parties to produce documents responsive to State Defendants' subpoenas. (Blaesing Decl. ¶ 4.) It is critical for State Defendants to know the resolution of these discovery issues, and obtain plaintiff and third-party documents, in order to adequately prepare for depositions and complete fact discovery. (Blaesing Decl. ¶ 5.)

For example, there are presently scheduled depositions that may need to be rescheduled because of outstanding discovery issues. (Blaesing Decl. ¶ 5.) Plaintiff Ethan Levi's deposition, for instance, is scheduled for July 3, 2024. Yet, Mr. Levi has refused to respond to nearly a dozen interrogatories that are critical for his deposition so State Defendants filed a motion to compel his discovery responses. (*Id.* ¶ 3; Defs.' Omnibus Discovery Mot. (Dkt. 116); Hoffman Decl. Ex. 3 (Dkt. 117-3).) In addition, State Defendants are negotiating a deposition date for J.C.'s therapist, yet plaintiff is withholding, at a minimum, dozens of pages of notes from the therapist and has moved to quash a subpoena for those records. (Blaesing Decl. ¶ 5; *see also* Dkts. 116, 139, 140.) State Defendants respectfully need resolution of these discovery issues to take these depositions and complete fact discovery. (Blaesing Decl. ¶ 4.)

**Page 6 –     STATE DEFENDANTS' MOTION TO EXTEND CASE DEADLINES**

State Defendants, therefore, recommend the new case schedule outlined above.  The schedule includes a modest extension of the fact discovery deadline by approximately one month.  The overall effect on the case calendar would be equally modest.  The proposed extension will push out the dispositive motion deadline by less than three weeks.  And because no trial date has been set, there will be no effect on the overall schedule for resolving the case.

### CONCLUSION

For all the above reasons, this Court should grant State Defendants' motion to extend the deadlines in this case as outlined above.

DATED: June 25, 2024

ELLEN F. ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON

*s/ Lauren F. Blaesing*
Lauren F. Blaesing, OSB #113305
LaurenBlaesing@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Alexandra L. Rhee, OSB #230770
AlexRhee@MarkowitzHerbold.com
*Special Assistant Attorneys General for State
Defendants and Third-Party Plaintiff*

Chad A. Naso, OSB # 150310
ChadNaso@MarkowitzHerbold.com
Hannah K. Hoffman, OSB #183641
HannahHoffman@MarkowitzHerbold.com
*Of Attorneys for State Defendants and Third-Party
Plaintiff*

Jill Schneider, OSB #001619
Jill.Schneider@doj.state.or.us
Nicholas Mancuso, OSB #151262
Nicholas.Mancuso@doj.state.or.us
*Of Attorneys for State Defendants and Third-Party
Plaintiff*

2159956.6

**Page 7 –    STATE DEFENDANTS' MOTION TO EXTEND CASE DEADLINES**