Mr. Steven Rizzo, OSB # 840853
Ms. Mary D. Skjelset, OSB  # 075840
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Ste. 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630
srizzo@rizzopc.com
mskjelest@rizzopc.com

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>      Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al ,<br><br>      Defendants. | CASE NO. 6:22-cv-01813-MK<br><br><br>PLAINTIFF'S RESPONSE TO DEFENDANTS' 6/18/24 MOTION TO COMPEL<br><br><br>*Oral argument requested* |
| OREGON DEPARTMENT OF HUMAN SERVICES,<br><br>      Third Party Plaintiff,<br><br>v.<br><br>JOE ALBERT RAYGOSA,<br><br>      Third Party Defendant. | |

**INTRODUCTION**

For the reasons discussed below, the Court should deny the defendants' Motion to Compel

1 – PLAINTIFF'S RESPONSE TO 6/18/24 MOTION TO
   COMPEL

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

J.C.'s (unspecified) "medical records" that are currently under the purview of the Lane County Juvenile Court (LCJC). (ECF 140 at 4). The Response is based on Fed. R. Civ. P. 34 and the pleadings and papers on file, and it is supported by the Declaration of Steven Rizzo ("Decl.").

## BACKGROUND

To assist the Court's resolution of the defendants' motion to compel, there is no dispute regarding the following: (1) ORS 419A.255(2)(a) provides in pertinent part that "[r]eports and other material relating to the child['s] . . . history and prognosis in the record of the case or the supplemental confidential file are *privileged* and, except at the request of the child . . . shall be withheld from public inspection. . . .";[1] (2) "Where there are federal question claims and pendent state law claims, the federal law of privilege applies"[2]; and (3) Plaintiff has not produced J.C.'s records that are listed on Plaintiff's privilege log, which are under the purview of LCJC. The defendants' motion to compel Plaintiff to produce such documents leverages the defendants' refusal to confer with Plaintiff regarding J.C.'s juvenile law privilege and costs as ordered on October 30, 2023,[3] and (once again) the defendants omit mention of their motion to inspect J.C.'s juvenile court file, which is pending in LCJC.

## ARGUMENT

The Court should deny the defendants' motion to compel. It is unnecessary, and lacking in merit, particularly where the parties are awaiting LCJC's ruling on the defendants' motion to inspect.

*First*, Conservator for J.C. obtained an order in the probate court, allowing him to investigate potential claims. Pursuant to the order, the Conservator accessed J.C.'s juvenile court records and files, and other investigative materials. Despite the defendants' repeated claim that

---

[1] *Id.* (emphasis added).

[2] *Agster v. Maricopa County,* 422 F.3d 836, 939-40 (9th Cir. 2005) (citing Fed. R. Evid. 501 advisory committee note).

[3] (*See* 10/30/23 Order, ECF 92 at ¶ 18).

2 – PLAINTIFF'S RESPONSE TO 6/18/24 MOTION TO COMPEL



"Plaintiff has already obtained the juvenile court records for *use* in this lawsuit," the defendants have yet to identify a single juvenile court record pertaining to J.C. that Plaintiff is *using* against the defendants in this action. (ECF 140 at 6). The defendants' conflation of the Conservator's claims investigation with the attributed *use* of materials that are under the purview of LCJC is unpersuasive.

*Second,* the defendants' motion to compel merely rehashes the same dubious "child automatically waives everything by filing suit" argument that the defendants are making in their LCJC motion to inspect J.C.'s juvenile court records and files, which is pending. (*E.g.,* Plfs.' Resp. to Disc. Motions, ECF 129 at 11) (". . . the defendants assert [therein] in conclusory fashion that "[b]y filing the complaints in the Federal Lawsuits . . . J.C. and Z.C. waived the privilege established under ORS 419A.255 as to the juvenile court records sought.").

*Third,* the defendants' characterization of Plaintiff's privilege log deserves brief comment. Plaintiff's privilege log lists 68 documents that remain under the purview of LCJC, 66 of which are from the Center for Family Development (CFD). [4] (*See* Decl. of Wilson, ECF 141-3). In accord with Rule 26(b)(5)(A)(i) and (ii), the log indicates the dates, authors, and names of the documents. The log also identifies ORS 419A.255 as the basis of the privilege claims and indicates further that the listed documents have been "withheld pending ruling" on the defendants' LCJC motion to inspect. (*Id*.). As such, the defendants' assertion that the log "offers no description of the withheld documents" is inapt. (ECF 140 at 7). The concomitant assertion to the effect that the log "offers no . . . context of [the documents'] transmission or creation" purports to impose an obligation that goes beyond Rule 26(b)(5). (*Id*.). Also, having initiated J.C.'s juvenile court proceeding, and having been a party thereto, it seems odd that defendant DHS is apparently unaware of the "context" in which the listed documents were created and transmitted to both DHS and DOJ counsel.

---

[4] The two exceptions are as follows: document #1, which indicates the Eugene police department report, and document #68, which indicates a Service Plan.

3 – PLAINTIFF'S RESPONSE TO 6/18/24 MOTION TO
   COMPEL


RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

Finally, to the extent that the unspecified "medical records" at issue pertain to CFD, Plaintiff's pending motion for protective order addresses such records that are under the purview of LCJC, and Plaintiff has already produced CFD records that are not under LCJC's purview. (Decl.)

## CONCLUSION

The Court should deny the defendants' motion to compel.

Dated: July 2, 2024.

RIZZO BOSWORTH ERAUT PC


By: s/*Steven Rizzo*
Steven Rizzo OSB No. 840853 (he/him/his)
Mary D. Skjelset OSB No. 075840 (she/her/hers)
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Suite 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630

ATTORNEYS FOR PLAINTIFF

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>       Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al ,<br><br>       Defendants. | CASE NO. 6:22-cv-01813-MK<br><br><br>**CERTIFICATE OF SERVICE** |
| OREGON DEPARTMENT OF<br>HUMAN SERVICES,<br><br>       Third Party Plaintiff,<br><br>v.<br><br>JOE ALBERT RAYGOSA,<br><br>       Third Party Defendant. | |

I am employed by the law firm of Rizzo Bosworth Eraut PC in Portland, Oregon. I am over the age of eighteen years and not a party to the subject cause. My business address is 1300 SW Sixth Avenue, Suite 330, Portland, OR 97201.

On the date below, I caused to be served on all parties in this action by transmitting a true copy thereof: **Plaintiff's Response to Defendants' 6/18/24 Motion to Compel**

<u>**VIA ECF**</u>

| | |
|---|---|
| **Jill Schneider**<br>**Nicholas S. Mancuso**<br>**Oregon Department of Justice**<br>**100 SW Market Street**<br>**Portland, OR 97201**<br>**Ph. 971-673-1880**<br>**Fax: 971-673-5000**<br>**Email: jill.schneider@doj.state.or.us**<br>**Email: nicholas.mancuso@doj.state.or.us**<br>*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services* | Lauren Blaesing<br>Harry B. Wilson<br>Alexandra Rhee<br>Markowitz Herbold PC<br>1455 SW Broadway<br>Ste. 1990<br>Portland, OR. 97201<br>Ph: 503-295-3085<br>Email: laurenblaesing@markowitzherbold.com<br>Email: harrywilson@markowitzherbold.com<br>Email: alexrhee@markowitzherbold.com<br>*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services* |

       Dated this 2nd day of July, 2024.

                     *s/ Cheridan Carr*
                     Cheridan Carr
                     Paralegal

1- Certificate of Service