**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Alexandra L. Rhee, OSB #230770**
AlexRhee@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085
*Special Assistant Attorneys General for State Defendants
and Third-Party Plaintiff*
*Additional Counsel of Record Listed on Signature Page*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI, | Case No. 6:22-cv-01813-MK |
| Plaintiff, | **STATE DEFENDANTS' MOTION TO COMPEL DEPOSITION OF ANNETTE SMITH** |
| v. | |
| KIM CHAPMAN, in her individual capacity; ANASTASIA TIBBETTS, in her individual capacity; KASSIDY O'BRIEN, in her individual capacity; ERIN LANE, in her individual capacity; THE OREGON DEPARTMENT OF HUMAN SERVICES, a government agency; and JANE and JOHN DOES 1-5; in their individual and/or official capacities, | ORAL ARGUMENT REQUESTED EXPEDITED CONSIDERATION REQUESTED |
| Defendants. | |
| OREGON DEPARTMENT OF HUMAN SERVICES, | |
| Third-Party Plaintiff, | |
| v. | |
| JOE ALBERT RAYGOSA, | |
| Third-Party Defendant. | |

**Page 1 –    STATE DEFENDANTS' MOTION TO COMPEL DEPOSITION OF ANNETTE SMITH**

**LOCAL RULE 7-1(a) CERTIFICATION**

Counsel for Kim Chapman, Anastasia Tibbetts, Kassidy O'Brien, Erin Lane, and the Oregon Department of Human Services ("ODHS") (collectively, "State Defendants") certifies that they conferred in good faith with counsel for Annette Smith by email and telephone on the issues raised in this motion, and the parties were unable to resolve their dispute.  Counsel for Ms. Smith does not oppose State Defendants' request for expedited consideration.

**MOTION**

Pursuant to Federal Rule of Civil Procedure 37(a)(1), State Defendants respectfully move the Court for an order compelling Annette Smith to be available for a deposition in this action. State Defendants' motion is supported by the Declaration of Lauren Blaesing and the exhibits attached thereto.

**MEMORANDUM**

**I.    Introduction.**

Juvenile dependency attorney Annette Smith is a fact witness in plaintiff's civil rights lawsuit.  She represented both J.C., the child whose claims are at issue in this case, and Z.C., whose claims are at issue in *Conley v. Chapman et. al.*, 6:23-cv-1353-MK, in their dependency proceedings in Lane County Juvenile Court during the time period at issue in the children's respective lawsuits.  She had interactions with ODHS representatives (including named defendants), made statements to the parties and the court in the juvenile proceedings, and received information from other parties to the dependency.  She made some of these statements in writing, which State Defendants produced in this case, and which they are entitled to depose her about.

The fact that Ms. Smith also had privileged communications with her clients, J.C. and Z.C., in her capacity as their juvenile dependency attorney does not make her communications

**Page 2 –    STATE DEFENDANTS' MOTION TO COMPEL DEPOSITION OF ANNETTE SMITH**

with third parties immune from discovery—particularly when they concern facts vital to litigating plaintiff's claims.

State Defendants served a deposition subpoena on Ms. Smith on June 14, 2024. (Decl. of Lauren F. Blaesing in Supp. of State Defs.' Mot. to Compel Dep. of Annette Smith ("Blaesing Decl.") Exs. 1-2.) Ms. Smith's counsel objected to the subpoena, asserting that the deposition sought privileged information. (Blaesing Decl. ¶ 3.) During conferral, counsel for State Defendants explained that Ms. Smith has knowledge of factual, non-privileged information relevant to the case. (*Id.*; Blaesing Decl. Ex. 4.) Counsel for State Defendants informed counsel for Ms. Smith that State Defendants did not intend to ask questions concerning privileged communications with Ms. Smith's clients and that State Defendants would be willing to consider Ms. Smith's suggestions on appropriately limiting the scope of Ms. Smith's testimony. (*Id.*) Counsel for Ms. Smith informed State Defendants that Ms. Smith would not agree to be deposed without a court order. (*Id.*)

For the reasons explained below, this Court should grant State Defendants' motion to compel Ms. Smith's deposition. Ms. Smith has knowledge of non-privileged, important factual information relevant to this case.

## II. Standard.

Rule 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). When a party fails to provide requested information discoverable under Rule 26(a)(1), Rule 37(a) allows the requesting party to "move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). The party opposing the motion "carries the heavy burden of showing why discovery should be denied." *Dence v. Wellpath, LLC*, No. 1:20-CV-00671-CL, 2022 WL 17261990, at *1 (D. Or. Nov. 29, 2022) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

**Page 3 –    STATE DEFENDANTS' MOTION TO COMPEL DEPOSITION OF ANNETTE SMITH**

When a party is seeking to depose a witness, "a strong showing is required before a party will be denied entirely the right to take a deposition." *Blankenship*, 519 F.2d at 429 (internal quotation omitted).

## III.    Argument.

State Defendants are entitled to take the deposition of Annette Smith because she is a witness to the events in question in this lawsuit and has knowledge of non-privileged, important factual information relevant to this case.

