Mr. Steven Rizzo, OSB # 840853
Ms. Mary D. Skjelset, OSB  # 075840
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Ste. 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630
srizzo@rizzopc.com
mskjelest@rizzopc.com

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>                    Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al ,<br><br>                    Defendants. | CASE NO. 6:22-cv-01813-MK<br><br><br>PLAINTIFF'S          RESPONSE          TO DEFENDANTS' 6/25/2024 MOTION TO EXTEND CASE DEADLINES<br><br>*Oral argument requested* |
| OREGON DEPARTMENT OF HUMAN SERVICES,<br><br>          Third Party Plaintiff,<br><br>v.<br><br>JOE ALBERT RAYGOSA,<br><br>          Third Party Defendant. | |

**INTRODUCTION**

For the reasons discussed below, the Court should deny the defendants' Motion to Extend

Case Deadlines as described in their June 25, 2024 motion, but permit specific, stipulated

1 – PLAINTIFF'S RESPONSE TO DEFENDANTS'
   6/25/2024 MOTION TO EXTEND CASE DEADLINES



discovery to extend beyond the current discovery deadline and otherwise adjust the case scheduling order as described herein. This Response is supported by Federal Rule of Civil Procedure 16(b) and Local Rule 16-3, the accompanying Declaration of Counsel, the papers and pleadings on file with the Court and the following points and authorities.

## BACKGROUND

Much of the relevant background, which the state defendants largely omit from their Motion, was summarized in Plaintiff's July 1, 2024 Letter to the Court in anticipation of the July 2 status conference. (*See* Decl., Ex. 1). Additional background follows:

*Case History and Schedule*

To summarize, Plaintiff Levi filed this civil rights action on November 18, 2022. (ECF 1). Plaintiff required the intervention of the Court to facilitate a response to his First Request for Production ("Levi First RFP") served on March 3, 2023, and did so by letter in accord with the terms of the Court's initial Case Management Order ("CMO"). *See* Plf. Levi June 9 and 16, 2023 Letters. After significant briefing, the Court held a lengthy status conference on September 8, 2023, to resolve any outstanding discovery disputes, including the Defendants' Motion for Reconsideration of Plaintiff Levi's request to inspect specific OR-Kids files. (ECF 68-75). With input from all parties the Court set a firm fact discovery deadline of July 12, 2024.

> THE COURT: All right. The deadline is set for July 12th, with the understanding that I'm going to be very reluctant to move that date out again. So do everything you can to coordinate and organize schedules to complete all discovery by then.

(Decl., Ex. 2 at 5). Defendants had requested a fact discovery deadline in March (firm date unspecified), and bemoaned the Court's decision: "MS. BLAESING: Your Honor, that's pushing things out almost a year from where we are now." (*Id*. at 3). Despite delays in the OR-Kids inspection process, the defendants appeared confident that "other discovery can continue to happen in parallel," but "July just seems very far out from where we are right now." (*Id*. at 3).

*Defendants' Withdrawn First RFP and Objections*

2 – PLAINTIFF'S RESPONSE TO DEFENDANTS'
    6/25/2024 MOTION TO EXTEND CASE DEADLINES



The Court also addressed, among other issues, the defendants' motion to compel documents responsive to their First RFP ("Defs First RFP"), which sought all records obtained by the conservator in response to subpoenas issued from the probate court in Lane County during the investigation of potential claims. After hearing argument on the expense and delay created by the DOJ Trial Division's vigorous opposition to the conservator's subpoena to Lane County Juvenile Court ("LCJC"), and noting the privileges endowed by Oregon juvenile law, the Court ordered the defendants to confer on cost-sharing and the extent of waiver of the child's privilege to the LCJC records, which the defendants' contended was absolute. (ECF 92 ¶¶ 15-18).

Rather than obey the Order, the defendants simply "withdrew" Defs First RFP – as it pertained not only to LCJC records, but also to those received from KidsFirst and (inexplicably) their own client, ODHS. Then, the Defendants used their post-hoc withdrawal to claim that conferral on costs was "impossible," and filed Objections to the October 30, 2023 Discovery Order on November 13, 2023. (ECF 94-95). Since that time, the Defendants have experimented with various avenues and fora to obtain the documents responsive to the withdrawn Defs First RFP. Most notably, the defendants filed a Motion to Inspect the LCJC records at issue on January 30, 2024, with the briefing concluding on March 18, 2024. A lengthy hearing was held in front of Judge Love of the LCJC on March 24, 2024. During the hearing, Judge Love – ironically – required that parties confer on their various positions, which the defendants' obliged rather than objecting to it as "impossible." On June 25, 2024, Judge Love wrote to parties that she intends to grant the defendants' motion in part. Plaintiff Conley and Levi are seeking clarity on the scope of the LCJC's ruling. (*See* Decl., Ex. 3).

