UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

ETHAN LEVI,

                                    Plaintiff,

          v.

KIM CHAPMAN, in her individual capacity;
ANASTASIA TIBBETTS, in her individual
capacity; KASSIDY O'BRIEN, in her individual
capacity; ERIN LANE, in her individual
capacity; THE OREGON DEPARTMENT OF
HUMAN SERVICES, a government agency;
and JANE and JOHN DOES 1-5; in their
individual and/or official capacities,

                                    Defendants.

OREGON DEPARTMENT OF HUMAN
SERVICES,

                                    Third-Party Plaintiff,

          v.

JOE ALBERT RAYGOSA,

                                    Third-Party Defendant.

Case No. 6:22-cv-01813-MK

**SUPPLEMENTAL PROTECTIVE
                                    ORDER**

**SUPPLEMENTAL PROTECTIVE ORDER**

One or more of the parties has subpoenaed documents and information from Kids FIRST

Center ("Kids FIRST") in Eugene, Oregon, which at least one party considers to be or to contain

**Page 1 –    SUPPLEMENTAL PROTECTIVE ORDER**

confidential and sensitive information, and which are subject to protection under ORS 418.794; 418.795, Federal Rule of Civil Procedure 26(c), and the Health Insurance Portability and Accountability Act ("HIPAA").

The Court finds that good cause exists to protect the confidential nature of the information contained in the documents and information requested from Kids FIRST. This action concerns allegations of injuries arising in connection with programs and services of the Oregon Department of Human Services ("ODHS"), specifically including Child Welfare programs, and which were documented through Kids FIRST. State Defendants and Kids FIRST expect to exchange documents and information protected from disclosure by state and federal law, including but not limited to sensitive personal information concerning the medical, mental, and behavioral health of J.C.[1].

The entry of a Supplemental Protective Order is warranted to protect against disclosure of such documents and information. Based upon the above, and the Court being duly advised,

IT IS HEREBY ORDERED, as follows:

1.      This Order applies only to documents produced by non-party Kids FIRST. All documents, testimony, and other materials produced by Kids FIRST in this case must be labeled "Highly Confidential," as defined and described in the Amended Protective Order. (Dkt. 91.)

2.      Except where it conflicts with the terms of this Supplemental Protective Order, the terms of the Amended Protective Order apply to documents, testimony, and other materials produced by Kids FIRST. Where the terms of the Orders conflict, this Supplemental Protective Order governs the terms of use for documents, testimony, and other materials produced by Kids FIRST in this litigation.

---

[1] Plaintiff is a conservator appointed to represent J.C. in this matter.

**Page 2 –    SUPPLEMENTAL PROTECTIVE ORDER**

3.       All documents, testimony, and other materials produced by Kids FIRST shall be used only in the above-captioned proceeding and any subsequent appeals following entry of judgment in this matter.

4.       Within 60 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Supplemental Protective Order to receive documents, testimony, and other materials produced by Kids FIRST shall destroy all such documents, testimony, materials, and/or video recordings.

5.       The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Supplemental Protective Order.


DATED: July 16, 2024


s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge


2058964.6


**Page 3 –    SUPPLEMENTAL PROTECTIVE ORDER**