IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**ETHAN LEVI,**

       Plaintiff,

v.

**KIM CHAPMAN, et al.**

       Defendants.

And

OREGON DEPARTMENT OF
HUMAN SERVICES, et al.

       Third-Party Plaintiffs,

v.

JOE ALBERT RAYGOSA,

       Third-Party Defendant.

No. 6:22-cv-01813-MK

**ORDER**

AIKEN, District Judge.

This case comes before the Court on State Defendants' Objections, ECF No. 94, to Magistrate Judge Mustafa Kasubhai's Order, ECF No. 92. Plaintiff has filed a Response to State Defendants' Objections. ECF No. 103. In relevant part, Judge Kasubhai ordered:

> In connection with defendants' First Request for Production, the parties shall confer regarding: (i) a cost sharing arrangement whereby defendants compensate the Conservator for the efforts spent in

>       obtaining the documents; and (ii) whether the filing of this action
>       constitutes a waiver of J.C.'s juvenile law privilege. In the event the
>       parties cannot reach agreement, they shall return to the Court to seek
>       guidance.

Order, ¶ 18.

In accordance with Federal Rule of Civil Procedure 72(a), "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judgment must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." Fed. R. Civ. P. 72(a). The standard for review for a non-dispositive order with objections is "clearly erroneous" or "contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A) (applying the "clearly erroneous or contrary to law" standard of review for non-dispositive motions). If a ruling on a motion is not determinative of a party's claim or defense, it is not dispositive and, therefore, is not subject to *de novo* review as are proposed findings and recommendations for dispositive motions under 28 U.S.C. § 636(b)(1)(B).

State Defendants assert that (1) they have withdrawn Request No. 1 of their First Request for Production which renders Plaintiff's objections to that request moot, as Judge Kasubhai noted at Order ¶ 15; and (2) that the Court lacks the authority to order cost sharing because the costs in question arose in collateral litigation before an Oregon state court. State Defendants assert that the Order is "vague, contradictory, and impossible to comply with." State Def. Mot. 6. The Court concludes that these objections are premature—Judge Kasubhai did not order cost sharing, but instead ordered the parties to confer and, if no agreement could be reached, to seek guidance from the Court. It was not "clearly erroneous" or "contrary

to law" for Judge Kasubhai to order the parties to confer on an issue that is plainly disputed, nor is it impossible for the parties to comply with such a direction. The question of whether an actual award of costs would be clearly erroneous or contrary to law is not before the Court, as no such award has been made.

The Court has considered State Defendants' Objections and the supporting materials and concludes that they do not provide a basis to modify Judge Kasubhai's Order. State Defendants' request for modification of Judge Kasubhai's discovery Order is DENIED.

It is so ORDERED and DATED this 16th day of July 2024.

                                                /s/Ann Aiken
                                          ANN AIKEN
                                          United States District Judge