**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Alexandra L. Rhee, OSB #230770**
AlexRhee@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085
*Special Assistant Attorneys General for State Defendants*
*and Third-Party Plaintiff*
*Additional Counsel of Record Listed on Signature Page*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

|  |  |
|---|---|
| ETHAN LEVI, | Case No. 6:22-cv-01813-MK |
| Plaintiff, | **STATE DEFENDANTS' STATUS REPORT RE OUTSTANDING DISCOVERY** |
| v. | |
| KIM CHAPMAN, in her individual capacity; ANASTASIA TIBBETTS, in her individual capacity; KASSIDY O'BRIEN, in her individual capacity; ERIN LANE, in her individual capacity; THE OREGON DEPARTMENT OF HUMAN SERVICES, a government agency; and JANE and JOHN DOES 1-5; in their individual and/or official capacities, | |
| Defendants. | |
| OREGON DEPARTMENT OF HUMAN SERVICES, | |
| Third-Party Plaintiff, | |
| v. | |
| JOE ALBERT RAYGOSA, | |
| Third-Party Defendant. | |

**Page 1 –    STATE DEFENDANTS' STATUS REPORT RE OUTSTANDING
            DISCOVERY**

Per the Court's Order dated July 12, 2024, (ECF 157), Defendants Kim Chapman, Anastasia Tibbetts, Kassidy O'Brien, Erin Lane, and the Oregon Department of Human Services ("ODHS") (collectively, "State Defendants") submit the following status report detailing their positions on outstanding discovery in the above-captioned matter and in *Conley v. Chapman et al.*, 6:23-cv-01353-MK (D. Or.). This report addresses *Levi* and *Conley* plaintiffs' outstanding discovery first, in that order, and then addresses State Defendants' discovery as to both cases and the *Levi* and *Conley* cases individually. Prior to filing this report, State Defendants provided a draft copy for review to plaintiffs in both cases. Both plaintiffs provided comments and suggested edits. State Defendants have made some changes based on plaintiffs' responses and edits, and declined to make others. State Defendants include as exhibits both plaintiffs' redline edits and comments. This report is submitted solely by State Defendants.

A schedule of the dates discussed in this status report is attached as Exhibit 3.

## I.    *Levi* **plaintiff's outstanding discovery**

**A.    Deposition of Traci Stockman**: Ms. Stockman's deposition has been noticed for August 15, 2024.

**B.    Deposition of Stephen Hammond**: Mr. Hammond's deposition is set for August 2, 2024, in Eugene.

**C.    Continued deposition of Kassidy ("Kat") O'Brien**: Ms. O'Brien has already been deposed for two days. On June 10, 2024, *Levi* plaintiff deposed her, and on June 11, 2024, *Conley* plaintiff deposed her. During Ms. O'Brien's deposition on June 10, 2024, the videographer miscalculated the time on the record, and *Levi* counsel's time with Ms. O'Brien ended 30 minutes early. State Defendants and *Levi* plaintiff have agreed that Ms. O'Brien will sit for an additional 30 minutes of deposition via Zoom, which they have also agreed should occur after resolution of *Conley* plaintiff's motion to compel (see below). *Levi* plaintiff also

**Page 2 –     STATE DEFENDANTS' STATUS REPORT RE OUTSTANDING
               DISCOVERY**

"reserves the right to coordinate with Plaintiff Conley on any additional time provided pursuant to the *Conley* motion, particularly as they relate to the Hammond-O'Brien drafts and emails and the search of her 'real phone.'"

State Defendants agree that *Levi* plaintiff is entitled to 30 additional minutes to depose Ms. O'Brien and have agreed to it taking place via Zoom to minimize disruption for the witness's work schedule. State Defendants oppose *Conley* plaintiff's motion to compel (addressed below) and do not agree that the either *Levi* or *Conley* plaintiff is entitled to any additional time beyond *Levi* plaintiff's additional 30 minutes.

