DAVID A. JACOBS, OSB No. 942202
djacobs@luvaascobb.com
LUVAAS COBB
777 High Street, Suite 300
Eugene, Oregon 97401
Telephone:  (541) 484-9292
Telefax: (541) 343-1206

     Attorneys for Annette Smith

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| **ETHAN LEVI**, <br><br>        Plaintiff, <br><br>   vs. <br><br>**KIM CHAPMAN,** in her individual capacity; **ANASTASIA TIBBETTS,** in her individual capacity; **KASSIDY O'BRIEN,** in her individual capacity; **ERIN LANE,** in her individual capacity; **THE OREGON DEPARTMENT OF HUMAN SERVICES,** a government agency; and **JANE AND JOHN DOES 1-5,** in their individual and/or office capacities, <br><br>        Defendants. | **Case No. 6:22-cv-01813-MK** <br><br>**ANNETTE SMITH'S RESPONSE TO MOTION TO COMPEL** |

     Annette Smith objects to the State's subpoena for two reasons: 1) to the extent she would be required to disclose privileged communications or work product, and 2) because she is not authorized by her client to disclose information relating to her representation, and, therefore, pursuant to ORPC 1.6, she cannot give testimony or produce documents at a deposition without a court order.

ANNETTE SMITH'S RESPONSE TO MOTION TO COMPEL - Page 1

It is the latter objection that prompted the requirement of a court order before appearing for a deposition. It is well-established that Attorney Smith owes her client a continuing ethical obligation to preserve confidences even when she is no longer the client's attorney. *See* ORPC 1.6(a) (lawyer has a duty to protect all "information relating to the representation of a client"); Mark J. Fucile, *You've Just Been Subpoenaed: Uncomfortable Position,* 76 Or St B Bull 32 (June 2016) (stating "the duty of confidentiality continues beyond the end of an attorney-client relationship and transcends even the death of a client"). Moreover, the ethical duty of confidentiality is broader than the attorney-client privilege; it includes information protected by the privilege, but also all "other information gained in a current or former professional relationship that the client has requested be held inviolate or the disclosure of which would be embarrassing or would be likely to be detrimental to the client." ORPC 1.0(f).

The only exception to the duty of confidentiality that could apply here is ORPC 1.6(b)(5), which provides that a lawyer "may" disclose information relating to the representation of a client "to comply with other law, court order, or as permitted by these Rules." *See also* Oregon RPC 3.4(c) (providing that a lawyer may not "knowingly disobey an obligation under the rules of a tribunal"). Accordingly, only if the court orders Attorney Smith to give testimony and produce documents to the State, would she be ethically permitted to do so.

In the event the court orders Attorney Smith to comply with the subpoena, she would agree that, to the extent the information sought is relevant, the State would be entitled to discover non-privileged information, subject, of course, to the undersigned and plaintiff's counsel's right to object and instruct not to answer. Attorney Smith notes that privileged communications would also include intraoffice communications within the Public Defender's office, and with representatives of her client; and that she will decline to disclose protected

ANNETTE SMITH'S RESPONSE TO MOTION TO COMPEL - Page 2

work product.  Issues may also arise as to records or information that may implicate the confidentiality required by ORS 419A.255 and ORS 419B.035.[1]

In summary, to meet her ethical obligations, Attorney Smith requires a court order before she can comply with the subpoena.  And, if the deposition proceeds, she will reserve her right and obligation to object and refuse to disclose privileged or protected information.

DATED this 25th day of July, 2024.

LUVAAS COBB

By:    /s/ David A. Jacobs
David A. Jacobs, OSB No. 942202
djacobs@luvaascobb.com
777 High Street, Ste. 300
Eugene, OR 97401
Telephone: 541-484-9292
Of Attorneys for Annette Smith

---

[1]Attorney Smith is not privy to any protective orders that may have been entered to address these issues.

ANNETTE SMITH'S RESPONSE TO MOTION TO COMPEL - Page 3