**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Alexandra L. Rhee, OSB #230770**
AlexRhee@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085
*Special Assistant Attorneys General for State Defendants
and Third-Party Plaintiff*
*Additional Counsel of Record Listed on Signature Page*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>          Plaintiff,<br><br>    v.<br><br>KIM CHAPMAN, in her individual capacity; ANASTASIA TIBBETTS, in her individual capacity; KASSIDY O'BRIEN, in her individual capacity; ERIN LANE, in her individual capacity; THE OREGON DEPARTMENT OF HUMAN SERVICES, a government agency; and JANE and JOHN DOES 1-5; in their individual and/or official capacities,<br><br>          Defendants. | Case No. 6:22-cv-01813-MK<br><br>**STATE DEFENDANTS' MOTION TO COMPEL DEPOSITION OF LENE FERRARI**<br><br>ORAL ARGUMENT REQUESTED<br><br>EXPEDITED CONSIDERATION REQUESTED |
| OREGON DEPARTMENT OF HUMAN SERVICES,<br><br>          Third-Party Plaintiff,<br><br>    v.<br><br>JOE ALBERT RAYGOSA,<br><br>          Third-Party Defendant. | |

**Page 1 –     STATE DEFENDANTS' MOTION TO COMPEL DEPOSITION OF LENE FERRARI**

## LOCAL RULE 7-1(a) CERTIFICATION

Counsel for Kim Chapman, Anastasia Tibbetts, Kassidy O'Brien, Erin Lane, and the Oregon Department of Human Services ("ODHS") (collectively, "State Defendants") certifies that they conferred in good faith with counsel for Lene Ferrari by email and telephone on the issues raised in this motion. State Defendants and Ms. Ferrari were unable to resolve this dispute. Counsel for Ms. Ferrari also opposes State Defendants' request for expedited consideration.

## MOTION

Pursuant to Federal Rule of Civil Procedure 37(a)(1), State Defendants respectfully move the Court for an order compelling Lene Ferrari to appear for a deposition in this action. State Defendants' motion is supported by the Declaration of Hannah K. Hoffman and the exhibits attached thereto.

## MEMORANDUM

Lene Ferrari has been served with a subpoena to appear for deposition, but thereafter attempted to improperly condition appearance on an opportunity to pre-view confidential discovery. As a non-party, Ms. Ferrari is not entitled to discovery and Federal Rule of Civil Procedure 45 does not give a subpoena respondent a right to condition an appearance on receiving documents.

## I.    Background

Former ODHS Child Welfare case worker Lene Ferrari is a relevant fact witness in plaintiff's lawsuit. Ms. Ferrari was the permanency caseworker for two siblings who briefly lived in the Duncan-Raygosa house. State Defendants seek discovery from Ms. Ferrari because plaintiff's Complaint allegations and deposition questions indicate that she has information relevant to plaintiff's factual theories. (Compl. (Dkt. 1) ¶ 46.) Plaintiff's Complaint specifically

**Page 2 –    STATE DEFENDANTS' MOTION TO COMPEL DEPOSITION OF LENE
        FERRARI**

alleges an incident in which a non-party singed their hair on a stove, as a basis for State Defendants' liability.  (*Id.*)   Plaintiff's Complaint also references an incident in which Ms. Ferrari discovered Joseph Raygosa asleep while supervising the children in the home.  (*Id.*) During depositions, plaintiff has focused on the hair singeing incident and Ms. Ferrari's communications regarding it.  Plaintiff's counsel has asked multiple defense witnesses about their interactions with Ms. Ferrari regarding the incident and suggested that Ms. Ferrari relayed "concerns" about the Duncan-Raygosa home to State Defendants.[1]  (6/10/24 O'Brien Dep. at 242:2-22; 5/24/24 Chapman Dep. at 280:16-18, 22-24; and 6/21/24 Tibbetts Dep. at 149:3-150:19, attached to Decl. of Hannah K. Hoffman in Supp. of State Defs.' Mot. to Compel Dep. of Lene Ferrari ("Hoffman Decl.") as Exs. 1-3.)

State Defendants served Ms. Ferrari with a third-party subpoena on June 20, 2024. (Hoffman Decl. Ex. 4.)  Ms. Ferrari accepted service of the subpoena and agreed to be deposed on July 12.  (Hoffman Decl. Ex. 5.)  The week of the deposition, Ms. Ferrari notified the parties that she had retained counsel, and her counsel demanded that Ms. Ferrari (and her counsel) receive document discovery prior to being deposed.[2]  (Hoffman Decl. Ex. 6 at 7-8.)  The material in question largely consists of ODHS records of services to individuals and is confidential by statute, and subject to a protective order in this case.  (*Id.*)

---

[1] 6/10/24 O'Brien Dep. at 242:16-18 ("Q. Do you -- did you ever speak with Lene Ferrari about her concerns about the Duncan-Raygosa home?"); 5/24/24 Chapman Dep. at 280:16-18, 22-24 ("Q. Lene Ferrari, do you remember her? A. I don't. . .  Q. You don't remember them bringing concerns regarding these children to you? A. I'm trying to remember. Yes. I'm sorry."); *see also* 6/21/24 Tibbets Dep. at 149:3-150:19 (questioning about interactions with Ms. Ferrari regarding hair singeing incident).

[2] In particular, Ms. Ferrari asked to receive: (1) her case notes for the Duncan-Raygosa home, (2) her emails regarding this matter, (3) CPS assessments and reports to the hotline, (4) foster care staffing notes, and (5) any other documents that a party plans to ask her about.

