Steven Rizzo, OSB # 840853
Mary D. Skjelset, OSB # 075840
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Ste. 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630
srizzo@rizzopc.com
mskjelest@rizzopc.com

Caitlin V. Mitchell, OSB #123964
Johnson Johnson Lucas & Middleton PC
975 Oak Street, Ste. 1050
Eugene, OR 97401
Tel: (541) 484-2434
Fax: (541) 484-0882
cmitchell@justicelawyers.com

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI, <br><br> Plaintiff, <br><br> v. <br><br> KIM CHAPMAN, et al , <br><br> Defendants. | CASE NO. 6:22-cv-01813-MK <br><br> **PLAINTIFF'S MOTION TO CONSOLIDATE** <br><br> *Expedited Hearing Requested* |
| OREGON DEPARTMENT OF HUMAN SERVICES, <br><br> Third Party Plaintiff, <br><br> v. <br><br> JOE ALBERT RAYGOSA, <br><br> Third Party Defendant. | |

1 – PLAINTIFF'S MOTION TO CONSOLIDATE

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

## INTRODUCTION

For reasons discussed more fully below, Plaintiffs move to consolidate the specific, remaining discovery in two separate but related cases pending in the District of Oregon: *Ethan Levi v. Kim Chapman, et. al,* District Court of Oregon Case No. 6:22-cv-01813-MK (hereafter "*Levi*") and *Shannon Conley v. Kim Chapman, et. al*, District Court of Oregon Case No. 6:23-CV-01353-MK (hereafter "*Conley*"). The Motion is based on Fed. R. Civ. P 42(a), LR 42-1 and 42-2.

## LR 7-1 CERTIFICATION

Parties have conferred by email and telephone. State Defendants oppose this limited consolidation. However, they agree to the expedited treatment on specific terms, i.e. "so long as [State Defendants] get one week for a response" and may "file an opposition on Tuesday September 3." (Decl., Ex. 1). Because State Defendants could not identify prejudice, Plaintiffs believe that the consolidation should occur by the end of this week and would welcome a prompt conference with the Court to address this specific issue.

## STANDARDS

Fed. R. Civ. P. 42(a) provides that when "actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." In making this determination, the court must weigh "the interest in judicial convenience against the potential delay, confusion and prejudice caused by consolidation." *Gilberto v. Walgreen Co.*, No. 3:18-cv-01003-AC, 2019 U.S. Dist. LEXIS 242481, at *5-6 (D. Or. May 6, 2019) (citing *Evraz Inc. N.A. v. Travelers Indem. Co.*, No. 3:11-CV-00233-AC, 2013 U.S. Dist., 2013 WL 6241984, at *1 (D. Or. Dec. 3, 2013); and *Paxonet Commc'ns, Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027, 1028 (N. D. Cal. 2003)). Consolidation serves to allow for "more efficient case management while preserving the distinct identities of the cases and the rights of the separate parties in them." *Hall v. Hall*, 138 S. Ct. 1118, 1125, 200 L. Ed. 2d 399 (2018). The "district courts

2 – PLAINTIFF'S MOTION TO CONSOLIDATE

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

have broad discretion to consolidate." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855-56 (9th Cir 2016).

## BACKGROUND

Ethan Levi is represented by Steven Rizzo and Mary Skjelset, and Shannon Conley is represented by Bonnie Richardson, Marissa Korbel and Manuella Tshala. The defendants in both cases are represented by Lauren Blaesing, Harry Wilson, Alexandra Rhee, Hannah Hoffman, Chad Naso and Jeffrey Edelson. In *Levi*, Defendant DHS filed a third-party complaint against Joe Raygosa, one of the foster parents (*Levi* ECF 19). The clerk entered a default against Mr. Raygosa on November 20, 2023 (*Levi* ECF 101). Both cases have been filed in the District of Oregon Eugene Division.

Both *Levi* and *Conley* involve the civil claims of foster children J.C. and Z.C., respectively, a sibling pair removed from their family of origin by the State of Oregon's Department of Human Services (DHS) in July of 2016 and placed in the foster home of Nicole Duncan and Joe Raygosa "Duncan-Raygosa," where they were alleged to have suffered abuse and neglect.

