**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Alexandra L. Rhee, OSB #230770**
AlexRhee@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085
*Special Assistant Attorneys General for State Defendants*
*and Third-Party Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI, | Case No. 6:22-cv-01813-MK |
| Plaintiff, | **STATE DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT** |
| v. | |
| KIM CHAPMAN, in her individual capacity; ANASTASIA TIBBETTS, in her individual capacity; KASSIDY O'BRIEN, in her individual capacity; ERIN LANE, in her individual capacity; THE OREGON DEPARTMENT OF HUMAN SERVICES, a government agency; and JANE and JOHN DOES 1-5; in their individual and/or official capacities, | |
| Defendants. | |
| OREGON DEPARTMENT OF HUMAN SERVICES, | |
| Third-Party Plaintiff, | |
| v. | |
| JOE ALBERT RAYGOSA, | |
| Third-Party Defendant. | |

Page 1 –    STATE DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
            MOTION FOR LEAVE TO AMEND COMPLAINT

## INTRODUCTION

Plaintiff proposes to make significant amendments to the facts, claims, and relevant time frame of this litigation after the close of fact discovery. The Court should deny plaintiff's motion for leave to file an amended complaint because the proposed amendments would prejudice State Defendants.

Plaintiff's proposed amendments add allegations that span 18 months not covered in the original complaint, introduce a new set of resource (foster) parents, and plead new theories of liability. Yet discovery is closed, so State Defendants have no opportunity to develop evidence to rebut any of these new allegations or theories. To fairly respond to plaintiff's new allegations and theories, State Defendants would need to take several months of new discovery, including potentially issuing additional document subpoenas, taking depositions of the foster parents and others, and potentially reopening depositions of witnesses they have already deposed. State Defendants would also need a substantial extension of the expert deadline to allow their experts to address the new allegations and theories of liability.

Plaintiff has had access to the information allowing him to plead these allegations and theories for months, and could have avoided causing this prejudice, but chose not to do so. The Court should deny plaintiff's motion as inconsistent with the law and precedent governing amendment. But if the Court grants the motion, it must reopen discovery and adjust the rest of the case schedule to allow State Defendants a fair opportunity to develop evidence responding to the amendments.

## BACKGROUND

The Court set a trial date in this matter for February 10, 2025. (8/15/2024 Order (Dkt. 174).) The discovery deadline has passed, and discovery is nearly complete. (7/12/2024 Order (Dkt. 157).) Expert reports are due in less than two weeks. (*Id.*)

**Page 2 –**     **STATE DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff filed suit in 2022 and brings six claims against State Defendants: one Section 1983 claim against each of the four individual defendants and two negligence claims against the Oregon Department of Human Services ("ODHS").  Plaintiff seeks $15 million in non-economic damages and $5 million in punitive damages on each of the Section 1983 claims, plus economic damages in an amount to be proven at trial and attorney fees and costs.

According to plaintiff's original complaint, ODHS took custody of J.C. and her brother, Z.C., in July 2016.  (Compl. ¶ 34 (Dkt. 1).)  ODHS placed J.C. and Z.C. in the home of Nicole Duncan and Joe Raygosa between July 2016 and July 2017.  (*Id*. ¶¶ 34, 57-60.)  Plaintiff alleges that State Defendants knew that the Duncan-Raygosa home was unsafe and failed to prevent J.C.'s abuse in that home.  (*Id.* ¶¶ 76, 90, 98, 105, 111, and 114.)  After removal from the Raygosa-Duncan home, J.C. disclosed that Raygosa sexually abused her during her placement. (*Id*. ¶ 64.)

Plaintiff's proposed amendments significantly expand the relevant time period.  The proposed amended complaint adds allegations covering 18 months of events that occurred after J.C.'s disclosure.  According to the proposed amended complaint, "after J.C.'s disclosure, DHS placed her in the S-M foster home into which Z.C. had also been placed."  (Decl. of Steven Rizzo (Dkt. 169), Ex. 1 ¶ 65 ("Proposed Am. Compl.").)  Plaintiff proposes to add allegations that ODHS knew or should have known that the new resource parents suffered from unmitigated sexual trauma, watched pornography, and used physical discipline.  (*Id.* ¶¶ 65, 78.)  J.C. lived in the S-M home until she was reunited with her mother in April 2019.  Plaintiff's proposed amendments also add an entirely new theory for the claim against one of the individual defendants, Kassidy O'Brien.  The proposed amendments contain allegations concerning events

**Page 3 –    STATE DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

leading up to, during, and after Raygosa's criminal trial, which occurred in the summer of 2018. (*Id.* ¶¶ 100-105.)

