**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Alexandra L. Rhee, OSB #230770**
AlexRhee@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085
*Special Assistant Attorneys General for State Defendants*
*Additional Counsel of Record Listed on Signature Page*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI, | Case No. 6:22-cv-01813-MK |
| Plaintiff, | **STATE DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE** |
| v. | |
| KIM CHAPMAN, in her individual capacity; ANASTASIA TIBBETTS, in her individual capacity; KASSIDY O'BRIEN, in her individual capacity; ERIN LANE, in her individual capacity; THE OREGON DEPARTMENT OF HUMAN SERVICES, a government agency; and JANE and JOHN DOES 1-5; in their individual and/or official capacities, | |
| Defendants. | |
| OREGON DEPARTMENT OF HUMAN SERVICES, | |
| Third-Party Plaintiff, | |
| v. | |
| JOE ALBERT RAYGOSA, | |
| Third-Party Defendant. | |

Page 1 –     **STATE DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE**

**INTRODUCTION**

In the last year, the parties have successfully coordinated nearly 20 depositions, multiple discovery motions, and several status conferences.  Fact discovery has now been closed for more than three weeks.  (Dkt. 157.)  Only a few depositions remain to be completed.  The case is set for trial.

Yet, plaintiffs in both this case and *Conley v. Chapman, et al.*, No. 6:23-cv-01353-MK ("*Conley*") have now moved to "to consolidate the specific, remaining discovery."  (*Levi*, Pl.'s Mot. to Consolidate at 2 (Dkt. 176); *Conley*, Pl.'s Joinder Mot. to Consolidate (Dkt. 87).)  Plaintiffs' tactic raises an important question: Why now?

The answer: After the close of discovery, Levi moved to amend his complaint to add numerous allegations regarding an additional resource family, the S-M family.  (Dkt. 168.)  But Levi did not take any discovery regarding the S-M home.  Only Conley did.  Conley, for example, requested the S-M certification file from State Defendants.  Levi did not.  And because the S-M certification file is confidential under the protective order in *Conley*, Conley cannot share it with Levi.  Consolidation would allow Levi and Conley to share discovery, allowing Levi to obtain additional discovery after the close of discovery that it never requested from State Defendants.

Consolidation will be profoundly unfair to State Defendants unless the Court also extends the discovery deadlines, as State Defendants have requested (*see* Dkt. 178).  If the Court extends the fact discovery and expert deadlines to allow State Defendants an equal opportunity to develop evidence to respond to Levi's proposed new allegations, or if the Court denies Levi's motion for leave to amend, State Defendants do not oppose this motion to consolidate.  But if the Court grants Levi's motion to amend and does not extend the fact discovery and expert deadlines, State Defendants must oppose this motion.

**Page 2 –     STATE DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE**

**ARGUMENT**

The Federal Rules of Civil Procedure are intended to allow *all* parties the ability to take discovery. Plaintiffs are attempting to use motion practice to game the discovery calendar. Plaintiff has moved to consolidate this case and *Conley* for purposes of discovery *after* discovery has closed. As plaintiff acknowledges, the parties have informally coordinated discovery up to this point. There is no reason the parties cannot continue to coordinate the remaining depositions.

Levi contends that consolidation is also necessary to accommodate discovery regarding Conley's motions to compel cell phone searches and the production of documents under FRE 502(a). (*Conley*, Pl.'s Mot. to Compel (Dkt. 60); *Conley*, Pl.'s Mot. to Compel Under FRE 502(a) (Dkt. 77).) But Levi could have filed joinders to either of these motions (and still could). Neither motion requires consolidation.

On its face, therefore, plaintiff's request to consolidate makes little sense. Levi asks the Court to consolidate fact discovery, but fact discovery is closed. Yet Levi does not ask the Court to consolidate expert discovery, which is not closed, and which Levi has refused to track with the deadlines in *Conley*. (8/6/2024 Status Conference (Dkt. 167) at Tr. 276:1-3 ("Mr. Rizzo: But, I mean, come on, it's – it's – there's two separate cases, and we need to -- we need to move ours along.")).

The likely reason plaintiff filed his motion to consolidate now is that he wishes to obtain discovery he did not seek before fact discovery closed on August 12, 2024. Plaintiff did not request discovery that is relevant to claims in his proposed amended complaint, but Conley did, and plaintiff wishes to obtain that discovery. He cannot, as things stand, because the protective orders in these cases prevent it. (*Levi*, Am. Protective Order (Dkt. 91); *Conley*, Protective Order

**Page 3 –** **STATE DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE**

(Dkt. 31).) Levi is, effectively, trying to keep discovery open for plaintiffs when it has closed for State Defendants.

State Defendants need to take additional discovery to respond to the proposed new allegations. State Defendants need, for example, to depose the new resource parents. They may need to serve additional subpoenas. And their experts need additional time to prepare reports addressing the proposed new allegations.

If the Court grants Levi's motion to amend and refuses to extend the fact discovery and expert deadlines, the prejudice to State Defendants is clear: Levi will be able to obtain fact discovery he never requested from State Defendants on his new allegations while preventing State Defendants from having equal discovery into those same allegations. To prevent this prejudice, the Court must extend the fact discovery and expert deadlines to allow State Defendants a fair opportunity to conduct discovery on Levi's new allegations.

## CONCLUSION

The Court should deny plaintiff's motion to consolidate. In the alternative, the Court should extend the fact discovery and expert deadlines, as State Defendants request in their Response to Plaintiff's Motion for Leave to File Amended Complaint. (Dkt. 178.)

DATED: September 3, 2024.     ELLEN F. ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON


*s/ Harry B. Wilson*
Lauren F. Blaesing, OSB #113305
LaurenBlaesing@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Alexandra L. Rhee, OSB #230770
AlexRhee@MarkowitzHerbold.com


**Page 4 –**    **STATE DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE**

*Special Assistant Attorneys General for State Defendants*

Chad A. Naso, OSB #150310
ChadNaso@MarkowitzHerbold.com
Hannah K. Hoffman, OSB #183641
HannahHoffman@MarkowitzHerbold.com
Jeffrey M. Edelson, OSB #880407
JeffEdelson@MarkowitzHerbold.com
*Of Attorneys for State Defendants*

2192753

**Page 5 –      STATE DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
               MOTION TO CONSOLIDATE**