Steven Rizzo, OSB # 840853
Mary D. Skjelset, OSB # 075840
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Ste. 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630
srizzo@rizzopc.com
mskjelest@rizzopc.com

Caitlin V. Mitchell, OSB #123964
Johnson Johnson Lucas & Middleton PC
975 Oak Street, Ste. 1050
Eugene, OR 97401
Tel: (541) 484-2434
Fax: (541) 484-0882
cmitchell@justicelawyers.com

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al ,<br><br>Defendants. | CASE NO. 6:22-cv-01813-MK<br><br><br>**PLAINTIFF'S REPLY TO RESPONSE TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| OREGON DEPARTMENT OF HUMAN SERVICES,<br><br>      Third Party Plaintiff,<br><br>v.<br><br>JOE ALBERT RAYGOSA,<br><br>      Third Party Defendant. | |

1 – REPLY TO RESPONSE TO MOTION FOR LEAVE TO
   FILE FIRST AMENDED COMPLAINT

## INTRODUCTION

Plaintiff Levi offers this Reply to the defendants' objection to his First Amended Complaint. In support of this Reply, Plaintiff Levi submits the following points and authorities and the accompanying Declaration of Steven Rizzo.

## REPLY

### *Defendants' "relevant time period" assertion is illusory.*

The defendants construct a "relevant time period" in blue and red arrows, and then complain that the proposed amended pleading "significantly expands" that construct by "add[ing] allegations [to it] that span 18 months *not covered* in the original complaint." (Defs' Resp., ECF 178 at 2, 6) (emphasis added).

For example, with reference to the Complaint, the "relevant time period" is restricted (in blue) to J.C.'s "2016" placement in the Duncan-Raygosa foster home and her "2017" removal therefrom. (*Id.* at 6). Evidently, the apparent additional "18 months" consists (in red) of the period of time following J.C's removal and her apparent reunification with Mother in 2019. (*Id.*). The defendants' construct is illusory.

The Complaint alleged in pertinent part that J.C. and Z.C. were placed into the Duncan-Raygosa foster home in July 2016 and that J.C. disclosed Raygosa's sexual abuse in October 2017. (ECF 1 at ¶¶ 34, 64). The Complaint also alleged that Raygosa was indicted in February 2018, and that he was subsequently convicted of his crimes. (*Id.* at ¶¶ 65-66).[1] The Court may take judicial notice that Raygosa was convicted on August 17, 2018. *See* FRE 201(b)(2) (re Judgment, *State of*

---

[1] (*Cf.*, Defs.' Amend. Answer, ECF 110 at 15) ("In February of 2018, Raygosa was indicted . . . A unanimous jury convicted Raygosa on six counts of sexual abuse in the first degree, two counts of unlawful sexual penetration in the first degree, and four counts of sodomy in the first degree.").

2 – REPLY TO RESPONSE TO MOTION FOR LEAVE TO
    FILE FIRST AMENDED COMPLAINT



RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

*Oregon v. Joe Albert Raygosa,* Lane County Circuit Court, Case No.: 18CR10987). Thus, although the defendants omit mention, the fact of J.C's disclosure in 2017 (which occurred after she was removed from the Dunca-Raygosa foster home) and the fact of Raygosa's criminal prosecution in 2018 (at which JC and O'Brien testified) were alleged in the Complaint – prior to taking any discovery in this action.

Based on Plaintiff's discovery, the proposed amended pleading alleges in pertinent part that "[s]hortly after J.C.'s disclosure, DHS placed her in the S-M foster home into which Z.C. had also been placed." (ECF 169 at 13). The defendants' red arrow that J.C. was placed in the S-M foster home in "2018" misstates facts: JC was placed therein in November 2017; and, the proposed amended pleading does not allege J.C.'s apparent reunification with Mother in "2019." (ECF 178 at 6) (*See also* Decl., Ex. 1). Accordingly, the proposed amended pleading identifies the S-M foster home in which J.C. was placed during the events that unfolded directly following her disclosure of sexual abuse, consistent with the discovery of related Child Protective Services ("CPS") Assessments, contemporaneous medical/mental health evaluations, and the criminal prosecution – all of which was known to the defendants.

***Defendants' assertion that the proposed amendments "are based on information that plaintiff has known for more than two years" is unavailing.***

Expanding on their 18 month "relevant time period" construct, the defendants assert that "the proposed amendments are based on information that plaintiff has known for more than two years." (ECF 178 at 8). For example, the defendants generalize that Plaintiff "received pre-suit discovery," and, citing to Ms. Hoffman's April 17, 2024 Declaration (ECF 124), attest that they have "produced more than 16,000 documents" as proof their assertion. (ECF 178 at 8). In the same sentence, the defendants insert that "numerous documents regard[] the S-M home," apparently.

