**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Alexandra L. Rhee, OSB #230770**
AlexRhee@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085
*Special Assistant Attorneys General for State Defendants*
*and Third-Party Plaintiff*
*Additional Counsel of Record Listed on Signature Page*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI, | Case No. 6:22-cv-01813-MK |
| Plaintiff, | **STATE DEFENDANTS' MOTION FOR RECONSIDERATION** |
| v. | |
| KIM CHAPMAN, in her individual capacity; ANASTASIA TIBBETTS, in her individual capacity; KASSIDY O'BRIEN, in her individual capacity; ERIN LANE, in her individual capacity; THE OREGON DEPARTMENT OF HUMAN SERVICES, a government agency; and JANE and JOHN DOES 1-5; in their individual and/or official capacities, | |
| Defendants. | |
| OREGON DEPARTMENT OF HUMAN SERVICES, | |
| Third-Party Plaintiff, | |
| v. | |
| JOE ALBERT RAYGOSA, | |
| Third-Party Defendant. | |

Page 1 –     STATE DEFENDANTS' MOTION FOR RECONSIDERATION

**LOCAL RULE 7-1(a) CERTIFICATION**

Pursuant to Local Rule 7-1(a)(1)(C), counsel for Kim Chapman, Anastasia Tibbetts, Kassidy O'Brien, Erin Lane, and the Oregon Department of Human Services ("ODHS") (collectively, "State Defendants") certify that they conferred yesterday via phone with opposing counsel without resolution.

**INTRODUCTION**

OR-Kids is a primary business application documenting ODHS Child Welfare activities. It contains highly sensitive information about participants in child welfare services and is subject to extensive state and federal data protections which have already been documented in the record in this case. This Court recently stated that documenting in OR-Kids a privileged communication concerning a child welfare matter on which the agency is receiving ongoing legal advice waives privilege because OR-Kids is not confidential. (ECF 182.) ODHS respectfully requests the Court clarify or reconsider that ruling because OR-Kids case records are highly confidential, and use is confined to ODHS personnel who have a business purpose for accessing specific case records.

Privileged advice from the Oregon Department of Justice, and work product information is frequently relevant to case work because the case work occurs in conjunction with dependencies in which ODHS is a participant, represented by counsel. For that reason, case workers may place some advice and communications in OR-Kids because it occurs in conjunction with the case work that child welfare workers document in OR-Kids case notes.

OR-Kids is subject to the highest access restrictions in the state. ODHS employees must complete a background check and significant training before being given access to OR-Kids. State employees are only allowed to access a file in OR-Kids where relevant to their job duties, i.e. the provision of services to individuals. It is well-established that an entity's employees can

Page 2 –     STATE DEFENDANTS' MOTION FOR RECONSIDERATION

view and discuss privileged information with each other without destroying the privilege.

Accordingly, placing a case note in OR-Kids does not destroy privilege.

This Court's ruling could have far-reaching implications for not just the attorney-client privilege, but also the state's recordkeeping for numerous other types of confidential information in OR-Kids.  The Court should clarify or reconsider its ruling to clearly state that simply placing information in OR-Kids does not destroy privilege.

## MOTION

Pursuant to the Court's inherent authority to rescind or modify any interlocutory order,[1] State Defendants move for clarification or reconsideration of the portion of the Court's order dated August 29, 2024 that states that communications entered into a child welfare case record such as OR-Kids are not communications made in confidence and are not protected by the attorney-client privilege.

