**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Alexandra L. Rhee, OSB #230770**
AlexRhee@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085
*Special Assistant Attorneys General for State Defendants*
*and Third-Party Plaintiff*
*Additional Counsel of Record Listed on Signature Page*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI, | Case No. 6:22-cv-01813-MK |
| Plaintiff, | **STATE DEFENDANTS' MEMORANDUM OF LAW RE CONSENT TO MAGISTRATE JUDGE JURISDICTION** |
| v. | |
| KIM CHAPMAN, in her individual capacity; ANASTASIA TIBBETTS, in her individual capacity; KASSIDY O'BRIEN, in her individual capacity; ERIN LANE, in her individual capacity; THE OREGON DEPARTMENT OF HUMAN SERVICES, a government agency; and JANE and JOHN DOES 1-5; in their individual and/or official capacities, | |
| Defendants. | |
| OREGON DEPARTMENT OF HUMAN SERVICES, | |
| Third-Party Plaintiff, | |
| v. | |
| JOE ALBERT RAYGOSA, | |
| Third-Party Defendant. | |

**Page 1 –    STATE DEFENDANTS' MEMORANDUM OF LAW RE CONSENT TO MAGISTRATE JUDGE JURISDICTION**

In accordance with the Court's direction at the September 6, 2024 discovery conference, State Defendants submit this memorandum of law addressing magistrate judge jurisdiction in this case.

## QUESTION PRESENTED

Does the magistrate judge have plenary jurisdiction over this matter where all parties have consented except for the third-party defendant, Joe Raygosa, who has not appeared and against whom a default has been entered?

## SHORT ANSWER

Case law suggests the answer is "no."  A magistrate judge "may conduct any or all proceedings in a . . . civil matter and order the entry of judgment in the case" only "[u]pon the consent of the parties[.]"  28 U.S.C. 636(c)(1).  "Consent" for this purpose means *all* parties, and in the Ninth Circuit, "all parties" includes non-appearing, defaulted parties.

The Ninth Circuit has held that § 636(c)(1) "requires consent of all parties—not a subset of them—for jurisdiction to vest in the magistrate judge." *Williams v. King*, 875 F.3d 500, 503-04 (9th Cir. 2017).  Accordingly, the magistrate judge likely lacks plenary jurisdiction over this matter—including the ability to determine dispositive motions and enter judgment—because third-party defendant Raygosa has not appeared and consented to such jurisdiction.

## BACKGROUND

Plaintiff Ethan Levi filed this lawsuit on November 18, 2022.  (Dkt. No. 1.)  Plaintiff's initial complaint alleges that the State Defendants are liable for injuries resulting from the sexual abuse of J.C., a minor child, by her former foster parent Joe Raygosa.  (*Id.*)  On January 30, 2023, the State Defendants filed an Answer and Third-Party Complaint alleging a battery claim against Raygosa, seeking a judgment declaring Raygosa's actions the sole cause of J.C.'s damages, and "awarding the State Defendants their costs and disbursements incurred herein, and

**Page 2 –    STATE DEFENDANTS' MEMORANDUM OF LAW RE CONSENT TO MAGISTRATE JUDGE JURISDICTION**

for such other and further relief as the Court may deem appropriate." (Dkt. No. 19 at 9-10.)
Raygosa was personally served with the summons on March 8, 2023. (Dkt. No. 29.)

Plaintiff Levi and the State Defendants have consented to have a U.S. Magistrate Judge conduct any and all proceedings in this case, including entry of orders on dispositive motions, trial, and entry of final judgment. (Dkt. Nos. 37, 39.) Raygosa has not consented or otherwise appeared in this matter. On November 20, 2023, the clerk entered a default as to Raygosa. (Dkt. No. 101.)

