Steven Rizzo, OSB # 840853
Mary D. Skjelset, OSB # 075840
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Ste. 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630
srizzo@rizzopc.com
mskjelest@rizzopc.com

Caitlin V. Mitchell, OSB #123964
Johnson Johnson Lucas & Middleton PC
975 Oak Street, Ste. 1050
Eugene, OR 97401
Tel: (541) 484-2434
Fax: (541) 484-0882
cmitchell@justicelawyers.com

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>    Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al.,<br><br>    Defendants.<br><br>---<br><br>OREGON DEPARTMENT OF<br>HUMAN SERVICES,<br><br>    Third Party Plaintiff,<br><br>v.<br><br>JOE ALBERT RAYGOSA,<br><br>    Third Party Defendant. | CASE NO. 6:22-cv-01813-MK<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' MEMORANDUM OF LAW** |

1 - PLAINTIFFS'   RESPONSE   TO   DEFENDANTS'
    MEMORANDUM

RIZZO | BOSWORTH | ERAUTPC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

**INTRODUCTION**

As discussed below, the Court should drop third-party defendant Raygosa or sever defendant and third-party plaintiff DHS's third-party claim for battery against third-party defendant Raygosa. If DHS were to file a motion for default judgment, the Court could enter the judgment, which is not a final judgment under Rule 54(b). This response is supported by Fed. R. Civ. P. 1, 14(4), 21, 54 and 55, and the pleadings and papers on file with the Court.

**RELEVANT PROCEDURAL BACKGROUND**

Plaintiff filed the Complaint on November 18, 2022. Plaintiff alleged civil rights claims against multiple parties, i.e., DHS employees, and negligence against DHS. (ECF 1). The defendants filed an Answer on January 30, 2023, which contained Defendant and Third-Party Plaintiff DHS's claim for battery of J.C. against third-party defendant Joe Albert Raygosa ("Raygosa"). (ECF 19). The third-party claim alleged that Raygosa's battery, i.e., the rape and sodomization of J.C., was the "sole cause of J.C.'s damages." In the Prayer of the TPC, the defendants (including DHS) sought "a *judgment . . . declaring* Raygosa's actions the sole cause of J.C.'s damages." (*Id.* at 9-10) (emphasis added). [1]

In response to the Court's February 14, 2023 order to show cause (ECF 20), the defendants filed a proposed Summons to Raygosa ("Summons") on February 15, 2023, and a proposed Amended Summons on February 28, 2023. (ECF 26, 27). The Summonses advised that Raygosa "must serve" a Rule 12 motion or answer on the parties within 21 days after service and failure to do so would result in "judgment by default [] entered against [Raygosa] for the relief demanded in the third-party complaint." (*Id*.).

On March 8, 2023, Raygosa was personally served at the Lane County Jail. (, ECF 29). Raygosa failed to serve a Rule 12 motion or answer. On May 10, 2023, Plaintiff Levi and the

---

[1] Plaintiff's Rule 14 motion to strike the TPC noted in pertinent part that the claim "does not seek to transfer a loss or seek contribution or indemnity from Raygosa." (2/21/23 Mot. to Strike, ECF 24). The defendants' opposition argued *inter alia* that "courts may not resolve disputed and substantial factual or legal issues in deciding a motion to strike." (3/6/23 Resp., ECF 28 at 5). The Court denied Plaintiff's motion on May 12. 2023. (ECF 40).



defendants separately consented to jurisdiction by Magistrate Judge and designation of the normal appeal route pursuant to Fed. R. Civ. P 73(b). (ECF 39). The Clerk entered the default under Rule 55(a) on November 20, 2023. (ECF 101).

The defendants' January 25, 2024 Amended Answer ("AA") realleged DHS's TPC against Raygosa. (ECF 110). Nothing in the record shows that the defendants made any effort to serve Raygosa with the AA, and DHS has taken no action to seek a default judgment against Raygosa.

