Steven Rizzo, OSB # 840853
Mary D. Skjelset, OSB # 075840
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Ste. 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630
srizzo@rizzopc.com
mskjelset@rizzopc.com

Caitlin V. Mitchell, OSB #123964
Johnson Johnson Lucas & Middleton PC
975 Oak Street, Ste. 1050
Eugene, OR 97401
Tel: (541) 484-2434
Fax: (541) 484-0882
cmitchell@justicelawyers.com

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al.,<br><br>Defendants. | CASE NO. 6:22-cv-01813-MK<br><br><br>PLAINTIFF LEVI'S RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION |
| OREGON DEPARTMENT OF HUMAN SERVICES,<br><br>     Third Party Plaintiff,<br><br>v.<br><br>JOE ALBERT RAYGOSA,<br><br>     Third Party Defendant. | |

1 – PLAINTIFF LEVI'S RESPONSE TO DEFENDANTS'
    MOTION FOR RECONSIDERATION

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

## INTRODUCTION

The Court should deny the defendants' second attempt at reconsideration. In support of this Response, Plaintiff relies on Fed. R. Civ. P. 54(b) and 60(b)(1), the papers on file with the Court, the Declaration of Mary Skjelset ("Decl.") and the following points and authorities.

## STANDARDS

Plaintiff Levi provided the standards for reconsideration in relation to the defendants' last attempt to have the court revisit an order relating to the OR-Kids database: such a motion requires "highly unusual circumstances," such as "newly discovered evidence," "clear error," or "an intervening change in controlling law." (*See* ECF 68 at 2) (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). It is not a vehicle "to raise arguments or present evidence for the first time when they could reasonably have been raised in earlier litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009); *see also Shalit v. Coppe*, 182 F.3d 1124, 1132 (9th Cir. 1999).

## BACKGROUND

### *Background for OR-Kids Records*

On March 3, 2023, Plaintiff Levi served a First Request for Production ("First RFP") on the defendants, which sought in pertinent part OR-Kids records pertaining to J.C., her brother and family, and the Duncan-Raygosa foster home. (Decl., Ex. 1 at 2, 3). Combined with Plaintiff's First RFP was a Request for Inspection of the aforementioned OR-Kids files. (*Id.* at 4). In their April 11, 2023 responses, the defendants did not specifically object that the records and files contained Attorney-Client Privilege or Attorney Work Product. In fact, they indicated that an inspection was unnecessary in that it would be "duplicative of the response to written requests,

2 – PLAINTIFF LEVI'S RESPONSE TO DEFENDANTS'
 MOTION FOR RECONSIDERATION



and unlikely to lead to the discovery of relevant evidence other than that which will be provided through written discovery." (Decl., Ex. 2). The defendants' subsequent June 21, 2023 letter again represented that they were "producing copies of the *entire* ODHS record, in electronic and physical files for the plaintiff's family and the provider certification of the Duncan/Raygosa home." (Decl., Ex. 3 at 3) (emphasis added). In other words, they would hold nothing back.

The Court denied defendants' objection to the OR-Kids inspection on July 5, 2023:

> Defendant is ordered to comply with Plaintiff's request to inspect the OR-Kids metadata pertaining to the "provider file" for Duncan-Raygosa and the "case file" for J.C. at the DHS offices. The parties are to confer on scheduling the inspection, where an expert of Plaintiff's choosing will accompany Plaintiff.

(ECF 56). Rather than confer, the defendants filed their first motion for reconsideration relating to this topic on July 26, 2023, claiming incorrectly that the information Plaintiff sought would not be found in the OR-Kids files. (ECF 60 at 8) ("OR-Kids does not contain a drop-down menu that reveals the metadata for case notes.[1] (Payne Decl. ¶ 21)"). The defendants also raised in a footnote – for the first time – the potential that the OR-Kids files may contain "attorney-client privileged or work product information." (*Id*. at fn 8). To that addition, Plaintiff Levi responded with concerns that the defendants were suddenly "reviewing the case notes files in this case to determine if they contain attorney-client information," as that undermined their stated position that they were "producing copies of the *entire* ODHS record," and because they "failed to assert privilege or seek a protective order." (ECF 68 at 17-18) (emphasis added). In their Reply, the defendants ignored the issue, and omitted mention of attorney-client privilege or work product potentially contained in these files. (ECF 71 at 5). The defendants produced the OR-Kids files – presumably "the entire ODHS record" – on July 31, 2023 and August 2, 2023. (Decl.).

After lengthy argument on September 8, 2023, the Court issued a minute order denying the

---

[1] The "drop-down" menu showing when case notes were entered v. when the events occurred was in fact discovered during the inspection and later produced by the defendants. (Decl., Ex. 4).


RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

defendants' motion for reconsideration. (ECF 83). The ensuing written order was heavily revised by the defendants, who made no attempt to insert language protecting attorney-client privilege or work product in the OR-Kids files to be inspected. (ECF 92 at 2-3).

The defendants supplied a privilege log identifying email communications withheld in their entirety on October 16, 2023. The privilege log spanned 106 pages and identified 834 documents. (*See* ECF 124-1). None of the log entries identified a bates number for an OR-Kids document— all were simply coded as email communications. (*Id.*).

The OR-Kids file inspection occurred at the Oregon Department of Human Services ("DHS") headquarters on October 30, 2023. Counsel for the defendants oversaw the inspection. (*See* ECF 112 at 8). Plaintiffs performed a comprehensive inspection of the OR-Kids files, which the defendants complained was too thorough. (*See Id.* at 2) ("Plaintiff's counsel elected to use their allotted time to review State Defendants' document productions."). With the exception of one document (an apparent bill for therapy services for J.C.'s family of origin), counsel for Levi were permitted to view (again) what Plaintiff Levi understood to be the entirety of the files pertaining to Duncan-Raygosa, J.C. and her family of origin. (Decl. ¶ 6; *See* ECF 113-5 at 13). This bill cannot be identified on the defendants' privilege log.

### *Background re Privilege Assertions*

The background relating to Plaintiff Levi's concerns about the defendants' improper assertions of privilege has been fully briefed. (*See* ECF 118 at 3-4). In sum, Plaintiff prepared tables identifying the defendants' log entries that were not privileged on their face and others had been waived through previous intentional disclosure to third parties. (ECF 119-1 at Appendix A & B). Plaintiff also prepared a third table to reflect withheld documents that appeared to merely copy an attorney on information pertinent to the case. (*Id.*, Appendix C). Of note, **Log No. 637**



was specifically identified in the table.

The defendants represented that they revisited the designations in each of these entries and would produce some of the documents. Most documents identified in Appendix C, however, they would "continue to withhold," including specifically **Log No. 637**. (ECF 119-2). Concerned that the defendants continued to withhold documents on unsupported or overbroad claims of privilege, Plaintiff filed a motion for *in camera* inspection of a sampling of the documents identified on defendants' privilege log.

Parties fully briefed the issue and presented argument to the Court on July 10, 2024. The defendants argued that Plaintiff had not "identified any specific examples in the privilege log…making a factual showing as to why the privilege assertion," and the "mere suspicion [was] not enough for an *in camera* review." (Decl., Ex. 5 at 2). Plaintiff explained the ramifications of leaving these assertions unchecked to the civil rights claims of foster children:

> [T]his is the concern: As we move forward, DHS can copy an AAG on any concern regarding foster care, any concerns regarding children being abused in a home, and simply not have to produce that to anybody, and that is not justice.

(*Id*. at 3-4). Ultimately, the Court was persuaded that Plaintiff Levi had met the threshold showing and allowed "in camera review of…a sampling of no more than 10 percent of the documents…in those appendices…to determine whether attorney-client privilege applies to those documents." (*Id*. at 5).

Plaintiff Levi selected eight documents for review and the defendants delivered them to the Court on July 29, 2024. Of the eight documents selected, the Court identified three that contained non-privileged, discoverable information: Log. No. 147, 379 and **637**. In the afternoon of the August 6, 2024 hearing in this matter the Court invited parties to seek clarity on any of the topics discussed at the day-long discovery hearing. To this, the defendants offered that they had "looked

5 – PLAINTIFF LEVI'S RESPONSE TO DEFENDANTS'
  MOTION FOR RECONSIDERATION


RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

at [the in camera submissions] again and reviewed some documents in our database," and (lo and behold) "determined that privilege log number … **637**," had been "copied in full into a case note in OR-Kids that [defendants] ha[d] produced." Under these circumstances, the defendants did not "think [they could] claim privilege over" the document and were "going to produce it…" (Decl., Ex. 6 at 3-4). The defendants continued to contend that the email "itself may be privileged." (*Id*.).

The Court applauded the defendants' professionalism in bringing this disclosure to his attention and inquired as to whether other withheld communications were also "incorporated into the…database." (*Id*. at 4-5). The Court directed the defendants to confirm whether other logged communications had been copied and pasted into OR-Kids, and instructed that such incorporation "would be one of those sort of rules that…we would devise through *in-camera* review." (*Id*.). The defendants made no objection and otherwise offered no further instruction or clarification on the use of OR-Kids to store attorney-client privileged information.

