**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Alexandra L. Rhee, OSB #230770**
AlexRhee@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085
*Special Assistant Attorneys General for State Defendants*
*and Third-Party Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI, | Case No. 6:22-cv-01813-MK |
| Plaintiff, | **DECLARATION OF JEFFREY M. EDELSON IN SUPPORT OF STATE DEFENDANTS' MOTION FOR RECONSIDERATION** |
| v. | |
| KIM CHAPMAN, in her individual capacity; ANASTASIA TIBBETTS, in her individual capacity; KASSIDY O'BRIEN, in her individual capacity; ERIN LANE, in her individual capacity; THE OREGON DEPARTMENT OF HUMAN SERVICES, a government agency; and JANE and JOHN DOES 1-5; in their individual and/or official capacities, | |
| Defendants. | |
| OREGON DEPARTMENT OF HUMAN SERVICES, | |
| Third-Party Plaintiff, | |
| v. | |
| JOE ALBERT RAYGOSA, | |
| Third-Party Defendant. | |

I, Jeffrey M. Edelson, declare as follows:

**Page 1 –    DECLARATION OF JEFFREY EDELSON IN SUPPORT OF STATE DEFENDANTS' MOTION FOR RECONSIDERATION**

1.      I am a partner with Markowitz Herbold PC, attorneys of record for State Defendants and Third-Party Plaintiff.  I have personal knowledge of the facts set forth herein.  I make this declaration in support of State Defendants' Motion for Reconsideration (Dkt. 195).

2.      I defended the second deposition of Kim Chapman on August 1, 2024.  Plaintiff Conley's Amended Response to State Defendants' Motion for Reconsideration (Dkt. 107) and Marissa Korbel's declaration in support of the same (Dkt. 106) include various representations about the use of exhibits during that deposition that I believe to be inaccurate.  I am submitting this declaration to correct the record.

3.      Moments before the plaintiffs began taking Kim Chapman's deposition, counsel for plaintiff Conley provided me with a tabbed binder of 40 potential exhibits for the deposition.  The binder totaled over 300 pages.  At 8:31 a.m., that same morning, Conley's counsel sent my office a link to PDF copies of those potential exhibits.  Because I was driving to Eugene from Portland for the deposition, I would not have received that email prior to the deposition.

4.      As reflected in the deposition transcript, Conley's counsel ultimately only used 15 of the 40 potential exhibits.  I have defended several depositions in this case.  It is generally plaintiffs' counsel's practice to provide hundreds if not thousands of pages of potential exhibits the morning of the deposition, but then mark and use only a fraction of those potential exhibits as actual exhibits at the deposition.

5.      The declaration of Marissa Korbel in support of Conley's amended response brief states that two documents (Nos. 123 and 148) were "marked as" as exhibits "*at the deposition*." This is not accurate.  As the deposition transcript reveals, these potential exhibits were never marked, used, or discussed during the actual deposition.  I have no memory of even looking at any of the potential exhibits until counsel directed the witness to review specific documents.

**Page 2 –    DECLARATION OF JEFFREY EDELSON IN SUPPORT OF STATE
          DEFENDANTS' MOTION FOR RECONSIDERATION**

Counsel never directed the witness to these specific exhibits and asked no questions about them during the deposition.  Ms. Korbel did not attend the deposition of Kim Chapman on August 1, 2024.

6.      Conley's response brief similarly states that each of these potential exhibits was "marked, unredacted, for use as a deposition exhibit and distributed to Defendants' counsel prior to the deposition."  The potential exhibits were not marked during the deposition and were not actually used.  The implication of Conley's briefing is that the documents were put into the deposition record with no objection from me.  But because the potential exhibits were never marked, used, or discussed during the deposition, I had no occasion to object to their use.

7.      Attached are true and correct copies of the following exhibits:

| Ex. No. | Document Description | Date |
| --- | --- | --- |
| 1 | Excerpts of deposition transcript of Kim Chapman | August 1, 2024 |

**I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.**

Executed September 20, 2024, at Portland, Oregon.

*s/ Jeffrey M. Edelson*
Jeffrey M. Edelson, OSB # 880407

2201014

**Page 3 –    DECLARATION OF JEFFREY EDELSON IN SUPPORT OF STATE
        DEFENDANTS' MOTION FOR RECONSIDERATION**