**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Alexandra L. Rhee, OSB #230770**
AlexRhee@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085
*Special Assistant Attorneys General for State Defendants*
*and Third-Party Plaintiff*
*Additional Counsel of Record Listed on Signature Page*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI, | Case No. 6:22-cv-01813-MK |
| Plaintiff, | **STATE DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S ORDER** |
| v. | |
| KIM CHAPMAN, in her individual capacity; ANASTASIA TIBBETTS, in her individual capacity; KASSIDY O'BRIEN, in her individual capacity; ERIN LANE, in her individual capacity; THE OREGON DEPARTMENT OF HUMAN SERVICES, a government agency; and JANE and JOHN DOES 1-5; in their individual and/or official capacities, | |
| Defendants. | |
| OREGON DEPARTMENT OF HUMAN SERVICES, | |
| Third-Party Plaintiff, | |
| v. | |
| JOE ALBERT RAYGOSA, | |
| Third-Party Defendant. | |

**Page 1 –    STATE DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S ORDER**

**INTRODUCTION**

At a hearing on September 6, 2024, Magistrate Judge Mustafa Kasubhai orally denied State Defendants' motion to compel the deposition of J.C.—the real party in interest on behalf of whom the claims in this matter are brought—on the grounds that State Defendants were untimely in raising the issue with opposing counsel and the Court.  State Defendants, however, alerted both plaintiff's counsel and the Court of their intent to take J.C.'s deposition prior to the deadline for close of fact discovery.  J.C. possesses critical first-hand information regarding her claims that State Defendants need to prepare for trial and which they have been unable to obtain from other sources in discovery.  The magistrate judge's ruling denying State Defendants' motion to compel J.C.'s deposition as untimely is contrary to law because there is no statute or rule that required State Defendants to have sought J.C.'s deposition earlier than they did.

There is an open question as to whether Judge Kasubhai has plenary jurisdiction in this matter under 28 U.S.C. § 636(c), given that third-party Joe Raygosa has neither appeared nor has consented to such jurisdiction.  The Court has requested, and plaintiff and State Defendants have submitted, briefing on this issue.  (*See* Dkt. Nos. 198, 201.)  State Defendants file these objections out of an abundance of caution to ensure that this issue is appropriately raised and State Defendants' rights are preserved in the event that Judge Kasubhai lacks the consent necessary for jurisdiction under 28 U.S.C. § 636(c).[1]

**STANDARD OF REVIEW**

In accordance with Rule 72(a), "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must

---

[1] It has been reported to the undersigned that Judge Kasubhai acknowledged on the record at a hearing on September 20, 2024, that he agrees that he does not have plenary jurisdiction over this matter.  A transcript of that hearing will be provided when it is available.

**Page 2 –    STATE DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S ORDER**

promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." Fed. R. Civ. P. 72(a). Rule 72(a) "calls for a written order of the magistrate [judge]'s disposition to preserve the record and facilitate review," but an "oral order read into the record by the magistrate [judge] will satisfy this requirement." Advisory Committee Notes on to Fed. R. Civ. P. 72. [2]

The standard of review for a non-dispositive order with objections is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies to findings of fact. *See Nationstar Mortg., LLC v. Decker*, No. 3:13-cv-1793-PK, 2015 WL 519884, at *1 (D. Or. Feb. 9, 2015) (Simon, J.) (citations omitted). "A finding is 'clearly erroneous' if the district judge is left with a 'definite and firm conviction that a mistake has been committed.'" *Id.* (citing *Burdick v. Comm'r Internal Revenue Serv.*, 979 F.2d 1369, 1370 (9th Cir. 1992)). "The 'contrary to law' standard applies to conclusions of law and allows for *de novo* review." *Id.* (citing *Calderon v. Experian Info. Solutions, Inc.*, 290 F.R.D. 508, 511 (D. Idaho 2013) ("The clearly erroneous standard applies to the magistrate judge's findings of fact, while legal conclusions are reviewable *de novo* to determine whether they are contrary to law.") "A decision is contrary to law if it applies the wrong legal standard or neglects to consider all elements of the applicable standard." *Id.* (cleaned up).

