UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

|  |  |
|---|---|
| ETHAN LEVI,<br><br>      Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, *et al.*,<br><br>      Defendants. | CASE No. 6:22-cv-01813-MK<br><br>**DISCOVERY ORDER** |
| OREGON DEPARTMENT OF<br>HUMAN SERVICES,<br><br>      Third Party Plaintiff,<br><br>v.<br><br>JOE ALBERT RAYGOSA,<br><br>      Third-Party Defendant. |  |

**KASUBHAI,** United States Magistrate Judge:

Plaintiff Ethan Levi filed this action on behalf of J.C., a minor child, against the Oregon Department of Human Services ("DHS") and several of its employees (collectively, "Defendants"). Plaintiff's Amended Complaint alleges civil rights violations arising out of the sexual abuse of J.C. while in the custody of DHS-certified foster care provider Joe Raygosa.

Page 1 — DISCOVERY ORDER

The Court held hearings by video on September 6, 2024, September 13, 2024, and September 20, 2024 to resolve the ongoing discovery disputes in this case, as well as related case *Conley v. Chapman et. al.*, Case No: 23-cv-01353-MK. At the hearing held on September 6, 2024, the Court granted Plaintiff Levi's and Plaintiff Conley's ("Plaintiffs" for the purposes of this Order) Motions to Consolidate Discovery (*Levi* ECF No. 176; *Conley* ECF No. 87), thus, both cases are discussed herein. Based on the parties' briefing, written submissions, arguments presented in court, and for the reasons articulated by the Court on the record, the Court Orders the following:

**SEPTEMBER 6, 2024**

**I.     Page Limits in Discovery Motions – Local Rule 26-3(b)**

1.   In observing that the parties failed to obtain the Court's approval prior to submitting briefing in excess of the conformities of LR 26-3(b), on the Court's own Motion:

   a.   Page 12 of Defendants' Motion to Compel Deposition of J.C. (*Levi* ECF No. 170) is STRICKEN;
   b.   Pages 12-18 of Plaintiff Levi's Response in Opposition to Defendants' Motion to Compel Deposition of J.C. (*Levi* ECF No. 179) are STRICKEN; and
   c.   Pages 11-22 of Defendant's Response in Opposition to Plaintiff Conley's Motion to Compel Under 502(a) (*Conley* ECF No. 83) are STRICKEN.

2.   Plaintiff Conley's Motion to Strike (*Conley* ECF No. 92) and Defendants' Motion for Leave to File Overlength Brief or Motion to Strike (*Conley* ECF No. 95) are DENIED as MOOT.

**II.    *Levi v. Chapman et. al.* Case No. 6:22-cv-01813-MK:**

1.   Plaintiff Levi's Motion for Leave to File First Amended Complaint (*Levi* ECF No. 168) is GRANTED. Defendants are Ordered to confer before the status conference on 9/13/2024 to discuss completion of discovery of the issues raised in the Amended Complaint.

2.   Defendants' Motion to Compel Deposition of J.C. (*Levi* ECF No. 170) is DENIED. The Court finds that there is ample evidence from other sources of J.C.'s damages and notice of her abuse. The harm of retraumatizing a child by compelling her

Page 2 — DISCOVERY ORDER

deposition is unnecessary in light of the evidence already available to the parties. Further, the Court's decision to deny the deposition of J.C. is also based on untimeliness. Defendants notified Plaintiff on the eve of the discovery deadline of its intent to depose J.C. The Court extended discovery deadlines for a limited purpose thereafter. However, if Plaintiff elects to call J.C. to testify at trial, the must provide Defendants 30 days notice before trial and Defendants will have an opportunity to depose J.C. Similarly, if Plaintiff submits a declaration of J.C. in support of a dispositive motion, then Defendants will be given an opportunity to depose J.C.

3. Defendants' and Ms. Ferrari's attorney, Ms. Creighton, each submitted a Proposed Supplemental Protective Order ("SPO"). The Court ADOTS the SPO proposed by Defendants.

4. The Court Orders Defendants to submit a brief by 9/13/2024 regarding magistrate judge jurisdiction in light of Joe Raygosa's status as a nonconsenting third-party defendant in default. Plaintiff Levi's Response is due 9/20/2024. No reply. Briefing shall conform with the page limit requirements of LR 26-3(b).

## III.    Lighthouse

Regarding a third-party vendor's search of the personal cell phones of Kassidy O'Brien, Stephen Hammond, and Kim Chapman, Plaintiffs may question Lighthouse in accordance with the terms discussed during the hearing. The parties are Ordered to confer with Mr. Campbell and notice him with regards to the questioning of Lighthouse.

## IV.    Ms. O'Brien's Speakright Account Number

Defendants are Ordered to provide Ms. O'Brien's Speakright account number(s) to Plaintiff Conley so that Plaintiff Conley may use it for drafting a subpoena to Speakright for the relevant time period. Any documents responsive to the subpoena shall be produced to the Defendants for their review before production to Plaintiff.

## V.    Scheduling Orders

1. A discovery hearing is SET for 1:00 PM on 9/13/2024 by videoconference. The parties are Ordered to confer regarding the privileged status of materials uploaded into OR-Kids data base.

2. Status Conferences by videoconference at 9:30 AM are SET for the following dates:

   a. 10/18/2024;
   b. 11/22/2024; and
   c. 12/20/2024.

3. Pretrial conference for *Levi* is RESET for 1/23/2025 and 1/24/2025 at 9:30 AM in Courtroom #3.

4. Plaintiff Levi's Motion to Consolidate Discovery (*Levi* ECF No. 176) and Plaintiff Conley's Motion to Consolidate Discovery (*Conley* ECF No. 87) are GRANTED. Expert disclosures and due 10/9/2024, close of expert discovery is 11/9/2024, close of fact discovery is 11/9/2024.

