**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Alexandra L. Rhee, OSB #230770**
AlexRhee@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085
*Special Assistant Attorneys General for State Defendants*
*and Third-Party Plaintiff*
*Additional Counsel of Record Listed on Signature Page*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>                              Plaintiff,<br><br>       v.<br><br>KIM CHAPMAN, in her individual capacity; ANASTASIA TIBBETTS, in her individual capacity; KASSIDY O'BRIEN, in her individual capacity; ERIN LANE, in her individual capacity; THE OREGON DEPARTMENT OF HUMAN SERVICES, a government agency; and JANE and JOHN DOES 1-5; in their individual and/or official capacities,<br><br>                              Defendants.<br>_____<br>OREGON DEPARTMENT OF HUMAN SERVICES,<br><br>                    Third-Party Plaintiff,<br><br>       v.<br><br>JOE ALBERT RAYGOSA,<br><br>                    Third-Party Defendant.<br>_____ | Case No. 6:22-cv-01813-MK<br><br>**STATE DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE MOTION TO STRIKE**<br><br>**Oral Argument Requested** |

Page 1 –    **STATE DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE MOTION TO STRIKE**

**LOCAL RULE 7-1(a) CERTIFICATION**

Pursuant to Local Rule 7-1(a)(1)(C), counsel for Kim Chapman, Anastasia Tibbetts, Kassidy O'Brien, Erin Lane, and the Oregon Department of Human Services ("ODHS") (collectively, "State Defendants") certify that they conferred via telephone with opposing counsel without resolution.

**INTRODUCTION**

After the close of discovery, plaintiff amended his Complaint to include two new theories. First, plaintiff alleges in general terms that the S-M home was "unfit." Second, plaintiff alleges that O'Brien doubted J.C.'s disclosure against Joseph Raygosa and the existence of these doubts, together with O'Brien's testimony at Raygosa's criminal trial, "betrayed J.C.'s confidence."

This Court should dismiss plaintiff's new theories for three reasons. First, plaintiff's new theory regarding the S-M home is too vague and conclusory to state a claim. Second, even assuming the truth of the allegations regarding O'Brien's allegedly hurtful statements, the due process clause does not protect against the reputational and stigmatic harm that plaintiff claims. Third, regardless, O'Brien has absolute immunity for her testimony in the Raygosa criminal trial. Because plaintiff's new theories are legally insufficient, the Court should dismiss them.

**MOTION**

State Defendants move the Court under Federal Rules of Civil Procedure 12(b)(6) and 12(f) for an order dismissing plaintiff's Amended Complaint in part for failure to state a claim upon which relief can be granted. The Court should dismiss and strike plaintiff's theories related

**Page 2 –    STATE DEFENDANTS' MOTION TO DISMISS, OR IN THE
ALTERNATIVE MOTION TO STRIKE**

to the S-M home and defendant O'Brien's alleged doubts about J.C.'s disclosure of Raygosa's sexual abuse and dismiss any claims deriving from those allegations.[1]

## BACKGROUND

Minor child J.C. was sexually abused by her foster parent, Joseph Raygosa.  Two years ago, plaintiff Levi, as conservator for J.C., filed this Complaint against ODHS and various state employees alleging both state and federal law claims.  At the close of discovery, plaintiff amended his Complaint to allege two new, factually distinct theories.

First, the Amended Complaint alleges in general terms that the S-M home, where J.C. lived after leaving the Duncan-Raygosa home, was "unfit."  (Amended Compl. ¶ 78.)  Without elaboration, the Amended Complaint alleges that the S-M home "could not provide the necessary care and support for a child sexual abuse victim" and that DHS previously received reports of "abuse and neglect occurring in the home[.]"  (Amended Compl. ¶ 65.)  Critically, the Amended Complaint does not describe the S-M family's misconduct or allege that J.C. was subjected to it. Plaintiff's Amended Complaint contains allegations regarding the S-M home in both the state and federal claims.[2]

Second, the Amended Complaint amends the Third Claim for Relief to allege that O'Brien violated J.C.'s federal due process rights because she privately discussed doubts about "J.C.'s disclosure" with J.C.'s care team.  (Amended Compl. ¶ 104.)  The Amended Complaint alleges that O'Brien believed J.C.'s disclosure was "untruthful" and voiced that belief internally to other ODHS employees and J.C.'s service providers.  (Amended Compl. ¶¶ 100-02.)  The

---

[1] The relevant paragraphs include paragraphs 65, 78, and 100-04 and portions of paragraphs 79, 92, 105, 112 and 118 of the Amended Complaint.

[2] Plaintiff's Sixth Claim for Relief, negligence per se, does not contain any factual allegations.  It merely lists eight regulations and asserts that ODHS violated them.

**Page 3 –     STATE DEFENDANTS' MOTION TO DISMISS, OR IN THE
                ALTERNATIVE MOTION TO STRIKE**

Amended Complaint does not describe whether or how J.C. learned about O'Brien's alleged doubts and beliefs.  The Amended Complaint also now alleges that O'Brien appeared and testified in response to a defense subpoena at Raygosa's criminal trial.  The Amended Complaint alleges that O'Brien was ultimately "called by the defense to testify on behalf of Joe Raygosa," but does not describe the testimony or explain how it was wrongful or inappropriate.  (Amended Compl. ¶ 103.)  Plaintiff seeks money damages under Section 1983 for the "betray[al]" of "confidence and trust" created by O'Brien's private statements and her public testimony at Raygosa's criminal trial.  (Amended Compl. ¶ 104.)

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  The Court should dismiss a complaint when it "fail[s] to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (internal citation omitted).  When considering a motion to dismiss, courts construe factual allegations in the complaint in the plaintiff's favor.  *Sun Sav. & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 191 (9th Cir. 1987) (internal citations omitted).  But courts do not accept factual allegations that merely recite the elements of a claim.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual allegations must be enough to raise a right to relief above the speculative level[.]"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (cleaned up, citations omitted).

**Page 4 –    STATE DEFENDANTS' MOTION TO DISMISS, OR IN THE
            ALTERNATIVE MOTION TO STRIKE**

## ARGUMENT

The Court should dismiss the claims related to plaintiff's new factual theories.[3]  First, plaintiff's allegations related to the S-M home fail to state a claim.  The conclusory assertion that the S-M home was "unfit" is insufficient because it fails to provide notice of what State Defendants did wrong or how J.C. was harmed.  Second, plaintiff's allegation that O'Brien doubted J.C.'s disclosure of sexual abuse also fails to state a claim.  J.C.'s abuse disclosure came *after* she had already been removed from the Duncan-Raygosa home, and the due process clause does not create a cause of action for any alleged reputational and stigmatic injury to J.C. from hearing about O'Brien's doubts three years later.  Regardless, O'Brien's testimony at the Raygosa criminal trial is protected by absolute immunity.

## I.    Plaintiff's allegations regarding the S-M home are too conclusory to state a plausible claim for relief.

Plaintiff's claims relating to the S-M home fail to meet the Supreme Court's clearly stated standard for stating a claim for violating a plaintiff's civil rights.  When assessing the legal sufficiency of a complaint, this Court should ignore formulaic recitations of the legal elements. *Bell Atl. Corp.*, 550 U.S. at 545.  As the Supreme Court has explained, "naked assertions devoid of further factual enhancement" and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" are insufficient to state claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plaintiff must allege a defendant's misconduct, plaintiff's harms, and a "plausible link" between

---

[3] A 12(b)(6) motion is the proper vehicle for disputing the legal sufficiency of part of a claim.  *See generally* 2-12 Moore's Federal Practice - Civil § 12.34 (2017) at 84-85 ("[A] defendant may seek dismissal as to particular elements of a claim . . . , even if granting the motion will not entirely dispose of the claim for relief."); *see also Sierra Club v. Portland Gen. Elec. Co.*, 663 F. Supp. 2d 983, 1001 (D. Or. 2009) (granting motion to dismiss on parts of claims).  If the Court disagrees, State Defendants alternatively moves to strike the new factual allegations under Rule 12(f).

**Page 5 –    STATE DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE MOTION TO STRIKE**

the two.  *Austin v. Univ. of Oregon*, 925 F.3d 1133, 1138 (9th Cir. 2019).  The purpose of the complaint is to provide the defendant "fair notice" of not just "what the claim is" but also "the grounds upon which it rests."  *Twombly*, 550 U.S. at 555 (internal alterations and citation omitted).

Under this standard, the allegations regarding the S-M home are insufficient.  The Amended Complaint alleges that the S-M home was "unfit" in general terms, but it does not allege *any* facts regarding J.C.'s experience in that home.  (Amended Compl. ¶ 78.)  Instead, the Amended Complaint alleges that J.C. should not have been placed in the S-M home because the S-M home "could not provide the necessary care and support for a child sexual abuse victim" and that DHS previously received reports of "multiple reports of abuse and neglect occurring in the home[.]"  (Amended Compl. ¶ 65.)  These allegations do not state that the S-M home actually failed to provide appropriate support and care to J.C.  Plaintiff does not allege that any of the "multiple reports of abuse and neglect occurring in the home" concerned J.C.  Plaintiff does not even allege J.C. suffered any damages at all arising from her time in the S-M home.  The Amended Complaint contains *no* allegations about J.C.'s own experience in the home, thus failing the most basic requirements to state a claim.  Plaintiff cannot plausibly plead a causal connection between State Defendants' actions and plaintiff's harms when they fail to even make allegations of actual harm.

Based on the Amended Complaint, State Defendants do not know what actionable harms J.C. experienced in the S-M home or what plaintiff alleges State Defendants could have done to prevent those harms.  For instance, the Amended Complaint does not provide any information about the "reports of abuse and neglect" plaintiff believes to be actionable.  Nor does the Amended Complaint identify any deficiencies in the State Defendants' responses to these

**Page 6 –     STATE DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE MOTION TO STRIKE**

unidentified "reports."  The Amended Complaint similarly does not explain whether J.C. in fact lacked "appropriate support and care" in the home or conversely what was inappropriate about the care and support provided by the family.  (Amended Compl. ¶ 79(k).)  The Amended Complaint alleges that S exposed her *own* children to "a familial sex offender" but does not allege that this happened to J.C.  (Amended Compl. ¶ 65.)  Similarly, the Amended Complaint alleges that *other* children were subjected to "physical discipline" in the home but does not allege that this happened to J.C.  (Amended Compl. ¶ 65.)  Without more, State Defendants lack fair notice of the basis of J.C.'s claims with respect to the S-M home and cannot adequately prepare a defense to these claims.  At this late stage, State Defendants should not be left to guess as to which incidents and events plaintiff believes are actionable.  For this reason, the Court should dismiss the claims relating to the S-M home.

II.     **Plaintiff's theory that J.C. suffered emotional injury when she learned that O'Brien doubted her reports of abuse fails to state a claim.**

    A.     **Substantive due process does not protect against the reputational and stigmatic injury alleged in the Amended Complaint.**

This Court should dismiss plaintiff's due process claim alleging that O'Brien harmed J.C.'s reputation and credibility by voicing doubts about J.C.'s disclosure of sexual abuse. Plaintiff's Third Claim for Relief alleges that O'Brien violated J.C.'s substantive due process rights because O'Brien believed that J.C.'s disclosure regarding Raygosa was "untruthful" and O'Brien voiced that belief to others.  (Amended Compl. ¶¶ 100, 102.)  But this theory fails as a matter of law because stigma to reputation—the only injury to J.C. that could be inferred from the allegations in the Amended Complaint—is specifically not actionable under the due process clause.

The threshold question in due process analysis is whether plaintiff's claim implicates a constitutionally protected life, liberty, or property interest.  *Baumann v. Arizona Dep't of Corr.*,

**Page 7 –     STATE DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE MOTION TO STRIKE**

754 F.2d 841, 843 (9th Cir. 1985). The due process clause to the Fourteenth Amendment prohibits the state from depriving "any person of life, liberty, or property, without due process of law." The Ninth Circuit has explained that children in foster care have a liberty interest protected by the Fourteenth Amendment that requires that the State provide for foster children's "basic human needs—*e.g.*, food, clothing, shelter, medical care, and reasonable safety[.]" *Lipscomb By & Through DeFehr v. Simmons*, 962 F.2d 1374, 1379 (9th Cir. 1992) (quoting *DeShaney v. Winnebago Cnty. Dep't of Social Servs.*, 489 U.S. 189, 196 (1989)). This requirement that the State provide basic human needs to foster children does not mean that due process protects against every emotional injury suffered by foster children. *See M.D. by Stukenberg v. Abbott*, 907 F.3d 237, 251 (5th Cir. 2018) (stating that due process clause does not "afford [foster children] the right to be free from any and all psychological harm at the hands of the State.")

In other contexts, the United States Supreme Court and the Ninth Circuit have held that stigmatic and reputational injury are not actionable deprivations of "life, liberty, or property" under the due process clause. In *Paul v. Davis*, the plaintiff alleged that government officials falsely accused him of being a shoplifter and circulating the accusation to local businesses. 424 U.S. 693, 696 (1976). The Supreme Court held that the due process clause protected "tangible interests," not "stigma to one's reputation." *Id.* at 701. Similarly, in *Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, a university student alleged that university officials falsely accused her of attacking her roommate with scissors, which ultimately resulted in discipline by the school. The Ninth Circuit held that the "psychological trauma" of hearing and responding to the false accusations in the school disciplinary proceedings was not actionable, nor was the disciplinary notation on her transcript. 616 F.3d 963, 971 (9th Cir. 2010). Finally,

**Page 8 –     STATE DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE MOTION TO STRIKE**

in *Miller v. California*, a man challenged his inclusion in a state registry of child abusers. Again, the Ninth Circuit held that the false accusation that plaintiff committed child abuse was not actionable under the due process clause. 355 F.3d 1172, 1178 (9th Cir. 2004). In each of these cases, the courts recognized that harmful statements by government officials, without more, do not impair fundamental rights protected by substantive due process. *Paul*, 424 U.S. at 713; *Krainski*, 616 F.3d at 970; *Miller*, 355 F.3d at 1178.

This precedent applies squarely to plaintiff's new allegations regarding O'Brien. Plaintiff alleges that O'Brien privately voiced concerns to others involved in J.C.'s evaluation and treatment that J.C. was "untruthful" in her disclosure of sexual abuse by Raygosa. The Amended Complaint also alleges that O'Brien testified at Raygosa's criminal trial but does not describe the trial testimony. Plaintiff alleges that O'Brien's private statements and public testimony undermine[d] J.C.'s "credibility," "betrayed J.C.'s confidence and trust," and "impacted her health and wellbeing." (Amended Compl. ¶ 104.) As an initial matter, these conclusory allegations fail to state a claim. It is unclear how or whether J.C. learned of O'Brien's private comments or what plaintiff finds objectionable about O'Brien's trial testimony. Regardless, the emotional injury of hearing or learning of hurtful comments is not actionable under due process. The actionable claims in plaintiff's suit derive from the abuse she suffered in the Duncan-Raygosa home. O'Brien's alleged statements occurred *after* J.C. had already been removed from the Duncan-Raygosa home and thus could not cause or prolong the abuse J.C. suffered in that home. Similarly, whatever O'Brien may have testified to under oath at Raygosa's criminal trial, the jury convicted Raygosa, and he is currently serving a lengthy prison sentence. The new factual allegations concerning O'Brien's statements could not have caused J.C. any actionable injuries, thus the Court should dismiss this claim.

**Page 9 –     STATE DEFENDANTS' MOTION TO DISMISS, OR IN THE
          ALTERNATIVE MOTION TO STRIKE**

**B.      O'Brien has immunity for her testimony at the Raygosa criminal trial.**

Regardless of any content of O'Brien's trial testimony or alleged impact, the Court should dismiss plaintiff's new theory against O'Brien because it is barred by absolute immunity. The gravamen of plaintiff's new theory against O'Brien is that O'Brien doubted J.C.'s disclosure of abuse, memorialized that doubt in a case note, and Raygosa's criminal defense counsel separately subpoenaed her to testify at Raygosa's criminal trial. (Amended Compl. at ¶¶ 100-03.) The Amended Complaint alleges that it was wrong of O'Brien to participate in a criminal trial and that O'Brien testified "on behalf of" the defense. (Amended Compl. ¶ 103 ("Without informing J.C., O'Brien was called by the defense to testify on behalf of Joe Raygosa about the case note she created after his arrest.")). Plaintiff does not allege any fact or theory concerning how O'Brien could have avoided responding to a lawfully issued subpoena, or how truthfully testifying under oath, whatever the content of the testimony, is unlawful.

It is well-established that a witness in an adversarial proceeding has absolute immunity for her trial testimony. *See, e.g.*, *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983) (dismissing Section 1983 claim against police officer who testified at criminal trial); *Franklin v. Terr*, 201 F.3d 1098, 1102 (9th Cir. 2000) (dismissing Section 1983 claim against psychiatrist who testified at criminal trial). Nor can O'Brien be held personally liable for damages because the "prosecuting attorney" in Raygosa's criminal trial collected evidence, including O'Brien's case notes, which plaintiff alleges are "exculpatory." (Amended Compl. ¶ 102.) It is black-letter law that prosecutors have a constitutional *obligation* to provide criminal defendants with exculpatory evidence. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). It necessarily follows that gathering exculpatory evidence in a criminal prosecution is not itself a constitutional violation. Thus, the Court should dismiss plaintiff's new claim against O'Brien pertaining to her private doubts about the truthfulness of J.C.'s disclosure, and her subsequent testimony in Raygosa's criminal trial.

**III.    The Court should grant this motion without leave to amend.**

This Court should dismiss the new claims without leave to amend.  Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment. *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013).  The new theories regarding O'Brien's trial testimony present a pure question of law and thus cannot be saved by amendment. Further, plaintiff amended the Complaint after discovery had already closed and thus there is no additional information that plaintiff can plead in a second amended complaint on either new theory.  For instance, the Amended Complaint alleges in general terms that O'Brien's criminal trial testimony regarding a case note she wrote was wrongful but does not allege the contents of the case note or trial testimony.  In fact, in both the note and testimony, O'Brien merely recounted May 2018 statements by J.C. in which she "named her biological father and Mr. Raygosa as the perpetrators" of sexual abuse against her.  (May 23, 2018 case note and excerpt of August 16, 2018 trial testimony, attached as Exhibits 1-2 to the Declaration of Anit K. Jindal in support of State Defendants' Motion to Dismiss.)  Plaintiff does not, and cannot, dispute that this May 2018 conversation happened or explain why it was wrongful for O'Brien to accurately document J.C.'s own statements.  No good-faith, additional pleading can substantiate plaintiff's allegation that this case note or O'Brien's trial testimony about it violated the constitution.

Also, given the late stage of this case, any belated amendment would be prejudicial to State Defendants.  The Court will decide this motion only after State Defendants' additional discovery period has ended, after expert reports have been exchanged, and with trial approaching.  In this posture, a belated, pre-trial amendment would be prejudicial and improper. *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (affirming denial of leave where amendment would cause "discovery and other pre-trial problems").

Alternatively, at the very least, plaintiff must identify the specific additional facts he intends to allege in a proposed second amended complaint.  As the Ninth Circuit has explained, when a plaintiff seeks leave to amend following a dismissal, the plaintiff must proffer the additional facts necessary to cure the pleading deficiencies.  *Salameh*, 726 F.3d at 1133.  "A plaintiff may not in substance say 'trust me,' and thereby gain a license for further amendment when prior opportunity to amend had been given."  *Id.*  More specific pleading is particularly important in this case because plaintiff previously has responded to interrogatories by simply citing back to the Complaint and has refused to make J.C. available for a deposition.  If plaintiff fails to proffer the additional facts that cure the deficiencies by attaching a proposed second amended complaint to the response brief, the Court should deny leave to amend.

## CONCLUSION

The Court should grant this motion and dismiss plaintiff's new theories regarding the S-M home and Defendant O'Brien with prejudice.

**Page 12 –    STATE DEFENDANTS' MOTION TO DISMISS, OR IN THE
ALTERNATIVE MOTION TO STRIKE**

DATED: September 26, 2024

ELLEN F. ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON


*s/ Anit K. Jindal*
Lauren F. Blaesing, OSB #113305
LaurenBlaesing@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Alexandra L. Rhee, OSB #230770
AlexRhee@MarkowitzHerbold.com
*Special Assistant Attorneys General for State
Defendants and Third-Party Plaintiff*

Chad A. Naso, OSB #150310
ChadNaso@MarkowitzHerbold.com
Jeffrey M. Edelson, OSB #880407
JeffEdelson@MarkowitzHerbold.com
Anit K. Jindal, OSB #171086
AnitJindal@MarkowitzHerbold.com
*Of Attorneys for State Defendants and Third-Party
Plaintiff*

Jill Schneider, OSB #001619
Jill.Schneider@doj.oregon.gov
Nicholas Mancuso, OSB #151262
Nicholas.Mancuso@doj.oregon.gov
*Of Attorneys for State Defendants and Third-Party
Plaintiff*

2200417.4

**Page 13 –     STATE DEFENDANTS' MOTION TO DISMISS, OR IN THE
ALTERNATIVE MOTION TO STRIKE**