Mr. Steven Rizzo, OSB # 840853
Ms. Mary D. Skjelset, OSB # 075840
Rizzo Bosworth Eraut PC
1300 sw Sixth Avenue, Ste. 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630
srizzo@rizzopc.com
mskjelest@rizzopc.com

Ms. Caitlin V. Mitchell, OSB #123964
Johnson Johnson Lucas & Middleton PC
975 Oak Street, Ste. 1050
Eugene, OR 97401
Tel: (541) 484-2434
Fax: (541) 484-0882
cmitchell@justicelawyers.com

ATTORNEYS FOR PLAINTIFF LEVI

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>　　　　Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al.,<br><br>　　　　Defendants. | CASE NO. 6:22-cv-01813-MK<br><br>*Lead Case*<br><br>**LEVI'S RESPONSE TO DEFENDANTS' OBJECTIONS** |
| OREGON DEPARTMENT OF HUMAN SERVICES, et al.,<br><br>　　　　Third-Party Plaintiffs,<br><br>　　v.<br><br>JOE ALBERT RAYGOSA,<br><br>　　　　Third-Party Defendant. | |
| SHANNON CONLEY, Conservator for Z.C., a minor,<br><br>　　　　Plaintiff, | CASE NO. 6:23-cv-01353-MK<br><br>*Trailing Case* |

1 – LEVI'S RESPONSE TO DEFENDANTS' OBJECTIONS

vs.

KIM CHAPMAN et al.,

        Defendants.

## INTRODUCTION

This Court should affirm Judge Kasubhai's denial of the defendants' motion to compel the deposition of J.C. The defendants' Objections (ECF 207) was filed prematurely on September 20, 2024 – in disregard of the court's August 24, 2024 Discovery Order (ECF 210) – and it otherwise lacks merit. Plaintiff Levi's Response to the Objections is supported by Fed. R. Civ. P. 26(b)(1) and 72(a), and the correspondence, pleadings and papers on file.

## PROCEDURAL BACKGROUND

### *Summary of the pleadings in Levi and Conley*

Plaintiff Levi filed a civil rights action on behalf of J.C. on November 18, 2022, alleging in pertinent part that DHS certified the Duncan-Raygosa foster home in July 2016 with knowledge that Ms. Duncan and Mr. Raygosa were unfit to safely parent. Levi alleged that J.C. (9 years old) and her younger brother,[1] Z.C. were placed into the Duncan-Raygosa home, and that Raygosa sexually abused her in that home. (ECF 1, *Levi,* Case No. 6:22-cv-01813-MK). On September 18, 2023, Plaintiff Conley filed a civil rights action on behalf of Z.C. against the same defendants, alleging that Z.C. was abused in the Duncan-Raygosa foster home. (ECF 1, *Conley,* Case No. 6:23-cv-01353-MK). The defendants in both cases are represented by six private attorneys employed by Markowitz Herbold PC and two Oregon DOJ AAGs.

### *Consolidation and leave to amend*

Given the degree of factual overlap in the two cases, the parties jointly scheduled depositions of the plaintiffs' treating providers, the defendants, and other witnesses subpoenaed

---

[1] The defendants' assertion that J.C. is "the real party in interest" is a fiction. (ECF 207, Defs. Objs. at 2). As the duly appointed Conservator for J.C., Plaintiff Levi is the real party in interest in this action. *See* Rule 17(a)(1)(C).

2 – LEVI'S RESPONSE TO DEFENDANTS' OBJECTIONS

by the defendants. Often, the depositions covered documents pertinent to both J.C. and Z.C. In *Conley,* the discovery showed following J.C.'s and Z.C.'s removal from the Duncan-Raygosa foster home, DHS placed Z.C. into the DHS-certified Spicer-McCool foster home, which was allegedly abusive toward Z.C. and other children placed in the home. *Conley* amended the pleadings to include allegations pertaining to the Spicer-McCool foster home, and engaged in additional discovery of the certification and other child welfare activities in the Spicer-McCool home. (*Conley*, ECF 36, Third Amend. Compl., ¶ 36-37). This document discovery and the related testimony elicited by *Conley* in the joint depositions informed *Levi* about the nature and scope of harms occurring in the Spicer-McCool home and defendants' knowledge regarding particularized harms to J.C.

Consistent with the parties' agreement to coordinate discovery efforts, the parties attended joint scheduling conferences and discovery hearings, and the court regularly issued rulings and guidance applicable to both cases. On September 6, 2024, the court heard argument – again, for several hours – on numerous issues relating to both cases. The court consolidated *Levi* and *Conley* for discovery purposes. (*Levi,* ECF 210), (*Conley*, ECF 87).[2] The court allowed *Levi* to amend primarily to conform with discovery in *Conley* regarding the Spicer-McCool foster home and O'Brien's attempts to discredit J.C.'s disclosure (ECF 168, 169), but allowed the defendants to propose a discovery plan to address the amendments, which included additional written discovery and depositions as discussed below. The Court denied the defendants' motion to compel J.C.'s deposition with certain procedural safeguards to address concerns raised by the defendants (ECF 170).

The September 6 Minutes advised the parties: "Formal order to follow." (ECF 192). The defendants nonetheless filed the Objections on September 20, based on excerpts from the September 6 hearing. Subsequently, the court entered the Discovery Order on September 24, 2024, which the defendants do *not* object from. (ECF 210).

---

[2] For that reason, the Response uses the consolidated case caption.

3 – LEVI'S RESPONSE TO DEFENDANTS' OBJECTIONS





## STANDARDS

"A non-dispositive order entered by a magistrate must be deferred to unless it is clearly erroneous or contrary to law." *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (internal use of quotation marks and citations omitted). The "clearly erroneous" standard applies to magistrate judge's findings of fact. *Nationstar Mortgage, LLC v. Decker,* 2015 U.S. Dist. LEXIS 15205 * 2 (D. Or. 2015) (same). Review under the clearly erroneous standard is "significantly deferential"; it requires "a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993) (same); *see also Levi v. Chapman,* et al, (ECF 159, 7/15/24 Order) ("If a ruling on a motion is not determinative of a party's claim or defense, it is not dispositive and, therefore, is not subject to *de novo* review as are proposed findings and recommendations for dispositive motions under 28 U.S.C. § 636(b)(1)(B).

## ARGUMENT

### A.    *The defendants' premature Objections misstate Judge Kasubhai's order.*

Rule 72(a) provides in pertinent part:

> Nondispositive Matters. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, *issue a written order stating the decision*. A party may serve and file objections to *the order within 14 days after being served with a copy.*

*Id*. (emphasis added). The Notes of Advisory Committee on Rules – 1983 explains that "[t]he rule calls for a *written order* . . . to *preserve the record* and *facilitate review.*" *Id.* (emphasis added).

The defendants ignored Rule 72(a) requirements. The Objections is not based on the September 24, 2024 Discovery Order; it is based instead on select excerpts from the transcript of the September 6, 2024 (hours-long) status conference. The defendants' excuse for jumping the gun primarily rests on a sentence in the above Notes, which provides that "an oral order read into the record will satisfy [the written order] requirement." *Id.* But the court did not orally "read" an order into the record at the September 6 hearing, and if that was at all unclear to the defendants, the

4 – LEVI'S RESPONSE TO DEFENDANTS' OBJECTIONS


RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

Minutes reminded that the court intended to issue a "formal order."

As expected, the September 24 Discovery Order fully explains the basis for the court's rulings on the defendants' discovery motion:

> Defendants' Motion to Compel Deposition of J.C. (*Levi* ECF No. 170) is DENIED. The Court finds that *there is ample evidence from other sources of J.C.'s damages and notice of her abuse.* The *harm of retraumatizing a child* by compelling her deposition is *unnecessary in light of the evidence already available to the parties.*
>
> Further, the Court's decision to deny the deposition of J.C. is *also based on untimeliness*. Defendants notified Plaintiff on the eve of the discovery deadline of its intent to depose J.C. The Court extended discovery deadlines for a limited purpose thereafter. However, if Plaintiff elects to call J.C. to testify at trial, the [] must provide Defendants 30 days notice before trial and Defendants will have an opportunity to depose J.C. Similarly, if Plaintiff submits a declaration of J.C. in support of a dispositive motion, then Defendants will be given an opportunity to depose J.C.

(ECF 210 at 2) (emphasis added). As seen, the Objections is premature and it mischaracterizes the court's order. The court stated three grounds for its decision: the available ample evidence, the potential for harm to J.C. by re-entraining her abuse, and the defendants' tardiness. As a further safeguard, if Plaintiff opens the door then the defendants may depose J.C. The court's express findings set forth in the Discovery Order are not clearly erroneous – even assuming *arguendo* the defendants had timely filed Objections thereto, which they did not.

**B. *The defendants' concern regarding plenary jurisdiction has no bearing on Judge Kasubhai's order.***

The defendants' alternative reason for the premature Objections rests on the suggestion that there is an "open question" whether the court had "plenary jurisdiction in this matter." (ECF 207 at 2; ECF 208-1). But the suggestion, as presented, lacks important context – and it has nothing to do with the court's ability to have ruled on the defendants' discovery motion.

Briefly, Plaintiff Levi and the defendants have expressly consented to magistrate judge jurisdiction. (ECF 185). However, as reflected in the above case caption, DHS asserted a third-party state law battery claim against Raygosa, seeking a declaration that his rape and sodomization

of J.C. is the "sole cause" of her damages.[3]  Raygosa failed to appear or otherwise defend and he is a defaulting party under Rule 55. (ECF 101, 11/20/23 Clerk's Entry of Default).

The Ninth Circuit lacks controlling precedent regarding whether a magistrate judge can enter default judgment absent the defaulting party's express consent, and the defendants are coy about their intention to move for default judgment on DHS's battery claim against Raygosa, if ever. In other words, the sophisticated defendants are weaponizing their delay as a means to unsettle the court's ability to try the case on February 10, 2025, "out of a [so-called] abundance of caution." (ECF 208 at 2).[4] For that reason, the court requested the parties to brief severance of the third-party claim. (ECF 210 at 6). However, while the potential for severance may pertain to the court's ability to try the case on the merits, it has no relation to the court's ruling on the defendants' discovery motion at issue, severance, or others matters referred to the court.

This Court should reject the Objections on timeliness grounds. If it does not do so, then the following points are relevant.

### C. *The court's denial of the defendants' discovery motion was proper*

*Levi* was filed in November 2022. On September 8, 2023, the court set a firm discovery deadline of <u>July 12, 2024</u>. (*Levi,* ECF 179, Plf's Resp. to Defs. Mot. to Compel Depo. of J.C. at 2), (ECF 180. Decl. of Counsel). The defendants made no effort to depose anyone until June 7, 2024 – approximately 17 months after the case was filed.

The defendants waited until June 25, 2024, before filing a motion to extend the July 12 discovery deadline. (ECF 142, Defs.' Mot. to Extend). In that motion, the defendants identified "several  key discovery issues" and moved for a 35 day extension of time. The defendants conveyed that they wanted to depose Ms. April Clark (J.C.'s treating counselor), Ms. Annette

---

[3] The court denied Plaintiff's motion to strike DHS's third-party claim in May 2023, *see* ECF 40, and the defendants (who have appeared) conducted no discovery thereon.

[4] Evidently, the defendants think that the "open question" gives them free reign to file the premature Objections notwithstanding that they have expressly consented to magistrate judge jurisdiction. The defendants cite no case, which holds that the Objections are proper simply because the court may not have jurisdiction over the third-party claim.


RIZZO | BOSWORTH | ERAUT pc
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

Smith (J.C.'s dependency attorney) and Mr. Levi – without any mention of taking J.C.'s deposition.

On July 10, 2024, the court held a status conference, which lasted for several hours. The court instructed the defendants in pertinent part to "draft what you are proposing, complete with discovery on both of the cases [*Levi* and *Conley*], and submit it – and to have it done in 30 days." The court instructed the defendants to prepare a "thorough" status report that identified the "critical" deponents in order to eliminate "any amendments to it." On that condition, the court agreed to extend the discovery deadline to <u>August 12, 2024</u> – noting that any additional discovery request should be limited to a "rare thing that might come up." (ECF 157).[5] The court set the next status conference for <u>August 6, 2024,</u> in person. (*Id.* at 3-4). (ECF 157).

The defendants filed the status report on July 19, 2024. The status report expanded the list of identified deponents to include (1) Ms. Clark (J.C.'s treating counselor), (2) Dr. Sorenson (J.C.'s evaluating psychologist), (3) Ms. Dale Gilad (J.C.'s CASA), (4) Ms. Lene Ferrari (former DHS worker who expressed concerns about child safety in the Duncan-Raygosa home), (5) Ms. Smith, and (6) Mr. Levi – again, without any mention of taking J.C.'s deposition. (ECF 160, State Defs.' Status Rpt. at 7). The status report indicated that Plaintiff "contends" that Mr. Levi "is not a percipient witness and that much of his potential testimony will be work-product or privileged." (*Id.*). To be clear, Plaintiff did not object to Mr. Levi's deposition. However, because Mr. Levi was a represented party, Plaintiff requested the defendants confer in advance regarding the scope of his deposition and seek the court's guidance if need be. The defendants ignored the request, and Markowitz attorneys deposed Mr. Levi on July 25, 2024, subject to Plaintiff's privilege/work product objections. (ECF 179 at 3). Following the deposition, the defendants made no effort to confer on the objections, and they chose not to file a motion to compel sufficient answers.

After close of business on August 5, 2024 (while counsel was enroute to Eugene for the in-

---

[5] The court granted the defendants' motion to compel and ordered Plaintiff Levi to produce J.C.'s juvenile court records, and it granted in part and denied in part the defendants' motion to compel Mr. Levi's interrogatory answers. (ECF 157, 7/12/24 Order).

7 – LEVI'S RESPONSE TO DEFENDANTS' OBJECTIONS



RIZZO | BOSWORTH | ERAUT pc

1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

person conference the next day), Markowitz attorney, Mr. Harry Wilson, delivered a letter to the plaintiffs, accusing both Ms. Conley and Mr. Levi of so-called "fiduciary abnegation." For example, Mr. Wilson charged that Mr. Levi "abnegated" his fiduciary duties as J.C.'s conservator because he relied on the undersigned counsel to investigate J.C.'s claims and failed to meet with J.C. more than three times prior to filing suit. Mr. Wilson conjured that Mr. Levi's apparent "abnegation" entitled the defendants were entitled to depose J.C. about her rape and sodomization in care – when she was 9 years old. (*Id*. at 5-6).[6]

At the August 6, 2024 status conference, the defendants steered clear of Mr. Wilson's "fiduciary abnegation" accusation. Instead, the defendants were ready-prepared with a new "proposal," *viz*. Plaintiff Levi could atone for his apparent "abnegation" of J.C. and spare the defendants from deposing J.C. so long as Plaintiff agreed:

(1) to not call the Kids FIRST forensic child abuse specialists who examined J.C. at trial;

(2) to not introduce any witness testimony and exhibits in Raygosa's prosecution at trial;

(3) to not introduce evidence of J.C.'s disclosure of Raygosa's sexual abuse upon removal from the Duncan-Raygosa foster home at trial;

(4) to not call a Rule 26 expert to testify about information obtained from J.C. at trial; and,

(5) to not call J.C. at trial.

(*Id*. at 6-7). Plaintiff declined the defendants' impromptu "proposal" to avoid all evidence of the sexual assault and commit malpractice. The defendants next argued (as expected) that it was Plaintiff's "rejection" which now forced them to depose J.C. After further discussion on the record, the court afforded the defendants an opportunity to file a motion to compel J.C.'s deposition, and it scheduled the next status conference for September 6, 2024. (*Id.*) (ECF 174, 8/15/24 Order).

The defendants' August 13, 2024 motion rehashed the "rejection" argument and their

---

[6] There was nothing "rare" about the defendants' after-hours maneuver. It resembled DHS's eleventh-hour motion to disqualify this Court in *Wyatt B*.

8 – LEVI'S RESPONSE TO DEFENDANTS' OBJECTIONS



RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

dissatisfaction with Mr. Levi's answers to the defendants interrogatories – without mention of the court's July 12 ruling on the sufficiency thereof. The defendants also faulted Mr. Levi's deposition answers for their delay in announcing their "critical need" to depose J.C. – but without mention of their failure to confer in advance thereof and/or their failure to move to compel afterwards. (ECF 157 at 2).[7] The defendants argued pretextually that, as of the evening of August 5, J.C.'s deposition had suddenly become "critical" upon realizing that "[d]iscovery *to date* has not *revealed* any factual basis for any prior disclosure." (ECF 170 at 4) (emphasis added). In other words, the possibility of an unrevealed "prior disclosure" (of?) not only excused the defendants' delay "to date" it also justified the sudden and unforeseen need to depose J.C.

However, the defendants' syllogism did not establish good cause. *Cf., Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (The good cause standard is met when the current deadlines "cannot reasonably be met despite the diligence of the party seeking the extension.") (cleaned up).[8] Plaintiff's response to the defendants' discovery motion outlined the history of the defendants' delay and set forth the extensive available evidence of J.C.'s disclosure and her injuries discovered "to date." (*Levi,* ECF 179, Resp. to Mot. to Compel J.C.'s depo.).

For example, with respect to J.C.'s disclosure, defendant Chapman's October 9, 2017 email (referenced in the defendants' motion) described J.C.'s disclosure, which was followed by J.C.'s forensic examination at Kids FIRST child advocacy center, located in Eugene, Oregon. That forensic examination was observed by the police and by DHS Child Protective Services (CPS) worker Mykael Burford, who was deposed in the case. The defendants obtained the Kids FIRST video recording of the examination, and they already had the related police reports and the Raygosa criminal trial transcript. Plaintiff produced 12,000+ pages of discovery, including (at least) 436

---

[7] The defendants submitted no Declaration to support their assertion that they "initially sought to avoid deposing" JC. (ECF 207 at 4).

[8] The defendants' sweeping assertion that "the federal rules do not require State Defendants to identify the witnesses they wished to depose by a certain date" is emblematic of the defendants' disregard of the court's order requiring them to prepare a "thorough" status report outlining the deponents.

9 – LEVI'S RESPONSE TO DEFENDANTS' OBJECTIONS



RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

pages of J.C.'s medical records, 697 pages of J.C.'s therapeutic notes, and 197 pages of J.C.'s current school records. (ECF 179 at 11-12). The defendants make no argument that this compilation of materials insufficiently reflects J.C.'s contemporaneous "knowledge, conduct, and communications" regarding her rape and sodomization or raises an unrevealed "prior disclosure" requiring J.C.'s deposition. (ECF 207 at 6).

Armed with the documents, the defendants deposed J.C.'s providers, Clark and Sorensen, along with Gilad/CASA, Smith, and J.C.'s mother. Plaintiff deposed the CPS worker (Burford) and the DHS employee-defendants (ECF 179, Levi Resp.).[9] The court specified further in the Discovery Order that the defendants have leave to depose J.C. in the event Plaintiff uses her declaration at the dispositive motions stage, and that Plaintiff must provide at least 30 days' notice prior to trial if Plaintiff intends to call J.C. to testify. (ECF 210 at 3). *Cf.,* Rule 26(b)(1) (The court may limit the scope of discovery considering, e.g., the parties' relative access to relevant information, the importance of the discovery in resolving the issues, and burdensomeness).

The court, as seen, fairly balanced ample evidence in the record regarding J.C.'s disclosure at issue against the defendants' re-entraining her rape and sodomization on deposition. Further, although they made no effort to examine J.C. in the "627 days that lapsed between the filing of the initial Complaint on November 18, 2022 and the feckless "fiduciary abnegation" accusation on August 5, 2024 (ECF 179 at 8), the sophisticated defendants still have the opportunity to depose Plaintiff's Rule 26 medical experts if they choose to do so.

Finally, the cases cited by the defendants do not establish a "definite and firm conviction" that the court committed a "mistake." For example, in *M.M. v. United States*, the court allowed the deposition of the decedent's minor son, noting that the minor was "the only named plaintiff or percipient witness who could provide first-hand testimony regarding the nature of his parental

---

[9] Further, based on the court's approval of the defendants' discovery plan referenced above, the defendants have propounded additional interrogatories and requests for admissions, they have re-deposed Clark, Gilad and Sorenstam, and the parties are scheduled to depose Spicer-McCool next week – where J.C. and Z.C. were placed following J.C.'s disclosure.

RIZZO | BOSWORTH | ERAUT pc

1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

relationship with decedent." 2020 U.S. LEXIS 127896 * 7-8 | 2020 WL 4037165, at *3 (C.D. Cal. June 30, 2020). In *A.G.1 v. City of Fresno,* the defendant police department sought to depose one of the decedent-father's children who was serving time in a juvenile detention facility. The court precluded questions concerning the youth's involvement in a fight that occurred in 2012. However, the court allowed the incarcerated youth to be deposed regarding his father's gang affiliation and the 2014 burglary incident in which father was killed, and the 2016 robbery for which the youth was serving time. 2018 U.S. Dist. LEXIS 72417 * 3-4 (E.D. Cal. 2018).

Neither case, as seen, dealt with a child sexual abuse victim. Also, J.C. was not the sole percipient witness to her disclosure and she was not unfortunately hardened by incarceration in a youth correctional facility for committing crimes against persons and property. Also, neither case dealt with the defendants' complete lack of diligence and feckless, unsupported attempts to excuse their delay by blaming others for it.

## CONCLUSION

Judge Kasubhai did not make a mistake. It is the defendants who are mistaken. The Court should therefore reject the premature Objections and affirm the Discovery Order denying the defendants' tardy motion to compel J.C.'s deposition.

Dated: October 4, 2024.

RIZZO BOSWORTH ERAUT PC

By: s/     *Steven Rizzo*
    Steven Rizzo OSB No. 840853
    Mary D. Skjelset OSB No. 075840
    Rizzo Bosworth Eraut PC
    1300 SW Sixth Avenue, Suite 330
    Portland, OR 97201
    Tel: (503) 229-1819
    Fax: (503) 229-0630

    Caitlin V. Mitchell, OSB #123964
    Johnson Johnson Lucas & Middleton PC
    975 Oak Street, Ste. 1050
    Eugene, OR 97401

11 – LEVI'S RESPONSE TO DEFENDANTS' OBJECTIONS

Tel: (541) 484-2434
Fax: (541) 484-0882
cmitchell@justicelawyers.com

ATTORNEYS FOR PLAINTIFF LEVI

12 – LEVI'S RESPONSE TO DEFENDANTS' OBJECTIONS

RIZZO | BOSWORTH | ERAUT PC

1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>      Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al.,<br><br>      Defendants. | CASE NO. 6:22-cv-01813-MK<br><br>*Lead Case*<br><br>**CERTIFICATE OF SERVICE** |
| OREGON DEPARTMENT OF HUMAN SERVICES, et al.,<br><br>      Third-Party Plaintiffs,<br><br>      v.<br><br>JOE ALBERT RAYGOSA,<br><br>      Third-Party Defendant. | |
| SHANNON CONLEY, Conservator for Z.C., a minor,<br><br>      Plaintiff,<br><br>vs.<br><br>KIM CHAPMAN et al.,<br><br>      Defendants. | CASE NO. 6:23-cv-01353-MK<br><br>*Trailing Case* |

      I am employed by the law firm of Rizzo Bosworth Eraut PC in Portland, Oregon. I am over the age of eighteen years and not a party to the subject cause. My business address is 1300 SW Sixth Avenue, Suite 330, Portland, OR 97201.

      On the date below, I caused to be served on all parties in this action by transmitting a true copy thereof**: Plaintiff Levi's Response to Defendants' Objections**

1 – Certificate of Service

**VIA ECF**                                          **VIA ECF**

Jill Schneider
Nicholas S. Mancuso
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Ph. 971-673-1880
Fax: 971-673-5000
Email: jill.schneider@doj.state.or.us
Email: nicholas.mancuso@doj.state.or.us
*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services*

Lauren Blaesing
Harry B. Wilson
Alexandra Rhee
Chad Naso
Jeffrey Edelson
Anit Jindal
Markowitz Herbold PC
1455 SW Broadway
Ste. 1990
Portland, OR. 97201
Ph: 503-295-3085
Email: laurenblaesing@markowitzherbold.com
Email: harrywilson@markowitzherbold.com
Email: alexrhee@markowitzherbold.com
Email: chadnaso@markowitzherbold.com
Email: jeffedelson@markowitzherbold.com
Email: anitjindal@markowitzherbold.com
*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services*

Dated this 4th day of October, 2024.

 *s/Shelley Maddox*
Shelley Maddox, Paralegal

2 – Certificate of Service