**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Alexandra L. Rhee, OSB #230770**
AlexRhee@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085
*Special Assistant Attorneys General for State Defendants*
*and Third-Party Plaintiff*
*Additional Counsel of Record Listed on Signature Page*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI, | Case No. 6:22-cv-01813-MK |
| Plaintiff, | **STATE DEFENDANTS'** |
| | **SUPPLEMENTAL OBJECTIONS TO** |
| v. | **MAGISTRATE JUDGE'S ORDER** |
| KIM CHAPMAN, in her individual capacity; ANASTASIA TIBBETTS, in her individual capacity; KASSIDY O'BRIEN, in her individual capacity; ERIN LANE, in her individual capacity; THE OREGON DEPARTMENT OF HUMAN SERVICES, a government agency; and JANE and JOHN DOES 1-5; in their individual and/or official capacities, | |
| Defendants. | |
| OREGON DEPARTMENT OF HUMAN SERVICES, | |
| Third-Party Plaintiff, | |
| v. | |
| JOE ALBERT RAYGOSA, | |
| Third-Party Defendant. | |

**Page 1 –    STATE DEFENDANTS' SUPPLEMENTAL OBJECTIONS TO**
            **MAGISTRATE JUDGE'S ORDER**

## INTRODUCTION

On September 20, 2024, State Defendants filed objections to Judge Kasubhai's oral order denying their motion to compel the deposition of J.C., which the Court read into the record at a hearing on September 6, 2024.  (Dkt. No. 207, the "Objections.")  State Defendants submitted the Objections within the time-period provided by Rule 72(a) even though the Court had not yet issued a written order denying the motion.[1]

On September 24, 2024, after State Defendants filed the Objections, Judge Kasubhai issued a written discovery order (the "Discovery Order") providing as follows:

> Defendants' Motion to Compel Deposition of J.C. (*Levi* ECF No. 170) is DENIED.  The Court finds that there is ample evidence from other sources of J.C.'s damages and notice of her abuse.  The harm of retraumatizing a child by compelling her deposition is unnecessary in light of the evidence already available to the parties. Further, the Court's decision to deny the deposition of J.C. is also based on untimeliness.  Defendants notified Plaintiff on the eve of the discovery deadline of its intent to depose J.C.  The Court extended discovery deadlines for a limited purpose thereafter. However, if Plaintiff elects to call J.C. to testify at trial, the must [sic] provide Defendants 30 days notice before trial and Defendants will have an opportunity to depose J.C. Similarly, if Plaintiff submits a declaration of J.C. in support of a dispositive motion, then Defendants will be given an opportunity to depose J.C.

(Dkt. No. 210 at 2-3.)

---

[1] The Advisory Committee notes provide that an "oral order read into the record by the magistrate [judge] will satisfy" the requirement of a "written order of the magistrate [judge]'s disposition to preserve the record and facilitate review."  Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment.  As a result, several district courts, including at least one in the Ninth Circuit, have determined that an oral decision made on the record, by itself, is sufficient to preserve the record, facilitate review, and trigger the fourteen-day window for filing objections.  *See Wigglesworth v. Maiden Holdings, Ltd.*, No. 1:19-cv-05296, 2023 WL 1794788, at *2 (D. N.J. Feb. 7, 2023) (collecting cases); *Lerma v. Arends*, No. 1:11-cv-00533-LJO, 2011 WL 2516173, at *4 (E.D. Cal. June 22, 2011).

**Page 2 –     STATE DEFENDANTS' SUPPLEMENTAL OBJECTIONS TO
                    MAGISTRATE JUDGE'S ORDER**

In light of the Court's Discovery Order, State Defendants submit the following to supplement their previously filed Objections.

SUPPLEMENTAL OBJECTIONS

**I.      The Court's decision to prohibit J.C.'s deposition entirely is contrary to law.**

The Court's finding in the Discovery Order that the "harm of retraumatizing a child by compelling her deposition is unnecessary in light of the evidence already available to the parties," (Dkt. No. 210 at 2-3), is contrary to law.

The Ninth Circuit requires "a strong showing" before "a party will be denied entirely the right to take a deposition." *Blakenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Federal courts, including courts in the Ninth Circuit, routinely hold that a deponent's age and the sensitive nature of her likely testimony are not grounds for barring a deposition entirely. *See, e.g.*, *M.M. v. United States*, No. ED-CV-19631-JGB-SPX, 2020 WL 4037165, at *3 (C.D. Cal. June 30, 2020) ("The court is sympathetic that the deposition may be difficult for [the] minor plaintiff . . . . Nonetheless, under these circumstances, defendant is entitled to depose him regarding his claims for economic and emotional damages."); *A.G.1 v. City of Fresno*, No. 1:16-CV-01914-LJO-SAB, 2018 WL 2045092, at *1 (E.D. Cal. Apr. 30, 2018) ("While the Court is sympathetic that these depositions are emotional for the minors involved, the minors brought the claims in this action and Defendants are entitled to depose them.").

For instance, in *Kuyper v. Bd. of Cnty. Comm'rs of Weld Cnty.*, a seven-year-old girl sued local officials after she was sexually assaulted by a foster child placed in her home. No. 09-CV-00342-PAB-MEH, 2010 WL 4038831, at *1 (D. Colo. Oct. 14, 2010). The District of Colorado ordered the girl's deposition notwithstanding her argument that the deposition would "further traumatize" her. *Id.* In *Doe v. New Fairfield Bd. of Educ.*, a middle school student sued a school district for failing to prevent her sexual assault by a ninth grader at the neighboring high school.

 **Page 3 –    STATE DEFENDANTS' SUPPLEMENTAL OBJECTIONS TO
                MAGISTRATE JUDGE'S ORDER**

No. 3:13-CV-1025-WWE, 2014 WL 7271522, at *3 (D. Conn. Dec. 18, 2014).  The District of Connecticut rejected the argument against deposing the plaintiff, reasoning that the deposition testimony was relevant to determining the extent of the child's damages and the cause of her alleged injuries.  *Id*. at *2.  In *Edgin on behalf of I.E. v. Blue Valley USD 220*, an elementary school student alleged that she had been sexually assaulted by another student at school and her father sued the school district on her behalf for her injuries.  The District of Kansas ordered the deposition notwithstanding assertions that the deposition would "re-traumatize and harass" the child.  No. 20-2547-EFM, 2021 WL 1750861, at *1, 3 (D. Kan. May 4, 2021).[2]

District courts in the Ninth Circuit have followed this persuasive body of law when ordering the deposition of minor children.  In *Hereford v. City of Hemet*, four minor children (aged 5 to 11) were percipient witnesses to alleged police misconduct.  5:22-CV-00394-JWH-SHK, 2024 WL 3059056, at *1 (C.D. Cal June 14, 2024).  The Central District of California compelled their depositions notwithstanding plaintiffs' assertions of potential "psychological harm" to the children.  *Id.* at *2.  In *M.M.*, a twelve-year-old sued the Veterans Administration for the wrongful death of his father.  2024 WL 3059056, at *1.  The Central District of California ordered the deposition notwithstanding the child's assertion that testifying about the death and its effects would force him to "relive the trauma" of losing his father.  *Id.* at *3; *see also A.G.1*, 2018 WL 2045092, at *1 (requiring minor to testify regarding father's shooting death).

---

[2] *See also Arassi v. Weber-Stephen Prod. LLC*, No. 13-CV-684, 2014 WL 1385336, at *1 (E.D. Wis. Apr. 9, 2014) (compelling deposition of a 14 year-old and 10 year-old regarding father's accident notwithstanding assertion of "harmful mental and emotional effects" of depositions); *Graham v. City of New York*, No. 08-CV-3518-KAM-RML, 2010 WL 3034618, at *5 (E.D.N.Y. Aug. 3, 2010) (compelling deposition of a seven-year old child about witnessing father's wrongful arrest notwithstanding assertion that the deposition would "unnecessarily upset" him); *Flanagan v. Wyndham Int'l Inc.*, 231 F.R.D. 98, 105 (D.D.C. 2005) (compelling third-party deposition of child sex abuse victim in case involving same perpetrator).

**Page 4 –     STATE DEFENDANTS' SUPPLEMENTAL OBJECTIONS TO MAGISTRATE JUDGE'S ORDER**

Courts have reasoned that good cause for barring a deposition is especially lacking where, as here, the minor put the sensitive testimony at issue by filing suit. *Edgin on behalf of I.E.*, 2021 WL 1750861, at *2 ("[I]t's highly unusual to entirely preclude a deposition, particularly of a named party in the case."); *M.M.* 2020 WL 4037165, at *3 ("Plaintiff M.M., Jr. has therefore put his relationship with his deceased father at issue by filing a wrongful death action seeking compensation for loss of society and companionship."); *Graham* 2010 WL 3034618, at *4 ("Where a plaintiff voluntarily brings an action seeking damages, defendants should not be so precluded from obtaining the discovery necessary to rigorously defend against the claims."); *Tate v. City of Chicago*, No. 18-C-7439, 2020 WL 5800817, at *1 (N.D. Ill. Sept. 29, 2020) ("[T]he deposition of a named plaintiff – or, as here, three named plaintiffs – goes to the very heart of this case and will almost certainly adduce relevant evidence to which Defendants are entitled.").

As explained in the Objections, J.C. has critical first-hand testimony regarding the core issues of this case on which State Defendants have been unable to obtain discovery from other sources.   (Dkt. No. 207 at 6-7.)  As such, the Court's finding that J.C.'s deposition is "unnecessary" is contrary to law.

## II.     The District Court may reconsider Judge Kasubhai's order because there is not full consent for magistrate judge jurisdiction.

In their Objections, State Defendants noted that whether Judge Kasubhai has the full consent of the parties as necessary for plenary jurisdiction in this matter under 28 U.S.C. § 636(c) was an "open question" that was the subject of briefing by plaintiff and State Defendants.  (Dkt. No. 207 at 2.)  In the Discovery Order, the Court has confirmed that "[b]ecause defaulted Third-Party Defendant Mr. Raygosa is a party in this case and has not consented to magistrate judgement jurisdiction, the Court does not have full consent."  (Dkt. No.

 **Page 5 –**    **STATE DEFENDANTS' SUPPLEMENTAL OBJECTIONS TO MAGISTRATE JUDGE'S ORDER**

210 at 6.)  Accordingly, the District Court may reconsider Judge Kasubhai's order denying State Defendants' motion to compel the deposition of J.C. under 28 U.S.C. § 636(b)(1)(A).

**III.    The Discovery Order memorializes the Court's orders permitting additional depositions after the August 12 deadline for fact discovery.**

In the Objections, State Defendants noted that the Court, while denying J.C.'s deposition as untimely, has "approved approximately 10 depositions to take place" after the August 12, 2024 fact discovery deadline.  (Dkt. No. 207 at 8.)  State Defendants cited to hearing transcripts to support this representation because there was not a written order at the time the Objections were filed.  The Discovery Order, however, memorializes the Court's approval of these additional depositions.  (*See* Dkt. No. 210 at 4-5.)  State Defendants refer the Court to the Discovery Order to complete the record with respect to this issue.

CONCLUSION

For the reasons stated above and in the Objections, this Court should vacate the magistrate judge's oral ruling denying State Defendants' motion to compel the deposition of J.C. on the grounds that it is clearly erroneous and contrary to law.

DATED: October 8, 2024.                    ELLEN F. ROSENBLUM
                                           ATTORNEY GENERAL
                                           FOR THE STATE OF OREGON


                                           *s/ Chad A. Naso*
                                           Lauren F. Blaesing, OSB #113305
                                           LaurenBlaesing@MarkowitzHerbold.com
                                           Harry B. Wilson, OSB #077214
                                           HarryWilson@MarkowitzHerbold.com
                                           Alexandra L. Rhee, OSB #230770
                                           AlexRhee@MarkowitzHerbold.com
                                           *Special Assistant Attorneys General for State
                                           Defendants and Third-Party Plaintiff*

                                           Chad A. Naso, OSB #150310
                                           ChadNaso@MarkowitzHerbold.com

Jeffrey M. Edelson, OSB #880407
JeffEdelson@MarkowitzHerbold.com
Anit K. Jindal, OSB #171086
AnitJindal@MarkowitzHerbold.com
*Of Attorneys for State Defendants and Third-Party Plaintiff*

Jill Schneider, OSB #001619
Jill.Schneider@doj.oregon.gov
Nicholas Mancuso, OSB #151262
Nicholas.Mancuso@doj.oregon.gov
*Of Attorneys for State Defendants and Third-Party Plaintiff*

2206696

**Page 7 –    STATE DEFENDANTS' SUPPLEMENTAL OBJECTIONS TO
MAGISTRATE JUDGE'S ORDER**