Mr. Steven Rizzo, OSB # 840853
Ms. Mary D. Skjelset, OSB # 075840
Rizzo Bosworth Eraut PC
1300 sw Sixth Avenue, Ste. 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630
srizzo@rizzopc.com
mskjelest@rizzopc.com

Ms. Caitlin V. Mitchell, OSB #123964
Johnson Johnson Lucas & Middleton PC
975 Oak Street, Ste. 1050
Eugene, OR 97401
Tel: (541) 484-2434
Fax: (541) 484-0882
cmitchell@justicelawyers.com

ATTORNEYS FOR PLAINTIFF LEVI

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al.,<br><br>Defendants. | CASE NO. 6:22-cv-01813-MK<br><br>*Lead Case*<br><br>**LEVI'S MOTION TO STRIKE DEFENDANTS' SUPPLEMENTAL OBJECTIONS** |
| OREGON DEPARTMENT OF HUMAN SERVICES, et al.,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>JOE ALBERT RAYGOSA,<br><br>Third-Party Defendant. | |
| SHANNON CONLEY, Conservator for Z.C., a minor,<br><br>Plaintiff, | |

1 – LEVI'S MOTION TO STRIKE UNAUTHORIZED FILING OF DEFENDANTS' SUPPLEMENTAL OBJECTIONS



RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

vs.

KIM CHAPMAN et al.,

            Defendants.

CASE NO. 6:23-cv-01353-MK

*Trailing Case*

## INTRODUCTION

This Court should strike the defendants' "Supplemental Objections" (ECF 222) from the record and award Plaintiff *Levi* reasonable costs.[1] The motion is based on Rule 72(a) and (b)(1) and (2), LR 72-1, LR 7-1(a) and (e)(2), and the correspondence, pleadings and papers on file with this Court.

## BACKGROUND

On September 23, 2024, the defendants filed Objections to Magistrate Judge Kasubhai's decision to deny their late-stage request to depose a minor child who they admit suffered severe sex abuse in the care and custody of the Oregon Department of Human Services ("ODHS"). (ECF 207). They chose not to wait for the forthcoming "formal order" which was announced in the Minutes of the hearing (ECF 192), and was issued on September 24, 2024. (ECF 210). Plaintiff Levi timely responded to the Objections on October 4, 2024. (ECF 221). Without conferring with counsel or seeking leave of the Court, the defendants filed their "Supplemental Objections" on October 8, 2024. (ECF 222).

## ARGUMENT

*First*, Rule 72(a) provides in pertinent part that upon issuance of the magistrate judge's "written order stating the decision," a party "may serve and file objections to the order within 14 days after being served with a copy." *Id*. Rule 72(b)(2) further provides in pertinent part that a party "may respond to another party's objections within 14 days after being served with a copy." *Id*. Nothing in Rule 72 permits a party to reply to response filed under Rule 72(b)(2) or otherwise provides for the filing of so-called "supplemental objections" in lieu of a reply.

---

[1] The defendants' fail once again use the consolidated case caption.

2 – LEVI'S MOTION TO STRIKE UNAUTHORIZED FILING OF DEFENDANTS' SUPPLEMENTAL OBJECTIONS


RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

*Second*, because the Rule 72 does not contemplate a reply, the defendants should have sought permission of the Court before supplementing the Objections. *See e.g.* LR-26(c) ("Unless otherwise directed by the Court, a movant may not file a reply supporting a discovery motion."). The defendants did not file a motion for leave to file their Supplemental Objections. They did not even confer on such a motion: Note that the Supplemental Objections makes no reference to LR-7 conferral requirements. In their haste to cloud the record with unauthorized filings, the defendants did not attempt to explain (to anyone) why it was even necessary to supplement the Objections. Instead, they simply plowed ahead, creating unnecessary burden and expense.

*Third*, the defendants have failed to establish good cause to "supplement" their premature Objections. The defendants' "fiduciary abnegation" was pretextual, and the defendants still make no effort to justify their 627-day delay in seeking J.C.'s deposition. Merely rehashing (*via* footnote) their purported reliance on a sentence in the Notes of Advisory Committee on Rules – 1983 does not excuse the premature Objections – particularly where, as seen, the Minutes advised the parties that the formal order would follow.[2] For example, under the defendants' logic, they could turn around tomorrow, or wait until trial, to serve and file additional objections based on other oral statements made that they may find objectionable by the court, which portends poorly. While the defendants now recite the Discovery Order, *see* ECF 222 at 2, they make no effort to explain why the court's careful balancing of the parties' interests – as reflected in the written order – is "contrary to law." "A Magistrate Judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of [the] applicable standard, or fails to apply or misapplies relevant

---

[2] Even assuming that the Minutes were less than clear, the defendants' citation to *Wigglesworth v. Maiden Holdings, Ltd,* shows that courts are split on whether a party may rely on an oral ruling made on the record to meet the 14-day timeline. 2023 WL 1794788. That said, the defendants do not claim that they were in any danger of waiver of the 14-day timeline, and Rule 72(a) does not contemplate waiver by failure to object to a previous order discussing the same issue. *See SEC v. McNaul,* 277 F.R.D. 439, 442 (June 14, D. Kan. 2011). Thus, jumping the gun was not a necessity, it was decidedly tactical.

3 – LEVI'S MOTION TO STRIKE UNAUTHORIZED FILING OF DEFENDANTS' SUPPLEMENTAL OBJECTIONS

RIZZO | BOSWORTH | ERAUT pc

1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

statutes, case law, or rules of procedure." *See Puckett v. Cnty. of Sacramento,* 2024 U.S. Dist. LEXIS 75679 *2 | 2024 WL 1798809 (E.D. Cal. April 24, 2024). Merely string citing cases (many of which appear in the premature Objections) does not show that the court acted contrary to law by balancing the parties' interests based on the facts of this case. *See e.g., Williams v. Vail Resorts Dev. Co.*, 2003 U.S. Dist. LEXIS 27793 | 2003 WL 25768656, at *2 (D. Wyo. Nov. 14, 2003) ("In sum, it is extremely difficult to justify alteration of the magistrate judge's non-dispositive actions by a district judge.").

## CONCLUSION

This Court should strike the Supplemental Objections as unauthorized and lacking in merit. The Court should also award reasonable fees and costs in connection with the preparation and filing of this motion.

Dated: October 10, 2024.

RIZZO BOSWORTH ERAUT PC

By: s/      *Steven Rizzo*
　　Steven Rizzo OSB No. 840853
　　Mary D. Skjelset OSB No. 075840
　　Rizzo Bosworth Eraut PC
　　1300 SW Sixth Avenue, Suite 330
　　Portland, OR 97201
　　Tel: (503) 229-1819
　　Fax: (503) 229-0630

　　Caitlin V. Mitchell, OSB #123964
　　Johnson Johnson Lucas & Middleton PC
　　975 Oak Street, Ste. 1050
　　Eugene, OR 97401
　　Tel: (541) 484-2434
　　Fax: (541) 484-0882
　　cmitchell@justicelawyers.com

ATTORNEYS FOR PLAINTIFF LEVI

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI, | |
| Plaintiff, | CASE NO. 6:22-cv-01813-MK |
| v. | *Lead Case* |
| KIM CHAPMAN, et al., | **CERTIFICATE OF SERVICE** |
| Defendants. | |
| OREGON DEPARTMENT OF HUMAN SERVICES, et al., | |
| Third-Party Plaintiffs, | |
| v. | |
| JOE ALBERT RAYGOSA, | |
| Third-Party Defendant. | |
| SHANNON CONLEY, Conservator for Z.C., a minor, | CASE NO. 6:23-cv-01353-MK |
| Plaintiff, | *Trailing Case* |
| vs. | |
| KIM CHAPMAN et al., | |
| Defendants. | |

I am employed by the law firm of Rizzo Bosworth Eraut PC in Portland, Oregon.  I am over the age of eighteen years and not a party to the subject cause.  My business address is 1300 SW Sixth Avenue, Suite 330, Portland, OR 97201.

On the date below, I caused to be served on all parties in this action by transmitting a true copy thereof**: Plaintiff Levi's Motion to Strike Defendants' Supplement Objections**

1 – Certificate of Service

**VIA EMAIL**

Jill Schneider
Nicholas S. Mancuso
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Ph. 971-673-1880
Fax: 971-673-5000
Email: jill.schneider@doj.state.or.us
Email: nicholas.mancuso@doj.state.or.us
*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services*

**VIA EMAIL**

Lauren Blaesing
Harry B. Wilson
Alexandra Rhee
Chad Naso
Jeffrey Edelson
Anit Jindal
Markowitz Herbold PC
1455 SW Broadway
Ste. 1990
Portland, OR. 97201
Ph: 503-295-3085
Email: laurenblaesing@markowitzherbold.com
Email: harrywilson@markowitzherbold.com
Email: alexrhee@markowitzherbold.com
Email: chadnaso@markowitzherbold.com
Email: jeffedelson@markowitzherbold.com
Email: anitjindal@markowitzherbold.com
*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services*

Dated this 10th  day of October, 2024.

 *s/Cheridan Carr*
Cheridan Carr, Paralegal

2 – Certificate of Service