IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**ETHAN LEVI,**

    Plaintiff,

v.

**KIM CHAPMAN, et al.**

    Defendants.

And

OREGON DEPARTMNET OF
HUMAN SERVICES,

    Third-Party Plaintiff,

v.

JOE ALBERT RAYGOSA,

    Third-Party Defendant.

No. 6:22-cv-01813-MK

**ORDER**

AIKEN, District Judge.

    This case comes before the Court on State Defendants' Objections, ECF No. 207, to Magistrate Judge Mustafa Kasubhai's Order, ECF Nos. 192, 210. State Defendants filed their Objections to a minute order entered following a lengthy hearing. The minute order indicated that a written order was to follow. ECF No. 192. Judge Kasubhai subsequently entered a written order, ECF No. 210, and Plaintiff Ethan Levi filed a Response to State Defendants' Objections, ECF No. 221.

State Defendants then filed "Supplemental Objections," ECF No. 222. Plaintiff moves to strike the "Supplemental Objections" as an improper reply brief, filed without leave of the Court or conferral with opposing counsel. ECF No. 223.

In accordance with Federal Rule of Civil Procedure 72(a), "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judgment must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." Fed. R. Civ. P. 72(a). The standard for review for a non-dispositive order with objections is "clearly erroneous" or "contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A) (applying the "clearly erroneous or contrary to law" standard of review for non-dispositive motions). If a ruling on a motion is not determinative of a party's claim or defense, it is not dispositive and, therefore, is not subject to *de novo* review as are proposed findings and recommendations for dispositive motions under 28 U.S.C. § 636(b)(1)(B).

Because the State Defendants filed their Objections before Judge Kasubhai issued his written Order, the Objections focus on statements made in the course of a hearing. The Court finds it more useful to consider the written Order, as it reflects Judge Kasubhai's actual determinations. The Objections, and the dispute underlying them, focus on Judge Kasubhai's denial of State Defendants' motion to compel the deposition of a juvenile witness, J.C. In relevant part, Judge Kasubhai ordered:

> Defendants' Motion to Compel Deposition of J.C. (*Levi* ECF No. 170) is DENIED. The Court finds that there is ample evidence from other sources of J.C.'s damages and notice of her abuse. The harm of retraumatizing a child by compelling her deposition is unnecessary in light of the evidence already available to the parties. Further, the Court's decision to deny the deposition of J.C. is also based on timeliness.

> Defendants notified Plaintiff on the eve of the discovery deadline of its intent to depose J.C. The Court extended discovery deadlines for a limited purpose thereafter. However, if Plaintiff elects to call J.C. to testify at trial, they must provide Defendants 30 days notice before trial and Defendants will have an opportunity to depose J.C. Similarly, if Plaintiff submits a declaration of J.C. in support of a dispositive motion, then Defendants will be given an opportunity to depose J.C.

Order, at 2-3. ECF No. 210.

On its face the Order does not, as State Defendants assert, entirely deprive them of the opportunity to depose J.C., but instead finds that they have sufficient evidence available to make "retraumatizing a child by compelling her deposition unnecessary." The Order expressly allows State Defendants to take J.C.'s deposition in the event that Plaintiff either calls J.C. as a witness for trial or relies on a declaration by J.C. in a dispositive motion.

In addition, Judge Kasubhai found that State Defendants efforts to depose J.C. were untimely. Upon review of the record, the Court concurs with Judge Kasubhai's determination. State Defendants notified Plaintiff that they intended to take J.C.'s deposition barely a week before the close of discovery. State Defendants could easily have sought to depose J.C. during the ordinary course of discovery but instead opted to wait until the last minute to notify Plaintiff that they wished to take the deposition.

The Court concludes that Judge Kasubhai's rulings were not clearly erroneous or contrary to law so declines to modify Judge Kasubhai's discovery order. State Defendants' Objections, ECF Nos. 207, 222, are OVERRULED. Because the Court concludes that, even considering State Defendant's "Supplemental Objections," there

is no cause to modify Judge Kasubhai's Order, Plaintiff's Motion to Strike, ECF No. 223, is MOOT.  The Court declines to order fees.

It is so ORDERED and DATED this  15th  day of October 2024.


    /s/Ann Aiken
ANN AIKEN
United States District Judge

Page 4 – ORDER