Mr. Steven Rizzo, OSB # 840853
Ms. Mary D. Skjelset, OSB # 075840
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Ste. 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630
srizzo@rizzopc.com
mskjelest@rizzopc.com

Ms. Caitlin V. Mitchell, OSB #123964
Johnson Johnson Lucas & Middleton PC
975 Oak Street, Ste. 1050
Eugene, OR 97401
Tel: (541) 484-2434
Fax: (541) 484-0882
cmitchell@justicelawyers.com

ATTORNEYS FOR PLAINTIFF LEVI

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>    Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al.,<br><br>    Defendants. | CASE NO. 6:22-cv-01813-MK<br><br>*Lead Case*<br><br>**LEVI'S MOTION TO SEVER DHS THIRD-PARTY COMPLAINT**<br><br>*Oral argument requested* |
| OREGON DEPARTMENT OF HUMAN SERVICES, et al.,<br><br>    Third-Party Plaintiffs,<br><br>v.<br><br>JOE ALBERT RAYGOSA,<br><br>    Third-Party Defendant. | |
| SHANNON CONLEY, Conservator for Z.C., a minor,<br><br>    Plaintiff, | CASE NO. 6:23-cv-01353-MK<br><br>*Trailing Case* |

1 – LEVI'S MOTION TO SEVER DHS'S THIRD-PARTY
   COMPLAINT



vs.

KIM CHAPMAN et al.,

        Defendants.

## INTRODUCTION

This Court should sever Defendant DHS's third-party claim against their former certified foster parent, Joe Albert Raygosa, to effectuate full consent and maintain the current trial date. Plaintiff Levi's motion is supported by Fed. R. Civ. P. 20, 21 and 42, and the correspondence, pleadings and papers on file.

## RELEVANT PROCEDURAL BACKGROUND

On January 30, 2023, the defendants filed an Answer, which contained a third-party complaint on behalf of defendant and third-party plaintiff DHS and against third-party defendant Raygosa. (ECF 19 at 9). In the first third-party claim for battery, DHS admitted that "throughout the duration of the foster care and adoptive care provided to J.C. . . . Raygosa physically abused J.C. by raping and sodomizing" her. (*Id*. at 9-10). DHS alleged that Raygosa's "conduct was done with conscious without any knowledge on the part of the [defendants] . . . in disregard for the rights and safety of J.C." (*Id*. at 10). DHS alleged that "Raygosa's conduct was the *sole cause* of J.C.'s damages," and the defendants prayed for "a *judgment . . . declaring* Raygosa's actions *the sole cause* of J.C.'s damages." (*Id*. at 10) (emphasis added).[1]

On February 14, 2023, the Court entered an order to show cause, directing DHS to "submit proposed summons within 14 days . . . or show cause why the third-party complaint should not be dismissed for failure to follow Court orders." (ECF 20). DHS filed a summons on the third-party complaint on February 28, 2023 (ECF 26) and filed proof of service on March 8, 2023. (ECF 29).

On May 12, 2023, the Court denied Plaintiff's Rule 14 motion to strike DHS's third-party

---

[1] If nothing else, DHS's request for declaratory relief is fully consistent with its failure to take responsibility for its conduct in harming foster children.

2 – LEVI'S MOTION TO SEVER DHS'S THIRD-PARTY
    COMPLAINT


RIZZO | BOSWORTH | ERAUT pc
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

claim, stating in pertinent part that "the purpose of the third-party complaint is to allege that Raygosa is the sole cause of J.C. damages," and that "it is not clear . . . that the matter to be stricken could have no possible bearing on the subject matter of this litigation." (ECF 40 at 3, 6) (internal citation omitted).[2]

The defendants first took advantage of Raygosa's non-appearance on November 13, 2023 by filing Objections to the Court's Discovery Order without mention of their prior consent to magistrate judge jurisdiction. (ECF 94).

As the defendants sat idle, it was Plaintiff Levi who acted on Raygosa's non-appearance, by initiating a Rule 55 request to default Raygosa on November 14, 2023. (ECF 97). No defendant objected to the request and the clerk duly entered Raygosa's default on November 20, 2023. (ECF 97). Thereafter, DHS took no action to seek a default judgment against Raygosa on its third-party claim for battery. On January 25, 2024, the defendants filed an Amended Answer, which realleged DHS's third-party complaint and third-party claim for battery against defaulting party, Raygosa. (ECF 110 at 14-16).

During an August 6, 2024 discovery hearing, the parties discussed consent to magistrate jurisdiction in connection with setting a trial date.

> THE COURT: Okay. So while we have a few minutes, before we take that up, trial dates. Was it the Levi firm or the Conley case -- Levi case or the Conley case for which we have consent but for Raygosa?
>
> MS. SKJELSET: Your Honor, it's our case, the Levi case.
>
> …
>
> THE COURT: Okay. All right. So --
>
> MR. RIZZO: Judge?
>
> THE COURT: Yes.

---

[2] Markowitz defense attorneys appeared beginning in June 2023. (E.g., ECF 48 (Ms. Lauren Blaesing) and ECF 49 (Mr. Harry Wilson)). Several other Markowitz attorneys have also appeared.

3 – LEVI'S MOTION TO SEVER DHS'S THIRD-PARTY COMPLAINT

RIZZO | BOSWORTH | ERAUT pc
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

MR. RIZZO: Mr. Raygosa's in default.

THE COURT: So default has been taken?

MR. RIZZO: Yes.

THE COURT: Okay.

MR. RIZZO: It was an order.

THE COURT: And so that's on the Levi matter?

MR. RIZZO: Yeah.

THE COURT: And with respect to -- is Raygosa a named defendant in the Conley matter?

MS. RICHARDSON: No.

THE COURT: All right. So, with Raygosa in default, then I think we have all the parties in the Levi case that are still active now consenting.

MR. RIZZO: Right. And, for further clarity, he was a third-party defendant sued by DHS in Levi.

THE COURT: Okay. Thank you. And then on the Conley matter, I don't believe I have full consent at this point. Is that -- is that everyone's understanding?

MS. RICHARDSON: Right.

THE COURT: Okay. And, again, I don't take it personally. I just want to make sure I understand what the lay of the land is, so we know how to address some of these matters. This is what we're going to do. We're going to set trial dates right now and -- and we're going to set trial dates in both cases on my calendar. They're not consolidated cases. They're going to be tried separately. Is that everyone's understanding?

MR. EDELSON: Yes.

(Decl., Ex. 1 at 2-4) Consistent with the parties' discussion on the record, the Court entered the parties' Consent to Jurisdiction on August 30, 2024, which in part reflected the defendants' May 10, 2023 Consent. (ECF 185). The entry of ECF 185 triggered the defendants to disclose their apparent concern about the scope of the Court's jurisdiction: Ms. Blaesing's September 5, 2024 letter "ask[ed] the Court to clarify whether, in light of ECF 185, it believes it has full consent by all parties to conduct any and all proceedings in this case, including entry of orders on dispositive motions, trial, and entry of final judgment." (Decl., Ex. 2 at 2).

4 – LEVI'S MOTION TO SEVER DHS'S THIRD-PARTY COMPLAINT



RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

The Court addressed Ms. Blaesing's request for clarification at the September 6, 2024 hearing, as follows:

THE COURT: Consent issue. Ms. Blaesing, I think, raises an issue, I think, in the letter that you provided last night. I think it was the last issue, but I think it's also one that should be taken up so we're all on the same page. You referred to ECF 185, which is the consent to jurisdiction by a magistrate judge. I have Mr. Rizzo on behalf of the Levi plaintiffs, and I have Ms. Schneider on behalf of the defendants having consented to the magistrate judge on May 10, 2023. Specifically, the issue, Ms. Blaesing, that you wanted to clarify regarding consent with respect to all subsequent dispositive motions and certainly the trial itself, *what is it that you want to clarify?* Or is it Ms. Hoffman?

MS. HOFFMAN: Ms. Blaesing sent you the letter, but I am going to address your question. The issue *we want to raise* with regard to consent is that in the Levi, unlike in Conley, there is a third-party defendant, and that's Mr. Raygosa. He has not consented to a magistrate, and there is a default order against him, but *we have looked into this*, and a default order does not – he's still in the case, and it does not create full consent. So *because there is no default judgment and he's still in the case and **could theoretically reappear**, he hasn't consented, and there isn't full consent.* So we -- so -- so *we weren't sure what prompted the – and issued a full consent,* but that was -- that was what *we wanted to flag* for you because *it's sort of an unusual situation*. We recognize that this isn't a -- this isn't a common situation, but that – *that's the case*.

THE COURT: All right. Whose – whose responsibility would it be to obtain the default judgment to close his participation in the case?

MS. HOFFMAN: I believe it would be ours. It would be State defendants. We're the ones who sued him.

THE COURT: Okay. And what's your efforts to secure a default judgment against Mr. Raygosa.

MS. HOFFMAN: *I don't think we intended to at this time*.

THE COURT: And the reason?

MS. HOFFMAN: At this point, *I'm not sure we know exactly what -- what that judgment would say.* And we -- *we just think it's premature.* **We haven't really had any dispositive rulings yet** in this case. I mean, we think he's – he's liable for J.C.'s injuries, *but **I don't know that we've determined what that ruling and that judgment would -- would be**; so --

THE COURT: Well, I'd like to get a little bit more clarity, then, on what it is that -- that the defendants are intending on doing with a default order against Mr. Raygosa and then proceeding to trial, whether it's -- well, whether -- in front of a district judge, and what you would be prosecuting against Mr. Raygosa at that time. *What is it that needs to be resolved? What decisions need to be made by either a court or a fact-finder once a default order has now been entered*?

5 – LEVI'S MOTION TO SEVER DHS'S THIRD-PARTY
    COMPLAINT

RIZZO | BOSWORTH | ERAUT pc
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

MS. HOFFMAN: To clarify, to start, Your Honor, we -- we did not ever seek a default order, and *we didn't particularly want one*. We think he belongs in this case. He's our third-party defendant, and the Levi plaintiff moved before this default order, I think, without conferring with us, and *we don't agree with this entry in the first place;* ***so we don't really intend to seek a default judgment***. *We didn't want the order* and *think it -- it may not necessarily be proper for plaintiff to have asked for an order against a party they're not actually appearing against*; but, in any event, ***we would likely move for a default judgment before trial, but it would likely be after dispositive motions are resolved and we sort of know, you know, kind of what the issues are going into trial.*** That seems like a more appropriate juncture to move for a default judgment, if we're going to. But, in any event, *we didn't want a default order in the first place*. We think he should be liable, and we wanted him in this litigation.

THE COURT: Is it your intent on calling him to testify?

MS. HOFFMAN: *I don't know that that's a **strategic decision** we've made yet*, Your Honor.

(Decl., Ex. 3 at 2-5) (emphasis and bold added). In other words, the defendants revealed on September 6 that they never wanted to default Raygosa and had no intention of seeking a default judgment against him prior to (anticipated) dispositive motions practice. Thus, the defendants exposed their "strategic decision": their inaction would require the Court to enter findings and recommendation on the motions and afford them an opportunity to object. The resultant delay could forestall the February 10, 2025 trial date and force a transfer of the case to a district judge.

In recognition of the potential impact of the defendants' inaction on judicial economy, the Court requested that both parties "provide briefing on the legal authority for magistrate judge jurisdiction by virtue of consent…under this fact pattern." (*Id*. at 6-7). To legitimize their litigation decisions, the defendants' September 13, 2024 "Memorandum of Law" reminded that as set forth in 28 U.S.C. § 636(c)(1), the term "parties" includes third-party defendants. (ECF 198 at 5). The defendants cited case law indicating that non-appearing, defaulting parties must consent to magistrate judge jurisdiction as a prerequisite to a magistrate judge's ability to enter dispositive decisions. (*Id*. at 2) (citing *Williams v. King*, 875 F.3d 500 (9th Cir. 2017)). The defendants also resurrected an ancient principle: "when one of several defendants . . . alleged to be jointly liable defaults, a court should not enter judgment the defaulting defendant until the matter has been adjudicated with regard to all defendants." (ECF 198 at 7 (citing *Frow v. De La Vega*, 82 U.S. 552,

6 – LEVI'S MOTION TO SEVER DHS'S THIRD-PARTY COMPLAINT

554 (1872)).[3] The defendants noted further that because DHS's third-party claim for battery alleges that Raygosa is "the sole cause" of J.C.'s damages, "that claim cannot be reduced to a judgment" until all of Plaintiff's claims are adjudicated and J.C.'s damages determined. (*Id*.) (citing inaptly, *Morgan v. Noss,* 2024 U.S Dist. LEXIS 31056 * 4 (W.D. Penn. February 23, 2024) (a defaulting party's failure to participate is insufficient grounds for finding implied consent to magistrate judge jurisdiction). The defendants forewarned the Court that taking "*any action* . . . that exceeds the statutory grant of jurisdiction in Section 636 is a nullity." (*Id*. at 8) (cleaned up).

In response, Plaintiff Levi observed the defendants' silence on whether the Court should take *action* to effect a severance of DHS's third-party claim for battery. Meanwhile, their cited case law, *Cory Liguore v. Kendall Simmons*, 2024 WL 4112332 at *19 (N.D. Cal. Sept. 5, 2024), was instructive on this exact issue:

> …the undersigned [magistrate judge] can retain jurisdiction over the case if it severs the plaintiff's claims against the defaulting defendant pursuant to Federal Rule of Civil Procedure 21. The severed defendant would be severed into a separate but related case that would be given a new case number. The new case would remain assigned to the undersigned. No additional filing fee would be required. The original case would move forward. With respect to the new case, any issues (such as any motion for default judgment) can be addressed after the original case concludes, either directly (if there is a dismissal) or by way of a report and recommendation that ultimately would be reviewed by a district judge.

(*Id*. at 6). The defendants rejected this sensible approach, presumably because they prefer delay over resolution of the issues. (ECF 201 at 3). On September 26, 2024, the Court entered an order, outlining a briefing schedule on the severance issue. (ECF 212). This motion to sever comports with the ruling.

### STANDARDS

Fed. R. Civ. P. 20, entitled "Permissive Joinder of Parties," is "inherently  permissive." *Stith v. California,* 2023 U.S. Dist. LEXIS 112409 * 7 (E.D. Cal. June 28, 2023). Under Rule

---

[3] This observation is of limited utility because (i) Raygosa is the lone third-party defendant (*not* "one of several defendants"); and (ii) DHS's third-party claim for battery does *not* allege that Raygosa is jointly and severally liable. (ECF 110 at 15-16).

7 – LEVI'S MOTION TO SEVER DHS'S THIRD-PARTY
    COMPLAINT


RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

20(b), the court "may issue orders – including an order for separate trials – to protect a party against . . . delay, expense, or other prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party." *Id.*; *see also Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1296 (9th Cir. 2000) ("[T]he district court may sever the trial in order to avoid prejudice."). "Courts may also consider factors such as the motives of the party seeking joinder and whether joinder would confuse and complicate the issues for the parties involved." *Bowerman v. St. Charles Health Sys.,* 2024 U.S. Dist. LEXIS 115416 ** 28-29 (D. Or. July 1, 2024) (internal citation omitted).

Fed. R. Civ. P 21, entitled "Misjoinder and Nonjoinder of Parties," provides courts with "the authority to *sua sponte* or on motion add or drop a party at any time on just terms," which in turn "underscores the permissive nature of Rule 20." *See Coston v. Conway,* 2020 U.S. Dist. LEXIS 131785 * 17 (N.D.N.Y. June 15, 2020). "[S]everance of parties where joinder is not required is committed to the court's discretion if it finds that the objectives of the rule are not fostered, or that joinder could result in prejudice, expense or delay." *See Raw Films, Ltd. v. Does*, 2012 U.S. Dist. LEXIS 41645 ** 7-8 | 2012 WL 1019067 (quoting 7 Charles Alan Wright, et al., *Federal Practice & Procedure* § 1652 (3d ed. 2001)) (internal use of quotation marks omitted). "While misjoinder of parties is not a ground for dismissing an action, the Court may at any time, on just terms, add or drop a party[, or] sever any claim against a party." *Bowerman, supra,* 2024 U.S. Dist. LEXIS 115416 ** 28-29 (citing Rule 21).

"When a court grants a motion to sever a claim…the ruling does not actually dispose of any claim….As a result, courts have determined that a magistrate judge may resolve such a motion through an order, rather than issuing a report and recommendation for the district judge's de novo review." *Downes-Covington v. Las Vegas Metro. Police Dep't.,* 2020 U.S. Dist. LEXIS 261657 ** 3-4 | 2020 WL 12895891 (D. Nev. December 16, 2020); *accord Cory Liguore, supra.*

## ARGUMENT

To preserve judicial economy and fundamental fairness, the Court should sever DHS's

8 – LEVI'S MOTION TO SEVER DHS'S THIRD-PARTY
     COMPLAINT

RIZZO | BOSWORTH | ERAUT pc

1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

permissive third-party claim for battery against third-party defendant Raygosa.

### The DHS third-party claim is permissive, not compulsory

Plaintiff alleges federal civil rights claims against the defendant officials, and a negligence claim against DHS under Oregon law. All defendants are represented by the same Markowitz attorneys and Oregon DOJ AAGs, and there are no crossclaims by the officials against DHS seeking indemnity or contribution. DHS alone alleges a third-party claim for battery against Raygosa under Oregon law, which seeks a declaratory judgment that Raygosa's battery was the "sole cause" of J.C.'s damages. However, the agency's third-party claim for is not compulsory, it is merely permissive. *See Aardwolf Indus., LLC v. Abaco Machs. United States, Inc.,* 2017 U.S. Dist. LEXIS 222669 * 38 | 2017 WL 10350547 (C.D. Cal. November 13, 2017) ("Rule 14(a) impleader procedures are permissive, not mandatory. Defendant is not required to assert a third party claim; *it may proceed by a separate lawsuit if it chooses to do so*.") (emphasis added); *cf., Employers Ins. v. Musick, Peeler & Garrett,* 954 F.2d 575, 577  (9th Cir. 1992) ("Rule 14 makes claims by a plaintiff against a third-party defendant permissive, not compulsory.").

### DHS's inaction demonstrates its motive to join and maintain Raygosa in the case

DHS served Raygosa in March 2023, while he was residing in the Lane County Jail. Raygosa was defaulted in November 2023, without objection by the defendants. Prior entry of Raygosa's default, no defendant took any discovery from Raygosa. They served no requests for production or admissions; and they avoided his deposition. Nor did they seek to depose Ms. Duncan, his wife and certified foster co-parent, or the adult son who resided with them in the foster home. This course of inaction exposes DHS's lack of concern and interest in proving the claim.

The defendants' inertia in relation to this third-party claim extends to default. As a matter of law, Raygosa's default establishes liability on the DHS third-party claim: "As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages." *United States v. Estate of Espinor,* 2016 U.S. Dist. LEXIS 79662 * 9 (E.D. Cal. June 16, 2016). Yet, following entry of the Raygosa's



RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

default, DHS took no action to obtain the default judgment. They instead filed an Amended Answer realleging DHS's third-party claim for battery against defaulting party Raygosa.

The defendants were aware that Raygosa's default – coupled with their failure to seek default judgment – created an opening to "nullify" their written consent to magistrate judge jurisdiction. In other words, by refusing to seek a default judgment, the *laissez-faire* defendants force the Court to enter findings and recommendation on parties' dispositive motions to which they can object at their choosing, which will in turn create additional, unnecessary expense for Plaintiff, and forestall trial on Plaintiff's claims and the defendants' defenses. Their Memorandum of Law argues that the situation is hopeless, and the Court is somehow powerless to overcome the quagmire they have created.

But the defendants are wrong: They can seek a default judgment against Raygosa at any time. And because they have chosen not to, the defendants must know that "[d]istrict courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998).

### *Severance of DHS's third-party claim overcomes the defendants' logjam and resolves the consent issue*

In *Bowerman,* the court noted that even where parties may be joined, the court still "must examine whether permissive joinder would comport with the principles of fundamental fairness or would result in prejudice to either side." 2024 U.S. Dist. LEXIS 115416 ** 28-29 (citing *Coleman, supra,* 232 F.3d at 1296). Courts "may also consider factors such as the motives of the party seeking joinder and whether joinder would confuse and complicate the issues for the parties involved." *Id*. (citing *Third Degree Films, Inc. v. Does 1-131*, 280 F.R.D. 493, 496 (D. Ariz. 2012)). Applying these authorities, it is fundamentally unfair for the defendants to leverage their delay to gum up the resolution of the merits simply because they find it advantageous not to seek default judgment against Raygosa, who although having never appeared, "***could theoretically reappear***" at an opportune time for the defendants. The defendants are not prejudiced by their delay – instead, they are using their delay and inaction to prejudice a child who was admittedly

10 – LEVI'S MOTION TO SEVER DHS'S THIRD-PARTY
     COMPLAINT


RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

raped and sodomized in their care. The defendants' litigation strategy complicates the issues and impair the Court's ability to efficiently manage its docket.

## CONCLUSION

Severance will not prejudice DHS, as it remains free to pursue declaratory relief against Raygosa (an insolvent, imprisoned third-party defendant) individually, later on or in state court. Accordingly, the Court should grant the motion to sever.

Dated: October 16, 2024.

RIZZO BOSWORTH ERAUT PC


By: s/     *Steven Rizzo*
Steven Rizzo OSB No. 840853
Mary D. Skjelset OSB No. 075840
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Suite 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630


Caitlin V. Mitchell, OSB #123964
Johnson Johnson Lucas & Middleton PC
975 Oak Street, Ste. 1050
Eugene, OR 97401
Tel: (541) 484-2434
Fax: (541) 484-0882
cmitchell@justicelawyers.com


ATTORNEYS FOR PLAINTIFF LEVI

11 – LEVI'S MOTION TO SEVER DHS'S THIRD-PARTY
       COMPLAINT

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>        Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al.,<br><br>        Defendants. | CASE NO. 6:22-cv-01813-MK<br><br>*Lead Case*<br><br>**CERTIFICATE OF SERVICE** |
| OREGON DEPARTMENT OF HUMAN SERVICES, et al.,<br><br>        Third-Party Plaintiffs,<br><br>        v.<br><br>JOE ALBERT RAYGOSA,<br><br>        Third-Party Defendant. | |
| SHANNON CONLEY, Conservator for Z.C., a minor,<br><br>        Plaintiff,<br><br>vs.<br><br>KIM CHAPMAN et al.,<br><br>        Defendants. | CASE NO. 6:23-cv-01353-MK<br><br>*Trailing Case* |

        I am employed by the law firm of Rizzo Bosworth Eraut PC in Portland, Oregon.  I am over the age of eighteen years and not a party to the subject cause.  My business address is 1300 SW Sixth Avenue, Suite 330, Portland, OR 97201.

        On the date below, I caused to be served on all parties in this action by transmitting a true copy thereof**: Levi's Motion to Sever DHS Third Party Complaint**

1 – Certificate of Service

**VIA EMAIL**

Jill Schneider
Nicholas S. Mancuso
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Ph. 971-673-1880
Fax: 971-673-5000
Email: jill.schneider@doj.state.or.us
Email: nicholas.mancuso@doj.state.or.us
*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services*

**VIA EMAIL**

Lauren Blaesing
Harry B. Wilson
Alexandra Rhee
Chad Naso
Jeffrey Edelson
Anit Jindal
Markowitz Herbold PC
1455 SW Broadway
Ste. 1990
Portland, OR. 97201
Ph: 503-295-3085
Email: laurenblaesing@markowitzherbold.com
Email: harrywilson@markowitzherbold.com
Email: alexrhee@markowitzherbold.com
Email: chadnaso@markowitzherbold.com
Email: jeffedelson@markowitzherbold.com
Email: anitjindal@markowitzherbold.com
*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services*

Dated this 16th  day of October, 2024.

*s/Cheridan Carr*
Cheridan Carr, Paralegal

2 – Certificate of Service