Steven Rizzo, OSB # 840853
Mary D. Skjelset, OSB # 075840
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Ste. 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630
srizzo@rizzopc.com
mskjelest@rizzopc.com

Caitlin V. Mitchell, OSB #123964
Johnson Johnson Lucas & Middleton PC
975 Oak Street, Ste. 1050
Eugene, OR 97401
Tel: (541) 484-2434
Fax: (541) 484-0882
cmitchell@justicelawyers.com

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>         Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al.,<br><br>         Defendants. | CASE NO. 6:22-cv-01813-MK<br><br>*Lead Case*<br><br>**DECLARATION OF STEVEN RIZZO IN SUPPORT OF LEVI'S MOTION TO SEVER DHS THIRD PARTY COMPLAINT** |
| OREGON DEPARTMENT OF HUMAN SERVICES, et al.,<br><br>         Third-Party Plaintiffs,<br><br>     v.<br><br>JOE ALBERT RAYGOSA,<br><br>         Third-Party Defendant. | |
| SHANNON CONLEY, Conservator for Z.C., a minor, | |

1 – DECLARATION OF STEVEN RIZZO IN SUPPORT OF
    LEVI'S MOTION TO SEVER DHS THIRD PARTY
    COMPLAINT



Plaintiff,

vs.

KIM CHAPMAN et al.,

Defendants.

CASE NO. 6:23-cv-01353-MK

*Trailing Case*

I, Steven Rizzo, declare as follows:

1.    On behalf of Plaintiff Levi in the above-captioned matter, I make this Declaration in support of Plaintiff Levi's Motion to Sever DHS Third Party Complaint.

2.    Attached as Exhibit 1 is a true and accurate copy of relevant pages from the transcript of the August 6th, 2024 status conference held before the Honorable Judge Kasubhai.

3.    Attached as Exhibit 2 is a true and accurate copy of relevant portions from the September 5, 2024 letter from counsel Lauren Blaesing to the Court.

4.    Attached as Exhibit 3 is a true and accurate copy of relevant pages from the transcript of the September 6, 2024 status conference held before the Honorable Judge Kasubhai.

**I declare under penalty of perjury that the foregoing is true and correct**.

Dated: October 16, 2024.

By: */s/ Steven Rizzo*
Mr. Steven Rizzo

2 – DECLARATION OF STEVEN RIZZO IN SUPPORT OF LEVI'S MOTION TO SEVER DHS THIRD PARTY COMPLAINT

RIZZO | BOSWORTH | ERAUTPC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION


ETHAN LEVI,                              )
                                         )
        Plaintiff,                       )
                                         )
        v.                               )    No. 6:22-cv-01813-MK
                                         )
KIM CHAPMAN, in her individual           )
capacity; ANASTASIA TIBBETTS, in         )
her individual capacity; KASSIDY         )
O'BRIEN, in her individual               )
capacity; ERIN LANE, in her              )
individual capacity; THE OREGON          )
DEPARTMENT OF HUMAN SERVICES, a          )
government agency; and JANE and          )
JOHN DOES 1-5; in their individual )
and/or official capacities,             )
                                         )
        Defendants.                      )
_____)
                                         )
OREGON DEPARTMENT OF HUMAN                )
SERVICES,                                )
                                         )
        Third-Party Plaintiff,           )
                                         )
        v.                               )
                                         )
JOE ALBERT RAYGOSA,                      )
                                         )
        Third-Party Defendant.           )
_____)

Status Conference

TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE MUSTAFA T. KASUBHAI

UNITED STATES DISTRICT COURT MAGISTRATE JUDGE

August 6, 2024

Exhibit 1
Page 1 of 5

going to be on the phone at 10 o'clock to deal with the Ferrari witness; is that correct?

MR. EDELSON:  Correct.

THE COURT:  Okay.  So while we have a few minutes, before we take that up, trial dates.  Was it the Levi firm or the Conley case -- Levi case or the Conley case for which we have consent but for Raygosa?

MS. SKJELSET:  Your Honor, it's our case, the Levi case.

THE COURT:  Okay.  And I'm sorry.  I've been pronouncing it Levi, but it's Levi?

MS. SKJELSET:  I don't think he would be offended, but that's my understanding.  The pronunciation is Levi.

THE COURT:  That's a very low bar.  I want to try to meet a higher expectation than just I'm not offending.  But it's Levi?

MS. SKJELSET:  I think there was a decade that I pronounced it as Levi before finally pronouncing it --

THE COURT:  Okay.  All right.  So --

MR. RIZZO:  Judge?

THE COURT:  Yes.

MR. RIZZO:  Mr. Raygosa's in default.

THE COURT:  So default has been taken?

MR. RIZZO:  Yes.

THE COURT:  Okay.

Exhibit 1
Page 2 of 5

MR. RIZZO:  It was an order.

THE COURT:  And so that's on the Levi matter?

MR. RIZZO:  Yeah.

THE COURT:  And with respect to -- is Raygosa a named defendant in the Conley matter?

MS. RICHARDSON:  No.

THE COURT:  All right.  So, with Raygosa in default, then I think we have all the parties in the Levi case that are still active now consenting.

MR. RIZZO:  Right.  And, for further clarity, he was a third-party defendant sued by DHS in Levi.

THE COURT:  Okay.  Thank you.

And then on the Conley matter, I don't believe I have full consent at this point.  Is that -- is that everyone's understanding?

MS. RICHARDSON:  Right.

THE COURT:  Okay.  And, again, I don't take it personally.  I just want to make sure I understand what the lay of the land is, so we know how to address some of these matters.

This is what we're going to do.  We're going to set trial dates right now and -- and we're going to set trial dates in both cases on my calendar.  They're not consolidated cases. They're going to be tried separately.  Is that everyone's understanding?

Exhibit 1
Page 3 of 5

MR. EDELSON:  Yes.

MS. RICHARDSON:  Well, we were in discussion, actually, and haven't fully conferred as to whether or not we should have them in the same trial, so that was actually still on the table.

THE COURT:  Okay.  All right.  Is -- from what you've said, I'm interpreting then that the plaintiffs in Levi and Conley want to try this together?

MS. RICHARDSON:  Yeah.  I think that would be best and most efficient for the Court.

MS. SKJELSET:  I think it makes good sense, Your Honor.

THE COURT:  How long -- well, let me ask then Levi. Ms. Skjelset and Mr. Rizzo, how long -- assuming not -- no consolidation, how long would the Levi case take to try?

MR. RIZZO:  For us to put on our evidence, Judge, I would say roughly a week --

THE COURT:  All right.  And then --

MR. RIZZO:  -- to be safe.

THE COURT:  I always -- there's at least a coefficient of 1.5 to whatever you tell me, at least.

MR. RIZZO:  Right.

THE COURT:  You don't make me happier by giving me an aggressive estimate.  I'd rather have a conservative estimate. That way if we have to take a day off afterwards, because we

Exhibit 1
Page 4 of 5

C E R T I F I C A T E


Ethan Levi v. Kim Chapman, et al.

Case No. 6:22-cv-01813-MK

and

Shannon Conley v. Kim Chapman, et al.

Case No. 6:23-cv-01353-MK

Status Conference

August 6, 2024


         I certify, by signing below, that the foregoing is a true and correct transcript of the record, taken by stenographic means, of the proceedings in the above-entitled cause.  A transcript without an original signature, conformed signature, or digitally signed signature is not certified.


/s/Lindsey A. Weresch, RMR, CRR, CSR

_____

Official Court Reporter       Signature Date: 8/9/2024
Oregon CSR No. 14-0427        CSR Expiration Date: 6/30/2026

Exhibit 1
Page 5 of 5



**Lauren F. Blaesing | Lawyer**
LaurenBlaesing@MarkowitzHerbold.com

September 5, 2024

<u>**Via Email Only**</u>

The Honorable Mustafa T. Kasubhai
U.S. District Court for the District of Oregon
405 E 8th Avenue, Room 5400
Eugene, OR  97401
mustafa_kasubhai@ord.uscourts.gov

**Re:**     **Ethan Levi v. Kim Chapman, et al.**
         **US District Court for Oregon (Eugene) Case No. 6:22-cv-01813-MK**
         **Shannon Conley, conservator for Z.C. v. Kim Chapman, et al.**
         **US District Court for Oregon (Eugene) Case No. 6:23-cv-01353-MK**

Dear Judge Kasubhai:

On behalf of State Defendants, I write to outline the issues we would like to address at the discovery hearing scheduled for September 6, 2024.  I will attend that conference on behalf of State Defendants, along with Hannah Hoffman and Jeffrey Edelson.

1.     *Levi*:  **State Defendants' Motion to Compel Deposition of J.C. (ECF 170)**

   State Defendants have moved for an order compelling J.C. to appear for a deposition in this matter.  J.C. is seventeen years old, and State Defendants will agree to appropriate limits on location and attendees to account for J.C.'s age. State Defendants ask the Court to **grant** their motion.

   State Defendants' motion, supporting declaration, and exhibits:  **ECF 170, 171, 172**.

   Plaintiff's response, supporting declaration, and exhibits:  **ECF 179, 180**.

2.     *Conley*:  **Plaintiff's Motion to Compel Under FRE 502(a) (ECF 77)**

   The *Conley* plaintiff has moved to compel State Defendants to produce undisclosed attorney-client privileged communications on grounds of subject-matter waiver based on ODHS's disclosure of the full Duncan-Raygosa

Exhibit 2
Page 1 of 2

The Honorable Mustafa T. Kasubhai
September 5, 2024
Page 6

11.     *Levi*:  **Full Consent By All Parties to Magistrate Jurisdiction (ECF 185)**

State Defendants ask the Court to clarify whether, in light of ECF 185, it believes it has full consent by all parties to conduct any and all proceedings in this case, including entry of orders on dispositive motions, trial, and entry of final judgment.

This request has not been raised in a prior filing or correspondence.

Very truly yours,

Lauren F. Blaesing
Special Assistant Attorney General

cc:     All counsel

2181583.1

Exhibit 2
Page 2 of 2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ETHAN LEVI,                          )
                                     )
                Plaintiff,           )  Case No. 6:22-cv-01813-MK
                                     )
        v.                           )
                                     )  September 6, 2024
KIM CHAPMAN, in her                  )
individual capacity; ANASTASIA       )
TIBBETS, in her individual           )
capacity; KASSIDY O'BRIEN, in        )
her individual capacity, ERIN        )
LANE, in her individual              )
capacity; THE OREGON                 )
DEPARTMENT OF HUMAN SERVICES,        )
a government agency; and JANE        )
and JOHN DOES 1-5; in their          )
individual and/or official           )
capacities,                          )
                                     )
                Defendants.          )
_____)
OREGON DEPARTMENT OF HUMAN           )
SERVICES,                            )
                                     )
        Third-Party Plaintiff,       )
                                     )
        v.                           )
                                     )
JOE ALBERT RAYGOSA,                  )
                                     )
        Third-Party Defendant.       )
_____)


DISCOVERY HEARING

TRANSCRIPT OF FTR-RECORDED PROCEEDINGS

BEFORE THE HONORABLE MUSTAFA T. KASUBHAI

UNITED STATES DISTRICT COURT MAGISTRATE JUDGE

Exhibit 3
Page 1 of 8

Consent issue.  Ms. Blaesing, I think, raises an issue, I think, in the letter that you provided last night.  I think it was the last issue, but I think it's also one that should be taken up so we're all on the same page.

You referred to ECF 185, which is the consent to jurisdiction by a magistrate judge.  I have Mr. Rizzo on behalf of the Levi plaintiffs, and I have Ms. Schneider on behalf of the defendants having consented to the magistrate judge on May 10, 2023.

Specifically, the issue, Ms. Blaesing, that you wanted to clarify regarding consent with respect to all subsequent dispositive motions and certainly the trial itself, what is it that you want to clarify?  Or is it Ms. Hoffman?

MS. HOFFMAN:  Ms. Blaesing sent you the letter, but I am going to address your question.

The issue we want to raise with regard to consent is that in the Levi, unlike in Conley, there is a third-party defendant, and that's Mr. Raygosa.  He has not consented to a magistrate, and there is a default order against him, but we have looked into this, and a default order does not -- he's still in the case, and it does not create full consent. So because there is no default judgment and he's still in the case and could theoretically reappear, he hasn't consented, and there isn't full consent.

So we -- so -- so we weren't sure what prompted the --

Exhibit 3
Page 2 of 8

and issued a full consent, but that was -- that was what we wanted to flag for you because it's sort of an unusual situation. We recognize that this isn't a -- this isn't a common situation, but that -- that's the case.

THE COURT: All right. Whose -- whose responsibility would it be to obtain the default judgment to close his participation in the case?

MS. HOFFMAN: I believe it would be ours. It would be State defendants. We're the ones who sued him.

THE COURT: Okay. And what's your efforts to secure a default judgment against Mr. Raygosa.

MS. HOFFMAN: I don't think we intended to at this time.

THE COURT: And the reason?

MS. HOFFMAN: At this point, I'm not sure we know exactly what -- what that judgment would say.

And we -- we just think it's premature.

We haven't really had any dispositive rulings yet in this case. I mean, we think he's -- he's liable for J.C.'s injuries, but I don't know that we've determined what that ruling and that judgment would -- would be; so --

THE COURT: Well, I'd like to get a little bit more clarity, then, on what it is that -- that the defendants are intending on doing with a default order against Mr. Raygosa and then proceeding to trial, whether

Exhibit 3
Page 3 of 8

it's -- well, whether -- in front of a district judge, and what you would be prosecuting against Mr. Raygosa at that time.

What is it that needs to be resolved?  What decisions need to be made by either a court or a fact-finder once a default order has now been entered?

MS. HOFFMAN:  To clarify, to start, Your Honor, we -- we did not ever seek a default order, and we didn't particularly want one.  We think he belongs in this case. He's our third-party defendant, and the Levi plaintiff moved before this default order, I think, without conferring with us, and we don't agree with this entry in the first place; so we don't really intend to seek a default judgment.  We didn't want the order and think it -- it may not necessarily be proper for plaintiff to have asked for an order against a party they're not actually appearing against; but, in any event, we would likely move for a default judgment before trial, but it would likely be after dispositive motions are resolved and we sort of know, you know, kind of what the issues are going into trial.  That seems like a more appropriate juncture to move for a default judgment, if we're going to.

But, in any event, we didn't want a default order in the first place.  We think he should be liable, and we wanted him in this litigation.

Exhibit 3
Page 4 of 8

THE COURT:  Is it your intent on calling him to testify?

MS. HOFFMAN:  I don't know that that's a strategic decision we've made yet, Your Honor.

THE COURT:  All right.  I'll hear from the Levi plaintiffs if they have anything else they would like to add.

MR. RIZZO:  Thank you, Your Honor.  This is Mr. Rizzo.  I just have a few points.

I just took a look.  The request for default was filed with the Court November 14, 2023, without objection by any of the State defendants, including the DHS.

The clerk entered the order, I believe, on November -- I believe on November -- subsequently.  I was trying to find it here.  November 20th, it looks like, Judge.  Clerk's entry of default as to Joe Albert Raygosa.  That's ECF 101. And there was no noise or pushback from the defendants about that order, and we're only hearing it now.  Rationale wasn't even expressed in Ms. Blaesing's letter, and we're hearing that counsel has some authority, hasn't shared the terms of -- the point about conferring, hasn't shared that authority with the Court or with counsel at this juncture, and it's -- it's -- so I don't have the case or the authority on which they're relying.

But the point is, Judge, they have taken no action

Exhibit 3
Page 5 of 8

whatsoever to discover, not only Mr. Ragusa, but also Nicole Duncan.  They've taken no action to discover any of their apparent or purported niece and nephew, children who are in the home with them.

They essentially sat on this issue, and they're now, apparently, trying to raise it for the first time, as the Court indicated, after the discovery is closed, for one purpose and one purpose only, and that's to cause serious prejudice to this child and further cause delay in the trial and create and drive up needless expenses for this child.

THE COURT:  I'm going to ask that both the defense counsel and Levi plaintiffs provide briefing on the legal authority for magistrate judge jurisdiction by virtue of consent under these -- under this fact pattern, and to -- and to help me understand what the scope of any authority I may have with respect to both of these two parties appearing for exercising consent, and then we'll proceed from there.

In the meantime, all my decisions will continue unabated with the -- you know, based on the arguments provided and the reasoning that I offer when making my decisions, and then we'll see what happens with dispositive motions.

I do agree there's going to be a complication.  If -- if I conclude that I don't have jurisdiction in the absence of Mr. Raygosa either consenting or for which there is a

Exhibit 3
Page 6 of 8

final judgment of default against him, then it does cause an issue with how dispositive motions will be resolved, and then whether there will be an opportunity for the parties to object, which will certainly cause a problem with the trial date, but I want to make sure you all understand I'm not moving the trial date right now.

So whether that's an incentive for anybody not to close that matter out and avoid full consent after the fact that both parties have done so, that's a strategic decision for which there may be consequences down the road, including the problem with extending a trial date out.

Mr. Rizzo?

MR. RIZZO:  Yes, Your Honor.  In terms of the briefing, I just wanted to ask the Court about an expedited timeline in which the defendants file their motion and we get a chance to respond to it.

THE COURT:  Seven days each.  Seven days.

Ms. Hoffman, since it does appear that there is some difference in opinion as to whether there is jurisdiction or not giving consent and you've raised the issue -- so by next Friday no more than ten pages.  Don't ask for authority to exceed.  I won't give it.  And ten -- seven -- seven days, to the following Friday, Mr. Rizzo, for you to file your response.

MR. RIZZO:  Thank you.

Exhibit 3
Page 7 of 8

C E R T I F I C A T E

Ethan Levi v. Kim Chapman

6:22-cv-01813-MK

and

Shannon Conley v. Kim Chapman

6:23-cv-01353-MK

Discovery Conference

September 6, 2024

I certify, by signing below, that the foregoing is a true and correct transcript of the record, taken by stenographic means, of the FTR-recorded proceedings in the above-entitled cause.  Where (indiscernible) has been indicated, the audio file was unable to be heard due to simultaneous crosstalk, fast speaking, mumbling, or other room noises overriding what was being said.  A transcript without an original signature, conformed signature, or digitally signed signature is not certified.


/s/Jill L. Jessup, CSR, RMR, RDR, CRR, CRC
_____

Transcriber/Official Court Reporter      Date: 9/9/2024
Oregon CSR No. 98-0346    CSR Expiration Date:  9/30/2026

Exhibit 3
Page 8 of 8

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>      Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al.,<br><br>      Defendants. | CASE NO. 6:22-cv-01813-MK<br><br>*Lead Case*<br><br>**CERTIFICATE OF SERVICE** |
| OREGON DEPARTMENT OF HUMAN SERVICES, et al.,<br><br>      Third-Party Plaintiffs,<br><br>v.<br><br>JOE ALBERT RAYGOSA,<br><br>      Third-Party Defendant. | |
| SHANNON CONLEY, Conservator for Z.C., a minor,<br><br>      Plaintiff,<br><br>vs.<br><br>KIM CHAPMAN et al.,<br><br>      Defendants. | CASE NO. 6:23-cv-01353-MK<br><br>*Trailing Case* |

      I am employed by the law firm of Rizzo Bosworth Eraut PC in Portland, Oregon.  I am over the age of eighteen years and not a party to the subject cause.  My business address is 1300 SW Sixth Avenue, Suite 330, Portland, OR 97201.

      On the date below, I caused to be served on all parties in this action by transmitting a true copy thereof: **Declaration of Steven Rizzo in Support of Levi's Motion to Sever DHS Third Party Complaint**

1 – Certificate of Service

<u>**VIA EMAIL**</u>                                    <u>**VIA EMAIL**</u>

Jill Schneider
Nicholas S. Mancuso
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Ph. 971-673-1880
Fax: 971-673-5000
Email: jill.schneider@doj.state.or.us
Email: nicholas.mancuso@doj.state.or.us
*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services*

Lauren Blaesing
Harry B. Wilson
Alexandra Rhee
Chad Naso
Jeffrey Edelson
Anit Jindal
Markowitz Herbold PC
1455 SW Broadway
Ste. 1990
Portland, OR. 97201
Ph: 503-295-3085
Email: laurenblaesing@markowitzherbold.com
Email: harrywilson@markowitzherbold.com
Email: alexrhee@markowitzherbold.com
Email: chadnaso@markowitzherbold.com
Email: jeffedelson@markowitzherbold.com
Email: anitjindal@markowitzherbold.com
*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services*

Dated this 16th  day of October, 2024.

 *s/Cheridan Carr*
Cheridan Carr, Paralegal

2 – Certificate of Service