**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Alexandra L. Rhee, OSB #230770**
AlexRhee@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085
*Special Assistant Attorneys General for State Defendants
and Third-Party Plaintiff*
*Additional Counsel of Record Listed on Signature Page*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI, | Case No. 6:22-cv-01813-MK |
| Plaintiff, | **REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE MOTION TO STRIKE** |
| v. | |
| KIM CHAPMAN, in her individual capacity; ANASTASIA TIBBETTS, in her individual capacity; KASSIDY O'BRIEN, in her individual capacity; ERIN LANE, in her individual capacity; THE OREGON DEPARTMENT OF HUMAN SERVICES, a government agency; and JANE and JOHN DOES 1-5; in their individual and/or official capacities, | |
| Defendants. | |
| OREGON DEPARTMENT OF HUMAN SERVICES, | |
| Third-Party Plaintiff, | |
| v. | |
| JOE ALBERT RAYGOSA, | |
| Third-Party Defendant. | |

**Page 1 –     REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE MOTION TO STRIKE**

**INTRODUCTION**

Plaintiff's response to State Defendants' motion does not respond to the clear pleading deficiencies raised in the motion. It instead relies on an incorrect application of Federal Rule of Civil Procedure 12(b)(6) that is contrary to precedent in the Ninth Circuit holding that a court may dismiss parts of a claim, tries to rewrite the factual allegations in his deficient complaint, and asks the Court to adopt a novel and unsupported exception to the rule of immunity for criminal testimony based on an overruled Sixth Circuit decision.

This Court should dismiss plaintiff's claims based on the new theories and factual allegations in the First Amended Complaint. As explained in State Defendants' motion, plaintiff's new theory with respect to the S-M home fails to state a claim because plaintiff does not describe *anything* that happened to J.C. in that home. Similarly, plaintiff's new theory about O'Brien's doubts about J.C.'s disclosure of abuse and O'Brien's testimony at Raygosa's criminal trial fails to state a claim. Although due process protects children in foster care from certain safety risks, the First Amended Complaint does not identify any actionable injury to J.C. that flowed from O'Brien's public or private statements, and her public testimony is subject to absolute witness immunity.

Because the First Amended Complaint does not allege factual material sufficient to allege a plausible claim for relief on these theories, the Court should dismiss them pursuant to Rule 12(b)(6) or strike the new allegations under Rule 12(f).

**ARGUMENT**

**I.    Plaintiff's claims regarding the S-M home fail to state a claim for relief.**

As explained in State Defendants' motion, the First Amended Complaint does not contain *any* factual allegations regarding J.C.'s experience in the S-M home. In response, plaintiff does not defend the legal sufficiency of the complaint. Instead, plaintiff argues that State Defendants'

**Page 2 –    REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE MOTION TO STRIKE**

motion is "procedurally improper" because it does not seek dismissal of any "distinct claim for relief."  (Pl.'s Resp. at 6.)

Plaintiff is wrong.  Rule 12 permits defendants to raise various defenses to "a claim" but does not state or imply that the motion must defeat the *entire* claim.  Courts within the Ninth Circuit routinely dismiss portions of causes of action on 12(b)(6) motions.  *See, e.g., McGuffin v. Dannels*, Nos. 6:20-cv-01163-MK, 3:21-cv-1719-MK, 2022 WL 17979966 at *5 (D. Or. Sept. 16, 2022), *recommendation adopted by* 2022 WL 17979748 (D. Or. Dec. 28, 2022) (dismissing specific counts of plaintiff's First Claim for Relief under § 1983); *Macom Tech. Sols. Holdings, Inc. v. Infineon Techs. AG*, No. 2:16-CV-02859-CAS(PLAx), 2016 WL 6495373 at *21 (C.D. Cal. Oct. 31, 2016) ("Accordingly, the Court **GRANTS** without prejudice Infineon America's motion to dismiss plaintiffs' fifth claim for relief to the extent the claim relies on unidentified products."); *Arthur J. Gallagher & Co. v. Tarantino*, 498 F. Supp. 3d 1155, 1177 (N.D. Cal. 2020) ("The Court therefore dismisses with prejudice the contract claim to the extent it is based on an alleged breach of the noncompete provisions by Mr. Tarantino and Mr. Machette."); *Hiossen, Inc. v. Kim*, No. CV 16-01579 SJO (MRWx), 2016 WL 10987393 at *9 (C.D. Cal. Oct. 4, 2016) ("[T]o the extent Hiossen's Aiding and Abetting Claim rests on allegations that Kim 'had knowledge of Dentis' plan to engage in' conduct violating the FDCA, the Court dismisses this claim.") (cleaned up).

Plaintiff's position would permit plaintiff to evade scrutiny by amalgamating distinct theories under the heading of a single claim.  Here, plaintiff's new allegations related to the S-M home are pled as separate and distinct bases for their First, Second, Third, Fourth and Fifth claims for relief.  *See* First Am. Compl.  ¶¶ 79(i)-(l), 92(l)-(o), 105(m)-(n), 112(r)-(s), 118(n)-(s). State Defendants' liability for injuries that occurred in the S-M home is distinct from State

**Page 3 –     REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE MOTION TO STRIKE**

Defendants' liability for injuries that occurred in the Duncan-Raygosa home. In this way, State Defendants' motion is analogous to the motions granted in numerous other cases, even though plaintiff housed these distinct theories within the same cause of action.

Alternatively, the Court should grant State Defendants' motion to strike under Rule 12(f). Rule 12(f) permits a Court to strike immaterial, impertinent, and scandalous allegations in a complaint. Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." (*Id.,* quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 711.) "Superfluous historical allegations are a proper subject of a motion to strike." *Id*. Under these standards, the allegations regarding the S-M home are immaterial, impertinent, and scandalous. At bottom, plaintiff alleges that the S-M home was "unfit" because the mother was a victim of childhood sexual abuse and the father admitted to watching pornography in the past. The First Amended Complaint does not allege whether or how this embarrassing personal history affected J.C. J.C. suffered abuse in the Duncan-Raygosa home months *before* she arrived in the S-M home. The complaint's allegations regarding the S-M home are not "essential," "important," or "necessary" to the only injury alleged in the complaint: Raygosa's sexual abuse.

Plaintiff does not explain how these allegations regarding the S-M home pertain to his claims; he merely states that Rule 12(f) motions are often denied. Because the First Amended Complaint does not set forth sufficient factual allegations to provide State Defendants with fair notice of the basis of J.C.'s claims with respect to the S-M home, the Court should dismiss those claims pursuant to Rule 12(b)(6) or strike those allegations under Rule 12(f).

**Page 4 –    REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE MOTION TO STRIKE**

**II.    Plaintiff has not alleged an actionable injury caused by O'Brien allegedly voicing doubts about J.C.'s abuse disclosure.**

The Court should also dismiss plaintiff's claim that O'Brien sought to "undermine" J.C.'s abuse disclosure and "create exculpatory evidence to favor Raygosa's defense" (First Am. Compl. ¶ 105(i)) because the First Amended Complaint does not allege an actionable injury resulting from such conduct.

Plaintiff appears to acknowledge that a reputational or stigmatic injury is not an actionable deprivation under the due process clause. He denies, however, that his allegations assert such an injury. (Pl.'s Resp. at 8-9.) Instead, plaintiff attempts to replead the First Amended Complaint in his legal brief, arguing that O'Brien's alleged statements and public testimony "directly impacted [J.C.'s] protected right to safety and social worker supervision" by preventing the dependency court from ensuring J.C.'s "needs were met" and preventing the court-appointed evaluator from offering "appropriate, informed recommendations." (Pl.'s Resp. at 11 & n. 9.)

This argument fails for two reasons. First, the First Amended Complaint does not allege that O'Brien's public and private statements affected J.C.'s "safety and supervision" or disrupted the juvenile dependency court's ability to meet J.C.'s "needs" or "recommendations." Instead, the First Amended Complaint alleges that O'Brien's private statements and public testimony undermined J.C.'s "credibility," "betrayed J.C.'s confidence and trust," and "impacted her health and wellbeing." (First Am. Compl. ¶ 104.) These are precisely the type of stigmatic and reputational injuries that fail to state a due process claim.

Second, the conclusory statements in plaintiff's legal brief would fail to state a claim even if alleged in the complaint. Vague statements regarding unidentified "needs" and "recommendations" do not provide State Defendants with fair notice of the basis for plaintiff's

**Page 5 –    REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE MOTION TO STRIKE**

claim. As the Supreme Court has explained, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff contends that State Defendants' motion should be denied unless "it appears *beyond doubt* that plaintiff can prove *no set of facts* in support of his claim which would entitle him to relief." (Pl.'s Resp. at 5 (emphasis in original).) But the U.S. Supreme Court rejected the "no set of facts" test more than a decade ago. *Ashcroft* at 678; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The due process clause only protects against certain harms, and it is not clear from the complaint whether or how O'Brien's statements affected J.C. There are no allegations, for example, that J.C. was prevented from receiving constitutionally adequate medical care or treatment because O'Brien voiced doubts about her sexual abuse disclosure. Similarly, there is no allegation that O'Brien's alleged statements and testimony were material to, or even considered in, any decision by the dependency court. In other words, the complaint fails to allege a "plausible link" between alleged misconduct by State Defendants and plaintiff's harms. *Austin v. Univ. of Oregon*, 925 F.3d 1133, 1138 (9th Cir. 2019). Accordingly, the Court should dismiss plaintiff's claim that O'Brien sought to "undermine" J.C.'s abuse disclosure and "create exculpatory evidence to favor Raygosa's defense" (First Am. Compl. ¶ 105(i)) for failure to state a claim.

**III.    O'Brien is entitled to absolute immunity for activities tied to her testimony at the Raygosa criminal trial.**

Regardless of the above, plaintiff's attempt to hold O'Brien liable for testifying at the criminal trial of Raygosa is barred by absolute witness immunity. Plaintiff does not dispute that a witness has absolute immunity under § 1983 for trial testimony. *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983); *Franklin v. Terr*, 201 F.3d 1098 (9th Cir. 2000) *see also Lisker v. City of Los*

**Page 6 –    REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE MOTION TO STRIKE**

*Angeles*, 780 F.3d 137, 1241 (9th Cir. 2015) ("Absolute witness immunity also extends to preparatory activities 'inextricably tied' to testimony[.]").  Plaintiff instead argues that O'Brien is not entitled to absolute immunity because the Ninth Circuit has limited social workers' absolute immunity in connection with juvenile dependency proceedings.  (Pl.'s Resp. at 13.)  This argument is a non sequitur because the complaint does not allege any misconduct in the *dependency proceedings*, but rather seeks money damages based on O'Brien's testimony at the Raygosa *criminal trial*.  (*See* First Am. Compl. ¶¶ 102-03).

Plaintiff has offered no authority to suggest absolute immunity afforded to witnesses in a criminal trial contains an exception specific to social workers.  Indeed, such an exception would make little sense given that the purpose of absolute witness immunity is ensure that witnesses are not reluctant to come forward and do not distort their testimony based on fear of subsequent liability.  *Franklin*, 201 F.3d at 1100.

Further, plaintiff's contention that O'Brien should be considered a "complaining witness" not entitled to absolute witness immunity is baseless.  A complaining witness is one who "procured an arrest and initiated a criminal prosecution."  *Rehberg v. Paulk*, 132 S. Ct. 1497, 1507 (2012).  Plaintiff's own allegations make clear that O'Brien did neither here and instead testified at Raygosa's criminal trial about a "case note she created *after* his arrest."[1]  (First Am. Compl. ¶ 103 (emphasis added).)

Plaintiff contends that O'Brien should be considered a "complaining witness" merely because she testified to the truth of a document she created.  (Pl.'s Resp. at 14.)  To support this

---

[1] Indeed, it is clear from plaintiff's allegations that J.C. was the complaining witness against Raygosa.  *See* First Am. Compl. ¶ 64 ("In approximately October 2017, J.C. disclosed that Raygosa had repeatedly sexually abused her in the Duncan-Raygosa home.  Following J.C.'s disclosure, Duncan-Raygosa fled from Oregon.  Raygosa was later arrested in Oklahoma and extradited to Oregon for trial.").

**Page 7 –    REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE MOTION TO STRIKE**

position, plaintiff relies on *Young v. Vega*, 574 Fed. Appx. 684, 688 (6th Cir. 2014).  But *Young* addressed an actual complaining witness, the signatory on a juvenile dependency petition, not a fact witness in a criminal trial.  Regardless, plaintiff neglects to mention that *Young* is an unpublished decision from the Sixth Circuit that has been overruled by that circuit and directly conflicts with the law in the Ninth Circuit.  *See Bambach v. Moegle*, 92 F.4th 615, 626 (6th Cir. 2024) (recognizing that *Barber v. Miller*, 809 F.3d 840 (6th Cir. 2015) overruled *Young v. Vega*, 574 F. App'x 684 (6th Cir. 2014)); *see also Meyers v. Contra Costa County Dep't of Social Services*, 812 F.2d 1154, 1157 ("[S]ocial workers are entitled to absolute immunity in performing quasi-prosecutorial functions connected with the initiation and pursuit of child dependency proceedings.").  Because *Young* is inapposite and overruled, the Court should disregard it.

Absolute witness immunity is a matter of law.  It is not "premature" to dismiss plaintiff's claim where no factual or procedural development will change the legal basis for dismissal. (Pl.'s Resp. at 13.)  In *Franklin v. Terr*, 201 F.3d 1098 (9th Cir. 2000), the Ninth Circuit affirmed the trial court's decision to grant a motion to dismiss based on absolute witness immunity.  The Court should do the same here.

Accordingly, the Court should dismiss plaintiff's new claim against O'Brien pertaining to testimony in Raygosa's criminal trial as barred by absolute witness immunity.

CONCLUSION

For the reasons set forth above and in State Defendants' initial motion, the Court should

**Page 8 –   REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS,
OR IN THE ALTERNATIVE MOTION TO STRIKE**

grant State Defendants' motion and dismiss plaintiff's new theories regarding the S-M and

Defendant O'Brien with prejudice.

DATED: October 24, 2024.

ELLEN F. ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON


*s/ Chad A. Naso*
Lauren F. Blaesing, OSB #113305
LaurenBlaesing@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Alexandra L. Rhee, OSB #230770
AlexRhee@MarkowitzHerbold.com
*Special Assistant Attorneys General for State
Defendants and Third-Party Plaintiff*

Chad A. Naso, OSB #150310
ChadNaso@MarkowitzHerbold.com
Jeffrey M. Edelson, OSB #880407
JeffEdelson@MarkowitzHerbold.com
Anit K. Jindal, OSB #171086
AnitJindal@MarkowitzHerbold.com
*Of Attorneys for State Defendants and Third-Party
Plaintiff*

Jill Schneider, OSB #001619
Jill.Schneider@doj.oregon.gov
Nicholas Mancuso, OSB #151262
Nicholas.Mancuso@doj.oregon.gov
*Of Attorneys for State Defendants and Third-Party
Plaintiff*

2216394

**Page 9 –    REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS,
OR IN THE ALTERNATIVE MOTION TO STRIKE**