Mr. Steven Rizzo, OSB # 840853
Ms. Mary D. Skjelset, OSB # 075840
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Ste. 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630
srizzo@rizzopc.com
mskjelest@rizzopc.com

Ms. Caitlin V. Mitchell, OSB #123964
Johnson Johnson Lucas & Middleton PC
975 Oak Street, Ste. 1050
Eugene, OR 97401
Tel: (541) 484-2434
Fax: (541) 484-0882
cmitchell@justicelawyers.com

ATTORNEYS FOR PLAINTIFF LEVI

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>    Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al.,<br><br>    Defendants. | CASE NO. 6:22-cv-01813-MK<br><br>*Lead Case*<br><br>**UNOPPOSED MOTION TO AMEND PROTECTIVE ORDER** |
| OREGON DEPARTMENT OF HUMAN SERVICES, et al.,<br><br>    Third-Party Plaintiffs,<br><br>v.<br><br>JOE ALBERT RAYGOSA,<br><br>    Third-Party Defendant. | |
| SHANNON CONLEY, Conservator for Z.C., a minor,<br><br>    Plaintiff, | CASE NO. 6:23-cv-01353-MK<br><br>*Trailing Case* |

1 – UNOPPOSED MOTION TO AMEND PROTECTIVE ORDER



vs.

KIM CHAPMAN et al.,

        Defendants.

## LOCAL RULE 7-1(a) CERTIFICATION

Pursuant to Local Rule 7-1(a), counsel for Ethan Levi ("Plaintiff") and Defendants Kim Chapman, Anastasia Brooks, Kassidy O'Brien, Erin Lane, and Margaret Ramirez ("Defendants") by and through their attorneys, have conferred in good faith about the subject of this motion through telephone and email communications. Counsel for Plaintiff Levi certifies that Defendants do not oppose this motion to amend the protective order entered on May 30, 2023 (ECF #44).

## MOTION

Plaintiff Levi respectfully moves this court for the entry of the Amended Protective Order hereto attached as Exhibit 1. The redlined version showing the proposed changes from current protective order is attached hereto as Exhibit 2.

Dated: October 29, 2024.

RIZZO BOSWORTH ERAUT PC


By: s/    *Steven Rizzo*
    Steven Rizzo OSB No. 840853
    Mary D. Skjelset OSB No. 075840
    Rizzo Bosworth Eraut PC
    1300 SW Sixth Avenue, Suite 330
    Portland, OR 97201
    Tel: (503) 229-1819


    Caitlin V. Mitchell, OSB #123964
    Johnson Johnson Lucas & Middleton PC
    975 Oak Street, Ste. 1050
    Eugene, OR 97401
    Tel: (541) 484-2434


    ATTORNEYS FOR PLAINTIFF LEVI


2 – UNOPPOSED MOTION TO AMEND PROTECTIVE ORDER



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>        Plaintiff,<br><br>   v.<br><br>KIM CHAPMAN, et al, THE OREGON DEPARTMENT OF HUMAN SERVICES, a government agency; and JANE and JOHN DOES 1-5<br><br>        Defendants.<br><br>_____<br><br>OREGON DEPARTMENT OF HUMAN SERVICES,<br><br>        Third-Party Plaintiff,<br>   v.<br><br>JOE ALBERT RAYGOSA,<br><br>        Third-Party Defendant | Case No.  6:22-CV-1813-MK<br><br>**[PROPOSED] SECOND AMENDED PROTECTIVE ORDER** |

**Page 1 – [PROPOSED] AMENDED PROTECTIVE ORDER**

Exhibit 1<br>Page 1 of 10

**AMENDED PROTECTIVE ORDER**

One or more of the parties has requested the production of documents or information that at least one party considers to be or to contain confidential information, and that are subject to protection under Federal Rule of Civil Procedure 26(c). On October 30, 2023, the Court entered an Amended Protective Order (ECF 91). On September 24, 2024, the Court consolidated this matter with the related matter, Conley v. Chapman, et. al. 6:23-CV-01353-MK (hereafter "Conley") for discovery purposes. (ECF 210).

To address the affect of consolidation on the Amended Protective Order, the Court finds that good cause exists to amend the original Order to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony. This action concerns allegations of injuries and civil rights violations arising in connection with programs and services of the Oregon Department of Human Services ("ODHS"), specifically including Child Welfare programs. The parties expect to exchange documents and information protected from disclosure by state and federal law, including but not limited to that relating to child welfare services, dependency proceedings in Juvenile Court, certification of ODHS service providers, protected healthcare information ("PHI"), and other sensitive personal information concerning the medical, mental, and behavioral health of parties and non-parties.

The entry of a Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information, and to govern the use of documents in both his matter and the Conley matter.

The parties were before the Court on September 8, 2023, for oral argument on discovery issues including the treatment of certain categories of information produced by the Defendants in discovery in this action. The Court made rulings on the record and directed the parties to submit modifications to the Protective Order.

Based upon the above stipulation of the parties, and the Court being duly advised,

IT IS HEREBY ORDERED as follows:

**Page 2 – [PROPOSED] AMENDED PROTECTIVE ORDER**

Exhibit 1
Page 2 of 10

1.      All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" or "Highly Confidential" shall be used only in this proceeding or in the Levi proceeding. The Court notes that the term "foster home" has also been variously described as "resource home." For the purposes of all discovery and subsequent litigation, the Court will consider those terms to have the same legal significance.

      a.      Documents that pertain to J.C., her sibling/biological family, and/or the Duncan/Raygosa or McCool/Spicer resource foster home shall be labeled "Confidential."

      b.      Documents that pertain to other children in the Duncan/Raygosa or McCool/Spicer resource foster home shall be labeled "Highly Confidential" even if they also reference J.C.

      c.      Documents that identify other children in ODHS's care that have no relationship to J.C. or the Duncan/Raygosa or McCool/Spicer resource home shall be labeled "Highly Confidential."

2.      Use of any information or documents labeled "Confidential" or " Highly Confidential" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case or the consolidated Conley case and shall not be used by any party for any business, commercial, or competitive purpose. Plaintiff may inquire of parties in the juvenile dependency proceedings involving children in the Duncan/Raygosa or McCool/Spicer resource home whether they were aware of abuse in that home.  However, in connection with Plaintiff's inquiry, Plaintiff may not show documents labeled as "Highly Confidential" to such parties unless stipulated by counsel or authorized by the Court.  DOJ may use or disclose such information or documents for legitimate law enforcement purposes or any other purposed and to carry out DOJ's duties under ORS chapter 180. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and

**Page 3 – [PROPOSED] AMENDED PROTECTIVE ORDER**

Exhibit 1
Page 3 of 10

sources outside of this litigation.

3.    The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" or "Highly Confidential" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is protected under the applicable legal standards. The party shall designate each page of the document with a stamp identifying it as "Confidential" or "Highly Confidential" if practical to do so.

4.    If portions of documents or other materials deemed "Confidential" or "Highly Confidential" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

CONFIDENTIAL

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.

*or*

HIGHLY CONFIDENTIAL

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS HIGLY CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER.

If a party is filing a document that it has itself designated as "Confidential"  "Highly Confidential" that party shall reference this Protective Order in submitting the documents it proposes to maintain under seal. If a non-designating party is filing a document that another party has designated as "Confidential" or "Highly Confidential" then the non-designating party shall file the document under seal. If the non-designating party makes a request in writing to have the document unsealed and designating party does not file, within ten calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

**Page 4 – [PROPOSED] AMENDED PROTECTIVE ORDER**

Exhibit 1
Page 4 of 10

5.      Within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" or "Highly Confidential" any portion of the transcript that the party or witness contends discloses protected information. If a transcript containing any such material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 4. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

6.      "Confidential" or "Highly Confidential" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 4 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

7.      Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

a.      Outside counsel of record for the parties, or that of the consolidated Conley case, and the administrative staff of outside counsel's firms.

b.      In-house counsel for the parties, or that of the consolidated Conley case, and the administrative staff for each in-house counsel.

c.      Any party to this action who is an individual, and any current or former employee, director, officer, or manager of a state agency that is party to this action, but only to the extent necessary to further the interest of the parties in this litigation.

d.      Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

e.      The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

**Page 5 – [PROPOSED] AMENDED PROTECTIVE ORDER**

Exhibit 1
Page 5 of 10

f.  The authors and the original recipients of the documents containing the information, custodian, persons who otherwise possessed or knew of the information, and persons referenced in the documents, and their attorney(s).

g.  Any court reporter or videographer reporting a deposition.

h.  Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

8.  Use of any information, documents, or portions of documents marked "Highly Confidential" including all information derived therefrom, shall be restricted solely to the persons listed in paragraphs 7(a), 7(b), 7(d), 7(e), 7(f), 7(g) and 7(h), unless additional persons are stipulated by counsel or authorized by the Court, except that:

a.  Plaintiff, Conservator for J.C., or Plaintiff Conley, Conservator for Z.C., may review the documents and/or receive information derived therefrom to the extent necessary to advance J.C.'s and/or Z.C.'s interests in this action;

b.  J.C. may not view documents designated "Highly Confidential," with the exception of photographs, but counsel for Plaintiff or Plaintiff Conley may discuss information derived therefrom with J.C. and/or Z.C. to the extent necessary to advance their interests in this action;

c.  Plaintiff or Plaintiff Conley may use documents designated "Highly Confidential" and information derived therefrom in connection with depositions of any current and former ODHS employees who sign the Protective Order acknowledgement.

9.  Prior to being shown any documents produced by another party marked "Confidential" or "Highly Confidential" any person listed under paragraph 7(c) or 7(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

10.  Whenever information designated as "Confidential" or "Highly Confidential" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraphs 7 and 8, as appropriate, for that portion of the deposition, hearing

**Page 6 – [PROPOSED] AMENDED PROTECTIVE ORDER**

Exhibit 1
Page 6 of 10

or pre-trial proceeding.

11.     Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. The burden of persuasion on any such motion shall be on the designating party. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

12.     The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Highly Confidential" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Highly Confidential." The receiving party or its counsel shall not disclose such documents or materials if that party or counsel knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly designated documents or materials and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

13.     Designation by either party of information or documents as "Confidential" "Highly Confidential" or failure to so designate, will not constitute an admission that information or documents are or are not confidential. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the

**Page 7 – [PROPOSED] AMENDED PROTECTIVE ORDER**

Exhibit 1
Page 7 of 10

information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential" or "Highly Confidential."

14.    Within 60 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information, produced by the State of Oregon/State Defendants shall return to the DOJ, or destroy, all information and documents subject to this Protective Order. Notwithstanding the foregoing, counsel for a party may retain archival copies of confidential documents.

15.    This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

16.    Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

17.    The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

18.    Nothing in this Order shall be construed to change or restrict the obligation of ODHS, and the Department of Justice to respond to Public Records Requests pursuant to ORS chapter 192.

19.    A large volume of documents may be exchanged through discovery in this lawsuit, and the parties want to expedite the review and delivery of such documents. It is agreed that if either party discloses privileged information and/or protected trial preparation materials, the parties understand that there will be no waiver of privilege and/or protection. A party may assert the privilege and/or protection at any time in the litigation. So long as the assertion does not cause prejudice to the non-asserting party. After being notified of the privilege or protection, the other

**Page 8 – [PROPOSED] AMENDED PROTECTIVE ORDER**

Exhibit 1
Page 8 of 10

party (a) must promptly sequester and/or return the specified information, and any copies in its possession, custody, or control, (b) must make reasonable efforts to retrieve and to prevent disclosure of the information, if the party disclosed it before being notified, and (c) may not further use or discloses the information.  A party opposing the claim of privilege and/or protection must promptly present the information to the court under seal for a determination of the claim. Absent an expressed intent to waive, the presumption will be in favor of privilege and/or protection.

20.    The parties in this case and in the consolidated Conley matter, and their attorneys, are hereby authorized to receive, subpoena, and transmit "protected health information" pertaining to the claims in the cases and the minor children, Z.C. and J.C. "Protected health information" ("PHI") has the same meaning set forth in 45 C.F.R. 160.103 and 164.501. All "covered entities" as defined in 45 C.F.R. 160.103 are authorized to disclose PHI pertaining to Z.C. and/or J.C. to attorneys representing Plaintiffs in this matter or the Levi matter, and to attorneys for Defendants of the same. Use and disclosure of PHI is limited to the prosecution or defense of this matter and the Conley matter, including any appeals of either case. All PHI shall be marked "Confidential" and treated according to paragraph 7 of this order. As the Court has ruled that "HIPAA pre-empts Oregon's requirement that Defendants maintain documents for 5 years." (ECF 157) within 45 days of the conclusion of this litigation, including appeals, any person or entity in possession of PHI shall return it to the covered entity or destroy all copies (except for any PHI submitted to the Court).

IT IS SO ORDERED.

DATED this __day of October, 2024.

_____
Mustafa T. Kasubhai MUSTAFA T. KASUBHAI (He / Him)
United States Oregon District Court Magistrate Judge

**Page 9 – [PROPOSED] AMENDED PROTECTIVE ORDER**

Exhibit 1
Page 9 of 10

**Page 10 – [PROPOSED] AMENDED PROTECTIVE ORDER**

Exhibit 1
Page 10 of 10

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>                 Plaintiff,<br><br>         v.<br><br>KIM CHAPMAN, et al, THE OREGON DEPARTMENT OF HUMAN SERVICES, a government agency; and JANE and JOHN DOES 1-5<br><br>                 Defendants.<br><br>_____<br><br><br>OREGON DEPARTMENT OF HUMAN SERVICES,<br><br>                 Third-Party Plaintiff,<br>         v.<br><br>JOE ALBERT RAYGOSA,<br><br>                 Third-Party Defendant | Case No.  6:22-CV-1813-MK<br><br>**[PROPOSED] SECOND AMENDED PROTECTIVE ORDER** |

**Page 1 – AMENDED  PROTECTIVE ORDER**

Exhibit 2<br>Page 1 of 10

## AMENDED PROTECTIVE ORDER

One or more of the parties has requested the production of documents or information that at least one party considers to be or to contain confidential information, and that are subject to protection under Federal Rule of Civil Procedure 26(c). On October 30, 2023, the Court entered an Amended Protective Order (ECF 91). On September 24, 2024, the Court consolidated this matter with the related matter, Conley v. Chapman, et. al. 6:23-CV-01353-MK (hereafter "Conley") for discovery purposes. (ECF 210).

To address the affect of consolidation on the Amended Protective Order, The the Court finds that good cause exists to amend the original Order to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony. This action concerns allegations of injuries and civil rights violations arising in connection with programs and services of the Oregon Department of Human Services ("ODHS"), specifically including Child Welfare programs. The parties expect to exchange documents and information protected from disclosure by state and federal law, including but not limited to that relating to child welfare services, dependency proceedings in Juvenile Court, certification of ODHS service providers, protected healthcare information ("PHI"), and other and sensitive personal information concerning the medical, mental, and behavioral health of parties and non-parties.

The entry of a Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information, and the Court entered its Protective Order on May 30, 2023 (ECF 44.) and to govern the use of documents in both his matter and the Conley matter.

The parties were before the Court on September 8, 2023, for oral argument on discovery issues including the treatment of certain categories of information produced by the Defendants in discovery in this action. The Court made rulings on the record and directed the parties to submit modifications to the Protective Order.

Based upon the above stipulation of the parties, and the Court being duly advised,

IT IS HEREBY ORDERED as follows:

**Page 2 – AMENDED PROTECTIVE ORDER**

Exhibit 2
Page 2 of 10

1.      All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" or  "Highly Confidential" shall be used only in this proceeding or in the Levi proceeding. The Court notes that the term "foster home" has also been variously described as "resource home." For the purposes of all discovery and subsequent litigation, the Court will consider those terms to have the same legal significance.

     a.      Documents that pertain to J.C., her sibling/biological family, and/or the Duncan/Raygosa or McCool/Spicer resource foster home shall be labeled "Confidential."

     b.      Documents that pertain to other children in the Duncan/Raygosa or McCool/Spicer resource foster home shall be labeled "Highly Confidential" even if they also reference J.C.

     c.      Documents that identify other children in ODHS's care that have no relationship to J.C. or the Duncan/Raygosa or McCool/Spicer resource home shall be labeled "Highly Confidential."

2.      Use of any information or documents labeled "Confidential" or " Highly Confidential" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case or the consolidated Conley case and shall not be used by any party for any business, commercial, or competitive purpose. Plaintiff may inquire of parties in the juvenile dependency proceedings involving children in the Duncan/Raygosa or McCool/Spicer resource home whether they were aware of abuse in that home.  However, in connection with Plaintiff's inquiry, Plaintiff may not show documents labeled as "Highly Confidential" to such parties unless stipulated by counsel or authorized by the Court.  DOJ may use or disclose such information or documents for legitimate law enforcement purposes or any other purposed and to carry out DOJ's duties under ORS chapter 180. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and

**Page 3 – AMENDED  PROTECTIVE ORDER**

Exhibit 2
Page 3 of 10

sources outside of this litigation.

3.    The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" or "Highly Confidential" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is protected under the applicable legal standards. The party shall designate each page of the document with a stamp identifying it as "Confidential" or "Highly Confidential" if practical to do so.

4.    If portions of documents or other materials deemed "Confidential" or "Highly Confidential" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

CONFIDENTIAL

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.

*or*

HIGHLY CONFIDENTIAL

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS HIGLY CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER.

If a party is filing a document that it has itself designated as "Confidential" "Highly Confidential" that party shall reference this Protective Order in submitting the documents it proposes to maintain under seal. If a non-designating party is filing a document that another party has designated as "Confidential" or "Highly Confidential" then the non-designating party shall file the document under seal. If the non-designating party makes a request in writing to have the document unsealed and designating party does not file, within ten calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

**Page 4 – AMENDED PROTECTIVE ORDER**

Exhibit 2
Page 4 of 10

5.      Within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" or "Highly Confidential" any portion of the transcript that the party or witness contends discloses protected information. If a transcript containing any such material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 4. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

6.      "Confidential" or "Highly Confidential" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 4 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

7.      Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

a.      Outside counsel of record for the parties, or that of the consolidated Conley case, and the administrative staff of outside counsel's firms.

b.      In-house counsel for the parties, or that of the consolidated Conley case, and the administrative staff for each in-house counsel.

c.      Any party to this action who is an individual, and any current or former employee, director, officer, or manager of a state agency that is party to this action, but only to the extent necessary to further the interest of the parties in this litigation.

d.      Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

e.      The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

**Page 5 – AMENDED PROTECTIVE ORDER**

Exhibit 2
Page 5 of 10

f.      The authors and the original recipients of the documents containing the information, custodian, persons who otherwise possessed or knew of the information, and persons referenced in the documents, and their attorney(s).

g.      Any court reporter or videographer reporting a deposition.

h.      Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

8.      Use of any information, documents, or portions of documents marked "Highly Confidential" including all information derived therefrom, shall be restricted solely to the persons listed in paragraphs 7(a), 7(b), 7(d), 7(e), 7(f), 7(g) and 7(h), unless additional persons are stipulated by counsel or authorized by the Court, except that:

a.      Plaintiff, Conservator for J.C., or Plaintiff Conley, Conservator for Z.C., may review the documents and/or receive information derived therefrom to the extent necessary to advance J.C.'s and/or Z.C.'s interests in this action;

b.      J.C. may not view documents designated "Highly Confidential," with the exception of photographs, but counsel for Plaintiff or Plaintiff Conley may discuss information derived therefrom with J.C. and/or Z.C. to the extent necessary to advance their her interests in this action;

c.      Plaintiff or Plaintiff Conley may use documents designated "Highly Confidential" and information derived therefrom in connection with depositions of any current and former ODHS employees who sign the Protective Order acknowledgement.

9.      Prior to being shown any documents produced by another party marked "Confidential" or "Highly Confidential" any person listed under paragraph 7(c) or 7(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

10.     Whenever information designated as "Confidential" or "Highly Confidential" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraphs 7 and 8, as appropriate, for that portion of the deposition, hearing

**Page 6 – AMENDED PROTECTIVE ORDER**

Exhibit 2
Page 6 of 10

or pre-trial proceeding.

11.    Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. The burden of persuasion on any such motion shall be on the designating party. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

12.    The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Highly Confidential" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Highly Confidential." The receiving party or its counsel shall not disclose such documents or materials if that party or counsel knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly designated documents or materials and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

13.    Designation by either party of information or documents as "Confidential" "Highly Confidential" or failure to so designate, will not constitute an admission that information or documents are or are not confidential. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the

**Page 7 – AMENDED PROTECTIVE ORDER**

Exhibit 2
Page 7 of 10

information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential" or "Highly Confidential."

14. Within 60 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information, produced by the State of Oregon/State Defendants shall return to the DOJ, or destroy, all information and documents subject to this Protective Order. Notwithstanding the foregoing, counsel for a party may retain archival copies of confidential documents.

15. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

16. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

17. The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

18. Nothing in this Order shall be construed to change or restrict the obligation of ODHS, and the Department of Justice to respond to Public Records Requests pursuant to ORS chapter 192.

19. A large volume of documents may be exchanged through discovery in this lawsuit, and the parties want to expedite the review and delivery of such documents. It is agreed that if either party discloses privileged information and/or protected trial preparation materials, the parties understand that there will be no waiver of privilege and/or protection. A party may assert the privilege and/or protection at any time in the litigation. So long as the assertion does not cause prejudice to the non-asserting party. After being notified of the privilege or protection, the other

**Page 8 – AMENDED PROTECTIVE ORDER**

Exhibit 2
Page 8 of 10

party (a) must promptly sequester and/or return the specified information, and any copies in its possession, custody, or control, (b) must make reasonable efforts to retrieve and to prevent disclosure of the information, if the party disclosed it before being notified, and (c) may not further use or discloses the information.  A party opposing the claim of privilege and/or protection must promptly present the information to the court under seal for a determination of the claim. Absent an expressed intent to waive, the presumption will be in favor of privilege and/or protection.

20.     The parties in this case and in the consolidated Conley matter, and their attorneys, are hereby authorized to receive, subpoena, and transmit "protected health information" pertaining to the claims in the cases and the minor children, Z.C. and J.C. "Protected health information" ("PHI") has the same meaning set forth in 45 C.F.R. 160.103 and 164.501. All "covered entities" as defined in 45 C.F.R. 160.103 are authorized to disclose PHI pertaining to Z.C. and/or J.C. to attorneys representing Plaintiffs in this matter or the Levi matter, and to attorneys for Defendants of the same. Use and disclosure of PHI is limited to the prosecution or defense of this matter and the Conley matter, including any appeals of either case. All PHI shall be marked "Confidential" and treated according to paragraph 7 of this order. As the Court has ruled that "HIPAA pre-empts Oregon's requirement that Defendants maintain documents for 5 years." (ECF 157) within 45 days of the conclusion of this litigation, including appeals, any person or entity in possession of PHI shall return it to the covered entity or destroy all copies (except for any PHI submitted to the Court).

IT IS SO ORDERED.

DATED this __day of October, 20243.


_____
Mustafa T. Kasubhai MUSTAFA T. KASUBHAI (He / Him)
United States Oregon District Court Magistrate Judge


**Page 9 – AMENDED  PROTECTIVE ORDER**

Exhibit 2
Page 9 of 10



**Page 10 – AMENDED PROTECTIVE ORDER**

Exhibit 2
Page 10 of 10

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>   Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al.,<br><br>   Defendants. | CASE NO. 6:22-cv-01813-MK<br><br>*Lead Case*<br><br>**CERTIFICATE OF SERVICE** |
| OREGON DEPARTMENT OF HUMAN SERVICES, et al.,<br><br>   Third-Party Plaintiffs,<br><br>  v.<br><br>JOE ALBERT RAYGOSA,<br><br>   Third-Party Defendant. | |
| SHANNON CONLEY, Conservator for Z.C., a minor,<br><br>   Plaintiff,<br><br>vs.<br><br>KIM CHAPMAN et al.,<br><br>   Defendants. | CASE NO. 6:23-cv-01353-MK<br><br>*Trailing Case* |

   I am employed by the law firm of Rizzo Bosworth Eraut PC in Portland, Oregon.  I am over the age of eighteen years and not a party to the subject cause.  My business address is 1300 SW Sixth Avenue, Suite 330, Portland, OR 97201.

   On the date below, I caused to be served on all parties in this action by transmitting a true copy thereof**: Unopposed Motion to Amend Protective Order**

1 – Certificate of Service

**VIA ECF**

Jill Schneider
Nicholas S. Mancuso
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Ph. 971-673-1880
Fax: 971-673-5000
Email: jill.schneider@doj.state.or.us
Email: nicholas.mancuso@doj.state.or.us
*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services*

**VIA ECF**

Lauren Blaesing
Harry B. Wilson
Alexandra Rhee
Chad Naso
Jeffrey Edelson
Anit Jindal
Markowitz Herbold PC
1455 SW Broadway
Ste. 1990
Portland, OR. 97201
Ph: 503-295-3085
Email: laurenblaesing@markowitzherbold.com
Email: harrywilson@markowitzherbold.com
Email: alexrhee@markowitzherbold.com
Email: chadnaso@markowitzherbold.com
Email: jeffedelson@markowitzherbold.com
Email: anitjindal@markowitzherbold.com
*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services*

Dated this 29th   day of October, 2024.

 *s/Cheridan Carr*
Cheridan Carr, Paralegal

2 – Certificate of Service