**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Alexandra L. Rhee, OSB #230770**
AlexRhee@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085
*Special Assistant Attorneys General for State Defendants*
*and Third-Party Plaintiff*
*Additional Counsel of Record Listed on Signature Page*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI, | Case No. 6:22-cv-01813-MK |
| Plaintiff, | **STATE DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO SEVER DHS THIRD-PARTY COMPLAINT** |
| v. | |
| KIM CHAPMAN, in her individual capacity; ANASTASIA TIBBETTS, in her individual capacity; KASSIDY O'BRIEN, in her individual capacity; ERIN LANE, in her individual capacity; THE OREGON DEPARTMENT OF HUMAN SERVICES, a government agency; and JANE and JOHN DOES 1-5; in their individual and/or official capacities, | |
| Defendants. | |
| OREGON DEPARTMENT OF HUMAN SERVICES, | |
| Third-Party Plaintiff, | |
| v. | |
| JOE ALBERT RAYGOSA, | |
| Third-Party Defendant. | |

Page 1 –   **STATE DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO SEVER DHS THIRD-PARTY COMPLAINT**

**INTRODUCTION**

Federal Rule of Civil Procedure 14 governs third-party practice. Yet, plaintiff seeks to sever the third-party claim against Joe Raygosa based on the rules governing joinder and misjoinder of parties (Rules 20 and 21). These rules are inapposite and cannot furnish a basis for the Court to sever the claim.

Raygosa has not been "joined" or "misjoined" in this action under Rule 20. Rather, he is a third-party defendant. This Court has already denied plaintiff's motion to strike the third-party claim against Raygosa under Rule 14. (Dkt. 40.) There is no basis for the Court to revisit that decision now and, in any event, the law of the case doctrine requires that it does not.

Even if there were a legal mechanism to sever Raygosa that the Court has not already considered—which there is not—the Court should still deny any such motion. Severing Raygosa will result in duplicative litigation involving overlapping evidence concerning J.C.'s injuries and Raygosa's culpability for them. It will prejudice State Defendants, who allege that Raygosa— not any of them—is "the sole cause of J.C.'s damages." (Dkt. 110 ¶ 76.) It is not possible to try the claims separately where the legal issue is the cause of damages.

Although plaintiff contends that severance is warranted "to effectuate full consent" to magistrate judge jurisdiction (Mot. at 2), he has not shown that he or J.C. will be substantially prejudiced by having an Article III district court judge decide dispositive motions and conduct the trial. Having an Article III judge oversee resolution of the merits in this matter—which is the case in any matter where there is not full consent to magistrate judge jurisdiction—is not fundamentally unfair or prejudicial. Further, plaintiff has not shown that postponing the current trial dates—which were set before the Court concluded that it lacks full consent of the parties— will result in prejudice that outweighs the benefits of resolving the third-party complaint and plaintiff's claims in a single trial.

**Page 2 –    STATE DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO SEVER DHS THIRD-PARTY COMPLAINT**

**ARGUMENT**

**I.      Rules 20 and 21 do not permit the Court to sever the third-party claim against Raygosa.**

Severance under Rule 21 is a remedy for the improper joinder parties.  *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870-71 (9th Cir. 2013); Fed. R. Civ. P. 21.  Severance under Rule 21 is only appropriate when a party has been improperly joined.  "As its caption indicates, Federal Rule of Civil Procedure 21 is a mechanism for remedying either the misjoinder or nonjoinder of parties. . . .  The cases make it clear that parties are misjoined when they fail to satisfy either of the preconditions for permissive joinder of parties set forth in Federal Rule of Civil Procedure 20(a)."  7 Fed. Prac. & Proc. Civ. § 1683 (3d ed.).

That is not the circumstance here.  Raygosa was not "joined" or "misjoined" as a defendant under Rule 20(a).  Rather, State Defendants filed a third-party claim against him under Rule 14.  Rule 14(a)(4) provides that the remedy to address an improper third party is a motion to strike the third-party claim.  Plaintiff has already filed a Rule 14(a)(4) motion to strike (Dkt. 24), which the Court denied on May 12, 2023.  (Dkt. 40.)  The law of the case doctrine precludes the Court from reconsidering that decision.  *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) ("Under the 'law of the case' doctrine, a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.") (citation omitted).

Even if plaintiff could rely on Rule 21 here, the third-party claim against Raygosa meets the standards for joinder under Rule 20(a) for the same reasons the Court has already determined that it meets the standards under Rule 14.  Rule 20(a) provides in part that a defendant is properly joined when a "right to relief" is asserted "arising out of the same transaction, occurrence, or series of transactions or occurrences" and "*any* question of law or fact common to

**Page 3 –     STATE DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO SEVER DHS THIRD-PARTY COMPLAINT**

all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a) (emphasis added). In denying plaintiff's motion to strike, this Court determined that the third-party claim against Raygosa arises out the same occurrence (*i.e.*, the alleged damages suffered by J.C.) and involves a common question of law or fact (*i.e.*, the cause of the alleged damages). The Court explained that "there is no question that Plaintiff's claims ultimately arise out of actions taken by Raygosa while he was a certified foster care provider. The Court is also satisfied that the purpose of the third-party complaint is to allege that Raygosa is the sole cause of J.C.'s damages." (Dkt. 40 at 3.) The Court should adhere to its decision. There is no basis to sever the third-party claim against Raygosa under Rule 21 both because that rule does not apply to third-party claims and because, even if it did, the third-party claim is properly joined, as this Court has already determined. *See TCB Remarketing LLC v. Metro Auto Auction LLC*, No. CV-20-01826-PHX-MTM, 2023 WL 2933478 at *1-2 (D. Ariz April 13, 2023) (denying motion to sever third-party claim under Rule 21 absent a showing of misjoinder).

## II.     Severance of the third-party complaint will not avoid prejudice or achieve judicial economy.

The Rule that properly governs plaintiff's request for relief, Rule 14, provides that "[a]ny party may move to strike the third-party claim, to sever it, or to try it separately." Fed. R. Civ. P. 14(a)(4). When considering whether to sever the third-party claim, courts typically consider "whether continued joinder will serve to complicate the litigation unduly or will prejudice the other parties in any substantial way." 6 Fed. Prac. & Proc. Civ. § 1460 (3d ed.) Federal courts routinely decline to sever third-party claims where severance will not avoid prejudice or promote judicial economy. *See Gutierrez v. Lamar Contractors, LLC*, No. 1:22-cv-00014-WAL-EAH, 2023 WL 3181670 (D. V.I. May 1, 2023); *WSOU Investments, LLC v. Canon, Inc.*, No. 6:20-CV-00980-ADA, 2022 WL 22869787 at *6 (W.D. Tex. Feb. 8, 2022); *Delgado v. Shell Oil Co.*,

**Page 4 –     STATE DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO SEVER DHS THIRD-PARTY COMPLAINT**

231 F.3d 165, 182 (5th Cir. 2000); *Rodin Properties-Shore Mall, N.V. v. Cushman & Wakefield of Pennsylvania, Inc.*, 49 F. Supp. 2d 709, 725 (D. N.J. 1999); *Hatfield v. Herz*, 9 F. Supp.2d 368, 374 (S.D.N.Y. 1998).  Plaintiff has made no such showing here.

> **A.**    **Severing the third-party complaint will hinder judicial economy by creating duplicative proceedings.**

Severing the third-party complaint will hinder judicial economy by creating duplicative proceedings.  The purpose of third-party practice under Rule 14 is "to avoid duplicative litigation and to encourage judicial efficiency by trying claims against third parties who may be derivatively liable to the original defendant for all or part of the plaintiff's original claim."  *Port of Tacoma v. Burlington Env't. LLC*, No. C24-5093 BHS, 2024 WL 4277854 at *4 (W.D. Wash. Sept. 24, 2024).  This Court has previously recognized that the third-party complaint meets the "crucial characteristic" of a Rule 14 claim, in that it seeks to "transfer to the third-party defendant the liability asserted against defendant by the original plaintiff."  (Dkt. 40 at 3); *Stewart v. American Int'l Oil & Gas Co.*, 845 F.2d 196, 199-200 (9th Cir. 1988).

Severing the third-party complaint will defeat the purpose of Rule 14 by creating duplicative litigation involving overlapping evidence concerning J.C.'s injuries and Raygosa's culpability for them.  As such, severance will prejudice State Defendants by forcing them to pursue the third-party claim twice:  once as an affirmative defense against plaintiff's claim (*see* Am. Answer, Fourth Affirmative Defense – "Fault of Others") (Dkt. 110 ¶ 69), and once in the third-party action against Raygosa.  *See Hatfield*, 9 F. Supp. 2d at 374 (declining to sever third-party action noting the prejudice to the defendant in pursuing the same claim twice).

**Page 5 –    STATE DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO SEVER DHS THIRD-PARTY COMPLAINT**

**B.**    **Plaintiff has not demonstrated that severance will avoid substantial prejudice to him or J.C.**

Plaintiff does not make a showing that severing the third-party complaint is necessary to avoid substantial prejudice to him or J.C.  Plaintiff's sole assertion of prejudice is that keeping the third-party complaint in the case will "gum up the resolution of the merits," but that is not the case.  (Mot. at 10.)  Establishing liability as between a defendant and a third-party defendant is an essential part of the "resolution of the merits," not an ancillary issue that will "gum" it up.

Absent severance of the third-party complaint, the merits of this matter will be resolved pursuant to the *same procedures* applicable to *any other case* in which there is less than full consent to magistrate judge jurisdiction.  That is, the parties will receive the benefit of the magistrate judge overseeing pre-trial matters and making findings of fact and recommendations on dispositive motions, and an Article III district court judge will ultimately decide those motions and conduct the trial, if any.  *See* 28 U.S.C. § 636(b); U.S. Const. art. III § 1.

It is neither fundamentally unfair nor prejudicial for a district court judge to oversee the ultimate resolution of this case.  Nor does the division of labor between the district court judge and the magistrate judge set forth in the Federal Magistrates Act constitute a "logjam" warranting severance of an otherwise proper third-party complaint.  (Mot. at 10.)

Similarly, plaintiff has not shown how he or J.C. will be substantially prejudiced if the Court is unable to "maintain the current trial date"—which was set before the Court determined that it does not have full consent of the parties.  (Mot. at 2.)  Plaintiff notably makes no showing that the current trial dates, in fact, cannot be maintained absent severance. But even if that is the case, plaintiff does not cite any authority suggesting that a delay of trial dates, standing alone, constitutes a sufficient justification to sever a third-party complaint.  To the contrary, at least one district court has concluded that the benefits of avoiding duplicative proceedings outweigh the

**Page 6 –    STATE DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO SEVER DHS THIRD-PARTY COMPLAINT**

delay created by a single trial. *Rodin Properties-Shore Mall, N.V.*, 49 F. Supp. 2d at 725

(declining to bifurcate third-party claims because "the delay created by a single trial and the

complexity of that trial are outweighed by the avoidance of duplicative testimony and evidence

and the effect that a single trial will have on settlement.").

Finally, plaintiff's suggestion that State Defendants are purposefully "delay[ing]" seeking

a default judgment against Raygosa (Mot. at 10) is meritless.  The import of plaintiff's

accusation is that State Defendants are not pursuing a default judgment in order to prevent full

consent to magistrate jurisdiction.  But plaintiff does not point to *any* legal authority to support

the proposition that State Defendants can obtain a default judgment against Raygosa that will

alleviate the need to obtain his consent to magistrate judge jurisdiction.  Regardless, it is

premature to seek a default judgment on the third-party complaint before plaintiff's claim is

adjudicated because, as with any Rule 14 claim, Raygosa's liability is "dependent on the

outcome of the main claim" and is "secondary or derivative." *United States v. One 1977*

*Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983).

Accordingly, the Court should decline to sever the third-party complaint because plaintiff

has not shown that severance will avoid prejudice or promote judicial economy.[1]

---

[1] Plaintiff states that his motion is also "supported" by Rule 42 (Mot. at 2), which
permits separate trials—or bifurcation—of claims.  Fed. R. Civ. P. 42(b).  Bifurcation, however,
is distinct from severance:  bifurcation will result in the entry of one judgment, but severed
claims become entirely independent actions to be tried, and judgment entered thereon,
independently.  As such, bifurcation would not effectuate full consent for magistrate judge
jurisdiction because Raygosa would remain a party.  Moreover, judicial economy weighs in
favor of a single trial. *Rodin Properties-Shore Mall*, N.V., 49 F. Supp. 2d at 725 ("The Court
will decline to bifurcate the third-party claims pursuant to Fed. R. Civ. P. 42(b) because the delay
created by a single trial and the complexity of that trial are outweighed by the avoidance of
duplicative testimony and evidence and the effect that a single trial will have on settlement.").

**Page 7 –    STATE DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO
SEVER DHS THIRD-PARTY COMPLAINT**

## CONCLUSION

In light of the above, the Court should deny plaintiff's motion to sever the third-party complaint against Joe Raygosa.

DATED: October 30, 2024.

ELLEN F. ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON

*s/ Chad A. Naso*

Lauren F. Blaesing, OSB #113305
LaurenBlaesing@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Alexandra L. Rhee, OSB #230770
AlexRhee@MarkowitzHerbold.com
*Special Assistant Attorneys General for State Defendants and Third-Party Plaintiff*

Chad A. Naso, OSB #150310
ChadNaso@MarkowitzHerbold.com
Jeffrey M. Edelson, OSB #880407
JeffEdelson@MarkowitzHerbold.com
Anit K. Jindal, OSB #171086
AnitJindal@MarkowitzHerbold.com
*Of Attorneys for State Defendants and Third-Party Plaintiff*

Jill Schneider, OSB #001619
Jill.Schneider@doj.oregon.gov
Nicholas Mancuso, OSB #151262
Nicholas.Mancuso@doj.oregon.gov
*Of Attorneys for State Defendants and Third-Party Plaintiff*

2220842.1

**Page 8 –    STATE DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO SEVER DHS THIRD-PARTY COMPLAINT**