Mr. Steven Rizzo, OSB # 840853
Ms. Mary D. Skjelset, OSB # 075840
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Ste. 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630
srizzo@rizzopc.com
mskjelest@rizzopc.com

Ms. Caitlin V. Mitchell, OSB #123964
Johnson Johnson Lucas & Middleton PC
975 Oak Street, Ste. 1050
Eugene, OR 97401
Tel: (541) 484-2434
Fax: (541) 484-0882
cmitchell@justicelawyers.com

ATTORNEYS FOR PLAINTIFF LEVI

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>    Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al.,<br><br>    Defendants. | CASE NO. 6:22-cv-01813-MK<br><br>*Lead Case*<br><br>**LEVI'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO SEVER DHS THIRD-PARTY COMPLAINT**<br><br>*Oral argument requested* |
| OREGON DEPARTMENT OF HUMAN SERVICES, et al.,<br><br>    Third-Party Plaintiffs,<br><br>v.<br><br>JOE ALBERT RAYGOSA,<br><br>    Third-Party Defendant. | |
| SHANNON CONLEY, Conservator for Z.C., a minor,<br><br>    Plaintiff, | |

1 – LEVI'S REPLY TO DEFENDANTS' OPPOSITION TO
    MOTION TO SEVER

vs.

KIM CHAPMAN et al.,

          Defendants.

CASE NO. 6:23-cv-01353-MK

*Trailing Case*

## INTRODUCTION

The Court should sever Defendant DHS's third-party state law claim against Raygosa.

## REPLY

The defendants do not challenge that DHS's third-party claim against Raygosa is permissive, not mandatory. And they have already taken the position that – "a '*party*' to litigation is one by or against whom a lawsuit is brought or one who becomes a party by intervention, substitution, or **third-party practice,**" which therefore includes Raygosa. (Defs. Memorandum of Law, ECF 198 at 5) (italics added) (citing *Smith v. Bayer Corp.*, 564 U.S. 299, 313 (2011)).

The defendants seek to maneuver around severance of DHS's third-party claim against Raygosa, claiming that Rule 14 "governs third-party practice" and that he was "not 'joined or misjoined in this action under Rule 20." Using this pairing, the defendants assert that Rules 20 and 21 are rendered "inapposite" and "cannot furnish a basis" to sever a third-party claim. (Defs.' Opp. to Mot. to Sever, ECF 236 at 2). (ECF 236 at 2).[1] The defendants are wrong.

Rule 14(4) provides that "[a]ny party *may* move to strike the third-party claim, to sever it, or to try it separately." *Id*. (emphasis added). Rule 14(4), as seen, does not state that Rule 20 or Rule 21 are "inapposite" to a motion to sever a third-party claim. *See* Rule 14, *Notes of Advisory Committee on Rules – 1963 Amendment* (After the third-party defendant is brought in, the court has discretion to . . . sever the third-party claim or accord it separate trial if confusion or prejudice would otherwise result.").

With respect to seeking severance, Rule 20(a) pertains to "Persons Who May Join or *Be*

---

[1] The defendants' assertion that Rule 21 "does not apply to third-party claims" is undercut by their **third-party practice** position. (ECF 236 at 4).


RIZZO | BOSWORTH | ERAUT pc
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

*Joined,*" which encompasses third-party defendants and others. *Id.* (emphasis added). Rule 20(b) provides in pertinent part that "[t]he court may issue *orders – including* an order for separate trials – to protect a party against embarrassment, delay, expense, or other prejudice that arises from including *a person* [Raygosa] against whom *the party* [Plaintiff] *asserts no claim . . . ."* *Id.* (emphasis added). Meanwhile, Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms add or drop a *party,*" or "sever *any claim* against a *party,*" which encompasses Raygosa and severance of DHS's third-party claim against him. *Id.* (emphasis added).

Nothing in the language of these rules precludes a moving party from using Rules 20 and 21 to support a motion to sever a third-party. Further contrary to the defendants' pairing, courts have recognized that a party may move to sever a third-party claim citing Rule 14 or Rule 21. *See e.g., Okla. ex rel. Edmondson v. Tyson Foods, Inc.*, 237 F.R.D. 679, 681-82 (N.D. Okla. 2006) ("Even if a Court concludes that a third-party action should not be stricken, [Rule]14(a) expressly recognizes that severance of the third-party claims may nevertheless be warranted. Alternatively, severance may be sought under [Rule] 21."). Stated simply, The standard utilized for severance is the same – regardless whether the motion to sever involves a third-party defendant joined under Rule 14.

The defendants' attempt to then lard the illusory pairing with the "law of the case" doctrine is also unavailing. (ECF 236 at 3). For example:

> Under the 'law of the case' doctrine, a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case. *Thomas v. Bible,* 983 F.2d 152, 154 (9th Cir.) (*cert. denied* 508 U.S. 951, 124 L. Ed. 2d 661, 113 S. Ct. 2443 (1993). The doctrine is not a limitation on a tribunal's power, but rather a guide to discretion. *Arizona v. California,* 460 U.S. 605, 618, 75 L. Ed. 2d 318, 103 S. Ct. 1382 (1983).
>
> A court may have discretion to depart from the law of the case where: 1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result. Failure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion.

3 – LEVI'S REPLY TO DEFENDANTS' OPPOSITION TO
    MOTION TO SEVER


RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

*See United States v. Alexander,* 106 F.3d 874, 876 (9th Cir. 1997); *see also Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012) ("Application of the doctrine is discretionary.").

Based on these cases, there are two questions: (i) did the Court previously decide the same issue; and, if so, (ii) should the Court then depart from the "law of the case" doctrine.

The Court did not previously decide the same issue. Plaintiff's February 21, 2023 motion to strike was filed early in the case. Plaintiff primarily argued that DHS's third-party claim was legally insufficient because it failed to seek to transfer a loss or seek contribution or indemnity from Raygosa; that the claim was time barred; that DHS's requested "sole cause" declaratory relief conflicted with § 1983 proximate causation; and that (in context) the request was not cognizable legal theory under Oregon law. (*See* ECF 24 at 3-6). In opposition, the defendants argued essentially the opposite, *viz*. DHS's third-party claim was "Legally Sufficient," timely, etc. (*See* ECF 28 at 3-6). In connection with the motion to strike, the Court was not called upon to decide whether, at this juncture, DHS's third-party claim is a cause of "embarrassment, delay, expense, or other prejudice." As such, the motion to sever presents a completely different issue than the motion to strike. The Court did not previously decide the issue raised for the first time by the motion to sever. Plaintiff has not asked the Court to revisit the interlocutory order. (S*ee* 5/12/23 Order, ECF 40).[2] There is no basis then to depart from the "law of the case" doctrine, which does not apply here in the first place.

Notwithstanding their enduring consent to magistrate judge jurisdiction, the defendants and their Markowitz special assistant attorneys are confident that judicial economy is best served by allowing DHS's third-party claim to linger, and that delay engendered by requiring the Court to issue the Finding & Recommendations on their impending dispositive motions and anticipatory

---

[2] Also, the defendants' claim that the order is subject to the "law of the case" doctrine is inconsistent at best with their prior assertions – that the Court "possesses the inherent procedural power to rescind, reconsider, or modify an interlocutory order," *see* 7/26/23 Mot. to Reconsider, ECF 60 at 3-4; and that Rule 54(b) "provides that any interlocutory order may be revised at any time before the entry of a judgment adjudicating all claims and all the parties' rights and liabilities," etc. (*See* 9/12/24 Mot. to Reconsider, ECF 195 at 3). Either the defendants' have changed position or these standards have become flexible.

4 – LEVI'S REPLY TO DEFENDANTS' OPPOSITION TO
    MOTION TO SEVER


RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

delays (and increased expenses) resulting from the defendants' habit of parsing orders, filing motions for reconsideration and Objections, and launching other "eleventh hour" maneuvers, e.g., "fiduciary abnegation," is inconsequential to this child who was raped and sodomized in the Duncan-Raygosa foster home. (*See* ECF 236 at 4-5). *But see Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296-97 (9th Cir. 2000) (Courts are vested with broad discretion to make decisions regarding severance, and may sever claims because of *potential prejudice* or *delay*).

The defendants observe that severing DHS's third-party claim would create "duplicative litigation . . . by forcing them to *pursue* [that] claim *twice*." (*See* ECF 236 at 5). But the observation merely presupposes that that litigation has already taken place to *pursue* the claim. It has not. Following the Court's ruling on Plaintiff's motion to strike, the defendants failed to undertake any steps to prove DHS's third-party claim. Stated simply, one cannot augur *duplicative* litigation as an excuse to not sever an unlitigated claim – and the defendants are resistant to referring the matter to an Article III district court judge for entry of default judgment against Raygosa.

Omitting mention of their inaction, the defendants state that severing the third-party claim will "force" them to conduct dual litigation going forward: "once as an affirmative defense against plaintiff's *claim . . .* and once in the third-party action against Raygosa." (*See* ECF at 5) (emphasis added). But that statement is both vague and otherwise inaccurate.

To clarify, for purposes of DHS's third-party action, Plaintiff's claim at issue is the negligence claim. In response to that claim – *not* in response to Plaintiff's federal claims against the officials – DHS sued Raygosa, claiming that his intentional battery of J.C. was the "sole cause" of J.C.'s injury and damage. As a defaulting party, Raygosa is already liable to DHS on its third-party claim and there is nothing left for the agency to *prove* on that score. DHS is free to argue its so-called "Fault of Others" defense at the February 2025 trial in response to Plaintiff's negligence claim. The jury's verdict on negligent causation will be determinative of DHS's liability to Plaintiff, if any. In other words, if the jury finds that DHS was not negligent, then its third-party claim is rendered moot. On the other hand, if the jury rejects the "Fault of Others" defense and

5 – LEVI'S REPLY TO DEFENDANTS' OPPOSITION TO
      MOTION TO SEVER

RIZZO | BOSWORTH | ERAUT pc

1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

finds that DHS was negligent, then DHS can seek a default judgment against Raygosa.

Accordingly, severance of the DHS's third-party claim against defaulting party Raygosa in no way prejudices DHS.[3]

### CONCLUSION

Respectfully, the Court should grant the motion to sever DHS's third-party claim.

Dated: November 6, 2024.

RIZZO BOSWORTH ERAUT PC


By: s/      *Steven Rizzo*
      Steven Rizzo OSB No. 840853
      Mary D. Skjelset OSB No. 075840
      Rizzo Bosworth Eraut PC
      1300 SW Sixth Avenue, Suite 330
      Portland, OR 97201
      Tel: (503) 229-1819
      Fax: (503) 229-0630


      Caitlin V. Mitchell, OSB #123964
      Johnson Johnson Lucas & Middleton PC
      975 Oak Street, Ste. 1050
      Eugene, OR 97401
      Tel: (541) 484-2434
      Fax: (541) 484-0882
      cmitchell@justicelawyers.com


      ATTORNEYS FOR PLAINTIFF LEVI

---

[3] Plaintiff referenced Rule 42(b) in the introduction to the motion to sever simply to acknowledge that bifurcation of the severed third-party claim is also an option. As stated above, once the jury enters the verdict it is unlikely that a separate trial will take place.



UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>      Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al.,<br><br>      Defendants. | CASE NO. 6:22-cv-01813-MK<br><br>*Lead Case*<br><br>**CERTIFICATE OF SERVICE** |
| OREGON DEPARTMENT OF HUMAN SERVICES, et al.,<br><br>      Third-Party Plaintiffs,<br><br>      v.<br><br>JOE ALBERT RAYGOSA,<br><br>      Third-Party Defendant. | |
| SHANNON CONLEY, Conservator for Z.C., a minor,<br><br>      Plaintiff,<br><br>vs.<br><br>KIM CHAPMAN et al.,<br><br>      Defendants. | CASE NO. 6:23-cv-01353-MK<br><br>*Trailing Case* |

      I am employed by the law firm of Rizzo Bosworth Eraut PC in Portland, Oregon.  I am over the age of eighteen years and not a party to the subject cause.  My business address is 1300 SW Sixth Avenue, Suite 330, Portland, OR 97201.

      On the date below, I caused to be served on all parties in this action by transmitting a true copy thereof**: Levi's Reply to Defendants' Opposition to Motion to Sever DHS Third-Party Complaint**

1 – Certificate of Service

**VIA EMAIL**

Jill Schneider
Nicholas S. Mancuso
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Ph. 971-673-1880
Fax: 971-673-5000
Email: jill.schneider@doj.state.or.us
Email: nicholas.mancuso@doj.state.or.us
*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services*

**VIA EMAIL**

Lauren Blaesing
Harry B. Wilson
Alexandra Rhee
Chad Naso
Jeffrey Edelson
Anit Jindal
Markowitz Herbold PC
1455 SW Broadway
Ste. 1990
Portland, OR. 97201
Ph: 503-295-3085
Email: laurenblaesing@markowitzherbold.com
Email: harrywilson@markowitzherbold.com
Email: alexrhee@markowitzherbold.com
Email: chadnaso@markowitzherbold.com
Email: jeffedelson@markowitzherbold.com
Email: anitjindal@markowitzherbold.com
*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services*

Dated this 6th day of November, 2024.

 *s/Shelley Maddox*
Shelley Maddox, Paralegal

2 – Certificate of Service