Mr. Steven Rizzo, OSB # 840853
Ms. Mary D. Skjelset, OSB # 075840
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Ste. 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630
srizzo@rizzopc.com
mskjelest@rizzopc.com

Ms. Caitlin V. Mitchell, OSB #123964
Johnson Johnson Lucas & Middleton PC
975 Oak Street, Ste. 1050
Eugene, OR 97401
Tel: (541) 484-2434
Fax: (541) 484-0882
cmitchell@justicelawyers.com

ATTORNEYS FOR PLAINTIFF LEVI

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>      Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al.,<br><br>      Defendants. | CASE NO. 6:22-cv-01813-MK<br><br>*Lead Case*<br><br>**LEVI'S MOTION TO CONSOLIDATE FOR PURPOSES OF TRIAL**<br><br>*Oral argument requested* |
| OREGON DEPARTMENT OF HUMAN SERVICES, et al.,<br><br>      Third-Party Plaintiffs,<br><br>      v.<br><br>JOE ALBERT RAYGOSA,<br><br>      Third-Party Defendant. | |
| SHANNON CONLEY, Conservator for Z.C., a minor,<br><br>      Plaintiff, | |

1 – LEVI'S MOTION TO CONSOLIDATE

vs.

KIM CHAPMAN et al.,

        Defendants.

CASE NO. 6:23-cv-01353-MK

*Trailing Case*

## INTRODUCTION

Plaintiff Levi moves to consolidate for purposes of trial the following related matters pending in the District of Oregon: the above-captioned action, Case No. 6:23-cv-01353-MK and *Conley v. Chapman, et al*, Case No. 6:23-cv-01353-MK. Fed. R. Civ. P. 42(a), LR 42-1, LR 42-2, support the motion along with the accompanying Declaration of Counsel, pleadings, papers, and correspondence on file with the Court and the following points and authorities.

## LR 7-1

Counsel for both plaintiffs and counsel for all of the defendants have conferred by phone and have been unable to reach agreement on consolidation for purposes of trial.

## LR 42-3 RELATED CASES

**(1)** The related cases pending in the District of Oregon include the above-captioned action, *Ethan Levi v. Kim Chapman, et. al,* District Court of Oregon Case No. 6:22-cv-01813-MK, and *Shannon Conley v. Kim Chapman, et. al*, District Court of Oregon Case No. 6:23-CV-01353-MK.

**(2)** There are no other related cases pending in state or federal court.

**(3)** The common question of law or fact in each case pertains to whether the defendant officials violated the plaintiffs' clearly established constitutional rights to social worker supervision, medical care, and protection from harm inflicted by a foster parent.

**(4)** Regarding the status in each case, the plaintiffs are represented by separate counsel, and the defendants are represented by the same counsel. The Court has presided over numerous

2 – LEVI'S MOTION TO CONSOLIDATE


RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

joint status conferences and hearings relating to manifold discovery and scheduling issues raised by the parties. (*See e.g.,* ECF 157, 7/12/24 Order; ECF 174; 8/15/24 Order; ECF 175, 8/20/24 Order; ECF 210, 9/24/24 Order). Also, both of the related cases have been consolidated for purposes of discovery. (ECF 210, 9/24/24 Order); (*see also* ECF 174, 8/15/24 Order) (noting "the significant overlap in the discovery involved" in both cases). The Court has set a February 10, 2025 trial date in *Levi* and an April 21, 2025 trial date in *Conley*. (ECF 174 at 2).

**(5)**    The reason that the cases should be managed by the Court is because it is familiar with the parties as well as their respective factual and legal positions, including the defendants' pending motions for partial summary judgment on the plaintiffs' civil rights claims.

**(6)**    Levi understands that the defendants in both related cases are opposed to consolidation for purposes of trial.

**(7)**    At this point, the scope of consolidation for purposes of trial saves time and effort and avoids unnecessary delay and expense for all parties.

<b>STANDARDS</b>

Rule 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court," those actions may be coordinated through "a joint hearing or trial of any or all the matters in issue in the actions," through consolidation, or by any other orders designed "to avoid unnecessary cost or delay." *Id*. District courts have "broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. United States Dist. Ct. for Cent. Dist. of California,* 877 F.2d 777 (9th Cir. 1989); *see also Hall v. Hall*, 138 S. Ct 1118, 1131 (2018) ("District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases."). In deciding whether to consolidate, a court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir.), on reh'g, 753 F.2d 1081 (9th Cir. 1984). Further, "the law is clear that an act of consolidation does not affect any of the substantive rights of the parties." *J.G. Link & Co. v. Continental Cas. Co.,* 470 F.2d 1133, 1138

3 – LEVI'S MOTION TO CONSOLIDATE

(9th Cir. 1972) (internal citation omitted).

## ARGUMENT

The Court should consolidate these related cases for purposes of trial.

In both related cases, the plaintiffs' complaints demonstrate a substantial degree of factual overlap. In summary, DHS removed J.C. and Z.C. simultaneously from their home of origin and placed the children into to DHS-certified Duncan-Raygosa foster home. Defendants Chapman and Tibbetts were responsible for the certification and monitoring of children's safety in that home, and defendants O'Brien and Lane were responsible to monitor J.C.'s and Z.C.'s safety and well-being there. Following Z.C.'s escape from the home, DHS placed both children into the DHS-certified Spicer-McCool foster home. Chapman and Tibbetts were also responsible for the certification and monitoring of children in that home, and O'Brien and Lane were responsible to monitor J.C.'s and Z.C.'s safety and well-being there.

In both related cases, the defendants are represented by the same defense attorneys: Oregon Department of Justice AAGs Ms. Jill Schneider and Mr. Nicholas Mancuso and numerous private attorneys employed by the Markowitz law firm. Meanwhile, Mr. Jonathon Monson and Ms. Nicole Abercrombie have associated as counsel of record on behalf of O'Brien in both *Levi* and *Conley*. As the Court may recall, the defense attorneys are "defending" the defendant officials under the terms of a DOJ Request for Defense contract, which has been signed by each official. (Decl. of counsel, Ex. 1). Thereunder, the defendants – including DHS – share the same set of defense attorneys, who purport to exercise control over litigation decisions, including settlement and trial. Thus, the Court should look askance at any assertion that DHS's interests are separate and distinct from the interests of the defendant officials with whom the agency is entwined.

Given that the claims arise out of the common set of facts, there is also a substantial degree of legal overlap as well. For example, the plaintiffs allege that the defendant officials violated the children's clearly established constitutional rights to social worker supervision, medical care, and protection from harm inflicted by a foster parent. In response, the defendants deny many of the

4 – LEVI'S MOTION TO CONSOLIDATE

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

same allegations and affirmatively allege many of the same defenses. Also, the defendant officials in both related cases have moved for partial summary judgment, asserting an entitlement to qualified immunity on the plaintiffs' civil rights claims.

In *Levi*, the plaintiff also alleged a negligence claim against DHS. There is no dispute that the negligence claim arises out of the same set of facts and circumstances involving the civil rights claims against the defendant officials – all of whom were employed by DHS at times material. In turn, DHS elected to file a third-party claim against Raygosa, seeking a declaration that his alleged battery of J.C. was the "sole cause" of her damages. As the Court is aware, the defendants successfully opposed plaintiff Levi's motion to strike the claim, and then DHS proceeded to take no discovery on its third-party claim. Raygosa has been defaulted, and no defendant has taken any steps to move for default judgment on the agency's battery/sole cause claim against imprisoned third-party defendant Raygosa. The Court should find that the defendants are not prejudiced by having planned to let the third-party claim linger, and the Court can make appropriate orders to alleviate any such "prejudice" at trial, if any.

Relatedly, the Court is aware that the defendants successfully moved on behalf of DHS to add an affirmative defense under the *Eleventh Amendment*, claiming that DHS was immune from suit in federal court. Thereafter, DHS stayed entirely silent on the defense. Instead, DHS – along with the officials – voluntarily availed itself of the benefits of federal practice and procedure. For example, the defendants served multiple discovery requests, including interrogatories, requests for production and requests for admissions, they took multiple depositions of fact witnesses and treating providers, they filed multiple discovery motions, multiple motions for reconsideration as well as Objections, and most recently, the defendants were benefited by expert witness and rebuttal expert witness disclosures, and they deposed the experts. Also, lest they invite conflict, no defendant chose to move for summary judgment on the inert Eleventh Amendment immunity defense. As a result, the defendants have waived the agency's defense. *See Yates v. E. Side Union High Sch. Dist.,* 2021 U.S. Dist. LEXIS 156310 * 9-10 | 2021 WL 3664861 (N.D. Cal. August 21,

5 – LEVI'S MOTION TO CONSOLIDATE

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

2021) ("A state waives its Eleventh Amendment immunity by conduct that is incompatible with an intent to preserve that immunity") (internal use of quotation marks omitted) (citing *In re Bliemeister*, 296 F.3d 858, 861 (9th Cir. 2002)).

Consolidation for purposes of trial will promote judicial economy by saving time and resources. For example, with respect to liability, given the substantial factual overlap in both related cases, the presentation of the evidence will involve most if not all of the same fact witnesses who will testify regarding the common core of facts.

As to the parties' liability experts, the plaintiffs jointly retained a SAFE certification expert, Ms. Butts, whom the defendants have deposed. The plaintiffs jointly retained an expert in Oregon child welfare casework, Dr. Sotelo, whom the defendants have also deposed. The defendants are equipped to cross examine these experts at trial. The defendants failed to retain any expert who is qualified to testify regarding SAFE methodology and practice. Instead the defendants retained an administrative permanency casework expert from Illinois, Ms. Richter-Jackson, who worked with the Markowitz firm in the *Wyatt B*. class action against DHS, which recently resolved. The plaintiffs have deposed this witness and they are prepared to cross examine.

The plaintiffs will shortly move to strike testimony that defense counsel elicited from Ms. Figoten at the close of the plaintiffs' deposition. The testimony was not disclosed timely, and is designed to excuse the indifference of Chapman and Tibbetts aka Brooks by opining on the negligence of Fresno County California Child Welfare agency. However the Court may decide the motion, it is clear that the defendants intended to offer the testimony in both of the related cases.

As to the plaintiffs' damages experts, J.C. was evaluated by Dr. Harris, and Z.C. was evaluated by Dr. Bax. The defendants have deposed both of the psychologists, and they (the defendant) failed to retain a Rule 26 testifying expert psychologist. Plaintiff Levi also retained Dr. Carly Lingenfelter, who is an expert in Institutional Betrayal Trauma. Lingenfelter addresses DHS's institutional conduct as derived from the testimony elicited jointly by the plaintiffs. The defendants have taken Lingenfelter's deposition and they are not unfairly prejudiced by her

6 – LEVI'S MOTION TO CONSOLIDATE

testimony. To the extent the defendants intend to claim that they will be prejudiced by the testimony, the Court can issue an appropriate limiting instruction at trial.

In filing this motion, plaintiff Levi acknowledges that if the Court consolidates these related cases, the trial may be moved to April 21, 2025, which was the date that the Court set aside for trial in *Conley*. This acknowledgment is in recognition of the Court's need to address the extensive partial motions for summary judgment filed in both related cases – based largely on the same set of facts – and on the fact that consolidation for purposes of trial promotes judicial economy.

**CONCLUSION**

Respectfully, the Court should order consolidation of the related cases for purposes of trial.


Dated: December 2, 2024.

RIZZO BOSWORTH ERAUT PC


By: s/        *Steven Rizzo*
Steven Rizzo OSB No. 840853
Mary D. Skjelset OSB No. 075840
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Suite 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630


Caitlin V. Mitchell, OSB #123964
Johnson Johnson Lucas & Middleton PC
975 Oak Street, Ste. 1050
Eugene, OR 97401
Tel: (541) 484-2434
Fax: (541) 484-0882
cmitchell@justicelawyers.com


ATTORNEYS FOR PLAINTIFF LEVI


7 – LEVI'S MOTION TO CONSOLIDATE

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al.,<br><br>Defendants. | CASE NO. 6:22-cv-01813-MK<br><br>*Lead Case*<br><br>**CERTIFICATE OF SERVICE** |
| OREGON DEPARTMENT OF HUMAN SERVICES, et al.,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>JOE ALBERT RAYGOSA,<br><br>Third-Party Defendant. | |
| SHANNON CONLEY, Conservator for Z.C., a minor,<br><br>Plaintiff,<br><br>vs.<br><br>KIM CHAPMAN et al.,<br><br>Defendants. | CASE NO. 6:23-cv-01353-MK<br><br>*Trailing Case* |

I am employed by the law firm of Rizzo Bosworth Eraut PC in Portland, Oregon.  I am over the age of eighteen years and not a party to the subject cause.  My business address is 1300 SW Sixth Avenue, Suite 330, Portland, OR 97201.

On the date below, I caused to be served on all parties in this action by transmitting a true copy thereof**: Levi's Motion to Consolidate for Purposes of Trial**

1 – Certificate of Service

**VIA ECF & EMAIL**

Jill Schneider
Nicholas S. Mancuso
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Ph. 971-673-1880
Fax: 971-673-5000
Email: jill.schneider@doj.state.or.us
Email: nicholas.mancuso@doj.state.or.us
*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services*

Nicole A.W. Abercrombie
Jon W. Monson
Cable Huston LLP
1455 SW Broadway, Suite 1500
Portland, OR 97201
Ph. 503-224-3092
Fax: 503-224-3176
Email: jmonson@cablehuston.com
Email: nabercrombie@cablehuston.com
*Of Attorneys for Defendant O'Brien*

Lauren Blaesing
Harry B. Wilson
Alexandra Rhee
Chad Naso
Jeffrey Edelson
Anit Jindal
Markowitz Herbold PC
1455 SW Broadway
Ste. 1990
Portland, OR. 97201
Ph: 503-295-3085
Email: laurenblaesing@markowitzherbold.com
Email: harrywilson@markowitzherbold.com
Email: alexrhee@markowitzherbold.com
Email: chadnaso@markowitzherbold.com
Email: jeffedelson@markowitzherbold.com
Email: anitjindal@markowitzherbold.com
*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services*

Dated this 2nd day of December, 2024.

 *s/Shelley Maddox*
Shelley Maddox, Paralegal

2 – Certificate of Service