Steven Rizzo, OSB # 840853
Mary D. Skjelset, OSB # 075840
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Ste. 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630
srizzo@rizzopc.com
mskjelest@rizzopc.com

Caitlin V. Mitchell, OSB #123964
Johnson Johnson Lucas & Middleton PC
975 Oak Street, Ste. 1050
Eugene, OR 97401
Tel: (541) 484-2434
Fax: (541) 484-0882
cmitchell@justicelawyers.com

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>      Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al.,<br><br>      Defendants. | CASE NO. 6:22-cv-01813-MK<br><br>*Lead Case*<br><br>**DECLARATION OF STEVEN RIZZO IN SUPPORT OF LEVI'S MOTION TO CONSOLIDATE FOR PURPOSES OF TRIAL** |
| OREGON DEPARTMENT OF HUMAN SERVICES, et al.,<br><br>      Third-Party Plaintiffs,<br><br>      v.<br><br>JOE ALBERT RAYGOSA,<br><br>      Third-Party Defendant. | |
| SHANNON CONLEY, Conservator for Z.C., | |

1 – DECLARATION OF STEVEN RIZZO IN SUPPORT OF LEVI'S MOTION TO CONSOLIDATE FOR PURPOSES OF TRIAL


RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

a minor,

      Plaintiff,

vs.

KIM CHAPMAN et al.,

      Defendants.

CASE NO. 6:23-cv-01353-MK

*Trailing Case*

  I, Steven Rizzo, declare as follows:

1.    On behalf of Plaintiff Levi in the above-captioned consolidated matter, I make this Declaration in support of Plaintiff Levi's Motion to Consolidate for Purposes of Trial.

2.    Counsel for both plaintiffs and counsel for all defendants have conferred by telephone and have been unable to reach agreement on consolidation for purposes of trial.

3.    Attached as Exhibit 1 are true and accurate copies of the Request for Individual Defense contracts marked at the depositions of Defendants Kim Chapman on May 24, 2024, Kassidy O'Brien on June 10, 2024, Anastasia Brooks (nka Anastasia Tibbetts) on June 21, 2024 and Erin Lane on June 26, 2024, which occurred jointly with the Conley Plaintiff at the request of the defendants.

**I declare under penalty of perjury that the foregoing is true and correct**.

  Dated: December 2, 2024.

                            By: */s/ Steven Rizzo*
                                Mr. Steven Rizzo

2 – DECLARATION OF STEVEN RIZZO IN SUPPORT OF
  LEVI'S MOTION TO CONSOLIDATE FOR PURPOSES
  OF TRIAL



RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>        Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al.,<br><br>        Defendants. | CASE NO. 6:22-cv-01813-MK<br><br>*Lead Case*<br><br>**CERTIFICATE OF SERVICE** |
| OREGON DEPARTMENT OF HUMAN SERVICES, et al.,<br><br>        Third-Party Plaintiffs,<br><br>        v.<br><br>JOE ALBERT RAYGOSA,<br><br>        Third-Party Defendant. | |
| SHANNON CONLEY, Conservator for Z.C., a minor,<br><br>        Plaintiff,<br><br>vs.<br><br>KIM CHAPMAN et al.,<br><br>        Defendants. | CASE NO. 6:23-cv-01353-MK<br><br>*Trailing Case* |

I am employed by the law firm of Rizzo Bosworth Eraut PC in Portland, Oregon. I am over the age of eighteen years and not a party to the subject cause. My business address is 1300 SW Sixth Avenue, Suite 330, Portland, OR 97201.

On the date below, I caused to be served on all parties in this action by transmitting a true copy thereof**: Declaration of Steven Rizzo in Support of Levi's Motion to Consolidate for Purposes of Trial**

1 – Certificate of Service

**VIA ECF & EMAIL**

| | |
|---|---|
| Jill Schneider<br>Nicholas S. Mancuso<br>Oregon Department of Justice<br>100 SW Market Street<br>Portland, OR 97201<br>Ph. 971-673-1880<br>Fax: 971-673-5000<br>Email: jill.schneider@doj.state.or.us<br>Email: nicholas.mancuso@doj.state.or.us<br>*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services* | Lauren Blaesing<br>Harry B. Wilson<br>Alexandra Rhee<br>Chad Naso<br>Jeffrey Edelson<br>Anit Jindal<br>Markowitz Herbold PC<br>1455 SW Broadway<br>Ste. 1990<br>Portland, OR. 97201<br>Ph: 503-295-3085<br>Email: laurenblaesing@markowitzherbold.com<br>Email: harrywilson@markowitzherbold.com<br>Email: alexrhee@markowitzherbold.com<br>Email: chadnaso@markowitzherbold.com<br>Email: jeffedelson@markowitzherbold.com<br>Email: anitjindal@markowitzherbold.com<br>*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services* |
| Nicole A.W. Abercrombie<br>Jon W. Monson<br>Cable Huston LLP<br>1455 SW Broadway, Suite 1500<br>Portland, OR 97201<br>Ph. 503-224-3092<br>Fax: 503-224-3176<br>Email: jmonson@cablehuston.com<br>Email: nabercrombie@cablehuston.com<br>*Of Attorneys for Defendant O'Brien* | |

Dated this 2nd day of December, 2024.

 s/Shelley Maddox
Shelley Maddox, Paralegal

2 – Certificate of Service

ELLEN F. ROSENBLUM
Attorney General



LISA M. UDLAND
Deputy Attorney General

**DEPARTMENT OF JUSTICE**
TRIAL DIVISION

**Date:**     December 14, 2022

**To:**     <u>**Via email only - kim.chapman@dhsoha.state.or.us**</u>
Kim Chapman
Oregon Department of Human Services
1040 Harlow Rd.
Springfield, OR 97477

**From:**     **Steve Lippold, Chief Trial Counsel**

**Re:**     **Request for Individual Defense by the Attorney General**
*Levi, Ethan v. Oregon Department of Human Services, et al.*
United States District Court Case No. 6:22-cv-01813-MK

You have been individually named as a defendant in the above-referenced lawsuit. A copy of the complaint naming you as a defendant is attached. You should carefully review the specific allegations against you that are raised in the complaint.

Under the Oregon Tort Claims Act ("OTCA"), the State of Oregon provides officials, agents and employees with an attorney and pays for the costs of defense when they are acting in the course and scope of their employment, subject to several important limitations. Under the OTCA, you have the opportunity to request that the Attorney General defend you in this lawsuit. <u>Before making that request, you must familiarize yourself with the rights and responsibilities of individual defendants under the OTCA,</u> which are outlined below.

If you choose to request defense from the Attorney General, you must make your request in writing using the form provided at the end of this letter. The form should then be returned to the Attorney General for review using the contact information provided on the form. Because we will have a limited amount of time to appear on your behalf and defend you in this matter, <u>we request that you complete this form within seven (7) days</u> from the date of this letter.

Before requesting that defense from the Attorney General, you must be aware of your rights when you are defended by the Attorney General:

**Individual Defense Under the OTCA:** Your signature on this form is required before the Attorney General can defend you in this matter. The Attorney General is prohibited from appearing on behalf of any officer, employee, or agent without his or her consent in any action, suit, matter, cause or proceeding in any court or before any other federal or state regulatory body. A State officer, employee or agent may, after consultation with the Department of Administrative Services ("DAS"), file a written request for defense with the Attorney General. Your signature on the request for defense form will satisfy the written request requirement. DAS

DHS_LEVI_048576



LEVI EX. Page 1 of 6

EXHIBIT 1
Page 1 of 23

December 14, 2022
*Levi, Ethan v. Oregon Department of Human Services, et al.*

has already been notified of this lawsuit, and you do not need to consult further before requesting defense.

**Consultation with an Independent Attorney:** If you have any questions regarding the information on this form, you may consult with an independent attorney prior to requesting defense. In addition, there are several situations - discussed below - where the State recommends that you consult with an independent attorney. Additionally, the Attorney General cannot provide representation on private matters, including employment rights. If you have an injury or private claim arising from the incident in the lawsuit, then you should consult with an independent attorney. The State will not pay for you to consult with an independent attorney, however. If you are having difficulties contacting an independent attorney to consult with, we recommend that you contact the Oregon State Bar's Lawyer Referral Service at (800) 452-7636.

**Who is Entitled to a Defense:** The OTCA provides for a defense of state officers, employees, and agents who are doing their jobs - even when they make an honest, good-faith mistake. The OTCA requires the State to "defend, save harmless and indemnify any of its officers, employees and agents, whether elective or appointive, against any tort claim or demand, whether groundless or otherwise, arising out of an alleged act or omission occurring in the performance of duty."

**Who is *Not* Entitled to a Defense:** The vast majority of State officers, employees and agents who are sued based on some act or omission related to their employment are defended by the Attorney General. But there are three instances where the Attorney General will not approve a defense:

1. Where the lawsuit does not arise out of the performance of an official duty. (Example: an auto accident driving home from work on your regular commute.)

2. Where there is malfeasance in office or willful or wanton neglect of duty. (Examples: sexual misconduct while at work or misappropriating government funds.)

3. If the individual fails to cooperate fully with the Attorney General and staff in defense of this complaint. (Examples: failure to disclose pertinent information to the Attorney General or refusing to comply with a subpoena for records.)

The circumstances where the Attorney General will reject defense are rare. If you have any questions or concerns about whether you are entitled to a defense, you should consult with an independent attorney.

**Coverage Investigation:** Your request for defense will be reviewed by the Attorney General. The Attorney General will either approve your defense or order a "coverage investigation." The purpose of the coverage investigation is to determine whether you are entitled to a defense by the Attorney General. You may be required to provide documents or submit to an interview as part of a coverage investigation. Do not confuse a coverage investigation with representation by the Attorney General. If you are subject to a coverage investigation, the Attorney General does not represent you at that time, and can use any information learned during that investigation against you. You will be notified of the outcome of the coverage investigation once it is concluded.

DHS_LEVI_048577

EXHIBIT 1
Page 2 of 23

December 14, 2022
*Levi, Ethan v. Oregon Department of Human Services, et al.*

**The Impact of Discipline:** State officials or employees are occasionally subject to employment or other investigations as a result of conduct alleged in the complaint. On rare occasions, they have resigned due to conduct that later forms the basis for a lawsuit against them. You are not automatically disqualified from Attorney General representation in these situations. However, you must disclose any discipline (or a resignation) related to the conduct alleged against you on the form below. That discipline may be used to evaluate whether you are entitled to a defense. If you are subject to an employment investigation related to this lawsuit, you should consult with an independent attorney.

**The Impact of a Pending Criminal Investigation:** State officials and employees are occasionally subject to criminal investigations as a result of conduct alleged in the complaint. On rare occasions, they have been subject to criminal charges for such conduct. You are not automatically disqualified from Attorney General representation in these situations. However, the outcome of a criminal investigation, as well as any records used in that investigation, can be used to determine whether you are entitled to defense. If you are subject to a criminal investigation related to this lawsuit, you should consult with an independent attorney.

**Your Duty to Cooperate:** You have a statutory obligation to cooperate fully with the Attorney General in defense of this lawsuit. Failure to cooperate can be a ground for the Attorney General to reject the defense of this claim against you. It is essential that no factual surprises arise during the defense of this case, and we will assume open and full communication regarding the events underlying this lawsuit. If you have any concerns about your ability to cooperate with the Attorney General in the defense of this matter, you should consult with an independent attorney.

**Confidentiality:** The State, its agencies, and its officials, employees and agents acting within the scope of their duties are considered one and the same, and any information you provide in the course of this lawsuit may be used in defense of this case. That same information may be shared with others in State government and used for any lawful purpose. For example, if you admit during the course of the lawsuit that you violated your agency's policies, that information can be provided to your agency and used to take adverse employment action against you. Or, if you admit to criminal conduct, that information can be provided to law enforcement and used to consider potential criminal charges. If you have concerns about disclosing any information to the Attorney General, you should consult with an independent attorney.

**Control of Lawsuit:** If a State official or employee requests defense by the Attorney General, he or she must allow the State to make all final decisions on legal strategy. This includes any final decision on settlement or taking the case to trial. By requesting defense on the form below, you are acknowledging that the State has full authority to make all final decisions on the legal strategy and settlement or trial of the lawsuit.

**Reporting and Professional Licensure:** The State may be required to report the existence of a lawsuit and its resolution to various entities responsible for professional licensure. (For example, the State is required to report when a state-employed physician is sued for medical malpractice, and report when the case settles.) The State may also be required to respond to requests for information from any entities that control professional licensure. There may be instances where

DHS_LEVI_048578

December 14, 2022
*Levi, Ethan v. Oregon Department of Human Services, et al.*

the defense and settlement of a lawsuit could affect a person's professional licensure.  If you have concerns as to how the defense and/or settlement of a lawsuit could affect your licensure, you should consult with an independent attorney.

**Payment of Costs for the Lawsuit:**  If the Attorney General approves your request for defense, the State will pay all costs associated with the defense of the lawsuit, including attorney fees and any judgments or settlements.  You will not be personally liable for these costs.

**You Do Not Have to Request Defense:**  You do not have to be represented by the Attorney General.  If you wish to hire your own attorney to represent you in this lawsuit, you may do so at your own personal expense.  The State does not pay for fees and expenses incurred by private attorneys hired to defend against lawsuits.  And if you choose to have your own private attorney represent you, the State will not pay for any settlements or judgments.  If you have concerns about whether you should request defense, you should consult with an independent attorney.

**Termination of Representation:**  If coverage is approved, you will be represented through the conclusion of the lawsuit.  But if facts come to light during the course of the lawsuit that indicate that you were acting outside the course and scope of employment or engaged in malfeasance or wanton neglect of duty, or if you fail to cooperate with the defense, your representation can be terminated.  This situation is rare.  It would most often arise if an officer or employee has misrepresented or withheld information regarding the incident that caused the lawsuit.  If this situation occurs, however, you will have to represent yourself or hire an independent attorney and the State would not pay the costs of the lawsuit.

**Questions Regarding This Form:**  If you have questions regarding your rights and responsibilities with respect to this form, you should consult with an independent attorney.  You or your independent attorney may also contact Chief Trial Counsel, Steve Lippold, with any questions regarding the process for requesting defense or the lawsuit you were named in.  Even though you may contact Chief Trial Counsel with questions, you are not represented by the Attorney General until your request for defense is approved.

Document3/JS/jb5

DHS_LEVI_048579

*Please detach and sign this form and return it to the Attorney General within seven days*

---

**REQUEST FOR DEFENSE**

I, Kim Chapman, understand that I have been individually named as a defendant in *Levi, Ethan v. Oregon Department of Human Services, et al.*, United States District Court Case No. 6:22-cv-01813-MK. I have been provided with a copy of the complaint and I have reviewed the allegations against me. I now request that the Attorney General defend me in this action. In making this request, I acknowledge the following:

- I have reviewed the information concerning my rights and responsibilities with respect to defense by the Attorney General.
- I have been given the opportunity to consult with an independent attorney before requesting defense from the Attorney General.
- To the best of my knowledge, the allegations against me in this lawsuit arose out of my performance of an official duty, and were not the result of malfeasance in office or willful or wanton neglect of duty.
- I [_____ have __X__ have NOT] been disciplined or resigned from my agency as a result of the conduct alleged in the lawsuit.
- I will fully cooperate with the Attorney General in the defense of this lawsuit, and I understand that this may require the disclosure of any and all information relevant to the claims against me.
- I am aware that any information I share with the Attorney General can be used in the defense of this lawsuit. It can also be shared with the State agency that I worked for during the time periods relevant to the lawsuit, and used for any lawful purpose.
- I acknowledge that the State has full authority to make all final decisions on the legal strategy and settlement of this lawsuit.

Based on the foregoing, and as indicated by my signature below, I hereby request defense from the Attorney General.

*Kim Chapman*                             Date: 12/27/22
**Kim Chapman**

---

**RETURN INFORMATION**

Please provide the signed form to your agency contact for delivery to the Attorney General. You may also provide the signed form directly to the Attorney General by emailing it to Jackie Ballard at Jackie.Ballard@doj.state.or.us. If neither option is available to you, you can mail the signed form to the Attorney General, Trial Division, at 1162 Court Street NE, Salem, OR 97301-4096 or fax the form to (503) 947-4791.

---

**AUTHORIZATION FOR INDIVIDUAL DEFENSE BY THE ATTORNEY GENERAL**
**(Attorney General Use Only)**

Pursuant to ORS 30.285, the Attorney General hereby grants Kim Chapman's request for defense in *Levi, Ethan v. Oregon Department of Human Services, et al.*, United States District Court Case No. 6:22-cv-01813-MK. The costs for such defense and any settlement or judgment will be at the expense of the State. This action will be defended by an Assistant Attorney General of our Trial Division.

s/ Steve Lippold                             Date: 1/9/23
Steve Lippold
Chief Trial Counsel

1162 Court Street NE, Salem, OR 97301-4096
Telephone: (503) 947-4700   Fax: (503) 947-4791   TTY: (800) 735-2900   www.doj.state.or.us

DHS_LEVI_048580

**Ballard Jackie**

---

**From:**       Lippold Steve M
**Sent:**       Monday, January 9, 2023 12:00 PM
**To:**         Ballard Jackie
**Subject:**    RE: Levi v. ODHS / L168422-01

Approved.

Steve Lippold
Chief Trial Counsel | Trial Division
Oregon Department of Justice
503.947.4383

**From:** Ballard Jackie <jackie.ballard@doj.state.or.us>
**Sent:** Monday, January 9, 2023 11:32 AM
**To:** Lippold Steve M <steve.lippold@doj.state.or.us>
**Subject:** Levi v. ODHS / L168422-01

Steve,

Attached please find signed RFDs with Jill's approval, let me know if I can apply your signature.

Thank you,

Jackie Ballard
Legal Secretary to Marc Abrams and Jill Schneider
Civil Litigation Section | Trial Division
Oregon Department of Justice
100 SW Market Street, Portland, OR 97201
971.673.1880

1

DHS_LEVI_048581

LEVI EX. Page 6 of 6

EXHIBIT 1
Page 6 of 23

ELLEN F. ROSENBLUM
Attorney General



LISA M. UDLAND
Deputy Attorney General

**DEPARTMENT OF JUSTICE**
TRIAL DIVISION

**Date:**       December 14, 2022

**To:**       <u>**Via email only – kassidy.t.obrien@dhsoha.state.or.us**</u>
Kassidy O'Brien
Oregon Department of Human Services
1040 Harlow Rd.
Springfield, OR 97477

**From:**       **Steve Lippold, Chief Trial Counsel**

**Re:**       **Request for Individual Defense by the Attorney General**
*Levi, Ethan v. Oregon Department of Human Services, et al.*
United States District Court Case No. 6:22-cv-01813-MK

You have been individually named as a defendant in the above-referenced lawsuit. A copy of the complaint naming you as a defendant is attached. You should carefully review the specific allegations against you that are raised in the complaint.

Under the Oregon Tort Claims Act ("OTCA"), the State of Oregon provides officials, agents and employees with an attorney and pays for the costs of defense when they are acting in the course and scope of their employment, subject to several important limitations. Under the OTCA, you have the opportunity to request that the Attorney General defend you in this lawsuit. <u>Before making that request, you must familiarize yourself with the rights and responsibilities of individual defendants under the OTCA,</u> which are outlined below.

If you choose to request defense from the Attorney General, you must make your request in writing using the form provided at the end of this letter. The form should then be returned to the Attorney General for review using the contact information provided on the form. Because we will have a limited amount of time to appear on your behalf and defend you in this matter, <u>we request that you complete this form within seven (7) days</u> from the date of this letter.

Before requesting that defense from the Attorney General, you must be aware of your rights when you are defended by the Attorney General:

**Individual Defense Under the OTCA:** Your signature on this form is required before the Attorney General can defend you in this matter. The Attorney General is prohibited from appearing on behalf of any officer, employee, or agent without his or her consent in any action, suit, matter, cause or proceeding in any court or before any other federal or state regulatory body. A State officer, employee or agent may, after consultation with the Department of Administrative Services ("DAS"), file a written request for defense with the Attorney General. Your signature on the request for defense form will satisfy the written request requirement. DAS

1162 Court Street NE, Salem, OR 97301-4096
Telephone: (503) 947-4700   Fax: (503) 947-4791   TTY: (800) 735-2900   www.doj.state.or.us



No. 70
Date 6-10-24
O'Brien
**CC Reporting**

DHS_LEVI_048588

LEVI EX. Page 1 of 6

EXHIBIT 1
Page 7 of 23

December 14, 2022
*Levi, Ethan v. Oregon Department of Human Services, et al.*

has already been notified of this lawsuit, and you do not need to consult further before requesting defense.

**Consultation with an Independent Attorney:** If you have any questions regarding the information on this form, you may consult with an independent attorney prior to requesting defense. In addition, there are several situations - discussed below - where the State recommends that you consult with an independent attorney. Additionally, the Attorney General cannot provide representation on private matters, including employment rights. If you have an injury or private claim arising from the incident in the lawsuit, then you should consult with an independent attorney. The State will not pay for you to consult with an independent attorney, however. If you are having difficulties contacting an independent attorney to consult with, we recommend that you contact the Oregon State Bar's Lawyer Referral Service at (800) 452-7636.

**Who is Entitled to a Defense:** The OTCA provides for a defense of state officers, employees, and agents who are doing their jobs - even when they make an honest, good-faith mistake. The OTCA requires the State to "defend, save harmless and indemnify any of its officers, employees and agents, whether elective or appointive, against any tort claim or demand, whether groundless or otherwise, arising out of an alleged act or omission occurring in the performance of duty."

**Who is *Not* Entitled to a Defense:** The vast majority of State officers, employees and agents who are sued based on some act or omission related to their employment are defended by the Attorney General. But there are three instances where the Attorney General will not approve a defense:

1. Where the lawsuit does not arise out of the performance of an official duty. (Example: an auto accident driving home from work on your regular commute.)

2. Where there is malfeasance in office or willful or wanton neglect of duty. (Examples: sexual misconduct while at work or misappropriating government funds.)

3. If the individual fails to cooperate fully with the Attorney General and staff in defense of this complaint. (Examples: failure to disclose pertinent information to the Attorney General or refusing to comply with a subpoena for records.)

The circumstances where the Attorney General will reject defense are rare. <u>If you have any questions or concerns about whether you are entitled to a defense, you should consult with an independent attorney.</u>

**Coverage Investigation:** Your request for defense will be reviewed by the Attorney General. The Attorney General will either approve your defense or order a "coverage investigation." The purpose of the coverage investigation is to determine whether you are entitled to a defense by the Attorney General. You may be required to provide documents or submit to an interview as part of a coverage investigation. Do not confuse a coverage investigation with representation by the Attorney General. If you are subject to a coverage investigation, the Attorney General does not represent you at that time, and can use any information learned during that investigation against you. You will be notified of the outcome of the coverage investigation once it is concluded.

December 14, 2022
*Levi, Ethan v. Oregon Department of Human Services, et al.*

**The Impact of Discipline:** State officials or employees are occasionally subject to employment or other investigations as a result of conduct alleged in the complaint. On rare occasions, they have resigned due to conduct that later forms the basis for a lawsuit against them. You are not automatically disqualified from Attorney General representation in these situations. However, you must disclose any discipline (or a resignation) related to the conduct alleged against you on the form below. That discipline may be used to evaluate whether you are entitled to a defense. If you are subject to an employment investigation related to this lawsuit, you should consult with an independent attorney.

**The Impact of a Pending Criminal Investigation:** State officials and employees are occasionally subject to criminal investigations as a result of conduct alleged in the complaint. On rare occasions, they have been subject to criminal charges for such conduct. You are not automatically disqualified from Attorney General representation in these situations. However, the outcome of a criminal investigation, as well as any records used in that investigation, can be used to determine whether you are entitled to defense. If you are subject to a criminal investigation related to this lawsuit, you should consult with an independent attorney.

**Your Duty to Cooperate:** You have a statutory obligation to cooperate fully with the Attorney General in defense of this lawsuit. Failure to cooperate can be a ground for the Attorney General to reject the defense of this claim against you. It is essential that no factual surprises arise during the defense of this case, and we will assume open and full communication regarding the events underlying this lawsuit. If you have any concerns about your ability to cooperate with the Attorney General in the defense of this matter, you should consult with an independent attorney.

**Confidentiality:** The State, its agencies, and its officials, employees and agents acting within the scope of their duties are considered one and the same, and any information you provide in the course of this lawsuit may be used in defense of this case. That same information may be shared with others in State government and used for any lawful purpose. For example, if you admit during the course of the lawsuit that you violated your agency's policies, that information can be provided to your agency and used to take adverse employment action against you. Or, if you admit to criminal conduct, that information can be provided to law enforcement and used to consider potential criminal charges. If you have concerns about disclosing any information to the Attorney General, you should consult with an independent attorney.

**Control of Lawsuit:** If a State official or employee requests defense by the Attorney General, he or she must allow the State to make all final decisions on legal strategy. This includes any final decision on settlement or taking the case to trial. By requesting defense on the form below, you are acknowledging that the State has full authority to make all final decisions on the legal strategy and settlement or trial of the lawsuit.

**Reporting and Professional Licensure:** The State may be required to report the existence of a lawsuit and its resolution to various entities responsible for professional licensure. (For example, the State is required to report when a state-employed physician is sued for medical malpractice, and report when the case settles.) The State may also be required to respond to requests for information from any entities that control professional licensure. There may be instances where

December 14, 2022
*Levi, Ethan v. Oregon Department of Human Services, et al.*

the defense and settlement of a lawsuit could affect a person's professional licensure. If you have concerns as to how the defense and/or settlement of a lawsuit could affect your licensure, you should consult with an independent attorney.

**Payment of Costs for the Lawsuit:** If the Attorney General approves your request for defense, the State will pay all costs associated with the defense of the lawsuit, including attorney fees and any judgments or settlements. You will not be personally liable for these costs.

**You Do Not Have to Request Defense:** You do not have to be represented by the Attorney General. If you wish to hire your own attorney to represent you in this lawsuit, you may do so at your own personal expense. The State does not pay for fees and expenses incurred by private attorneys hired to defend against lawsuits. And if you choose to have your own private attorney represent you, the State will not pay for any settlements or judgments. If you have concerns about whether you should request defense, you should consult with an independent attorney.

**Termination of Representation:** If coverage is approved, you will be represented through the conclusion of the lawsuit. But if facts come to light during the course of the lawsuit that indicate that you were acting outside the course and scope of employment or engaged in malfeasance or wanton neglect of duty, or if you fail to cooperate with the defense, your representation can be terminated. This situation is rare. It would most often arise if an officer or employee has misrepresented or withheld information regarding the incident that caused the lawsuit. If this situation occurs, however, you will have to represent yourself or hire an independent attorney and the State would not pay the costs of the lawsuit.

**Questions Regarding This Form:** If you have questions regarding your rights and responsibilities with respect to this form, you should consult with an independent attorney. You or your independent attorney may also contact Chief Trial Counsel, Steve Lippold, with any questions regarding the process for requesting defense or the lawsuit you were named in. Even though you may contact Chief Trial Counsel with questions, you are not represented by the Attorney General until your request for defense is approved.

Document3/JS/jb5

DHS_LEVI_048591

LEVI EX. Page 4 of 6

EXHIBIT 1
Page 10 of 23

*Please detach and sign this form and return it to the Attorney General within seven days*

## REQUEST FOR DEFENSE

I, Kassidy O'Brien, understand that I have been individually named as a defendant in *Levi, Ethan v. Oregon Department of Human Services, et al.*, United States District Court Case No. 6:22-cv-01813-MK. I have been provided with a copy of the complaint and I have reviewed the allegations against me. I now request that the Attorney General defend me in this action. In making this request, I acknowledge the following:

- I have reviewed the information concerning my rights and responsibilities with respect to defense by the Attorney General.
- I have been given the opportunity to consult with an independent attorney before requesting defense from the Attorney General.
- To the best of my knowledge, the allegations against me in this lawsuit arose out of my performance of an official duty, and were not the result of malfeasance in office or willful or wanton neglect of duty.
- I [___ have   X  have NOT] been disciplined or resigned from my agency as a result of the conduct alleged in the lawsuit.
- I will fully cooperate with the Attorney General in the defense of this lawsuit, and I understand that this may require the disclosure of any and all information relevant to the claims against me.
- I am aware that any information I share with the Attorney General can be used in the defense of this lawsuit. It can also be shared with the State agency that I worked for during the time periods relevant to the lawsuit, and used for any lawful purpose.
- I acknowledge that the State has full authority to make all final decisions on the legal strategy and settlement of this lawsuit.

Based on the foregoing, and as indicated by my signature below, I hereby request defense from the Attorney General.

*Kassidy O'Brien*                          Date: 12/15/22

**Kassidy O'Brien**

## RETURN INFORMATION

Please provide the signed form to your agency contact for delivery to the Attorney General. You may also provide the signed form directly to the Attorney General by emailing it to Jackie Ballard at Jackie.Ballard@doj.state.or.us. If neither option is available to you, you can mail the signed form to the Attorney General, Trial Division, at 1162 Court Street NE, Salem, OR 97301-4096 or fax the form to (503) 947-4791.

## AUTHORIZATION FOR INDIVIDUAL DEFENSE BY THE ATTORNEY GENERAL
### (Attorney General Use Only)

Pursuant to ORS 30.285, the Attorney General hereby grants Kassidy O'Brien's request for defense in *Levi, Ethan v. Oregon Department of Human Services, et al.*, United States District Court Case No. 6:22-cv-01813-MK. The costs for such defense and any settlement or judgment will be at the expense of the State. This action will be defended by an Assistant Attorney General of our Trial Division.

s/ Steve Lippold                          Date: 1/9/23

Steve Lippold
Chief Trial Counsel

1162 Court Street NE, Salem, OR 97301-4096
Telephone: (503) 947-4700  Fax: (503) 947-4791  TTY: (800) 735-2900  www.doj.state.or.us

DHS_LEVI_048592

LEVI EX. Page 5 of 6

EXHIBIT 1
Page 11 of 23

**Ballard Jackie**

| | |
|---|---|
| **From:** | Lippold Steve M |
| **Sent:** | Monday, January 9, 2023 12:00 PM |
| **To:** | Ballard Jackie |
| **Subject:** | RE: Levi v. ODHS / L168422-01 |

Approved.

Steve Lippold
Chief Trial Counsel | Trial Division
Oregon Department of Justice
503.947.4383

**From:** Ballard Jackie <jackie.ballard@doj.state.or.us>
**Sent:** Monday, January 9, 2023 11:32 AM
**To:** Lippold Steve M <steve.lippold@doj.state.or.us>
**Subject:** Levi v. ODHS / L168422-01

Steve,

Attached please find signed RFDs with Jill's approval, let me know if I can apply your signature.

Thank you,

Jackie Ballard
Legal Secretary to Marc Abrams and Jill Schneider
Civil Litigation Section | Trial Division
Oregon Department of Justice
100 SW Market Street, Portland, OR 97201
971.673.1880

1

DHS_LEVI_048593

LEVI EX. Page 6 of 6

EXHIBIT 1
Page 12 of 23

ELLEN F. ROSENBLUM
Attorney General



LISA M. UDLAND
Deputy Attorney General

**DEPARTMENT OF JUSTICE**
TRIAL DIVISION

No. ___94___
Date _6-21-24_
Tibbetts
**CC Reporting**

**Date:**    December 14, 2022

**To:**    <u>Via email only – anastasia.c.brooks@dhsoha@state.or.us</u>
Anastasia Brooks (Tibbetts)
Oregon Department of Human Services
500 Summer Street, NE, E62
Salem, OR 97301

**From:**    **Steve Lippold, Chief Trial Counsel**

**Re:**    **Request for Individual Defense by the Attorney General**
*Levi, Ethan v. Oregon Department of Human Services, et al.*
United States District Court Case No. 6:22-cv-01813-MK

You have been individually named as a defendant in the above-referenced lawsuit. A copy of the complaint naming you as a defendant is attached. You should carefully review the specific allegations against you that are raised in the complaint.

Under the Oregon Tort Claims Act ("OTCA"), the State of Oregon provides officials, agents and employees with an attorney and pays for the costs of defense when they are acting in the course and scope of their employment, subject to several important limitations. Under the OTCA, you have the opportunity to request that the Attorney General defend you in this lawsuit. <u>Before making that request, you must familiarize yourself with the rights and responsibilities of individual defendants under the OTCA,</u> which are outlined below.

If you choose to request defense from the Attorney General, you must make your request in writing using the form provided at the end of this letter. The form should then be returned to the Attorney General for review using the contact information provided on the form. Because we will have a limited amount of time to appear on your behalf and defend you in this matter, <u>we request that you complete this form within seven (7) days</u> from the date of this letter.

Before requesting that defense from the Attorney General, you must be aware of your rights when you are defended by the Attorney General:

**Individual Defense Under the OTCA:** Your signature on this form is required before the Attorney General can defend you in this matter. The Attorney General is prohibited from appearing on behalf of any officer, employee, or agent without his or her consent in any action, suit, matter, cause or proceeding in any court or before any other federal or state regulatory body. A State officer, employee or agent may, after consultation with the Department of Administrative Services ("DAS"), file a written request for defense with the Attorney General. Your signature on the request for defense form will satisfy the written request requirement. DAS

1162 Court Street NE, Salem, OR 97301-4096
Telephone: (503) 947-4700   Fax: (503) 947-4791   TTY: (800) 735-2900   www.doj.state.or.us

LEVI Ex. Page 1 of 5
DHS_LEVI_048570

EXHIBIT 1
Page 13 of 23

December 14, 2022
*Levi, Ethan v. Oregon Department of Human Services, et al.*

has already been notified of this lawsuit, and you do not need to consult further before requesting defense.

**Consultation with an Independent Attorney:** If you have any questions regarding the information on this form, you may consult with an independent attorney prior to requesting defense. In addition, there are several situations - discussed below - where the State recommends that you consult with an independent attorney. Additionally, the Attorney General cannot provide representation on private matters, including employment rights. If you have an injury or private claim arising from the incident in the lawsuit, then you should consult with an independent attorney. The State will not pay for you to consult with an independent attorney, however. If you are having difficulties contacting an independent attorney to consult with, we recommend that you contact the Oregon State Bar's Lawyer Referral Service at (800) 452-7636.

**Who is Entitled to a Defense:** The OTCA provides for a defense of state officers, employees, and agents who are doing their jobs - even when they make an honest, good-faith mistake. The OTCA requires the State to "defend, save harmless and indemnify any of its officers, employees and agents, whether elective or appointive, against any tort claim or demand, whether groundless or otherwise, arising out of an alleged act or omission occurring in the performance of duty."

**Who is *Not* Entitled to a Defense:** The vast majority of State officers, employees and agents who are sued based on some act or omission related to their employment are defended by the Attorney General. But there are three instances where the Attorney General will not approve a defense:

1. Where the lawsuit does not arise out of the performance of an official duty. (Example: an auto accident driving home from work on your regular commute.)

2. Where there is malfeasance in office or willful or wanton neglect of duty. (Examples: sexual misconduct while at work or misappropriating government funds.)

3. If the individual fails to cooperate fully with the Attorney General and staff in defense of this complaint. (Examples: failure to disclose pertinent information to the Attorney General or refusing to comply with a subpoena for records.)

The circumstances where the Attorney General will reject defense are rare. <u>If you have any questions or concerns about whether you are entitled to a defense, you should consult with an independent attorney.</u>

**Coverage Investigation:** Your request for defense will be reviewed by the Attorney General. The Attorney General will either approve your defense or order a "coverage investigation." The purpose of the coverage investigation is to determine whether you are entitled to a defense by the Attorney General. You may be required to provide documents or submit to an interview as part of a coverage investigation. Do not confuse a coverage investigation with representation by the Attorney General. If you are subject to a coverage investigation, the Attorney General does not represent you at that time, and can use any information learned during that investigation against you. You will be notified of the outcome of the coverage investigation once it is concluded.

LEVI Ex. Page 2 of 5
DHS_LEVI_048571

EXHIBIT 1
Page 14 of 23

December 14, 2022
*Levi, Ethan v. Oregon Department of Human Services, et al.*

**The Impact of Discipline:** State officials or employees are occasionally subject to employment or other investigations as a result of conduct alleged in the complaint. On rare occasions, they have resigned due to conduct that later forms the basis for a lawsuit against them. You are not automatically disqualified from Attorney General representation in these situations. However, you must disclose any discipline (or a resignation) related to the conduct alleged against you on the form below. That discipline may be used to evaluate whether you are entitled to a defense. If you are subject to an employment investigation related to this lawsuit, you should consult with an independent attorney.

**The Impact of a Pending Criminal Investigation:** State officials and employees are occasionally subject to criminal investigations as a result of conduct alleged in the complaint. On rare occasions, they have been subject to criminal charges for such conduct. You are not automatically disqualified from Attorney General representation in these situations. However, the outcome of a criminal investigation, as well as any records used in that investigation, can be used to determine whether you are entitled to defense. If you are subject to a criminal investigation related to this lawsuit, you should consult with an independent attorney.

**Your Duty to Cooperate:** You have a statutory obligation to cooperate fully with the Attorney General in defense of this lawsuit. Failure to cooperate can be a ground for the Attorney General to reject the defense of this claim against you. It is essential that no factual surprises arise during the defense of this case, and we will assume open and full communication regarding the events underlying this lawsuit. If you have any concerns about your ability to cooperate with the Attorney General in the defense of this matter, you should consult with an independent attorney.

**Confidentiality:** The State, its agencies, and its officials, employees and agents acting within the scope of their duties are considered one and the same, and any information you provide in the course of this lawsuit may be used in defense of this case. That same information may be shared with others in State government and used for any lawful purpose. For example, if you admit during the course of the lawsuit that you violated your agency's policies, that information can be provided to your agency and used to take adverse employment action against you. Or, if you admit to criminal conduct, that information can be provided to law enforcement and used to consider potential criminal charges. If you have concerns about disclosing any information to the Attorney General, you should consult with an independent attorney.

**Control of Lawsuit:** If a State official or employee requests defense by the Attorney General, he or she must allow the State to make all final decisions on legal strategy. This includes any final decision on settlement or taking the case to trial. By requesting defense on the form below, you are acknowledging that the State has full authority to make all final decisions on the legal strategy and settlement or trial of the lawsuit.

**Reporting and Professional Licensure:** The State may be required to report the existence of a lawsuit and its resolution to various entities responsible for professional licensure. (For example, the State is required to report when a state-employed physician is sued for medical malpractice, and report when the case settles.) The State may also be required to respond to requests for information from any entities that control professional licensure. There may be instances where

December 14, 2022
*Levi, Ethan v. Oregon Department of Human Services, et al.*

the defense and settlement of a lawsuit could affect a person's professional licensure. If you have concerns as to how the defense and/or settlement of a lawsuit could affect your licensure, you should consult with an independent attorney.

**Payment of Costs for the Lawsuit:** If the Attorney General approves your request for defense, the State will pay all costs associated with the defense of the lawsuit, including attorney fees and any judgments or settlements. You will not be personally liable for these costs.

**You Do Not Have to Request Defense:** You do not have to be represented by the Attorney General. If you wish to hire your own attorney to represent you in this lawsuit, you may do so at your own personal expense. The State does not pay for fees and expenses incurred by private attorneys hired to defend against lawsuits. And if you choose to have your own private attorney represent you, the State will not pay for any settlements or judgments. If you have concerns about whether you should request defense, you should consult with an independent attorney.

**Termination of Representation:** If coverage is approved, you will be represented through the conclusion of the lawsuit. But if facts come to light during the course of the lawsuit that indicate that you were acting outside the course and scope of employment or engaged in malfeasance or wanton neglect of duty, or if you fail to cooperate with the defense, your representation can be terminated. This situation is rare. It would most often arise if an officer or employee has misrepresented or withheld information regarding the incident that caused the lawsuit. If this situation occurs, however, you will have to represent yourself or hire an independent attorney and the State would not pay the costs of the lawsuit.

**Questions Regarding This Form:** If you have questions regarding your rights and responsibilities with respect to this form, you should consult with an independent attorney. You or your independent attorney may also contact Chief Trial Counsel, Steve Lippold, with any questions regarding the process for requesting defense or the lawsuit you were named in. Even though you may contact Chief Trial Counsel with questions, you are not represented by the Attorney General until your request for defense is approved.

Document3/JS/jb5

LEVI Ex. Page 4 of 5
DHS_LEVI_048573

EXHIBIT 1
Page 16 of 23

*Please detach and sign this form and return it to the Attorney General within seven days*

---

### REQUEST FOR DEFENSE

I, Anastasia Brooks (Tibbetts), understand that I have been individually named as a defendant in *Levi, Ethan v. Oregon Department of Human Services, et al.*, United States District Court Case No. 6:22-cv-01813-MK. I have been provided with a copy of the complaint and I have reviewed the allegations against me. I now request that the Attorney General defend me in this action. In making this request, I acknowledge the following:

- I have reviewed the information concerning my rights and responsibilities with respect to defense by the Attorney General.
- I have been given the opportunity to consult with an independent attorney before requesting defense from the Attorney General.
- To the best of my knowledge, the allegations against me in this lawsuit arose out of my performance of an official duty, and were not the result of malfeasance in office or willful or wanton neglect of duty.
- I [____have ____ have NOT] been disciplined or resigned from my agency as a result of the conduct alleged in the lawsuit.
- I will fully cooperate with the Attorney General in the defense of this lawsuit, and I understand that this may require the disclosure of any and all information relevant to the claims against me.
- I am aware that any information I share with the Attorney General can be used in the defense of this lawsuit. It can also be shared with the State agency that I worked for during the time periods relevant to the lawsuit, and used for any lawful purpose.
- I acknowledge that the State has full authority to make all final decisions on the legal strategy and settlement of this lawsuit.

Based on the foregoing, and as indicated by my signature below, I hereby request defense from the Attorney General.

_____*Anastasia Brooks*_____          Date: _12/14/22_____
**Anastasia Brooks (Tibbetts)**

---

### RETURN INFORMATION

Please provide the signed form to your agency contact for delivery to the Attorney General. You may also provide the signed form directly to the Attorney General by emailing it to Jackie Ballard at Jackie.Ballard@doj.state.or.us. If neither option is available to you, you can mail the signed form to the Attorney General, Trial Division, at 1162 Court Street NE, Salem, OR 97301-4096 or fax the form to (503) 947-4791.

---

### AUTHORIZATION FOR INDIVIDUAL DEFENSE BY THE ATTORNEY GENERAL
### (Attorney General Use Only)

Pursuant to ORS 30.285, the Attorney General hereby grants Anastasia Brooks (Tibbetts)'s request for defense in *Levi, Ethan v. Oregon Department of Human Services, et al.*, United States District Court Case No. 6:22-cv-01813-MK. The costs for such defense and any settlement or judgment will be at the expense of the State. This action will be defended by an Assistant Attorney General of our Trial Division.

___s/ Steve Lippold_____          Date: ___1/9/23_____
Steve Lippold
Chief Trial Counsel

1162 Court Street NE, Salem, OR 97301-4096
Telephone: (503) 947-4700   Fax: (503) 947-4791   TTY: (800) 735-2900   www.doj.state.or.us

LEVI Ex. Page 5 of 5
DHS_LEVI_048574

EXHIBIT 1
Page 17 of 23

ELLEN F. ROSENBLUM
Attorney General



LISA M. UDLAND
Deputy Attorney General

**DEPARTMENT OF JUSTICE**
TRIAL DIVISION

**Date:**    December 14, 2022

**To:**    <u>Via email only – erin.lane@dhsoha.state.or.us</u>
Erin Lane
Oregon Department of Human Services
1899 Willamette St.
Eugene, OR 97401

No. _/ / O_
Date _6-26-24_
_Lane_
**CC Reporting**

**From:**    **Steve Lippold, Chief Trial Counsel**

**Re:**    **Request for Individual Defense by the Attorney General**
*Levi, Ethan v. Oregon Department of Human Services, et al.*
United States District Court Case No. 6:22-cv-01813-MK

You have been individually named as a defendant in the above-referenced lawsuit. A copy of the complaint naming you as a defendant is attached. You should carefully review the specific allegations against you that are raised in the complaint.

Under the Oregon Tort Claims Act ("OTCA"), the State of Oregon provides officials, agents and employees with an attorney and pays for the costs of defense when they are acting in the course and scope of their employment, subject to several important limitations. Under the OTCA, you have the opportunity to request that the Attorney General defend you in this lawsuit. <u>Before making that request, you must familiarize yourself with the rights and responsibilities of individual defendants under the OTCA,</u> which are outlined below.

If you choose to request defense from the Attorney General, you must make your request in writing using the form provided at the end of this letter. The form should then be returned to the Attorney General for review using the contact information provided on the form. Because we will have a limited amount of time to appear on your behalf and defend you in this matter, <u>we request that you complete this form within seven (7) days</u> from the date of this letter.

Before requesting that defense from the Attorney General, you must be aware of your rights when you are defended by the Attorney General:

**Individual Defense Under the OTCA:** Your signature on this form is required before the Attorney General can defend you in this matter. The Attorney General is prohibited from appearing on behalf of any officer, employee, or agent without his or her consent in any action, suit, matter, cause or proceeding in any court or before any other federal or state regulatory body. A State officer, employee or agent may, after consultation with the Department of Administrative Services ("DAS"), file a written request for defense with the Attorney General. Your signature on the request for defense form will satisfy the written request requirement. DAS

1162 Court Street NE, Salem, OR 97301-4096
Telephone: (503) 947-4700   Fax: (503) 947-4791   TTY: (800) 735-2900   www.doj.state.or.us

December 14, 2022
*Levi, Ethan v. Oregon Department of Human Services, et al.*

has already been notified of this lawsuit, and you do not need to consult further before requesting defense.

**Consultation with an Independent Attorney:** If you have any questions regarding the information on this form, you may consult with an independent attorney prior to requesting defense. In addition, there are several situations - discussed below - where the State recommends that you consult with an independent attorney. Additionally, the Attorney General cannot provide representation on private matters, including employment rights. If you have an injury or private claim arising from the incident in the lawsuit, then you should consult with an independent attorney. The State will not pay for you to consult with an independent attorney, however. If you are having difficulties contacting an independent attorney to consult with, we recommend that you contact the Oregon State Bar's Lawyer Referral Service at (800) 452-7636.

**Who is Entitled to a Defense:** The OTCA provides for a defense of state officers, employees, and agents who are doing their jobs - even when they make an honest, good-faith mistake. The OTCA requires the State to "defend, save harmless and indemnify any of its officers, employees and agents, whether elective or appointive, against any tort claim or demand, whether groundless or otherwise, arising out of an alleged act or omission occurring in the performance of duty."

**Who is *Not* Entitled to a Defense:** The vast majority of State officers, employees and agents who are sued based on some act or omission related to their employment are defended by the Attorney General. But there are three instances where the Attorney General will not approve a defense:

1. Where the lawsuit does not arise out of the performance of an official duty. (Example: an auto accident driving home from work on your regular commute.)

2. Where there is malfeasance in office or willful or wanton neglect of duty. (Examples: sexual misconduct while at work or misappropriating government funds.)

3. If the individual fails to cooperate fully with the Attorney General and staff in defense of this complaint. (Examples: failure to disclose pertinent information to the Attorney General or refusing to comply with a subpoena for records.)

The circumstances where the Attorney General will reject defense are rare. <u>If you have any questions or concerns about whether you are entitled to a defense, you should consult with an independent attorney.</u>

**Coverage Investigation:** Your request for defense will be reviewed by the Attorney General. The Attorney General will either approve your defense or order a "coverage investigation." The purpose of the coverage investigation is to determine whether you are entitled to a defense by the Attorney General. You may be required to provide documents or submit to an interview as part of a coverage investigation. Do not confuse a coverage investigation with representation by the Attorney General. If you are subject to a coverage investigation, the Attorney General does not represent you at that time, and can use any information learned during that investigation against you. You will be notified of the outcome of the coverage investigation once it is concluded.

December 14, 2022
*Levi, Ethan v. Oregon Department of Human Services, et al.*

**The Impact of Discipline:** State officials or employees are occasionally subject to employment or other investigations as a result of conduct alleged in the complaint. On rare occasions, they have resigned due to conduct that later forms the basis for a lawsuit against them. You are not automatically disqualified from Attorney General representation in these situations. However, you must disclose any discipline (or a resignation) related to the conduct alleged against you on the form below. That discipline may be used to evaluate whether you are entitled to a defense. If you are subject to an employment investigation related to this lawsuit, you should consult with an independent attorney.

**The Impact of a Pending Criminal Investigation:** State officials and employees are occasionally subject to criminal investigations as a result of conduct alleged in the complaint. On rare occasions, they have been subject to criminal charges for such conduct. You are not automatically disqualified from Attorney General representation in these situations. However, the outcome of a criminal investigation, as well as any records used in that investigation, can be used to determine whether you are entitled to defense. If you are subject to a criminal investigation related to this lawsuit, you should consult with an independent attorney.

**Your Duty to Cooperate:** You have a statutory obligation to cooperate fully with the Attorney General in defense of this lawsuit. Failure to cooperate can be a ground for the Attorney General to reject the defense of this claim against you. It is essential that no factual surprises arise during the defense of this case, and we will assume open and full communication regarding the events underlying this lawsuit. If you have any concerns about your ability to cooperate with the Attorney General in the defense of this matter, you should consult with an independent attorney.

**Confidentiality:** The State, its agencies, and its officials, employees and agents acting within the scope of their duties are considered one and the same, and any information you provide in the course of this lawsuit may be used in defense of this case. That same information may be shared with others in State government and used for any lawful purpose. For example, if you admit during the course of the lawsuit that you violated your agency's policies, that information can be provided to your agency and used to take adverse employment action against you. Or, if you admit to criminal conduct, that information can be provided to law enforcement and used to consider potential criminal charges. If you have concerns about disclosing any information to the Attorney General, you should consult with an independent attorney.

**Control of Lawsuit:** If a State official or employee requests defense by the Attorney General, he or she must allow the State to make all final decisions on legal strategy. This includes any final decision on settlement or taking the case to trial. By requesting defense on the form below, you are acknowledging that the State has full authority to make all final decisions on the legal strategy and settlement or trial of the lawsuit.

**Reporting and Professional Licensure:** The State may be required to report the existence of a lawsuit and its resolution to various entities responsible for professional licensure. (For example, the State is required to report when a state-employed physician is sued for medical malpractice, and report when the case settles.) The State may also be required to respond to requests for information from any entities that control professional licensure. There may be instances where

December 14, 2022
*Levi, Ethan v. Oregon Department of Human Services, et al.*

the defense and settlement of a lawsuit could affect a person's professional licensure. If you have concerns as to how the defense and/or settlement of a lawsuit could affect your licensure, you should consult with an independent attorney.

**Payment of Costs for the Lawsuit:** If the Attorney General approves your request for defense, the State will pay all costs associated with the defense of the lawsuit, including attorney fees and any judgments or settlements. You will not be personally liable for these costs.

**You Do Not Have to Request Defense:** You do not have to be represented by the Attorney General. If you wish to hire your own attorney to represent you in this lawsuit, you may do so at your own personal expense. The State does not pay for fees and expenses incurred by private attorneys hired to defend against lawsuits. And if you choose to have your own private attorney represent you, the State will not pay for any settlements or judgments. If you have concerns about whether you should request defense, you should consult with an independent attorney.

**Termination of Representation:** If coverage is approved, you will be represented through the conclusion of the lawsuit. But if facts come to light during the course of the lawsuit that indicate that you were acting outside the course and scope of employment or engaged in malfeasance or wanton neglect of duty, or if you fail to cooperate with the defense, your representation can be terminated. This situation is rare. It would most often arise if an officer or employee has misrepresented or withheld information regarding the incident that caused the lawsuit. If this situation occurs, however, you will have to represent yourself or hire an independent attorney and the State would not pay the costs of the lawsuit.

**Questions Regarding This Form:** If you have questions regarding your rights and responsibilities with respect to this form, you should consult with an independent attorney. You or your independent attorney may also contact Chief Trial Counsel, Steve Lippold, with any questions regarding the process for requesting defense or the lawsuit you were named in. Even though you may contact Chief Trial Counsel with questions, you are not represented by the Attorney General until your request for defense is approved.

Document3/JS/jb5

LEVI Ex. Page 4 of 6
DHS_LEVI_048585

EXHIBIT 1
Page 21 of 23

*Please detach and sign this form and return it to the Attorney General within seven days*

## REQUEST FOR DEFENSE

I, Erin Lane, understand that I have been individually named as a defendant in *Levi, Ethan v. Oregon Department of Human Services, et al.,* United States District Court Case No. 6:22-cv-01813-MK. I have been provided with a copy of the complaint and I have reviewed the allegations against me. I now request that the Attorney General defend me in this action. In making this request, I acknowledge the following:

- I have reviewed the information concerning my rights and responsibilities with respect to defense by the Attorney General.
- I have been given the opportunity to consult with an independent attorney before requesting defense from the Attorney General.
- To the best of my knowledge, the allegations against me in this lawsuit arose out of my performance of an official duty, and were not the result of malfeasance in office or willful or wanton neglect of duty.
- I [___have __X__ have NOT] been disciplined or resigned from my agency as a result of the conduct alleged in the lawsuit.
- I will fully cooperate with the Attorney General in the defense of this lawsuit, and I understand that this may require the disclosure of any and all information relevant to the claims against me.
- I am aware that any information I share with the Attorney General can be used in the defense of this lawsuit. It can also be shared with the State agency that I worked for during the time periods relevant to the lawsuit, and used for any lawful purpose.
- I acknowledge that the State has full authority to make all final decisions on the legal strategy and settlement of this lawsuit.

Based on the foregoing, and as indicated by my signature below, I hereby request defense from the Attorney General.

*Erin Lane*                                    Date: __12/15/22__

**Erin Lane**

## RETURN INFORMATION

Please provide the signed form to your agency contact for delivery to the Attorney General. You may also provide the signed form directly to the Attorney General by emailing it to Jackie Ballard at Jackie.Ballard@doj.state.or.us. If neither option is available to you, you can mail the signed form to the Attorney General, Trial Division, at 1162 Court Street NE, Salem, OR 97301-4096 or fax the form to (503) 947-4791.

## AUTHORIZATION FOR INDIVIDUAL DEFENSE BY THE ATTORNEY GENERAL
### (Attorney General Use Only)

Pursuant to ORS 30.285, the Attorney General hereby grants Erin Lane's request for defense in *Levi, Ethan v. Oregon Department of Human Services, et al.,* United States District Court Case No. 6:22-cv-01813-MK. The costs for such defense and any settlement or judgment will be at the expense of the State. This action will be defended by an Assistant Attorney General of our Trial Division.

s/  Steve Lippold                           Date: ___1/9/23___

Steve Lippold
Chief Trial Counsel

1162 Court Street NE, Salem, OR 97301-4096
Telephone: (503) 947-4700   Fax: (503) 947-4791   TTY: (800) 735-2900   www.doj.state.or.us

**Ballard Jackie**

| | |
|---|---|
| **From:** | Lippold Steve M |
| **Sent:** | Monday, January 9, 2023 12:00 PM |
| **To:** | Ballard Jackie |
| **Subject:** | RE: Levi v. ODHS / L168422-01 |

Approved.

Steve Lippold
Chief Trial Counsel | Trial Division
Oregon Department of Justice
503.947.4383

**From:** Ballard Jackie <jackie.ballard@doj.state.or.us>
**Sent:** Monday, January 9, 2023 11:32 AM
**To:** Lippold Steve M <steve.lippold@doj.state.or.us>
**Subject:** Levi v. ODHS / L168422-01

Steve,

Attached please find signed RFDs with Jill's approval, let me know if I can apply your signature.

Thank you,

Jackie Ballard
Legal Secretary to Marc Abrams and Jill Schneider
Civil Litigation Section | Trial Division
Oregon Department of Justice
100 SW Market Street, Portland, OR 97201
971.673.1880

1

LEVI Ex. Page 6 of 6
DHS_LEVI_048587

EXHIBIT 1
Page 23 of 23