Mr. Steven Rizzo, OSB # 840853
Ms. Mary D. Skjelset, OSB # 075840
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Ste. 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630
srizzo@rizzopc.com
mskjelest@rizzopc.com

Ms. Caitlin V. Mitchell, OSB #123964
Johnson Johnson Lucas & Middleton PC
975 Oak Street, Ste. 1050
Eugene, OR 97401
Tel: (541) 484-2434
Fax: (541) 484-0882
cmitchell@justicelawyers.com

ATTORNEYS FOR PLAINTIFF LEVI

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>             Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al.,<br><br>             Defendants. | CASE NO. 6:22-cv-01813-MK<br><br>*Lead Case*<br><br>**LEVI'S MOTION TO EXCLUDE DEFENDANTS' REBUTTAL EXPERT KELLIE FIGOTEN AND ALTERNATIVE MOTION TO STRIKE CERTAIN TESTIMONY** |
| OREGON DEPARTMENT OF HUMAN SERVICES, et al.,<br><br>             Third-Party Plaintiffs,<br><br>     v.<br><br>JOE ALBERT RAYGOSA,<br><br>             Third-Party Defendant. | *Oral argument requested* |
| SHANNON CONLEY, Conservator for Z.C., a minor,<br><br>             Plaintiff, | |

1 – LEVI'S MOTION TO EXCLUDE FIGOTEN

vs.

KIM CHAPMAN et al.,

          Defendants.

CASE NO. 6:23-cv-01353-MK

*Trailing Case*

## INTRODUCTION

Kellie Figoten was disclosed as the defendant' lone "rebuttal" expert on October 29, 2024. Ms. Figoten's written report does not genuinely rebut the plaintiffs' expert disclosures. At deposition the defendants elicited opinions from Figoten regarding Fresno County's apparent negligence in failing to found Duncan-Raygosa for their role in the death of foster child N.S. The defendants did not allege Fresno County's apparent negligence and Figoten's opinions were not disclosed in her written report.

Plaintiff Levi therefore requests the Court to exclude Ms. Figoten from testifying in this action. In the alternative, Plaintiff Levi moves to strike her opinions regarding Fresno County's activities, and to complete Figoten's deposition on her handwritten notes that were not made available until after the deposition. Plaintiff Levi's motion is supported by Fed. R. Civ. P. 26 and 37, the accompanying Declaration of Counsel, the correspondence, pleadings and papers on file and the following points and authorities.

## LR 7-1

The parties have conferred by phone and were unable to reach agreement.

## RELEVANT BACKGROUND

### *The defendants did not allege fault of Fresno County*

The defendants' January 30, 2023 Answer in *Levi* alleged a Fourth Affirmative Defense entitled "Fault of Others," which alleges that "Plaintiff's losses are the fault of others, not including the [defendants.]." (ECF 19 at 8). Plaintiff Levi's First Set of Interrogatories asked in pertinent part: ". . . please identify the 'others, not including the [defendants]' and explain how each was allegedly at 'fault.'" On June 13, 2023, the defendants answered: "Joe Raygosa caused the injures to plaintiff by physically and sexually molesting her." (Decl., Ex. 1 at 5). The defendants did not

2 – LEVI'S MOTION TO EXCLUDE FIGOTEN

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

identify any other party or entity they believed at fault, and they never supplemented their interrogatory response. (Decl.).

On October 9, 2024, parties exchanged expert reports, as ordered. On October 14, the defendants "specifically request[ed]" the plaintiffs to produce *inter alia* "any notes" taken by the plaintiffs' Rule 26 expert witnesses. (Decl., Ex. 2). In response, the plaintiffs produced "responsive and discoverable notes" on October 16 and observed that the defendants had not produced notes in connection with their expert disclosures; plaintiffs inquired as to whether defendants "intend[ed] to supplement [their] expert materials." (Decl., Ex. 3). The plaintiffs produced notes taken by their respective experts timely in advance of depositions, and presumed the defendants either had or that they would reciprocate. (Decl. ¶ 7).

### *The Kellie Figoten "rebuttal" expert report made no mention of Fresno County*

The defendants disclosed the "Kellie Figoten, MSW, Expert Rebuttal Report" on October 29, 2024. (Decl., Ex. 4). Ms. Figoten is employed as a Children Service Administrator with the Los Angeles County Department of Children and Family Services ("DCFS") in the state of California, but she is testifying as a member of Consulting 21.

Under the "Assignment" sub-header, the report states in pertinent part:

I was asked by counsel for the defendants . . . to respond to aspects of Dr. Lingenfelter's and Dr. Butts' reports. In doing so, I evaluated:

1. Whether the forms at DHS_LEVI_048694, DHS_LEVI_048695, and DHS_LEV1_048696 are the forms that California provides "to out-of-state foster and adoption agencies for purposes of approving a prospective foster or adoptive parent."

2. Whether there are no other forms that the State of California provides to "to out-of state foster and adoption agencies for purposes of approving a prospective foster or adoptive parent."

3. Whether submission of the forms at DHS_LEVI_048694, DHS_LEVI_048695, or DHS_LEV1_048696 would reveal the information contained in PLFFCS0000001-PLFFCS0000129 or PLFFCCW000001-PLFFCCW000423? Why or why not?

4. What does it mean when allegations of child abuse and/or neglect are determined to be unfounded in California?

3 – LEVI'S MOTION TO EXCLUDE FIGOTEN


RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

(*Id*. at 5) (quotation marks in the original). Nothing pertains to Fresno County.

To supply context regarding information in the above paragraphs:

- Dr. Carly Lingenfelter, PhD., prepared a Rule 26 expert witness report in *Levi* dealing with Institutional Betrayal Trauma. Ms. Jan Butts, LCSW, prepared a Rule 26 expert witness report in *Levi* and *Conley* dealing with the defendants' S.A.F.E.[1] Home Study practices in connection with the certification of the Duncan-Raygosa foster home and the Spicer-McCool foster home.[2] (Decl. ¶ 9);

- The California Department of Justice ("CDOJ") Bureau of Criminal Information & Analysis, maintains the Child Abuse Central Index ("CACI").[3] The state of California created CACI in 1965 "as a tool for state and local agencies to help protect the health and safety of California's children."[4] Investigated reports of child abuse forwarded to the CACI "contain information related to substantiated cases of physical abuse, sexual abuse, mental/emotional abuse, and/or severe neglect of a child." *Id*. n. 2;

- DHS_LEVI_048694 is a copy of a State of California form entitled "[CACI"] Inquiry Request For Out-Of-State Foster Care & Adoption Agencies." DHS signed this form on May 25, 2016, and submitted it to CDOJ to obtain information on CACI regarding Nicole Marie Duncan. (Decl., Ex. 5 at 4). On the form, DHS indicated Duncan's full name, date of birth, sex, and social security number, but omitted reference to her previous California addresses. CDOJ initialed and signed the form June 10, 2016, which notes: "No record found regarding the data provided in your [DHS's] inquiry request." (*Id*. at 5). Relatedly, DHS_LEVI_048695 is the same form regarding Joseph Eric Raygosa, the adult son, and DHS_LEV1_048696 is the same form regarding Joe Albert Raygosa. Both forms do not

---

[1] Structured Analysis Family Evaluation

[2] Contrary to the Consulting 21 report, Butts is not a "Dr."

[3] *See* https://oag.ca.gov/childabuse/outofstatefosteradoption

[4] *See* https://oag.ca.gov/childabuse

4 – LEVI'S MOTION TO EXCLUDE FIGOTEN


RIZZO | BOSWORTH | ERAUT pc
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

reference their previous California residence. CDOJ's response was same for both men: "No record found regarding the data provided in your inquiry request." (*Id*. at 6).

- PLFFCS0000001-PLFFCS0000129 are Fresno County Sheriff's Office ("FCSO) records subpoenaed by plaintiff Levi that evince Duncan-Raygosa's role in the questionable death of foster child N.S. PLFFCCW000001-PLFFCCW000423 are records subpoenaed by plaintiff Levi from the Fresno County Child Welfare Office ("FCCW") that pertain to the county's child abuse assessment regarding the death of N.S.[5]

Under the *Materials Considered* section of her report, Figoten lists the above documents, including Fresno County Court records, the CACI website, and "Division 31 Regulations." (Decl., Ex. 4 at 6).

Under the *Methodology* section of the report, Figoten indicates:

*To provide accurate responses to the questions posed to me, I considered the following*:

1. State of California Health and Human Services Agency Department of Social Services Manual of Policies and Procedures Division 31 Regulations
2. California Welfare & Institutions Codes
3. Child Welfare System Case Management System (CWS/CMS) requirements
4. My training and experience in the field of public child welfare.

(*Id*.) (emphasis added).

In the *Conclusion* section, Figoten answers the questions posed by the defendants. For example, in answering question 1, Figoten states (in summary) that the State of California BCIA 4057 form "is the form provided to out-of-state foster and adoption agencies for purposes of approving a prospective foster or adoptive parent." (*Id*. at 7). As to question 2, Figoten "know[s] there are no other forms that the State of California provides" to such agencies. (*Id*.). As to question

---

[5] Plaintiff Levi produced these documents to the defendants on December 13, 2023 and August 25, 2023, respectively. (Decl. ¶ 11). The defendants thereafter took no discovery from Fresno County.

5 – LEVI'S MOTION TO EXCLUDE FIGOTEN

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

3, BCIA 4057 "would not reveal the documents from Fresno County that I reviewed in this matter" and "I know the request would not yield the above-mentioned documents because they are maintained in the CWS/CMS." (*Id*.). Figoten opines further that "the request" made to CACI "would not yield discovery of the above-mentioned because only reports of substantiated allegations of physical abuse, sexual abuse, emotional abuse, and/or severe neglect are forwarded by a California county child protection agency to [CACI]." (*Id*. at 7-8). In response to question 4, Figoten describes an "unfounded report" by referencing California Penal Code Section 11165.6 (*Id*. at 8). Nothing in the written report addresses Fresno County's apparent negligence or fault.

### *November 20, 2024 Deposition of Kellie Figoten*

Plaintiffs in *Levi* and *Conley* deposed Figoten in person at the Markowitz law office in Portland, Oregon, on November 20, 2024.

#### *Plaintiffs' inquiry based on the written report*

The plaintiffs questioned Figoten about her opinions on the state of California forms. Figoten has never certified a foster home and she was unfamiliar with S.A.F.E. She did not rely on the Butts' report in forming her opinions about the forms. (Decl., Ex. 6 at 2-4). Figoten believed incorrectly that the Lingenfelter report was "about data," and did not rely on that report either.

Figoten took notes during her review and consideration of the materials provided by the Markowitz firm. But she did not bring her notes with her to Oregon. (*Id*. at 5-6). In consequence of this lapse, the plaintiffs held the deposition open. (*Id*. at 7-8).

Figoten did not write the "Expert Rebuttal Report" language on the report. When asked what she thought she was "rebutting," Figoten stated "[b]ased on the documents that I read, rebutting the four questions that I was asked to reflect on." (*Id*. at 16). Figoten speculated that perhaps "[i]t seems that there are questions as to whether there are other forms available to obtain that information." The defendants objected: "I'm just going to interject a belated objection on the basis of to the extent it calls for a legal conclusion." (*Id*. at 17).

 Given her subject matter expertise, the plaintiffs asked Figoten what she did as a CPS

6 – LEVI'S MOTION TO EXCLUDE FIGOTEN

worker to request and/or gather collateral information when investigating foster parents. (*Id*. at 9-10). There were *outside the scope* objections. (*Id*. at 11). When asked whether she could simply request a foster parent to sign a release for records, defendants objected, and Figoten remarked, "Anybody can ask for anything," (*Id*.). In response to questions about "whether and how" she went about "seeking additional information" from foster parents the defendants objected: "I'm just going to object as being *outside the scope* of the witness's testimony in this case," and Figoten remarked "It could be so broad." (*Id*. at 12-13). Figoten ultimately agreed that she could request police reports, including police call records relating to prior addresses in California. (*Id*. at 14-15).

When asked about other ways out-of-state child welfare organizations can obtain extant information in California on persons like Duncan-Raygosa, the defendants objected, and Figoten stated [t]here could be many ways." (*Id*. at 18). When asked how she would gather information about a foster parent's prior child welfare history, the defendants objected that Figoten "has been *offered as an expert on the narrow topics that are identified in her report* . . . all the questions that you're asking now are *outside of the scope of the topics for what she has been identified*." But the plaintiffs noted that she was provided with the Fresno County materials and that she relied on her subject matter expertise. (*Id*. at 19-21) (emphasis added). When Figoten was aware of foster parent's prior child welfare history she would speak with the then-assigned caseworker to discover whether there were any concerns that were not documented, which agency certified the foster provider, or whether the state of California certified the provider. (*Id*. at 22-23).

### *Defendants' cross exam*

The defendants questioned Figoten. Notwithstanding her earlier testimony that she did not rely on the Lingenfelter and Butts reports, Figoten stated that she was rebutting "information in Dr. Butts' reports [that] assumed that Oregon should have information about the fatality that occurred in Fresno." (*Id*. at 24).

The defendants then elicited Figoten's opinion "that "Fresno County should have investigated child abuse and/or severe neglect allegations of the child [N.S.] in care of Raygosa

7 – LEVI'S MOTION TO EXCLUDE FIGOTEN

and Duncan." (*Id*. at 25). When asked whether it was "an error or mistake of Fresno County's part not to conduct that investigation," Figoten replied "error, mistake, missed opportunity. It should have been done." (*Id*.). Figoten recounted some of N.S.'s severe physical injuries and opined (over the plaintiffs' objection) that "all of those should have resulted in a child abuse investigation." (*Id*. at 25-26). Figoten opined that had Fresno County "taken the proper steps that they should have taken . . . in my expert opinion there would have been a substantiated at least of severe neglect," that "should" appear on CACI. (*Id*. at 26-28).

### *Plaintiffs' redirect*

Figoten admitted that her opinions regarding Fresno County's manner and method of investigation were not stated in her report. (*Id*. at 29). The defendants offered – as though it were curative – that the plaintiffs could ask "any questions about the information that she just provided and the opinion that she has just articulated on the record." (*Id*. at 29-30). The plaintiffs noted on the record that they would likely move to strike.

### **Figoten's handwritten notes**

The defendants produced Figoten's handwritten notes after the deposition. The notes reveal that Figoten's critique of Fresno County's handling, which would have been apparent had the notes been available timely. (Decl. ¶ 13).

## STANDARDS

A testifying expert's "report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P 26(a)(2)(B). Rule 26(a)(2)(D) provides that a party "must make these disclosures at the times and in the sequence that the court orders." *Id.* A "party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory . . . must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Rule 26(e)(1). Also:

8 – LEVI'S MOTION TO EXCLUDE FIGOTEN

> For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

Rule 26(e)(2).

Under Rule 37(c): "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Id*. The burden falls on the party facing exclusion to demonstrate that their failure to disclose was either substantially justified or harmless. *Holen v. Jozic*, 2018 U.S. Dist. LEXIS 188479, 2018 WL 5761775, at *2 (W.D. Wash. Nov. 2, 2018). "District courts are given 'particularly wide latitude' in determining whether to issue sanctions, including the exclusion of evidence, under Rule 37(c)(1)." *Id.* (quoting *Bess v. Cate*, 422 F. App'x 569, 571 (9th Cir. 2011)).

### ARGUMENT

The defendants' failure to disclose Figoten's opinions in the written report that the Fresno County Sheriff's Office (FCSO) and/or the Fresno County Child Welfare (FCCW) erred or were negligent in failing to found Duncan-Raygosa for child abuse or severe neglect regarding their role in the death of N.S. is not substantially justified.

The defendants' alleged that Raygosa was the "sole cause" of J.C.'s injuries and damage. Plaintiff Levi produced the FCSO materials and FCCW materials in August and December 2023. The defendants have had years to allege that FCSO's or FCCW's fault caused or contributed to defendants' damage. Also, the defendants made no effort to amend the "Fault of Others" defense and they failed to identify FCSO and FCCW in response to plaintiff Levi's interrogatories. Nor did they supplement their response during discovery. Prior to the disclosure of Figoten's expert report on October 29, 2024, the plaintiffs were unaware that the defendants planned to argue that FCSO and FCCW were responsible for the defendants' deliberate failure to obtain collateral information as required by S.A.F.E.

9 – LEVI'S MOTION TO EXCLUDE FIGOTEN

Discovery is closed. The plaintiffs therefore have no opportunity to inquire whether the particulars of FSCO's investigation and/or FCCW's assessment regarding Duncan-Raygosa's role in the death of N.S. accorded with applicable standards of care in California. The defendants are well-provisioned and this action has been expensive for the plaintiffs to litigate. The defendants have already filed motions for summary judgment and they continue to file other motions, including more motions to reconsider.

At this late stage in the case, the plaintiffs are not in a position to litigate or rebut Figoten's sudden opinions and conclusions regarding Fresno County. For example, the plaintiffs are not prepared on or versed in California's investigative practices or social work practices. They have not deposed the knowledgeable Fresno County detectives or the knowledgeable Fresno County case workers. By waiting until Figoten's November 20, 2024 deposition to elicit her opinions and conclusions, the defendants are now in position to use the testimony in reply to the plaintiffs' responses to the dispositive motions and/or to argue at trial that but for FCSO's errors and FCCW's errors the CACI "should" have reflected a substantiated abuse or neglect report.

The defendants' gesture at deposition to "allow" the plaintiffs to challenge Figoten's sudden opinions and conclusions – which were kept out of her written report – was merely self-serving, not curative. To examine Figoten's sudden expert opinion would merely reward the defendants for use of delay tactics.

Figoten's notes, as seen, reveal that Figoten had planned to critique Fresno County's activities. As such, it would be incongruous for the defendants to assert *post hoc* that the plaintiffs' inquiry "opened the door" to elicit Figoten's undisclosed opinions. The plaintiffs now need to complete Figoten's deposition – not on the sudden opinions – but on her notations regarding extant concerns in the Fresno County materials that were at all times available to the defendants.

## CONCLUSION

In sum, the defendants have seriously prejudiced the plaintiffs. Under Rule 37, the Court should exclude Figoten as the defendants' so-called "rebuttal" expert. In the alternative, the Court

10 – LEVI'S MOTION TO EXCLUDE FIGOTEN

should disallow Figoten's opinions and conclusions regarding FCSO's and FCCW's apparent negligence, fault, errors, etc. The plaintiffs also seek an opportunity to complete Figoten's deposition on her handwritten notes – which were not produced until after the deposition – at the defendants' expense.

Dated: December 4, 2024.

RIZZO BOSWORTH ERAUT PC


By: s/      *Steven Rizzo*
 Steven Rizzo OSB No. 840853
 Mary D. Skjelset OSB No. 075840
 Rizzo Bosworth Eraut PC
 1300 SW Sixth Avenue, Suite 330
 Portland, OR 97201
 Tel: (503) 229-1819
 Fax: (503) 229-0630


 Caitlin V. Mitchell, OSB #123964
 Johnson Johnson Lucas & Middleton PC
 975 Oak Street, Ste. 1050
 Eugene, OR 97401
 Tel: (541) 484-2434
 Fax: (541) 484-0882
 cmitchell@justicelawyers.com


ATTORNEYS FOR PLAINTIFF LEVI

11 – LEVI'S MOTION TO EXCLUDE FIGOTEN

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>      Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al.,<br><br>      Defendants. | CASE NO. 6:22-cv-01813-MK<br><br>*Lead Case*<br><br>**CERTIFICATE OF SERVICE** |
| OREGON DEPARTMENT OF HUMAN SERVICES, et al.,<br><br>      Third-Party Plaintiffs,<br><br>      v.<br><br>JOE ALBERT RAYGOSA,<br><br>      Third-Party Defendant. | |
| SHANNON CONLEY, Conservator for Z.C., a minor,<br><br>      Plaintiff,<br><br>vs.<br><br>KIM CHAPMAN et al.,<br><br>      Defendants. | CASE NO. 6:23-cv-01353-MK<br><br>*Trailing Case* |

I am employed by the law firm of Rizzo Bosworth Eraut PC in Portland, Oregon. I am over the age of eighteen years and not a party to the subject cause. My business address is 1300 SW Sixth Avenue, Suite 330, Portland, OR 97201.

On the date below, I caused to be served on all parties in this action by transmitting a true copy thereof**: Levi's Motion to Exclude Defendants' Rebuttal Expert Kellie Figoten and Alternative Motion to Strike Certain Testimony**

1 – Certificate of Service

**VIA ECF & EMAIL**

| | |
|---|---|
| Jill Schneider<br>Nicholas S. Mancuso<br>Oregon Department of Justice<br>100 SW Market Street<br>Portland, OR 97201<br>Ph. 971-673-1880<br>Fax: 971-673-5000<br>Email: jill.schneider@doj.state.or.us<br>Email: nicholas.mancuso@doj.state.or.us<br>*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services*<br><br>Nicole A.W. Abercrombie<br>Jon W. Monson<br>Cable Huston LLP<br>1455 SW Broadway, Suite 1500<br>Portland, OR 97201<br>Ph. 503-224-3092<br>Fax: 503-224-3176<br>Email: jmonson@cablehuston.com<br>Email: nabercrombie@cablehuston.com<br>*Of Attorneys for Defendant O'Brien* | Lauren Blaesing<br>Harry B. Wilson<br>Alexandra Rhee<br>Chad Naso<br>Jeffrey Edelson<br>Anit Jindal<br>Markowitz Herbold PC<br>1455 SW Broadway<br>Ste. 1990<br>Portland, OR. 97201<br>Ph: 503-295-3085<br>Email: laurenblaesing@markowitzherbold.com<br>Email: harrywilson@markowitzherbold.com<br>Email: alexrhee@markowitzherbold.com<br>Email: chadnaso@markowitzherbold.com<br>Email: jeffedelson@markowitzherbold.com<br>Email: anitjindal@markowitzherbold.com<br>*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services* |

Dated this 4th day of December, 2024.

 s/Shelley Maddox
Shelley Maddox, Paralegal

2 – Certificate of Service