**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Alexandra L. Rhee, OSB #230770**
AlexRhee@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085
*Special Assistant Attorneys General for State Defendants*
*and Third-Party Plaintiff*
*Additional Counsel of Record Listed on Signature Page*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI, | Case No. 6:22-cv-01813-MK |
| Plaintiff, | **STATE DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND THIRD-PARTY COMPLAINT** |
| v. | |
| KIM CHAPMAN, in her individual capacity; ANASTASIA TIBBETTS, in her individual capacity; KASSIDY O'BRIEN, in her individual capacity; ERIN LANE, in her individual capacity; THE OREGON DEPARTMENT OF HUMAN SERVICES, a government agency; and JANE and JOHN DOES 1-5; in their individual and/or official capacities, | **Not Subject to Mandatory Arbitration** |
| Defendants. | |
| OREGON DEPARTMENT OF HUMAN SERVICES, | |
| Third-Party Plaintiff, | |
| v. | |
| JOE ALBERT RAYGOSA, | |
| Third-Party Defendant. | |

**Page 1 –    STATE DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND THIRD-PARTY COMPLAINT**

Defendants Kim Chapman, Anastasia Brooks, [1] Kassidy O'Brien, Erin Lane ("the Individual Defendants"), and Oregon Department of Human Services ("ODHS") (collectively, "the State Defendants") by and through the undersigned, in response to plaintiff's First Amended Complaint, admit, deny, and allege as follows:

## ANSWER

## PARTIES

1.      The State Defendants admit the allegations in paragraph 1.

2.      In response to paragraph 2, the State Defendants deny that Chapman placed J.C. and Z.C. in the Duncan-Raygosa home.  The State Defendants admit the remainder of paragraph 2.

3.      The State Defendants admit the allegations in paragraphs 3 through 6.

4.      The State Defendants deny paragraphs 7 and 8.

5.      The State Defendants lack sufficient information to admit or deny the allegations contained in paragraph 9.

## JURISDICTION

6.      In response to paragraph 10, the State Defendants admit that as of the date of the filing of this Answer, the Court has subject-matter jurisdiction.

## FACTUAL ALLEGATIONS

7.      In response to paragraph 11, the State Defendants admit that the goal of ODHS's Child Welfare Division is to provide help early, reduce stress and trauma, and keep more children at home and in their communities.  The State of Oregon as a whole is not a party to this lawsuit.  The State Defendants lacks knowledge or information sufficient to form a belief about

---

[1] Anastasia Brooks is named in the complaint by her former name, Anatasia Tibbetts.

**Page 2 –     STATE DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND THIRD-PARTY COMPLAINT**

the truth of the allegations insofar as they pertain to the entirety of the State of Oregon outside of the named defendants.

8.    In response to paragraph 12, the State Defendants admit that ODHS's powers with respect to the removal of children from homes are set forth in statutes.  Those statutes speak for themselves.  The State Defendants deny the remainder of paragraph 12.

9.    The State Defendants admit the allegations in paragraph 13 that the act of removal can be traumatic and that children who are placed in substitute care can be vulnerable to abuse. The State Defendants further admit that J.C. was in the care and custody of ODHS and that ODHS was required to provide for her safety and well-being as provided by statutes and the law. The State Defendants deny the remainder of paragraph 13.

10.    The State Defendants admit the allegations contained in paragraphs 14 through 18.

11.    In response to the allegations in paragraph 19, to the extent ODHS has been involved in prior litigation, those matters are reflected in court records which are written documents that speak for themselves.  ODHS otherwise denies the allegations of paragraph 19 that are inconsistent with those written records.  Additionally, paragraph 19 consists of allegations that would be inadmissible as "pattern and practice evidence" and therefore the State Defendants decline to plead further.

12.    In response to paragraphs 20 and 21, the State Defendants admit that ODHS has been audited, and has responded to the audits, as required.  The reports referred to in paragraph 20 speak for themselves.  The State Defendants deny the remainder of paragraphs 20 and 21.

13.     In response to paragraphs 22 and 23, the State Defendants admit that they adopted and operated under the SAFE methodology for a specific time period.  The State Defendants deny the remainder of paragraphs 22 and 23.

14.     In response to paragraph 24, the State Defendants deny that they recruited Duncan and Raygosa to serve as resource parents.  The State Defendants admit that Duncan and Raygosa submitted an application in April 2016 to serve as resource parents.  The State Defendants admit that they conducted a SAFE Study.

15.     In response to paragraphs 25 and 26, the State Defendants admit that the SAFE study and related assessments provide an account of Duncan and Raygosa's personal histories and upbringing.  Those documents speak for themselves.  The State Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 25 and 26 and therefore deny them.

16.     In response to paragraph 27, the State Defendants admit that documents plaintiff subpoenaed from Valley Children's Hospital document the death of a child who allegedly lived in Duncan and Raygosa's care.  Those documents speak for themselves.  The State Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 and therefore deny them.

17.     In response to paragraphs 28 through 31, the State Defendants admit that the SAFE study and related assessments describe Duncan and Raygosa's move to Oregon and family circumstances.  Those documents speak for themselves.  The State Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 28 through 31 and therefore deny them.

18.     The State Defendants deny the allegations contained in paragraph 32.

**Page 4 –     STATE DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND THIRD-PARTY COMPLAINT**

19.    In response to paragraph 33, the State Defendants admit that ODHS issued a Certificate of Approval to Duncan and Raygosa in July 2016.  The State Defendants deny the remainder of paragraph 33.

20.    The State Defendants admit that J.C. and her brother were placed into foster care, as alleged in paragraph 34 following ODHS's practices, when their biological home and supervision were deemed to be unsafe.  The State Defendants deny the remainder of paragraph 34.

21.    The State Defendants deny paragraphs 35 through 36.

22.    The State Defendants lack information or knowledge sufficient to form a belief about the truth of the allegations in paragraph 37 and therefore deny them.

23.    The State Defendants deny paragraph 38.

24.    The State Defendants deny the allegations contained in paragraph 39.

25.    The State Defendants admit the allegations contained in paragraph 40.

26.    The State Defendants deny paragraph 41.

27.    In response to paragraph 42, the State Defendants admit that J.C. expressed a desire to be called by a name other than her given first name.  The State Defendants further admit that J.C. expressed a desire for Duncan and Raygosa to adopt her.  The State Defendants deny the remainder of paragraph 42.

28.    In response to paragraph 43, the State Defendants admit that the August 26, 2016 CANS report for Z.C. stated that he experienced enuresis (*i.e.*, bedwetting) and suicidal ideation. The State Defendants deny the remainder of paragraph 43.

**Page 5 –    STATE DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND THIRD-PARTY COMPLAINT**

29.     In response to paragraph 44, the State Defendants admit that ODHS approved Duncan and Raygosa as resource parents for up to five children, ages 0-10, in December 2016. The State Defendants deny the remainder of paragraph 44.

30.     In response to paragraph 45, the State Defendants admit that ODHS placed additional children in the Duncan-Raygosa home after December 2016.  The State Defendants deny the remainder of paragraph 45.

31.     In response to the allegations contained in paragraph 46, the State Defendants admit that ODHS responded to and investigated all reports called into the hotline regarding children in the Duncan-Raygosa home.  The State Defendants deny the remainder of paragraph 46.

32.     The State Defendants deny paragraph 47.

33.     In response to paragraph 48, the State Defendants admit that ODHS placed the Duncan-Raygosa home on "inactive referral status" in December 2016.  The State Defendants further admit that J.C. remained in the Duncan-Raygosa home until July 2017.  The State Defendants deny the remainder of paragraph 48.

34.     In response to paragraph 49, the State Defendants admit that J.C. began calling her biological mother by her given name.  The State Defendants further admit that J.C. expressed a desire to be adopted by Duncan and Raygosa.  The State Defendants deny the remainder of paragraph 49.

35.     In response to paragraph 50, the State Defendants admit that Duncan and Raygosa attributed another child's illness to a cold Z.C. had.  The State Defendants deny the remainder of paragraph 50.

**Page 6 –     STATE DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND THIRD-PARTY COMPLAINT**

36.     In response to paragraph 51, the State Defendants admit that ODHS changed the Duncan-Raygosa from "inactive referral status" to active status in March 2017.  The State Defendants deny the remainder of paragraph 51.

37.     In response to paragraph 52, the State Defendants admit that ODHS placed two siblings in the Duncan-Raygosa home after March 2017.  The State Defendants further admit that these children did not present with visible bruises or injuries at the time of that placement. The State Defendants deny the remainder of paragraph 52.

38.     The State Defendants admit paragraphs 53 through 55.

39.     In response to paragraph 56, the State Defendants admit that Z.C. reported, during the investigation into alleged injuries to other children, that Duncan had previously pulled his hair.  The State Defendants deny the remainder of paragraph 56.

40.     In response to paragraph 57, the State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence and therefore deny it.  The State Defendants admit that Z.C. was found 1.2 miles away from the Duncan-Raygosa home and that he was wearing shorts and flip-flops and that the temperature was at least 90 degrees Fahrenheit.  The State Defendants deny the remainder of paragraph 57.

41.     The State Defendants admit paragraph 58.

42.     In response to paragraph 59, the State Defendants admit that Duncan and Raygosa requested that ODHS remove Z.C. from the home.  The State Defendants further admit that Child Welfare records reflect that Duncan and Raygosa retracted that request after learning that J.C. would also be removed.  The State Defendants deny the remainder of paragraph 59.

43.     The State Defendants admit the allegations in paragraph 60 that J.C. and Z.C. were removed from the Duncan-Raygosa home in July 2017.  The State Defendants deny the remaining allegations contained in paragraph 60.

44.     The State Defendants deny the allegations contained in paragraph 61.

45.     The State Defendants admit the allegations contained in paragraph 62.

46.     In response to paragraph 63, the State Defendants admit that Duncan and Raygosa made nightly phone calls to J.C. for some period of time after she was removed from their home. The State Defendants further admit that Raygosa showed J.C. a photo of her current resource home on his cell phone during one visit.  The State Defendants deny the remainder of paragraph 63.

47.     The State Defendants admit paragraph 64.

48.     In response to paragraph 65, the State Defendants admit that ODHS placed J.C. in the S-M resource home on or about October 31, 2017.  The State Defendants further admit that DHS approved a total of 10 children to live in the S-M resource home for a period of time.  The State Defendants further admit that ODHS responded to and investigated all reports of suspected abuse and neglect that it received regarding children in the S-M resource home.  The State Defendants deny the remainder of paragraph 65.

49.     The State Defendants deny the allegations contained in paragraph 66.

50.     In response to paragraph 67, the State Defendants admit the first sentence.  The State Defendants admit that a unanimous jury convicted Raygosa on all counts listed on the verdict form: six counts of sexual abuse in the first degree, two counts of unlawful sexual penetration in the first degree, and four counts of sodomy in the first degree.  The State Defendants deny that the jury convicted Raygosa of rape.

**Page 8 –     STATE DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND THIRD-PARTY COMPLAINT**

## CLAIMS FOR RELIEF

## CIVIL RIGHTS CLAIMS

### FIRST CLAIM FOR RELIEF: 42 USC §1983 – Deprivation of Civil Rights

### (Defendant Chapman and Does)

51.     The State Defendants admit and deny paragraph 68 as set out above.

52.     The allegations in paragraphs 69 through 85 are conclusions of law, to which the State Defendants are not required to respond.  To the extent further response is necessary, the State Defendants deny paragraphs 69 through 85.

### SECOND CLAIM FOR RELIEF: 42 USC §1983 – Deprivation of Civil Rights

### (Defendant Tibbetts, nka "Brooks" and Does)

53.     The State Defendants admit and deny paragraph 86 as set out above.

54.     The allegations in paragraphs 87 through 93 are conclusions of law, to which the State Defendants are not required to respond.  To the extent further response is necessary, the State Defendants deny paragraphs 87 through 93.

### THIRD CLAIM FOR RELIEF: 42 USC §1983 – Deprivation of Civil Rights

### (Defendant O'Brien and Does)

55.     The State Defendants admit and deny paragraph 94 as set out above.

56.     The State Defendants admit that O'Brien worked as a caseworker for ODHS for a specific time period, as alleged in paragraph 95 and that J.C. and Z.C. were children in her caseload during some part of the time.

57.     The allegations in paragraphs 96 through 99 are conclusions of law, to which the State Defendants are not required to respond.  To the extent further response is necessary, the State Defendants deny paragraphs 96 through 99.

58.     In response to paragraph 100, the State Defendants admit that O'Brien was made aware that J.C. disclosed that she had been sexually abused by Joe Raygosa while in the Duncan-Raygosa home.  The State Defendants deny the remainder of paragraph 100.

59.     The State Defendants deny the allegations contained in paragraph 101.

60.     In response to paragraph 102, the State Defendants admit that O'Brien communicated at some point with the Assistant District Attorney who prosecuted the criminal case against Raygosa.  The State Defendants deny the remainder of paragraph 102.

61.     In response to paragraph 103, the State Defendants admit that O'Brien was called by the defense to testify at the criminal trial of Raygosa.  The State Defendants deny the remainder of paragraph 103.

62.     The State Defendants deny the allegations contained in paragraph 104

63.     The allegations in paragraphs 105 and 106 are conclusions of law, to which the State Defendants are not required to respond.  To the extent further response is necessary, the State Defendants deny paragraphs 105 and 106.

## FOURTH CLAIM FOR RELIEF: 42 USC §1983 – Deprivation of Civil Rights

### (Defendant O'Brien and Does)

64.     The State Defendants admit and deny paragraph 107 as set out above.

65.     In response to the allegations contained in paragraph 108, the State Defendants admit that Lane supervised O'Brien at ODHS at specific time periods.

66.     The allegations in paragraphs 109 through 113 are conclusions of law, to which the State Defendants are not required to respond.  To the extent further response is necessary, the State Defendants deny paragraphs 109 through 113.

**Page 10 –    STATE DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND THIRD-PARTY COMPLAINT**

## STATE CLAIMS

## FIFTH CLAIM FOR RELIEF: Negligence

### (Defendant DHS)

67.     The State Defendants admit and deny paragraph 114 as set out above.

68.     The allegations in paragraphs 115 through 119 are conclusions of law, to which the State Defendants are not required to respond.  To the extent further response is necessary, the State Defendants deny paragraphs 115 through 119.

## SIXTH CLAIM FOR RELIEF: Negligence *per se*

### (Defendant DHS)

69.     The State Defendants admit and deny paragraph 120 as set out above.

70.     The allegations in paragraphs 121 and 122 are conclusions of law, to which the State Defendants are not required to respond.  To the extent further response is necessary, the State Defendants deny paragraphs 121 through 122.

## PRAYER

71.     In response to the Prayer for Relief, the State Defendants deny that plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

72.     The State Defendants assert the following defenses in response to the allegations in plaintiff's First Amended Complaint.  The State Defendants reserve the right to supplement and amend these affirmative defenses.

**Page 11 –     STATE DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND THIRD-PARTY COMPLAINT**

## FIRST AFFIRMATIVE DEFENSE

### (Discretionary Immunity - Defendants Chapman, Brooks, O'Brien and Lane)

73.    The plaintiff's claims for relief are based upon the Individual State Defendants' alleged performance of/or failure to exercise or perform its discretionary functions or duties pursuant to ORS 30.265(6)(c).

## SECOND AFFIRMATIVE DEFENSE

### (Qualified Immunity - Defendants Chapman, Brooks, O'Brien and Lane)

74.    At all times relevant to plaintiff's First Amended Complaint, the Individual State Defendants reasonably believed that their conduct was lawful in light of clearly established law and the information available to them; that they acted consistent with the laws of the United States and the State of Oregon; and that their actions did not violate any clearly established statutory or constitutional rights of which a reasonable official would have knowledge.

## THIRD AFFIRMATIVE DEFENSE

### (Tort Claim Liability Limit)

75.    Plaintiff is barred from seeking damages on the state law claims in excess of those provided by ORS 30.271.

## FOURTH AFFIRMATIVE DEFENSE

### (Fault of Others)

76.    Plaintiff's losses are the fault of others, not including the State Defendants.

## FIFTH AFFIRMATIVE DEFENSE

### (Eleventh Amendment/Sovereign Immunity)

77.    Plaintiff's claims are barred, in whole or in part, by the Eleventh Amendment of the U.S. Constitution and the doctrine of sovereign immunity, to the extent he intends to seek

damages (compensatory, nominal, or otherwise) against any defendant acting in their official capacity.

### SIXTH AFFIRMATIVE DEFENSE

### (Absolute Immunity – State Defendant O'Brien)

78.    State Defendant O'Brien is entitled to absolute immunity from suit and liability to the extent plaintiff's claims for relief relate to her testimony as a witness in a judicial proceeding, including the Raygosa criminal trial, and any preparatory activities inexorably tied to that testimony.

### RESERVATION OF RIGHTS

79.    The State Defendants reserve the right to amend this answer to allege additional affirmative defenses and any other relief after discovery in this matter is completed.

### PRAYER FOR RELIEF

WHEREFORE, having fully answered plaintiff's First Amended Complaint, the State Defendants pray for a judgment in favor of the State Defendants against plaintiff, dismissing plaintiff's First Amended Complaint in its entirety and awarding the State Defendants their costs and disbursements incurred herein, and for such other and further relief as the Court may deem appropriate.

### THIRD-PARTY COMPLAINT

80.    Defendant and Third-Party plaintiff, the Oregon Department of Human Services ("ODHS"), for its Third-Party Complaint, alleges:

81.    ODHS incorporates by reference the prior allegations, admissions, and denials of the State Defendants.

**Page 13 –    STATE DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND THIRD-PARTY COMPLAINT**

82.     In approximately October 2017, J.C. disclosed that Joe Albert Raygosa had repeatedly sexually abused her in the Duncan-Raygosa home.  Following J.C.'s disclosure, Raygosa fled from Oregon.  Raygosa was later arrested in Oklahoma and extradited to Oregon for trial.

83.     In February of 2018, Raygosa was indicted by a grand jury on four counts of Sexual Abuse in the first degree, two counts of Unlawful Sexual Penetration in the first degree, four counts of Sodomy in the first degree, and two counts of Rape in the first degree. A unanimous jury convicted Raygosa on six counts of sexual abuse in the first degree, two counts of unlawful sexual penetration in the first degree, and four counts of sodomy in the first degree.

## THIRD-PARTY CLAIM FOR RELIEF

### (Battery)

84.     Unknown to the State Defendants, throughout the duration of the foster and adoptive care provided to J.C., third-party defendant Raygosa physically abused J.C. by raping and sodomizing J.C.  Raygosa's conduct was done with conscious without any knowledge on the part of the State Defendants, and was in disregard for the rights and safety of J.C.

85.     Raygosa's conduct was the sole cause of J.C.'s damages.

### PRAYER FOR RELIEF

WHEREFORE, the State Defendants pray for a judgment in favor of the State Defendants against Raygosa, declaring Raygosa's actions the sole cause of J.C.'s damages, and

**Page 14 –    STATE DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND THIRD-PARTY COMPLAINT**

awarding the State Defendants their costs and disbursements incurred herein, and for such other and further relief as the Court may deem appropriate.

DATED: December 11, 2024.  ELLEN F. ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON


*s/ Chad A. Naso*
Lauren F. Blaesing, OSB #113305
LaurenBlaesing@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Alexandra L. Rhee, OSB #230770
AlexRhee@MarkowitzHerbold.com
*Special Assistant Attorneys General for State Defendants and Third-Party Plaintiff*

Chad A. Naso, OSB #150310
ChadNaso@MarkowitzHerbold.com
Jeffrey M. Edelson, OSB #880407
JeffEdelson@MarkowitzHerbold.com
Anit K. Jindal, OSB #171086
AnitJindal@MarkowitzHerbold.com
*Of Attorneys for State Defendants and Third-Party Plaintiff*

Jill Schneider, OSB #001619
Jill.Schneider@doj.oregon.gov
Nicholas Mancuso, OSB #151262
Nicholas.Mancuso@doj.oregon.gov
*Of Attorneys for State Defendants and Third-Party Plaintiff*

CABLE HUSTON LLP


*s/ Jonathan W. Monson*
Jonathan W. Monson, OSB #102650
jmonson@cablehuston.com
Nicole A.W. Abercrombie, OSB #144581
nabercrombie@cablehuston.com
*Of Attorneys for Defendant Kassidy O'Brien*


**Page 15 –    STATE DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND THIRD-PARTY COMPLAINT**

**ECF CERTIFICATION**

The filing attorney attests that filing attorney has obtained concurrence regarding the filing of this document from defendant Kassidy O'Brien's counsel signatory to this document.

Date:  December 11, 2024.

*s/ Chad A. Naso*
Chad A. Naso, OSB #150310
ChadNaso@MarkowitzHerbold.com

2240650

**Page 16 –   STATE DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND THIRD-PARTY COMPLAINT**