**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Alexandra L. Rhee, OSB #230770**
AlexRhee@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085
*Special Assistant Attorneys General for State Defendants*
*and Third-Party Plaintiff*
*Additional Counsel of Record Listed on Signature Page*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI, | Case No. 6:22-cv-01813-MK |
| Plaintiff, | **STATE DEFENDANTS' RESPONSE TO LEVI'S MOTION TO CONSOLIDATE FOR PURPOSES OF TRIAL** |
| v. | |
| KIM CHAPMAN, in her individual capacity; ANASTASIA TIBBETTS, in her individual capacity; KASSIDY O'BRIEN, in her individual capacity; ERIN LANE, in her individual capacity; THE OREGON DEPARTMENT OF HUMAN SERVICES, a government agency; and JANE and JOHN DOES 1-5; in their individual and/or official capacities, | |
| Defendants. | |
| OREGON DEPARTMENT OF HUMAN SERVICES, | |
| Third-Party Plaintiff, | |
| v. | |
| JOE ALBERT RAYGOSA, | |
| Third-Party Defendant. | |

Page 1 –    STATE DEFENDANTS' RESPONSE TO LEVI'S MOTION TO
CONSOLIDATE FOR PURPOSES OF TRIAL

## INTRODUCTION

The Court should deny plaintiff's motion to consolidate for trial this action with the pending case *Conley v. Chapman, et al.*, No. 6:23-CV-01353-MK.  The two cases fundamentally turn on different predicate facts that will require different individualized evidence, analysis, and decisions by the finder of fact, especially concerning the specific alleged injuries and their consequences.  Consolidation will create jury confusion, which the factual similarities of the cases will only exacerbate.  Plaintiff has not met his burden of demonstrating that consolidation will result in substantial judicial economy or that any efficiencies gained by consolidation outweigh the risk of prejudice and jury confusion.  Indeed, given that only one of the two cases here (*Levi*) includes the inflammatory subject matter of child sexual abuse by a foster parent, consolidation is likely to prejudice State Defendants.

## LEGAL STANDARD

Federal Rule of Civil Procedure 42(a) allows a court to consolidate actions that "involve a common question of law or fact."  Fed. R. Civ. P. 42(a)(2).  But "the mere existence of common issues … does not mandate consolidation." *Applied Materials, Inc. v. Advanced Semiconductor Materials America, Inc.*, No C 93-20843 (RMW), 1994 WL 16780779, at *1 (N.D. Cal. Apr. 19, 1994).  Instead, the court must weigh "the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." *Cannataro v. Portland Gen. Elec. Co.*, No. 3:20-CV-1583-SI, 2020 WL 12800744, at *2 (D. Or. Nov. 10, 2020).

"[E]ven where cases involve some common issues of law or fact, consolidation may be inappropriate where individual issues predominate." *Tumbling v. Merced Irr. Dist.*, No. CVF081801 LJO DLB, 2010 WL 1340546, at *4 (E.D. Cal. Apr. 1, 2010).  "Unless common evidence predominates, consolidated trial may confuse the jury rather than promote efficiency."

**Page 2 –    STATE DEFENDANTS' RESPONSE TO LEVI'S MOTION TO
          CONSOLIDATE FOR PURPOSES OF TRIAL**

*Manual for Complex Litigation* (Fourth) § 11.631 at 121 (2004).[1]  "Consolidation is also inappropriate where its principal effect will be to magnify unnecessarily the dimensions of the litigation."  *Id.* at 122.

Further, the burden rests squarely on the party seeking consolidation to demonstrate that any efficiencies gained outweigh the risk of prejudice.  *Zawacky v. Clark Cnty*, No. 3:22-cv-05101-DGE, 2023 WL 11841453, at *1 (W.D. Wash. Feb. 17, 2023).  This is because "[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial[.]"  *Tumbling*, 2010 WL 1340546, at *5.

Here, plaintiff has not—and cannot—meet his burden of establishing that consolidating the *Levi* and *Conley* trials will result in efficiencies that outweigh the substantial risk of prejudice to State Defendants.  The Court should therefore deny plaintiff's motion.

## ARGUMENT

**I.      Plaintiff has not shown that the claims in *Levi* and *Conley* may be established predominately through common evidence.**

The Court should decline to consolidate *Levi* and *Conley* for trial because the claims in each case turn on individual issues and distinct predicate facts.  Claims that assert "parallel allegations" and the "same causes of action" do *not* warrant consolidation when individual issues predominate.  *Parapluie v. Mills*, No. CV1102548MMMSSX, 2012 WL 13009100, at *5 (C.D. Cal. Jan. 26, 2012); *see also Griffin v. Aerosat USA*, No. 2:10-CV-01838 JWS, 2011 WL 204833, at *2 (D. Ariz. Jan. 20, 2011) ("because the predicate facts differ, the legal questions that flow from those facts will also differ").

---

[1] LR 42-1 provides that "[u]nless otherwise directed by the Court, consolidation and case management of complex or related cases are governed by the principles set forth in *The Manual for Complex Litigation* (4th ed. 2004)."

**Page 3 –     STATE DEFENDANTS' RESPONSE TO LEVI'S MOTION TO CONSOLIDATE FOR PURPOSES OF TRIAL**

Plaintiff contends that consolidating *Levi* and *Conley* for trial is warranted because each case asserts that "the defendant officials violated the plaintiffs' clearly established constitutional rights to social worker supervisions, medical care, and protection from harm inflicted by a foster parent." (Dkt. No. 255 at 2.) But pending actions do not share common issues of fact or law simply because they allege claims against a defendant "based on upon the same general theories of law." *Grayson v. K-Mart Corp.*, 849 F. Supp. 785, 789 (N.D. Ga. 1994).

Critically, Levi and Conley allege harms that derive from different alleged injuries. *See Hasman v. G.D. Searle & Co.*, 106 F.R.D. 459, 461 (E.D. Mich. 1985) (noting that related cases involved "predominantly individual issues" because "the nature and extent of the injuries differs significantly"). The damages alleged by the two plaintiff's differ significantly in both nature and extent, and in terms of the alleged acts that caused them. Levi claims that State Defendants violated J.C.'s constitutional rights by failing to prevent her from being sexually abused by foster care provider Joe Raygosa, and then undermining her ability to receive appropriate care and treatment after she disclosed Raygosa's sexual abuse. (*Levi*, Dkt. No. 196 ¶¶ 100-104.) Conley, on the other hand, contends that State Defendants failed to prevent Z.C. from being "scapegoated, blamed, neglected, and emotionally abused" while in the Duncan-Raygosa resource home, and being subjected to abusive physical discipline and inadequate supervision while in the care of April McCool-Spicer. (*Conley*, Dkt. No. 36 ¶¶ 33, 36.)

Levi's and Conley's cases will each depend on individualized evidence and analysis, especially regarding their alleged injuries and damages. *See Garrity v. Governance Bd. of Carinos Charter Sch.*, No. CV 19-95 JAP/JHR, 2020 WL 5074385, at *4 (D.N.M. Aug. 27, 2020) (noting that "efficiencies will not be gained through consolidation because the experts will still be required to analyze and opine on separate facts"). By way of example, Levi's allegations

**Page 4 –    STATE DEFENDANTS' RESPONSE TO LEVI'S MOTION TO CONSOLIDATE FOR PURPOSES OF TRIAL**

that defendant Kassidy O'Brien undermined J.C.'s ability to receive appropriate treatment for sexual abuse by voicing doubts about her disclosure (*see Levi,* Dkt. No. 196 ¶¶ 100-104), has no bearing on any of Conley's allegations or claims regarding Z.C. Further, Levi's allegation that State Defendants knew that McCool-Spicer could not adequately care for a sexual abuse survivor like J.C. given her own history as a survivor of sexual abuse (*Levi*, Dkt. No. 196 ¶ 78), will require evidence distinct from Conley's claim that State Defendants were deliberately indifferent to the risk that McCool-Spicer would physically abuse Z.C. (*Conley*, Dkt. No. 36 ¶ 36.) Evidence regarding asserted damages is also completely separate, as J.C.'s asserted damages are wholly separate from Z.C.'s asserted damages.

Moreover, there is not complete commonality of the parties and claims between the *Levi* and *Conley* cases. Joe Raygosa is a third-party defendant in *Levi*, but not in *Conley*. Margaret Ramirez is a defendant in *Conley* but not *Levi*. ODHS is a defendant in *Levi* but not *Conley*. *Conley* asserts federal *and* state-law claims against five individual State Defendants, whereas *Levi* asserts federal claims against the individual State Defendants and state-law claims against ODHS.[2] The risk of confusion and need to delineate between the parties and claims in each case further weighs against consolidating the two matters for trial. *See Manual for Complex Litigation* (Fourth) § 11.631 at 122 (2004) ("Consolidation is also inappropriate where its principal effect will be to magnify unnecessarily the dimensions of the litigation."); *see also Acfalle v. DIRECTV, Inc.*, No. CV 13-08108-AB (EX), 2015 WL 13609618, at *3 (C.D. Cal.

---

[2] State Defendants have moved for summary judgment on plaintiff's federal claims in both *Levi* and *Conley*. If those motions are granted, there would be no overlap in parties between the two cases: the five individual State Defendants would remain as defendants in *Conley*, and ODHS would remain as the only defendant in *Levi* (other than Third-Party Defendant Raygosa).

**Page 5 – STATE DEFENDANTS' RESPONSE TO LEVI'S MOTION TO CONSOLIDATE FOR PURPOSES OF TRIAL**

Aug. 14, 2015) (denying motion to consolidate based on finding that consolidation "would cause far more problems that it would solve").

Accordingly, because the claims in *Levi* and *Conley*, while sharing some factual similarities, each turn on individual issues and distinct predicate facts, the Court should decline to consolidate the cases for trial.

## II.    Consolidation would be unduly prejudicial to State Defendants and would create undue confusion.

State Defendants will be greatly prejudiced if the *Levi* and *Conley* cases are consolidated for trial, which is an independent ground for the Court to deny consolidation. Consolidation would allow plaintiffs to present all of their testimony and evidence in one trial, while requiring the jury to compartmentalize the evidence with respect to each plaintiff's separate claims. This will likely confuse the jury and will be highly damaging to State Defendants. Presenting evidence regarding the injuries claimed by J.C. and Z.C. could easily bias the jury against State Defendants as to *both* plaintiffs.

This is because "in a consolidated trial, it may be difficult for a jury to compartmentalize the evidence as to each individual plaintiff." *Denise S.*, 2024 WL 2002217, at *3. As such, a consolidated trial could easily "cause the finder of fact to imply … that the two plaintiff's claims stand or fall together." *Parapluie*, 2012 WL 13009100, at *6. It could also create an impermissible result where "the jury's verdict might not be based on the merits of the individual cases but could potentially be a product of cumulative confusion and prejudice." *Hasman*, 106 F.R.D. at 461.

Courts have recognized that the risk of such prejudice resulting from consolidation is particularly acute in cases that involve inflammatory allegations, such as claims of sexual abuse. *See Denise S.*, 2024 WL 2002217, at *3 (declining to consolidate claims of sexual abuse for trial

because doing so "may unduly prejudice" the defendant); *Ouellette v. Gaudette*, No. 2:16-cv-00053-LEW, 2022 WL 1597531, at *1 (D. Me. May 19, 2022) (denying motion to consolidate sexual abuse actions because of "significant risk of unfair prejudice"); *Garrity*, 2020 WL 5074385, at *4 (denying motion to consolidate child sex abuse actions because "the inflammatory nature of the allegations against Defendants are undoubtedly prejudicial"); *see also Zawacky*, 2023 WL 11841453, at *1 (holding that consolidation of claims relating to a police shooting would "undoubtedly cause prejudice to the Defendants in this case because the allegations are highly inflammatory").

Plaintiff does not address how this risk of prejudice to State Defendants may be avoided in a consolidated trial.  How, for example, can the Court avoid the "the potential that [the] jury may impute certain facts from one case to the other"?  *Garrity*, 2020 WL 5074385, at *4. As such, he has failed to meet his burden of demonstrating that the efficiencies gained through consolidation outweigh the risk of prejudice.  *Zawacky*, 2023 WL 11841453, at *1

Separate trials of *Levi* and *Conley* will require plaintiffs "to focus the finder of fact's attention on the merits of each individual plaintiff's [claims]."  *Grayson*, 849 F. Supp. at 790.  "It is precisely this need to focus the jury's attention on the merits of each individual plaintiff's case that counsel against proceeding with these cases in one consolidated trial."  *Id.*  "It may be that separate trial would require some subset of witnesses to testify multiple times, but that is a small price to pay for a fair trial."  *Acfalle*, 2015 WL 13609618, at *2.

**Page 7 –     STATE DEFENDANTS' RESPONSE TO LEVI'S MOTION TO CONSOLIDATE FOR PURPOSES OF TRIAL**

**CONCLUSION**

In light of the foregoing, the Court should deny plaintiff's Motion to Consolidate for Purposes of Trial.

DATED: December 16, 2024.          ELLEN F. ROSENBLUM
                                   ATTORNEY GENERAL
                                   FOR THE STATE OF OREGON


                                   *s/ Chad A. Naso*
                                   Lauren F. Blaesing, OSB #113305
                                   LaurenBlaesing@MarkowitzHerbold.com
                                   Harry B. Wilson, OSB #077214
                                   HarryWilson@MarkowitzHerbold.com
                                   Alexandra L. Rhee, OSB #230770
                                   AlexRhee@MarkowitzHerbold.com
                                   *Special Assistant Attorneys General for State*
                                   *Defendants and Third-Party Plaintiff*

                                   Chad A. Naso, OSB #150310
                                   ChadNaso@MarkowitzHerbold.com
                                   Jeffrey M. Edelson, OSB #880407
                                   JeffEdelson@MarkowitzHerbold.com
                                   Anit K. Jindal, OSB #171086
                                   AnitJindal@MarkowitzHerbold.com
                                   *Of Attorneys for State Defendants and Third-Party*
                                   *Plaintiff*

                                   Jill Schneider, OSB #001619
                                   Jill.Schneider@doj.oregon.gov
                                   Nicholas Mancuso, OSB #151262
                                   Nicholas.Mancuso@doj.oregon.gov
                                   *Of Attorneys for State Defendants and Third-Party*
                                   *Plaintiff*

2235694

**Page 8 –    STATE DEFENDANTS' RESPONSE TO LEVI'S MOTION TO
            CONSOLIDATE FOR PURPOSES OF TRIAL**