Steven Rizzo, OSB # 840853
Mary D. Skjelset, OSB # 075840
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Ste. 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630
srizzo@rizzopc.com
mskjelest@rizzopc.com

*Additional counsel listed on signature page*

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI,<br><br>Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et al ,<br><br>Defendants. | CASE NO. 6:22-cv-01813-MTK<br><br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |
| OREGON DEPARTMENT OF HUMAN SERVICES,<br><br>    Third Party Plaintiff,<br><br>v.<br><br>JOE ALBERT RAYGOSA,<br><br>    Third Party Defendant. | |

**INTRODUCTION**

Plaintiff seeks leave to amend the pleadings and file the second Amended Complaint. This

1 – PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND
    AMENDED COMPLAINT

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

motion is based on Fed. R. Civ. P. 1 and 15(a), LR 16, and the Declaration of Steven Rizzo, ("Decl.) and the attached proposed amended pleading.

**LR 7-1**

The parties conferred in good faith on Friday, February 28, 2025, as well as previously, and were unable to reach agreement.

**MOTION**

As the Court is aware, Plaintiff filed the First Amended Complaint ("FAC") on September 12, 2024. (ECF 196). That pleading in pertinent part alleged facts regarding J.C.'s placement in the S-M foster home and defendant O'Brien's post disclosure conduct, particularly her efforts to undermine J.C.'s credibility. (*Id*. at ¶¶ 100-103). The defendants filed a motion to dismiss / strike that pleading on September 26, 2024, (ECF 214), which the Court denied on November 27, 2024. (ECF 251). Defendant O'Brien filed her Notice of Appeal ("NOA") on December 17, 2024. (ECF 263).

Plaintiff thereafter provided a draft second amended pleading to O'Brien.  Plaintiff clarified allegations relating to O'Brien's conduct regarding Raygosa's criminal trial, as follows:

> 102. ~~When O'Brien became aware of the prospect of a criminal trial against Joe Raygosa for the acts of sexual abuse perpetrated against J.C.,~~ O'Brien prepared a case note dated May 23, 2018, suggesting that J.C.'s disclosure was untruthful and that her biological father had abused her. ~~O'Brien met with the prosecuting attorney and offered to gather exculpatory evidence, including the case note she had prepared~~.

> 103. In August 2018, O'Brien situated herself as J.C.'s support person ~~at the Raygosa's~~ criminal trial in place of J.C.'s therapist and J.C.'s mother. Raygosa called J.C. as a witness and cross examined the child at trial. O'Brien characterized J.C.'s trial testimony as "performative" and told various providers and parties of her belief that J.C. had lied under oath. Without informing J.C., O'Brien was called by the defense to testify on behalf of Joe Raygosa about the May 23 case note ~~she created after his arrest~~.

(Decl., Ex. 1). The purpose of the proposed amendments was to clarify Plaintiff's allegations

2 – PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND
    AMENDED COMPLAINT


RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

pertaining to O'Brien's awareness of the criminal trial, her communication with the prosecuting attorney, and the timing of her creation of the case note.  Plaintiff further sought to clarify the timeline and allege the (undisputed) fact that Raygosa called J.C. as a witness.

Based on the parties' conferral, O'Brien agreed with the proposed deletions and additional allegations, and agreed that, other than the last sentence of ¶ 103, the proposed amendments resolved certain of O'Brien concerns giving rise to her notice of appeal. However, as a condition for withdrawing her NOA, O'Brien demanded that Plaintiff also delete the last sentence of ¶ 103— the allegation that she "was called by the defense to testify on behalf of Joe Raygosa. . . ." (Decl.).

Plaintiff disagrees, and believes the fact that O'Brien testified at trial in Raygosa's defense is just that – a fact, which is undisputed. Indeed, in the Answer to the FAC, the defendants – including O'Brien – have already admitted "that [she] was called by the defense to testify at the criminal trial of Raygosa," and have also admitted that "O'Brien communicated at some point with the [ADA] who prosecuted the criminal case against Raygosa." (ECF 261 at 10). If Plaintiff understands correctly, O'Brien claims that her judicial admission – the fact that she testified for Raygosa –  entitles her to absolute immunity, notwithstanding that the Court's order, and the parties' agreement, provide that "O'Brien cannot be held liable for her testimony at the criminal trial." (ECF 251 at 8).

As the defendants have often reminded court and counsel: "Federal Rule of Civil Procedure 54(b) provides that any interlocutory order may be revised at any time before the entry of a judgment adjudicating all claims and all the parties' rights and liabilities." (Defs. 9/12/24 Mot. to Reconsider at 3) (citing *Davis v. Tri-Cty. Metro. Transp. Dist. of Or.*, No. 3:12-cv-0808-SI, 2015 WL 4199965, at *1 (D. Or. July 10, 2015)). Accordingly, Plaintiff requests the Court to treat the proposed second amended complaint as a supplemental filing in place of the First Amended Complaint, and revise or modify the order granting the motion to amend accordingly. Plaintiff's proposed amendments are necessary to clarify certain aspects of Plaintiff's claims for relief.

To the extent that O'Brien argues that this Court lacks jurisdiction to allow further

3 – PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND
    AMENDED COMPLAINT


RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

amendments to the pleadings, which Plaintiff anticipates she will make, the Court should reject that argument. Regardless of the pendency of O'Brien's appeal, this Court plainly retains jurisdiction to adjudicate the remaining claims in this case, e.g., his claims against O'Brien's supervisor, Ms. Lane, each of which incorporates and is based on each of Plaintiff's factual allegations set forth in the complaint. Plaintiff's request to amend certain of those factual allegations—without any accompanying proposed amendments to any of his claims for relief, including the claim against O'Brien—is simply not an issue that this Court lacks jurisdiction to resolve. As this Court proceeds to trial on Plaintiff's remaining claims, the factual allegations underlying those claims are within this Court's jurisdiction to address.

One final point is worth making: O'Brien has already conceded that this Court retains jurisdiction to address the issues raised in Defendants' pending motions for summary judgment, which include, among others, the very issue raised in O'Brien's appeal. O'Brien cannot pick and choose what this Court can and cannot do, and certainly cannot do so in a way that only creates delay in this case.  The Court should therefore allow Plaintiff's proposed amendments in the interest of justice.[1]

This motion is not interposed for delay and it will not affect any deadline set forth in the Trial Management Order or the trial.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court to grant the motion and allow Plaintiff to file the proposed Second Amended Complaint.

Dated: March  3, 2024.

---

[1] Plaintiff understands that O'Brien is preparing to file a motion to stay the trial and will address the merits of that apparent motion upon filing.

4 – PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND
     AMENDED COMPLAINT



RIZZO BOSWORTH ERAUT PC


By: s/ *Steven Rizzo*
Steven Rizzo OSB No. 840853
Mary D. Skjelset OSB No. 075840
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Suite 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630


Caitlin V. Mitchell, OSB #123964
Johnson Johnson Lucas & Middleton PC
975 Oak Street, Ste. 1050
Eugene, OR 97401
Tel: (541) 484-2434
Fax: (541) 484-0882
cmitchell@justicelawyers.com

Nadia Dahab, OSB #125630
Sugerman Dahab
101 SW Main Street, Suite 910
Portland, Oregon 97204
Tel: (503) 228-6474
nadia@sugermandahab.com

5 – PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND
  AMENDED COMPLAINT

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

ETHAN LEVI,

      Plaintiff,

v.

KIM CHAPMAN, et al.,

      Defendants.

OREGON DEPARTMENT OF HUMAN SERVICES, et al.,

      Third-Party Plaintiffs,

      v.

JOE ALBERT RAYGOSA,

      Third-Party Defendant.

CASE NO. 6:22-cv-01813-MTK

**CERTIFICATE OF SERVICE**

        I am employed by the law firm of Rizzo Bosworth Eraut PC in Portland, Oregon.  I am over the age of eighteen years and not a party to the subject cause.  My business address is 1300 SW Sixth Avenue, Suite 330, Portland, OR 97201.

        On the date below, I caused to be served on all parties in this action by transmitting a true copy thereof**: Plaintiff's Motion for Leave to File Second Amended Complaint**

1 – Certificate of Service

**VIA ECF & EMAIL**

Jill Schneider
Nicholas S. Mancuso
Michelle Watkins
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Ph. 971-673-1880
Fax: 971-673-5000
Email: jill.schneider@doj.state.or.us
Email: nicholas.mancuso@doj.state.or.us
Email: michelle.watkins@doj.state.or.us
*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services*

Nicole A.W. Abercrombie
Jon W. Monson
Cable Huston LLP
1455 SW Broadway, Suite 1500
Portland, OR 97201
Ph. 503-224-3092
Fax: 503-224-3176
Email: jmonson@cablehuston.com
Email: nabercrombie@cablehuston.com
*Of Attorneys for Defendant O'Brien*

Lauren Blaesing
Harry B. Wilson
Alexandra Rhee
Chad Naso
Jeffrey Edelson
Anit Jindal
Vivek Kothari
Markowitz Herbold PC
1455 SW Broadway
Ste. 1990
Portland, OR. 97201
Ph: 503-295-3085
Email: laurenblaesing@markowitzherbold.com
Email: harrywilson@markowitzherbold.com
Email: alexrhee@markowitzherbold.com
Email: chadnaso@markowitzherbold.com
Email: jeffedelson@markowitzherbold.com
Email: anitjindal@markowitzherbold.com
Email: vivekkothari@markowitzherbold.com
*Of Attorneys for Defendants Tibbetts, O'Brien, Lane, Chapman, and Oregon Department of Human Services*

Dated this 3rd day of March, 2025.

 s/Shelley Maddox
Shelley Maddox, Paralegal

2 – Certificate of Service