Jon W. Monson, OSB No. 102650
jmonson@cablehuston.com
Nicole A.W. Abercrombie, OSB No. 144581
nabercrombie@cablehuston.com
CABLE HUSTON LLP
1455 SW Broadway, Suite 1500
Portland, OR 97201-3412
Tele: (503) 224-3092

> *Co-Counsel for Defendant Kassidy O'Brien,*
> *in her individual capacity*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI, | Case No. 6:22-cv-01813-MK |
| Plaintiff, | |
| v. | **DEFENDANT KASSIDY O'BRIEN'S MOTION TO CONFIRM PARTIAL STAY OF PROCEEDINGS PENDING RESOLUTION OF ABSOLUTE IMMUNITY APPEAL** |
| KIM CHAPMAN, in her individual capacity; ANASTASIA TIBBETTS, in her individual capacity; KASSIDY O'BRIEN, in her individual capacity; ERIN LANE, in her individual capacity; THE OREGON DEPARTMENT OF HUMAN SERVICES, a government agency; and JANE and JOHN DOES 1-5; in their individual and/or official capacities, | *Request for Oral Argument* |
| Defendants. | |
| OREGON DEPARTMENT OF HUMAN SERVICES, | |
| Third-Party Plaintiff, | |
| v. | |
| JOE ALBERT RAYGOSA, | |
| Third-Party Defendant. | |

**LOCAL RULE 7-1(a)(1) COMPLIANCE**

In compliance with Local Rule 7-1, the parties made a good-faith effort to confer but could not resolve the issues in this motion.

**MOTION**

Defendant Kassidy O'Brien ("O'Brien") respectfully moves the Court to confirm a stay of all proceedings, including trial, *as to Defendant O'Brien only* pending resolution of her interlocutory appeal to the Ninth Circuit Court of Appeals of this Court's November 27, 2024 Opinion and Order (ECF No. 251) denying her motion to dismiss based on absolute immunity (ECF No. 214).

**MEMORANDUM OF LAW**

## I.     INTRODUCTION

The Court should confirm a stay of all proceedings, including trial, related to Defendant O'Brien until the Ninth Circuit resolves the pending interlocutory appeal, which will determine whether the claims involving Defendant O'Brien's testimony at the Raygosa trial are barred by the doctrine of absolute immunity.  Defendant O'Brien's appeal automatically divests the Court of jurisdiction over Plaintiffs' allegations related to Defendant O'Brien's testimony at the Raygosa trial, thus requiring a stay of proceedings as to Defendant O'Brien until the appeal is resolved.  A stay also furthers the absolute immunity doctrine's goal of providing immunity from suit, which will be effectively lost if trial is allowed to proceed before Defendant O'Brien's appeal is resolved.  *See Paine v. City of Lompoc*, 265 F.3d 975, 980 (9th Cir. 2001) (Denial of absolute immunity "compromises the reasons for the protection accorded court appearances, by subjecting the defendant to the rigors and distractions of standing trial even if he or she is ultimately found not liable on testimonial immunity grounds.")  In addition, a stay furthers

Page 1 – DEFENDANT KASSIDY O'BRIEN'S MOTION TO CONFIRM PARTIAL STAY
         OF PROCEEDINGS PENDING RESOLUTION OF ABSOLUTE IMMUNITY
         APPEAL

judicial economy by ensuring that the parties and the Court do not expend time and resources that will be unnecessary if the Ninth Circuit determines that absolute immunity applies.

## II.    BACKGROUND

Plaintiffs' First Amended Complaint alleges that Defendant O'Brien acted with deliberate indifference by, among other things, "[e]ngaging in conduct to undermine J.C.'s disclosure of Raygosa's sexual abuse and/or create exculpatory evidence to favor Raygosa's defense." (ECF No. 196 ¶ 105(i).)  Plaintiff alleges that when O'Brien became aware of the prospect of a criminal trial against Raygosa, she prepared a case note suggesting that J.C.'s disclosure was "untruthful" and then met with the prosecuting attorney to offer to gather "exculpatory" evidence, including that case note. (*Id.* ¶ 102.)  Later, Plaintiff alleges, "[w]ithout informing J.C., O'Brien was called by the defense to testify on behalf of Joe Raygosa about the case note." (*Id.* ¶ 103.)  It is undisputed that O'Brien testified at the Raygosa trial in response to a subpoena. (*See* ECF No. 216 at Ex. 2.)

On September 26, 2024, O'Brien moved to dismiss or, alternatively, strike these new allegations based on the doctrine of absolute immunity. (ECF No. 214 at 10.)  On November 27, 2024, the Court denied that motion. (ECF No. 251 at 8–9.)  The Court ruled that absolute immunity did not apply because the allegations did not constitute "a standalone claim for Defendant O'Brien's trial testimony" but rather are "made in support of Plaintiff's claim that Defendant O'Brien's alleged pattern of deceitful conduct violated J.C.'s substantive due process rights by preventing J.C. from receiving adequate care and treatment." (*Id.*)

On December 17, 2024, Defendant O'Brien filed a notice of interlocutory appeal solely as to the absolute immunity portion of the Court's November 27, 2024 Order. (ECF No. 263.)  That appeal is pending before the Ninth Circuit Court of Appeals. *See Levi v. O'Brien*, 9th Cir. Case No. 24-7829.  O'Brien's opening brief is currently due March 25, 2025. *Id.* at ECF No. 11. Trial in this case is set to begin on April 21, 2025. (ECF No. 270.)

Page 2 – DEFENDANT KASSIDY O'BRIEN'S MOTION TO CONFIRM PARTIAL STAY
          OF PROCEEDINGS PENDING RESOLUTION OF ABSOLUTE IMMUNITY
          APPEAL

### III.    ARGUMENT

**A.    The Absolute Immunity Appeal Automatically Stays this Litigation as to Defendant O'Brien and Divests the District Court of Jurisdiction to Proceed with Trial against Her.**

The Court should confirm that this litigation—including trial—are automatically stayed as to Defendant O'Brien pending resolution of her absolute immunity appeal.  An order denying absolute witness immunity is subject to the collateral order doctrine and thus immediately appealable on an interlocutory basis.  *Mitchell v. Forsyth,* 472 U.S. 511, 525 (1985) ("[T]he denial of a substantial claim of absolute immunity is an order appealable before final judgment" under the collateral order doctrine); *Paine*, 265 F.3d at 980–81 (orders denying absolute witness immunity "come within the collateral issue doctrine" and are immediately appealable); *Lisker v. City of Angeles*, 780 F.3d 1237, 1241 (9th Cir. 2015) (same).  This is because "the essence of absolute immunity is its possessor's entitlement not to have to answer for [her] conduct in a civil damages action," and thus the immunity would be "effectively lost if a case is erroneously permitted to go to trial."  *Mitchell*, 472 U.S. at 525.  Importantly, an order is immediately appealable under the collateral order doctrine even if the district court does not deny absolute immunity outright and instead "leaves open the possibility of a later determination that [the defendant is] in fact absolutely immune."  *Paine*, 265 F.3d at 981.  Such a decision still "compel[s] the defendant[] to stand trial for their conduct, thereby denying them one of the benefits of any immunity to which they might be entitled as effectively as if the district court had finally found that they lacked immunity."  *Id.*

As is her right, Defendant O'Brien appealed this Court's decision denying her absolute immunity.  That appeal automatically "divests the district court of jurisdiction to proceed with trial" against Defendant O'Brien.  *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992).  Indeed, it is well-settled that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Griggs v. Provident Consumer Disc. Co.*, 459

Page 3 – DEFENDANT KASSIDY O'BRIEN'S MOTION TO CONFIRM PARTIAL STAY OF PROCEEDINGS PENDING RESOLUTION OF ABSOLUTE IMMUNITY APPEAL

U.S. 56, 58 (1982).  "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  *Id.*; *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001) (same); *see also Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (noting that this "*Griggs* principle reflects a longstanding tenet of American procedure.").[1]

District courts in this Circuit routinely stay trial and other proceedings after an interlocutory appeal of a collateral order denying immunity.  In fact, in both *Paine* and *Lisker*, the two cases cited above in which the Ninth Circuit explicitly recognized a defendant's right to immediately appeal a denial of absolute witness immunity under the collateral order doctrine, the district courts immediately stayed all proceedings until the appeals were resolved.  *See, e.g.*, *Lisker v. City of Angeles*, U.S. Dist. Ct. C.D. Cal. Case No. 2:09-cv-09374-ODW(AJWx), ECF No. 444 (attached as Appendix A) (granting motion to stay after defendant appealed order denying absolute immunity and "VACAT[ING] all trial and associated pretrial dates in this case pending resolution of the appeal"); *Paine v. City of Lompoc*, U.S. Dist. Ct. C.D. Cal. Case No. 2:96-cv-09037-CBM-SH, ECF No. 107 (attached as Appendix B); *see also SolarCity Corp. v. Salt River Project Agric. Improvement & Power Dist.*, No. CV-15-00374-PHX-DLR, 2016 WL 5109887, at *1 (D. Ariz. Sept 20, 2016) (granting renewed motion to stay all proceedings pending resolution of appeal of trial court's immunity ruling); *In re Cathode Ray Tube Antitrust Litig.*, 07-CV-05944-JST, 2020 WL 13303644, at *2–3 (N.D. Cal. Feb 4, 2020) ("[E]ven though trial proceedings may be significantly disrupted and delayed, the district court has no jurisdiction to proceed with trial while the defendants appeal the sovereign immunity issue to the Ninth

---

[1] There is a narrow exception to this divestiture rule where the district court, upon motion by the appellee, certifies that the appellant's claim of immunity is frivolous.  *Chuman*, 960 F.2d at 105.  Plaintiff has filed no such motion. Nor could he, as Defendant O'Brien's claim of absolute immunity for allegations related to her testimony at the Raygosa criminal trial are not "wholly without merit" and "so baseless that is does not invoke appellate jurisdiction."  *In re George*, 322 F.3d 586, 591 (9th Cir. 2003); *Marks v. Clarke*, 102 F.3d 1012, 1017 n. 8 (9th Cir. 1996).

Page 4 – DEFENDANT KASSIDY O'BRIEN'S MOTION TO CONFIRM PARTIAL STAY
OF PROCEEDINGS PENDING RESOLUTION OF ABSOLUTE IMMUNITY
APPEAL

Circuit.") (cleaned up); *Dagdagan v. City of Vallejo*, 682 F. Supp. 2d 1100, 1117 (E.D. Cal. 2010), *aff'd sub nom. Dagdagan v. Wentz*, 428 F. App'x 683 (9th Cir. 2011) (granting motion to stay and vacating trial dates pending resolution of defendant's interlocutory appeal of qualified immunity ruling).

What's more, the Ninth Circuit has repeatedly admonished trial courts that refuse to stay trials pending resolution of interlocutory appeals of immunity decisions. *See, e.g.*, *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 791 (9th Cir. 2018) (admonishing district courts about the "significance of the error of proceeding to trial in this case while the interlocutory appeal was pending"); *United States v. Hickey*, 580 F.3d 922, 927 (9th Cir. 2009) ("impress[ing] upon district courts that acting before the mandate has issued . . . risks acting without jurisdiction and wasting judicial resources," particularly when a case goes to trial); *United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir. 1984) (holding that proceeding to trial before an appellate court has ruled on an interlocutory appeal can cause a litigant irreparable harm).

Here, Defendant O'Brien merely requests the same relief that other district courts have granted when dealing with absolute immunity appeals. Her timely appeal of this Court's order denying her absolute immunity divests this Court of jurisdiction to proceed with trial against her until that appeal is resolved.[2] Thus, the Court should confirm that all proceedings, including trial, as to Defendant O'Brien are stayed.

### B.    Even if the Court Were Not Divested of Jurisdiction, the Court Should Exercise Its Discretion to Stay All Proceedings as to Defendant O'Brien.

Even if Defendant O'Brien's appeal did not divest the Court of jurisdiction to proceed to trial against Defendant O'Brien (which it does), the Court should exercise its inherent discretion to enter a stay. The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself,

---

[2] Defendant O'Brien only seeks a partial stay of all proceedings against her. O'Brien takes no position on whether any stay should apply as to other defendants. And she acknowledges that she could be called as a witness at trial as to claims against the other defendants, even if the claims asserted against her as a defendant are stayed.

Page 5 – DEFENDANT KASSIDY O'BRIEN'S MOTION TO CONFIRM PARTIAL STAY
        OF PROCEEDINGS PENDING RESOLUTION OF ABSOLUTE IMMUNITY
        APPEAL

for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). "A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). When considering whether to grant a discretionary stay, a district court is guided by three factors: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* at 268 (citing *Landis*).

These factors weigh in favor of a stay. *See, e.g.*, *Peck v. Cnty. of Orange*, 528 F. Supp. 3d 1100, 1107 (C.D. Cal. 2021) (granting discretionary stay of all claims, including claims not subject to qualified immunity defense, pending resolution of interlocutory appeal). A stay would substantially simplify issues, proof, and questions of law at trial by clarifying whether a jury can even consider evidence related to O'Brien's testimony and conduct related to the Raygosa criminal trial. If the Court does not stay all claims against O'Brien, it will have to navigate these issues by issuing rulings on evidentiary objections, trial motions, and post-trial motions at the same time these very issues are on appeal. These issues could be rendered moot based on the Ninth Circuit's ruling on appeal. Moreover, by proceeding to trial against Defendant O'Brien at the same time her appeal is pending, the Court runs the risk of issuing rulings that are inconsistent with how the Ninth Circuit resolves the absolute immunity issue—which could then necessitate a retrial and reversal of any verdict.

A stay will also serve the purpose of absolute immunity. The purpose of witness immunity to "to encourage witnesses to come forward and speak freely in court by relieving the potential defendant of any fear that [she] will later have the burden of litigating the propriety of [her] conduct as a witness." *Paine*, 265 F.3d at 980 (citing *Briscoe v. LaHue*, 460 U.S. 325, 326

Page 6 – DEFENDANT KASSIDY O'BRIEN'S MOTION TO CONFIRM PARTIAL STAY
      OF PROCEEDINGS PENDING RESOLUTION OF ABSOLUTE IMMUNITY
      APPEAL

(1983). That purpose would be undermined if a party appealing a witness immunity ruling had no opportunity for appellate review prior to trial.

What's more, although a stay by its nature results in some delay, that delay is a necessary byproduct of the policy decision to allow interlocutory relief of important immunities like absolute immunity. Indeed, the whole purpose of allowing interlocutory review of a denial of absolute witness immunity is to ensure appellate review *before* trial. Trial here is set to commence on April 21, 2025. The issue of whether Defendant O'Brien is entitled to absolute immunity on the Raygosa testimony allegations won't even be fully briefed, let alone argued or decided, before that date. Without a stay, even if Defendant O'Brien's appeal is successful it will be a pyrrhic victory—as the very damage the absolute immunity doctrine seeks to avoid (standing for trial on issues related to her conduct as a witness) will have already occurred. In contrast, Plaintiff only seeks monetary damages, and a reasonable delay to accommodate an appeal is not irreparable as a matter of law. *See CMAX*, 300 F.2d at 268–69 (declining to overturn a stay and finding "[n]o impressive showing of irreparable damages or injustice" where plaintiff sought only "money damages").

Accordingly, even if a stay of all proceedings related to Defendant O'Brien is not required by divesture rules (it is), the Court should still exercise its discretion to stay the proceedings with respect to Defendant O'Brien until the pending appeal is resolved.

## IV.    CONCLUSION

For the foregoing reasons, Defendant O'Brien respectfully requests that the Court issue an order that confirms a stay of all proceedings, including trial, related to Defendant O'Brien until the pending appeal is resolved.

/ / /

/ / /

/ / /

Page 7 – DEFENDANT KASSIDY O'BRIEN'S MOTION TO CONFIRM PARTIAL STAY
         OF PROCEEDINGS PENDING RESOLUTION OF ABSOLUTE IMMUNITY
         APPEAL

DATED: March 3, 2025.

CABLE HUSTON LLP


s/ Jon W. Monson
Jon W. Monson, OSB No. 102650
jmonson@cablehuston.com
Nicole A.W. Abercrombie, OSB No. 144581
nabercrombie@cablehuston.com
1455 SW Broadway, Suite 1500
Portland, OR  97201
Tele: (503) 224-3092

*Co-Counsel for Defendant Kassidy O'Brien, in her individual capacity*

Page 8 – DEFENDANT KASSIDY O'BRIEN'S MOTION TO CONFIRM PARTIAL STAY OF PROCEEDINGS PENDING RESOLUTION OF ABSOLUTE IMMUNITY APPEAL

**O**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE E. LISKER,<br><br>                    Plaintiff,<br>     v.<br><br>CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, ANDREW MONSUE, and HOWARD LANDGREN,<br><br>                    Defendants. | Case No. 2:09-cv-09374-ODW(AJWx)<br><br>**ORDER VACATING ALL PRETRIAL AND TRIAL DATES DURING PENDANCY OF APPEAL** |



On March 4, 2013, Defendants filed a notice of appeal of this Court's February 4, 2013 Order denying them absolute witness immunity.  (ECF No. 434 (appealing ECF No. 432).)  Defendants' notice of appeal conferred jurisdiction over this case to the Ninth Circuit and divested this Court "of control over those aspects of the case involved in the appeal."  *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).  The Court therefore **VACATES** all trial and associated pretrial dates in this case pending resolution of the appeal.

Within 7 days of the entry of the mandate on the docket, the parties shall file a joint report setting forth a brief summary of this litigation to date; the effect the outcome of the appeal will have on the case; and proposed expedited motion-in-limine hearing, pretrial conference, and trial dates.  In preparing their joint report, the parties

should bear in mind that this case will go to trial no later than 60 days following issuance of the mandate.

**IT IS SO ORDERED.**

May 13, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

SEND

FILED
CLERK, U.S. DISTRICT COURT

SEP 23 1999

OF CALIFORNIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

96-9037

SHANNON PAINE,                    )    CV 95-5081 JSL
                                  )
               Plaintiff,         )    ORDER GRANTING DEFENDANTS'
                                  )    MOTION TO STAY PROCEEDINGS
     v.                           )    PENDING APPEAL
                                  )
THE CITY OF LOMPOC, et al.,       )
                                  )
               Defendants.        )
                                  )

     The motion of defendant City of Lompoc for a stay of proceedings was decided without hearing on September 22, 1999.

     Having reviewed the papers filed in connection with this matter, and being fully apprised of the relevant facts and law,

     IT IS HEREBY ORDERED that the motion of defendants for a stay of proceedings be GRANTED.

     IT IS SO ORDERED.

DATED:  9/23/99

                                        J. Spencer Letts
                                        United States District Judge

ENTERED ON ICMS

SEP 24 1999

CV

107

Appx. B
Page 1 of 1