Jon W. Monson, OSB No. 102650
jmonson@cablehuston.com
Nicole A.W. Abercrombie, OSB No. 144581
nabercrombie@cablehuston.com
CABLE HUSTON LLP
1455 SW Broadway, Suite 1500
Portland, OR 97201-3412
Tele: (503) 224-3092

> *Co-Counsel for Defendant Kassidy O'Brien,*
> *in her individual capacity*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| ETHAN LEVI, | Case No. 6:22-cv-01813-MK |
|        Plaintiff, | |
|    v. | **DEFENDANT KASSIDY O'BRIEN'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |
| KIM CHAPMAN, in her individual capacity; ANASTASIA TIBBETTS, in her individual capacity; KASSIDY O'BRIEN, in her individual capacity; ERIN LANE, in her individual capacity; THE OREGON DEPARTMENT OF HUMAN SERVICES, a government agency; and JANE and JOHN DOES 1-5; in their individual and/or official capacities, | *Request for Oral Argument* |
|        Defendants. | |
| OREGON DEPARTMENT OF HUMAN SERVICES, | |
|        Third-Party Plaintiff, | |
|    v. | |
| JOE ALBERT RAYGOSA, | |
|        Third-Party Defendant. | |

## I.    INTRODUCTION

Defendant O'Brien respectfully requests that the Court either deny or refrain from considering Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 297) while her absolute immunity appeal is pending before the Ninth Circuit Court of Appeals. Defendant O'Brien's timely filing of a notice of appeal (ECF No. 263) automatically divests this Court of jurisdiction over any aspect of the case involved in that appeal. Yet, Plaintiff proposes to amend the very allegations that are the subject of that appeal, for the very purpose of addressing Defendant O'Brien's absolute immunity defense. This Court lacks jurisdiction to consider such a motion while the appeal is pending, and thus the motion must be denied.

## II.    BACKGROUND

Plaintiff's First Amended Complaint ("FAC") alleges that Defendant O'Brien acted with deliberate indifference by, among other things, "[e]ngaging in conduct to undermine J.C.'s disclosure of Raygosa's sexual abuse and/or create exculpatory evidence to favor Raygosa's defense." (ECF No. 196 ¶ 105(i).) The FAC alleges that when O'Brien became aware of the prospect of a criminal trial against Raygosa, she prepared a case note suggesting that J.C.'s disclosure was "untruthful" and then met with the prosecuting attorney to offer to gather "exculpatory" evidence, including that case note. (*Id.* ¶ 102.) Later, Plaintiff alleges, "[w]ithout informing J.C., O'Brien was called by the defense to testify on behalf of Joe Raygosa about the case note." (*Id.* ¶ 103.)

On September 26, 2024, O'Brien moved to dismiss or, alternatively, strike these new allegations based on the doctrine of absolute immunity. (ECF No. 214 at 10.) On November 27, 2024, the Court denied that motion. (ECF No. 251 at 8–9.) On December 17, 2024, Defendant O'Brien filed a notice of interlocutory appeal of that ruling. (ECF No. 263.) The appeal was initially assigned to the Ninth Circuit's Mediation Program, and a mediator was assigned to work with the parties to try and resolve the issues on appeal without the need for briefing and argument. *See Levi v. O'Brien*, 9th Cir. Case No. 24-7829, ECF No. 4–10. During that

Page 1 – DEFENDANT KASSIDY O'BRIEN'S OPPOSITION TO PLAINTIFF'S MOTION
        FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

confidential mediation process, Plaintiff's appellate counsel and counsel for Defendant O'Brien engaged in discussions about whether amendments could be made to the FAC that would satisfy the parties' concerns and moot the need for an appeal.[1]  Ultimately, the parties were unable to reach to an agreement and the case was reactivated on February 26, 2025.  *Id.* at ECF No. 12.  O'Brien's opening brief in the appeal is due on March 25, 2025.  *Id.* at ECF No. 11.

Plaintiff now seeks leave to file a Second Amended Complaint ("SAC") that purports to "clarify" the very allegations that are the subject of the ongoing absolute immunity appeal.  (*See* ECF Nos. 297, 298.)  As discussed below, the trial court lacks jurisdiction to consider such a motion.

## III.    ARGUMENT

It is well-settled that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously."  *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).  Rather, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  *Id.*; *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001) (same); *see also Coinbase, Inc. v. Bielski*, 599 US 736, 740 (2023) (noting that this "*Griggs* principle reflects a longstanding tenet of American procedure.").[2]  This divestiture rule "has been applied to

---

[1] Ninth Circuit Rule 33-1(c) provides that the Court's mediation process is governed by "strict confidentiality" and that "any communication made at any time in the Ninth Circuit mediation process, including all telephone conferences" are confidential and may not be "used for any purpose except with eh agreement of all parties and the Circuit Mediator."  In a flagrant violation of this rule, Plaintiff's Motion purports to summarize confidential conversations that took place between Defendant O'Brien's and Plaintiff's appellate counsel, Nadia Dahab, as part of the mediation process, including conversations between the parties' counsel about the proposed amendments Plaintiff proposed during that mediation process.  These summaries are neither accurate nor appropriate given the confidentiality restrictions in Rule 33-1(c).  Out of respect for the confidentiality rules, Defendant O'Brien's counsel will not attempt to correct these mischaracterizations.

[2] There is a narrow exception to this divestiture rule where the district court, upon motion by the appellee, certifies that the appellant's claim of immunity is frivolous.  *Chuman*, 960 F.2d at 105.  Plaintiff has filed no such motion.  Nor could he, as Defendant O'Brien's claim of absolute immunity for allegations related to her testimony at the Raygosa criminal trial are not "wholly without merit" and "so baseless that is does not invoke appellate jurisdiction."  *In re George*, 322 F.3d 586, 591 (9th Cir. 2003); *Marks v. Clarke*, 102 F.3d 1012, 1017 n. 8 (9th Cir. 1996).

Page 2 – DEFENDANT KASSIDY O'BRIEN'S OPPOSITION TO PLAINTIFF'S MOTION
          FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

preclude a district court from taking a variety of actions after the filing of a notice of appeal." Allan Ides, *The Authority of a Federal District Court to Proceed After a Notice of Appeal Has Been Filed*, 143 F.R.D. 307, 307–08 (1992), *cited within approval in Nat. Res. Defense Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001).

This includes, among other things, "grant[ing] leave to amend a complaint. *Id.* District courts may not rule on motions to amend a complaint after a court of appeals accepts jurisdiction over an interlocutory appeal, if the proposed amendment implicates factual or legal issues on appeal." *Perfect 10, Inc. v. Google, Inc.*, CV 04-9484 AHM (SHX), 2008 WL 4217837, at *6 (C.D. Cal. July 16, 2008) (citing various authorities). In fact, the Ninth Circuit has repeatedly ruled that district courts lack jurisdiction to consider a motion for leave to amend a complaint after a notice of appeal is filed. *See, e.g.*, *Davis v. United States*, 667 F.2d 822, 824 (9th Cir. 1982) ("The district court had no jurisdiction over the action at the time it considered the motion," so "[i]ts order . . . denying the motion to amend was issued in error"); *Moore v. Brewster*, 96 F.3d 1240, 1246 (9th Cir. 1996) (vacating order denying motion to amend because "[b]y filing the notice of appeal, [appellant] divested the district court of its jurisdiction over the matter"); *Hobson v. Safeway Inc.*, 551 Fed. App'x. 331, 331 (9th Cir. 2013) ("[T]he district court properly determined that it lacked jurisdiction to consider Hobson's motion because Hobston filed it after he filed his notice of appeal.").

Other courts have reached the same conclusion. *See, e.g.*, *Wooten v. Roach*, 964 F.3d 395, 403–04 (5th Cir. 2020) (ruling that district court "wrongfully asserted jurisdiction over 'aspects of the case involved in [this] appeal'" when, after an interlocutory appeal was filed, the district court accepted an amended complaint that altered the facts in a way that impacted prosecutorial and official immunity defenses that were part of the appeal); *May v. Sheahan*, 226 F.3d 876, 880–81 (7th Cir. 2000) (finding that a district court erred by granting a motion to amend a complaint while a qualified immunity appeal was pending); *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003) (holding that the district court

Page 3 – DEFENDANT KASSIDY O'BRIEN'S OPPOSITION TO PLAINTIFF'S MOTION
 FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

was without jurisdiction to grant the proposed amended complaint because it would have altered the status of the case while an interlocutory appeal was pending); *Hernandez v. Coughlin*, 18 F.3d 133, 138 (2d Cir. 1994) ("Once a timely notice of appeal has been made to this Court, . . . the district court lacks the jurisdiction to consider such an amendment"); *Dayton Indep. Sch. Dist. v. U.S. Min. Prods*., 906 F.2d 1059, 1063–64 (5th Cir. 1990) (concluding that the district court "acted outside its authority" by granting leave to amend while an interlocutory appeal was pending).

Here, Plaintiff asks for leave to file a Second Amended Complaint that alters the very allegations that are implicated in the absolute immunity appeal.  Indeed, Plaintiff proposed these amendments *for the very purpose of* responding to the absolute immunity appeal.  There is no question that the proposed amendments would "alter the status of the appeal" and, therefore, the district court lacks jurisdiction to consider Plaintiff's motion to amend.

Nor can the Court, as Plaintiff proposes, "supplement," or "revise or modify," its prior order granting the motion for leave to amend or its omnibus order denying Defendants' motion to dismiss.  *See* ECF No. 297 at 3 ("Plaintiff requests the Court to treat the proposed second amended complaint as a supplemental filing in place of the First Amended Complaint, and revise or modify the order granting the motion to amend accordingly.").  "Once a notice of appeal is filed, the district court may not . . . reconsider a prior disposition of a motion . . . [or] materially amend an opinion or order."  142 F.R.D. at 308 (citing various authorities); *see also Pro Sales, Inc. v. Texaco, U.S.A., Div. of Texaco, Inc.*, 792 F.2d 1394, 1396 n.1 (9th Cir 1986) ("We note that the district court purported to amend its opinion *after* Pro Sales had filed its notice of appeal from the order of dismissal.  Because the filing of a notice of appeal generally divests the district court of jurisdiction over the matters appealed, the district court here had no power to amend its opinion at the time it attempted to do so.") (citation omitted).

Lastly, the Court should ignore Plaintiff's citation to Federal Rule of Civil Procedure 54(b) and the district court's inherent authority to revise an interlocutory order.  (*See* ECF No.

Page 4 – DEFENDANT KASSIDY O'BRIEN'S OPPOSITION TO PLAINTIFF'S MOTION
    FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

297 at 3–4.)  As the Ninth Circuit has made clear, a district court has authority to "reconsider its own interlocutory order *provided that the district court has not been divested of jurisdiction over the order.*"  *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 889 (9th Cir. 2001) (emphasis added).  Here, under *Griggs* and its progeny, the filing of an interlocutory appeal divested the district court of jurisdiction over the allegations at issue on the appeal—which necessarily includes the proposed allegations in the SAC.  Thus, the Court has no jurisdiction to consider Plaintiff's motion to amend.

## IV.    CONCLUSION

For the foregoing reasons, Defendant O'Brien respectfully requests that the Court either deny Plaintiff's motion for leave to amend outright or stay the motion pending resolution of the absolute immunity appeal.

DATED: March 3, 2025.

CABLE HUSTON LLP

s/ Jon W. Monson
Jon W. Monson, OSB No. 102650
jmonson@cablehuston.com
Nicole A.W. Abercrombie, OSB No. 144581
nabercrombie@cablehuston.com
1455 SW Broadway, Suite 1500
Portland, OR  97201
Tele: (503) 224-3092

*Co-Counsel for Defendant Kassidy O'Brien, in her individual capacity*