UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| ETHAN LEVI,<br><br>    Plaintiff,<br><br>  v.<br><br>KIM CHAPMAN, *et. al.*,<br><br>    Defendants.<br><br><br>OREGON DEPARTMENT OF HUMAN SERVICES,<br><br>    Third Party Plaintiff,<br><br>  v.<br><br>JOE ALBERT RAYGOSA,<br><br>    Third Party Defendant. | Case No. 6:22-cv-01813-MTK<br><br>**ORDER** |

**KASUBHAI,** United States District Judge:

    As an epilogue to the parties' zealous discovery battles throughout this (now-settled) litigation, Plaintiff disputes Defendants' proposed redactions to the deposition testimony and handwritten notes of Defendants' rebuttal expert. The parties submitted informal letters and exhibits by email, pursuant to the Court's Case Management Order. ECF No. 2.

Page 1 — ORDER

## BACKGROUND

On July 18, 2023, the Court entered a Stipulated Order regarding the confidentiality of records produced by Fresno County Child Welfare ("FCCW") to Plaintiff, pursuant to a subpoena. ECF No. 58. The Stipulated Order states that "[t]he parties agreed that FCCW would produce the child welfare records" designated as "Confidential" and subject to "the Protective Order on file. (ECF No. 44)." As incorporated by reference, the Protective Order, ECF No. 44, provides that the "[u]se of any information or documents labeled 'Confidential' . . . and subject to this Protective Order, including *all information derived therefrom*, shall be restricted solely to the litigation of this case. . . ." ECF No. 44 at 2 (emphasis added). The Protective Order does not apply to materials obtained outside of the litigation process such as through public records requests. *Id.* On October 30, 2024, the Court entered a Second Amended Protective Order ("SAPO"). ECF No. 235. The SAPO grants each party the right to dispute the confidential designation of materials produced in this proceeding and directs the parties to confer and assess whether redaction is a viable option. SAPO at 7.

During the course of the litigation, Plaintiff offered expert opinion that, when certifying the Duncan-Raygosa home, ODHS should have obtained FCCW records. According to Plaintiff, the FCCW records would have revealed that N.S., a child in Duncan-Raygosa's home in California, died under suspicious circumstances. Defendants' rebuttal expert, Ms. Figoten, responded to Plaintiffs' experts' criticism of ODHS's failure to obtain the FCCW records when certifying the Duncan-Raygosa resource home. Ms. Figoten's expert opinion was stricken in part, and at issue here, the Court allowed Plaintiff to complete a second deposition of Ms. Figoten, focused solely on her handwritten notes created while preparing her expert opinion. ECF No. 269. The handwritten notes were nine pages long and reflected her thought process, i.e.,

her observations and questions regarding the extent of N.S.'s physical injuries and the Fresno County's investigative steps, which was discussed on the record. Ms. Figoten's notes were based on a mix of FCCW records and other records produced by Plaintiff, e.g., hospital records, court records, police records, newspaper articles, and the coroner's report, outside the scope of the Protective Order.

Following the settlement of this case, Defendants notified the court reporter that the entire transcript of Ms. Figoten's deposition was confidential and that Ms. Figoten's handwritten notes were also confidential. Plaintiff disputed the confidentiality designation, and the parties were unable to resolve the dispute through conferral regarding appropriate redactions.

## DISCUSSION

Plaintiff proposes that any redactions should be limited to personal identifiable information, as follows: (i) N.S.'s name and date of birth; (ii) the name of N.S.'s sister; (iii) the names of N.S.'s biological father and mother; and (iv) the names of the emergency room physician and nurse who treated N.S. Defendants have submitted their proposed redactions which they argue are narrowly tailored to opinions and testimony derived from the FCCW records.

The Court has reviewed the parties' email submissions, exhibits, and the protective orders entered in this proceeding and Orders the following:

The parties are bound to the protective orders on record in this case. The May 30, 2023 Protective Order provides that "all information derived" from documents labeled "Confidential" "shall be restricted solely to the litigation of this case[.]" ECF No. 44 at 2. The "Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation." *Id.* The

Court finds that the deposition testimony of experts not involved in the generation of the underlying source materials produced by FCCW are outside the scope of the Protective Order's restriction on the use of materials beyond the litigation of this case.

The Court understands that the area of dispute regarding the redaction of Ms. Figoten's testimony is outlined in red on pages 3–5 of Plaintiff's Letter to the Court, dated May 30, 2025. After review, the Court finds that that material is not derivative of the FCCW records and is not otherwise restricted under the protective orders in this case. Ms. Figoten's general descriptions and opinions related to information contained in the FCCW records are not "information" derived therefrom, as contemplated by the Court when it entered the Protective Order. Expert opinion testimony that does not substantively and explicitly disclose the underlying FCCW records is outside the scope of the Protective Order. However, Ms. Figoten's handwritten notes that refer to FCCW records obtained in response to the Court's Stipulated Order, ECF No. 58, (and not obtained by Plaintiff through other means) are derived directly from confidential materials and are appropriately redacted. Personal identifiable information is also confidential and must be redacted.

## CONCLUSION

The parties are Ordered to confer and jointly file Ms. Figoten's deposition testimony and handwritten notes, redacted in accordance with this Order. Each party shall bear its own costs.

IT IS SO ORDERED.

DATED this 23rd day of July 2025.

s/ Mustafa T. Kasubhai<br>
MUSTAFA T. KASUBHAI (He / Him)<br>
United States District Judge