Plaintiff brings a § 1983 action against State Defendants alleging that State Defendants failed to investigate and stop abuse suffered by a foster child, J.C.  Ms. Smith was J.C.'s juvenile attorney and advocated for J.C.'s interest during the time the events at issue in this lawsuit took place.  In the juvenile court case, Ms. Smith advocated for J.C. to remain in the foster home when ODHS sought to move J.C. and her sibling to another foster home in light of safety concerns.  (*See* Blaesing Decl. Exs. 5 and 6 (Ms. Smith objected to J.C. and her sibling being moved, stating "I do not want the [] kids moved."); Ex. 7 (Ms. Smith requested an emergency hearing with the juvenile court later the same day).)[1]  Plaintiff alleges that State Defendants knew of and failed to disclose certain safety concerns regarding J.C. to parties such as the juvenile court and J.C.'s attorney, and instead "obfuscated notice and knowledge of concerns" in the foster home.  (Compl. ¶¶ 60-61.)

Ms. Smith's deposition testimony about what State Defendants informed her about safety concerns in J.C.'s foster home is relevant to plaintiff's claims and State Defendants' defense.

---

[1] On information and belief, State Defendants represent that the juvenile court record will show that Ms. Smith orally advocated during the emergency hearing for J.C. to remain in the home.  State Defendants cannot attach evidence to this effect because plaintiff has opposed State Defendants obtaining the juvenile court record, and the parties are awaiting a juvenile court ruling allowing it to be produced to State Defendants.

**Page 4 –    STATE DEFENDANTS' MOTION TO COMPEL DEPOSITION OF ANNETTE SMITH**

For example, to the extent that Ms. Smith testifies in a deposition that State Defendants informed her about safety concerns related to J.C. and Z.C. that form the basis for this lawsuit, a jury may conclude that State Defendants did not "obfuscat[e] notice and knowledge of concerns." (Compl. ¶¶ 60-61.)  Conversely, if plaintiff seeks to prove that State Defendants had knowledge of a particular safety risk, plaintiff must show the source of that knowledge.  If Ms. Smith testifies that she never told ODHS about any concerns she had over J.C.'s safety, including any concerns regarding Raygosa's abuse of J.C., that is evidence showing that Ms. Smith was not the source of State Defendants' alleged knowledge and supports State Defendants' argument that they had no knowledge of the abuse at all.  Establishing their lack of knowledge—or that State Defendants responded reasonably to any knowledge they had—is central to State Defendants' defense.

Conversations between Ms. Smith and State Defendants, the juvenile court, or other ODHS employees are not privileged for a number of reasons.  A communication is privileged:

> "(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived."

*United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (internal quotation omitted).  Here, Ms. Smith's communications with State Defendants, the juvenile court, or ODHS employees are not privileged because they were not made in confidence by the client.  Similarly, any communications between Ms. Smith and State Defendants, the juvenile court, or other ODHS employees were not made by Ms. Smith in confidence to her client in her capacity as a legal advisor.  Ms. Smith's claim of privilege does not cover the information State Defendants will

**Page 5 –    STATE DEFENDANTS' MOTION TO COMPEL DEPOSITION OF ANNETTE SMITH**

seek in Ms. Smith's deposition, and State Defendants are entitled to the information because it is highly relevant to their defense.

In sum, attorney-client privilege is not grounds for denying State Defendants discovery into non-privileged, relevant information. Although Ms. Smith has knowledge of privileged information, there are less drastic ways to protect privileged information than denying State Defendants discovery into non-privileged information altogether, and Ms. Smith cannot meet her burden to show that State Defendants are not entitled to discovery regarding her non-privileged information about J.C.'s case and the facts underlying this lawsuit. To the extent that State Defendants ask a question about privileged conversations between Ms. Smith and J.C., counsel for Ms. Smith may object and instruct Ms. Smith not to answer.

## CONCLUSION

For the reasons set forth above, this Court should grant State Defendants' motion to compel the deposition of Annette Smith.

DATED: July 3, 2024          ELLEN F. ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON


*s/ Lauren F. Blaesing*
Lauren F. Blaesing, OSB #113305
LaurenBlaesing@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Alexandra L. Rhee, OSB #230770
AlexRhee@MarkowitzHerbold.com
*Special Assistant Attorneys General for State Defendants and Third-Party Plaintiff*

**Page 6 –   STATE DEFENDANTS' MOTION TO COMPEL DEPOSITION OF ANNETTE SMITH**

Chad A. Naso, OSB # 150310
ChadNaso@MarkowitzHerbold.com
Hannah K. Hoffman, OSB #183641
HannahHoffman@MarkowitzHerbold.com
*Of Attorneys for State Defendants and Third-Party Plaintiff*

Jill Schneider, OSB #001619
Jill.Schneider@doj.state.or.us
Nicholas Mancuso, OSB #151262
Nicholas.Mancuso@doj.state.or.us
*Of Attorneys for State Defendants and Third-Party Plaintiff*

2164455.2

**Page 7 –    STATE DEFENDANTS' MOTION TO COMPEL DEPOSITION OF
ANNETTE SMITH**

**ATTORNEY CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 2024, I have made service of the foregoing **STATE DEFENDANTS' MOTION TO COMPEL DEPOSITION OF ANNETTE SMITH** on the parties listed below in the manner indicated:

David A. Jacobs
Luvaas Cobb
PO Box 10747
Eugene, OR  97440-2747
*Attorneys for Annette Smith*

☒  U.S. Mail (deposited in the mail Friday, July 5, 2024)
☐  Facsimile
☐  Hand Delivery
☐  Overnight Courier
☒  Email: djacobs@luvaascobb.com

DATED: July 3, 2024.

*s/ Lauren F. Blaesing*
Lauren F. Blaesing, OSB #113305
*Special Assistant Attorney General for State Defendants and Third-Party Plaintiff*

**Page 8 –    STATE DEFENDANTS' MOTION TO COMPEL DEPOSITION OF ANNETTE SMITH**