In the interim, Plaintiff Levi has asserted privileged over the documents contained in the LCJC materials, pending ruling from Judge Love, a fact that the Defendants did not convey in their briefing relating to any of their motions, including this Motion for to Extend Case Deadlines. These documents represent the "dozens of pages of notes from the therapist" that the Defendants have accused Plaintiff Levi of somehow improperly "withholding." (*See* Blaesing Decl., ECF 143 ¶ 5).



In reality, Plaintiff Levi has produced nearly 1500 pages of documents subpoenaed from third parties: JP Morgan Chase (7/7/2023, 8/25/2023), Valley Children's Hospital (7/7/2023), Fresno County Child Welfare (8/25/2023), Fresno County Sheriff's Office (12/13/2023). Plaintiff has also produced nearly 5000 pages of documents responsive to the defendants' multiple Requests for Production, including nearly 700 pages of therapy records from "the therapist," i.e., Center for Family Development ("CFD"). (Decl., Ex. 4).

*Status of Depositions*

Plaintiff Levi began asking for deposition dates for key state witnesses on January 5, 2024. (*See* Decl., Ex. 1 at 4-5). However, the state defendants demanded that Plaintiff Levi defer depositions pending the outcome of the Judicial Settlement Conference ("JSC"), which occurred on March 6, 2024. (ECF 133.). When the March 6 JSC did not resolve the case, Plaintiff Levi began to immediately request additional dates. In doing so, Plaintiff Levi has honored the defendants' request to coordinate with Plaintiff Conley in the related matter. Thus far, Plaintiffs Levi and Conley have coordinated the depositions of twelve (12) witnesses, postponed two depositions (Stephen Hammond, LAR Caseworker, and Traci Stockman, LAR Supervisor) and have cancelled by stipulation several others, whom the defendants agree they will not call to testify at trial. Therefore, the only depositions remaining for Plaintiff Levi are Mr. Hammond and Ms. Stockman, and the completion of the deposition of Defendant O'Brien.[1]

Despite their stated concerns at the September 8, 2023 status conference that a July 12, 2024 discovery cutoff would be "pushing things out almost a year," the state defendants waited to begin scheduling depositions until June 7, 2024, and sought dates that overlapped with Plaintiffs' previously scheduled depositions. (Decl., Ex. 1 at 4-5). Now, they seek a 35-day extension of fact discovery and expert disclosure deadlines without any limitation on the discovery that may be had

---

[1] Plaintiff Conley, who filed a related matter on November 8, 2023 nearly a year after Plaintiff Levi, has some additional discovery to complete: the depositions of the named defendants Chapman, O'Brien, Tibbetts (nka Brooks), Ramirez (Conley defendant) and one additional witness: Loboy.


RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

– or served – in the extended period. The defendants have even expressed their intent to "issue one more limited RFP to Levi prior to July 12," and they would also support "a stipulation that all parties may serve written discovery related to documents learned about in depositions within 7 days of the deposition." (*Id.* at 8).

Plaintiff Levi agrees only to the following depositions proposed by state defendants: Therapist April Clark (rescheduled - TBD), Lene Ferrari (set for July 12), Mother/R.C. (set for July 11) and (potentially) Ethan Levi (postponed at request of defendants - TBD). The remainder of the Defendants' requested depositions are untimely and unnecessary.

## ARGUMENT

In their Motion, defendants cite to Fed. R. Civ. P. 6(b) as grounds for moving the court for an order extending the pre-trial case deadlines "by approximately one month." However, the proper rule in this context, where a longstanding scheduling order was set by a Court, is Fed. R. Civ. P. 16(b)(4). And the standard examines primarily the movant's diligence:

> In requesting a modification of the discovery schedule set forth in a Rule 16(b) scheduling order, a party must make a showing of 'good cause.' Fed. R. Civ. P. 16(b)(4). As we have explained, '[t]he good cause standard of Rule 16(b) 'primarily considers the diligence of the party seeking' the modification, and '[i]f that party was not diligent, the inquiry should end.

*Est. of Hernandez v. City of L.A.*, 96 F.4th 1209, 1222 (9th Cir. 2024) (simplified) citing *Branch Banking & Tr. Co.*, *v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017). Yet the defendants prefer to blame their failure to timely depose a single witness on Plaintiff, whom they characterize as "work[ing] hard to stymy State Defendants' discovery at every turn." (ECF 142 at 3).

As with this and with other omissions of fact – e.g., their Motion to Inspect in LCJC – the Defendants omit mention of their resistance and the delay caused by responding to Plaintiff's initial discovery requests using overbroad and unsupported privilege and work product assertions, their motion to reconsider a simple order to inspect, their clients' destruction of all relevant text messages, their choice to withdraw Defs' First RFP rather than even confer on cost sharing or


RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

privilege, their need to inject language into the Court's October 30 Order so that they could then formally object to language as "impossible," and their tactic of filing of the Objections in the first place considering their prior consent to Magistrate jurisdiction, their demand to delay Plaintiff's depositions pending settlement discussions, and their insistence that every discovery issue be fully briefed rather than resolved informally in accord with the court's order. The defendants accept no responsibility for their failure to schedule a single deposition before the close of discovery. The situation in which the defendants find themselves flows directly from their litigation choices and waste of time. They have failed to make a showing of diligence or "good cause," particularly where they announced whom they intended to depose on March 28 but made no effort toward that end until shortly before the close of discovery.

Notwithstanding the defendants' conduct, Plaintiff Levi agrees to the following adjustment to the scheduling order to accommodate the parties' completion of currently noticed depositions:

**Plaintiff Levi's Proposed Scheduling Order Deadlines**

| Event | Current Deadline | Proposed Deadline | Number of Days |
|---|---|---|---|
| Depositions of Hammond, Stockman, O'Brien (cnt'd), Clark, Ferrari, Mother/R.C., and Levi | 7/12/2024 | 8/9/2024 | 28 Days |
| Expert Disclosures | 8/9/2024 | 9/6/2024 | 28 Days |
| Expert rebuttal reports | 9/6/2024 | 9/20/2024 | 14 Days |
| Expert discovery completed | 10/4/2024 | 10/18/2024 | 14 Days |
| Dispositive motions | 11/8/2024 | 11/15/2024 | 7 Days |

Plaintiff Levi also seeks a firm trial date in early 2025, and a briefing schedule on a spoliation motion relating to text messages, based on testimony obtained in recent depositions.

## CONCLUSION

Plaintiff Levi respectfully requests that the Court deny the defendants' extension as

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

requested based on a failure to show good cause, adjust the case management order in accord with Plaintiff Levi's proposal and set a trial date.

Dated: July 9, 2024.

RIZZO BOSWORTH ERAUT PC

By: s/*Mary Skjelset*
Steven Rizzo OSB No. 840853 (he/him/his)
Mary D. Skjelset OSB No. 075840 (she/her/hers)
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Suite 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630

ATTORNEYS FOR PLAINTIFF

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>   Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al ,<br><br>   Defendants. | CASE NO. 6:22-cv-01813-MK<br><br><br>**CERTIFICATE OF SERVICE** |
| OREGON DEPARTMENT OF<br>HUMAN SERVICES,<br><br>   Third Party Plaintiff,<br><br>v.<br><br>JOE ALBERT RAYGOSA,<br><br>   Third Party Defendant. | |

I am employed by the law firm of Rizzo Bosworth Eraut PC in Portland, Oregon.  I am over the age of eighteen years and not a party to the subject cause.  My business address is 1300 SW Sixth Avenue, Suite 330, Portland, OR 97201.

On the date below, I caused to be served on all parties in this action by transmitting a true copy thereof**: Plaintiff's Response to Defendants' 6/25/2024 Motion to Extend Case Deadlines**

**VIA ECF**

| |
|---|
| **Jill Schneider**<br>**Nicholas S. Mancuso**<br>**Oregon Department of Justice**<br>**100 SW Market Street**<br>**Portland, OR 97201**<br>**Ph. 971-673-1880**<br>**Fax: 971-673-5000**<br>**Email: jill.schneider@doj.state.or.us**<br>**Email: nicholas.mancuso@doj.state.or.us**<br>*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman,*<br>*and Oregon Department of Human Services* |

Lauren Blaesing
Harry B. Wilson
Alexandra Rhee
Hannah Hoffman
Chad Naso
Markowitz Herbold PC
1455 SW Broadway
Ste. 1990
Portland, OR. 97201
Ph: 503-295-3085
Email: laurenblaesing@markowitzherbold.com
Email: harrywilson@markowitzherbold.com
Email: alexrhee@markowitzherbold.com
Email: hannahhoffman@markowitzherbold.com
Email: chadnaso@markowitzherbold.com
*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services*

Dated this 9th    day of July, 2024.

         *s/ Cheridan Carr*
         Cheridan Carr, Paralegal

1- Certificate of Service