   **D.**  **Deposition of DOJ attorney Patricia ("Tricia") Gonzalez**: *Levi* plaintiff has agreed not to depose Ms. Gonzalez in exchange for an agreement that State Defendants will not call her as a witness at trial. *Levi* plaintiff has reserved the right to depose Ms. Gonzalez if the Lane County Juvenile Court grants State Defendants' motion to inspect the juvenile court file regarding any documents that make Ms. Gonzalez's deposition necessary. *Levi* plaintiff indicates that he "intends to exercise that right only if State Defendants succeed in their motion to compel the deposition of J.C.'s juvenile dependency attorney, Ms. Annette Smith."

State Defendants have committed to not calling Ms. Gonzalez at trial. State Defendants do not believe that Ms. Gonzalez has any non-privileged information relevant to this case that *Levi* plaintiff cannot obtain elsewhere and will oppose *Levi* plaintiff's request to depose her.

   **E.**  **Spoliation Motion.** *Levi* plaintiff indicates they will file a motion for spoliation related to text messages at the close of discovery.

**II.** *Conley* **plaintiff's outstanding discovery**

*Conley* plaintiff has noticed two depositions in addition to the *Levi* plaintiff's, and she is seeking continued depositions outside of the seven hours permitted under FRCP 30 for two

witnesses who have already been deposed—Kat O'Brien and Anastasia Brooks.  The parties' scheduling and scope disputes are discussed below.

*Conley* plaintiff has filed one outstanding motion and has served one written request for discovery for which State Defendants have their response upcoming in the next 30 days, as well as one on which State Defendants are still making a production.

A.    **Deposition of Stacey Loboy**:  Ms. Loboy's deposition is set for August 12, 2024.

State Defendants have collected Ms. Loboy's emails and will be reviewing and producing any non-privileged, relevant emails in advance of the deposition, which is currently scheduled for the last day of discovery.  Ms. Loboy had tangential involvement in the facts underlying this case, and State Defendants have already produced more than 300 documents on which she is included or copied, more than half of which are emails.  If there are any additional relevant emails to be produced, they will likely be minimal.

B.    **Deposition of Margaret Ramirez**:  Ms. Ramirez's deposition is set for August 7, 2024.

C.    **Continued deposition of Kim Chapman**:  The parties have agreed that Ms. Chapman will sit for a second day of deposition for *Conley* plaintiff to depose her.  The parties have agreed on August 1, 2024, for her second day of deposition.

D.    **Continued deposition of Kat O'Brien**:  *Conley* plaintiff took Ms. O'Brien's deposition on June 11, 2024, and was present during *Levi* plaintiff's deposition of Ms. O'Brien on June 10. 2024.  *Conley* plaintiff's counsel ended the June 11, 2024, deposition 20 minutes early because she did not think she could complete the deposition in seven hours.  *Conley* plaintiff has now moved to compel an undefined amount of additional time to depose Ms. O'Brien on the basis that (1) State Defendants must produce additional documents related to Ms.

Page 4 –    **STATE DEFENDANTS' STATUS REPORT RE OUTSTANDING**
**DISCOVERY**

O'Brien and (2) Ms. O'Brien is mentioned in so many documents that it was impossible for *Conley* plaintiff's counsel to depose her in just seven hours. (Pl.'s Mot. to Compel, ECF 60.)

State Defendants disagree that *Conley* plaintiff is entitled to more time with Ms. O'Brien and will file a response brief on July 26, 2024. *Levi* and *Conley* plaintiffs have agreed to share depositions and are attending each other's depositions. Between them, Ms. O'Brien has already been deposed for more than 13 hours on the record. She will sit for 30 minutes more with *Levi* plaintiff. Even for a significant witness, this is more than enough time for two experienced attorneys to complete a deposition. *Conley* plaintiff's questioning of Ms. O'Brien was duplicative and covered much of the same ground *Levi* plaintiff covered on June 10, 2024. *Conley* plaintiff had prepared Ms. O'Brien's case notes as an exhibit but did not use them; counsel's failure to do so is a product of counsel's deposition strategy, not the fault of State Defendants, and Ms. O'Brien should not be subject to another deposition, and disruption to her work and personal schedule, as a result.

**E.**    **Continued deposition of Anastasia Brooks**: Ms. Brooks was already deposed on June 21, 2024, by counsel for both *Levi* and *Conley* plaintiffs. *Conley* plaintiff has moved to compel her to sit for more time, on the basis that *Levi* plaintiff deposed her for more than six hours, and *Conley* plaintiff had only 40 minutes of questioning. (Pl.'s Mot. to Compel, ECF 60.)

The parties disagree how much time *Conley* plaintiff should have to continue deposing Ms. Brooks. State Defendants have offered two additional hours of deposition. *Conley* plaintiff seeks a full day.

**F.**    ***Conley* plaintiff's Motion to Compel**: *Conley* plaintiff filed a motion to compel (1) the production of Ms. O'Brien's personal cell phone, (2) more deposition time for Ms. O'Brien, and (3) more deposition time for Ms. Brooks. (Pl.'s Mot. to Compel, ECF 60.)

**Page 5 –    STATE DEFENDANTS' STATUS REPORT RE OUTSTANDING
              DISCOVERY**

State Defendants oppose the motion and will file their response on July 26, 2024.

**G.**     *Conley* **plaintiff's Second Request for Production**: *Conley* plaintiff's Second Request for Production sought the Spicer-McCool certification file, emails related to defendant Margaret Ramirez, and emails related to Stacey Loboy.  State Defendants have produced the Spicer-McCool file (hard copy and electronic OR-Kids copy) and  the Ramirez emails.  State Defendants have collected and are now searching and reviewing the Loboy emails because the parties did not reach agreement on this issue until July 12, 2024.  Once produced, Ms. Loboy's deposition should go forward as scheduled.

**H.**     *Conley* **plaintiff's Third Request for Production**:  *Conley* plaintiff issued a Third Request for Production on July 12, 2024.  It requests Ms. O'Brien's account number for SpeakWrite dictation service and related documents from SpeakWrite, CPS case notes related to the Spicer-McCool home, certification documents related to the Spicer-McCool home, text messages from the ODHS-issued and personal cell phones of all individual defendants, and an inspection of the Child Welfare central office and District 5 shared drives.

State Defendants' response is due August 12, 2024.  At this time, State Defendants do not anticipate producing any additional documents in response to this request for production, as they have either been produced already or are not discoverable.

**I.**     *Conley* **plaintiff's subpoenas *duces tecum* to Verizon, Google, and Yahoo**:  *Conley* plaintiff has issued subpoenas to Verizon for Ms. O'Brien's personal cell phone records with respect to 52 distinct phone numbers and to Google and Yahoo for header information on all personal emails going back to 2016.  *Conley* plaintiff requested documents to be produced on July 12, 2024.  So far, to State Defendants' knowledge, no records have been produced.

**Page 6 –     STATE DEFENDANTS' STATUS REPORT RE OUTSTANDING
                        DISCOVERY**

State Defendants filed a Motion for Protective Order and Motion to Quash on July 12, 2024, with respect to all three subpoenas.  (Defs.' Mot. for Protective Order, ECF 58.)  State Defendants also sent letters with their objections to Verizon, Google, and Yahoo on July 12, 2024.  State Defendants' position is that *Conley* plaintiff's subpoenas are overbroad and seek irrelevant, undiscoverable information that constitutes an unnecessary and baseless invasion of Ms. O'Brien's privacy.

### III.    State Defendants' outstanding discovery - to be completed in both matters

State Defendants have six depositions outstanding across both cases and have served one request for which there are written responses due in the next 30 days.  In addition, State Defendants are waiting on the responses the Court ordered in its minute order of July 12, 2024, and are likely to file an additional motion to compel in *Conley*.

**A.    Deposition of provider April Clark**:  Ms. Clark's deposition has been set for August 8, 2024.

**B.    Deposition of provider Erik Sorenson**:  Dr. Sorenson's deposition has been set for July 31, 2024.

**C.    Deposition of former CASA Dale Gilad**:  Ms. Gilad's deposition has been set for August 14, 2024.

**D.    Deposition of former ODHS employee Lene Ferrari**:  State Defendants issued a subpoena and noticed Ms. Ferrari's deposition for July 12, 2024.  Shortly before the deposition, Ms. Ferrari obtained counsel, who requested that State Defendants produce certain documents to Ms. Ferrari and reschedule the deposition to July 17 or 18, 2024.  State Defendants agreed to move the deposition and agreed to allow Ms. Ferrari to inspect relevant documents but explained that her attorney could not view confidential documents in advance of the deposition because she is not authorized to under the terms of the Amended Protective Order in this case.  Ms. Ferrari's

**Page 7 –    STATE DEFENDANTS' STATUS REPORT RE OUTSTANDING DISCOVERY**

counsel declined this offer and said she will not make Ms. Ferrari available for a deposition without being allowed to review documents first.  State Defendants intend to file a motion to compel Ms. Ferrari's deposition.

*Levi* plaintiff contends: "Ms. Ferrari's counsel's request to review documents with her client in advance of the deposition is proper and appropriate. Plaintiff Levi recommended that parties stipulate to an amendment to the operative protective order that would allow this to occur promptly, which State Defendants refuse apparently in favor of a motion to compel."

 **E.** **Deposition of Annette Smith**:  State Defendants intend to depose Annette Smith, the juvenile dependency attorney for J.C. and Z.C.  Ms. Smith has retained counsel who has opposed her deposition to the extent it seeks privileged information and refused to allow Ms. Smith to be deposed absent a court order.  State Defendants filed a motion to compel Ms. Smith's testimony on July 3, 2024.  (Defs.' Mot. to Compel Dep. of Annette Smith, ECF 150.) Ms. Smith's attorney indicates he will file a response by July 26, 2024.

 *Levi* plaintiff states that he "does not understand how State Defendants can take the position that AAG Gonzalez does not have 'any non-privileged information relevant to this case that *Levi* plaintiff cannot obtain elsewhere and will oppose *Levi* plaintiff's request to depose her,' while simultaneously insisting on deposing Ms. Smith. In the interest of efficiency, Plaintiff Levi has suggested that neither deposition occur."

**IV.** **State Defendants' outstanding discovery – *Levi v. Chapman et al.***

 **A.** **Deposition of Ethan Levi**:  Mr. Levi's deposition has been set for July 25, 2024. *Levi* plaintiff contends that Mr. Levi is not a percipient witness and that much of his potential testimony will be work-product or privileged.  State Defendants disagree.

 **B.** **State Defendants' Fourth Request for Production**:  State Defendants' Fourth Request for Production sought documents related to *Levi* plaintiff's conservatorship.  *Levi*

 **Page 8 –** **STATE DEFENDANTS' STATUS REPORT RE OUTSTANDING DISCOVERY**

plaintiff has refused to produce them on the basis that they are privileged.  State Defendants disagree, have been conferring with *Levi* plaintiff, and intend to move to compel the documents.

*Levi* plaintiff states: "State Defendants have indicated that they have or can obtain all non-privileged documents in Plaintiff *Levi's* possession that are not otherwise sealed by a separate court."

**C.     State Defendants' Fifth Request for Production**:  State Defendants issued their Fifth Request for Production on July 11, 2024.  It seeks all documents related to this matter *Levi* plaintiff obtained through any public records request or other non-subpoena request for documents made to a third party.

*Levi* plaintiff's response is due on August 12, 2024.  *Levi* plaintiff states that "Any response is premature."

**D.     State Defendants' Third Request for Production**:  The Court's July 12, 2024, Order (ECF 157) granted State Defendants' motion to compel documents.  The parties conferred on July 19, 2024, regarding the production.  *Levi* plaintiff stated that he "will produce additional responsive documents pursuant to the Order starting July 19."  Based on the conferral, State Defendants expect additional motion practice will be necessary.

**E.     Amended Responses to State Defendants' Interrogatories**:  The Court's July 12, 2024, Order also granted State Defendants' motion to compel responses to Interrogatory No. 2.  State Defendants may request clarification from the Court during the August 6, 2024, status conference, as it is not clear why the Order was limited to Interrogatory No. 2 when many of *Levi* plaintiff's responses suffer the same deficiencies.  Regardless, *Levi* plaintiff must provide a response to Interrogatory No. 2.

*Levi* plaintiff states that he will serve the amended response on July 24, 2024.

**Page 9 –     STATE DEFENDANTS' STATUS REPORT RE OUTSTANDING
                     DISCOVERY**

**F.        Plaintiff's production of privilege log documents**:  The Court's July 12, 2024, Order also granted State Defendants' motion to compel production of the documents included in *Levi* plaintiff's privilege log, which were withheld on the basis that they were privileged under ORS 419A.255.

 *Levi* plaintiff states that "Most if not all of these documents were already in the possession of the State Defendants. However, out of an abundance of caution, Plaintiff Levi will reproduce these document starting July 19."

**V.        State Defendants' outstanding discovery – *Conley v. Chapman et al.***

**A.        State Defendants' First Request for Production**:  State Defendants' First Request for Production made 29 requests for documents.  *Conley* plaintiff has produced just 25 pages of documents in response to two requests and provided a privilege log containing just three documents.  State Defendants intend to confer with *Conley* plaintiff on this deficient production and privilege log, and they will file a motion to compel if the parties cannot reach agreement.

*Conley* plaintiff has informed us: *Conley* plaintiff has produced all non-privileged, responsive documents in her possession at this time.  She has been working diligently with medical providers to get Z.C.'s records and will produce responsive records once she has them.

**B.        State Defendants' Interrogatories**:  The parties have conferred regarding *Conley* plaintiff's response to Interrogatory No. 8, which asked *Conley* plaintiff to identify all medical providers who have treated Z.C.  *Conley* plaintiff's provided list is incomplete and inaccurate, and *Conley* plaintiff has agreed to supplement the response.

*Conley* plaintiff has informed us: *Conley* plaintiff will supplement her response by July 26, 2024.

**C.        State Defendants' subpoena objections and Motion to Quash**:  As explained above, State Defendants filed a Motion for Protective Order and Motion to Quash (ECF 58) on

**Page 10 –    STATE DEFENDANTS' STATUS REPORT RE OUTSTANDING DISCOVERY**

July 12, 2024, with respect to all three subpoenas *Conley* plaintiff has issued to Verizon, Google, and Yahoo.  Their position is that *Conley* plaintiff's subpoenas are overbroad and seek irrelevant, undiscoverable information that constitutes an unnecessary and baseless invasion of Ms. O'Brien's privacy.

 *Conley* plaintiff maintains that the subpoenas are proper and will oppose State Defendants' motions.  Her response is due on July 26, 2024.

DATED: July 19, 2024     ELLEN F. ROSENBLUM
              ATTORNEY GENERAL
              FOR THE STATE OF OREGON


              *s/ Harry B. Wilson*
              Lauren F. Blaesing, OSB #113305
              LaurenBlaesing@MarkowitzHerbold.com
              Harry B. Wilson, OSB #077214
              HarryWilson@MarkowitzHerbold.com
              Alexandra L. Rhee, OSB #230770
              AlexRhee@MarkowitzHerbold.com
              *Special Assistant Attorneys General for State*
              *Defendants and Third-Party Plaintiff*

              Chad A. Naso, OSB # 150310
              ChadNaso@MarkowitzHerbold.com
              Hannah K. Hoffman, OSB #183641
              HannahHoffman@MarkowitzHerbold.com
              *Of Attorneys for State Defendants and Third-Party*
              *Plaintiff*

              Jill Schneider, OSB #001619
              Jill.Schneider@doj.oregon.gov
              Nicholas Mancuso, OSB #151262
              Nicholas.Mancuso@doj.oregon.gov
              *Of Attorneys for State Defendants and Third-Party*
              *Plaintiff*

2171595.5

**Page 11 – STATE DEFENDANTS' STATUS REPORT RE OUTSTANDING
     DISCOVERY**