**Page 3 –    STATE DEFENDANTS' MOTION TO COMPEL DEPOSITION OF LENE FERRARI**

Although Ms. Ferrari, a former ODHS employee, is not entitled to pre-view deposition exhibits or other material before being deposed, State Defendants offered to allow Ms. Ferrari to examine documents at defense counsel's office, as the Amended Protective Order allows authors or recipients of documents to see them. (*Id.* at 6; ECF 91 ¶ 7(f).) As a former ODHS employee, Ms. Ferrari was an author or recipient of the case files on which she previously provided services. Ms. Ferrari's counsel declined. (*Id* at 5.) Because State Defendants did not agree to provide Ms. Ferrari's counsel with document discovery prior to her deposition, Ms. Ferrari declined to view the documents she requested at all and would not agree to sit for a deposition. (*Id.*)

## II.    Standard

Rule 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). When a party fails to provide requested information discoverable under Rule 26(a)(1), Rule 37(a) allows the requesting party to "move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). The party opposing the motion "carries the heavy burden of showing why discovery should be denied." *Dence v. Wellpath, LLC*, No. 1:20-CV-00671-CL, 2022 WL 17261990, at *1 (D. Or. Nov. 29, 2022) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). When a party is seeking to depose a witness, "a strong showing is required before a party will be denied entirely the right to take a deposition." *Blankenship*, 519 F.2d at 429 (internal quotation omitted).

## III.    Argument

State Defendants are entitled to take the deposition of Lene Ferrari because she is a witness to the events at issue in this lawsuit and has knowledge of important factual information relevant to this case. Plaintiff brings a § 1983 action against State Defendants alleging that State

**Page 4 –    STATE DEFENDANTS' MOTION TO COMPEL DEPOSITION OF LENE FERRARI**

Defendants failed to stop abuse suffered by a foster child, J.C.  Plaintiff's Complaint alleges that State Defendants knew that the Duncan-Raygosa home was "unsafe" because of the incident in which another child's "hair was singed."  (Compl. (Dkt. 1) ¶¶ 46, 48.)  Consistent with these Complaint allegations, plaintiff's counsel has asked State Defendants during depositions about their interactions with Ms. Ferrari regarding this incident and related "concerns" that Ms. Ferrari allegedly raised regarding the Duncan-Raygosa home.  (Hoffman Decl. Exs. 1-3; *supra* note 1.)  Accordingly, Ms. Ferrari is a relevant fact witness, and State Defendants are entitled to depose her.

Ms. Ferrari has not argued otherwise.  Instead, Ms. Ferrari has sought to pre-condition her appearance on an opportunity to review her deposition exhibits in advance, and essentially receive discovery by providing a copy to her counsel, although she and her counsel are not parties and are not subject to the Court's jurisdiction with respect to the protective order. (Hoffman Decl. Ex. 6 at 6-8.)  Ms. Ferrari has demanded all emails, case notes, hotline reports, and assessments related to her work with children in the Duncan-Raygosa home.  (*Id.* at 8.)  As a non-party, Ms. Ferrari is not entitled to receive document discovery prior to sitting for a deposition.  FRCP 34 permits discovery requests only by a "party," not third-party witnesses. FRCP 30(a) and 45 describe the requirements for compelling the deposition testimony of third-party witnesses, and neither rule mentions document discovery.  No other third-party deponent has demanded or received document discovery prior to testifying in this case.  Consistent with the federal rules, Ms. Ferrari must make herself available for a deposition without receiving document discovery because she is a relevant fact witness.

**Page 5 –     STATE DEFENDANTS' MOTION TO COMPEL DEPOSITION OF LENE FERRARI**

## CONCLUSION

For the reasons set forth above, this Court should grant State Defendants' motion to compel the deposition of Lene Ferrari.

DATED: August 5, 2024

ELLEN F. ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON


*s/ Lauren F. Blaesing*
Lauren F. Blaesing, OSB #113305
LaurenBlaesing@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Alexandra L. Rhee, OSB #230770
AlexRhee@MarkowitzHerbold.com
*Special Assistant Attorneys General for State Defendants and Third-Party Plaintiff*

Chad A. Naso, OSB #150310
ChadNaso@MarkowitzHerbold.com
Hannah K. Hoffman, OSB #183641
HannahHoffman@MarkowitzHerbold.com
Jeffrey M. Edelson, OSB #880407
JeffEdelson@MarkowitzHerbold.com
*Of Attorneys for State Defendants and Third-Party Plaintiff*

Jill Schneider, OSB #001619
Jill.Schneider@doj.oregon.gov
Nicholas Mancuso, OSB #151262
Nicholas.Mancuso@doj.oregon.gov
*Of Attorneys for State Defendants and Third-Party Plaintiff*

2177608.6

**Page 6 –    STATE DEFENDANTS' MOTION TO COMPEL DEPOSITION OF LENE FERRARI**

<u>**ATTORNEY CERTIFICATE OF SERVICE**</u>

I hereby certify that on August 5, 2024, I have made service of the foregoing **STATE**

**DEFENDANTS' MOTION TO COMPEL DEPOSITION OF LENE FERRARI** on the

parties listed below in the manner indicated:

Beth Creighton
Creighton & Rose PC
65 SW Yamill Street, Suite 300
Portland, OR  97204
*Attorneys for Lene Ferrari*

| | |
|---|---|
| ☒ | U.S. Mail |
| ☐ | Facsimile |
| ☐ | Hand Delivery |
| ☐ | Overnight Courier |
| ☒ | Email: Beth@Civilrightspdx.com |

DATED: August 5, 2024.

*s/ Lauren F. Blaesing*

Lauren F. Blaesing, OSB #113305
*Special Assistant Attorney General for State*
*Defendants and Third-Party Plaintiff*

**Page 7 –    STATE DEFENDANTS' MOTION TO COMPEL DEPOSITION OF LENE
FERRARI**