*Levi* and *Conley* share common issues and facts: Both Z.C. and J.C. had the same caseworker (Defendant O'Brien), who was overseen by the same supervisor (Defendant Lane). The Duncan-Raygosa home was certified by the same certifier (Defendant Chapman) who was overseen by the same certification supervisor (Defendant Brooks, fka Tibbetts). The children remained in the Duncan-Raygosa foster home for the same duration, July 2016-July 2017, and had an overlapping placement in a subsequent foster home. Both children returned to their mother's care at the conclusion of their juvenile dependency case. They saw the same therapist and were represented by the same attorney while in DHS custody and were the subject of (or otherwise participated in) many of the same child abuse investigations.

*Levi* and *Conley* also allege common legal claims arising from these common facts. Both *Levi* and *Conley* allege §1983 claims against the above-referenced caseworkers and supervisors. *Levi* maintains a negligence action against DHS, who employs and/or employed each of the named

3 – PLAINTIFF'S MOTION TO CONSOLIDATE

defendants; *Conley* has named a separate case worker (Defendant Margaret Ramirez), who was assigned as caseworker to both J.C. and Z.C. while they were placed in a subsequent foster home, which is now the subject of additional allegations in Levi's proposed First Amended Complaint. (*Levi* ECF 168-169). State Defendants, as they prefer to be called in both cases, have alleged many of the same defenses: Discretionary Immunity, Qualified Immunity, Tort Claim Liability Limit, Fault of Others and Eleventh Amendment/Sovereign Immunity. (*Levi* ECF 110; *Conley* ECF 21).

Due to this overlap, in the Rule 26(f) report, *Conley* and State Defendants agreed to a case schedule "set to track the schedule in the related case *Ethan Levi v. Kim Chapman et al.*, United States District Court, District of Oregon, No. 6:22-cv-01813-MK ("*Levi*")." (*Conley* ECF 23 at 2). State Defendants subsequently requested that *Levi* and *Conley* coordinate discovery efforts. On February 2, 2024, Ms. Blaesing wrote to counsel for *Levi*:

> …*Conley v. Chapman*, Case No. 6:23-cv-01353-MK (D. Or.), also pending before the Court, involves the same witnesses and documents because plaintiffs in Levi and Conley were placed in the same resource home and were part of a single permanency case and a common juvenile dependency matter. State Defendants will stipulate to allowing 25 total depositions on the condition that all depositions must be conducted jointly with plaintiff's counsel from Conley.

(Decl., Ex. 2 at 4). Pursuant to this request, *Conley* and *Levi* have jointly noticed and participated in the depositions of State Defendants, ODHS employees and third-party witnesses, including witnesses subpoenaed by State Defendants. (Decl.). *Conley* and *Levi* have also appeared in joint discovery and/or status conferences in these matters, which occurred on June 7, July 10, and August 6, 2024. (*See Levi* ECF 136, 149, 157; *Conley* ECF 37, 49, 57).

The most recent discovery conference occurred on August 6, 2024. Counsel of record for *Conley*, *Levi* and State Defendants attended in person for a hearing that lasted all day. Each party made arguments on the record regarding various legal and factual disputes, and otherwise updated the Court on the status of discovery. On August 15, 2024, the Court issued a written Order in "both cases" due to "the significant overlap in the discovery involved." (*Levi* ECF 174 at 2). Some of the orders issued are specific to individual cases. For instance, the Court set a "jury trial in Eugene"

4 – PLAINTIFF'S MOTION TO CONSOLIDATE

in the Levi matter "for 2/10/2025 to 03/07/2025," and a "Deadline for Defendants to file a Motion to Compel the deposition of J.C. is 8/13/2024."

However, much of the additional and finite discovery allowed relates directly to discovery to be had in both cases:

- the Deposition of Lene Ferrari (*Levi* ECF No. 164)

- the Deposition of Annette Smith (*Levi* ECF No. 150)

- the search of the personal devices of Kassidy O'Brien, Stephen Hammond and Kim Chapman (*Conley* ECF No. 60)

- Plaintiffs' depositions of Ramirez, Stockman and Loboy

- Joint Status Report re the scheduling of attorney Patricia Gonzalez's deposition

- Plaintiff Conley's Motion re FRE 502(a) waiver of subject matter privilege

Additionally, both *Conley* and *Levi* indicated an intent to file Rule 37(e) Motion following the search of devices.

## ARGUMENT

Parties to both cases have proceeded with discovery in a coordinated fashion as though the cases are consolidated: They have tracked the deadlines, coordinated depositions, briefed motions and attended hearings in tandem. This process has avoided unnecessary cost and delay, while avoiding prejudice to any party.

After the August 6 hearing, this coordination has continued: Plaintiffs have already conducted the depositions of Ms. Ramirez, Ms. Stockman and Ms. Loboy on the same day and location as requested by the State Defendants and in a time span consistent with the Court's direction and limitations. The depositions of Ms. Ferrari and Ms. Smith have been noted by State Defendants in both cases for the same date and time. The personal devices of Ms. O'Brien, Mr. Hammond and Ms. Chapman have been provided to a vendor, and State Defendants have notified both Plaintiffs of the process.

However, because these cases are not consolidated for the purposes of the remaining

5 – PLAINTIFF'S MOTION TO CONSOLIDATE

discovery, it remains unclear, for instance, whether *Conley* may participate in the Status Report regarding the potential for deposition of AAG Gonzalez or whether *Levi* will have the right to receive responsive documents discovered in the search of personal devices. Relatedly, the recent briefing by Plaintiff Conley regarding the subject matter waiver of privilege relates to communications equally relevant and discoverable to Plaintiff Levi.

During conferral, counsel for State Defendants would not answer direct inquiries regarding what prejudice might result from this limited consolidation, adding "We've already successfully consolidated discovery; we see no need for a different approach." (Decl., Ex. 1). However, because a formal consolidation will foster clarity, efficiency and transparency in the upcoming discovery and briefing, Plaintiffs seek an order of consolidation of *Conley* and *Levi* for the purposes of the remaining fact discovery and related motions.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request an order granting this motion to consolidate the above-described fact discovery.

Dated: August 27, 2024

RIZZO BOSWORTH ERAUT PC


By: /s/ *Mary Skjelset*
Steven Rizzo OSB No. 840853
Mary D. Skjelset OSB No. 075840
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Suite 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630

Caitlin V. Mitchell, OSB #123964
Johnson Johnson Lucas & Middleton PC
975 Oak Street, Ste. 1050
Eugene, OR 97401
Tel: (541) 484-2434
Fax: (541) 484-0882
cmitchell@justicelawyers.com


ATTORNEYS FOR PLAINTIFF

6 – PLAINTIFF'S MOTION TO CONSOLIDATE

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>       Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al ,<br><br>       Defendants. | CASE NO. 6:22-cv-01813-MK<br><br><br>**CERTIFICATE OF SERVICE** |
| OREGON DEPARTMENT OF<br>HUMAN SERVICES,<br><br>       Third Party Plaintiff,<br><br>v.<br><br>JOE ALBERT RAYGOSA,<br><br>       Third Party Defendant. | |

       I am employed by the law firm of Rizzo Bosworth Eraut PC in Portland, Oregon.  I am over the age of eighteen years and not a party to the subject cause.  My business address is 1300 SW Sixth Avenue, Suite 330, Portland, OR 97201.

       On the date below, I caused to be served on all parties in this action by transmitting a true copy thereof**:** **Plaintiff's Motion to Consolidate**

| **VIA EMAIL** | **VIA EMAIL & US MAIL** |
|---|---|
| **Jill Schneider**<br>**Nicholas S. Mancuso**<br>**Oregon Department of Justice**<br>**100 SW Market Street**<br>**Portland, OR 97201**<br>**Ph. 971-673-1880**<br>**Fax: 971-673-5000**<br>**Email: jill.schneider@doj.state.or.us**<br>**Email: nicholas.mancuso@doj.state.or.us**<br>*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services* | Lauren Blaesing<br>Harry B. Wilson<br>Alexandra Rhee<br>Hannah Hoffman<br>Chad Naso<br>Jeffrey Edelson<br>Markowitz Herbold PC<br>1455 SW Broadway<br>Ste. 1990<br>Portland, OR. 97201<br>Ph: 503-295-3085<br>Email: laurenblaesing@markowitzherbold.com<br>Email: harrywilson@markowitzherbold.com<br>Email: alexrhee@markowitzherbold.com<br>Email: hannahhoffman@markowitzherbold.com<br>Email: chadnaso@markowitzherbold.com<br>Email: jeffedelson@markowitzherbold.com<br>*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services* |

       Dated this 27th day of August, 2024.

                      *s/Shelley Maddox*
                    Shelley Maddox, Paralegal

1 – Certificate of Service