The original complaint contains no allegations regarding the S-M home. Similarly, the allegations in the complaint relating to Ms. O'Brien do not mention Raygosa's criminal trial. (Compl. ¶¶ 92-99.) Finally, the proposed amendments increase the plaintiff's aggregate demand for punitive damages from $20,000,000 to $100,000,000. (*Id.*, Prayer for Relief, at 29-30.)

## LEGAL STANDARD

After a brief period in which a party can amend as of right, a party may amend its pleadings only with the court's permission, and the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a motion to amend is not automatically granted. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013). The court may deny a motion to amend if: (1) amendment prejudices the opposing party; (2) the motion is made in bad faith; (3) amendment causes undue delay in the litigation; or (4) the proposed amendment is futile for lack of merit. *Foman v. Davis*, 371 U.S. 178, 181-182 (1962) (listing these factors among others to be considered); *AmerisourceBergen Corp. v. Dialysisit W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

These factors are not weighted equally. *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1055 (9th Cir. 2009). Of the factors, "prejudice to the opposing party is the most important factor." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990); *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–31 (1971) (trial court "required" to take potential prejudice into account in deciding Rule 15(a) motion); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight.").

**Page 4 –    STATE DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO AMEND COMPLAINT**

"Amendments attempting to add new claims when the theories and facts supporting them have long been known to the party seeking amendment are viewed with disfavor." *Pettit v. Arizona Bd. of Regents*, 525 F. App'x 625, 626 (9th Cir. 2013); *see also Royal Ins. Co. of Am. v. Sw. Marine*, 194 F.3d 1009, 1016–17 (9th Cir. 1999) ("[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.") (internal citations omitted)).

"[F]utility of amendment alone can justify the denial of a motion [to amend]." *Ahlmeyer,* 555 F.3d at 1055. The standard to be applied for futility is whether the amendment can survive a motion to dismiss under FRCP 12(b)(6). *Nordyke v. King,* 644 F3d 776, 788 n.12 (9th Cir 2011), *on reh'g en banc*, 681 F3d 1041 (9th Cir 2012). A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it lacks sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must contain "enough [factual allegations] to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

## ARGUMENT

Plaintiff's proposed amendments are improper for three reasons: substantial prejudice to State Defendants; failure to timely amend despite knowing the factual basis for the amendments for months; and futility.

**I.    State Defendants will face significant prejudice if plaintiff is permitted to file an amended complaint.**

**A.    Defending against plaintiff's new amendments will be prejudicial because discovery is closed.**

State Defendants face significant prejudice if plaintiff is permitted to file an amended complaint because discovery is closed, and State Defendants will not be able to investigate the new allegations through discovery. Plaintiff's decision to wait until after the close of discovery

**Page 5 –    STATE DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

to seek leave to amend weighs heavily against the motion. *Hallas v. Ameriquest Mortg. Co.*, 406 F. Supp. 2d 1176 (D. Or. 2005), *aff'd*, 280 F. App'x 667 (9th Cir. 2008) (holding that a party's motion to amend following the close of discovery, with a summary judgment motion pending, weighs heavily against allowing leave). Discovery closed on August 12, 2024, fact witness depositions are nearly complete,[1] expert disclosures are due in 13 days, and trial is in less than six months. Plaintiff now ambushes State Defendants with new theories of liability for his preexisting claims that expand relevant witnesses, actors, timelines, and events—after the close of discovery. Because discovery is closed, State Defendants are unable to develop the evidence they need to defend themselves from plaintiff's proposed new theories. The chart below illustrates the expanded timeline, with the red arrows indicating the new time periods in the proposed amendments:

*Timeline relevant to the claims in plaintiff's Complaint:*



*Timeline relevant to the claims in plaintiff's Proposed Amended Complaint:*



Plaintiff's proposed amendments also contain allegations about an entirely new resource home with additional witnesses and different allegations of abuse.

---

[1] The Court ruled that only certain, limited depositions of fact witnesses could go forward after the August 12, 2024 discovery deadline. (8/15/2024 Order (Dkt. 174).)

**Page 6 –    STATE DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff's new allegations about State Defendants' involvement in the Raygosa criminal trial also expand the relevant timeline. While the original complaint involved facts only up to 2017, the new allegations involve events in 2018 relating to Ms. O'Brien's testimony and other alleged involvement with the Raygosa trial and the juvenile court. (Proposed Am. Compl. ¶¶ 100-105.) These events are factually separate from the allegations in the original complaint, and they expand relevant time period. If the Court allows plaintiff to amend his complaint, State Defendants will now need to investigate new factual theories covering more than a year of additional activity.

In addition to broadening the timeline, State Defendants will need to prepare their experts to provide opinions regarding plaintiff's new theories, which involve an entirely new resource parent home. State Defendants will also need to take additional depositions, including depositions of both the new resource parents. State Defendants may also need to subpoena documents from new third-party witnesses. Because discovery is now closed, State Defendants cannot adequately perform the investigation needed to adequately prepare a defense to plaintiff's new theories.

Compounding matters, plaintiff's new allegations regarding the S-M home are too vague and conclusory for State Defendants to meaningfully investigate. J.C. lived in the S-M home for 18 months. Plaintiff now alleges, without elaboration, that the S-M home failed to provide "support" and "care" to J.C. (Proposed Am. Compl. ¶¶ 65, 78, 79(c), 93(n)) and that State Defendants had "information" about this lack of support and care. (*Id.* ¶ 106). The new allegations do not describe any specific incidents that caused J.C. harm or otherwise explain what information or facts should have put State Defendants on notice of concerns about the S-M home. State Defendants cannot clarify the claims through depositions or interrogatories because

**Page 7 –     STATE DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

discovery is closed.  The prejudice created by these tardy, conclusory amendments is reason alone to deny the motion.

> **B.    Plaintiff's proposed amendments involve information plaintiff has known since the outset of this litigation.**

This Court should deny plaintiff's motion because the proposed amendments are based on information that plaintiff has known for more than two years.  "Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 878 (9th Cir. 2000) (internal citations omitted); *Royal Ins. Co. of Am. v. Sw. Marine*, 194 F.3d 1009, 1016–17 (9th Cir. 1999) ("[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.") (internal citations omitted)).

Here, plaintiff seeks to amend his complaint to assert new theories regarding (1) alleged abuse and neglect suffered in the S-M home and (2) Ms. O'Brien's alleged involvement in the criminal defense of Raygosa.  But plaintiff knew the facts underlying both these new theories at the outset of this case.  With respect to the S-M home, plaintiff sought and received pre-suit discovery in state probate court, starting in 2021.  (10/10/2023 Decl. of Steve Rizzo, Ex. 2 at 144-167.)  That discovery included juvenile court records through 2019.  State Defendants began producing documents in this case in March 2023 and have produced more than 16,000 documents (4/172024 Decl. of Hannah Hoffman, ¶ 4), including numerous documents regarding the S-M home.  Similarly, Ms. O'Brien's testimony in Raygosa's criminal trial took place in 2018 in open court.  Plaintiff could have obtained the transcript of the criminal trial before filing

**Page 8 –    STATE DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

this lawsuit—and very possibly did.  At bottom, plaintiff knew the factual basis for both his new theories before filing suit and simply chose not to include them in the complaint.

Plaintiff has cited no newly produced documents or recent events justifying its untimely filing of its proposed amended complaint.  In *Kamal v. Eden Creamery, LLC*, the Ninth Circuit held that the district court did not abuse its discretion in denying plaintiff's leave to amend the complaint when that motion was brought five months after the production of documents related to the amendment.   88 F.4th 1268 (9th Cir. 2023).  Here too, plaintiff has failed to point to documents or events necessitating amendment, and plaintiff has had relevant information for years.  The Court should deny leave to file the proposed amended complaint because the facts and theories asserted have been known to plaintiff well before the discovery deadline.  *Royal Ins. Co. of Am., 194 F.3d* at 1016-17.  The timing of the proposed amended complaint is due to a lack of diligence on plaintiff's part, not new information.

## II.    The proposed amended complaint contains futile theories of liability.

Plaintiff's proposed amended third claim for relief against Ms. O'Brien and Does also fails because it contains new theories of liability that do not clear the motion to dismiss standard. Plaintiff has no claim against Ms. O'Brien, J.C.'s former caseworker, for her involvement with Raygosa's criminal trial because Ms. O'Brien has absolute immunity for her role in the judicial process. *See Briscoe v. LaHue*, 460 U.S. 325, 334 (1983).  The common law "provided absolute immunity from subsequent damages liability for all persons—governmental or otherwise—who were integral parts of the judicial process" and "when a police officer appears as a witness, he may reasonably be viewed as acting like any other witness sworn to tell the truth—in which event he can make a strong claim to witness immunity." *Id.* at 335-336.  Ms. O'Brien, like a police officer called to testify in court, was subpoenaed to testify in Raygosa's criminal trial and thus played a "critical role in the judicial process" and "[n]othing in the language of the statute

suggests that such a witness belongs in a narrow, special category lacking protection against damages suits." *Id.* at 336; *see also Rehberg v. Paulk*, 566 U.S. 356, 367 (2012) ("In *Briscoe*, . . . this Court held that the immunity of a trial witness sued under § 1983 is broader [than common law immunity]: In such a case, a trial witness has absolute immunity with respect to *any* claim based on the witness' testimony." (Emphasis in original)).  To the best of State Defendants' knowledge, no court has ever allowed a crime victim to sue a witness from a criminal trial in tort for appearing and testifying under subpoena.  This Court should not be the first.

## III.    If permitted, the amended complaint will likely cause undue delay.

As shown above, plaintiff seeks to significantly expand and alter the relevant timeline and relevant events in the proposed amended complaint.  Not only does this prejudice State Defendants, it will delay trial.  Given the additional facts and broader relevant time span, to adequately defend themselves State Defendants need to take depositions of at least the new resource parents (and probably others), expand expert reports to address the new allegations and time periods, and conduct additional investigation of the 18-month time period previously irrelevant to plaintiff's claims.

If the Court grants plaintiff leave to file a first amended complaint, State Defendants must be allowed to fairly prepare for trial on the new allegations and theories, which requires extending the fact and expert discovery deadlines.  Namely, State Defendants request the Court reopen fact discovery for an additional eight weeks.  State Defendants also request that deadlines for expert disclosures and summary judgment be set 90 days beyond the current deadlines and that trial be reset for at least 90 days beyond the current schedule.

## CONCLUSION

State Defendants respectfully request that this Court deny plaintiff's motion for leave to file an amended complaint.  In the alternative, if the Court grants plaintiff's motion for leave to

file an amended complaint, this Court should reopen discovery for eight weeks and move out all pending deadlines, including the trial date, by at minimum 90 days.

DATED: August 27, 2024.

ELLEN F. ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON


*s/ Harry B. Wilson*

Lauren F. Blaesing, OSB #113305
LaurenBlaesing@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Alexandra L. Rhee, OSB #230770
AlexRhee@MarkowitzHerbold.com
*Special Assistant Attorneys General for State Defendants and Third-Party Plaintiff*

Chad A. Naso, OSB #150310
ChadNaso@MarkowitzHerbold.com
Hannah K. Hoffman, OSB #183641
HannahHoffman@MarkowitzHerbold.com
Jeffrey M. Edelson, OSB #880407
JeffEdelson@MarkowitzHerbold.com
*Of Attorneys for State Defendants and Third-Party Plaintiff*

Jill Schneider, OSB #001619
Jill.Schneider@doj.oregon.gov
Nicholas Mancuso, OSB #151262
Nicholas.Mancuso@doj.oregon.gov
*Of Attorneys for State Defendants and Third-Party Plaintiff*

2186328

**Page 11 –    STATE DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**