3 – REPLY TO RESPONSE TO MOTION FOR LEAVE TO
　　FILE FIRST AMENDED COMPLAINT



(*Id.*).

However, the 4/17/24 Hoffman Declaration cites Bates numbers documents without reference to documents relating to the S-M home, and the defendants have otherwise failed to identify any specific document(s) in Plaintiffs Levi's prior possession that apparently required him to allege the facts regarding the S-M home. As the Court is also aware, whereas the defendants now indicate that O'Brien testified for Raygosa "under subpoena," *see id.* at 10, Plaintiff did not have this subpoena; the defendants have not produced the subpoena, and they refused to produce a photo taken of the subpoena on grounds of "work product" until August 19, 2024 – after this motion was filed. (*See* Ms. Skjelset's August 26, 2024 letter to the Court).

It is also necessary to correct the defendants' attempt to attribute undue delay to Plaintiff. For example, DHS did not produce the S-M certification or provider documents in response to Conservator's subpoena in the probate proceeding. (*See* Decl. ¶ 2). Also, the defendants did not produce the S-M certification file to Plaintiff; they instead produced that file to *Conley* on July 11, 2024, relevant portions of which were marked (for the first time) at Chapman's continued deposition on August 1, 2024 – including documents that reflected DHS upper management concerns about the S-M foster home's ability to meet the needs of a child sexual abuse survivor such as J.C. (Decl., Ex. 4); (*see also* Declaration of Marissa Korbel). Contrary to the defendants' insinuation, the proposed amendments are based on documents and information that Plaintiff received in discovery only recently, and the amendments which conform to this evidence are timely.

Further, despite the defendant' failure to avoid properly informing the Court, "undue delay by itself is insufficient to justify denying leave to amend." *United States v. United Healthcare Ins. Co.,* 848 F.3d 1161, 1184 (9th Cir. 2016).

4 – REPLY TO RESPONSE TO MOTION FOR LEAVE TO
    FILE FIRST AMENDED COMPLAINT



RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

***Defendants' cries of prejudice are unsupported.***

Angling to postpone trial, and thereby continue to needlessly increase Plaintiff's litigation costs, the defendants claim that they "need to take depositions of at least the new resource parents [i.e., S-M]," "expand expert reports to address the new allegations and [so-called] time periods," and "conduct additional investigation" into the self-serving "18-month time period." (ECF 178 at 10).

Defendants have no basis to claim serious prejudice for myriad reasons:

*First*, as discussed above, the defendants were always in possession of the documents and information that support the allegations relating to both (a) the maltreatment occurring in the S-M home and (b) Ms. O'Brien's ongoing efforts to undermine J.C.'s disclosure and thus avoid liability both for Joe Raygosa and herself. As to the S-M home, the defendants apparently believed that specific CPS Assessments, in which J.C. was not mentioned, and the general home studies were responsive to Plaintiff Levi's request – but not related email communications, provider notes and other materials that show prior notice of how harmful the home would be to J.C. and actual notice of harms occurring there. As to Ms. O'Brien's post-disclosure conduct, her lack of memory regarding the trial – or the meaning of "exculpatory" – and the defendants' late-stage production of responsive documents, i.e. Ms. O'Brien's apparent photograph of the trial subpoena, do not justify an eight-week extension or a new trial date.

*Second*, because these facts were always known to the defendants, they had every opportunity to explore them in the 633 days that lapsed between the filing of this lawsuit and the close of discovery on August 12, 2024. Their lack of diligence is further cemented by the fact that the S-M home was the subject of specific claims in the Third Amended Complaint ("TAC") filed in *Conley* – without opposition – on June 3, 2024. *See Conley* 6:23-CV-01353-MK, ECF 36. In

5 – REPLY TO RESPONSE TO MOTION FOR LEAVE TO
   FILE FIRST AMENDED COMPLAINT



support of her Unopposed Motion for Leave to file, Conley explained on May 28, 2024 that the TAC "clarifies the abuse the minor child suffered in a subsequent DHS certified foster home from approximately November 2017 until April 2019 (the Spicer home)." *Conley* ECF 33 at 2. In the ensuing discovery that occurred between May 28 and the close of discovery the defendants required that *Conley* and *Levi* coordinate depositions, and both Plaintiffs obliged. Also, despite *Conley*'s specific allegations regarding the S-M home, the defendants made *no efforts* to depose the S or M foster parent while discovery was ongoing, and they have failed to articulate why S-M deposition testimony is now important to *Levi*'s conformed complaint but was unnecessary in *Conley*. For that matter, the defendants made no attempt whatsoever to "defend themselves" by deposing Nicole Duncan, or Joseph Raygosa (the adult son), or the purported niece and nephew, or Joe Raygosa – notwithstanding the Third Party Complaint for battery against Joe Raygosa. (ECF 124). Likewise, the defendants made no attempt to depose any police officers, Kids FIRST personnel, or parents of other children in the Duncan-Raygosa home.

*Finally*, if the Court were inclined to grant the defendants additional time, Plaintiff does not object to allowing the defendants to "defend themselves" by now deposing S-M. Plaintiff is also amenable to allowing the defendants to supplement their Rule 26 testifying expert reports regarding the S-M foster home in accord with the timelines laid out in *Conley*, which should not be prejudicial given that the S-M home has been a specific allegation in *Conley* for months. Beyond these accomodations, the Court should not permit the defendants to conduct, or manufacture, any other discovery, or extend any other existing timeline – the trial date, in particular.

### Defendants' "futility" argument re O'Brien lacks merit.

The defendants' objections to the proposed amendments regarding O'Brien are both premature and misplaced. The proposed amended pleading does not relate to O'Brien's "testimony

6 – REPLY TO RESPONSE TO MOTION FOR LEAVE TO
   FILE FIRST AMENDED COMPLAINT



RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

in judicial proceedings" on behalf of Raygosa. *Cf., Briscoe v. Lahue,* 490 U.S. 330, 333 (1983). The amendments relate instead to Plaintiff's discovery of O'Brien's deceptive and manipulative conduct as J.C.'s caseworker to undermine J.C.'s disclosure of Raygosa's sexual abuse which continued while she was placed in the S-M foster home. Additionally, the defendants are not prejudiced because they have the ability to challenge the proposed amendments under Rule 12, or by motion for summary judgment.

**CONCLUSION**

Plaintiff respectfully requests the Court to grant the motion.

Dated: September 5, 2024

RIZZO BOSWORTH ERAUT PC


By: ___*Steven Rizzo*_____
Steven Rizzo OSB No. 840853
Mary D. Skjelset OSB No. 075840
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Suite 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630

Caitlin V. Mitchell, OSB #123964
Johnson Johnson Lucas & Middleton PC
975 Oak Street, Ste. 1050
Eugene, OR 97401
Tel: (541) 484-2434
Fax: (541) 484-0882
cmitchell@justicelawyers.com


ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>          Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al ,<br><br>          Defendants. | CASE NO. 6:22-cv-01813-MK<br><br><br>**CERTIFICATE OF SERVICE** |
| OREGON DEPARTMENT OF<br>HUMAN SERVICES,<br><br>          Third Party Plaintiff,<br><br>v.<br><br>JOE ALBERT RAYGOSA,<br><br>          Third Party Defendant. | |

I am employed by the law firm of Rizzo Bosworth Eraut PC in Portland, Oregon.  I am over the age of eighteen years and not a party to the subject cause.  My business address is 1300 SW Sixth Avenue, Suite 330, Portland, OR 97201.

On the date below, I caused to be served on all parties in this action by transmitting a true copy thereof**:** **Plaintiff's Reply to Response to Motion for Leave to File First Amended Complaint**

**VIA ECF**                                    **VIA ECF**

| |
|---|
| **Jill Schneider**<br>**Nicholas S. Mancuso**<br>**Oregon Department of Justice**<br>**100 SW Market Street**<br>**Portland, OR 97201**<br>**Ph. 971-673-1880**<br>**Fax: 971-673-5000**<br>**Email: jill.schneider@doj.state.or.us**<br>**Email: nicholas.mancuso@doj.state.or.us**<br>*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services* |

Lauren Blaesing
Harry B. Wilson
Alexandra Rhee
Hannah Hoffman
Chad Naso
Jeffrey Edelson
Markowitz Herbold PC
1455 SW Broadway
Ste. 1990
Portland, OR. 97201
Ph: 503-295-3085
Email: laurenblaesing@markowitzherbold.com
Email: harrywilson@markowitzherbold.com
Email: alexrhee@markowitzherbold.com
Email: hannahhoffman@markowitzherbold.com
Email: chadnaso@markowitzherbold.com
Email: jeffedelson@markowitzherbold.com
*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services*

Dated this 5th  day of September, 2024.

          *s/Shelley Maddox*
          Shelley Maddox, Paralegal

1 – Certificate of Service