## BACKGROUND

**A.     ODHS has extensive measures in place to protect confidentiality of information in OR-Kids**

OR-Kids is a highly sensitive, highly confidential database where state employees store information about families receiving child welfare and child protection services from ODHS. Federal law requires that child welfare agencies, like ODHS, maintain confidential service records according to particular standards.  45 CFR 1355.50 *et seq*.  OR-Kids is designated "Level

---

[1] "Federal Rule of Civil Procedure 54(b) provides that any interlocutory order may be revised at any time before the entry of a judgment adjudicating all claims and all the parties' rights and liabilities." *Davis v. Tri-Cty. Metro. Transp. Dist. of Or.*, No. 3:12-cv-0808-SI, 2015 WL 4199965, at *1 (D. Or. July 10, 2015) (citations and quotation marks omitted). However, the Rules do not expressly address motions for reconsideration, and as the Ninth Circuit has noted, "[a] district court's power to rescind, reconsider, or modify an interlocutory order is derived from the common law, not from the Federal Rules of Civil Procedure." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001).

4 – Critical" in Oregon's Information Asset Classification Policy.  (ECF 63 ¶3; ECF 63-1.)

Level 4 Critical information is the highest possible classification and is reserved for

"[i]nformation that is deemed extremely sensitive and is intended for use by named individual(s)

only."  (ECF 63-1 at 2.)  ODHS employees can only access OR-Kids after having passed a

fingerprint-based background check and completing significant trainings.  (ECF 62 ¶¶6-7.)

ODHS employees are only permitted to access and use OR-Kids for purposes consistent

with their job duties, e.g., providing services to children and families.  *See* DAS Policy No. 107-

004-110 (stating that state computer software may be used by state employees "for business

purposes only")[2]; (ODHS/OHA Policy No. 090-003 stating that access to ODHS databases is

limited "based on job duties and the user's role")[3].  When beginning employment at ODHS, case

workers must agree to maintain the confidentiality of data, such as OR-Kids, and agree not to use

that data for reasons other than providing services to families and children.  As the policies state,

"ODHS and OHA employees are required to protect the confidentiality, integrity, and

availability of individual information and agency data. . . . ODHS and OHA will use or disclose

only the minimum amount of information necessary to provide services and benefits to

individuals, and only to the extent provided in ODHS and OHA policies and processes."[4]

---

[2] DAS Policy No. 107-004-110, Acceptance Use of State Information Assets Policy (Jan. 1, 2020), https://www.oregon.gov/das/Policies/107-004-110.pdf.

[3] ODHS/OHA Policy No. 090-003, Access Control Policy (Jan. 5, 2024), https://sharedsystems.dhsoha.state.or.us/DHSForms/Served/ME090-003.pdf.

[4] ODHS and OHA Policy and Procedure Summary (2022), https://sharedsystems.dhsoha.state.or.us/DHSForms/Served/me2400.pdf?CFGRIDKEY=MSC%202400%2C2400%2CDHS/OHA%20-%20Policy%20and%20Procedure%20Summary%2Cme2400.pdf%2C%2Cme2400.docx%2C%2C%2C%2C%2C%2C%2C%2C..%2FFORMS/-%2C%2C..%2FFORMS/-.

Further, because OR-Kids contains law enforcement information, improper dissemination of OR-Kids' contents is not just a policy violation, it is potentially a crime. (ECF 62 ¶9.) Every time an ODHS employee accesses an OR-Kids record, the database stores and logs the access. (ECF 63 ¶18.) In this way, ODHS leadership can investigate and respond to concerns about unauthorized use of OR-Kids.

ODHS caseworkers must authenticate their credential every time they log into OR-Kids and receive a warning concerning unauthorized use:

**B.     Case work may necessitate documentation of communications with counsel.**

The Oregon Department of Justice has an entire division devoted to providing legal advice to ODHS Child Welfare employees whose work commonly includes participation in active legal matters. The Child Advocacy and Protection Division provides legal advice to case workers and certifiers as they navigate juvenile dependency litigation and foster care certification

proceedings.[5]  In that role, DOJ Assistant Attorneys General generate attorney-client privileged and attorney work-product communications with ODHS Child Welfare employees.  Case workers may from time to time memorialize communications with counsel as part of documenting their case work and include the communications in OR-Kids.  Because ODHS employees respond to child safety needs, it is not always known in advance which specific employee will need to review a case file for legal advice.  In some situations, an employee may need to quickly assess child safety, understand the current status of a court order, and review legal guidance.  This need for access extends beyond assigned case workers and includes supervisors, child safety workers, and child abuse hotline workers.

The Child Welfare case records produced in this litigation have, at times, included attorney-client privileged information.  When this occurred, State Defendants redacted the privileged information.  Last month, this Court reviewed eight documents identified by plaintiff Levi as potentially non-privileged.  With respect to one document, State Defendants agreed to withdraw their privilege claim before the Court conducted its review because the document had already been produced elsewhere in discovery.  As Ms. Hoffman explained for State Defendants, "the body of that e-mail was copied in full into a case note in OR-Kids *that we have produced*. And so the e-mail, we don't think we can claim privilege over." (ECF 167 at 217:10-12.)  The underlying document was not privileged; it was an email to many people and was not made for the purpose of obtaining legal advice.  (ECF 182 at 4.)  In withdrawing the privilege claim, State Defendants did *not* agree that every document inputted into OR-Kids is categorically non-

---

[5] *See generally* https://www.doj.state.or.us/oregon-department-of-justice/divisions/child-advocacy/

privileged, only that the specific document at issue had been produced elsewhere in the production, and State Defendants would not be clawing it back.

However, in this Court's recent order regarding in-camera review, the Court ruled that "communications entered into a DHS case worker database such as OR-Kids are not communications made in confidence and are not protected by the attorney-client privilege." (*Id.*) The effect of this order is that *every* document incorporated into an OR-Kids case record is no longer kept "in confidence" and thus any privilege is waived.  Following this Court's order, plaintiffs are now demanding that State Defendants produce new, attorney-client privileged documents that State Defendants had previously redacted as privileged.

### LEGAL ARGUMENT

**I.     OR-Kids is a highly confidential database and inputting privileged information into it does not waive attorney-client privilege or work product.**

A client agency's documentation of attorney-client privileged communication or work product information in the database the agency uses to record its case activities does not waive the privilege attaching to advice relating to those cases.  One element of attorney-client privilege is that a communication be made in confidence.  (*See* ECF 182 at 3 (citing *United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010)).  Organizations "can seek and receive legal advice and communicate with counsel only through individuals empowered to act on behalf of the [organization]." *Admiral Ins. Co. v. U.S. Dist. Ct. for Dist. Of Arizona*, 881 F.2d 1486, 1492 (9th Cir. 1989).  Thus, an employee can have a privileged communication as long as the communication "concern[s] matters within the scope of the employee's corporate duties" and the employee is aware that the communication is intended to "enable the attorney to provide legal advice to the corporation." *Admiral Ins. Co.*, 881 F.2d at 1492.

Relatedly, employees can share privileged legal advice with each other without destroying the privilege if the privileged communication is related to the employees' job duties. *See, e.g.*, *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1077 (N.D. Cal. 2002) (holding that the privilege "obviously" protects "a communication between nonlegal employees in which the employees discuss or transmit legal advice given by counsel"); *AT&T Corp. v. Microsoft Corp.*, No. 02-0164 MHP (JL), 2003 WL 21212614, at *3 (N.D. Cal. Apr. 18, 2003) ("Communications between non-lawyer employees about matters which the parties intend to seek legal advice are likewise cloaked by attorney-client privilege."); *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 253 (D.C. Cir. 1977) ("The fact that the communication at issue in this case may have been circulated among more than one employee of the [federal agency] does not necessarily destroy their confidentiality, however. Where the client is an organization, the privilege extends to those communications between attorneys and all agents or employees of the organization who are authorized to act or speak for the organization in relation to the subject matter of the communication.")[6]

Applying these principles, storing an attorney-client privileged case note in OR-Kids does not necessarily waive the privilege. OR-Kids is a complex business application that ODHS child welfare uses for a number of activities, including maintenance of individual certification, child protection, and permanency files. A federal regulation requires ODHS to store case files and provider files in a secure application like OR-Kids as a condition of Oregon's receipt of Title IV-E funding. 45 CFR 1355.50.

---

[6] This Court's order does not discuss work-product protections and State Defendants do not read it as applying to work-product protections. Under binding precedent, protection of attorney work-product is *not* waived if provided to third-party, only if provided to an adversary. *United States v. Sanmina Corp.*, 968 F.3d 1107, 1121 (9th Cir. 2020).

ODHS employees obtain legal advice from Oregon DOJ attorneys as a normal function of their jobs. ODHS is also represented in court (e.g., juvenile dependency proceedings) by Oregon DOJ attorneys. Case workers providing services to specific individuals, or carrying out the business of children welfare can review advice or work product concerning those same activities or cases in OR-Kids without destroying the privilege. OR-Kids is not just held in confidence, it is one of the most protected databases in the state's possession. An ODHS employee must complete trainings and background checks before being granted access to OR-Kids. And even then, only state employees with legitimate business purposes for doing so are allowed to access a specific case file or provider file. Thus, there is no basis for this Court to conclude that entering information into OR-Kids necessarily waives the privilege.

## II.     This Court's waiver ruling has far-reaching implications for the protection of confidential and privileged information in ODHS's possession.

A categorical rule that ODHS has waived privilege for every document placed in OR-Kids would have serious implications for the confidentiality of attorney-client communications beyond this case. ODHS Child Welfare employs approximately 3,000 individuals and Oregon DOJ's CAPD employs 100 attorneys. Because OR-Kids is the central database for storing child welfare case records and provider files, and child welfare certification activities frequently call for legal advice, it is likely attorney-client privileged legal advice appears in multiple places within OR-Kids. This Court's broad waiver finding would vitiate the privilege by removing attorney-client privilege for an entire swath of documents that ODHS has always kept confidential. As one district court has explained, "access to legal advice by officials responsible for formulating, implementing and monitoring governmental policy is fundamental to promoting broader public interests in the observance of law and administration of justice." *Est. of Serna v. Cnty. of San Diego*, 689 F. Supp. 3d 848, 860 (S.D. Cal. 2023) (cleaned up). This Court's ruling

impedes the attorney-client privilege for an untold number of communications between case workers and attorneys.

This Court's ruling also has broad implications for documents subject to other privileges and protections. For instance, OR-Kids does not just contain attorney-client privileged information; OR-Kids also contains criminal justice information, health information for children and families, and juvenile dependency records protected by an entire body of state law. (ECF 63 ¶ 6.) This Court's order that placing a document in OR-Kids is inconsistent with a legal obligation to keep the document "in confidence" has far-reaching implications for the storage of confidential documents statewide. To the best of State Defendants' knowledge, no court has ever ruled that case notes contained within OR-Kids are categorically unprivileged. This Court should therefore clarify its ruling and confirm that OR-Kids is confidential and not categorically unprotected.

### III.    Plaintiffs request for an organizational deposition regarding OR-Kids is untimely and unjustified.

At oral argument, plaintiff Conley also requested a FRCP 30(b)(6) deposition of an ODHS witness about the policies surrounding OR-Kids access. But discovery on discovery is never appropriate without a showing of need. "When the discovery sought is collateral to the relevant issues (i.e., discovery on discovery), the party seeking the discovery must provide an adequate factual basis to justify the discovery, and the Court must closely scrutinize the request in light of the danger of extending the already costly and time-consuming discovery process ad infinitum." *Cahill v. Nike, Inc.*, No. 3:18-CV-1477-JR, 2020 WL 4584241, at *4 (D. Or. Aug. 10, 2020) (citations omitted). Similarly, discovery is inappropriate if it is based on "mere suspicion or speculation." *See Shinedling v. Sunbeam Prod. Inc.*, No. EDCV-12438-CJC(SPx), 2013 WL 12142945, at *1 (C.D. Cal. July 26, 2013) (citations omitted) ("Requested discovery is

not relevant to the subject matter involved in a pending action if the inquiry is only based on the requesting party's mere suspicion or speculation.")

Here, State Defendants have redacted privileged case notes in OR-Kids since the outset of the litigation. Plaintiffs have never contested the confidential status of OR-Kids case files until this Court's recent order. Plaintiffs did not ask for a 30(b)(6) deposition of ODHS during the ordinary course of discovery on this topic. Plaintiffs have deposed over a dozen current or former state employees. Plaintiffs could have, in any deposition, asked an individual deponent about their practices around OR-Kids usage. This Court has already admonished the parties that it will not entertain untimely discovery requests on issues that should have been pursued during the ordinary course of discovery. Regardless, plaintiffs have not offered any basis to believe that unauthorized users have accessed OR-Kids case notes and thereby broken the privilege.[7] Plaintiffs' mere speculation does not justify a new 30(b)(6) deposition.

## CONCLUSION

This Court should grant this motion and clarify that placing a case note in OR-Kids does not categorically waive the privilege.

---

[7] To be sure, even if this unauthorized use occurred, it would not constitute a waiver by the state of its privilege.

DATED: September 12, 2024

ELLEN F. ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON

*s/ Anit K. Jindal*

Lauren F. Blaesing, OSB #113305
LaurenBlaesing@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Alexandra L. Rhee, OSB #230770
AlexRhee@MarkowitzHerbold.com
*Special Assistant Attorneys General for State*
*Defendants and Third-Party Plaintiff*

Chad A. Naso, OSB #150310
ChadNaso@MarkowitzHerbold.com
Jeffrey M. Edelson, OSB #880407
JeffEdelson@MarkowitzHerbold.com
Anit K. Jindal, OSB #171086
AnitJindal@MarkowitzHerbold.com
*Of Attorneys for State Defendants and Third-Party*
*Plaintiff*

Jill Schneider, OSB #001619
Jill.Schneider@doj.oregon.gov
Nicholas Mancuso, OSB #151262
Nicholas.Mancuso@doj.oregon.gov
*Of Attorneys for State Defendants and Third-Party*
*Plaintiff*

2196127.3

## CERTIFICATION OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 2,699 words, including headings, footnotes, and quotations, but excluding the caption, signature block, and any certificates of counsel.

DATED: September 12, 2024        ELLEN F. ROSENBLUM
                                 ATTORNEY GENERAL
                                 FOR THE STATE OF OREGON


                                 *s/ Anit K. Jindal*
                                 Lauren F. Blaesing, OSB #113305
                                 LaurenBlaesing@MarkowitzHerbold.com
                                 Harry B. Wilson, OSB #077214
                                 HarryWilson@MarkowitzHerbold.com
                                 Alexandra L. Rhee, OSB #230770
                                 AlexRhee@MarkowitzHerbold.com
                                 *Special Assistant Attorneys General for State*
                                 *Defendants and Third-Party Plaintiff*

                                 Chad A. Naso, OSB #150310
                                 ChadNaso@MarkowitzHerbold.com
                                 Jeffrey M. Edelson, OSB #880407
                                 JeffEdelson@MarkowitzHerbold.com
                                 Anit K. Jindal, OSB #171086
                                 AnitJindal@MarkowitzHerbold.com
                                 *Of Attorneys for State Defendants and Third-Party*
                                 *Plaintiff*

                                 Jill Schneider, OSB #001619
                                 Jill.Schneider@doj.oregon.gov
                                 Nicholas Mancuso, OSB #151262
                                 Nicholas.Mancuso@doj.oregon.gov
                                 *Of Attorneys for State Defendants and Third-Party*
                                 *Plaintiff*