**DISCUSSION**

## I.    The Federal Magistrates Act

Section 636 of the Federal Magistrates Act sets out the jurisdiction and powers of magistrate judges. 28 U.S.C. § 636; *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1067 (9th Cir. 2004). The law provides a three-tiered system of magistrate judge jurisdiction. First, a magistrate judge may be designated to determine most pretrial matters directly, except that the parties can ask the district judge to "reconsider" any such matter if "the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Second, when it comes to certain dispositive or important motions[1]—such as motions for summary judgment—the magistrate judge does not issue a ruling, but may conduct hearings and submit a report and recommendation to the district judge, who will determine the matter de novo. *Id.* § 636(b)(1)(B), (C). Finally, "[u]pon consent of the parties," a magistrate judge "may conduct any or all proceedings in a . . . civil matter and order the entry of judgment in the case[.]" *Id.* § 636(c)(1).

---

[1] These are motions for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. 28 U.S.C. § 636(b)(1)(A).

**Page 3 –    STATE DEFENDANTS' MEMORANDUM OF LAW RE CONSENT TO MAGISTRATE JUDGE JURISDICTION**

Any action taken by a magistrate judge that exceeds the statutory grant of jurisdiction in Section 636 is "a nullity." *Branch v. Umphenour*, 936 F.3d 994, 1000 (9th Cir. 2019); *Allen v. Meyer*, 755 F.3d 866, 868 (9th Cir. 2014). The Ninth Circuit reviews de novo whether a magistrate judge validly entered judgment on behalf of a district court. *Id.* at 867-68. And because appellate jurisdiction "depends on the magistrate judge's lawful exercise of jurisdiction," *id.* at 867, the Ninth Circuit may take up that issue *sua sponte*. *See Hajek v. Burlington N. R.R. Co.*, 186 F.3d 1105, 1107-08 (9th Cir. 1999) (raising issue of appellate jurisdiction *sua sponte* and reviewing whether magistrate judge had jurisdiction). Further, as Section 636 implicates the court's subject matter jurisdiction, its requirements cannot be waived or forfeited, and a lack of jurisdiction may be raised at any time. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

## II.    Magistrate judge jurisdiction requires the consent of *all* "parties."

A magistrate judge may exercise plenary jurisdiction over a civil matter only "[u]pon the consent of the parties[.]" 28 U.S.C. § 636(c)(1). Section 636(c)(1) "requires consent of all parties—not a subset of them—for jurisdiction to vest in the magistrate judge." *Williams*, 875 at 503-04; *see also Branch*, 939 F.3d at 1001 ("no party will be denied independent review by an Article III judge unless *all* parties have consented to the magistrate judge exercising plenary jurisdiction") (emphasis in original). In other words, magistrate judge jurisdiction "cannot vest until the court has received consent from all parties to an action." *Williams*, 875 F.3d at 504.

The Ninth Circuit has made clear that the consent requirements of § 636(c)(1) apply not just to the appearing parties, but also to parties that have not appeared. In *Williams*, the Ninth Circuit held that a plaintiff's consent alone did not vest the magistrate judge with jurisdiction over a civil rights action and that the absence of consent from unserved defendants deprived the magistrate judge of jurisdiction to dismiss the complaint against them for failure to state a claim.

**Page 4 –    STATE DEFENDANTS' MEMORANDUM OF LAW RE CONSENT TO
                MAGISTRATE JUDGE JURISDICTION**

875 F.3d at 504.  In so holding, the Court concluded that "all plaintiffs and defendants named in the complaint are 'parties' within the meaning of § 636(c)(1)—irrespective of whether the complaint has been properly served."  *Id.* at 503.  In light of *Williams*, district courts in the Ninth Circuit routinely conclude that magistrate judge jurisdiction is lacking due to the absence of consent from non-appearing, defaulting parties.  *See, e.g.*, *Cory Liguore v. Kendall Simmons*, No. 24-cv-01621-LB, 2024 WL 4112332 at *19 (N.D. Cal. Sept. 5, 2024) (noting that the consent requirement of § 636(c)(1) to apply to "non-appearing, defaulting parties"); *Rocha v. JW Produce, Inc.*, No. 21-cv-09194-VKD, 2022 WL 1239348 at *1 (N.D. Cal. April 27, 2022) (finding that magistrate judge "does not have the consent of all parties" because "defendants have not appeared and are in default");  *Operating Engineers' Health and Welfare Trust Fund for N. California v. Euro-Tech Constr. & Trucking, Inc.*, No. 20-cv-04143-LB, 2021 WL 6053835 at *1 (N.D. Cal. Dec. 3, 2021) (finding that the case must be reassigned because "not all parties have appeared and consented" to magistrate judge jurisdiction).

### III.    Third-party defendants are "parties" for purposes of § 636(c)(1).

Although the Ninth Circuit has not directly ruled on whether or not a third-party defendant is a "party" whose consent is required by § 636(c)(1), such a conclusion is strongly supported by the Court's existing precedent.  The Ninth Circuit has recognized that the term "party" or "parties" is a legal term of art.  *Williams*, 875 F.3d at 503.  "[I]t is a cardinal rule of statutory construction that, when Congress employs a term of art, it presumably knows and adopts the cluster of ideas that were attached to each borrowed word in the body of learning from which it was taken."  *Fed. Aviation. Admin. v. Cooper*, 566 U.S. 284, 292 (2012) (cleaned up).  Here, the U.S. Supreme Court has defined the term: "In general, a 'party' to litigation is one by or against whom a lawsuit is brought or one who becomes a party by intervention, substitution, or **third-party practice**."  *Smith v. Bayer Corp.*, 564 U.S. 299, 313 (2011) (cleaned up,

Page 5 –    STATE DEFENDANTS' MEMORANDUM OF LAW RE CONSENT TO
                   MAGISTRATE JUDGE JURISDICTION

emphasis added). The Ninth Circuit expressly relied on this definition[2] to hold that "all plaintiffs and defendants named in the complaint are 'parties' with the meaning of § 636(c)(1)[.]" *Williams,* 875 F.3d at 503. Because the Supreme Court's definition of "party" makes no distinction between "plaintiffs and defendants," on the one hand, and persons later added to a lawsuit by third-party practice, on the other, it is unlikely the Ninth Circuit would make such a distinction for purposes of § 636(c)(1).

District courts routinely consider the consent of third-party defendants to be necessary for magistrate judge jurisdiction. *See Morgan v. Noss*, No. 22-1631, 2024 WL 756934 at *1 (W.D. Penn. Feb, 23, 2024) (finding that the lack of consent from third-party defendant precluded magistrate judge jurisdiction); *Davis v. Persons Serv. Co., LLC*, No. 4-12-cv-153, 2017 WL 6030535 at *1 n.1 (D. N.D. Nov. 17, 2017) (acknowledging the absence of magistrate jurisdiction because, although all the parties consented to proceed before the magistrate judge when the action began, "this case has evolved to include third-party defendants, none of whom have consented").

## IV. It is unlikely that the Ninth Circuit would consider a party's non-participation sufficient to imply consent to magistrate jurisdiction.

Finally, the Ninth Circuit has never held that a party's consent to magistrate jurisdiction may be implied from its failure to participate in a lawsuit. Such an approach is contrary to the weight of authority. By way of example, *Morgan v. Noss*, No. 22-1631, 2024 WL 756934 (W.D. Penn. Feb. 23, 2024), is an illustrative case involving facts similar to those at issue here. In *Morgan*, like here, all parties to the lawsuit consented to magistrate jurisdiction except a defaulted third-party defendant. The Court held that this was not enough to confer jurisdiction

---

[2] The Third Circuit has also relied on this definition of "party" in interpreting § 636(c)(1). *See Burton v. Schamp*, 25 F.4th 198, 208 (3d Cir. 2022).

**Page 6 –    STATE DEFENDANTS' MEMORANDUM OF LAW RE CONSENT TO MAGISTRATE JUDGE JURISDICTION**

on the magistrate judge because "the defaulted party's failure to participate is insufficient grounds for finding implied consent." *Id.* at \*1. The Court noted that "[a]lthough some district courts have held that default alone suffices, those rulings are contradicted by an overwhelming majority of the reported decisions." *Id.*

## V.    State Defendants' third-party complaint against Raygosa cannot be reduced to judgment at this time.

Finally, State Defendants' third-party complaint against Raygosa cannot be fully resolved at this time through entry of a default judgment. Initially, because Raygosa has not consented to magistrate judge jurisdiction, only an Article III judge has jurisdiction to enter judgment against him. *See Euro-Tech Constr. & Trucking, Inc.*, 2021 WL 6053835 at \*1 (reassigning case on motion for default judgment because "not all parties have appeared and consented"). Further, a motion for default judgment on State Defendants' third-party complaint is premature. Both the Supreme Court and Ninth Circuit have recognized that when one of several defendants who is alleged to be jointly liable defaults, a court should not enter judgment against the defaulting defendant until the matter has been adjudicated with regard to all defendants. *Frow v. De La Vega*, 82 U.S. 552, 554 (1872); *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001). The purpose of this rule is to avoid incongruous judgments. *Id.* This approach is consistent Federal Rule 54(b), which directs that a final judgment with respect to third-party claims may be entered before the full adjudication of all claims "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. 54(b).

Here, State Defendants' third-party complaint seeks to hold Raygosa liable as "the sole cause of for J.C.'s damages." (Dkt. No. 19 ¶ 50.) As a result, that claim cannot be reduced to a judgment until plaintiff's claims are adjudicated and J.C.'s damages are determined. *See Morgan*, 2024 WL 756934 at \*1 (finding motion for default judgment on third-party claims

**Page 7 –    STATE DEFENDANTS' MEMORANDUM OF LAW RE CONSENT TO MAGISTRATE JUDGE JURISDICTION**

premature where they "presently cannot be reduced to judgment"). Accordingly, it is premature for State Defendants to seek a default judgment against Raygosa at this time.

## CONCLUSION

Under Ninth Circuit precedent interpreting 28 U.S.C. 636(c), not all of the parties have consented to magistrate judge jurisdiction in this matter. Third-party defendant Raygosa has not appeared and consented to such jurisdiction, and thus the magistrate judge lacks plenary jurisdiction over this matter—including the ability to determine dispositive motions and enter judgment. Because any action taken by a magistrate judge that exceeds the statutory grant of jurisdiction in Section 636 is "a nullity," the Court should refrain from taking action in this matter that is not authorized by 28 U.S.C. § 636(b).

DATED: September 13, 2024.

ELLEN F. ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON


s/ Chad A. Naso
Lauren F. Blaesing, OSB #113305
LaurenBlaesing@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Alexandra L. Rhee, OSB #230770
AlexRhee@MarkowitzHerbold.com
*Special Assistant Attorneys General for State Defendants and Third-Party Plaintiff*

Chad A. Naso, OSB #150310
ChadNaso@MarkowitzHerbold.com
Jeffrey M. Edelson, OSB #880407
JeffEdelson@MarkowitzHerbold.com
*Of Attorneys for State Defendants and Third-Party Plaintiff*

Jill Schneider, OSB #001619
Jill.Schneider@doj.oregon.gov


**Page 8 –    STATE DEFENDANTS' MEMORANDUM OF LAW RE CONSENT TO MAGISTRATE JUDGE JURISDICTION**

Nicholas Mancuso, OSB #151262
Nicholas.Mancuso@doj.oregon.gov
*Of Attorneys for State Defendants and Third-Party Plaintiff*

2196703

**Page 9 –    STATE DEFENDANTS' MEMORANDUM OF LAW RE CONSENT TO
MAGISTRATE JUDGE JURISDICTION**