On August 6, 2024, the Court set trial on February 10, 2025 – over the defendants' objection. On August 30, 2024, the Court entered Full Consent by all Parties to Jurisdiction by U.S. Magistrate, which incorporated the parties' May 10, 2023 Consents. (ECF 185).

The defendants' September 5, 2024 letter asked the Court to "clarify" whether "it believes it has *full* consent by *all* parties to conduct any and all proceedings in this case, including entry of orders on dispositive motions, trial, and entry of final judgment." (Defs.' 9/5/24 Letter) (emphasis added). During the parties' conferral, Mr. Wilson revealed that Raygosa's lack of written consent to a default judgment raised a potential jurisdictional issue. Mr. Wilson rejected Plaintiff's request to sever the TPC because it would not advance his clients' position.

During the September 6, 2024 status conference, the Court set a briefing schedule to address the defendants' question. The defendants filed their Memorandum of Law on September 13, 2024. (ECF 198). The "short answer" to the "question presented" assumes that the Court "likely" does not have plenary jurisdiction over this civil action "because third-party defendant Raygosa has not appeared and consented to such jurisdiction." (*Id.* at 2). Beyond that, the defendants merely caution the Court to "refrain from taking action in this matter that is not authorized by 28 U.S.C. § 636(b)." (*Id.* at 8). Resting on their warning, the defendants otherwise "refrain" from assisting the Court to "secure the just, speedy, and inexpensive determination" of this civil rights action. Fed. R. Civ. P. 1.

**RESPONSE TO MEMORANDUM OF LAW**

3 - PLAINTIFFS'     RESPONSE     TO     DEFENDANTS'
    MEMORANDUM

RIZZO | BOSWORTH | ERAUT PC

1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

Raygosa was properly served; he failed to timely appear and he is in default. There is also no dispute that Magistrate Judges exercise jurisdiction in accord with 28 U.S.C. § 636, that all parties must expressly consent to conduct a civil action, and that third-party defendants are deemed to be parties under 28 U.S.C. § 636(c)(1). *Williams v. King,* 875 F.3d 500, 503-04 (9th Cir. 2017) (citing *Coleman v. Labor and Industry Review Commission,* 860 F.3d 461, 470-73 (7th Cir. 2018)).

In *Williams*, the plaintiff inmate filed a civil rights action against defendant officials, challenging the condition of his continued confinement as a sexual predator. The plaintiff expressly consented to Magistrate Judge jurisdiction, but the court dismissed his complaint – prior to the defendant officials' appearance. On appeal from the dismissal, the Ninth Circuit reversed for lack of jurisdiction because the "absence of consent from the unserved defendants deprived the magistrate judge of jurisdiction to dismiss [the plaintiff's] complaint." *Id*. at 502-03.

The defendants point out that "in light of *Williams*," three Northern District of California cases agree that a defaulting party must provide written consent prior to entry of default judgment by a Magistrate Judge. (ECF 198 at 5).

For example, in *Rocha v. JW Produce*, the plaintiff consented to proceed before a Magistrate Judge. The defendants were properly served but did not appear, and they were in default. The plaintiff moved for default judgment, and the defendants failed to respond. The court directed the clerk to reassign the case to a district judge. Citing to *Williams,* the court's Order for Reassignment to a District Judge stated that it "does not have the consent of all parties." The court did not explain further. 2022 U.S. Dist. LEXIS 76611 * 1-2, 13 | 2022 WL 1239348 (N.D. Cal. 2022).

In *Operating Engineers' Health & Welfare Trust Fund for N. Cal. V. Euro-Tech Constr. & Trucking*, the plaintiffs sued the defendants for failure to make required contributions to benefits plans. It is unclear from the opinion whether the plaintiff consented, but the defendants were in default for their failure to appear. In response to the plaintiffs' motion for default judgment, the court cited *Williams*, stating that "[b]ecause not all parties have appeared and

RIZZO | BOSWORTH | ERAUT PC

1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

consented to the undersigned's jurisdiction, the case must be reassigned." 2021 U.S. Dist. LEXIS 244449 * * 1-2 | 2021 WL 6053835 (N.D. Cal. 2021).

In *Liguore v. Simmons*, the plaintiff sued the defendant, Mr. Simmons, and his company, 7+6 Management, LLC, for cyberprivacy violations. Both Simmons and the corporation failed to appear after being properly served and the clerk entered default. The plaintiff then sought a default judgment against the defendants under Rule 55(b). Simmons appeared at the final hearing date on the motion after making prior attempts to contact the clerk and confirm the hearing date. The court determined therefore that Simmons had appeared and had not yet consented. Citing *Williams,* the court stated that the consent requirement applied to "non-appearing, defaulting parties, like [7+6]." The court was hesitant to enter default judgment against 7+6 absent confirmation that the corporation actually existed. Therefore, the court ordered the parties to confer on the status of the non-appearing corporation. 2024 U.S. Dist LEXIS 159952 ** 3, 10, 49-51 | 2024 WL 4112332 (N.D. Cal. 2024).

The three cases, as seen, share procedural commonalities: Plaintiff(s) versus defendant(s), proper service upon the defendant(s), failure to timely appear, and entry of default – and a motion for default judgment on file. Here, third-party defendant and plaintiff DHS versus third-party defendant Raygosa, failed to timely appear, and entry of default – but there is *no* motion for default judgment on file.

Angling for delay, the experienced Markowitz attorneys are silent on whether to file a motion for default judgment against Raygosa.[2] However, the Court is not bound by the defendants' embrace of delay. There are at least two pathways for the Court to maintain jurisdiction and continue thereby efficiently advance this action toward the assigned February 10, 2025 trial:

(1) *Enter a default judgment against Raygosa pending resolution of all claims*. In the event a motion for default judgment were filed, and the Court were to determine that the motion

---

[2] Markowitz has packed this case with 7 attorneys of record: SAAGs Mr. Wilson, Ms. Blaesing and Ms. Rhee, and Ms. Hoffman (withdrawn), Mr. Naso, Mr. Edelson, and now Mr. Jindal.



RIZZO | BOSWORTH | ERAUT PC

1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

meets the default judgment criteria expressed in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986), the Court could enter default judgment "that does not dispose of all of the claims among the parties [which] is not a final judgment unless the court directs entry of final judgment under Rule 54(b)." *See* Rule 55 *Committee Notes on Rules – 2015 Amendment.* ("Until final judgment is entered, Rule 54(b) allows revision of the default judgment at any time.").

(2) *Drop Raygosa or sever the third-party claim.* As an antidote to the defendants' delay game, Fed. R. Civ. P 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Accordingly, the Court may *drop* Raygosa as a third-party defendant, considering DHS's strategic failure to move for a default judgment. Rule 21 also provides that "[t]he court may also sever any claim against a party." *Id.* Accordingly, the Court may justly *sever* DHS's third-party battery/declaratory judgment claim under Fed. R. Civ. P 21.

The defendants' citation to *Ligoure* is instructive on whether to sever. The Magistrate Judge there advised the parties that once it was determined whether Simmons' company, 7+6, did in fact exist and failed to appear:

> …the undersigned can retain jurisdiction over the case if it severs the plaintiff's claims against the defaulting defendant pursuant to Federal Rule of Civil Procedure 21. The severed defendant would be severed into a separate but related case that would be given a new case number. The new case would remain assigned to the undersigned. No additional filing fee would be required. The original case would move forward. With respect to the new case, any issues (such as any motion for default judgment) can be addressed after the original case concludes, either directly (if there is a dismissal) or by way of a report and recommendation that ultimately would be reviewed by a district judge.

*Id.* at *50-51. This approach is consistent with Plaintiff's proposal to Mr. Wilson; although the defendants refused to sever, precisely because that would preserve the trial date and ensure finality in this litigation.

Dropping Raygosa or severing the third-party claim would not prejudice the defendants. DHS's third-party battery claim is based on state law. It has nothing to do with Plaintiff's civil rights claims against the defendant officials and/or those defendants' slate of affirmative defenses. In response to Plaintiff's negligence claim, DHS has not alleged comparative fault against Plaintiff, J.C., or the defendant officials. As set forth in Plaintiff's Rule 14 motion to

RIZZO | BOSWORTH | ERAUT<sub>PC</sub>

1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

strike, DHS's third-party clam is for battery against Raygosa is not a claim for contribution or indemnity, nor does it seek a determination of comparative fault between DHS and Raygosa. Rather, DHS seeks primarily declaratory relief, i.e., a *judgment declaring* that Raygosa's battery of J.C. is the "sole cause" of her damages. However, the jury will decide causation on Plaintiff's negligence claim against DHS.

Thus, DHS's third-party claim battery/declaratory relief claim represents a defense based on lack of causation, at best. Accordingly, the defendants are not prejudiced by dropping Raygosa as a party, or by severing the third-party claim as outlined in *Ligoure* pending the outcome of the February 10, 2025 trial.

### CONCLUSION

The Court should therefore drop Raygosa as a third-party defendant or sever DHS's third-party claim in order to secure the just, speedy, and inexpensive determination of this civil rights action. As a catalyst, the Court may also set a date certain on which to file the motion for default judgment and consider the entry of a non-final default judgment.

Dated: September 17, 2024.

RIZZO BOSWORTH ERAUT PC

By: */s/ Steven Rizzo*
Steven Rizzo OSB No. 840853
Mary D. Skjelset OSB No. 075840
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Suite 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630

ATTORNEYS FOR PLAINTIFF LEVI

RIZZO | BOSWORTH | ERAUT PC

1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>      Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al ,<br><br>      Defendants. | CASE NO. 6:22-cv-01813-MK<br><br><br>**CERTIFICATE OF SERVICE** |
| OREGON DEPARTMENT OF<br>HUMAN SERVICES,<br><br>      Third Party Plaintiff,<br><br>v.<br><br>JOE ALBERT RAYGOSA,<br><br>      Third Party Defendant. | |

I am employed by the law firm of Rizzo Bosworth Eraut PC in Portland, Oregon. I am over the age of eighteen years and not a party to the subject cause. My business address is 1300 SW Sixth Avenue, Suite 330, Portland, OR 97201.

On the date below, I caused to be served on all parties in this action by transmitting a true copy thereof**: Plaintiff's Response to Defendants' Memorandum**

<u>**VIA ECF**</u>

> **Jill Schneider**
> **Nicholas S. Mancuso**
> **Oregon Department of Justice**
> **100 SW Market Street**
> **Portland, OR 97201**
> **Ph. 971-673-1880**
> **Fax: 971-673-5000**
> **Email: jill.schneider@doj.state.or.us**
> **Email: nicholas.mancuso@doj.state.or.us**
> *Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services*

<u>**VIA ECF**</u>

Lauren Blaesing
Harry B. Wilson
Alexandra Rhee
Chad Naso
Jeffrey Edelson
Anit Jindal
Markowitz Herbold PC
1455 SW Broadway
Ste. 1990
Portland, OR. 97201
Ph: 503-295-3085
Email: laurenblaesing@markowitzherbold.com
Email: harrywilson@markowitzherbold.com
Email: alexrhee@markowitzherbold.com
Email: chadnaso@markowitzherbold.com
Email: jeffedelson@markowitzherbold.com
Email: anitjindal@markowitzherbold.com
*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services*

Dated this 17th    day of September, 2024.

      *s/Cheridan Carr*
      Cheridan Carr, Paralegal

1 – Certificate of Service