### ECF 182 and the Defendants' Second Motion for Reconsideration

The Court's August 29, 2024 Order reduced to writing its prior order: "As previously decided by the Court, communications entered into a DHS case worker database such as OR-Kids are not communications made in confidence and are not protected by the attorney-client privilege." The Court ordered defendants to "reexamine the withheld documents at issue and produce any documents in which the underlying communication was entered into a DHS case worker database." (ECF 182 at 4). Relatedly, the Court found that **Log No. 637**, which the defendants had withheld in its entirety, was not privileged.

On September 12, 2024, the defendants filed their second motion for reconsideration. This time they argue that (1) ODHS has extensive measures in place to protect confidentiality of information in OR-Kids; (2) case work may necessitate documentation of communications with

6 – PLAINTIFF LEVI'S RESPONSE TO DEFENDANTS'
  MOTION FOR RECONSIDERATION


RIZZO | BOSWORTH | ERAUT pc
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

counsel; and (3) no court has ever ruled that case notes contained within OR-Kids are categorically unprivileged. On that platform, they now urge the Court to "clarify its ruling and confirm that OR-Kids is confidential and not categorically unprotected." (ECF 195 at 10). The defendants offered no declaration in support of their motion and they have consistently rejected Plaintiff's request for a 30(b)(6) deposition on the topic.

**ARGUMENT**

***Any claims of privilege in responsive OR-Kids records in this matter are waived***

As evidenced in the background, this issue has been exhaustively litigated. The defendants had every opportunity to advance the unsupported theories in their motion for reconsideration prior to its filing.

Under the circumstances present in this case, the defendants waived any claims of privilege over documents placed in the OR-Kids files responsive to *Levi*'s First RFP, by: (1) failing to object in their original response, (2) promising to produce the documents in their entirety without reference to privilege, (3) presumably producing the documents in their entirety in accord with their representation, (4) permitting inspection by an adverse party without claiming privilege over any case notes or communications therein, (5) withholding a non-privileged communications that relay facts regarding concerns in the foster home (**Log. 637**) *for over a year* on unsupported claims of privilege, (6) continuing to withhold the communication when Plaintiff directly inquired about it, (7) then, when it was selected for *in camera* review, representing in open court that the privilege was waived due to the fact that it was placed in the OR-Kids case notes and produced in this matter, (8) failing to "raise the argument" that other documents in the responsive OR-Kids records might be privileged when the Court signaled its likely ruling, (9) failing to identify a single *Levi* document implicated by this ruling, and, finally, (10) failing to support these tired arguments with

7 – PLAINTIFF LEVI'S RESPONSE TO DEFENDANTS'
    MOTION FOR RECONSIDERATION



RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

any declaration. *See United States v. Chevron Texaco Corp.*, 241 F. Supp. 2d 1065, 1079 (N.D. Cal. 2002) (Chevron had failed to establish privilege of documents when it submitted no declaration of other evidence in support of its claims) (citing *U.S. v. Osborn*, 561 F.2d 1334, 1339 (9th Cir. 1977) ("proponent of privilege failed to meet burden where no affidavit set forth circumstances of document's creation")).

Moreover, the defendants did not identify any OR-Kids files or records in their privilege log. Accordingly, either there never was a claim of privilege in the OR-Kids records or the defendants have waived by failing to log the documents. C.f. *Burlington N. & Santa Fe Ry. v. United States Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005) (upholding waiver determination for "sophisticated" litigant where log produced five months after Rule 34 timeframe as "tactical manipulation of the rules and the discovery process").

### OR-Kids materials are accessible to persons outside the attorney-client relationship

Among the factors in determining whether a communication is privileged is "the breadth of the recipient list in assessing the centrality of potential legal advice generated by the communication." (*See* ECF 182 at 6) (citing *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 629 (D. Nev. 2013)). The defendants avoid explaining exactly how many people have access to case notes in OR-Kids, but the testimony of their own employees is instructive.

Absent specific precautions, any child welfare worker may access case notes in the OR-Kids database, regardless whether they were specifically assigned to the case or in an attorney-client relationship with the advising AAG. Ms. O'Brien's own testimony is particularly damaging to the defendants' quest for reconsideration on this issue:

> I would be able to view cases I'm not assigned to unless there's a specific reason I
> can't. So some cases are marked sensitive or confidential. But in general, I would
> be able to open a case assigned to someone else in our computer system.

8 – PLAINTIFF LEVI'S RESPONSE TO DEFENDANTS'
  MOTION FOR RECONSIDERATION



RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

> …
> I believe I would be able to access any case notes that were finalized.
> …
> And then specific to the children -- again, with the presumption their case is not sensitive or confidential -- I would be able to access anything in -- I think anything -- I don't know -- there may be spaces I can't access -- but I think I would be able to access most things in OR-Kids that another worker has typed and completed and finalized. So that would include case notes, a finalized assessment…

(Decl., Ex. 7 at 18). And Ms. O'Brien is not the only case worker who has testified to the ability of any worker to open and view any child's file in OR-Kids, regardless of assignment; many have testified similarly over the years. (*Id.*).

Even assuming that only the assigned case worker could access the case notes, the presumption is that all case notes will be produced to parties in the dependency proceeding. (Decl., Ex. 8). Again, Ms. O'Brien's testimony is helpful: "But everything -- everything I put in my notes is discoverable and goes out to all parties." (*Id*. at 15). The defendant cannot claim privilege over documents intended for discovery to adverse parties – the definition of a "voluntary waiver." *See United States v. Sanmina Corp. & Subsidiaries*, 968 F.3d 1107, 1117 (9th Cir. 2020) (courts recognize express waiver "a party discloses privileged information to a third party who is not bound by the privilege, or otherwise shows disregard for the privilege by making the information public.") (citing *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003)) (simplified).

***The Court's Order was proper and the defendants have no grounds for reconsideration***

The Court entertained initial argument on the defendants' motion for reconsideration on September 13, 2024. In that hearing, the Court directed the defendants to identify the relevant documents in OR-Kids over which the defendants maintained a claim of privilege. In response, the defendants have failed to identify any such OR-Kids documents that relate to J.C., her family of origin, or Duncan-Raygosa. (Decl.). Thus, the defendants' motion bears no relation to any

9 – PLAINTIFF LEVI'S RESPONSE TO DEFENDANTS'
   MOTION FOR RECONSIDERATION

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

previously produced and logged OR-Kids documents pertaining to *Levi*.

The defendants appeared unsatisfied with the Court's offer to limit the scope of this ruling to the facts of this case, as is the nature of case law. This allowance was generous and unnecessary; the Court's ruling was proper: This is not a "highly unusual situation" of "clear error." There has been no "intervening change in controlling law." This is an unnecessary, unsupported and costly attempt to avoid reckoning with the government's improper assertions of privilege to cloak facts relevant to child abuse and civil rights violations.

## CONCLUSION

The Court could deny the defendants' motion for reconsideration.

Dated: September 19, 2024

RIZZO BOSWORTH ERAUT PC


By: *Mary Skjelset*_____
Steven Rizzo OSB No. 840853
Mary D. Skjelset OSB No. 075840
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Suite 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630

Caitlin V. Mitchell, OSB #123964
Johnson Johnson Lucas & Middleton PC
975 Oak Street, Ste. 1050
Eugene, OR 97401
Tel: (541) 484-2434
Fax: (541) 484-0882
cmitchell@justicelawyers.com


ATTORNEYS FOR PLAINTIFF

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>       Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al ,<br><br>       Defendants. | CASE NO. 6:22-cv-01813-MK<br><br><br>**CERTIFICATE OF SERVICE** |
| OREGON DEPARTMENT OF<br>HUMAN SERVICES,<br><br>       Third Party Plaintiff,<br><br>v.<br><br>JOE ALBERT RAYGOSA,<br><br>       Third Party Defendant. | |

I am employed by the law firm of Rizzo Bosworth Eraut PC in Portland, Oregon.  I am over the age of eighteen years and not a party to the subject cause.  My business address is 1300 SW Sixth Avenue, Suite 330, Portland, OR 97201.

On the date below, I caused to be served on all parties in this action by transmitting a true copy thereof: **Plaintiff Levi's Response to Defendants' Motion for Reconsideration**

**VIA ECF**

**VIA ECF**

**Jill Schneider**
**Nicholas S. Mancuso**
**Oregon Department of Justice**
**100 SW Market Street**
**Portland, OR 97201**
**Ph. 971-673-1880**
**Fax: 971-673-5000**
**Email: jill.schneider@doj.state.or.us**
**Email: nicholas.mancuso@doj.state.or.us**
*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services*

Lauren Blaesing
Harry B. Wilson
Alexandra Rhee
Chad Naso
Jeffrey Edelson
Anit Jindal
Markowitz Herbold PC
1455 SW Broadway
Ste. 1990
Portland, OR. 97201
Ph: 503-295-3085
Email: laurenblaesing@markowitzherbold.com
Email: harrywilson@markowitzherbold.com
Email: alexrhee@markowitzherbold.com
Email: chadnaso@markowitzherbold.com
Email: jeffedelson@markowitzherbold.com
Email: anitjindal@markowitzherbold.com
*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services*

Dated this 19th    day of September, 2024.

       *s/Cheridan Carr*
       Cheridan Carr, Paralegal

1 – Certificate of Service