## FACTUAL AND PROCEDURAL BACKGROUND

J.C. is 17 years old and was in the custody of the Oregon Department of Human Services ("ODHS") between the ages of nine and 11 because her biological parents were unable to care for her. J.C.'s resource parent, Joseph Raygosa, sexually abused her during her time in care.

---

[2] To date, Judge Kasubhai has not issued a written order with respect to the State Defendants' motion to compel J.C.'s deposition. (Dkt. No. 170.) State Defendants reserve the right to supplement or amend these objections in the event a written order is entered.

**Page 3 –    STATE DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S ORDER**

Mr. Raygosa was convicted in 2018 and is incarcerated for his offenses against J.C.  (9/12/2024 First Amended Complaint ("Am. Compl.") (Dkt. No. 196) ¶ 67.)

Ethan Levi, as conservator for J.C., filed this lawsuit on behalf of J.C. alleging that various ODHS officials failed to stop J.C.'s abuse.  (Am. Compl. ¶¶ 39-42.)  Plaintiff alleges that State Defendants knew of but ignored Mr. Raygosa's "abuse, maltreatment and neglect."  (*See, e.g., id.* ¶¶ 79, 92, 105, 112.)  Plaintiff alleges that J.C.'s abuse at the hands of Mr. Raygosa caused J.C. to suffer various psychological injuries including "fear, confusion, severe emotional distress and psychological injury, physical injury; disruption of attachment, cognitive and developmental delays, difficulty forming mature and positive personal relationships, loss of self-esteem, lack of trust and suspicion of caregivers, and/or physical impairment and disability."  (*Id.* ¶ 81.)  And plaintiff alleges that the conditions described above are "permanent" and thus intends to seek damages for current medical conditions.  (*Id.* ¶¶ 80, 93, 106, 113, 119, 122.)  In sum, plaintiff seeks $15 million in non-economic damages and an additional $25 million in punitive damages on behalf of J.C.  (*Id.* ¶¶ 82-84.)

J.C.'s claims allege actual knowledge by State Defendants of Raygosa's abuse of J.C. (Am. Compl. ¶¶ 73-74.)  State Defendants believe, however, that the first time J.C. revealed Mr. Raygosa's sexual abuse to ODHS was in October 2017—several months after she had left the Raygosa household and the abuse had stopped.  The documents exchanged in discovery do not reveal any prior disclosures of sexual abuse by J.C. about Mr. Raygosa and no witness has testified to any such prior disclosures.

Because J.C. is a minor, State Defendants initially sought to avoid deposing her, and instead pursued discovery regarding the factual bases of her claims from other sources, including Ethan Levi.  State Defendants served Mr. Levi with interrogatories specifically requesting the

**Page 4 –    STATE DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S ORDER**

factual basis for the allegations in the Complaint that State Defendants allegedly knew about but failed to investigate concerns about the Raygosa home.  (Dkt. No. 172 at 2-3.)  State Defendants took Mr. Levi's deposition on July 25, 2024, at which he refused to provide information regarding the factual basis for J.C.'s claims, asserting that any conversations he had with J.C. or her family are privileged. (Dkt. 170 at 4-5; Dkt. No. 171-3.)

On August 5, 2024, counsel for State Defendants advised plaintiff's counsel and the Court of their intent to take the deposition of J.C. and that they would be prepared to discuss the timing and parameters of that deposition at a discovery conference with the Court scheduled for the following day.  At that time, fact discovery was scheduled to close on August 12, 2024.  At the August 6, 2024 conference, the Court deferred ruling on whether State Defendants could take J.C.'s deposition and asked the parties to brief the issue.  To that end, Judge Kasubhai directed State Defendants to file a motion to compel J.C.'s deposition by August 13, 2024 (one day after the close of fact discovery).  State Defendants complied with that directive.  (Dkt. No. 170.) Plaintiff filed an opposition brief on August 27, 2024.  (Dkt. No. 179.)

On September 6, 2024, four weeks after the close of fact discovery, the Court convened a hearing to address outstanding discovery and case management issues.  At that hearing, the Court denied State Defendants' motion to compel the deposition of J.C, stating:

> The motion to compel J.C.'s deposition is denied.  The fact discovery needs to be completed within the deadlines.  The deadlines have been extended multiple times.  And so if this was an important witness to have deposed, then it needed to have been taken up well in advance of the 5th of August, at least having brought that to the attention of counsel and the Court to resolve.

(9/6/2024 Discovery Hearing Tr., attached as Exhibit 1 to the Declaration of Chad A. Naso ("Naso Decl."), at 43:19-25.)  Although the Court stated that State Defendants will have the opportunity to depose J.C. in the event she is called as a witness at trial, it has ordered that

**Page 5 –    STATE DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S ORDER**

plaintiff may wait until 30 days before trial to state whether plaintiff will call J.C. as a witness. (*Id.* at 44:1-6.)  In addition, the Court declined to allow State Defendants' experts to interview J.C., even in the event plaintiff's experts issue reports based on their interviews with her.  (*Id*. at 44:8-45:21.)

## OBJECTIONS

Judge Kasubhai's order denying State Defendants' motion to compel the deposition of J.C. is contrary to law.  Rule 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]"  Fed. R. Civ. P. 26(b)(1). When a party is seeking to depose a witness, "a strong showing is required before a party will be denied entirely the right to take a deposition."  *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).  In light of these standards, federal courts, including district courts in the Ninth Circuit, routinely recognize that a deponent's age and the sensitive nature of her likely testimony are not grounds for barring a deposition entirely.  *See, e.g.*, *M.M. v. United States*, No. ED CV 19-631-JGB (SPx), 2020 WL 4037165, at *3 (C.D. Cal. June 30, 2020) ("The court is sympathetic that the deposition may be difficult for [the] minor plaintiff . . . . Nonetheless, under these circumstances, defendant is entitled to depose him regarding his claims for economic and emotional damages."); *A.G.1 v. City of Fresno*, No. 1:16-cv-01914-LJO-SAB, 2018 WL 2045092, at *1 (E.D. Cal. Apr. 30, 2018) ("While the Court is sympathetic that these depositions are emotional for the minors involved, the minors brought the claims in this action and Defendants are entitled to depose them.").

Here, there is scarcely any evidence more relevant in this matter than J.C.'s own knowledge, conduct, and communications.  It is J.C.'s claims that are at issue in this $40-million personal injury lawsuit.  She is a percipient fact witness to every event described in the Complaint, including her prior interactions with State Defendants as well as the nature of the

**Page 6 –   STATE DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S
         ORDER**

psychological injuries, impairments, and disabilities described in the Complaint. Plaintiff is unwilling to stipulate that J.C. will not testify at trial, or that his expert witnesses will not interview J.C., or otherwise rely on her out-of-court statements when assessing liability and damages. (Dkt. No. 170 at 5-6.) Thus, it is possible, if not likely, that plaintiff's experts are going to interview and examine J.C. to determine the extent of her injuries and damages. As such, J.C. possesses first-hand knowledge that is critical to the claims and defenses in this matter.

Further, discovery taken to date has not shed light on these issues. State Defendants have no knowledge of any prior disclosure to ODHS about Mr. Raygosa's sexual abuse of J.C. But plaintiff will not stipulate that no such disclosure occurred. (Dkt. No. 170 at 5-6.) Similarly, plaintiff refuses to respond to interrogatories and deposition questions regarding J.C.'s injuries and damages, citing privilege. (*Id.* at 4-5.) And plaintiff refuses to be limited at trial to the medical records and other documents describing medical conditions, leaving open the possibility that J.C. will testify at trial or be interviewed by plaintiff's experts. (*Id.* at 5-6.) A deposition of J.C. is therefore highly relevant and necessary for State Defendants to prepare their defense.

The Court's order does not find otherwise. In denying State Defendant's motion to compel J.C.'s deposition, Judge Kasubhai stated he wasn't deciding whether a deposition of J.C. "would be appropriate," but only that State Defendants "didn't do it in time." (Naso Decl. Ex. 1 at 45:10-13.) But the federal rules do not require State Defendants to identify the witnesses they wished to depose by certain date. State Defendants alerted the Court and plaintiff of their intent to take the deposition of J.C. prior to the close of fact discovery, and sought to address appropriate parameters and limitations for that deposition given J.C.'s age. State Defendants moved to compel J.C.'s deposition after the fact discovery deadline passed at Judge Kasubhai's direction, who chose to have the parties brief the issue rather than rule on it during the discovery

**Page 7 –    STATE DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S ORDER**

period.  In addition, the Court has since allowed plaintiff to amend its Complaint to add new allegations and theories of liability, and has permitted additional discovery, including depositions, regarding those allegations—but has nevertheless adhered to its ruling that State Defendants may not depose J.C.  (*Id.* at 69:24-71:19.)  Indeed, although the Court found that State Defendants' request to take J.C.'s deposition was untimely because it could not be completed prior to the August 12, 2024, the fact discovery deadline, the Court has since approved approximately 10 depositions to take place after that fact discovery deadline.  (*See* 9/13/2024 Hearing Tr.; 9/20/2024 Hearing Tr.).[3]

To the extent that the denial of the deposition rested on a refusal to modify the Court's scheduling order under Fed. R. Civ. P. 16, that rule allows modifications for good cause.  *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1277 (9th Cir. 2023).  When modifying such an order, a court should consider factors including "possible hardship to the parties and doing justice to the merits of the claim."  *Washington Hosp. Ctr. v. Cheeks*, 394 F.2d 964, 965 (D.C. Cir. 1968) (citing 3 MOORE, FEDERAL PRACTICE P16.20 (1967)).  Here, because the Court is allowing additional depositions and other discovery due to plaintiff's recent Amended Complaint, allowing a deposition of J.C. should not cause any timing-related hardship to plaintiff.  More importantly, doing justice to the merits of plaintiff's claims surely favors allowing a deposition of the real party in interest, who is the only one with personal knowledge of many of the facts central to the case.

In short, a deposition of J.C. is critical to giving State Defendants a fair opportunity to defend against the original and newly added claims that have been asserted on her behalf.  Judge Kasubhai's decision to deny State Defendants' motion on the grounds that they waited too long

---

[3] These transcripts will be provided when they are available.

**Page 8 –**   **STATE DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S ORDER**

to pursue that deposition is arbitrary in light of its later modifications to the discovery schedule, contrary to law, and highly prejudicial to the State Defendants' ability to prepare for trial.

**CONCLUSION**

For the reasons stated above, this Court should vacate Judge Kasubhai's oral ruling denying State Defendants' motion to compel the deposition of J.C. on the grounds that it is clearly erroneous and contrary to law.

DATED: September 20, 2024.    ELLEN F. ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON


*s/ Chad A. Naso*
Lauren F. Blaesing, OSB #113305
LaurenBlaesing@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Alexandra L. Rhee, OSB #230770
AlexRhee@MarkowitzHerbold.com
*Special Assistant Attorneys General for State*
*Defendants and Third-Party Plaintiff*

Chad A. Naso, OSB #150310
ChadNaso@MarkowitzHerbold.com
Jeffrey M. Edelson, OSB #880407
JeffEdelson@MarkowitzHerbold.com
Anit K. Jindal, OSB #171086
AnitJindal@MarkowitzHerbold.com
*Of Attorneys for State Defendants and Third-Party*
*Plaintiff*

Jill Schneider, OSB #001619
Jill.Schneider@doj.oregon.gov
Nicholas Mancuso, OSB #151262
Nicholas.Mancuso@doj.oregon.gov
*Of Attorneys for State Defendants and Third-Party*
*Plaintiff*

2201658

**Page 9 –    STATE DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S**
**ORDER**