**SEPTEMBER 13, 2024**

**I.      Plaintiff Conley's Motion to Strike Errata Sheet of Kim Chapman**

Plaintiff Conley's Motion to Strike Defendant Chapman's Errata Sheet (*Conley* ECF No. 101) is GRANTED. Fed. R. Civ. P. 30(e) states that an errata sheet must be requested at the time of the deposition, which Defendants did not do. The errata will not be filed.

**II.     Plaintiff Conley's Oral Motion to Modify by Interlineation**

Plaintiff Conley's Oral Motion to Modify Plaintiff's Motion to Compel (*Conley* ECF No. 77) by interlineation is GRANTED in accordance with the modifications stated on the record. However, as described below, Plaintiff's Motion to Compel (*Conley* ECF No. 77) is DENIED.

**III.    Plaintiffs' Request to Reopen Mr. Hammond's Deposition**

Plaintiffs' request to reopen Mr. Hammond's Deposition is GRANTED. Plaintiffs' have a maximum of 4 hours to complete the deposition consistent with the scope of topics specifically articulated by the Court on the record.

**IV.     Questioning of Lighthouse**

Plaintiffs may ask Lighthouse to provide a timeline of Lighthouse's attempts to collect the personal cell phones at issue and to explain how the information on the phones was collected and processed.

**V.      Deposition of Attorney Gonzales**

Plaintiffs' deposition of Attorney Gonzales may proceed in accordance with the time restraints of the Federal Rules of Civil Procedure.

**VI.     Plaintiffs' Request to Enlarge the Time Granted to Depose Ms. O'Brien**

Plaintiffs' request to enlarge the time granted to depose Ms. O'Brien is GRANTED. Plaintiffs may ask Ms. O'Brien about the nature and timeframe of her relationship with Mr. Hammond. Plaintiffs may depose Ms. O'Brien for a total of 3 hours.

/ / /

**VII.**    **Defendants' Motion for Reconsideration (*Levi* ECF No. 195)**

Defendants are Ordered to communicate to Plaintiffs the documents in OR-Kids that were redacted or withheld during production of the OR Kids database by Tuesday 9/17/2024. Plaintiff's Response to Defendants' Motion for Reconsideration is due by 9/20/2024.

**VIII.**    **Defendants' Proposed Discovery Plan and Schedule:**

1.  Defendants' service of additional written discovery to Plaintiff Levi by 9/13/2024 is allowed. Defendants may serve an additional 14 RFAs and 9 interrogatories. Plaintiff Levi's deadline to respond to Defendants' new written discovery is 10/3/2024.

2.  Depositions of John Kolego, Judge Morgan, Stephen Shepard, and reopening depositions of Rachel Colby, Erik Sorensen, April Clark, and Dale Gilad from 9/30/2024 to 10/9/2024 are allowed. The deposition of Ethan Levi is not allowed. Mr. Levi is not a percipient witness capable of clarifying the depth and breadth of the additional allegations in the Amended Complaint.

3.  The reopened deposition of Rachel Colby, Erik Sorensen, April Clark, and Dale Gilad are limited in scope to the new allegations in Plaintiff Levi's Amended Complaint.

4.  The depositions of April McCool and Ivan Spicer from 10/4/2024 to 10/9/2024 are allowed.

**IX.**    **Scheduling Order**

A status conference is SET by video on Friday 9/20/2024 at 10 am.

### SEPTEMBER 20, 2024

**I.**    **Defendants' Motion for Reconsideration**

Defendants' Motion for Reconsideration (*Levi* ECF No. 195) is GRANTED in part DENIED in part. The decision in the 8/29/2024 Order re in camera review (*Levi* ECF No. 182) remains unchanged. Because the information in OR-Kids is accessible and available to people who the privilege does not extend to, the attorney client privilege is waived for excerpts uploaded into the OR-Kids database. The Court will issue an amended Order clarifying the language around confidentiality and that the Order is not intended to have implications beyond this case.

**II.**    **Plaintiff Conley's Motion to Compel Under FRE 502(a)**

Plaintiff Conley's Motion to Compel under FRE 502(a) (*Conley* ECF No. 77) is DENIED. The Court finds that the documents were intentionally disclosed within the

Page 5 — DISCOVERY ORDER

meaning of FRE 502(a)(1). However, the fairness prong of FRE 502(a)(3) is not met. For example, Defendants have not advantageously used the documents intentionally produced in the 2021 probate matter in this case. If Defendants use these documents during the course of this case, then the Court will revisit the issue.

**III.    Status of Ongoing Discovery Plan**

The parties are Ordered to confer regarding setting the dates of depositions at 1:30 PM on Monday, 9/23/2024.

**IV.    Magistrate Judge Jurisdiction**

Because defaulted Third-Party Defendant Mr. Raygosa is a party in this case and has not consented to magistrate judge jurisdiction, the Court does not have full consent. For the purposes of insuring judicial economy and efficiency, the discovery and dispositive motion deadlines will remain.

The Court will set out a briefing schedule at the appropriate time regarding severance of Third-Party Defendant Raygosa.

**V.    Extent of searches and date range of personal cell phones**

Plaintiff is permitted to pose questions directly to Lighthouse and Defendants may be present. Plaintiff may ask Lighthouse about whether other third-party messaging apps exist on the phone. However, production of messages from those third-party messaging apps are not ordered at this time.

IT IS SO ORDERED.

DATED this 24th day of September 2024.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge